KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

August 5, 2015

*Via ECF*

The Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U., v. Argentine Republic and YPF S.A.*, No. 15-cv-2739 (SDNY)

Dear Judge Griesa:

      I write on behalf Plaintiffs Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. ("Plaintiffs") in response to the request by Defendant YPF S.A. ("YPF") for an extension of time to respond to Plaintiffs' Complaint. Pursuant to the stipulation agreed to by the parties and so-ordered by the Court on June 10, 2015, *see* Dkt. 9, YPF's current deadline for responding to the Complaint is August 17, 2015.

      There is no good cause for further delaying YPF's motion to dismiss.[1] Defendants have already had four months since the filing of the Complaint to prepare their motions. Moreover, the arguments they intend to make – "application of the Foreign Sovereign Immunities Act ('FSIA'), the Act of State doctrine, and the requirements of the Expropriation Law under Argentina law" (Dkt. 14 at 2) – are the very same arguments Argentina already fully briefed in the predecessor *Repsol* case. *See* Dkt. 12, *Repsol YPF S.A. v. The Republic of Argentina*, No. 12-cv-3877 (S.D.N.Y. filed May 1, 2013) (Argentina's brief in support of motion to dismiss); *see also* Dkt. 25 (reply brief). YPF's request for yet additional time is simply another stall tactic designed to delay adjudication of the merits of Plaintiffs' claims.

      YPF's assertion that an extension is warranted to allow Defendants to "coordinate" their arguments is also baseless. By virtue of its conduct here, Argentina now controls YPF; their

---

[1] The stipulation and order refers to answering or otherwise responding to the Complaint, but YPF and Argentina have both acknowledged they intend to move to dismiss.

Case 1:15-cv-02739-TPG   Document 15   Filed 08/05/15   Page 2 of 3

Kellogg, Huber, Hansen, Todd, Evans & Figel, p.l.l.c.

The Honorable Thomas P. Griesa
August 5, 2015
Page 2

claim to independence is a stretch at best.  Moreover, when YPF negotiated the June 10, 2015 stipulation setting its own briefing schedule, it knew it would likely file its motion before Argentina's.  It agreed to that schedule because Plaintiffs had properly served YPF's U.S. agent for service of process, and YPF's motion would thus have been due under the FSIA long before Argentina's.  YPF thus had no legitimate expectation of being able to "coordinate" with Argentina under the agreement it struck, and it should not be allowed to back out of that agreement now.

In any event, any loss of coordination is a result of Defendants' own litigation choices.  At Argentina's insistence, Plaintiffs properly served Argentina under the Hague Convention on June 12, 2015; under the FSIA, 28 U.S.C. § 1608(d), Argentina's response was due August 11, 2015, six days before YPF's response is currently due pursuant to the Court's order entered on stipulation of the parties.  But Argentina chose to prioritize counsel's personal plans over "coordination" with YPF.  Despite the fact that Argentina has known about the Complaint since the day it was filed, it apparently delayed hiring its current counsel (Martin Domb of Akerman LLP) until mid-July.  At that point, Mr. Domb requested an extension as a matter of professional courtesy based on representations that he had just had surgery, and he and other members of his team had longstanding vacation plans in August.  *See* Dkt. 12-1.  Reluctantly, Plaintiffs agreed, but made it clear in the stipulation that the extension was not to affect YPF's due dates.  *See* Dkt. 10.  Defendants should not be relieved of the consequences of their own tactical decisions.

YPF's contention that a "simultaneous briefing schedule would also simplify the Court's consideration" of the issues is also inaccurate.  As Plaintiffs' counsel explained to both Defendants' counsel, Plaintiffs agreed to give Argentina only a limited extension until September 8, 2015, so that both motions could be fully briefed at the same time.  Under the Court's stipulation and order, Plaintiffs' response to YPF's motion to dismiss is due no later than October 1, 2015, so Argentina's deadline of September 8, 2015, will still give Plaintiffs more than three weeks to review and respond to Argentina's motion.  In essence, out of professional courtesy to Mr. Domb, Plaintiffs agreed to shorten their own time to respond to Argentina's motion in order to keep both motions on the same track.  Plaintiffs should not be penalized with further delay because they granted Mr. Domb's request for a professional courtesy.

Finally, YPF argues that a further delay will not prejudice Plaintiffs' case because it "is based on events that occurred more than three years ago."  But Plaintiffs did not cause that delay.  They were members of the putative class in the action filed by Repsol, which was settled before class certification and without prior notice to Plaintiffs.  Plaintiffs then promptly retained counsel and filed their own individual lawsuit.  Given that Defendants already briefed these same issues in *Repsol* more than two years ago – and have had four months to review Plaintiffs' Complaint – there simply is no justification for further delay of these proceedings.

Kellogg, Huber, Hansen, Todd, Evans & Figel, p.l.l.c.

The Honorable Thomas P. Griesa
August 5, 2015
Page 3

        Respectfully submitted,

        */s/ Mark C. Hansen*

        Mark C. Hansen