```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
PETERSEN ENERGIA INVERSORA,
S.A.U., *et al.*,

                Plaintiffs,

     – against –

ARGENTINE REPUBLIC, *et al.*,

                Defendants.
------------------------------------------------------x

15-CV-2739 (TPG)

**ORDER**

    On April 8, 2015, plaintiffs commenced this action against the Republic of Argentina for damages relating to the Republic's nationalization of the oil company YPF S.A, in which plaintiffs allege they owned shares. Upon filing the complaint, plaintiffs stated that the action is related to an earlier case, *Repsol YPF, S.A. et al. v. Republic of Argentina*, which was before the undersigned and which is now closed following settlement.

    On August 3, 2015, nearly four months after the complaint was referred to the undersigned, the Republic wrote the court a letter asking that the case be "returned to the Clerk for random selection of a judge to preside." *See* Letter from the Republic to the Court (Aug. 3, 2015) (Dkt. #11). The Republic argues that it was improper for the court to accept the case as related given that the *Repsol* action is no longer pending.

    Cases are assessed for relatedness pursuant to Rule 13(a)(1) of the Rules for the Division of Business Among District Judges, which requires

the court to consider whether: (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses. Rule 13(a)(2) further provides that "civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal)."

Although Rule 13(a)(2) establishes a presumption against relatedness unless both cases are pending, the court feels that plaintiffs' overall showing of relatedness overcomes this presumption. Plaintiffs themselves are allegedly absent members of the *Repsol* class whose claims were un-adjudicated when *Repsol* settled. Defendant is the same party, the Republic of Argentina. Moreover, there is considerable factual overlap between the two cases. Finally, the court notes that the Republic did not challenge the relatedness of these cases for four months, during which the parties and the court approved extensions to certain matters.

For these reasons, the Republic's request to reassign the case is hereby denied.

SO ORDERED.

Dated: New York, New York
August 6, 2015

_____
Thomas P. Griesa
U.S. District Judge