KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900
FACSIMILE:
(202) 326-7999

February 10, 2016

*Via ECF*

The Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U., v. Argentine Republic and YPF S.A.*, No. 15-cv-2739 (S.D.N.Y.)

Dear Judge Griesa:

  I write on behalf of Plaintiffs Petersen Energía Inversora, S.A.U., and Petersen Energía, S.A.U. ("Petersen"), to inform the Court of supplemental authority concerning Defendants' pending motions to dismiss Petersen's complaint. In *Atlantica Holdings, Inc. v. Sovereign Wealth Fund*, No. 14-917-cv (2d Cir. Feb. 3, 2016), slip op. attached as Exhibit A, the Second Circuit considered the third clause of 28 U.S.C. § 1605(a)(2), which creates an exception to foreign sovereign immunity where the action is based upon "an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." *Atlantica* supports denial of Defendants' motions to dismiss, for two reasons.

  First, *Atlantica* reaffirmed the well-settled rule that "in contract cases, a breach of a contractual duty causes a direct effect in the United States sufficient to confer FSIA jurisdiction so long as the United States is the place of performance for the breached duty." Slip op. at 20. As explained in Plaintiffs' briefs, that standard is satisfied here because the operative contract – YPF's bylaws – required Argentina and YPF to publicize and make a tender offer to YPF's shareholders in the United States (specifically, New York City). *See* Pls.' Mem. of Law in Opp'n to Argentina's Mot. To Dismiss at 20-22 (Dkt. #44); Pls.' Mem. of Law in Opp'n to YPF S.A.'s Mot. To Dismiss at 8-11 (Dkt. #49). Moreover, Plaintiffs' complaint makes clear that Petersen suffered losses in the United States when, as a result of Argentina's and YPF's

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Thomas P. Griesa
February 10, 2016
Page 2

contractual breaches, their YPF shares, held in New York, were subject to foreclosure. *See* Dkt. #44 at 21; Dkt. #49 at 11; Compl. ¶ 45.

Second, *Atlantica* held that under the plain language of § 1605(a)(2), a defendant's commercial activity need only have a direct effect on someone in the United States, not necessarily on the plaintiff. Slip op. at 27 (plaintiff seeking to invoke the third clause "need only show a direct effect on *someone* in the United States, *plaintiff or not*") (emphases added). The Second Circuit thus concluded that the exception applied because the defendants' alleged fraud was intended to, and did, lead to losses by U.S. investors. *See id.* Applying that same principle here, Argentina and YPF actively solicited U.S. investors, including through an initial public offering in the United States. *See* Compl. ¶¶ 13-15. Predictably, when Argentina and YPF breached their tender-offer obligation under the bylaws, those breaches directly caused economic losses to those U.S.-based investors. For example, New York based hedge fund Eton Park owned nearly 12 million YPF ADRs that should have been subject to the contractually required tender offer when Argentina reacquired control of the company. *See* Matt Craze, *Eton Park Boosted YPF Stake as Soros Sold Before Takeover*, Bloomberg Business (May 16, 2012), *available at* http://www.bloomberg.com/news/articles/2012-05-15/eton-park-boosted-ypf-stake-before-argentina-seizure. Under *Atlantica*, the losses suffered by "non-party United States investors" in YPF, slip op. at 27, are sufficient to create jurisdiction under § 1605(a)(2), irrespective of whether Petersen itself suffered direct effects in the United States.

Respectfully submitted,

Mark C. Hansen

Encl.:  *Atlantica Holdings, Inc. v. Sovereign Wealth Fund*,
No. 14-917-cv (2d Cir. Feb. 3, 2016)