

Martin Domb

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103
Tel: 212.880.3800
Fax: 212.880.8965

Dir: 212.880.3811
Dir Fax: 212.880.8965
martin.domb@akerman.com

February 12, 2016

VIA ECF

Hon. Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U.*
               *v. Argentine Republic and YPF S.A.*, Case No. 15-cv-2739 (TPG)

Dear Judge Griesa:

    On behalf of the Republic of Argentina (the "Republic"), we briefly respond to the letter to the Court dated February 10, 2016, from Petersen's counsel, Mark Hansen, concerning the Second Circuit's decision in the *Atlantica Holdings* case (Doc. 57). Although *Atlantica Holdings* addresses certain FSIA concepts, its holding is limited, it is factually distinguishable, and it bears mainly on issues that are not implicated in our case.

    A key distinction in *Atlantica Holdings* is that its holding is limited to the third prong of the commercial activity exception – an "action based . . . upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." Only the last element of that prong was at issue (*i.e.*, the "direct effect" issue); the other two elements were not at issue: (a) it was "straightforward" that the lawsuit was "based upon" the misrepresentations; and (b) the defendant did not dispute that those misrepresentations were made and were in connection with a "commercial activity" of the defendant outside this country. (Slip op. at 16, 19.) The appellate panel therefore accepted the existence of these two critical factors – (a) that the conduct at issue was "commercial activity" and (b) that the action was "based upon" such activity. (*Id.* at 19.)

    Although Petersen's letter claims that *Atlantica Holdings* "supports denial of Defendants' motions to dismiss," Petersen overlooks the critical fact in our case that the conduct at issue – an intervention and expropriation by a foreign sovereign – was not a "commercial activity," and thus Petersen's lawsuit is not "based upon" an act in connection with a "commercial activity."

akerman.com

Indeed, Petersen's own experts opined that the Argentine government's intervention (*i.e.*, a non-commercial act) was the "triggering event" of Petersen's claims. Whereas the *Atlantica Holdings* defendant did not dispute critical FSIA elements, in this case the Republic not only disputes Petersen's contention that Petersen has satisfied these elements, but it also has effectively rebutted them; the Republic has demonstrated that this lawsuit is "based upon" an act in connection with the non-commercial activity of intervention and expropriation.

Petersen invokes the Second Circuit's finding that the "direct effect in the United States" need not be a direct effect against the plaintiff, thereby apparently conceding that *Petersen itself* was *not* directly affected in the U.S. In arguing that other persons allegedly were affected in the U.S., Petersen cites an article – whose probative value is questionable – that names one U.S. purchaser of YPF shares. Petersen has waited until after the close of briefing to make that contention for the first time, and it did not make any such allegation in its complaint. (*See* Doc. 1.) Nor did it make that contention in its opposition brief in discussing the third prong of the FSIA's commercial activity exception. (*See* Doc. 44 at 20-22.) To the contrary, far from alleging that any person in the U.S. suffered injury as a direct result of an act in connection with a commercial activity in a foreign country, Petersen alleged in its complaint that "the share price of YPF has rebounded to approximately pre-expropriation levels" (Doc. 1, ¶ 43); this belies any allegation that, with certainty, a U.S. person suffered a direct effect based on the conduct alleged in the complaint. In addition, the article cited by Petersen does not link a direct effect in the U.S. to a commercial activity of a foreign state in a foreign country; nor does it refer to YPF's bylaws or anything otherwise reflecting Petersen's theory of the case. In *Atlantica Holdings*, the court made specific findings linking particular U.S.-based persons to alleged injuries. Neither in the complaint nor through the article has Petersen identified a U.S. person that suffered a direct effect *in connection with a commercial activity abroad*.

In sum, *Atlantica Holdings* does not add anything appreciable to what the parties have already briefed. In fact, this Court need not reach the "direct effect" issues addressed in *Atlantica Holdings*, as Petersen has not, and cannot, overcome the requisite "based upon" and "commercial activity" hurdles – two elements that were conceded by the *Atlantica Holdings* defendant under a materially dissimilar set of circumstances.

                                                              Respectfully submitted,

                                                               s/ Martin Domb
                                                                [Electronic signature]

Copy to:
All counsel of record (via ECF)