

Martin Domb

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103
Tel: 212.880.3800
Fax: 212.880.8965

Dir: 212.880.3811
Dir Fax: 212.880.8965
martin.domb@akerman.com

September 23, 2016

VIA ECF

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. v. Argentine Republic and YPF S.A.*, Case No. 15-cv-2739 (LAP)

Dear Judge Preska:

    We represent defendant the Republic of Argentina. Today we filed a notice of interlocutory appeal from Your Honor's opinion and order dated September 9, 2016 (dkt. # 64).

    Our understanding is that the filing of the notice of appeal divested the district court of jurisdiction pending the appeal (with certain exceptions, such as a possible motion under 28 U.S.C. § 1292(b)), and, therefore, that the case is stayed pending the appeal. For that reason, pending the appeal, Argentina does not intend to file an answer, which, absent the appeal, would have been due today (14 days after the opinion and order).

    This was the procedure recently followed by Judge Furman in *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, No. 12 Civ. 8852 (JMF). *See id.*, docket entries 35 (order stating that, upon filing of notice of interlocutory appeal, "the Court lacks jurisdiction to proceed with the case," and that "all proceedings are stayed pending disposition of the case"), and 71 (answer filed after the Court of Appeals issued its mandate). *See also Princz v. Federal Republic of Germany*, 998 F.2d 1 (D.C. Cir. 1993) (denying as "unnecessary" a motion to stay proceedings in the district court pending appeal from a sovereign immunity ruling); *Beaty v. Republic of Iraq*, 2007 WL 1169333, No. 03 Civ. 0215 (JDB), at *2 (D.D.C. April 19, 2007) ("all proceedings likely *must* be stayed because an appeal from the denial of a motion to dismiss on sovereign-immunity grounds – which Iraq has already taken – divests the district court of jurisdiction over the entire case") (emphasis in original).

akerman.com

{39597505;1}

      Based on the cited authorities, our understanding is that proceedings in the district court are stayed pending the outcome of the appeal (with certain exceptions as noted above), and that it is not necessary for us to seek an order to that effect. I respectfully ask that the Court advise all counsel if the Court should deem such a motion, or order, necessary. Thank you.

      Respectfully submitted,

      *s/ Martin Domb*
      [Electronic signature]

Copy to:
All counsel of record (via ECF)