chadbourne

Chadbourne & Parke LLP
1301 Avenue of the Americas
New York, NY 10019
tel: +1 (212) 408-5100

**Thomas J. Hall**
**direct tel** 1 212-408-5487
thall@chadbourne.com

September 27, 2016

**VIA ELECTRONIC FILING**

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. v.*
      <u>*Argentine Republic and YPF S.A.,* Docket No. 15-cv-02739 (LAP)</u>

Dear Judge Preska:

  I write on behalf of Defendant YPF, S.A. ("YPF") to request leave to move this Court to certify for appeal that portion of the Court's order dated September 9, 2016 (the "Order") denying YPF's motion to dismiss based on the act of state doctrine. Order (Dkt. No. 63) at 19-24. The Court's act of state ruling is particularly well suited for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because immediate review of this dispositive issue along with the related sovereign immunity issues that YPF has appealed as of right (Dkt. No. 67) should cause no delay in the litigation and would allow the Second Circuit to decide a controlling issue of foreign law and international import for which there is a substantial ground for difference of opinion.

  **The Court Has Discretion to Certify.** This Court has considerable discretion in determining certification under Section 1292(b). *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000). Certification of an order is appropriate when the Court is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.A. § 1292(b) (brackets added). "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656 AJN, 2015 WL 876456, at *5 (S.D.N.Y. Mar. 2, 2015) (quoting 16 Wright, Miller & Cooper, Federal Practice & Procedure §3930 at 428 (3d ed. 2009)).

  **The Order Involves Controlling Questions of Law.** As an initial matter, YPF joins the arguments for certification of the three controlling issues of law identified in the letter dated September 27, 2016 submitted on behalf of Defendant Republic of Argentina. *See* Dkt. No. 68.

In addition, YPF requests certification of the Court's ruling that "it does not appear from the face of the Complaint that Bylaw § 7(h) was inconsistent with Argentina's sovereign acts." Order at 23. The Court's decision on this point is controlling because if Bylaw § 7(h) were inconsistent with Argentina's sovereign acts, it could not be a basis for liability under Argentine law and the act of state doctrine. *See* YPF Memorandum of Law in Support of Motion to Dismiss (Dkt. No. 33) at 13-15; YPF Reply Memorandum of Law (Dkt. No. 54) at 8.

YPF's alleged breach of Bylaw § 7(h), which provides that shares acquired in breach of the tender offer provisions do not have "any right to vote or collect dividends" is the main, if not sole, alleged basis for YPF's liability. While Plaintiffs also alleged that YPF could somehow be liable for Argentina's expropriation of Repsol S.A.'s shares without making a tender offer, even their own expert appears to reject that theory. *See* Bianchi Declaration (Dkt. No. 47) ¶¶ 84-85 ("a distinction could be drawn between (a) the temporary taking and the expropriation of Repsol's shares themselves and (b) the Argentine State's actions exercising YPF's majority stockholder's right after the temporary taking of the Class D stock and its subsequent expropriation via a compromise and settlement agreement. ***As regards the former issue, YPF's liability is not engaged***.") (emphasis added).

The Court's ruling on Bylaw § 7(h) is thus controlling because the "reversal of the district court's order would terminate the action," *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), or at a minimum "would materially affect the litigation's outcome." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (quotation omitted).

**A Substantial Ground for Difference of Opinion Concerning the Ruling Exists.** "Courts have determined that there is a substantial ground for difference of opinion . . . if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Simoneaux v. E.I. du Pont de Nemours & Co.*, No. CV 12-219-SDD-EWD, 2016 WL 236239, at *4 (M.D. La. Jan. 20, 2016) (internal quotation marks and citations omitted); *see also* 2 Federal Procedure, Lawyers Edition § 3:218 (2016); *Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 389 (2d Cir. 2011) (certification granted for "international comity" issue and Court of Appeals "invited the views of the United States on aspects of the appeal that might have implications for the conduct of the foreign relations of the United States") (internal quotation marks omitted).

Here, the Court's act of state ruling rests on its conclusion that there was no facial conflict between Argentine Law 26,741 ("Expropriation Law") and YPF's compliance with Bylaw § 7(h). *See* Order at 23. The Expropriation Law provided that Argentina would expropriate 51% of YPF's shares, and expressly mandated that "[i]n order to ensure the fulfillment of the objectives of this law, the Executive Branch . . . ***shall exercise the political rights associated with the shares subject to expropriation***." *Id*. at Art. 9 (emphasis added). Bylaw § 7(h), in contrast, provided that any shares acquired in violation of the tender offer provisions, which allegedly included the expropriated shares, would lose the "right to vote or collect dividends."

In finding that it was not apparent from the face of the Complaint that YPF could not have complied with both the Expropriation Law and Bylaw § 7(h), the Court disregarded the declarations of YPF's and Argentina's foreign law experts, who had opined that under Argentine law, YPF could not be liable for not complying with Bylaw §7(h) because (1) the Expropriation Law, which was a public law, took precedence over contrary provisions in the Bylaws, which were a private contract, and (2) that the Expropriation Law was an event of force majeure. *See, e.g.,* Declaration of Ismael Mata (Dkt. No. 24) ¶¶ 12, 44-62; Declaration of Aída Kemelmajer (Dkt. No. 36) ¶¶ 14-31.

Moreover, as noted in Argentina's letter requesting certification, the Court's disregard of the foreign law declarations submitted by Argentina takes on greater importance in light of the Second Circuit's decision last week in *In re Vitamin C Antitrust Litigation*, No. 13-4791-cv, slip op. (2d Cir. Sept. 20, 2016). In that decision, the Second Circuit affirmed the principle that U.S. courts are bound to defer to a foreign state's reasonable interpretations of its own law. *Id*. at 30.

In short, the Court's decision on the interplay between Argentina's expropriation and temporary occupation laws and YPF's Bylaws in light of the act of state doctrine presents important questions of foreign law concerning which there is substantial ground for difference of opinion.

**An Immediate Appeal Would Materially Advance the Litigation.** The most important criterion for certification under Section 1292(b) -- on which courts "place particular weight" -- is whether an immediate appeal of this issue will materially advance the termination of the litigation. *See Capitol Records, LLC*, 972 F. Supp. 2d at 551; *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 n.6 (S.D.N.Y. 2005) ("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal.") (quoting *Lerner v. Millenco, L.P.*, 23 F. Supp. 2d 345, 347 (S.D.N.Y.1998)).

Certification of the act of state issues is particularly appropriate where, as here, YPF has already filed an interlocutory appeal of the sovereign immunity issue as of right because certification creates no additional delay in the proceedings. *See Figueiredo Ferraz Consultoria E Engenharia de Projecto LTDA. v. Republic of Peru ("Peru I")*, No. 08 Civ. 492, 2009 WL 5177977, at *2 (S.D.N.Y. Dec. 15, 2009) (certifying international comity rulings where the defendant appealed the court's FSIA rulings as of right). In *Peru I*, the court reasoned that consolidation "of all consequential . . . defenses at one time" would be more efficient for the litigation because "[p]roviding a final resolution of these issues obviates a protracted litigation that successive appeals could spawn." *Id*.

To conclude, we respectfully request that the Court certify the Order for interlocutory appeal or, in the alternative, allow YPF to file a § 1292(b) motion seeking such certification.

Hon. Loretta A. Preska	-4-	September 27, 2016

Respectfully submitted,

Thomas J. Hall

Enclosures

cc: All counsel of record (via electronic filing)