KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

September 29, 2016

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

     Re:    *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739

Dear Judge Preska:

     Pursuant to Rule 2(A) of Your Honor's Individual Rules of Practice, I write on behalf of Plaintiffs in response to the Republic of Argentina's request for pre-motion conference or, in the alternative, for certification of interlocutory appeal of this Court's denial of Argentina's motion to dismiss under the act of state doctrine. Plaintiffs oppose the request.

     Section 1292(b) authorizes this Court to certify an order for immediate appeal if: (1) "such order involves a controlling question of law"; (2) that legal question contains a "substantial ground for difference of opinion"; and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants' appeal of this Court's Foreign Sovereign Immunity Act (FSIA) rulings does not lower Argentina's burden to show that the act of state ruling satisfies § 1292(b), because "under the collateral order doctrine," appellate review "is limited to the specific 'issue' that is immediately appealable — here, FSIA immunity." *Atlantica Holdings v. Sovereign Wealth Fund Samruk-Hazyna JSC*, 813 F.3d 98, 116 n.10 (2d Cir. 2016). For the reasons set forth below, the prerequisites of § 1292(b) are not met here, and certification is thus inappropriate.

     First, the act of state issue does not present a controlling "question of law" within the meaning of § 1292(b). As this Court correctly held, unlike foreign sovereign immunity, "the act of state doctrine is not a jurisdictional defense but rather a substantive defense on the merits." *See* Order, ECF No. 63, at 20. Accordingly, the act of state defense is not amenable to resolution on a motion to dismiss, except in the unusual circumstances where the face of the complaint

establishes that the doctrine applies. *See id.*; ECF No. 44, at 22 (citing authorities). The Court's denial of Argentina's motion on the pleadings thus represents a straightforward application of Rule 12(b) to a particular complaint; it is no different from any other denial of a motion to dismiss on a substantive defense, and does not raise a controlling legal issue warranting immediate appellate review.

Second, Argentina has failed to establish a substantial ground for difference of opinion as to the Court's denial of its motion. Here, again, Argentina offers no substantial reason to doubt this Court's holding that the act-of-state doctrine was inapplicable on the face of the complaint. Instead, Argentina's arguments rest almost entirely on the self-serving opinions of its own experts — all of which are disputed by Plaintiffs' experts and clearly cannot be credited on a motion to dismiss.

Third, immediate appeal of the Court's rejection of the act of state defense on the pleadings would not materially advance the litigation. Contrary to Argentina's suggestion, the right to immediate appeal on the FSIA issue does not justify certifying other non-jurisdictional issues that do not satisfy § 1292(b)'s requirements. *See Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil Aboard the United Kalavrvta*, No. G-14-249, 2015 WL 851920, at *4 (S.D. Tex. Feb. 26, 2015) (where defendant did not establish "a substantial ground for difference of opinion" with respect to "the act of state doctrine," the court "need not analyze the other[]" § 1292(b) factors, notwithstanding the existence of a pending collateral order appeal of FSIA rulings). Indeed, the two cases Argentina cites both undermine its position. The issue Judge Furman certified in *Atlantica* was a pure issue of law – the interpretation of *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010) – that raised substantial doubt about the sufficiency of Plaintiffs' complaint under Rule 12. *See Atlantica Holdings v. Sovereign Wealth Fund Samruk-Hazyna JSC*, 12-civ-8852, 2014 WL 1881075, at *1 (S.D.N.Y. May 9, 2014). In *Republic of Peru*, Judge Pauley certified issues that affected the court's jurisdiction and, if resolved in Defendants' favor, would require complete dismissal under Rule 12. *See Figueiredo Ferraz Consultoria E Engenharia De Projecto Ltda. v. Republic of Peru*, No. 08 Civ. 492 (WHP), 2009 WL 5177977, at *2 (S.D.N.Y. Dec. 15, 2009) ("certification would avoid piecemeal litigation by permitting the review of all consequential *jurisdictional* issues and defenses at one time") (emphasis added).

Implicitly recognizing that the Court's denial of the act of state defense at the pleading stage does not satisfy § 1292(b), Argentina tries to parse a number of legal sub-issues: (1) whether the act-of-state doctrine "can never" apply to purely commercial conduct; (2) whether deference was owed the parties' expert opinions; and (3) whether the conduct at issue was commercial. Letter from M. Domb to Hon. L. Preska at 1-2 (dated Sept.27, 2016) (ECF No. 68). In fact, none of these issues warrants an immediate appeal.

Argentina's first issue is not a controlling issue of law because it would not change the Court's ruling. This Court's rejection of Argentina's act of state defense did not depend on a

categorical legal holding that the act of state doctrine "can never" apply to purely commercial conduct.  The Court held that "it does not appear from the face of the Complaint that Defendants' failure to comply with or enforce th[e] Bylaws either constituted an official act or was compelled by an official act."  Order, ECF No. 63, at 22-23.  Thus, even if the Second Circuit were to hold as a matter of law that the act of state doctrine can apply to purely commercial conduct, that would not change the conclusion that the doctrine does not apply here.

The issue of whether the Court was required to give "deference" to Argentina's expert opinions also is not a controlling legal question because, even if Argentina were right that the Court should have delved into the parties' expert opinions at the motion to dismiss stage, that would not dispose of the act of state issue.  Rather, it would require the court of appeals to "hunt[] through the record" and resolve the parties' conflicting expert testimony — precisely the *opposite* of the type of "pure question of law . . . the court of appeals c[an] decide quickly and cleanly" and for which § 1292(b) was designed.  *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) (internal quotation marks omitted).  Nor is there substantial ground for disagreement.  Again, Second Circuit law is clear that the act-of-state doctrine merits dismissal only "'when its applicability is shown on the face of the complaint.'"  Order, ECF No. 63, at 20 (quoting *Konowaloff v. Metro. Museum of Art*, 702 F.3d 140, 146 (2d Cir. 2012)).  *In re Vitamin C Antitrust Litig.*, No. 13-4791, 2016 WL 5017312 (2d Cir. Sept. 20, 2016), did not cast doubt on that rule.  Indeed, the case expressly declined to "address the act of state . . . defense[]."  *Id.* at *13.  Moreover, that case involved a foreign government's "official representation" regarding its domestic law — not the opinions of paid experts hired by litigation counsel without any official imprimatur.  *See id.* at *3 (deferring to interpretation of Chinese regulations submitted by the "highest authority within the Chinese government authorized to regulate foreign trade").

The question whether Argentina's conduct was commercial likewise is not a controlling question of law.  As explained above, this Court's act of state ruling did not turn on whether the activity in question was commercial or non-commercial.  Resolution of this issue — even in Argentina's favor — would thus not change the outcome on the act of state defense.  And although Argentina has (regrettably) sought to delay this case by invoking its right to immediate appeal of the FSIA issue, it certainly has not shown that its appeal rests on substantial grounds to doubt the correctness of the Court's careful and comprehensive opinion.

Plaintiffs will oppose Argentina's motion for § 1292(b) certification.  If its letter is treated as a request for certification, it should be denied.

Respectfully submitted,

/s/ *Mark C. Hansen*

Mark C. Hansen