KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

September 29, 2016

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739

Dear Judge Preska:

    Pursuant to Rule 2(A) of Your Honor's Individual Rules of Practice, I write on behalf of Plaintiffs in opposition to Defendant YPF's request for certification under 28 U.S.C. § 1292(b).

    To the extent YPF joins in seeking certification of the three issues identified in Argentina's letter, Plaintiffs have addressed those issues in their response to Argentina's letter and we incorporate that response as if set forth herein. YPF's sole additional argument is that the question whether § 7(h) of the Bylaws is inconsistent with the intervention and expropriation laws "on the face of the complaint" is worthy of § 1292(b) certification. It is not.

    First, the issue is not a controlling issue of law. As explained in Plaintiffs' response to Argentina's letter, whether the act of state defense can be shown based on the face of Plaintiffs' complaint does not raise any legal issue regarding the interpretation of the act of state doctrine. The Court correctly held that the act of state could not be established on the pleadings, and that is not a ruling that is properly subject to interlocutory appeal. Moreover, YPF's request rests on the erroneous premise that § 7(h) is the sole basis for liability against YPF. To the contrary, this Court held that Plaintiffs stated a claim for breach of contract by YPF under, among others, Bylaw §§ 7(d), 7(f), and 28(A). These provisions, this Court held, "plausibly can be read to impose liability on YPF." Order, ECF No. 63, at 43. The same damages flow from these claims as from the § 7(h) claim on which YPF seeks certification. Accordingly, reversal of this Court's conclusion that § 7(h) may support liability would *not* "materially affect the litigation's outcome," much less end the case, because other viable theories of liability would remain. Letter

from T. Hall to Hon. L. Preska at 2 (dated Sept.27, 2016) (ECF No. 69) ("Hall Ltr.") (internal quotation marks omitted).

Second, there is not substantial ground for difference of opinion on the issue. Indeed, YPF's own letter shows that the act of state defense cannot be established on the face of the complaint. YPF's letter does not cite a single paragraph of the complaint. Instead, it resorts to matters outside the pleadings: the opinions of its own experts to support its contention that Bylaw § 7(h) is inconsistent with the Expropriation Law. Hall Ltr. at 3 ("In finding that it was not apparent from the face of the Complaint that YPF could not have complied with both the Expropriation Law and Bylaw § 7(h), the Court disregarded the declarations of YPF's and Argentina's foreign law experts."). Plaintiffs' experts have submitted extensive declarations disputing YPF's position, and as this Court correctly held, consistent with Second Circuit case law and ordinary Rule 12 standards, that dispute cannot be resolved on a motion to dismiss.[1]

Third, immediate appeal of YPF's proposed issue will not advance the resolution of the litigation. Even if the Second Circuit were to hold that the act of state doctrine bars Plaintiffs' claim for relief under § 7(h), the parties would still litigate Plaintiffs' other theories of liability, which this Court has held are plausible and may proceed. Where "other claims will continue regardless of the disposition of th[e appealed] issue, certification would not materially advance the termination of th[e] litigation." *In re Barrick Gold Sec. Litig.*, No. 13-cv-3851, 2015 WL 3486045, at *3 (S.D.N.Y. June 2, 2015) (internal quotation marks omitted); *see id.* (declining to address "the first and second elements of section 1292(b)" where party seeking certification "fails to meet the third element").

We note that YPF's selective quotation of Judge Pauley's decision in *Figueiredo Ferraz Consultoria E Engenharia de Projecto Ltda. v. Republic of Peru* does not support its position. YPF says that § 1292(b) supports consolidation of "'all consequential . . . defenses at one time.'" Hall Ltr. 3 (quoting No. 08 Civ. 492 (WHP), 2009 WL 5177977, at *2 (S.D.N.Y. Dec. 15, 2009)). But what the ellipses omit is the key word "jurisdictional." The act of state defense is *not* jurisdictional. It is an affirmative merits defense that, like any other merits defense, cannot properly be resolved on a motion to dismiss and certainly is not appropriate for interlocutory appeal.

Plaintiffs will oppose YPF's motion for § 1292(b) certification. If its letter is treated as a request for certification, it should be denied.

---

[1] YPF (at 2) also mischaracterizes the opinions of Plaintiffs' experts. Contrary to YPF's assertion, Mr. Bianchi did not disagree with Plaintiffs' theory that YPF can be held liable under Bylaws § 7(h) for the failure to make the tender offer. The quoted language of his declaration states only that YPF is not being held liable for the expropriation of Repsol S.A.'s shares.

                                          Respectfully submitted,

                                          /s/ *Mark C. Hansen*

                                          Mark C. Hansen