

Martin Domb

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103
Tel: 212.880.3800
Fax: 212.880.8965

Dir: 212.880.3811
Dir Fax: 212.880.8965
martin.domb@akerman.com

September 30, 2016

Hon. Loretta A. Preska
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Petersen Energía Inversora v. Argentine Republic*, Case No. 15-cv-2739 (LAP)

Dear Judge Preska:

    On behalf of Argentina, we hereby reply to the letter to the Court dated September 29, 2016 from Petersen's counsel, Mark C. Hansen, by which Petersen opposes § 1292(b) certification for interlocutory appeal from the act of state ruling (Dkt. 70) ("Letter").

    Petersen asserts that the act of state ruling does not present a controlling "question of law" because the act of state doctrine "is not a jurisdictional defense but rather a substantive defense on the merits" (Letter at 1-2).  That argument is wrong for three reasons.  First, Fed. R. Civ. P. 44.1 states that a court's determination of foreign law "must be treated as a ruling on a *question of law*" (emphasis added).  It is therefore subject to *de novo* appellate review.  *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina")*, 313 F.3d 70, 80 (2d Cir. 2002) ("*Karaha*").  Second, the act of state ruling presents a controlling question because, if the bylaws' tender-offer provision is deemed unenforceable *under Argentine law*, then enforcing that contractual provision would be "inconsistent with the sovereign act of expropriation" (Order at 23 [stating that the bylaws are not "necessarily" inconsistent]), which would lead to a contrary ruling under the act of state doctrine.  Third, § 1292(b) certification is not limited to "jurisdictional" defenses.  For example, in *Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 388-89 (2d Cir. 2011), the district court and the Second Circuit granted a § 1292(b) motion to review rulings denying dismissal under *forum non conveniens* ("FNC") and international comity, neither of which is a jurisdictional defense.  Without deciding the FSIA ruling, which was also before it, the court reversed and directed dismissal based on FNC.  Petersen incorrectly describes this very case as involving certification of only "jurisdictional" issues (Letter at 2).

    Petersen also wrongly claims that § 1292(b) certification would be inappropriate because it would require the Court of Appeals to "'hunt[] through the record' and resolve the parties' conflicting expert testimony" (Letter at 3).  The case Petersen cites for this proposition, *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010), (a) had nothing to do with either expert opinion or foreign law, and (b) *granted* a § 1292(b) motion for interlocutory appeal regarding the application of the pleading standard, under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), to an antitrust complaint.  The phrase quoted by Petersen appeared in an earlier

Hon. Loretta A. Preska
September 30, 2016
Page 2

Seventh Circuit decision, cited in *Text Messaging*, 630 F.3d at 626, in which the court declined interlocutory review from the denial of a summary judgment decision, which would have required the court to "'hunt[] through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there.'" *Id*. (quoting *Ahrenholz v. Board of Trustees of University of Illinois,* 219 F.3d 674, 677 (7th Cir. 2000)).  By contrast, in this case appellate review would involve the determination of foreign law, which is entirely appropriate for § 1292(b) certification.  *Karaha*, 313 F.3d at 80-81.

   Petersen again is wrong in claiming that "Argentina's arguments rest almost entirely on the self-serving opinions of its own experts" (Letter at 2).  Rather, Argentina's argument is also based on the opinion of *Petersen's* experts, who opined that the bylaws – which are governed by Argentine law – prohibited Argentina from exercising voting or management control over YPF unless Argentina *previously* made a tender offer.  Thus, enforcing the tender-offer provisions as Petersen's own experts interpreted them would have prohibited Argentina from carrying out the intervention and expropriation, which are indisputably sovereign acts.

   Finally, Petersen unsuccessfully seeks to distinguish *In re Vitamin C Antitrust Litig.*, 2016 WL 5017312 (2d Cir. Sept. 20, 2016), in relation to the principle for which we cited it.  In that decision, the Second Circuit reaffirmed in very broad terms the principle that "a U.S. court is bound to defer" to a foreign government's "sworn evidentiary proffer regarding the construction of its own laws and regulations, which is reasonable under the circumstances presented."  *Id*. at *9.  That *Vitamin C* was decided under international comity, rather than act of state, does not detract from the breadth of the stated principle.  In support of it, the court cited the seminal case on the act of state doctrine, *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398 (1964).  *Id*.; *see also id*. at *11 (further discussing the act of state doctrine).  And, although Petersen states that *Vitamin C* involved "a foreign government's 'official representation' regarding its domestic law, not the opinions of paid experts hired by litigation counsel without official imprimatur" (Letter at 3), the court in *Vitamin C* made clear that deference is due to the opinions of foreign governments "acting through counsel or otherwise." *Vitamin C* at *9.  *See also Karaha*, 313 F.3d at 92 (which afforded such deference *to experts' opinions* proffered by Indonesia and its wholly-owned company, Pertamina, as parties, and cited cases affording such deference in other contexts).  Citing *Karaha* with approval, the court in *Vitamin C* stated:  "we have yet to identify a case where a foreign government appeared before a U.S. tribunal and the U.S. tribunal adopted a reading of that sovereign's laws contrary to that sovereign's interpretation of them."  *Vitamin C* at *9.

   We respectfully submit that the parties' letters on § 1292(b) certification – initial, opposition and reply – sufficiently set forth the relevant considerations to enable the Court to issue a ruling, making a formal motion unnecessary in our view.  We therefore request that the Court grant § 1292(b) certification for interlocutory appeal of its act of state ruling.

                    Respectfully submitted,
                     *s/ Martin Domb*

Copy to:  All counsel of record (via ECF)

{39667145;1}