**chadbourne**

Chadbourne & Parke LLP
1301 Avenue of the Americas
New York, NY 10019
tel: +1 (212) 408-5100

**Thomas J. Hall**
**direct tel** 1 212-408-5487
thall@chadbourne.com

September 30, 2016

<u>**VIA ELECTRONIC FILING**</u>

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re: *Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. v. Argentine Republic and YPF S.A.,* Docket No. 15-cv-02739 (LAP)

Dear Judge Preska:

    I write on behalf of Defendant YPF, S.A. ("YPF") in reply to Plaintiffs' September 29, 2016 letter opposing YPF's request for certification ("Plaintiffs' Opp. to YPF").

    **The Court's Ruling Involves a Controlling Question of Law**. Plaintiffs make two arguments that the Court's ruling on act of state does not involve a controlling issue of law. Both are incorrect.

    First, Plaintiffs argue that the Court decided "that the act of state could not be established on the pleadings, and that is not a ruling that is properly subject to interlocutory appeal." Plaintiffs' Opp. to YPF at 1. The Court's act of state ruling was not, however, based on the existence of factual issues that precluded a ruling on a motion to dismiss. Rather, it was based on the Court's conclusion that "it does not appear from the face of the Complaint that Bylaw § 7(h) was inconsistent with Argentina's sovereign acts." Order at 23. The inconsistency between Bylaw § 7(h) and Argentina's expropriation law is not, however, a question of fact that can be alleged in the complaint, but a question of Argentine law. As such, it is eminently suited for appellate review. "[P]ursuant to Fed. R. Civ. P. 44.1, a court's determination of foreign law is treated as a question of law, which is subject to *de novo* review." *Carlisle Ventures, Inc. v. Banco Espanol de Credito, S.A.*, 176 F.3d 601, 604 (2d Cir. 1999) (*quoting Curley v. AMR Corp.*, 153 F.3d 5, 11 (2d Cir. 1998)); *see also* Fed. R. Civ. P. 44.1 ("The court's determination [of foreign law] must be treated as a ruling on a question of law.").

    Second, Plaintiffs' argument that § 7(h) is not controlling because Plaintiffs have also alleged that YPF is liable for Argentina's expropriation of a controlling interest in YPF without making a tender offer ignores that this alleged basis for liability suffers from serious deficiencies that could result in an early dismissal from the case. Apart from § 7(h), Plaintiffs' claims against

Hon. Loretta A. Preska                           -2-                             September 30, 2016

YPF are based on a theory of vicarious liability that is fundamentally inconsistent with contract law. None of the provisions that Plaintiffs cite as a basis for YPF's liability, for example, identify any obligation to be performed by YPF, which is the *sine qua non* of contractual liability.

In light of the serious deficiencies in Plaintiffs' other claims, a resolution of the § 7(h) issue would, at a minimum, "materially affect the litigation's outcome." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (quotation omitted). Given the potential for an early dismissal of Plaintiffs' claims against YPF based on Argentina's failure to make a tender offer, certification of the § 7(h) issue is warranted. *See id*. at 552 (finding controlling issues of law appropriate for certification because they would "materially affect the litigation's outcome").

**The Court's Ruling Involves Substantial Ground for Difference of Opinion**. Plaintiffs' assertion that because the act of state issue involved expert opinion on foreign law, it "cannot be resolved on a motion to dismiss" is flatly wrong. Plaintiffs' Opp. to YPF at 2. It is black letter law that a complaint may be dismissed as a matter of foreign law based on expert opinion. *See, e.g., Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 330, 334 (S.D.N.Y. 2015) (relying on expert opinions of Panamanian law to reject plaintiffs' alter ego theory and dismiss complaint based on lack of personal jurisdiction) (citing Fed. R. Civ. P. 44.1); *Panam Mgmt. Grp., Inc. v. Pena*, No. 08-CV-2258 JFB ARL, 2011 WL 3423338, at *2, 4, 7 (E.D.N.Y. Aug. 4, 2011) (relying on expert opinions of Panamanian law to dismiss complaint for failure to state a claim) (citing Fed. R. Civ. P. 44.1). As noted above, whether the expropriation law and temporary occupation laws precluded liability under Bylaw § 7(h) is a question of Argentine law, not fact. As such, it can be resolved without further factual development.

Moreover, Petersen's statement that its experts "submitted extensive declarations disputing YPF's position" ignores the substance of its experts' opinions. Plaintiffs' Opp. to YPF at 2. For one, they did not dispute that a conflict exists between the Expropriation Law and Bylaw § 7(h). Further, they nowhere denied that the Expropriation Law mandated that the "Executive Branch . . . ***shall exercise the political rights associated with the shares subject to expropriation***." Dkt. No. 37-4 at Art. 9 (emphasis added). While Plaintiffs' expert Bianchi asserted in conclusory fashion that YPF could be liable for not enforcing Bylaw § 7(h), his theory appears to be based not on the absence of any obligation by YPF to comply with the Expropriation Law, but rather on a theory that YPF could be liable for the actions of its controlling shareholder, Argentina, which had enacted such laws. *See* Bianchi Decl. ¶¶ 70-74.

In short, there is substantial ground for difference of opinion as to whether there is a conflict between the Expropriation Law and Bylaw § 7(h), and YPF respectfully requests certification of that issue to materially advance this case.

Hon. Loretta A. Preska -3- September 30, 2016

                                                                                    Respectfully submitted,

                                                                                    Thomas J. Hall

cc:  All counsel of record (via electronic filing)