```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
PETERSEN ENERGIA INVERSORA, S.A.U.,:
AND PETERSEN ENERGIA, S.A.U.,      :
                                   :
              Plaintiffs,          :
                                   :         15-cv-2739 (LAP)
         -v.-                      :         MEMORANDUM & ORDER
                                   :
ARGENTINE REPUBLIC and YPF S.A.,   :
                                   :
              Defendants.          :
------------------------------x
```

LORETTA A. PRESKA, United States District Judge:

Defendants the Republic of Argentina ("Argentina") and YPF S.A. ("YPF") (collectively, "Defendants") move for certification of an interlocutory appeal of this Court's determinations in its September 9, 2016 Opinion and Order (the "Order"). (dkt. no. 63). Argentina and YPF have submitted both initial and reply letters (dkt. nos. 68, 69, 72, 73) requesting certification of an appeal of this Court's denial of the Defendants' motion to dismiss on the grounds of the act of state doctrine. (Order (dkt. no. 63) at 19-24.) The Court construes the letters as motions for certification of the appeal on the act of state question. Plaintiffs Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. (collectively, "Petersen" or "Plaintiffs") oppose the certification of the act of state question for appeal. Plaintiffs have submitted two letters (dkt. nos. 70, 71), which the Court construes as opposition to Defendants' certification motions.

1

For the reasons stated below, Defendants' motions (dkt. nos. 68, 69) are granted.

Under 28 U.S.C. §1292(b), a district court may certify an order for interlocutory appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and...an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. §1292(b); Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 769 F.3d 135, 143 n.15 (2d Cir. 2014.) The determination of whether Section 1292(b) certification is appropriate under the above standard is in the discretion of the district court. See Ferraro v. Secretary of U.S. Dept. of Health & Human Services, 780 F.Supp. 978, 979 (E.D.N.Y. 1992). When considering the three factors under 28 U.S.C. §1292(b), the "district court should consider judicial efficiency," Figueiredo Ferraz Consultoria E Engenaria de Projeto Ltda. v. Republic of Peru, No. 08 Civ. 492 (WHP), 2009 WL 5177977, at *1 (S.D.N.Y Dec. 15, 2009), viewing the three factors "'together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal.'" In re A2P SMS Antitrust Litigation, 12-CV-2656 (AJN), 2015 WL 876456, at *5 (S.D.N.Y. March 2, 2015) (quoting 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3930 (3d. ed. 2016)).

This Court's ruling on the act of state question involves a controlling question of law, thereby satisfying the first 1292(b)

2

factor. A controlling question of law exists where "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases." S.E.C. v. Credit Bancorp, Ltd., 103 F.Supp.2d 223, 227 (S.D.N.Y. 2000). Here, reversal of this Court's opinion on the act of state question would significantly affect the conduct of the action. The Court's September 9 order found that, "[a]lthough the act of state doctrine requires that this Court proceed under the assumption that the intervention and expropriation in Argentina were valid acts, it does not preclude inquiry into contractual obligations related to or arising out of those acts." Order at 24. If the Court of Appeals were to find, instead, that the act of state doctrine *does* preclude inquiry into contractual obligations related to those acts, such a reversal would necessarily change the course of the litigation greatly.

As to the second factor, there is substantial ground for difference of opinion on the act of state doctrine's application to this case because there is doubt as to whether the commercial activity exception to the act of state doctrine exists in the first instance. As the Court of Appeals recently stated, "neither the Supreme Court nor this Circuit has ever concluded that there is a commercial exception to the doctrine of act of state." Federal

3

Treasury Enterprise Sojuzplodoimport v. Spirits Intern. B.V., 809 F.3d 737, 744 (2d Cir. 2016). Nonetheless, even if there were not a substantial ground for difference of opinion on the existence of the commercial activity exception and its application to its case, the absence of this factor alone will not be "fatal to certification." Figueiredo, 2009 WL 5177977 at *2.

Finally, under the third factor, certifying the Defendants' appeal may materially advance termination of the litigation. Defendants have already taken an interlocutory appeal (dkt. no. 66) from the denial of Defendants' motion to dismiss on the basis of foreign sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. §§1602-1611. They take that appeal as of right. See Figueiredo, 2009 WL 5177977, at *2; see also EM Ltd., NML Capital, Ltd., v. Banco Central de La Republica Argentina, 800 F.3d 78, 88 (2d Cir. 2015)(holding that a "threshold sovereign-immunity determination is immediately reviewable under the collateral-order doctrine. . . .").

Because the FSIA appeal will certainly advance to the Court of Appeals, successive appeals will likely be avoided and judicial efficiency served if the act of state issue were also put to the Court of Appeals at this juncture. See Figueiredo, 2009 WL 5177977 at *2. Thus, an immediate appeal from the September 9 Order may materially advance the ultimate termination of the litigation.

4

For the above reasons, under the authority granted this Court by 28 U.S.C. §1292(b), Defendants' motions for certification on the act of state issue dated Sept. 27, 2016 (dkt. nos. 68, 69) are GRANTED.

SO ORDERED.

Dated:  New York, New York
        October 7, 2016

*Loretta A. Preska*
LORETTA A. PRESKA
United States District Judge