Exhibit A

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): (L) 16-3303 (CON) 16-3304      _____ Caption [use short title] _____

Motion for: Emergency motion for clarification or reconsideration

and recall of the mandate

_____

Set forth below precise, complete statement of relief sought:

Appellants move on an emergency basis for clarification      Petersen Energia Inversora, S. v. Argentine Republic

or reconsideration of the Second Circuit's October 2, 2018

Order related to the mandate issuance on April 17, 2019,

and to recall the mandate

_____

_____

MOVING PARTY: Argentine Republic      OPPOSING PARTY: Petersen Energia Inversora

  ☐ Plaintiff      ☑ Defendant

  ☑ Appellant/Petitioner      ☐ Appellee/Respondent

MOVING ATTORNEY: Maura Barry Grinalds      OPPOSING ATTORNEY: Derek Ho

[name of attorney, with firm, address, phone number and e-mail]

Skadden, Arps, Slate, Meagher & Flom LLP      Kellogg Hansen Todd Figel & Frederick PLLC

4 Times Square, NY NY 10036      1615 M Street, NW, Suite 400, Washington, D.C. 20036

212-735-7806      202-326-7931

Court- Judge/ Agency appealed from: _____

Please check appropriate boxes:      **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Has this request for relief been made below? ☐ Yes ☑ No
Has this relief been previously sought in this court? ☐ Yes ☑ No
Requested return date and explanation of emergency: April 22, 2019

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

_____

_____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date: _____

Signature of Moving Attorney:

/s/ Maura Barry Grinalds    Date: April 18, 2019    Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

_____

Form T-1080 (rev.12-13)

# 16-3303-cv(L)

## 16-3304-cv(Con)

### 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

*for the*

### 𝔖𝔢𝔠𝔬𝔫𝔡 𝔆𝔦𝔯𝔠𝔲𝔦𝔱

PETERSEN ENERGÍA INVERSORA S.A.U. AND
PETERSEN ENERGÍA, S.A.U.
PLAINTIFFS-APPELLEES,

– v. –

ARGENTINE REPUBLIC AND YPF S.A.,
DEFENDANTS-APPELLANTS.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

### DEFENDANTS-APPELLANTS' JOINT EMERGENCY MOTION TO CLARIFY OR RECONSIDER THIS COURT'S OCTOBER 2, 2018 ORDER RELATED TO THE MANDATE ISSUANCE ON APRIL 17, 2019 AND TO RECALL THE MANDATE

---

Michael A. Paskin
Damaris Hernández
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Counsel for Defendant-Appellant
YPF S.A.*

Maura Barry Grinalds
Jonathan J. Lerner
Boris Bershteyn
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Counsel for Defendant-Appellant
Argentine Republic*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................1

PROCEDURAL HISTORY ................................................................4

    A.    Defendants' Motion To Stay the Mandate and this Court's Grant
        of the Extension Pending the Filing of the Petitions............................4

    B.    Defendants File Petitions for Certiorari and Provide Notice to
        this Court, Extending the Stay Under Rule 41(d)(2)(B) ......................5

    C.    Developments in Supreme Court Proceedings Subsequent to the
        Order....................................................................................7

    D.    The Clerk Issues the Mandate Without Notice Months After the
        Order....................................................................................8

ARGUMENT .................................................................................8

THE COURT SHOULD CLARIFY OR RECONSIDER THE ORDER
AND RECALL THE MANDATE .................................................................8

I.    THE COURT SHOULD CLARIFY THE ORDER TO CONFIRM
    THAT IT DID NOT OVERRIDE THE PROCEDURES OF RULE
    41(D)(2)(B)..................................................................................8

II.    ALTERNATIVELY, THE COURT SHOULD RECONSIDER THE
    ORDER AND EXTEND THE STAY UNTIL DISPOSITION OF THE
    CERTIORARI PETITIONS ........................................................12

III.    THE COURT SHOULD RECALL THE MANDATE AS A MATTER
    OF DISCRETION .........................................................................15

