KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 29, 2019

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

     Re:    *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739

Dear Judge Preska:

     Defendants' response (Dkt. #80) to our letter of April 27, 2019 (Dkt. #78) does little more than seek relief that the Second Circuit has already *twice* concluded is inappropriate.

     Following that court's unanimous affirmance of Your Honor's order denying Defendants' motions to dismiss on FSIA grounds, the Second Circuit entered a partial stay of the mandate but explicitly ordered that Defendants' "request to stay the mandate pending the disposition of the[ir] petition[s] for writ of certiorari is DENIED." *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, Nos. 16-3303 *et seq.*, ECF No. 176 (2d Cir. Oct. 2, 2018) ("*Petersen II*").  When the Second Circuit terminated its partial stay by issuing the appellate mandate on April 17, 2019 (*Petersen II*, ECF No. 194-1), Defendants sought emergency clarification or reconsideration and a recall of the mandate, again seeking to delay the case "pending the Supreme Court's disposition of the petitions." *Petersen II*, ECF No. 197-2, at 2.  That request, too, was denied. *Petersen II*, ECF No. 208.

     Defendants filed more than 20 pages of briefing on their emergency papers alone.  Thus, in denying Defendants the stay they sought, the Second Circuit had before it in exhaustive detail the very arguments concerning the "development[s] in the Supreme Court" (Defs.' Resp. at 2) that Defendants now raise in this Court.  Whatever the length of the Second Circuit's order, the court of appeals thus clearly rejected Defendants' arguments for further delay, and that ruling now governs proceedings on remand. *See Ginett v. Computer Task Group, Inc.*, 11 F.3d 359, 361 (2d Cir. 1993) ("The district court's actions on remand should not be inconsistent with either the express terms or the spirit of the mandate.").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
April 29, 2019
Page 2

        In all events, Defendants' request for further delay lacks merit.  The lone case Defendants cite as precedent for a district court stay following issuance of the appellate mandate stayed proceedings only after the Supreme Court had "*granted* a petition for a writ of certiorari" and was thus "close to settling an important issue of law bearing on the action."  *NML Capital, Ltd. v. Republic of Argentina*, No. 03-cv-8845 *et al.*, 2014 WL 2451142, at *1 (S.D.N.Y. Apr. 18, 2014) (emphasis added; internal quotation marks omitted).  Defendants' moonshot certiorari petitions do not create the same circumstances.  A certiorari grant remains unlikely.  *See Conkright v. Frommert*, 556 U.S. 1401, 1403 (2009) (Ginsburg. J., in chambers) (even where the Court calls for the views of the solicitor general, "the Court denies certiorari in such cases more often than not").  And the law is *already* settled, following this Court's and the Second Circuit's consistent rulings.

        The harm to Plaintiffs of continued inaction is clear.  This case was filed *more than four years ago* and has yet to proceed past the starting gate.  Meanwhile, Defendants' strategy of delay and obfuscation is equally clear — not least because Defendants publicized in the Argentine press their desire to "delay as much as possible the handling of th[is] matter."[1]

        We ask the Court to deny this latest effort to stay the proceedings and to hold a status conference to begin moving this four-year-old case forward.[2]

                                        Respectfully submitted,

                                        /s/ *Mark C. Hansen*

                                        Mark C. Hansen

_____

        [1] *E.g.*, *YPF confía en que el fondo Burford perderá el juicio de u$s 3000 millones por la estatización*, El Cronista (Oct. 30, 2018) (translated from Spanish), https://goo.gl/QqmzNQ.

        [2] We further respectfully request that the Court treat this letter as a response to Defendants' requests in both this case (Dkt. #79) and in *Eton Park Capital Management L.P. v. Argentine Republic*, No. 16-cv-8569 (Dkt. #34), for a pre-motion conference to seek a further stay of proceedings in both actions.  The reasons to deny a stay here apply with equal force in *Eton Park*.