# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1760

WRITER'S EMAIL ADDRESS
mpaskin@cravath.com

ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ

JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN

———

SPECIAL COUNSEL
SAMUEL C. BUTLER

———

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY

July 3, 2019

<u>*Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. v. Argentine Republic and YPF S.A.,* No. 15-cv-02739 (LAP)</u>

Dear Judge Preska:

We write on behalf of defendant YPF S.A. ("YPF") in response to plaintiffs' letter requesting a pre-motion conference for the purpose of seeking leave to file a pre-answer motion for partial summary judgment.  (ECF No. 85.)  Plaintiffs' motion is both meritless and procedurally improper.  The Court should deny leave to move for summary judgment until defendants have filed their answers and affirmative defenses and the Court has decided defendants' anticipated motion for judgment on the pleadings pursuant to Rule 12(c), which will raise threshold issues fatal to plaintiffs' claims.  (ECF No. 87.)  Moreover, while plaintiffs apparently believe that no discovery into defendants' conduct is needed, defendants' affirmative and other defenses will raise substantial issues of fact that are likely to require discovery of plaintiffs and various third parties before any motion for summary judgment could conceivably be ripe for adjudication.

Even as presented by plaintiffs, their contemplated motion is premature and without merit.  Plaintiffs misstate the legal framework governing their claims in two respects.  *First*, this dispute is governed by Argentine law, not the New York law cited throughout plaintiffs' letter.  (*See* ECF No. 63 at 39 (explaining that Argentine law governs this dispute because "the internal affairs of a corporation are decided in accordance with the law of the state of incorporation").)  Under Argentine law, as YPF's experts will explain, an alleged violation of a corporation's bylaws does not give rise to a breach of contract action—rather, it is a dispute governed by Argentine law regarding corporate relationships, and YPF will demonstrate that plaintiffs fail to satisfy basic prerequisites for such a cause of action under that governing law.

The Second Circuit's prior decision in this case does not, as plaintiffs suggest, require a ruling inconsistent with that governing law.  Specifically, it is not the

case that the Second Circuit "held" YPF's bylaws to be "the contract governing the relationship among YPF, Argentina . . . and other YPF shareholders". (*See* ECF No. 85 at 2 (quoting *Petersen Energia Inversora S.A.U. v. Argentine Republic*, 895 F.3d 194, 199 (2d Cir. 2018).) In this quoted portion of the decision, which appears in the "Background" section, the Second Circuit was merely restating plaintiffs' own (incorrect) pleadings, consistently against the standard for a motion to dismiss, under which this Court and the Second Circuit were "required to accept as true the facts alleged in the complaint, consider those facts in the light most favorable to the plaintiff, and determine whether the complaint sets forth a plausible basis for relief". (*See* ECF No. 63 at 37); *see also Apace Commc'ns, Ltd. v. Burke*, 584 F. Supp. 2d 591, 595 (W.D.N.Y. 2008) (explaining that the motion to dismiss standard is "relatively lenient . . . not the much more demanding standard applicable to summary judgment motions"). As plaintiffs' financial backers acknowledged publicly: "It is important to [emphasize] that this decision relates purely to a preliminary jurisdictional question and does not foreshadow any particular result in the underlying litigation."[1] Indeed, plaintiffs concede that the Court's conclusions were based upon a "plausibl[e]" reading of the Bylaws, which is not a "definitive[]" determination on the merits. (*See* ECF No. 85 at 2, 3.)

*Second*, even if this were a breach of contract case governed by New York law (which it is not), plaintiffs' recitation of the elements of a breach of contract cause of action omits the "essential element" of causation—*i.e.*, that "defendant's breach *directly and proximately caused* his or her damages". *See Nat'l Market Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004). As this Court previously held, the issue of causation in this case is contested as a factual matter and could not have been determined on defendants' motions to dismiss. (*See* ECF No. 63 at 42 ("[T]his Court cannot consider these experts' opinions on factual issues on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6).").) Indeed, plaintiffs themselves acknowledged in their opposition to YPF's motion to dismiss that YPF had raised "a competing theory of causation which raises factual questions not suitable for resolution on a motion to dismiss". (ECF No. 49 at 23 (internal quotation marks omitted).)

