# Skadden, Arps, Slate, Meagher & Flom LLP

FOUR TIMES SQUARE

NEW YORK, NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-7808
EMAIL ADDRESS
MAURABARRY.GRINALDS@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

July 3, 2019

**Via ECF**
The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 15-cv-02739

Dear Judge Preska:

On behalf of the Argentine Republic ("Argentina"), we respond to the June 24, 2019 letter of Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. (together, "Petersen") requesting leave to move for partial summary judgment on liability for breach of contract and anticipatory breach.  Petersen's proposed motion is legally meritless and procedurally premature.  Unsurprisingly, Petersen cites no authority granting such a motion in this posture of an action.

In asserting that "the Second Circuit has definitively construed the contract at issue," (Letter at 1), Petersen mischaracterizes that decision, which was strictly limited to resolving a threshold jurisdictional issue under the Foreign Sovereign Immunities Act ("FSIA") based solely on the Court's "review of the complaint and the record before [it]." *Petersen Energía Inversora S.A.U. v. Argentine Republic*, 895 F.3d 194, 211 (2d Cir. 2018).  The question on appeal was whether "Petersen's claims are in fact based on sovereign acts, rather than commercial ones." *Id.* at 205.  In deciding this question, the Second Circuit was required to accept the allegations in the complaint as true.  *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004) (discussing standards applicable to Rule 12(b)(1) motion to dismiss).  Indeed, Your Honor also emphasized that this Court's jurisdictional determination was predicated on the allegations in the complaint.  *See Petersen Energía Inversora, S.A.U. v. Argentine Republic*, 2016 WL 4735367, at *4 (S.D.N.Y. Sept. 9, 2016) ("In deciding a challenge to jurisdiction under the FSIA, a 'court must look at *the substance of the allegations* . . . .'" (emphasis added) (quoting *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001)); *see also id.*, at *8 ("[*I*]*t does not appear from the face of the Complaint* that Defendants' failure to comply with or enforce those Bylaws either constituted an official act or was compelled by an official act." (emphasis added)); *id.* at *15 (same).  Nowhere did this Court or the Court of Appeals purport to conclusively determine whether the allegations in the complaint were valid or whether other defenses—including ones not raised or pled—defeated Petersen's claims.

Hon. Loretta A. Preska
July 3, 2019  -  Page 2

It is axiomatic that summary judgment cannot be granted where, as here, there are numerous defenses raising factual issues that have not been adjudicated or even raised. *See, e.g.*, *Canon Inc. v. Tesseron Ltd.*, 2015 WL 4508334, at *4 (S.D.N.Y. July 24, 2015) (party seeking summary judgment must "show that the non-movant's . . . affirmative defenses cannot be sustained"). To evade this fundamental principle, Petersen misrepresents that "[t]he Second Circuit has already rejected as a matter of law Argentina's defenses to liability under the straightforward provisions of the bylaws." (Letter at 2.) Yet Petersen ignores that the Second Circuit explicitly declined to reach Argentina's act of state defense precisely because it presented a "merits determination that turns on the facts," *Petersen*, 895 F.3d at 212, confirming that Argentina is not precluded from reasserting that defense on a more developed record. *See id.*; *see also de Csepel v. Republic of Hung.*, 169 F. Supp. 3d 143, 155-56 (D.C. Cir. 2016) (considering 12(b)(1) motion to dismiss "anew for a number of reasons," including "a far more robust factual record"). Notably, in this Court, Petersen objected to defenses that "raise[d] fact-specific questions that cannot be resolved on the pleadings." ECF No. 49 at 19 (citing *Gordon v. Softech Int'l, Inc.*, 2011 WL 1795300, at *2 (S.D.N.Y. Apr. 28, 2011) (defenses that "turn on facts outside the Complaint" will not be considered "on a motion to dismiss")).

Nothing in the Second Circuit's decision established or even addressed whether Petersen had stated a claim, much less whether it had any right to relief—issues that were not subject to appeal. In incorrectly asserting that the Second Circuit "held" that YPF's bylaws are a "contract governing the relationship among YPF, Argentina (in its capacity as a shareholder), and other YPF shareholders," (Letter at 2), Petersen cites a portion of the background section of the decision explicitly describing *the allegations in the complaint*. *See Petersen*, 895 F.3d at 199. The Court's passing reference to Petersen's allegation that YPF's bylaws "govern[ ] the relationship among" YPF shareholders is a far cry from a "definitive[ ]" finding that, as a matter of controlling Argentine law, YPF's bylaws constitute a contract between YPF shareholders, much less one that gives rise to directly enforceable contractual obligations between Petersen and Argentina as YPF shareholders. (Letter at 1.) That issue simply was not before the Court. Argentina's forthcoming statements of foreign law will demonstrate that, under Argentine law, YPF's bylaws do not create direct contractual obligations between shareholders, precluding Petersen's breach of contract claim. Nothing in the Second Circuit's decision is to the contrary.[1]

