UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U., | |
| Plaintiffs | No. 15 Civ. 02739 (LAP) |
| -against- | |
| Argentine Republic and YPF S.A., | |
| Defendants | |

ANSWER AND DEFENSES OF YPF S.A. TO PETERSEN ENERGÍA INVERSORA, S.A.U.
AND PETERSEN ENERGÍA, S.A.U.'S COMPLAINT

Defendant YPF S.A. (hereafter, "YPF") hereby answers the Complaint filed by Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. (collectively, "Plaintiffs" or "Petersen"), on April 8, 2015 (ECF No. 1) (the "Complaint"), and asserts its affirmative and other defenses.  Except as otherwise expressly set forth below, YPF denies each and every allegation contained in the Complaint, including, without limitation, the Table of Contents, headings, sub-headings, footnotes and non-numbered paragraphs contained in the Complaint. Unless otherwise stated, YPF uses the defined terms and phrases set forth in the Complaint.  In doing so, however, YPF does not admit that the definitions set forth in the Complaint are proper.

YPF answers only as to allegations directed at YPF.  YPF states that no response is required to the allegations regarding persons or entities other than YPF pursuant to Fed. R. Civ. P. 8(b)(1)(B).  To the extent that a response is required to such allegations, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than YPF.

YPF states that no response is required to allegations related to the Seventh and Eighth Causes of Action, which were dismissed pursuant to the Court's Opinion and Order dated September 9, 2016 (ECF No. 63) (the "Order").

Subject to the foregoing, YPF states as follows:

YPF denies the allegations in the introductory material in the unnumbered Paragraph on page 1 of the Complaint, except admits that Petersen purports to describe the nature of this action and the claims set forth in the Complaint.

1.     YPF denies the allegations in numbered Paragraph 1 of the Complaint, except admits that Plaintiffs purport to bring a civil action against YPF to challenge YPF's actions in connection with Argentina's expropriation of 51% of Class D shares of YPF.  YPF also admits that it is a publicly traded company, that it is registered with the SEC, that it trades on the NYSE and that YPF's ADSs are held by The Bank of New York Mellon as depositary.  To the extent numbered Paragraph 1 states conclusions or characterizations of law, no response is required. Similarly, allegations in numbered Paragraph 1 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

2.      YPF denies the allegations in numbered Paragraph 2 of the Complaint, except admits that Argentina initiated an IPO of Class D shares of YPF in 1993 and that those shares were registered with the SEC and listed on the NYSE.  YPF respectfully refers the Court to YPF's U.S. IPO Prospectus and bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 2 states conclusions or characterizations of law, no response is required.  Similarly, allegations in numbered Paragraph 2 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

3.      YPF denies the allegations in numbered Paragraph 3 of the Complaint, except admits that Argentina expropriated 51% of Class D shares of YPF and that Deputy Economy Minister Axel Kicilloff was appointed vice-intervenor of YPF on April 16, 2012.  YPF respectfully refers the Court to the U.S. IPO Prospectus and YPF's bylaws for a full and complete reading of their content.   To the extent Paragraph 3 states conclusions or characterizations of law, no response is required.  Similarly, allegations in numbered Paragraph 3 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

4.      YPF denies the allegations in numbered Paragraph 4 of the Complaint, except respectfully refers the Court to YPF's SEC filings for a full and complete reading of their content.  YPF further admits that Petersen is a former YPF shareholder.  To the extent Paragraph 4 states conclusions or characterizations of law, no response is required.  Similarly, allegations in numbered Paragraph 4 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

5.      YPF denies the allegations in numbered Paragraph 5 of the Complaint.  To the extent Paragraph 5 of the Complaint states conclusions or characterizations of law, no response is required.  Similarly, allegations in numbered Paragraph 5 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

6.      YPF denies the allegations in numbered Paragraph 6 of the Complaint, except admits that Plaintiffs are Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U., that Petersen acquired YPF shares in 2008 through a series of loan agreements and that in 2012 creditors foreclosed on Petersen's YPF shares.   YPF further states that the relevant loan agreements contained an arrangement by which Petersen secured for itself the benefit of being able to service the interest and principal on its loans by causing YPF to make dividend payments associated with the acquired stock.   YPF respectfully directs the Court to the relevant loan agreements for a full and complete reading of their content.   To the extent Paragraph 6 of the Complaint states conclusions or characterizations of law, no response is required.   Similarly, allegations in numbered Paragraph 6 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

