UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U., <br><br>    Plaintiffs, <br><br> - against - <br><br>ARGENTINE REPUBLIC and YPF S.A., <br><br>    Defendants. | Case Nos. <br><br>1:15-cv-02739-LAP <br>1:16-cv-08569-LAP |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P., <br><br>    Plaintiffs, <br><br> - against - <br><br>ARGENTINE REPUBLIC and YPF S.A., <br><br>    Defendants. | |

**DECLARATION OF ARMANDO BETANCOR ÁLAMO**

Pursuant to 28 U.S.C. § 1746, I, Armando Betancor Álamo, declare as follows:

1. I am a lawyer residing in Madrid, Spain. I am the receiver for the bankruptcy estates of plaintiffs Petersen Energía Inversora S.A.U. and Petersen Energía S.A.U. (the "*Petersen* plaintiffs"). I was appointed to the receiver position by the Mercantile Court Number 3, in Madrid, Spain, in cases nos. 523/2012 and 405/2012. I make this declaration based on personal knowledge unless otherwise specified.

2. My charge as the *Petersen* plaintiffs' receiver is to administer their estates and the claims of their creditors in accordance with the court-approved liquidation plan. Pursuant to that plan, the *Petersen* plaintiffs entered into a claim prosecution agreement with Prospect (a subsidiary of Burford) in March 2015 in order to press this case in an attempt to secure a monetary recovery for the estates and their creditors. In addition, as the receiver, I have knowledge of and access to important legal and financial details of the estates that is directly relevant to litigation decision-making. In that capacity, I have remained closely involved in the *Petersen*'s plaintiffs' prosecution of this case, including attending hearings and participating in strategy discussions.

3. On February 27, 2019, Argentina and YPF commenced proceedings in two separate Spanish civil courts (the "Spanish proceedings") against the *Petersen* plaintiffs and Prospect in a second (and belated) attempt to challenge the agreement, executed in accordance with the liquidation plan, by which Burford is funding this lawsuit in the Southern District of New York. More specifically, Argentina and YPF have argued that the claim prosecution agreement is a "simulated" agreement intended to deprive Argentina and YPF of the right to purchase the claims that the *Petersen* plaintiffs are pursuing. Those two Spanish civil courts rejected Argentina and YPF's efforts to circumvent proceedings before the bankruptcy court,

1

which had authorized the *Petersen* plaintiffs' litigation financing.  Argentina and YPF have appealed those decisions.

4.      I recently learned that, in addition to that lawsuit, a criminal investigation open in Argentina under the direction of an Argentine federal judge has been expanded to include an investigation of the *Petersen* plaintiffs, their original owners, their litigation funder, and me personally as the receiver.  I understand that the investigation includes allegations that the claim prosecution agreement I executed with Burford was fraudulent and that criminal charges of public administration fraud are being considered against me, the *Petersen* plaintiffs, Burford, and others.

5.      I learned of the criminal investigation when the federal judge directing it authorized the transmission of a letter rogatory, dated February 12, 2019, to the Spanish bankruptcy court where the *Petersen* plaintiffs' bankruptcy proceedings are taking place.  That letter was received by Spanish authorities in early September 2019 and I was served with it on November 7, 2019.  That letter rogatory contains, among other things, a request for information concerning the claim prosecution agreement, its execution, and a list of criminal statutes purportedly relevant to the alleged conduct under investigation.  A true and correct copy of that letter rogatory is attached as Exhibit A to this declaration.

6.      On November 29, 2019, I objected to the Spanish bankruptcy court's compliance with the Argentine letter rogatory.  My brief to that court explains that enabling the government to pursue a litigation-motivated investigation of me endangers me and my ability to discharge my obligations as the *Petersen* plaintiffs' receiver.

7.      Worse, as my brief explains, I have reason to believe that the scope of that investigation has now grown beyond what is described in the letter rogatory.  On November 29,

2019, I informed the bankruptcy court that a new "denuncia" had been filed in the same investigation described in the Argentine letter rogatory.  That denuncia, dated March 1, 2019, raises specific criminal allegations concerning the long-ago court-approved claim prosecution agreement between the *Petersen* plaintiffs and Burford.  A true and correct copy of my submission to the bankruptcy court is attached as Exhibit B to this declaration.  That submission contains a true and correct copy of the denuncia.

8.     I also informed the bankruptcy court that, as part of the investigation, an Argentine Public Prosecutor has analyzed the allegations in the recent denuncia and concluded those allegations fall within the scope of the ongoing criminal investigation that was the subject of the letter rogatory.  A true and correct copy of the Public Prosecutor's opinion is included in my submission to the bankruptcy court (which is attached as Exhibit B to this declaration).

9.     I do not feel safe traveling to Argentina under these circumstances.  I have so far refused to do so out of a sincere fear for my safety and liberty as a result of this apparently litigation-motivated criminal investigation.  My counsel has confirmed the significant risks associated with this criminal investigation and has counseled me to continue to avoid travel to Argentina.  If the *Petersen* plaintiffs are forced to litigate this case in Argentina, I will be unable to attend proceedings in person and unable to participate in the litigation to the extent I have so far.  That outcome would put the *Petersen* plaintiffs at a significant disadvantage, given the role I have maintained in the litigation so far.

10.    Finally, pursuant to my duties under Spanish law, I will share the content of this declaration with the Spanish bankruptcy court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 4, 2019

_____
Armando Betancor Álamo