UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U.,<br><br>    Plaintiffs,<br><br> - against -<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>    Defendants. | Case Nos.<br><br>1:15-cv-02739-LAP<br>1:16-cv-08569-LAP |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P.,<br><br>    Plaintiffs,<br><br> - against -<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>    Defendants. | |

**<u>DECLARATION OF MARCY ENGEL</u>**

**DECLARATION OF MARCY ENGEL**

Pursuant to 28 U.S.C. § 1746, I, Marcy Engel, declare as follows:

1.  I am a partner of Eton Park Capital Management, L.P. and served as Eton Park's Chief Operating Officer and General Counsel during the events relevant to this case. I make this declaration based on personal knowledge unless otherwise specified.

2.  On November 3, 2016, Plaintiffs Eton Park Capital Management, L.P. ("Eton Park Capital Management"), Eton Park Master Fund, Ltd. ("Eton Park Master Fund"), and Eton Park Fund, L.P. ("Eton Park Fund") (collectively, "Eton Park" or "Plaintiffs") filed a complaint against the Argentine Republic ("Argentina") and YPF S.A. ("YPF") alleging breach of contract and other claims arising from the breach of YPF's bylaws ("Complaint"). Those claims arise out of Eton Park's ownership of American Depository Shares ("ADSs"), which are traded on the New York Stock Exchange ("NYSE"), in an amount representing approximately 11.95 million Class D shares of YPF. To list on the NYSE, YPF entered into a depository agreement with the Bank of New York Mellon. Based on information and belief, that agreement still remains in force for these ADSs, YPF maintains the listing on the NYSE, and it submits required filings under the Securities Exchange Act of 1934. Eton Park purchased these shares through a series of transactions between November 2010 and March 2012.

3.  I understand that Argentina and YPF have now filed a motion to dismiss Eton Park's claims (and those of the "Petersen" plaintiffs) based on the doctrine of *forum non conveniens*. I submit this declaration in connection with Plaintiffs' consolidated opposition to that motion.

4.  Eton Park Capital Management has a strong interest in having its claims adjudicated in the United States District Court for the Southern District of New York. It filed

1

this suit in this Court because it is its home forum: at the time of the relevant events, at the time of the Complaint, and still today, Eton Park Capital Management's principal place of business is New York City.

5. Plaintiff Eton Park Capital Management was established in 2004. At the time of the events at issue in this litigation, and at the time of the Complaint, it was an investment firm registered with the Securities and Exchange Commission ("SEC") as an investment adviser and headquartered in New York, New York.

6. Until the spring of 2017, Eton Park Capital Management made investments on behalf of Eton Park Master Fund and Eton Park Fund, pursuant to investment management agreements, in exchange for an investment management fee. These investments included the acquisition of the YPF shares at issue in this case. Eton Park Capital Management traders, located in New York, executed the purchases of the YPF shares.

7. Plaintiff Eton Park Master Fund, Ltd. is a Cayman Islands exempted company with its registered address at c/o PricewaterhouseCoopers Corporate Finance & Recovery (Cayman) Limited, PO Box 258, 18 Forum Lane, Camana Bay, Grand Cayman KY1-1104, Cayman Islands. Plaintiff Eton Park Fund, L.P. is a Delaware limited partnership with its registered address at c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904. At the relevant times of these purchases, the funds had investment advisory agreements with Eton Park Capital Management pursuant to which Eton Park Capital Management made the investment decisions for the funds.

8. In the spring of 2017, Eton Park Capital Management began winding down its operations and returning capital of the funds under management to investors. That process has

not been completed, however, and Eton Park Capital Management does not contemplate that the wind down will be completed until after this case is resolved.

9. The only remaining individuals still involved in the Eton Park Capital Management business are Eric Mindich and myself. We are both New York residents.

10. Eton Park would face severe obstacles to its ability to vindicate its rights if this suit were dismissed and transferred to an Argentine court. Eton Park has zero connections to Argentina. It has never maintained offices in Argentina. No relevant former Eton Park employees live in Argentina and thus none of them could be compelled to participate in litigation there.

11. Moreover, Eton Park made no investment decisions in Argentina and instead accessed the ADSs, which are traded on the NYSE, where YPF had listed them to benefit themselves and to obtain better liquidity and access to the United States' capital markets. Eton Park Capital Management never anticipated that it would be required to litigate in Argentina against a major company solely by reason of having so accessed the ADSs, which were publicly traded in the United States.

12. Given the difficulties of traveling to Argentina, and the concerns that have been expressed by the Court and others about Plaintiffs' safety and security in that country, it is highly improbable that Eton Park would be able to persuade any pertinent witness to participate voluntarily in litigation in an Argentine court.

13. Because Eton Park Capital Management has wound down operations, those who were involved in these transactions are no longer employees, and thus Eton Park Capital Management has no ability to compel these individuals to travel to Argentina to testify.

Additionally, these witnesses would have to pay out of pocket to travel to Argentina to testify, which would pose an enormous expense.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this __6__ th day of __December__ 2019 in __New York__, New York.

_Marcy E__
Marcy Engel