**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
PETERSEN ENERGÍA INVERSORA,
S.A.U. and PETERSEN ENERGÍA, S.A.U.,

         Plaintiffs,

         v.

ARGENTINE REPUBLIC and YPF S.A.,

         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.:  1:15-CV-02739 (LAP)

**Letter of Request for International**
**Judicial Assistance**
**(Letter Rogatory)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
ETON PARK CAPITAL MANAGEMENT,
L.P., ETON PARK MASTER FUND, LTD.,
ETON PARK FUND, L.P.,

         Plaintiffs,

         v.

ARGENTINE REPUBLIC and YPF S.A.,

         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.:  1:16-CV-08569 (LAP)

**Letter of Request for International**
**Judicial Assistance**
**(Letter Rogatory)**

## INTRODUCTION

The United States District Court for the Southern District of New York presents its
compliments to the Argentine Ministry of Foreign Affairs, International Trade and Worship and
the appropriate judicial authority of Argentina and requests international judicial assistance to
obtain evidence to be used in a civil proceeding before this Court in the above-captioned actions.

The United States District Court for the Southern District of New York is the
competent court of law and equity over the above-captioned actions and has jurisdiction under 28
U.S.C. §§ 1330 and 1367.  This Court is authorized to request the production of documents abroad
by letters of request under 28 U.S.C. § 1781(b)(2) and Chapter I of the Hague Convention on the

Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 23 U.S.T. 2555, T.I.A.S. 7444.  This Court may grant reciprocal assistance by the enforcement of letters of request from the Argentine courts pursuant to its authority under 28 U.S.C. § 1782.

### ASSISTANCE REQUESTED

This Court requests the assistance described herein as necessary in the interests of justice.  Specifically, this Court requests that the appropriate judicial authority of Argentina compel Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey to produce documents as described in Exhibit A.

### IDENTIFYING INFORMATION OF PARTIES AND THEIR REPRESENTATIVES

The addresses of the parties to this proceeding and their representatives are as follows:

| Party | Representatives |
|---|---|
| Defendant Argentine Republic | Robert J. Giuffra, Jr.<br>Sergio J. Galvis<br>Joseph E. Neuhaus<br>Thomas C. White<br>Elizabeth A. Cassady<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br><br>Attorneys of<br>Procuración del Tesoro de la Nación<br>Posadas 1641<br>C11121 ADC Buenos Aires<br>República Argentina |
| Defendant YPF S.A. | Michael A. Paskin<br>Damaris Hernández<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br><br>Osvaldo César Guglielmino<br>Guglielmino Derecho Internacional<br>Cerrito 1320, Piso 11<br>C1010ABB Buenos Aires<br>República Argentina<br>Telephone: (54) 11-4811-2612 |
| Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. | Mark C. Hansen<br>Derek T. Ho<br>Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>Telephone: (202) 326-7900<br>Facsimile: (202) 326-7999 |

|  | Israel Dahan<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 556-2114<br>Facsimile: (212) 556-2222<br><br>Reginald R. Smith<br>King & Spalding LLP<br>1100 Louisiana Street, Suite 4000<br>Houston, TX 77002<br>Telephone: (713) 751-3200<br>Facsimile: (713) 751-3290 |
|---|---|

The addresses of the persons from whom documents are being requested are as follows:

Enrique Eskenazi
DNI 3.171.746
Fecha de nacimiento: 04/08/1925
Nacionalidad: Argentina
Domicilio (Boletin Oficial): Av. Cnel. Díaz 2748, piso 7, CABA
Last-known address: Av. Cnel. Díaz 2748, piso 7, CABA

Sebastián Eskenazi
DNI 16.764.074
Fecha de nacimiento: 20/08/1963
Nacionalidad: Argentina
Domicilio (Boletin Oficial): Malasia 850, CABA
Last-known address: Av. Cnel. Díaz 2748, piso 7, CABA

Matías Eskenazi Storey
DNI 20.383.823
Fecha de nacimiento: 25/05/1968
Nacionalidad: Argentina
Domicilio (Boletin Oficial): Coronel Díaz 2748, piso 11, CABA
Last-known address: José C. Paz 1233, Acassuso, Pcia. de Bs.As.

Ezequiel Eskenazi Storey
DNI 14.156.036
Fecha de nacimiento: 30/08/1960
Nacionalidad: Argentina
Domicilio (Boletin Oficial): Av. Libertador 2712, piso 2, CABA
Last-known address: Av. Libertador 2732, piso 2, CABA

## SUMMARY OF THE ACTIONS[1]

The above-captioned actions are civil proceedings brought by Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U. ("Petersen"), Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. ("Eton Park" and together with Petersen, "Plaintiffs") against Defendants the Argentine Republic (the "Republic") and YPF S.A. ("YPF" and together with the Republic, the "Defendants").  Petersen and Eton Park filed complaints in April 2015 and November 2016, respectively, alleging that Defendants breached undertakings made to shareholders in YPF's bylaws (the "Bylaws") and seek compensatory damages and other relief for Defendants' purported breaches of contract.

