**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETERSEN ENERGÍA INVERSORA,                           :
S.A.U. and PETERSEN ENERGÍA, S.A.U.,                   :
                                                       :
          Plaintiffs,                                  :        Case No.:  1:15-CV-02739 (LAP)
                                                       :
                                                       :        **Letter of Request for International**
          v.                                           :        **Judicial Assistance**
                                                       :        **(Letter Rogatory)**
ARGENTINE REPUBLIC and YPF S.A.,                       :
                                                       :
          Defendants.                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


- - - - - - - - - - - - - - - - - - - - - - - - - - - x
ETON PARK CAPITAL MANAGEMENT,                          :
L.P., ETON PARK MASTER FUND, LTD.,                     :
ETON PARK FUND, L.P.,                                  :
                                                       :        Case No.:  1:16-CV-08569 (LAP)
          Plaintiffs,                                  :
                                                       :        **Letter of Request for International**
                                                       :        **Judicial Assistance**
          v.                                           :        **(Letter Rogatory)**
                                                       :
ARGENTINE REPUBLIC and YPF S.A.,                       :
                                                       :
          Defendants.                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## INTRODUCTION

The United States District Court for the Southern District of New York presents its compliments to the Argentine Ministry of Foreign Affairs, International Trade and Worship and the appropriate judicial authority of Argentina and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned actions.

The United States District Court for the Southern District of New York is the competent court of law and equity over the above-captioned actions and has jurisdiction under 28 U.S.C. §§ 1330 and 1367.  This Court is authorized to request depositions abroad by letters of request under 28 U.S.C. § 1781(b)(2) and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 23 U.S.T. 2555,

-2-

T.I.A.S. 7444.  This Court may grant reciprocal assistance by the enforcement of letters of request from the Argentine courts pursuant to its authority under 28 U.S.C. § 1782.

## ASSISTANCE REQUESTED

This Court requests the assistance described herein as necessary in the interests of justice.  Specifically, this Court requests that the appropriate judicial authority of Argentina compel Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey to provide testimony on the subject matter described in Exhibit A to this Letter of Request for International Judicial Assistance.  This Court requests that testimony be taken separately of each person individually.  Testimony should be given under oath, which may be taken in accordance with domestic procedure in Argentina.  This Court requests that, to the extent possible, the appropriate judicial authority of Argentina audio and video record the testimony of Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey, in addition to transcribing the testimony in writing.[1]  This Court also requests that the appropriate judicial authority of Argentina allow cross-examination and local counsel for Defendants the Argentine Republic (the "Republic") and YPF. S.A. ("YPF," and together with the Republic, "Defendants") to question Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey.[2]  This Court further requests that the appropriate judicial authority of Argentina directly inform the parties or their representatives (at the addresses provided below) of the time and place

---

[1]     *See* Hague Convention, Article 9 ("The judicial authority which executes a Letter of Request shall . . . . follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties.").

[2]     *See id.*; *see also Código Procesal Civil y Comercial de la Nación* (CPCCN), Article 442.

at which the testimony will take place, so that the parties and their representatives in the above-captioned actions may attend.[3]

## IDENTIFYING INFORMATION OF PARTIES
## AND THEIR REPRESENTATIVES

The addresses of the parties to this proceeding and their representatives are as follows:

| Party | Representatives |
|---|---|
| Defendant Argentine Republic | Robert J. Giuffra, Jr.<br>Sergio J. Galvis<br>Joseph E. Neuhaus<br>Thomas C. White<br>Elizabeth A. Cassady<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004-2498<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br><br>Attorneys of<br>Procuración del Tesoro de la Nación<br>Posadas 1641<br>C11121 ADC Buenos Aires<br>República Argentina |
| Defendant YPF S.A. | Michael A. Paskin<br>Damaris Hernández<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone: (212) 474-1000 |

---

[3] *See* Hague Convention, Article 7 ("The requesting authority shall, if it so desires, be informed of the time when, and the place where, the proceedings will take place, in order that the parties concerned, and their representatives, if any, may be present. This information shall be sent directly to the parties or their representatives when the authority of the State of origin so requests.").

