# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA | | |
|---|---|---|---|---|
| JOHN W. WHITE | DAVID R. MARRIOTT | 825 EIGHTH AVENUE | KEVIN J. ORSINI | NICHOLAS A. DORSEY |
| EVAN R. CHESLER | MICHAEL A. PASKIN | NEW YORK, NY 10019-7475 | MATTHEW MORREALE | ANDREW C. ELKEN |
| RICHARD W. CLARY | ANDREW J. PITTS | | JOHN D. BURETTA | JENNY HOCHENBERG |
| STEPHEN L. GORDON | MICHAEL T. REYNOLDS | TELEPHONE: +1-212-474-1000 | J. WESLEY EARNHARDT | VANESSA A. LAVELY |
| ROBERT H. BARON | ANTONY L. RYAN | FACSIMILE: +1-212-474-3700 | YONATAN EVEN | G.J. LIGELIS JR. |
| DAVID MERCADO | GEORGE E. ZOBITZ | | BENJAMIN GRUENSTEIN | MICHAEL E. MARIANI |
| CHRISTINE A. VARNEY | GEORGE A. STEPHANAKIS | | JOSEPH D. ZAVAGLIA | LAUREN R. KENNEDY |
| PETER T. BARBUR | DARIN P. MCATEE | | STEPHEN M. KESSING | SASHA ROSENTHAL-LARREA |
| THOMAS G. RAFFERTY | GARY A. BORNSTEIN | | LAUREN A. MOSKOWITZ | ALLISON M. WEIN |
| MICHAEL S. GOLDMAN | TIMOTHY G. CAMERON | CITYPOINT | DAVID J. PERKINS | MICHAEL P. ADDIS |
| RICHARD HALL | KARIN A. DEMASI | ONE ROPEMAKER STREET | JOHNNY G. SKUMPIJA | JUSTIN C. CLARKE |
| JULIE A. NORTH | DAVID S. FINKELSTEIN | LONDON EC2Y 9HR | J. LEONARD TETI, II | SHARONMOYEE GOSWAMI |
| ANDREW W. NEEDHAM | DAVID GREENWALD | TELEPHONE: +44-20-7453-1000 | D. SCOTT BENNETT | C. DANIEL HAAREN |
| STEPHEN L. BURNS | RACHEL G. SKAISTIS | FACSIMILE: +44-20-7860-1150 | TING S. CHEN | EVAN MEHRAN NORRIS |
| KATHERINE B. FORREST | PAUL H. ZUMBRO | | CHRISTOPHER K. FARGO | LAUREN M. ROSENBERG |
| KEITH R. HUMMEL | ERIC W. HILFERS | | KENNETH C. HALCOM | |
| DAVID J. KAPPOS | GEORGE F. SCHOEN | | DAVID M. STUART | |
| DANIEL SLIFKIN | ERIK R. TAVZEL | | AARON M. GRUBER | SPECIAL COUNSEL |
| ROBERT I. TOWNSEND, III | CRAIG F. ARCELLA | WRITER'S DIRECT DIAL NUMBER | O. KEITH HALLAM, III | SAMUEL C. BUTLER |
| PHILIP J. BOECKMAN | DAMIEN R. ZOUBEK | +1-212-474-1760 | OMID H. NASAB | |
| WILLIAM V. FOGG | LAUREN ANGELILLI | | DAMARIS HERNÁNDEZ | |
| FAIZA J. SAEED | TATIANA LAPUSHCHIK | | JONATHAN J. KATZ | |
| RICHARD J. STARK | ALYSSA K. CAPLES | WRITER'S EMAIL ADDRESS | RORY A. LERARIS | OF COUNSEL |
| THOMAS E. DUNN | JENNIFER S. CONWAY | mpaskin@cravath.com | KARA L. MUNGOVAN | MICHAEL L. SCHLER |
| MARK I. GREENE | MINH VAN NGO | | MARGARET T. SEGALL | CHRISTOPHER J. KELLY |

October 9, 2020

*Petersen Energía Inversora, S.A.U. et al. v. Argentine Republic and YPF S.A.*,
No. 15-cv-02739 (LAP); *Eton Park Capital Management, L.P. et al. v. Argentine Republic and YPF S.A.*, No. 16-cv-8569 (LAP)

Dear Judge Preska:

      We write on behalf of defendant YPF S.A. ("YPF") in response to Plaintiffs' letter dated October 5, 2020 in the above-captioned actions. (Pls.' Oct. 5 Ltr., *Petersen* ECF No. 180.) Plaintiffs' peculiar non-opposition letter contains baseless accusations against Defendants that demand a response. So as not to overburden the Court with unnecessarily cumulative filings, YPF joins in the points set forth in the Argentine Republic's filing of today (*Petersen* ECF No. 185), and submits this letter to address Plaintiffs' specific contentions regarding YPF.

    **A.    Defendants' Hague Applications Timely Sought Evidence Critical to the Claims and Defenses at Issue**

      Plaintiffs contend that Defendants' requests to obtain evidence from the Eskenazi Family (the "Eskenazi Hague Application") and YPF's request to obtain evidence from Repsol (the "Repsol Hague Application") were part of a supposed "tactic of pursuing delay at all costs". (Pls.' Oct. 5 Ltr. at 1.) That is incorrect.

