UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U.,<br>　　　　　　　*Plaintiffs,*<br><br>　　　　v.<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br>　　　　　　　*Defendants.* | Case No.: 1:15-CV-02739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., ETON PARK FUND, L.P.,<br>　　　　　　　*Plaintiffs,*<br><br>　　　　v.<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br>　　　　　　　*Defendants.* | Case No.: 1:16-CV-08569 (LAP) |

**[PROPOSED] STIPULATED ORDER REGARDING REMOTE DEPOSITIONS**

WHEREAS, the COVID-19 pandemic has made conducting traditional in-person depositions difficult and inadvisable given health concerns and associated restrictions that have been put in place around the country and internationally;

WHEREAS, it is uncertain when these health concerns will subside and when these associated restrictions will be lifted;

WHEREAS, the Parties began fact discovery on July 14, 2020;

WHEREAS, pursuant to Rule 29(a) of the Federal Rules of Civil Procedure, the Parties may stipulate that "a deposition may be taken before any person, at any time or place, on

1

any notice, and in the manner specified – in which event it may be used in the same way as any other deposition";

WHEREAS, pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, the Parties "may stipulate . . . that a deposition be taken by telephone or other remote means";

WHEREAS, the Parties have agreed that it will be necessary to conduct certain depositions remotely (the "Remote Depositions"), have agreed upon the means by which they will conduct the Remote Depositions, and wish to memorialize their agreement;

NOW, THEREFORE, it is ORDERED that the Remote Depositions shall proceed subject to the following rules and procedures, which have been agreed upon by the Parties:

**DEFINITIONS**

1. "Court Reporter" shall mean the individual designated by the Court Reporting Agency to administer and record the Remote Deposition.

2. "Court Reporting Agency" shall mean Veritext Legal Services and/or any other entity agreed to and designated by the Parties to select a Court Reporter, Videographer, and Operator for each Remote Deposition.

3. "Defending Attorney" shall mean any attorney representing the Witness at the Remote Deposition.  If the Witness is a current or former employee of one of the Parties, any attorney appearing on behalf of that Party shall also be considered a Defending Attorney.

4. "Noticing Attorney" shall mean the attorney whose signature is affixed to the deposition notice corresponding to the Remote Deposition to which these rules and procedures apply, and/or any individual affiliated with that attorney's law firm and authorized by that law firm to communicate about matters relating to the Remote Deposition.

5. "Operator" shall mean the individual designated by the Court Reporting Agency to provide remote technological support to all Participants during the Remote Deposition.

6. "Other Party Attorney" shall mean, in the case of a deposition of a non-party Witness, an attorney representing a Party that is not questioning the Witness.

7. "Participant(s)" shall mean the Witness, the Questioning Attorney, the Defending Attorney, the Other Party Attorney(s), other attorneys or client representatives appearing on behalf of one of the Parties, paralegals or other individuals providing support to the attorneys, the Court Reporter, the Videographer, Translator and the Operator.

8. "Questioning Attorney" shall mean the attorney who questions the Witness on the record during the Remote Deposition for the purpose of eliciting sworn testimony.

9. "Remote Deposition Video Platform" shall mean Veritext Virtual, or any other videoconferencing service platforms which uses underlying technology provided by Zoom designated by the Noticing Attorney for hosting the Remote Deposition.

10. "Remote Deposition Exhibit Platform" shall mean Exhibit Share, AgileLaw, or any other software applications designated by the Noticing Attorney for displaying exhibits during the Remote Deposition.

11. "Translator" shall mean the individual appointed by the Questioning Attorney to provide translation services if necessary.

12. "Videographer" shall mean the individual designated by the Court Reporting Agency to record the Remote Deposition by videographic means.

13. "Witness" shall mean the individual who gives sworn testimony on the record during the Remote Deposition.

**COURT REPORTER, VIDEOGRAPHER, AND OPERATOR**

14. Pursuant to Rule 30(b)(5)(A), Remote Depositions will be conducted before a Court Reporter who shall have all of the authority of an officer appointed or authorized under Rule 28 with respect to administering Remote Depositions.

