# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
PETERSEN ENERGÍA INVERSORA, :
S.A.U. and PETERSEN ENERGÍA, :
S.A.U., :
                                              :
                      Plaintiffs, :
                          v. : Case No.: 1:15-CV-02739 (LAP)
                                              :
ARGENTINE REPUBLIC and YPF :
S.A. :
                                              :
                      Defendants. :
------------------------------ x

**DEFENDANTS' SECOND REQUEST
FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Scheduling Order entered on July 20, 2020 in the above-captioned action, defendants the Argentine Republic (the "Republic" or "Argentina") and YPF, S.A. ("YPF," and together with the Republic, the "Defendants") by and through their undersigned counsel, hereby request that Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. ("Plaintiffs"), by and through their counsel, produce and make available for inspection and copying within thirty (30) days, at the offices of Sullivan & Cromwell, LLP, 125 Broad Street, New York, NY 10004, the documents specified below. Defendants reserve the right to deliver and serve additional requests for production of documents.

**DEFINITIONS**

The following definitions shall apply to the Defendants' requests regardless of capitalization. In the event of any ambiguity in one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the terms in question.

1. The term "Action" refers to the above-titled action, captioned Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. v. Argentine Republic and YPF S.A., No. 15-cv- 02739 (LAP).

2. The term "Argentine National Securities Commission" means the *Comisión Nacional de Valores de la República Argentina*.

3. The term "Complaint" or "Compl." means the Complaint filed by Plaintiffs on April 8, 2015, in the United States District Court for the Southern District of New York, with civil docket number 15-cv-02739 (LAP).

4. The terms "Document," "Communication," "Concerning" and "Person" have the meanings set forth in Local Civil Rule 26.3.

5. The term "Defendants" refers to the Argentine Republic and YPF S.A.

6. "Eskenazi Family" means Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey.

7. The term "Expropriation of YPF" refers to Argentina's expropriation of 51% of YPF's Class D shares pursuant to Law 21,499 and Law 26,741.

8. "Intervenor" means the individual referred to by the same name in Petersen Compl. ¶ 35.

9. The term "Intervention of YPF" refers to Argentina's exercise of control of YPF pursuant to Emergency Decrees 530/12, 532/12 and 732/12.

10. "IPO" means the initial public offering of YPF shares on June 29, 1993.

11. The term "Local Civil Rules" means the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

12. The terms "Plaintiffs," "You," and "Your" refer to, collectively and individually, Plaintiffs Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. (collectively "Petersen"), and each of their predecessors, successors, divisions, subsidiaries and affiliates; each other person directly or indirectly, wholly or in part, owned or controlled by them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants or other persons acting on their behalf, including their Spanish bankruptcy receiver (currently, Armando Betancor Álamo), Prospect Investments LLC, Burford Capital LLC and Petersen's current and former principals, including without limitation Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey.

13. "Repsol" means Repsol, S.A., formerly known as Repsol YPF, S.A., a Spanish energy company that was once the majority shareholder of YPF, S.A. and any of its officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives, agents, attorneys, assigns, and any other entities or individuals acting or purporting to act on its behalf or at its direction.

14. "SEC" refers to the United States Securities and Exchange Commission.

15. "Shareholders' Agreement" means the agreement dated February 21, 2008 referred to in Petersen Compl. ¶ 30.

16. "Vaca Muerta" means the shale oil and gas fields discovered by YPF in 2011 and located in the Neuquén Basin in northern Patagonia, Argentina.

17. "YPF" means, YPF, S.A. and any of its officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives,

agents, attorneys, assigns, and any other entities or individuals acting or purporting to act on its behalf or at its direction.

18. "YPF Bylaws" or "Bylaws" means the operative version at any point in time of the bylaws of YPF on file with the Argentine National Securities Commission and SEC (duly registered with the Superintendency of Legal Entities in charge of the Public Registry of Commerce).

19. The terms "YPF shares," "shares of YPF," or "shares in YPF" refer to any equity, debt, option, derivative or similar interest in YPF, including, without limitation, American depository shares, American depository receipts, common stock, preferred stock, bills, bonds, notes, paper, warrants, convertibles, options, calls, puts, swaps, credit default swaps, and derivatives and also includes, without limitation, any and all instruments encompassed within the definition of the term "security" under the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10), whether traded, sold or acquired on a public market (including any international or domestic stock exchange), by private agreement or otherwise.

20. "YPF Prospectus" means the U.S. prospectus dated June 28, 1993 that was filed with the SEC in connection with YPF's initial public offering of Class D shares on June 29, 1993.

21. To bring within the scope of these requests all documents that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the word "including" shall be read to mean "including without limitation"; (b) the present tense shall be construed to include the past tense and vice versa; (c) references to employees, officers, principals, directors or agents shall include both current and former employees, officers, principals, directors and agents; (d) the terms "and" and "or," and "all," "any," and "each," shall

be construed in accordance with Local Civil Rule 26.3; and (e) in accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. These requests are deemed to be continuing in accordance with Federal Rule of Civil Procedure 26(e). You shall supplement Your responses within a reasonable time if You obtain or become aware of any further documents responsive to these requests.

