**JOSEPH HAGE AARONSON LLC**
485 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017
(212) 407-1200
WWW.JHA.COM

GREGORY P. JOSEPH
DIRECT DIAL: (212) 407-1210
DIRECT FAX:  (212) 407-1280
EMAIL: gjoseph@jhany.com

November 18, 2020

**Via ECF**
The Honorable Loretta A. Preska
United States District Judge
500 Pearl Street
New York, New York 10007

Re: *Petersen v. Argentine Republic and YPF*, No. 15 Civ. 2739 (LAP); *Eton Park v. Argentine Republic and YPF*, No. 16 Civ. 8569 (LAP) (the "**Actions**")

Dear Judge Preska:

This is submitted on behalf of Burford Capital LLC ("**Burford**"), plaintiffs' litigation funder, in opposition to Defendants' November 13, 2020 pre-motion letter (the "**Letter**"). Burford did not lightly decline to make any production, but the Letter reveals why this was appropriate—it targets three types of documents, all of which are irrelevant or disproportional under Rule 26(b)(1) or protected as work product under Rule 26(b)(3).

**Deposition Discovery Already Afforded on All Topics**. The order Defendants seek concerns only documents, not testimony, yet the Letter contends—falsely—that Burford "stonewalled" deposition discovery (*id*. at 2). In fact, Burford CEO Christopher Bogart testified about all of the subjects on which further discovery is sought: ███████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████ (*see, e.g.*, Bogart Tr. (Ex. A) 49:13-60:16; 68:16-72:3; 86:5-89:3; 97:11-103:14; 107:20-108:11; 113:6-10; 117:22-118:11; 120:17-25; 122:5-123:18; 127:15-129:11; 134:7-138:17; 147:4-150:17; 164:18-169:10; 174:14-22; 179:19-180:9; 183:2-184:25; 189:13-191:14; 239:7-241:9; 248:9-254:4; 259:11-263:14). ███ but Defendants have yet to explain the relevance of these names or why such an intrusion on confidentiality would serve any purpose other than harassment. Nor do Defendants offer any sound reason for more discovery from Burford on the subjects discussed at length at the deposition. ████████████████████████████████████████████████████
██████—instructions that are unchallenged here and permitted by Rule 30(c)(2).

**Document Discovery**. Defendants disingenuously contend that Burford claims that "*all* the documents it generates in the course of its business are privileged or work product" (Letter at 3). Untrue. As set forth in Burford's Responses and Objections ("**R&Os**," Ex. B), Argentina's sweeping Subpoena seeks every document, however irrelevant, that touches on the Actions (*id*. at 7-8). Defendants cannot carry their burden of showing the relevance and proportionality of

requiring Burford to search tens of thousands of documents generated over a six-year period that did not even begin until *after* all of the events giving rise to the Actions (*id*. at 3-4, 7-9). This threshold objection is independent from Burford's assertion of work product and privilege.[1]

Nor does Burford claim that it has no responsive, non-protected documents. The Subpoena calls for public filings, disclosures and statements by Burford and its ultimate parent. Burford could have produced them, but Argentina did not want them (*id*. at 10-11). The Subpoena calls for filings in Petersen's Spanish bankruptcy proceedings. Burford did not deny having any but properly objected on the ground, among others, that those documents are duplicative of documents available from Petersen's bankruptcy receiver (*id*. at 17).

Defendants assert that Burford wrongfully failed to preserve documents related to the Actions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Bogart Tr. (Ex. A) 204:20-205:14; 213:4-22). Defendants sat on their hands and never sent a document preservation notice to Burford. Nor have Defendants shown that Burford, a non-party, was required to preserve documents absent a preservation notice.

**Failure to Demonstrate Relevance and Proportionality.** Defendants cannot establish the relevance or proportionality of the three types of documents the Letter targets, much less the vast universe sought by the Subpoena. *First*, Defendants contend that documents reflecting the negotiation of the PCPA and Burford's related due diligence—which exist because of this litigation and would not exist without it—are relevant to the defense that Petersen lacks standing because it assigned its claims to Burford. On the premise that the PCPA was an assignment to Burford under Spanish law (it was not), Argentina theorizes that Petersen lacks standing—but has failed to identify any principle of U.S. law under which Petersen's standing could be defeated by Spain's characterization of the funding transaction.[2] Nor has Argentina offered any support for its notion that Spanish law would look beyond the concededly unambiguous PCPA to determine whether—contrary to its express terms and the mutual understanding of its parties—the PCPA assigned Petersen's claims to Burford (R&Os at 9-10).

