KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

December 17, 2020

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 15-cv-2739; *Eton Park Capital Mgmt. v. Argentine Republic*, No. 16-cv-08569 (S.D.N.Y.)

Your Honor:

      I write to update the Court on the Petersen Plaintiffs' efforts to secure the cooperation of members of the Eskenazi family in discovery for this action. This letter also responds to Defendant Argentine Republic's recently filed letter, Dkt. #240 in *Petersen*, and requests a pre-motion conference so that Plaintiffs can ask that the Court order the Republic to transmit its letters rogatory to the Eskenazis by December 23, 2020.

      After the November 23, 2020 conference, Plaintiffs' counsel were contacted for the first time by counsel for members of the Eskenazi family, Steven Reisberg, of Chaffetz Lindsey LLP in New York. Mr. Reisberg represents Enrique Eskenazi, Sebastián Eskenazi, Matías Eskenazi Storey, and Ezequiel Eskenazi Storey, as well as Petersen Inversiones Spain, S.A.U.; Petersen Energia Inversora Holdings, S.A.U.; and Petersen Energia Inversora S.A. Each of these entities is independent of the Petersen Plaintiffs. Mr. Reisberg acknowledged the bankruptcy receiver's previous request for assistance from the Eskenazis. He noted that he had accessed the letters rogatory issued by the Court on the Court's docket. Mr. Reisberg stated that his clients are not subject to the jurisdiction of this Court. Nonetheless, in light of fact that the Court has issued the letters, he expressed willingness to communicate with Plaintiffs and Defendants to attempt to reach agreement to allow some voluntary production of the documents and testimony requested. Mr. Reisberg was emphatic that Plaintiffs do not have any right to require his clients to do anything, and that his clients intend to participate in this action in accordance with applicable legal protections, and in particular in accordance with the rules governing letters rogatory.

      This makes particularly galling the defendants' unjustifiable refusal to proceed with the letters they belatedly asked the Court to issue. In its December 15 letter to the Court, the

Hon. Loretta A. Preska
December 17, 2020
Page 2

Republic stated that it "learn[ed] from the Argentine Ministry of Foreign Affairs" – an agency of the Republic – "on or about December 3 that it had not yet received" the letters rogatory that the Court issued at Defendants' request nearly six weeks earlier. Dkt. #240. The Republic omits that on December 2 Plaintiffs asked the Republic for an update on the letters' progress. *See* Ex. A (Dec. 2, 2020 Ltr. from L. Harris to M. Paskin, et al.). Apparently, even though the Republic (and YPF) sought the letters rogatory—and insisted vehemently that such discovery was crucial to their affirmative defenses—neither Defendant made any effort to expedite the process or even inquire into the letters' status until Plaintiffs asked them to do so. The Republic's lawyers then spent two weeks retrieving the original letters from the State Department and initiating the kabuki of "forward[ing] them directly to the Argentine Ministry of Foreign Affairs by courier, with copies by email." Dkt. #240. In other words, the Republic has transmitted its own discovery requests to itself—as it could have months ago—and now is transparently laying the foundation to demonstrate its blamelessness for any resulting delay.

Of course, the Republic has possessed these letters since at least late September, when Defendants asked the Court to issue them. If the Republic truly wished to expedite the production of discovery it insists it requires, it would no doubt marshal its significant resources—and specifically its Ministry of Foreign Affairs—to do so. It has not and thereby reverts to a well-worn playbook. As YPF's proposed new counsel, Debevoise & Plimpton, has observed, the Republic routinely "exploit[s] the legal fiction of [its agencies'] independence unjustly and fraudulently" to avoid its financial obligations and manipulate the American judicial process. Third Am. Compl. ¶ 31, *EM Ltd. v. Republic of Argentina*, No. 06 Civ. 7792 (S.D.N.Y. Aug. 31, 2012), Dkt. #157; *see also EM Ltd. v. Republic of Argentina*, 720 F. Supp. 2d 273, 280 (S.D.N.Y. 2010) ("When the Republic wishes to use the funds of a particular entity, there is no real separation, at least to keep the Republic away from the money. But when plaintiffs in these cases are seeking to recover on their just judgment debts, the situation shifts and a wall of separation suddenly appears."), *vacated on other grounds*, *NML Capital, Ltd. v. Republic of Argentina*, 652 F.3d 172 (2d Cir. 2011).

The Republic is the rare litigant that is seeking assistance in discovery from itself. The Republic's obviously tactical refusal to move forward on the letters demonstrates, once again, that its goal is and has always been to obstruct progress in this case. Defendants should not be allowed to use their own delay as an excuse to delay this litigation further. Plaintiffs respectfully request that the Court order the Republic to transmit the letters to the Eskenazis no later than December 23, 2020 so that we may try to get the requested discovery underway.

Respectfully submitted,

*/s/ Mark C. Hansen*

Cc: All counsel of record via ECF