UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>                    Defendants. | 15 Civ. 2739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P. et al.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>                    Defendants. | 16 Civ. 8569 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    During the December 22, 2020 conference, Plaintiffs' counsel asked the Court to reconsider the Court's order, dated November 23, 2020, in which it directed the Petersen Plaintiffs to produce all documents responsive to Defendants' document requests, including any documents in the possession, custody, or control of the Eskenazi family, and to make the Eskenazis available for deposition (Order, dated Nov. 23, 2020 [dkt. no. 219 in 15-cv2739; dkt. no. 158 in 16-cv-8569)], at 2).  The

Court denies Plaintiffs' counsel's request for reconsideration and writes to reiterate the basis for its November 23 ruling.

Federal Rule of Civil Procedure Rule 34(a) provides that a party may serve a request for the production of documents that are in the possession, custody, or control of the party upon whom the request is served.  Fed. R. Civ. P. 34.  In determining whether a party has "possession, custody, or control" for the purposes of Rule 34(a), the Court may consider the "practical ability to obtain the documents from a non-party to the action." Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 149 (S.D.N.Y. 1997).  In making this determination, courts may evaluate the degree of cooperation between the party and non-party and whether the non-party has a financial interest in the outcome of the litigation, which may further incentivize cooperation.  Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y. 1992).  Non-parties should bear in mind that a "potential beneficiary of any judgment for plaintiffs . . . may fairly be expected to bear certain burdens in carrying out discovery."  Id. at 526 n.9.

As to depositions, an officer, director, or managing agent of a corporate party may be required to give testimony under Federal Rule of Civil Procedure Rule 30(b)(1). Fed. R. Civ. P. 30(b)(1).  "Although typically a corporation cannot be required to produce a former officer or agent for deposition, this rule

2

is not woodenly applied.  Rather, courts within and without this district have adopted a 'practical' approach 'that focuses not only on the formal connection between the witness and the party at the time of the deposition, but also on their functional relationships.'"  Dubai Islamic Bank v. Citibank, N.A., No. 99 CIV. 1930, 2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002) (citing, among other cases, United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 414 (S.D.N.Y. 1994) (Independent Prods. Corp. v. Loew's, Inc., 24 F.R.D. 19, 26 (S.D.N.Y.1959)(upholding deposition notices of former officers of plaintiffs who stood "ready to serve plaintiffs" despite severance of formal ties)).

Here, Petersen's witness testified that the Eskenzis created the Eskenazi-owned Petersen entities, with no employees or operations, for the specific purpose of acquiring shares of YPF.  (See Ex. 1 to Defendants' Letter, dated November 20, 2020 ("Betancor Tr."), at 187:24-188:6.)  The Eskenazis have consulted with Burford on the litigation strategy in this case and met with Burford's representatives on multiple occasions to do so.  (See Ex. 3 to Defendants' Letter, dated November 20, 2020 ("Bogart Tr.") at 122:5-123:18.)  Importantly, although Plaintiffs argue that there are creditors ahead of the Eskenazis in line who will collect on any financial recovery first, they do not dispute that the Eskenazis stand to benefit financially from the recovery sought here.  Moreover, the undisputed facts--

including the Petersen bankruptcy receiver's offer to make the company's former representatives available to potential buyers of its claims in 2014 and, more recently,[1] Plaintiffs' counsel's representations about the Eskenazis' counsel's willingness to provide voluntary discovery--further imply a practical ability to produce the discovery.  Accordingly, the Court determined that the Petersen Plaintiffs should produce the documents in the possession of the Eskenazis that are responsive to Defendants' discovery requests and to make the Eskenazis available for deposition.

In asking that the Court reconsider its November 23, 2020 order, Plaintiffs' counsel raises no new facts--only the self-serving ipse dixit that Plaintiffs are without power over the Eskenazis--or law that the Court overlooked.[2]

In any event, Plaintiffs' request for reconsideration is both untimely and procedurally improper.  Plaintiffs had 14 days

---

[1] The Court notes that it was only after its November 23 order directing the Petersen Plaintiffs to produce all documents responsive to Defendants' requests, including those in the possession, custody, and control of the Eskenazis, and to make the Eskenazis available for depositions, the Eskenazis' lawyer miraculously surfaced and offered to negotiate to effect a voluntary production of documents.  This supports the Court's earlier inference of practical cooperation between the Eskenazis and the Petersen Plaintiffs.

[2] Plaintiffs citation during the December 22 conference to Zenith Elecs. LLC v. Vizio, Inc., No. M8-85, 2009 WL 3094889 (S.D.N.Y. Sept. 25, 2009), which decided a different issue of whether "a subpoenaed domestic corporation can be compelled to produce documents held by a foreign affiliate" and found that the party seeking discovery provided no factual basis to demonstrate control, is of no moment.

4

from November 23, 2020 to file a notice of motion for reconsideration with a memorandum setting forth the issues that counsel believes the Court overlooked.  S.D.N.Y. Local Civ. R. 6.3.  Plaintiffs did neither, instead asking the Court to reconsider its ruling at a conference a month later and doing so orally.  This provides an independent basis for the Court's denial of Plaintiffs' request for reconsideration.

Accordingly, the Petersen Plaintiffs' oral request during the December 22 conference for reconsideration of the Court's November 23 order (Order, dated Nov. 23, 2020 [dkt. no. 219 in 15-cv2739; dkt. no. 158 in 16-cv-8569)]) is denied.

**SO ORDERED.**

Dated:    New York, New York
          December 28, 2020

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge

5