UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U. and PETERSEN ENERGIA, S.A.U.,<br><br>Plaintiffs,<br><br>-against -<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>Defendants. | Case No. 1:15-CV-02739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND , L.P.,<br><br>Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>Defendants. | Case No. 1:16-CV-08569 (LAP) |

**STIPULATION AND [PROPOSED] ORDER**
**PURSUANT TO F.R.E. 502(d)**

Plaintiffs Petersen Energia Inversora, S.A.U., Petersen Energia, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund , L.P.; Defendants Argentine Republic and YPF S.A.; and Burford Capital LLC ("Burford"), by and through their undersigned counsel, hereby agree and stipulate to entry of the following order pursuant to Federal Rule of Evidence ("F.R.E.") 502(d) (the "Consent Order") concerning documents and information over which Plaintiffs and Burford have heretofore asserted or anticipate asserting privileges and protections, including the attorney-client privilege, the work-product doctrine and the common interest doctrine.

WHEREAS, at the February 18, 2021 status hearing, after the parties had briefed the applicability of certain privileges and protections to Plaintiffs' documents, the Court declined to make a ruling on the applicability of any privilege on a "wholesale basis"; and

WHEREAS, the Court further ordered during the February 18, 2021 hearing that the parties meet and confer with respect to the resolution of Defendants' challenge to Plaintiffs' privilege claims, and suggested the possibility of *in camera* review of a limited number of documents to determine the applicability of the claimed privilege or protection; and

WHEREAS, Plaintiffs and Burford intend to produce to Defendants certain documents and information over which they assert claims of privilege or work product protection; and

WHEREAS, although Plaintiffs and Burford wish to facilitate the elimination of discovery disputes, Plaintiffs and Burford do not intend or wish to waive any applicable legal privileges they are entitled to assert over any document or information that they have withheld or could withhold on grounds of privilege, work product or other protection; and

WHEREAS, the parties have met and conferred concerning the scope of this Consent Order, and Plaintiffs and Burford have represented that the documents and information being disclosed pursuant to this Consent Order will be clearly identified and designated separately from any documents and information for which Plaintiffs or Burford elect to withdraw a previously asserted claim of privilege, work product or other protection (which will be separately identified).

NOW THEREFORE IT IS HEREBY AGREED [AND ORDERED]:

1. Pursuant to this Consent Order, Plaintiffs and Burford (each, a "Disclosing Party") may produce certain documents and information to Defendants (each, a "Receiving Party") over which the Disclosing Party nevertheless asserts privileges or protections, including

documents and information over which the Disclosing Party has previously asserted privileges and protections, said privileges and protections including the attorney-client privilege, the work-product doctrine and the common interest doctrine (the "Disclosed Protected Information").

2.  The Disclosing Party shall clearly identify each document included in the Disclosed Protected Information by Bates number, and shall identify the entry in their previously provided or forthcoming privilege log that corresponds to each document.

3.  Pursuant to F.R.E. 502(d), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter, and no person shall argue in this or any other forum, proceeding, or investigation that the production of Disclosed Protected Information pursuant to this Consent Order constitutes a waiver of any privilege or protection as to the particular Disclosed Protected Information produced or constitutes a subject matter waiver with respect to any other document or information relating to the subject of Disclosed Protected Information produced pursuant to this Consent Order.

4.  If any Receiving Party determines that it may disclose to the Court or in a deposition or court filing any of the Disclosed Protected Information to support its claims or defenses, or for any other purpose, in this litigation, it shall provide written notice to the Disclosing Party at least 14 days prior to such use (except that a Receiving Party may provide such notice with respect to up to 10 documents at least 3 days prior to such use ("Short-Notice Documents")).  If the Disclosing Party determines, upon receipt of such notice, that it wishes to claw back such Disclosed Protected Information, it shall do so within 7 days (2 days with respect to Short-Notice Documents) of receipt of such written notice (the "Claw Back Notice").  Unless