CONCLUSION ..............................................................................17

i

# TABLE OF AUTHORITIES

## CASES

*American Iron & Steel Institute v. EPA*,
    560 F.2d 589 (3d Cir. 1977) .......................................................................... 15

*Argentine Republic v. Petersen Energía Inversora S.A.U.*,
    No. 18-581 (U.S. Nov. 2, 2018) (docketing petition) ..................................... 5

*Bolivarian Republic of Venezuela v. Helmerich & Payne International*
    *Drilling Co.*,
    137 S. Ct. 1312 (2017) ............................................................................... 3, 12

*Boyde v. Brown*,
    421 F.3d 1154 (9th Cir. 2005) ...................................................................... 14

*Brock v. Superior Care, Inc.*,
    840 F.2d 1054 (2d Cir. 1988) ....................................................................... 12

*Cavallo v. Utica-Watertown Health Insurance Co.*,
    No. 97-9538, 1999 U.S. App. LEXIS 16673 (2d Cir. July 12, 1999) .......... 12

*City of Hartford v. Chase*,
    942 F.2d 130 (2d Cir. 1991) ......................................................................... 11

*Eton Park Capital Management v. Argentine Republic*,
    No. 16-cv-8569 (S.D.N.Y Sept. 11, 2018) ................................................... 13

*Garb v. Republic of Poland*,
    440 F.3d 579 (2d Cir. 2006) ......................................................................... 13

*Getty Petroleum Corp. v. Island Transportation Corp.*,
    862 F.2d 10 (2d Cir. 1988) ........................................................................... 12

*Northern California Power Agency v. Nuclear Regulatory Commission*,
    393 F.3d 223 (D.C. Cir. 2004) ..................................................................... 17

*Petersen Energia Inversora S.A.U. v. Argentine Republic and YPF*,
    895 F.3d 194 (2d Cir. 2018), *petition for cert. docketed sub nom. YPF*
    *S.A. v. Energía Inversora S.A.U.*, No. 18-575 (U.S. Nov. 1, 2018), *and*
    *petition for cert. docketed*, No. 18-581 (U.S. Nov. 2, 2018) .......................... 4

*Rein v. Socialist People's Libyan Arab Jamahiriya*,
162 F.3d 748 (2d Cir. 1998) ............................................................................ 3

*Ryan v. Schad*,
570 U.S. 521 (2013) ...................................................................................... 10

*Sargent v. Columbia Forest Products, Inc.*,
75 F.3d 86 (2d Cir. 1996) ......................................................................... 15, 16

*Taylor v. United States*,
822 F.3d 84 (2d Cir. 2016) ............................................................................ 15

*United States v. Salameh*,
84 F.3d 47 (2d Cir. 1996) .............................................................................. 15

*YPF S.A. v. Petersen Energía Inversora S.A.U.*,
No 180575 (U.S. Nov. 1, 2018) (docketing petition) ....................................... 5

*Zipfel v. Halliburton Co.*,
861 F.2d 565 (9th Cir. 1988) ......................................................................... 15

## RULES

Fed. R. App. P. 26(b) ...................................................................................... 13

Fed. R. App. P. 41(b) .................................................................................. 9, 11

Fed. R. App. P. 41(c) advisory committee's note to 1998 amendment ............. 16

Fed. R. App. P. 41(d)(1) ................................................................................ 10

Fed. R. App. P. 41(d)(2) ............................................................................. 9, 10

Fed. R. App. P. 41(d)(2)(B) ............................................................... 5, 8, 9, 10

Fed. R. App. P. 41(d)(2)(B)(ii) .................................................................*passim*

2d Cir. L. R. 27.1(g) ...................................................................................... 13

# OTHER AUTHORITIES

David C. Thompson & Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, Geo. Mason. L. Rev. Vol. 16:2 (2009) ....................................................................14

Defendants-Appellants Argentine Republic ("Argentina") and YPF S.A. ("YPF") (together, "Defendants") respectfully move on an emergency basis to (i) clarify this Court's October 2, 2018 Order granting in part and denying in part Defendants' motions to stay the mandate or reconsider that order; and (ii) recall the mandate of this Court, issued April 17, 2019. Defendants respectfully request that this Court act on their request at its earliest opportunity and no later than April 22, 2019.

## INTRODUCTION

This Court stayed its mandate in this appeal pending Defendants' filing of certiorari petitions to the Supreme Court. On April 17, 2019, five months after Defendants filed their petitions, the Clerk of Court ("Clerk") suddenly issued the mandate. Defendants respectfully submit that this action either resulted from a misinterpretation of the Court's prior direction or should be reconsidered in light of current circumstances or corrected by this Court's inherent exercise of its discretion to recall the mandate.

On October 2, 2018, this Court entered an order staying issuance of the mandate for up to 30 days pending Defendants' petition for a writ of certiorari to the Supreme Court (the "Order"). Prior to the expiration of the stay under the Order, on October 31, 2018, Defendants filed their petitions and notified the Clerk that, under the Federal Rules of Appellate Procedure, those filings "continue[]" the

stay "until the Supreme Court's final disposition." Fed. R. App. P. 41(d)(2)(B)(ii). On November 1, 2018, Plaintiffs disputed this application of Rule 41(d)(2)(B), claiming that the Order permitted only a 30-day stay, notwithstanding the text of the Rule.

While neither the Clerk nor the Court issued any order in response to Defendants' notices or the parties' subsequent correspondence, they also did not issue the mandate on the thirtieth day, or seven days thereafter (as otherwise required under Rule 41(b)), leading Defendants to conclude that the Clerk acknowledged that Rule 41(d)(2)(B) automatically extended the stay.

However, on April 17, 2019—more than six months after the Court issued the Order, more than five months after Defendants filed the petitions, and without any notice or explanation—the Clerk suddenly issued the mandate.

Given this highly unusual timing and the clear dictates of Rule 41(d)(2)(B), Defendants respectfully request that the Court clarify the Order to explain that it did not preclude the automatic extension of the stay provided by the Rule. Alternatively, Defendants respectfully request that the Court reconsider the Order, vacate it and issue a new order permitting a stay pending the Supreme Court's disposition of the petitions. As final alternative relief, Defendants respectfully request that the Court exercise its inherent authority to recall the mandate.

This emergency relief is warranted because, absent an order immediately staying and recalling the mandate, Defendants will be forced to incur the burdens of litigation while seeking a final resolution of their threshold sovereign immunity defense—well-established to be a special and undue burden in the case of a foreign sovereign. *See Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998) ("[A]ppeal from final judgment cannot repair the damage that is caused by requiring the [sovereign] defendant to litigate."); *see also Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1323-24 (2017) ("a court should decide the foreign sovereign's immunity defense '[a]t the threshold' of the action" to avoid "imposing increased burdens of time and expense upon the foreign nation" (alteration in original) (citation omitted)).

Finally, as explained in more detail below, every development since the filing of the petitions militates in favor of extending, rather than terminating, the stay of the mandate. Several amici have filed briefs in support of the petitions. The Justices of the Supreme Court held a conference on the petitions on January 4, 2019, and then took the unusual step of calling for the views of the Solicitor General of the United States. This action required an affirmative vote of at least four Justices and it leaves little doubt that the petitions present a substantial question—confirming the need for a stay of the mandate. In any event, it would be highly aberrant, to say the least, for the Clerk to precipitously issue the mandate

*after* the Supreme Court has indicated that the petitions warrant briefing from the executive branch.

## PROCEDURAL HISTORY

### A.  Defendants' Motion To Stay the Mandate and this Court's Grant of the Extension Pending the Filing of the Petitions

On July 10, 2018, this Court affirmed the district court's order denying Defendants' motions to dismiss Plaintiffs' complaint on sovereign immunity grounds.  *See Petersen Energía Inversora S.A.U. v. Argentine Republic & YPF S.A.*, 895 F.3d 194 (2d Cir. 2018), *petition for cert. docketed sub nom. YPF S.A. v. Energía Inversora S.A.U.*, No. 18-575 (U.S. Nov. 1, 2018), *and petition for cert. docketed*, No. 18-581 (U.S. Nov. 2, 2018).  On August 30, 2018, this Court denied Defendants' petitions for rehearing or rehearing *en banc*.  (ECF Nos. 162-63.)

On September 4, 2018, Defendants moved pursuant to Federal Rule of Appellate Procedure 41(d)(2) to stay the mandate pending the filing and disposition of petitions for writ of certiorari in the United States Supreme Court. Defendants explained that (i) their certiorari petitions would present substantial questions as to whether this Court erroneously extended the "commercial activity" exception to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA") to acts inextricably intertwined with a sovereign act of expropriation; and (ii) good cause existed to stay the mandate because Defendants would suffer irreparable harm in the absence of a stay.  (*See* ECF Nos. 164-65.)

4

On October 2, 2018, this Court issued the following order on Defendants'

motions to stay the mandate:

> IT IS HEREBY ORDERED that the motion is GRANTED to the extent that the mandate shall be stayed for no more than 30 days pending the filing of a petition for writ of certiorari. The request to stay the mandate pending the disposition of the petition for writ of certiorari is DENIED.

(ECF No. 176.)

Pursuant to the plain text of Rule 41, Defendants understood that, because

the Court had granted the stay pending the filing of certiorari petitions, the stay

would automatically continue until the Supreme Court's disposition of those

petitions once Defendants notified the Clerk that the Petitions were filed. Rule 41

provides:

> The stay must not exceed 90 days, *unless* . . . the party who obtained the stay notifies the circuit clerk in writing within the period of the stay . . . that the petition has been filed, *in which case the stay continues until the Supreme Court's final disposition*.

Fed. R. App. P. 41(d)(2)(B)(ii) (emphasis added). The Order, which was entered

*prior* to the filing and notice to the Clerk, should be construed consistently with

this Rule.

**B. Defendants File Petitions for Certiorari and Provide Notice to this Court, Extending the Stay Under Rule 41(d)(2)(B)**

On October 31, 2018, Defendants' filed their certiorari petitions in the

Supreme Court. *See Argentine Republic v. Petersen Energía Inversora S.A.U.*, No.

5

18-581 (U.S. Nov. 2, 2018) (docketing petition); *YPF S.A. v. Petersen Energía Inversora S.A.U.*, No. 18-575 (U.S. Nov. 1, 2018) (same). On that same day, Defendants notified the Clerk that they had filed the Petitions (the "Notices"). (ECF Nos. 179-80.)  The Notices extended the stay "until the Supreme Court's final disposition" under Rule 41(d)(2)(B)(ii), as Defendants explained in their letters. (*Id.*)

On November 1, 2018, Plaintiffs filed a letter arguing that the Order required that the Court issue the mandate promptly, notwithstanding the dictates of Rule 41(d)(2)(B)(ii). (ECF No. 182.) Plaintiffs also referred to the Notices as "letter motions" and expressly requested that the Notices "be treated as motions for reconsideration[.]" (*Id.* at 1.)

That same day, Defendants responded to Plaintiffs' letter to explain that, under Rule 41(d)(1), the Order extended the mandate only "pending the filing of a petition for certiorari," but that once Defendants filed the notices, Rule 41(d)(2)(B)(ii) automatically extended that stay until after the Supreme Court's final disposition of the petitions. (ECF No. 185 at 1; ECF No. 186 at 2.)

Neither the Court nor the Clerk took any action to adopt Plaintiffs' view that the stay continued for only 30 days (*i.e.*, only until November 1, 2018), regardless of the actual filing of the petitions and Federal Rule of Appellate Procedure 41. Moreover, neither the Court nor the Clerk took any action to issue the mandate

under Rule 41(b), which provides that the "mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b). Accordingly, Defendants reasonably concluded that the mandate was stayed until the Supreme Court's disposition of the petitions pursuant to Rule 41(d)(2)(B).

## C.  Developments in Supreme Court Proceedings Subsequent to the Order

It bears emphasis that there have been no developments that would warrant lifting the stay and issuing the mandate at this time. The petitions remain pending. Further, after the Order, several developments underscore that the petitions raise substantial questions and that good cause existed to stay the mandate. As an initial matter, the petitions have garnered support from several significant amici. On December 3, 2018, the Republic of Chile, the Government of the United Mexican States, and several professors of law and business filed amicus briefs in support of the petitions. *See* S. Ct. Dkt. Nos. 18-581, 18-575, 12/3/2018 entries.

On November 26, 2018, Plaintiffs requested an extension of time to file their opposition brief. On December 5, 2018, Plaintiffs filed their opposition brief. On December 18, 2018, the petitions were fully briefed.

On January 7, 2019, the Supreme Court invited the Solicitor General of the United States to file a brief expressing the views of the United States with respect

to Defendants' certiorari petitions. *See* S. Ct. Dkt. Nos. 18-581, 18-575, 1/7/2019 entry. Defendants—and we understand Plaintiffs as well—presented their positions before the Solicitor General's Office in March 2019, with representatives from the Department of State and other agencies in attendance.

It is expected that the Solicitor General will file its brief explaining its views in May 2019. If so, the Supreme Court's decision on the petitions would be expected before the Court recesses in June.

**D.  The Clerk Issues the Mandate Without Notice Months After the Order**

On April 17, 2019—more than six months after the Order, and more than five months after Defendants filed the Notices—the Clerk issued the mandate without explanation. (ECF No. 194.)

## ARGUMENT

### THE COURT SHOULD CLARIFY OR RECONSIDER THE ORDER AND RECALL THE MANDATE

**I.  THE COURT SHOULD CLARIFY THE ORDER TO CONFIRM THAT IT DID NOT OVERRIDE THE PROCEDURES OF RULE 41(D)(2)(B)**

The text of Federal Rule of Appellate Procedure 41 unequivocally provides that where, as here, a party that has obtained a stay of the mandate notifies the clerk that it has filed its certiorari petition, "the stay continues until the Supreme Court's final disposition" of the petition. Fed. R. App. P. 41(d)(2)(B)(ii). Defendants obtained a stay of the mandate from the Court on October 2, 2018 for

30 days "pending the filing of a petition for certiorari." (ECF No. 176.) Within that 30-day period, on October 31, 2018, Defendants filed their petitions for certiorari in the Supreme Court. Defendants then duly "notifie[d] the circuit clerk in writing within the period of the stay" of that filing. Fed. R. App. P. 41(d)(2)(B). Accordingly, the Rule explicitly provides that in this case, the stay "continues until the Supreme Court's final disposition" of the petitions. Fed. R. App. P. 41(d)(2)(B)(ii).

> Absent a stay, this Court's mandate:

> *must issue* 7 days after the time to file a petition for rehearing expires, or 7 days *after entry of an order denying a timely* petition for panel rehearing, petition for rehearing en banc, or *motion for stay of mandate*, whichever is later.

Fed. R. App. P. 41(b) (emphasis added). Defendants, therefore, interpreted the Court's decision not to issue the mandate for several months after the filing of their petitions as confirming their prior understanding (*see* ECF Nos. 185-86) that the mandate was stayed by operation of Rule 41(d)(2)(B) until after final disposition by the Supreme Court.

The Order should be construed consistently with the automatic extension mandated by Rule 41 once that the petition has been filed. While the Order states: "The request to stay the mandate pending the disposition of the petition for writ of certiorari is DENIED" (ECF No. 176), that is a perfectly unremarkable statement. Indeed, since the express text of Rule 41 states that the stay "must not exceed 90

days," Fed. R. App. P. 41(d)(2), the Court could have concluded that an indeterminate stay of the mandate pending the disposition of the certiorari petition was not permitted under the Rule. However, once notice of the filing of the petition was given to the Clerk, the unequivocal provisions of Rule 41 dictate that the stay (whatever its length) so "obtained" then "continues until the Supreme Court's final disposition." *Id.* The Second Circuit's Order should be construed consistently with Rule 41.

Conversely, reading this Court's order to *sub silentio* overrule the normal operation of Rule 41 would lead to an illogical result. In fact, Plaintiffs' interpretation of the Court's Order would completely defeat its purpose, which, consistent with the rationale of Rule 41, was to stay the mandate to allow Defendants time to file their petitions, and if it timely filed, to permit the Supreme Court to decide the petitions. *See generally Ryan v. Schad*, 570 U.S. 521, 524 (2013) ("The reason for [Federal Rule of Appellate Procedure 41(d)] is straightforward: '[T]he stay of mandate is entered solely to allow [the Supreme] Court time to consider a petition for certiorari.'" (second alteration in original) (citation omitted)).

In granting Defendants' stay requests, the Court necessarily recognized that Defendants had demonstrated that their certiorari "petition[s] would present a substantial question and that there is good cause for a stay." Fed. R. App. P.

41(d)(1).  In staying the mandate for 30 days pending the filing of Defendants' certiorari petitions, the Order did not preclude the automatic continuation of the stay if the petitions were timely filed, pursuant to the express command of Rule 41. Any other interpretation would mean the Court entered a stay that was by definition futile and inadequate, because the Supreme Court would never be able to consider the petitions before the mandate issued.  *See City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991) (rejecting interpretation of court order that "would . . . make that order meaningless").  Accordingly, pursuant to the clear command of Rule 41, this Court's stay of the mandate should continue pending the disposition of Defendants' petitions.

The timing of the issuance of the mandate further confirms that the Order did not deny Defendants' request for a stay.  Under Rule 41(b), a mandate "*must issue 7 days after*" one of several events occurs, including "entry of an order denying a timely . . . motion for stay of mandate." Fed. R. App. P. 41(b) (emphasis added). On Plaintiffs' view, the Order granted Defendants' motion to stay issuance of the mandate only until the petitions were filed, *i.e.*, October 31, 2018, and otherwise denied the motion. (ECF No. 182.)  If Plaintiffs were correct, then the denial of Defendants' motion would go into effect on the date of filing of the petitions (*i.e.*, October 31, 2018), requiring that the mandate issue by November 7, 2018. *See* Fed. R. App. P. 41(b).  Because the mandate did *not* issue on that date—

or, indeed, at any time in the *five months* after that date—Defendants reasonably construed the Order as applying only to the period before they filed the petitions, and not overriding Rule 41(d)(2)(B).

Therefore, to the extent the Clerk issued the mandate in accordance with its interpretation of the Order, Defendants respectfully request that the Court clarify the Order to explain that it did *not* override Rule 41(d)(2)(B) and, consequently, to recall the mandate and stay further issuance of the mandate pending the Supreme Court's final disposition. *See, e.g.*, *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064-65 (2d Cir. 1988) (granting motion for clarification and recalling mandate in light of clarification); *see also Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 17 (2d Cir. 1988) (granting motion for clarification); *Cavallo v. Utica-Watertown Health Ins. Co.*, No. 97-9538, 1999 U.S. App. LEXIS 16673, at *1 (2d Cir. July 12, 1999) (Winter, J., on panel) (same).

## II. ALTERNATIVELY, THE COURT SHOULD RECONSIDER THE ORDER AND EXTEND THE STAY UNTIL DISPOSITION OF THE CERTIORARI PETITIONS

In the alternative, if the Court interprets the stay to expire regardless of the application of Rule 41(d)(2)(B), Defendants respectfully request that the Court reconsider the Order. As the Supreme Court recently explained, "a court should decide the foreign sovereign's immunity defense '[a]t the threshold' of the action" to avoid "imposing increased burdens of time and expense upon the foreign

12

nation." *Helmerich*, 137 S. Ct. at 1323-24 (alteration in original) (citation omitted). Defendants should not be forced to incur the burdens of discovery and other litigation while they seek a final resolution of their threshold jurisdictional sovereign immunity defense. Indeed, even if the Supreme Court grants certiorari and the proceedings below are stayed, Defendants will still have been irreparably harmed by having been forced to litigate in the interim notwithstanding their sovereign immunity.[1] *See Rein*, 162 F.3d at 756. Further, granting a stay will translate, through reciprocity, to reduced burdens on the United States in foreign litigation. *See Garb v. Republic of Pol.*, 440 F.3d 579, 597 n.24 (2d Cir. 2006) (noting that sovereign immunity is "a reciprocal norm that significantly insulates the United States from suits in foreign countries"). Meanwhile, Plaintiffs—who seek only money damages and waited for almost three years after Argentina's expropriation to commence suit—will suffer no cognizable prejudice from a brief continuation of the stay of the mandate.

It is no obstacle that motions for rehearing or reconsideration generally must be filed within 14 days after the date of the order at issue. *See, e.g.*, 2d Cir. L. R.

---

[1] This irreparable harm is not just limited to the instant case. In light of Defendants' pending petitions, Judge Preska stayed a related proceeding contingent on the issuance of the mandate in this case (*see Eton Park Capital Management v. Argentine Republic*, No. 16-cv-8569 (S.D.N.Y. Sept. 11, 2018) (ECF No. 32)), further exacerbating the Defendants' burden of litigating—notwithstanding their sovereign immunity—should this Court not recall the mandate.

27.1(g).[2] The Court may extend that deadline for "good cause." *See* Fed. R. App. P. 26(b). Here, good cause exists because Defendants had no notice whatsoever that the mandate would suddenly issue on April 17, over six months after this Court issued its order granting in part their motions for a stay (and contrary to their reasonable interpretation of the Clerk's action as acknowledging the application of Rule 41(d)(2)(B)).

A continued stay of the mandate is even more warranted now in light of the Supreme Court's January 7, 2019 order calling for the views of the Solicitor General with respect to Defendants' certiorari petitions. That order requires the affirmative vote of four Justices, and has been issued only a dozen or so times per Supreme Court Term (that is, in far less than 1% of petitions filed). It therefore confirms that the Supreme Court has identified a "substantial question" in the petitions and substantially increases the likelihood that the petitions will be granted. According to one historical study, the likelihood that the Supreme Court will hear the case increases from 0.9% to 34% following a call for the views of the Solicitor General; in other words, the Court is 37 times more likely to grant a

---

[2] At best, the enlargement for reconsideration would be less than two weeks given that the Notices—which explained Defendants' view that the mandate *would be* stayed pending the Supreme Court's disposition—should be deemed motions for reconsideration of the Order. In fact, Plaintiffs themselves characterized the Notices as "letter motions" and requested that they be "treated" as such. (ECF No. 182 at 1.) This motion should relate back to those letter-motions.

petition. For petitions that are not being filed *in forma pauperis*, the grant rate increases even more, to 42%; those petitions are 47 times more likely to be granted following a call for the views of the Solicitor General. David C. Thompson & Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, Geo. Mason. L. Rev. Vol. 16:2 (2009).

## III. THE COURT SHOULD RECALL THE MANDATE AS A MATTER OF DISCRETION

A court of appeals' inherent "power to recall a mandate is unquestioned." *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996); *see also United States v. Salameh*, 84 F.3d 47, 50 (2d Cir. 1996) ("[A] court of appeals always has authority to restore appellate jurisdiction over a case that has been remanded to a district court. Such authority has regularly been exercised by this and other courts in granting a motion to recall a mandate in a case remanded to a district court."). While "[n]o formal test governs the exercise of this discretion," *Taylor v. United States*, 822 F.3d 84, 90 (2d Cir. 2016), courts recognize that such discretion "may be exercised for 'good cause' or to 'prevent injustice.'" *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988) (quoting *Aerojet-General Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 254 (9th Cir. 1973)); *see also Am. Iron & Steel Inst. v. EPA*, 560 F.2d 589, 594 (3d Cir. 1977) (explaining "recall may be

warranted for 'good cause,' to 'prevent injustice,' or in 'special circumstances'" (footnotes omitted) (citations omitted).[3]

Good cause exists here.  First, this Court previously found sufficient good cause to merit a stay of the mandate.  As Defendants previously explained, while a stay would not harm Plaintiffs, who delayed commencing suit for almost three years after the actions they complained of took place, sovereign Defendants would be irreparably harmed by being forced to engage in discovery and other burdensome and potentially unnecessary litigation before their threshold defense of sovereign immunity is conclusively resolved.  (ECF No. 164 at 19-20; ECF No. 165 at 10.)  In granting Defendants a stay pending the filing of their petitions, the Court recognized the balance of the equities favored staying the mandate.

Second, recalling the mandate to continue the stay is consistent with Rule 41(d)(2)(B)(ii), which provides that upon the filing of a petition for writ of certiorari, "the stay continues until the Supreme Court's final disposition."  Fed. R. App. P. 41(d)(2)(B)(ii).   The authority to recall the mandate "exists as part of the court's power to protect the integrity of its own processes."  *Sargent*, 75 F.3d at 89

---

[3] To be sure, this Court has recognized that the exercise of its authority to recall the mandate is to be used sparingly, but "[t]he reason for parsimony in the exercise of our power to recall a mandate is the need to preserve finality in judicial proceedings."  *Sargent*, 75 F.3d at 89.  Here, of course, the issues remain pending before the Supreme Court, so the rationale for such caution does not apply.

(quotation omitted). Here, recalling the mandate to continue the stay is necessary to effect the practical considerations embodied in the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 41(c) advisory committee's note to 1998 amendment ("[T]he parties can easily calculate the anticipated date of issuance and verify issuance of the mandate . . . .").[4]

Finally, the current circumstances only underscore the good cause for a stay of the mandate. In recognition of the vitally important question presented by the petitions, the Supreme Court called for the views of the Solicitor General. Where a decision by the Supreme Court on Defendants' petitions is anticipated within the next two months, there is simply no principled reason to issue the mandate now.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court (i) clarify the Order to make clear that it did not preemptively override Rule 41(d)(2)(B), which would otherwise automatically stay issuance of the mandate

---

[4] Given the lack of any formal adjudication of the parties' letter motions by the Court, it remains possible that the issuance of the mandate was a clerical error. Recall would then be appropriate. *See Boyde v. Brown*, 421 F.3d 1154, 1155 (9th Cir. 2005) ("Following receipt of respondent's motion [to recall mandate and correct disposition], we ordered the mandate recalled, having been issued due to clerical error, and construed respondent's motion to recall the mandate and correct our opinion as a belated petition for rehearing."); *N. Ca. Power Agency v. Nuclear Regulatory Comm'n*, 393 F.3d 223, 225 (D.C. Cir. 2004) (recalling mandate due to a "clerical error").

pending resolution of Defendants' Supreme Court petitions, or (ii) reconsider the Order and issue a new order consistent with Rule 41(d)(2)(B) that stays issuance of the mandate until after the Supreme Court has ruled on Defendants' petitions. Defendants respectfully request that this Court exercise its discretion to recall the mandate for good cause pending the imminent disposition of the petitions.

Dated: New York, New York
April 18, 2019

/s/ Maura Barry Grinalds
Maura Barry Grinalds
(MauraBarry.Grinalds@skadden.com)
Jonathan J. Lerner
(Jonathan.Lerner@skadden.com)
Boris Bershteyn
(Boris.Bershteyn@skadden.com)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

*Counsel for Defendant-Appellant
Argentine Republic*

/s/ Michael A. Paskin
Michael A. Paskin
Damaris Hernández
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Counsel for Defendant-Appellant
YPF S.A.*

18

## **CERTIFICATE OF COMPLIANCE**

     1.    This motion complies with Federal Rules of Appellate Procedure 27 because it contains 4,220 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

     2.    This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point.

Dated: New York, New York
     April 18, 2019           */s/ Maura Barry Grinalds*
                               Maura Barry Grinalds

                               *Counsel for Defendant-Appellant*
                               *Argentine Republic*