Beyond the unresolved issues concerning plaintiffs' affirmative case, plaintiffs' proposed motion is premature for the additional reason that YPF has not yet filed an answer, which YPF anticipates will raise a number of dispositive affirmative defenses. As courts have held repeatedly, it is inappropriate for plaintiffs to move for summary judgment before defendants have even had an opportunity to answer and raise their defenses. *See e.g.*, *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) (noting that "since summary judgment is sought prior to answer, granting summary judgment to plaintiff at this stage of the litigation would preclude [the defendant] from answering and raising affirmative defenses . . . relative to this issue"); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 188–89 (S.D.N.Y. 2014) ("Although [the rule] allows a motion for summary judgment to be filed at the

---

[1] Press Release, "Burford Capital updates on successful Petersen Appeal Court result and also reports on further related activity", *available at* https://www.burfordcapital.com/newsroom/petersen-appeal-result-update/ (June 24, 2019).

commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."); *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 321 (N.D.N.Y. 2009) ("Plaintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer to the amended complaint."). Accordingly, it is not the case that "[t]he Second Circuit has already rejected as a matter of law Argentina's defenses to liability". (ECF No. 85 at 2.) Defendants have not even had the opportunity to plead, much less seek to prove, their defenses.

As plaintiffs and this Court have recognized, defenses such as the act of state doctrine and *force majeure* will require further factual development before they can be resolved at the merits stage. (*See* ECF No. 49 at 23 ("At any rate, like *force majeure* under U.S. law, Argentina's *force majeure* defense raises fact-specific questions that cannot be resolved on the pleadings."); ECF No. 70 at 1 ("As this Court correctly held, unlike foreign sovereign immunity, 'the act of state doctrine is not a jurisdictional defense but rather a substantive defense on the merits.'").) For example, defendants will show that YPF's alleged failure to enforce the provisions of the bylaws could not have been the cause of their purported injuries for several reasons, including: (1) a complete indemnity between Petersen and Repsol that Petersen inexplicably failed to trigger and (2) the superseding acts of the Argentine Republic. *See Shelton v. Trustees of Columbia Univ.*, No. 04 CIV. 6714 (AKH), 2004 WL 2979781, at *1 (S.D.N.Y. Dec. 17, 2004) (noting that plaintiff's motion for partial summary judgment "is premature before defendants have had an opportunity to answer and before discovery . . . .")

Finally, plaintiffs' theory that "Argentina's breach also gives rise to contract breach on the part of YPF" (ECF No. 85 at 2) is incorrect under the bylaws and governing Argentine law. Under the bylaws, the only actions YPF could have taken to enforce any tender offer requirement, to the extent such obligation was not preempted by the intervention decrees, expropriation and other Argentine laws are those enumerated in Bylaw § 7(h). They include (a) blocking Argentina's vote at the shareholders' meeting, (b) not counting Argentina in computing the existence of a quorum at a shareholders' meeting and (c) not paying dividends to Argentina. As YPF's experts will explain, enforcing any of these penalties would have impermissibly contravened the mandates of Articles 9 and 13 of the Expropriation Law.

Accordingly, this Court should deny plaintiffs leave to file a pre-answer motion for summary judgment.

                                      Respectfully,

                                      /s/ Michael A. Paskin

                                      Michael A. Paskin
                                      Damaris Hernández

Honorable Loretta A. Preska, U.S.D.J.
   United States District Court for the Southern District of New York
      Daniel Patrick Moynihan U.S. Courthouse
         500 Pearl Street
            New York, NY 10007

VIA ECF

Copies to: All Counsel of Record via ECF