Nor did the Second Circuit anywhere determine that Argentina breached any binding contract or that Argentina is liable for anticipatory breach (which is not recognized under Argentine law). (Letter at 2.) To be sure, the Second Circuit adopted Petersen's contention, based on the limited record before it for purposes of its FSIA analysis on the dismissal motion, that [under the bylaws, Argentina's expropriation triggered an obligation to make a tender offer for the remainder of YPF's outstanding shares." *Petersen*, 895 F.3d at 206. But the Court never

---

[1] Petersen cites *Management Technologies, Inc. v. Morris*, 961 F. Supp. 640 (S.D.N.Y. 1997), to claim that "by-laws in substance are a contract between the corporation and its shareholders and among the shareholders." *Id.* at 646. But *Morris* was applying *New York law*, *see id.* at 650, which indisputably does not apply to Petersen's claims. Conceding the preliminary nature of the jurisdictional inquiry, Petersen even argued that this Court "need not decide at this stage of the case whether Argentine law or U.S. law applies to Plaintiffs' claims." (ECF No. 49 at 15 n.9.)

concluded that Argentina is liable for breach.  Indeed, without authority, Petersen misstates the elements of a breach of contract claim as limited to an enforceable contract and failure to perform.  (Letter at 1.)  Even though those elements have not been established under Argentine law, Petersen also ignores the vigorously contested "essential element" of causation—that is, whether the lack of a tender offer actually caused the losses alleged in the complaint—*Petersen*, 2016 WL 4735367, at *14 (citation omitted), which this Court held raised factual issues that could not be resolved on a motion to dismiss.  *Id.* at *15-16.

The Second Circuit had no occasion to consider Argentina's numerous substantive defenses to Petersen's claims, including the defenses Argentina has *yet* to plead in its forthcoming answer.  As Argentina will demonstrate in its answer, for instance, Petersen, a Spanish shell company formed and controlled by Argentine nationals, entered into a highly dubious set of evidently sham agreements to acquire its YPF shares by a self-dealing transaction that impermissibly used the promise of YPF's future dividends to enable Petersen to "purchase" its shares and "repay" Repsol.  Given the improper nature of these agreements, they are void *ab initio*, depriving Petersen of standing to sue.  Petersen also had an unusual complete indemnity from Repsol, which guaranteed the buyback of its shares and repayment of Petersen's loans if Repsol failed to own 50% of YPF or ensure the continuing distribution of the majority of YPF's profits as dividends.  Petersen inexplicably made no effort to enforce those agreements, further showing the sham nature of its arrangement and barring it from recovering from Argentina.

The Second Circuit also did not address the numerous dispositive legal grounds Argentina intends to assert in its proposed Rule 12(c) motion for judgment on the pleadings, including (i) Argentine courts' exclusive jurisdiction over Petersen's claims under Argentine law and the forum selection clause in YPF's prospectus; (ii) the doctrine of *forum non conveniens*; (iii) principles of international comity; (iv) the lack of direct contractual claims between shareholders based on corporate bylaws; (v) preemption under Argentine law; (vi) the Bylaws' exemption of controlling shareholders from tender offer requirements; (vii) the unavailability of monetary damages under the Bylaws; (viii) Petersen's lack of standing and inability to show causation because it was no longer a YPF shareholder when the alleged acts giving rise to its claims occurred; and (ix) the fact that anticipatory breach of contract and breach of the implied duty of good faith and fair dealing are not cognizable claims under Argentine law.  Argentina's motion—which can be decided as a matter of law and may obviate the need for further proceedings—should be adjudicated first, before any summary judgment motion.

Even if Argentina's Rule 12(c) motion were to be denied, it would be entitled to proceed with discovery.  Summary judgment should "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).  Petersen's frivolous, premature, and inefficient request to move for partial summary judgment—while evincing its fear of Argentina's dispositive defenses and revelation of Petersen's own culpable conduct through discovery—should be summarily denied.

                              Respectfully submitted,

                              /s/ Maura Barry Grinalds
                              Maura Barry Grinalds

cc: All counsel via ECF