7.      YPF denies the allegations in numbered Paragraph 7 of the Complaint, except admits that Argentina is a foreign state, that Argentina is a defendant in this action, that it initiated an IPO in 1993 and that it remained a YPF Class A shareholder after the 1993 IPO.   To the extent numbered paragraph 7 of the Complaint states conclusions or characterizations of law, no response is required.   Similarly, allegations in numbered Paragraph 7 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

8.      YPF denies the allegations in numbered Paragraph 8 of the Complaint, except admits that YPF is a publicly held company organized under the laws of Argentina, that YPF was state-owned prior to 1993, that Argentina initiated an IPO in 1993, that YPF shares trade on the NYSE and that Argentina currently owns a majority stake in YPF.   To the extent numbered Paragraph 8 of the Complaint states conclusions or characterizations of law, no response is required.

9.      Because numbered Paragraph 9 of the Complaint only states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 9.

10.     Because numbered Paragraph 10 of the Complaint only states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 10.

11.     YPF denies the allegations in numbered Paragraph 11 of the Complaint, except admits that YPF was a state-owned enterprise until 1993.  YPF respectfully refers the Court to YPF's U.S. IPO Prospectus for a full and complete reading of its content.  To the extent numbered Paragraph 11 states conclusions or characterizations of law, no response is required.  Similarly, allegations in numbered Paragraph 11 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

12.     YPF denies the allegations in numbered Paragraph 12 of the Complaint, except admits that in 1993 Argentina launched an IPO of YPF's Class D shares.  YPF respectfully refers the Court to YPF's U.S. IPO Prospectus for a full and complete reading of its content.  Similarly, allegations in numbered Paragraph 12 of the Complaint not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

13.     YPF denies the allegations in numbered Paragraph 13 of the Complaint, except admits that Argentina launched an IPO of YPF's Class D shares on June 24, 1993, and that YPF's ADSs were listed on the NYSE.  YPF respectfully refers the Court to YPF's U.S. IPO Prospectus for a full and complete reading of its content.  To the extent numbered Paragraph 13 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 13.

14.     YPF denies the allegations in numbered Paragraph 14 of the Complaint, except admits that YPF's ADRs are issued by The Bank of New York Mellon, a New York banking corporation, pursuant to a Deposit Agreement governed by New York law and that YPF's ADSs

are held by The Bank of New York Mellon as depositary.  YPF respectfully refers the Court to YPF's SEC Registration Statement for a full and complete reading of its content.  To the extent numbered Paragraph 14 states conclusions or characterizations of law, no response is required.  Additionally, allegations in this Paragraph not related to YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

15.      YPF denies the allegations in numbered Paragraph 15, except respectfully refers the Court to YPF's U.S. IPO Prospectus for a full and complete reading of its content.  To the extent numbered Paragraph 15 states conclusions or characterizations of law, no response is required.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

16.      YPF denies the allegations in numbered Paragraph 16 of the Complaint, except admits that YPF's bylaws were amended in 1993.  YPF respectfully refers the Court to its bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 16 states conclusions or characterizations of law, no response is required.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

17.      YPF denies the allegations in numbered Paragraph 17 of the Complaint, except admits that Petersen purchased Class D shares of YPF through a public tender offer.  YPF respectfully refers the Court to its bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 17 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 17.

18.      YPF denies the allegations in numbered Paragraph 18 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 18 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 18.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to

the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

19.     YPF denies the allegations in numbered Paragraph 19 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 19 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 19.

20.     YPF denies the allegations in numbered Paragraph 20 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 20 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 20.

21.     YPF denies the allegations in numbered Paragraph 21 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 21 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 21.

22.     YPF denies the allegations in numbered Paragraph 22, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 22 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 22.

23.     YPF denies the allegations in numbered Paragraph 23, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 23 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 23.

24.     YPF denies the allegations in numbered Paragraph 24 of the Complaint, except respectfully refers the Court to YPF's bylaws and U.S. IPO Prospectus for a full and complete reading of their content.   To the extent numbered Paragraph 24 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 24.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is

without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

25.     YPF denies the allegations in numbered paragraph 25 of the Complaint, except admits that YPF has incorporated its bylaws in its SEC Form 20-F and respectfully refers the Court to said form for a full and complete reading of its content.  YPF further admits that it has filed its Form 20-F in accordance with SEC regulations.  To the extent numbered Paragraph 25 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 25.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

26.     YPF denies the allegations in numbered Paragraph 26 of the Complaint, except admits that Argentina remained a YPF Class A shareholder after 1993.  YPF respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 26 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 26.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

27.     YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

28.     YPF denies the allegations in numbered Paragraph 28 of the Complaint, except admits that between 2008 and 2011 Petersen purchased Class D shares of YPF and that Petersen initiated a public offering as a YPF shareholder.  To the extent numbered Paragraph 28 states conclusions or characterizations of law, no response is required.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

29.      YPF denies the allegations in numbered Paragraph 29 of the Complaint.  To the extent it states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 29.

30.      YPF denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, except admits that between 2008 and 2011 Petersen purchased Class D shares of YPF.  YPF further states that, pursuant to a private agreement between them, Repsol and Petersen as majority shareholders caused (1) YPF to distribute dividends twice per year consisting of the vast majority of YPF's profit in order for Petersen to be able to pay its debt and interest obligations to Repsol and (2) YPF to declare an "extraordinary dividend" of $850,000,000 in order for Petersen to be able to pay its debt and interest obligations to Repsol. YPF respectfully refers the Court to any such relevant agreements for a full and complete reading of their content.  YPF respectfully refers the Court to YPF's Form 20-F for a full and complete reading of its content.  To the extent it states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 30.

31.      YPF denies the allegations in numbered Paragraph 31, except admits that, pursuant to a private agreement between Repsol and Petersen, YPF made dividend payments between 2008 and 2012.  YPF respectfully refers the Court to YPF's Shareholder's Agreement for a full and complete reading of its content.  To the extent Paragraph 31 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 31. Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

32.      YPF denies the allegations in Paragraph 32, except admits that Argentina expropriated 51% of YPF's shares in 2012.  To the extent Paragraph 32 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 32.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is

without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

33.     YPF denies the allegations in Paragraph 33, except admits that the price of YPF's ADRs fluctuated in 2012 and respectfully refers the Court to YPF's price data for a full and complete reading of such price fluctuations.  YPF further admits that Moody's downgraded YPF in April 2012, and that Argentina formally announced the nationalization of YPF on April 16, 2012.  YPF respectfully refers the Court to the cited Página 12 article for a full and complete reading of its content.

34.     YPF denies the allegations in Paragraph 34, except admits that YPF's share prices fluctuated in 2012 and respectfully refers the Court to YPF's price data for a full and complete reading of such price fluctuations.   To the extent Paragraph 34 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 34.  Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

35.     YPF denies the allegations in Paragraph 35, except admits that on April 16, 2012, Argentina announced that it would expropriate a 51% interest in YPF.  YPF respectfully refers to Expropriation Law 26,741 and Decree 530/12 for a full and complete reading of their content. YPF further admits that Decree 530/12 appointed Julio Miguel de Vido as the Intervenor of YPF. To the extent Paragraph 35 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 35. Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

36.     YPF denies the allegations in Paragraph 36, except admits that in 2012 the Argentine government expropriated 51% of YPF's Class D shares and subsequently replaced and removed YPF's management and board.  YPF further admits that Decree 530/12 appointed Julio Miguel de Vido as the Intervenor of YPF.  YPF respectfully refers the Court to Executive Decree 530/12 for a full and complete reading of its content.   To the extent Paragraph 36 states

conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 36. Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

37. YPF denies the allegations in Paragraph 37, except admits that the NYSE suspended trading of YPF's ADRs on April 17, 2012, and trading resumed on April 18, 2012. YPF further admits that its share prices fluctuated in 2012 and respectfully refers the Court to YPF's price data for a full and complete reading of such price fluctuations. To the extent Paragraph 37 states conclusions or characterizations of law, no response is required.

38. YPF denies the allegations in Paragraph 38, except admits that Executive Decree 532/2012 appointed Axel Kicillof to the position of Subintervenor of YPF S.A. YPF respectfully refers the Court to the April 17, 2012 Kicillof statement to the Argentine Congress for a full and complete reading of its content. To the extent Paragraph 38 states conclusions or characterizations of law, no response is required.

39. YPF denies the allegations in Paragraph 39, except admits that the Intervenor, pursuant to the powers conferred on him by Executive Decree 530/12, postponed YPF's Ordinary General Shareholders' Meeting that was originally called for April 25, 2012. YPF further admits that it made a dividend payment in November 2012. To the extent Paragraph 39 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 39. Additionally, allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

40. YPF denies the allegations in Paragraph 40, except respectfully refers the Court to Expropriation Law 26,741 and Law 21,499 for a full and complete reading of their content. YPF further respectfully refers the Court to the April 17, 2012 Kicillof statement to the Argentine Congress for a full and complete reading of its content. To the extent Paragraph 40 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 40. Additionally, allegations in this Paragraph

not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

41.     Because Paragraph 41 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 41 of the Complaint, except respectfully refers the Court to YPF's bylaws and U.S. IPO Prospectus for a full and complete reading of their content.

42.     Because Paragraph 42 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations set forth in Paragraph 42.

43.     YPF denies the allegations in Paragraph 43, except admits that Argentina acquired control of YPF in 2012 and that YPF's share price has fluctuated in 2012.  YPF respectfully refers the Court to YPF's price data for a full and complete reading of such price fluctuations. To the extent Paragraph 43 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 43.

44.     Because Paragraph 44 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 44, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.

45.     YPF denies the allegations of unlawful conduct by YPF in Paragraph 45.  YPF further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties, except admits that Petersen ceased to be a YPF shareholder in 2012.  To the extent Paragraph 45 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 45.

46.     YPF denies the allegations of breach by YPF in numbered Paragraph 46 of the Complaint.  YPF further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties, except admits that Petersen filed for bankruptcy in Spain and respectfully refers the Court to those bankruptcy filings for a full

and complete reading of their content.  YPF respectfully refers the Court to the liquidation plan for a full and complete reading of its content.  To the extent Paragraph 46 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 46.

47.      YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties and denies the allegations of misconduct by YPF in numbered Paragraph 47 of the Complaint.  To the extent Paragraph 47 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 47.

48.      YPF denies the allegations in Paragraph 48, except admits that Repsol and Texas Yale Corp. filed a class action complaint against Argentina in 2012 and respectfully refers the Court to the complaint in that suit for a full and complete reading of its content.  YPF further admits that Repsol and Argentina entered into a settlement agreement in 2014 and that pursuant to the terms of that agreement, Repsol agreed to discontinue Repsol YPF, S.A. v. Republic of Argentina, No. 12-CV-3877 (TPG) (S.D.N.Y. 2012) with prejudice.  To the extent Paragraph 48 states conclusions or characterizations of law, no response is required.

49.      Because Paragraph 49 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 49.

50.      YPF repeats and incorporates herein the responses to numbered paragraphs 1 through 49 above.

51.      YPF denies the allegations in numbered Paragraph 51 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent numbered Paragraph 51 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 51.

52.      Because numbered Paragraph 52 of the Complaint states conclusions or characterizations of law, no response is required.  To the extent numbered Paragraph 52 requires a response, YPF denies the allegations, except admits that Argentina is a YPF shareholder.  YPF respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.

53.      Because Paragraph 53 of the Complaint states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 53, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.

54.      Because Paragraph 54 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 54.

55.      YPF repeats and incorporates herein the responses to numbered paragraphs 1 through 54 above.

56.      YPF denies the allegations in numbered Paragraph 56 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent it states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 56.

57.      Because numbered Paragraph 57 of the Complaint states conclusions or characterizations of law, no response is required.  To the extent numbered Paragraph 57 requires a response, YPF denies the allegations, except admits that Argentina is a YPF shareholder.  YPF respectfully refers the Court to its bylaws for a full and complete reading of their content.

58.      Because Paragraph 58 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 58.

59.      Because Paragraph 59 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 59.

60.      YPF repeats and incorporates herein the responses to numbered paragraphs 1 through 59 above.

61.      Because numbered Paragraph 61 of the Complaint states conclusions or characterizations of law, no response is required.  To the extent Paragraph 61 requires a response, YPF denies the allegations in numbered Paragraph 61 of the Complaint.

62.     Because Paragraph 62 of the Complaint states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 62.

63.     Because Paragraph 63 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 63.

64.     YPF repeats and incorporates herein the responses to numbered paragraphs 1 through 63 above.

65.     YPF denies the allegations in numbered Paragraph 65 of the Complaint, except respectfully refers the Court to YPF's bylaws and IPO Prospectus for a full and complete reading of their content.  To the extent Paragraph 65 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 65.  Moreover, allegations in this Paragraph not directed at YPF do not require an response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.  YPF further states that no response is required to allegations related to claims dismissed pursuant to the Order.

66.     Because the allegations in Paragraph 66 are not directed at YPF, they do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.  Furthermore, to the extent Paragraph 66 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 66.  YPF further states that no response is required to allegations related to claims dismissed pursuant to the Order.

67.     Because Paragraph 67 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.  YPF further states that no response is required to allegations related to claims dismissed pursuant to the Order.

68.     YPF repeats and incorporates herein the responses to numbered paragraphs 1 through 67 above.

69.     YPF denies the allegations in numbered Paragraph 69 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content. To the extent Paragraph 69 states conclusions or characterizations of law, no response is required.

70.     Because numbered Paragraph 70 of the Complaint states conclusions or characterizations of law, no response is required. To the extent Paragraph 70 requires a response, YPF denies the allegations, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.

71.     YPF denies the allegations in numbered paragraph 71 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content. To the extent Paragraph 71 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 71.

72.     Because Paragraph 72 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 72.

73.     YPF repeats and incorporates herein the responses to numbered paragraphs 1 through 72 above.

74.     YPF denies the allegations in numbered Paragraph 74 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content. To the extent Paragraph 74 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 74.

75.     Because numbered Paragraph 75 of the Complaint states conclusions or characterizations of law, no response is required. To the extent numbered Paragraph 75 requires a response, YPF denies the allegations, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.

76.     YPF denies the allegations in numbered Paragraph 76 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content. To

the extent Paragraph 76 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 76.

77.     Because Paragraph 77 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.

78.     YPF repeats and incorporates herein the responses to numbered paragraphs 1 through 77 above.

79.     Because numbered Paragraph 79 of the Complaint states conclusions or characterizations of law, no response is required.  To the extent Paragraph 79 requires a response, YPF denies the allegations, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  YPF states that no response is required to allegations related to claims dismissed pursuant to the Order.

80.     YPF denies the allegations in numbered Paragraph 80 of the Complaint, except respectfully refers the Court to YPF's bylaws for a full and complete reading of their content.  To the extent Paragraph 80 states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 80.  YPF states that allegations in this Paragraph not directed at YPF do not require a response, and to the extent a response is required, YPF states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations directed at other parties.  YPF further states that no response is required to allegations related to claims dismissed pursuant to the Order.

81.     YPF denies the allegations in numbered Paragraph 81 of the Complaint.  To the extent it states conclusions or characterizations of law, no response is required. To the extent a response is required, YPF denies the allegations in Paragraph 81.  YPF further states that no response is required to allegations related to claims dismissed pursuant to the Order.

82.     YPF repeats and incorporates herein the responses to numbered paragraphs 1 through 81 above.

83.     YPF denies the allegations in numbered Paragraph 83 of the Complaint, except respectfully refers the Court to YPF's bylaws and U.S. IPO Prospectus for a full and complete

reading of their content.  YPF also admits that it has filed its bylaws with the SEC and respectfully refers the Court to YPF's SEC filings for a full and complete reading of those documents.  To the extent Paragraph 83 states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 83.  YPF further states that no response is required to allegations related to claims dismissed pursuant to the Order.

84.      YPF denies the allegations in numbered Paragraph 84 of the Complaint.  To the extent it states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 84.  YPF further states that no response is required to allegations related to claims dismissed pursuant to the Order.

85.      YPF denies the allegations in numbered Paragraph 85 of the Complaint.  To the extent it states conclusions or characterizations of law, no response is required.  To the extent a response is required, YPF denies the allegations in Paragraph 85.  YPF further states that no response is required to allegations related to claims dismissed pursuant to the Order.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant YPF asserts the following affirmative and other defenses.  In asserting these defenses, YPF does not assume the burden of proof with respect to any issues as to which applicable law places the burden of proof upon Plaintiff.

**FIRST DEFENSE**

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are non-justiciable under the Act of State doctrine and therefore are barred.

**THIRD DEFENSE**

Plaintiffs' claims are barred by the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602-1611.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of repose and/or statutes of limitation, including, but not limited to, the three-month statute of

limitations governing decisions made at shareholders' meetings pursuant to Argentine corporate law, or are otherwise barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs, some or each of them, lack standing to pursue any of the claims in the Complaint because, among other reasons, as a result of defaulting on their loan agreements with Repsol and financial institutions, Plaintiffs did not have legal title or any rights to the YPF shares at the time of the alleged breach and therefore did not suffer any injury-in-fact.

### SIXTH DEFENSE

Plaintiffs' claims of nonperformance by YPF are barred, in whole or in part, because any alleged nonperformance is excused by the doctrine of impossibility and/or *force majeure*.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, or the damages they seek are not recoverable, in whole or in part, pursuant to the doctrine of assumption of risk because Plaintiffs knew or should have known the risks associated with their ownership of YPF shares, as well as the possibility that Argentina may exercise its sovereign rights of expropriation.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the damages or losses Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than YPF.  To the extent Plaintiffs did suffer damages or losses, these damages or losses are attributable to intervening or superseding cause, including, but not limited to, sovereign acts that include the expropriation law, intervention decrees and the subsequent acts of the Intervenor and Argentine National Securities Exchange Commission pursuant to those public laws, and are not recoverable in connection with the claims asserted.

### NINTH DEFENSE

Plaintiffs failed to minimize or eliminate their claimed damages by choosing to forgo a complete indemnity to which they were entitled by virtue of a shareholder agreement with Repsol.  Thus, to the extent that Plaintiffs have failed to act reasonably to mitigate, minimize or avoid any alleged damages, any recovery must be reduced in whole or in part.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable estoppel and/or waiver.

### ELEVENTH DEFENSE

The Executive Communication accompanying the proposed Expropriation Law noted simultaneous decreases in YPF's production and reserves, which caused Argentina to experience a negative energy trade balance.  It also noted declines in YPF's hydrocarbon supply and the number of exploratory wells drilled by YPF.  As controlling shareholders of YPF due to their agreement with Repsol, Plaintiffs contributed to these circumstances, which led to the enactment of the Expropriation Law and its consequences, about which they now complain.  Therefore, Plaintiffs engaged in inequitable conduct and are bringing their claims in bad faith.  Plaintiffs' claims are thus barred, in whole or in part, by the doctrine of unclean hands.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms, disclaimers, and disclosures contained in the Prospectus including, but not limited to, the binding forum selection clause requiring them to litigate this case in Argentina.

### THIRTEENTH DEFENSE

As reported in the Argentine press over many years, on information and belief, the Eskenazi family financed their purchase of YPF shares through fraud and public corruption.  As a result, Plaintiffs initially acquired the shares at issue by way of a contract that was knowingly formed as a result of fraud.  Thus, under Argentine law, the contract is void *ab initio* and/or Plaintiffs are barred from receiving any benefits associated with ownership of the YPF shares at issue.  For this and other reasons, Plaintiffs' claims are barred, in whole or in part, by Argentine law.

### FOURTEENTH DEFENSE

The proper forum for this suit is Argentina, therefore, this action should be dismissed pursuant to the doctrine of *forum non conveniens*.

### FIFTEENTH DEFENSE

Plaintiffs are precluded from suing Argentina in this Court because under controlling Argentine law, disputes arising out of the bylaws of an Argentine corporation must be brought in the jurisdiction where the corporation maintains its registered office.  YPF is incorporated and has its registered office in the City of Buenos Aires, Argentina.  Argentine law provides for exclusive jurisdiction over intra-corporate disputes in the place of the company's

registered office.  As a result, the City of Buenos Aires is the exclusive forum for the disputes at issue here.

## SIXTEENTH DEFENSE

YPF hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent YPF may share in such defense.

## SEVENTEENTH DEFENSE

YPF reserves the right to raise any additional defenses not asserted herein of which it becomes aware through discovery or other investigation.

## PRAYER FOR RELIEF

WHEREFORE, YPF respectfully requests that the Court (1) dismiss Plaintiffs' claims against YPF in their entirety and with prejudice; (2) award YPF the costs, disbursements and attorneys' fees incurred by them in defending this action, to the extent authorized by law; and (3) grant such other and further relief as it may deem just and proper.


Dated:          July 8, 2019


                              /s/ Michael A. Paskin
                              Michael A. Paskin
                              Damaris Hernández
                              CRAVATH, SWAINE & MOORE LLP
                                 Worldwide Plaza, 825 Eighth Avenue
                                 New York, New York 10019
                                 Phone:  (212) 474-1000
                                 Fax:  (212) 474-3700
                                 mpaskin@cravath.com
                                 dhernandez@cravath.com

                              *Attorneys for YPF S.A.*