Until 1993, YPF was wholly owned and operated by the Republic.  In the early 1990s, the Republic decided to privatize YPF and, eventually, to sell its shares in an initial public offering.  Plaintiffs allege that, as part of this privatization process, Argentina adopted certain provisions in YPF's Bylaws that purportedly obligated the Republic to conduct a tender offer if the Republic acquired control over a specified percentage of YPF shares.  Plaintiffs allege that they relied on these provisions in the Bylaws in deciding to acquire YPF shares.  In April 2012, the Republic's Executive Branch issued Decree 530/2012, which provided for the Republic's immediate and temporary intervention in YPF.  On May 3, 2012, the Argentine Congress passed Law 26,741, signed May 4, 2012 and effective May 7, 2012, declaring a public need for expropriation of 51% of YPF's shares, which were then owned by Repsol YPF S.A. ("Repsol"), YPF's majority shareholder.  The Republic completed the expropriation in 2014 when it acquired and paid Repsol for its shares.

Plaintiffs subsequently instituted legal proceedings against Defendants, alleging that the Republic breached its purported obligation to conduct a tender offer for Plaintiffs' YPF

---

[1]     The Court does not adopt this summary as findings of fact or law.  Based solely on Defendants' representations, this Court believes that justice cannot be served between the parties in the above-captioned actions unless the evidence requested herein is made available by the appropriate judicial authority of Argentina.

shares in accordance with the Bylaws, and that YPF breached its purported obligation to enforce the Bylaws against the Republic.

## RECIPROCITY

In the furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Southern District of New York may provide similar cooperation and assistance to the Argentine courts in the event that the Argentine courts request similar assistance.

## REIMBURSEMENT FOR COSTS

Defendants have assured this Court that they stand ready and willing to reimburse the Argentine courts in accordance with Argentine law for the costs incurred in executing this Letter of Request for International Judicial Assistance, and to pay the usual production costs, if any are required, for the production documents in accordance with your civil rules of procedure.

## CONCLUSION

This Court expresses its appreciation and respectfully requests that, in the interests of justice, you compel by your proper and usual process Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey to produce documents.

IT IS SO ORDERED, this 6th day of October 2020:

_Loretta A. Preska_

Hon. Loretta A. Preska
United States District Judge

**Exhibit A**

# EXHIBIT A

The Court is requested to seek the following letters, memoranda, reports, emails, internal notations, spreadsheets or data entries (or drafts of the foregoing) from Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, Ezequiel Eskenazi Storey (the "Eskenazi Family"):

1. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning analyses of Sections 7 and 28 of the bylaws of YPF S.A. ("YPF").

2. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning the Stock Purchase Agreement dated February 21, 2008 between Repsol YPF S.A. ("Repsol") and Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. ("Petersen").

3. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning the Supplemental Agreement among Repsol, Petersen, and members of the Eskenazi Family dated February 21, 2008 (the "Supplemental Agreement").

4. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning the Credit Agreement dated February 21, 2008 between Petersen and Credit Suisse International, Goldman Sachs International Bank, BNP Paribas, and Banco Itaú Europa S.A. – Sucursal Financiera Exterior.

5. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning Petersen's May 2008 tender offer.

6. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning the Stock Purchase Agreement dated November 12, 2008 between Repsol and Petersen.

7. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning the Stock Purchase Agreement dated May 19, 2011 between Repsol and Petersen.

8. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning the June 4, 2012 YPF shareholder meeting.

9. Letters, memoranda, reports, emails, internal notations, spreadsheets or data entries (or drafts of the foregoing) concerning the amount of compensation or credit Petersen received,

or the value attributed to the shares of YPF held by Petersen, when the shares were foreclosed upon or otherwise transferred by Petersen in 2012.

10. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning the expropriation and intervention of YPF by the Republic of Argentina (the "Republic").

11. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning members of the Eskenazi Family's or Petersen's exercise, or failure to exercise, rights or remedies provided in Section 2 of the Supplemental Agreement.

12. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning Petersen filing for bankruptcy protection in Spain in July 2012.

13. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning Repsol's litigation in connection with the expropriation of YPF shares by the Republic (*Repsol YPF, S.A.* v. *Republic of Argentina*, No. 12-CV-3877 (TPG) or *Repsol* v. *The Bank of New York Mellon and YPF S.A.*, No. 652653).

14. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing) concerning the Claim Prosecution Agreement dated March 4, 2015 entered into between Petersen and Prospect Investments LLC ("Prospect") and the Pledge Agreement dated March 4, 2015 entered into between Petersen (by its liquidator in the Spanish bankruptcy proceedings) and Prospect.

15. Letters, memoranda, reports, emails or internal notations (or drafts of the foregoing), including communications with Prospect, Burford Capital LLC, or Christopher Bogart, concerning the financing of Petersen's action against YPF and the Republic pending in the Southern District of New York (*Petersen Energía Inversora S.A.U.* v. *Argentine Republic, and YPF S.A.*, No. 15 Civ. 2739 (LAP)).