| | Facsimile: (212) 474-3700 <br><br> Osvaldo César Guglielmino <br> Guglielmino Derecho Internacional <br> Cerrito 1320, Piso 11 <br> C1010ABB Buenos Aires <br> República Argentina <br> Telephone: (54) 11-4811-2612 |
|---|---|
| Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. | Mark C. Hansen <br> Derek T. Ho <br> Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. <br> 1615 M Street, N.W., Suite 400 <br> Washington, D.C. 20036 <br> Telephone: (202) 326-7900 <br> Facsimile: (202) 326-7999 <br><br> Israel Dahan <br> King & Spalding LLP <br> 1185 Avenue of the Americas <br> New York, NY 10036 <br> Telephone: (212) 556-2114 <br> Facsimile: (212) 556-2222 <br><br> Reginald R. Smith <br> King & Spalding LLP <br> 1100 Louisiana Street, Suite 4000 <br> Houston, TX 77002 <br> Telephone: (713) 751-3200 <br> Facsimile: (713) 751-3290 |

The addresses of the persons from whom testimony is being requested are as follows:

Enrique Eskenazi
DNI 3.171.746
Fecha de nacimiento: 04/08/1925
Nacionalidad: Argentina
Domicilio (Boletín Oficial): Av. Cnel. Díaz 2748, piso 7, CABA
Last-known address: Av. Cnel. Díaz 2748, piso 7, CABA

Sebastián Eskenazi
DNI 16.764.074

Fecha de nacimiento: 20/08/1963
Nacionalidad: Argentina
Domicilio (Boletin Oficial): Malasia 850, CABA
Last-known address: Av. Cnel. Díaz 2748, piso 7, CABA

Matías Eskenazi Storey
DNI 20.383.823
Fecha de nacimiento: 25/05/1968
Nacionalidad: Argentina
Domicilio (Boletin Oficial): Coronel Díaz 2748, piso 11, CABA
Last-known address: José C. Paz 1233, Acassuso, Pcia. de Bs.As.

Ezequiel Eskenazi Storey
DNI 14.156.036
Fecha de nacimiento: 30/08/1960
Nacionalidad: Argentina
Domicilio (Boletin Oficial): Av. Libertador 2712, piso 2, CABA
Last-known address: Av. Libertador 2732, piso 2, CABA

## SUMMARY OF THE ACTIONS[4]

The above-captioned actions are civil proceedings brought by Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U. ("Petersen"), Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. ("Eton Park" and together with Petersen, "Plaintiffs") against Defendants. Petersen and Eton Park filed complaints in April 2015 and November 2016, respectively, alleging that Defendants breached undertakings made to shareholders in YPF's bylaws (the "Bylaws") and seek compensatory damages and other relief for Defendants' purported breaches of contract.

Until 1993, YPF was wholly owned and operated by the Republic. In the early 1990s, the Republic decided to privatize YPF and, eventually, to sell its shares in an initial public offering. Plaintiffs allege that, as part of this privatization process, Argentina adopted certain provisions in YPF's Bylaws that purportedly obligated the Republic to conduct a tender offer if the Republic acquired control over a specified percentage of YPF shares. Plaintiffs allege that

---

[4]    The Court does not adopt this summary as findings of fact or law. Based solely on Defendants' representations, this Court believes that justice cannot be served between the parties in the above-captioned actions unless the evidence requested herein is made available by the appropriate judicial authority of Argentina.

they relied on these provisions in the Bylaws in deciding to acquire YPF shares. In April 2012, the Republic's Executive Branch issued Decree 530/2012, which provided for the Republic's immediate and temporary intervention in YPF. On May 3, 2012, the Argentine Congress passed Law 26,741, signed May 4, 2012 and effective May 7, 2012, declaring a public need for expropriation of 51% of YPF's shares, which were then owned by Repsol YPF S.A. ("Repsol"), YPF's majority shareholder. The Republic completed the expropriation in 2014 when it acquired and paid Repsol for its shares.

Plaintiffs subsequently instituted legal proceedings against Defendants, alleging that the Republic breached its purported obligation to conduct a tender offer for Plaintiffs' YPF shares in accordance with the Bylaws, and that YPF breached its purported obligation to enforce the Bylaws against the Republic.

## RECIPROCITY

In the furtherance of justice and by the proper and usual process of this Court, the United States District Court for the Southern District of New York may provide similar cooperation and assistance to the Argentine courts in the event that the Argentine courts request similar assistance.

## REIMBURSEMENT FOR COSTS

Defendants have assured this Court that they stand ready and willing to reimburse the Argentine courts in accordance with Argentine law for the costs incurred in executing this Letter of Request for International Judicial Assistance.

## CONCLUSION

This Court expresses its appreciation and respectfully requests that, in the interests of justice, you compel by your proper and usual process Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey to provide testimony.

IT IS SO ORDERED, this  6th  day of October, 2020:

_____
Hon. Loretta A. Preska
United States District Judge