      As it specifically relates to YPF's Repsol Hague Application, YPF first sought to obtain the requested evidence through U.S. discovery procedures. On August 26, 2020, we contacted U.S. counsel for Repsol S.A. ("Repsol") regarding YPF's intent to seek documentary evidence from non-party Repsol and over the course of the following month engaged in a series of phone and e-mail correspondence with Repsol's U.S. counsel with the hope that Repsol would be able to produce relevant documents pursuant to a U.S. subpoena directed to Repsol USA Holdings Corp. ("Repsol USA"), an entity incorporated under the laws of the state of Delaware and headquartered in Houston, Texas. It was not until September 23, 2020, that Repsol's counsel orally informed us that Repsol would not agree to produce documents in its custody and

possession based on service of a subpoena to Repsol USA.  Repsol's counsel confirmed that position in writing on September 28, 2020, and YPF promptly filed its Repsol Hague Application four days later, on October 2, 2020.  (*Petersen* ECF No. 178.)

Nor can Plaintiffs fairly contest the relevance of the evidence sought from Repsol.  As detailed in the Repsol Hague Application, Repsol—as the entity that sold Petersen its stake in YPF, put up half the money Petersen needed to purchase its YPF shares, agreed to cause YPF to make the dividend payments on which Petersen relied to satisfy its prepayment obligations, co-managed YPF (alongside Petersen) in the period preceding the expropriation, and sent Petersen one of the notices of default that Petersen claims triggered its eventual bankruptcy—was at the center of the events underlying these Actions.  And, similar to the Eskenazi Hague Application, the Repsol Hague Application was made indispensable as a result of Plaintiffs' apparent refusal or inability to produce communications between themselves and Repsol.  Plaintiffs' protestations of irrelevance are belied by the fact that their own discovery requests asked YPF for *its* communications with Repsol.

### B.     YPF Is Working Diligently To Produce Documents and Prepare Witnesses

Plaintiffs' accusation in their October 5 letter that YPF is "pursuing delay at all costs" is further belied by YPF's significant efforts to identify, collect and produce documents to date.  In June 2020, Plaintiffs claimed that "some limited discovery is necessary" but that they would "demonstrate that they are entitled to judgment as a matter of Argentine law based on undisputed facts that establish Defendants' breach of contract."  (*Petersen* ECF No. 164.)  Plaintiffs have nonetheless served 26 broad requests for production ("RFPs") that require YPF to retrieve hard copy documents dating as far back as 1993, as well as electronically-stored information ("ESI") that must be restored and retrieved from backup tapes.  In addition to these 26 RFPs and an additional 46 requests for admission, Plaintiffs have also served a Rule 30(b)(6) notice for extremely broad topics that would require YPF to prepare a witness using documents it could not safely access until recently.

YPF has made its response to these requests a top priority.  However, YPF's efforts to collect and review documents have been impacted by the global COVID-19 pandemic, which has been particularly devastating in Argentina.  Argentina is still under lockdown.  On September 20, 2020, the Argentine government issued another decree extending quarantine measures until October 11, 2020, and it is expected that measures will again be extended.  The Argentine government has severely restricted mobility, allowing non-essential workers to leave their homes only to purchase essential items such as food or medicine.

As YPF informed Plaintiffs during a meet and confer on September 18, 2020, YPF's investigations to date indicate that many potentially relevant documents are likely kept only in hard copy.  Such hard copy documents must either be brought to or collected from and reviewed in YPF's offices in Buenos Aires—access to which is severely limited.  YPF has significantly restricted access to its offices in light of the Republic's decrees and the clear health risks imposed by the global COVID-19 pandemic.  The ongoing health concerns and lockdown orders from the Argentine government have imposed significant restrictions on YPF's ability to collect and review documents.

   Meanwhile, YPF's IT and cybersecurity team has been grappling with the tremendous burden of migrating to primarily remote operations.  Nonetheless, YPF has tasked those individuals with identifying potentially relevant ESI and restoring it from backup tapes—a resource intensive process that requires significant employee time because of the amount of data and number of backup tapes that must be uploaded to YPF's IT systems and analyzed.  YPF's cybersecurity team is also downsizing as a result of a number of employees who have voluntarily retired during the global pandemic.

   Despite these enormous external constraints, YPF has made every effort to comply with this Court's July 13, 2020 Scheduling Order.  In fact, YPF has made significant progress, securing multiple boxes of hard copy documents within the past week.  As soon as those documents have been reviewed, YPF will produce responsive documents to Plaintiffs.

* * * *

   We thank Your Honor for the Court's attention to this matter.

Respectfully Submitted,

*/s/* Michael A. Paskin

Michael A. Paskin


Honorable Loretta A. Preska
 United States District Court for the Southern District of New York
  Daniel Patrick Moynihan U.S. Courthouse
   500 Pearl Street
    New York, NY 10007

VIA ECF


Copies to:  All Counsel of Record via ECF