15. The Court Reporter may administer the oath or affirmation to the Witness through the Remote Deposition Video Platform from a different physical location than the Witness, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the Witness.

16. For the purposes of the oath or affirmation, the Parties agree that any deposition taken in which one or more Participants, including the Witness, is located outside of the United States will be treated as if all Participants were in the United States.

17. The Videographer shall record the Remote Deposition at the direction of the Court Reporter and shall not record the Remote Deposition during times when the Court Reporter suspends it.  To the extent feasible, only video of the Witness shall be recorded unless the Noticing Attorney requests that video of the Questioning Attorney and/or published exhibits also be recorded.  Audio of all Participants shall be recorded.  Such recording shall be deemed a record of the Remote Deposition to the same extent as if the recording had been made in the physical presence of the Witness.  For purposes of Rule 30(c)(1), the Videographer shall be considered to be acting in the presence and under the direction of the Court Reporter, so long as the Videographer is able to hear and take directions from the Court Reporter, even though the Videographer may be in a different physical location than the Court Reporter.

18. Any Party may ask the Court Reporting Agency to designate an Operator to assist the Participants with any technical issues that may arise during the Remote Deposition.

### REMOTE DEPOSITION PLATFORMS

19. Remote Depositions shall be conducted using the Remote Deposition Video and Exhibit Platforms.

20. In order to facilitate reliable use of the Remote Deposition Video and Exhibit Platforms, each attorney shall be responsible for acquiring, maintaining, and utilizing computer, audio, and video equipment that meets the minimum requirements set forth in Appendix A.

21. At least two (2) days prior to the Remote Deposition, the Defending Attorney shall confirm whether the Witness has access to the equipment set forth in Appendix A. If the Witness has no Defending Attorney, the Noticing Attorney shall confirm whether the Witness has access to such equipment.

22. At least one (1) day prior to the commencement of each Remote Deposition, the Participants shall access the Remote Deposition Video and Exhibit Platforms and ensure that it and all Participants' hardware, software, and internet connections are functioning properly, including that any required audio and video functionalities are functioning properly. The Remote Deposition shall not commence until the Questioning Attorney, Defending Attorney, Witness, and if applicable, the Translator confirm that they each have appropriate access to the Remote Deposition Video and Exhibit Platforms.

23. All private chat features on the Remote Deposition Video and Exhibit Platforms shall be disabled.

**NOTICE**

24.     Unless otherwise agreed, no Remote Deposition shall be scheduled on national or religious holidays.  For the purposes of this Stipulated Order, such holidays are: Rosh Hashanah (two days), Yom Kippur, Columbus Day, Veterans Day, Thanksgiving (Thursday and Friday), the two-week period beginning three business days before Christmas Day, Martin Luther King Jr.'s birthday, President's Day, Good Friday and Easter Monday, Passover (first two days and preceding day), Memorial Day, Independence Day, and Labor Day.  The deposition of a witness who resides outside of the United States shall not be scheduled on a national or religious holiday of the country where such witness is located.

25.     For each Remote Deposition, at least three (3) calendar days prior to the Remote Deposition, the Noticing Attorney and the Defending Attorney shall exchange the names and e-mail addresses of any Participants other than the Witness.  For those Participants who seek to appear on the record, the Noticing Attorney shall provide their information to the Court Reporter in advance of the Remote Deposition in lieu of an oral roll call on the record.

26.     The Noticing Attorney shall provide, or shall cause the Remote Deposition Video and Exhibit Platform(s) to provide, to the Defending Attorney all details necessary to gain access to each Remote Deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements at least 48 hours prior to the date and time at which the Remote Deposition is scheduled to commence.  Any Participant who intends to be in the same room as the Witness during a Remote Deposition shall notify the Noticing Attorney and the Defending Attorney at least two (2) calendar days prior to the Remote Deposition.

## CONDUCT OF THE REMOTE DEPOSITIONS

27. The Witness, the Questioning Attorney, the Defending Attorney, the Other Party Attorney(s), and, if applicable, the Translator shall keep their cameras turned on while the Remote Deposition is being conducted. All other Participants shall keep their cameras off at all times, except as otherwise directed by the Court Reporter. The Court Reporter and Videographer may also appear on camera as appropriate to facilitate the Remote Deposition. If the Witness is physically appearing in the same room with any Participant, separate video cameras shall at all times be turned on and show both the Witness and the Participant. It shall be the responsibility of any Participant in the same room as the Witness to use physical distance, directional microphones, and/or other means to ensure that the Witness's testimony does not suffer from echoes or feedback. All individuals participating in person shall engage in social distancing as required by the jurisdiction in which the deposition occurs.

28. The Witness shall use the audio through his or her computer or tablet (as applicable), and shall also have a phone connection available in case the device's audio does not function properly.

29. If requested by the Witness a Translator, appointed by the Questioning Attorney, may be provided. The Translator will provide either (i) sequential translations of the Questioning Attorney's questions and the Witnesses' answers and translations of exhibits as necessary or (ii) as needed translation services as requested by the Witness and the Defending Attorney.

30. Participants shall take care to minimize background noise during the conduct of the Remote Deposition that may interrupt the Remote Deposition. Participants other than the Witness, the Questioning Attorney, the Defending Attorney and, if applicable, the Translator,

shall place their microphones on mute except during times that they desire to speak on the record.  Participants shall make best efforts to refrain from speaking at the same time as other Participants.

31. In order to minimize background noise, the Operator may, at his or her discretion, or at the direction of the Court Reporter, mute individual Participants' lines when those Participants are not speaking, <u>except that</u> in no event shall the Court Reporter's, Questioning Attorney's, Witness's, Defending Attorney's or, if applicable, the Translator's line be muted while the Remote Deposition is being conducted.  Participants who have been muted shall retain the ability to unmute themselves during times when they desire to speak on the record.

32. The Questioning Attorney shall use the Remote Deposition Exhibit Platform to mark and publish all exhibits that are used during the Remote Deposition.  The Questioning Attorney shall confirm that the Witness and Defending Attorney can access each published exhibit prior to questioning the Witness about that exhibit.  Exhibits marked and shown to the Witness using the Remote Deposition Exhibit Platform shall be attached to the deposition record to the same extent as if the exhibits were physically marked and shown to the Witness.  The Questioning Attorney shall provide English-language translations of any Spanish-language exhibits.  Such translations shall be for the convenience of the Participants during the deposition and shall not constitute a waiver of any position with respect to the correct translation of any Spanish-language exhibit.

33. Except as otherwise provided in this Stipulated Order, no Participant shall permit anyone who is not a Participant to hear or view the Remote Deposition while it is being conducted.

34. If a technical issue prevents any Participant from being able to see or hear one or more of the other Participants clearly or to access published exhibits, the Participant encountering such technical issue shall promptly notify the other Participants. If the Participant encountering such technical issue is the Witness, Questioning Attorney, Defending Attorney, Court Reporter, Videographer or, if applicable, the Translator, the Court Reporter shall suspend the Remote Deposition until the technical issue is resolved. If the Participant encountering such technical issue is not the Witness, Questioning Attorney, Defending Attorney, Court Reporter, Videographer or, if applicable, the Translator, the Court Reporter shall pause the Remote Deposition to provide an opportunity to promptly resolve the technical issue. If the Participant is unable to promptly resolve the technical issue, the Remote Deposition may proceed, provided, however, that the Participant may later make objections he or she could have made during the Remote Deposition had the technical issue not occurred, either by agreement of the Parties, which shall not unreasonably be denied, or by order of the Court.

35. Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit, provided that and starting when a Questioning Attorney or Defending Attorney specifies it is "off the record." If a technical issue prevents the Questioning Attorney or Defending Attorney from speaking to other Participants, the Remote Deposition shall be deemed "off the record" from that time.

36. No Participant shall communicate or attempt to communicate with the Witness while the Remote Deposition is being conducted through any means other than the Remote Deposition Video and Exhibit Platforms, except that the Videographer or Operator may communicate with the Witness to resolve technical issues through means other than the Remote Deposition Video and Exhibit Platforms. Notwithstanding this provision, subject to all otherwise

applicable rules, the Defending Attorney (and other Participants allowed by the Defending Attorney) may communicate privately with the Witness by any means any time during breaks in the Remote Deposition or if the Court Reporter otherwise suspends the Remote Deposition.

37. All Parties stipulate that an objection for one shall be deemed an objection for all.

38. The Parties shall meet and confer regarding the timing for all Remote Depositions in different time zones.

39. Any Defending Attorney who does not represent one of the Parties and who intends to represent a Witness during a Remote Deposition shall agree to be bound by this Stipulated Order and shall memorialize that agreement by executing a copy of the Acknowledgment and Agreement To Be Bound attached hereto as Appendix B.

40. The Parties will use reasonable efforts to cause employee Witnesses, former employee Witnesses, and non-Party Witnesses to agree to the protocols set forth herein for Remote Depositions, however, insofar as any particular Witness cannot or will not agree, the Parties will discuss in good faith alternative protocols requested or required by such Witness.

41. Confidentiality of deposition testimony is governed by the Protective Order entered September 29, 2020.

42. The Parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual instances.

DATED: October [●], 2020

| SULLIVAN & CROMWELL, LLP | KELLOGG HANSEN TODD FIGEL & FREDERICK, P.L.L.C. |
|---|---|
| By: _____<br>Sergio J. Galvis<br>Robert J. Giuffra, Jr. | By:_____<br>Mark C. Hansen<br>Derek T. Ho |

Joseph E. Neuhaus
Thomas C. White
Elizabeth A. Cassady
125 Broad Street
New York, NY 10004-2498

*Counsel for Defendant Argentine Republic*

CRAVATH, SWAINE & MOORE LLP

By:_____
Michael A Paskin
Damaris Hernández
825 Eighth Avenue
New York, NY 10019

*Counsel for Defendant YPF S.A.*

1615 M Street, NW Suite 400
Washington, D.C.  20036

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*

\*\*\*

SO ORDERED this ___ day of _____, 2020.

_____
LORETTA A. PRESKA
Senior United States District Judge

# APPENDIX A

**MINIMUM TECHNICAL REQUIREMENTS FOR REMOTE DEPOSITIONS**

1. **Witness, Defending Attorney, Questioning Attorney and, if applicable, the Translator**

    (a) Computer with a reliable internet connection (connected via ethernet if available). In the alternative, the Witness may use a tablet with a reliable internet connection.

    (b) Internet connection with a minimum speed for both downloads and uploads of 5 Megabits per second ("Mbps").

    (c) Integrated or USB webcam.

    (d) USB microphone, headset, or similar device.

    (e) Telephone (landline if available).

2. **Other Participants**

    (a) Computer or tablet with an internet connection.

    (b) Internet connection with a minimum speed for both downloads and uploads of 1.5 Mbps.

    (c) Telephone.

**APPENDIX B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U.,<br>    *Plaintiffs,*<br><br>    v.<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br>    *Defendants.* | Case No.: 1:15-CV-02739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., ETON PARK FUND, L.P.,<br>    *Plaintiffs,*<br><br>    v.<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br>    *Defendants.* | Case No.: 1:16-CV-08569 (LAP) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY**
**THE STIPULATED ORDER REGARDING REMOTE DEPOSITIONS**

The undersigned hereby acknowledges that [print or type full name:]

_____ has read the Stipulated Order Regarding Remote

Depositions in the above-captioned Actions, that (s)he understands the terms thereof and that

(s)he agrees to be bound by such terms.

_____  _____
Signature                        Date