2. Unless otherwise specified, all requests are without regard to date.

3. Unless otherwise indicated, the documents requested include all documents and data in Your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in Your possession, custody, or control if You have actual possession or custody or the right or practical ability to obtain the document or a copy thereof upon demand from one or more of Your representatives, advisors, attorneys, or any other person or public or private entity that has actual physical possession thereof.

4. As the term "possession" relates to email, the term includes, but is not limited to, email contained in Your electronic email directories, including but not limited to: (a) "deleted" emails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" emails, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" emails, including all subdirectories irrespective of the title of such subdirectories.

5. Documents shall be produced as they are kept in the usual course of business, including producing any tabs, labels, or directories of files identifying the documents. All documents shall be produced in their native format where available. The parties shall agree

to a protocol to govern the procedure for the collection, review and production of electronically stored information ("ESI").

6. You must produce entire documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to the requests are to be produced if such documents are attached to, or enclosed with, any document that is responsive. Examples of such documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all corresponding attachments. Documents attached to each other shall not be separated.

7. A document with handwritten, typewritten, or other recorded notes, editing marks, etc., are not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

8. The term "original" includes the file copy or copies of any document if there is no actual original copy.

9. Pursuant to Federal Rule of Civil Procedure 26(b)(5), if any document responsive to a request below is withheld from production on the basis of any claim of privilege, You are requested to provide a written statement identifying:

    a. the nature of the privilege (including work product privilege) which is being claimed;

    b. the general subject matter of the document and a description of the file or other location where it was found;

    c. the type or general nature of the document (e.g., whether it is a letter, memorandum, invoice, email, etc.) and the number of pages of which it consists;

    d. the date of the document;

    e. the author(s) and recipient(s) of the document; and;

    f. the request to which the document relates.

You are further requested to provide all portions of the requested documents that are not subject to a claim of privilege or other reason for nonproduction by excising, redacting, or otherwise protecting the portions for which a privilege or other reason for non-production is asserted.

  10. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), if You object to any individual request, You must state whether any responsive materials are being withheld on the basis of that objection, and You must specify the part of the request to which You are objecting and produce all materials that are responsive to the remainder of the request.

  11. In the event that You object to any request on the ground that it is overbroad or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that request for purposes of Your response and the factual basis for Your conclusion.

  12. In the event that any document responsive to any request once was but is no longer in Your possession, custody, or control or has been lost, destroyed, discarded, or otherwise disposed of, You are requested to identify such document as completely as possible, including without limitation, the following information:

    a. the nature of the document;

    b. the person who prepared or authorized the document, and, if applicable, the person to whom the document was sent;

    c. the date on which the document was prepared or transmitted; and

    d. what has happened to the document and where it or any copies of it may be located, or if the document was lost or destroyed, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and the reasons for such destruction and the persons requesting and performing the destruction.

13. Each request shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

14. Each document is to be produced along with all drafts, without abbreviation or redaction.

15. If no documents are responsive to a particular request, You are to state that no responsive documents exist. If You object to the scope or breadth of any of these requests, You should identify, to the extent possible, those documents that You will produce notwithstanding the objection.

16. You shall respond within thirty (30) days, in accordance with Federal Rule of Civil Procedure 34(b)(2)(A).

## DOCUMENT REQUESTS

34. All communications between You, on the one hand, and Eton Park, on the other hand.

35. All communications between You, on the one hand, and Prospect Investments LLC and/or Burford Capital LLC, on the other hand.

36. All documents and communications concerning Your consideration and decision to invest in YPF.

37. All minutes or other records of Your shareholders' meetings and Board of Directors meetings during the period surrounding Your consideration and decision to invest in YPF, the Intervention of YPF, and the Expropriation of YPF.

38. All communications between You, on the one hand, and any individual listed on Your initial disclosures, on the other hand.

39. All communications between You, on the one hand, and any individual listed on Defendants' initial disclosures, on the other hand.

40. All analyst reports or industry reports concerning YPF during the period between January 1, 2007 and December 31, 2014.

41. All documents and communications related to Your bankruptcy proceeding, including, but not limited to, all documents and communications produced by You and/or any other party or third party in connection with case nos. 523/2012 and 405/2012 before the Mercantile Court Number 3 in Madrid, Spain.

42. All documents and communications related to the allegations concerning this Action raised in the proceeding in the United States District Court for the Eastern District of New York entitled *Merz* v. *Burford Capital Limited et al.*, with civil docket number 1:19-cv-04807-NG-CLP.

Dated: September 21, 2020

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sergio J. Galvis
Joseph E. Neuhaus
Thomas C. White
Elizabeth A. Cassady
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498

*Counsel for The Argentine Republic*

/s/ *Michael A. Paskin*
Michael A. Paskin
Damaris Hernández
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475

*Counsel for YPF S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, I caused the foregoing to be served via email and USPS certified mail on all counsel of record in the above-captioned action.

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sergio J. Galvis
Joseph E. Neuhaus
Thomas C. White
Elizabeth A. Cassady
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
Telephone:   (212) 558-4000
Facsimile:   (212) 558-3588

*Counsel for The Argentine Republic*