*Second*, as set forth in the R&Os (at 11-13), Defendants have not shown the relevance or

---

[1] Defendants misleadingly suggest that they sought Burford's documents in July and September, but those requests were addressed to Petersen, not Burford. *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997), does not support the fallacious notion that a non-party with a substantial interest in a case is a party for discovery purposes. Rule 34(a) is limited to discovery by "[a] party" from "any other party." Burford is not a party.

[2] Defendants do not assert relevance on the basis that Eton Park lacks standing. YPF has not pled lack of standing due to assignment. Argentina waived any champerty defense (R&Os at 9-10) and does not assert lack of standing under Fed. R .Civ. P. 17(a) or Article III. Rule 17(a)'s real-party-in-interest requirement protects Defendants from a subsequent suit by someone else who actually possesses the substantive right to recover. *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. HSBC Bank US, Nat'l Ass'n*, 331 F.R.D. 63, 70, n.2 (S.D.N.Y. 2019). Argentina does not claim that after the Actions are over, Petersen could sue it again on the same claims. Petersen manifestly meets the Article III criteria: (1) an injury in fact, (2) that is fairly traceable to Defendant's conduct, and (3) that can be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, *as revised* (May 24, 2016).

proportionality of Burford's analyses of Petersen's potential damages (which are also clearly core work product). Petersen's damages depend on the facts of the case, not on Burford's calculation of what the recovery might be. Public statements by Burford's parent on valuation of the Petersen claims are ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*see* Burford Capital 2019 Annual Rpt. (Ex. C) at 6, 9, 60-65; Bogart Tr. (Ex. A) at 250:14-21; 259:11-260:3).

*Third*, Defendants seek factual documents provided to Burford by the Eskenazis, speculating that they might reveal misconduct by the Eskenazis. Burford's searches of its files have found no such documents provided to Burford by the Eskenazis. Mr. Bogart testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Bogart Tr. (Ex. A) at 125:16-19, 141:21-143:21). The Court has issued letters rogatory directly seeking documents from the Eskenazis. There is no reason to order Burford to conduct a further search.

**Work Product & Privilege Protection**. The R&Os (at 4-5) set forth (i) the growing body of case law according work product and privilege protection to a litigation funder's communications with its client, and (ii) controlling precedent holding that, so long as a document is prepared *because of* litigation, its business purpose does not diminish work product protection. *See also* plaintiffs' November 17, 2020 letter (Dkt 207) at 5-6. The inapposite cases cited by Defendants refute none of this.[3] Defendants cannot escape the well-established rule that disclosure of work product does not waive protection unless it substantially increases the likelihood that an adversary will come into possession of the work product (R&Os at 6-7, 12).[4] Defendants point to Burford's disclosure of high level information to its parent's shareholders, and to third-party investors bound by confidentiality agreements, but do not—and cannot—claim that any disclosure by Burford has increased by one iota the chance that Defendants will get their hands on the work product they now seek (*id.*; *see also* Bogart Tr. (Ex. A) at 230:17-231:4).[5]

---

[3]   *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731 (D. Del. Feb. 9, 2018), misapplied the Fifth Circuit's "primary purpose" test for work product, which the Second Circuit rejected in favor of the "because of" test. *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998). The documents at issue are not business advice, so *Koumoulis v. Indep. Fin. Mktg. Grp.*, 295 F.R.D. 28 (E.D.N.Y. 2013), is irrelevant. Some Subpoenaed documents are privileged, but all are clearly work product, so there is no need to reach the question of privilege. *See* R&Os at 7.

[4]   In *New York Times Co. v. United States Department of Justice*, 939 F.3d 479, 496 (2d Cir. 2019), only public statements that were "sufficiently specific that they are tantamount to public disclosure of … the relevant memoranda" waived protection, and only as to the parts effectively disclosed, not the whole memoranda. In *SEC v. Vitesse Semiconductor Corp.*, 771 F. Supp. 2d 310, 314 (S.D.N.Y. 2011), a non-party had disclosed an internal investigation report to plaintiff SEC, under an agreement that allowed the SEC to disclose it to Defendants and use it against them in court. The non-party's work product assertion was insufficient to block disclosure to defendants because the SEC had determined, as was its right, that the report should be turned over to them.

[5]   Burford never refused to provide a privilege log. It has already agreed to provide a log by category (*see also* R&Os at 14). Logs are not required until *after* the resolution of relevance and burden objections. *See, e.g.*, *Grand River Enters. Six Nations, Ltd. v. King*, 2009 WL 63461, at *3 (S.D.N.Y. 2009). The Letter (at 3) cites inapt cases where parties failed to provide proper logs after orders from the Court.

3

                Respectfully submitted,

                */s/ Gregory P. Joseph*

                Gregory P. Joseph

cc:    Counsel of Record