it contests the claim of privilege or protection with respect to such Disclosed Protected Information, the Receiving Party shall, within 14 days of receipt of the Claw Back Notice, return or destroy all copies of the Disclosed Protected Information and provide a certification of counsel that all such Disclosed Protected Information has been returned or destroyed.  If the Receiving Party contests the claim of privilege or protection as to any of the clawed-back Disclosed Protected Information, the Receiving Party must—before it discloses the Disclosed Protected Information pursuant to this Paragraph 4—move the Court for an Order compelling production of the Disclosed Protected Information (a "Privilege Motion").  The Disclosing Party shall have the burden of demonstrating the applicability of the privilege in accordance with applicable law on any Privilege Motion.  The Privilege Motion shall not assert as a ground for entering such an Order the fact or circumstances of the prior disclosure of the Disclosed Protected Information pursuant to this Order.  Pending resolution of the Privilege Motion, the Receiving Party must not disclose the Disclosed Protected Information to any person other than those required by law to be served with a copy of the Privilege Motion.  Disclosed Protected Information that has been the subject of a written notice pursuant to this Paragraph 4 and that has not been clawed back may be used by the Receiving Party in the above-captioned cases (i) subject to the Disclosing Party's and Plaintiffs' rights to object to such use on any and all grounds other than privilege or protection, and (ii) in accordance with Paragraph 3, above, such use shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection by Disclosing Party.

5.      Nothing in this Consent Order shall prevent any party from challenging any assertion of privilege, protection or immunity over a document or information disclosed pursuant to this Consent Order, or arguing that Plaintiffs or Burford have effected a subject matter waiver

in connection with actions taken (or documents or information disclosed) other than disclosure pursuant to this Consent Order. The challenging party shall be permitted to use any document or information that is the subject of this Consent Order to challenge any assertion of privilege, protection or immunity.

6. Documents and information disclosed under this Consent Order shall be subject to, and afforded the protections of, Confidential Discovery Material as defined in the Protective Order entered by the Court on September 29, 2020.

7. The parties will meet and confer after the disclosure contemplated by this Consent Order about whether and how to pursue the Court's proposal for *in camera* review of documents withheld on the basis of privilege or any other protection that are not produced subject to this Consent Order.

|  |  |
|---|---|
|  | Respectfully submitted, |
| SULLIVAN & CROMWELL LLP | KELLOGG, HANSEN, TODD, FlGEL & FREDERICK, P.L.L.C. |
| By: */s/ Robert J. Giuffra, Jr.* <br> Sergio J. Galvis <br> Robert J. Giuffra, Jr. <br> Joseph E. Neuhaus <br> Thomas C. White <br> Elizabeth A. Cassady <br> 125 Broad Street <br> New York, NY 10004-2498 <br><br> *Counsel for Defendant Argentine Republic* | By: */s/ Mark C. Hansen* <br> Mark C. Hansen <br> Derek T. Ho <br> 1615 M Street, NW Suite 400 <br> Washington, D.C. 20036 <br><br> *Counsel for Plaintiffs Petersen Energia Inversora S.A.U., Petersen Energia, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.* |

DEBEVOISE & PLIMPTON LLP

By: /s/ Mark P. Goodman
Mark P. Goodman
Shannon Rose Selden
Dietmar W. Prager
919 Third Avenue
New York, NY 10022

*Counsel for YPF S.A.*


JOSEPH HAGE AARONSON LLC

By: /s/ Gregory P. Joseph
Gregory P. Joseph
Rachel M. Cherington
Courtney A. Solomon
485 Lexington Avenue, 30th Floor
New York, NY 10017

*Counsel for Non-Party Burford Capital LLC*

KING & SPALDING, LLP

By: /s/ Reginald R. Smith
Reginald R. Smith
1100 Louisiana
Houston, TX 77002

Israel Dahan
Laura Elizabeth Harris
1185 Avenue of the Americas
New York, NY 10036


**SO ORDERED:**

Dated:  New York, New York
            March __, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge