```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9-23-21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U., <br><br> Plaintiffs, <br><br> -against - <br><br> ARGENTINE REPUBLIC and YPF S.A., <br><br> Defendants. | Case No. 1:15-CV-02739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P., <br><br> Plaintiffs, <br><br> -against- <br><br> ARGENTINE REPUBLIC and YPF S.A., <br><br> Defendants. | Case No. 1:16-CV-08569 (LAP) |

### STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] PROTECTIVE ORDER REGARDING DISCOVERY RELATED TO TESTIFYING EXPERTS

Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.; and Defendants Argentine Republic and YPF S.A., by and through their undersigned counsel, hereby stipulate and agree as to discovery related to testifying experts in the above-captioned actions (the "Actions") as follows:

1.  This Stipulation and Order shall govern discovery related to testifying experts in these Actions. The parties agree that there shall be no disclosures with respect to consulting experts. To the extent that this Stipulation and Order imposes limitations on discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the Parties agree to such limitations on discovery. Neither the terms of this Stipulation and Order nor the Parties'

agreement to them implies that any of the information exempted from discovery in this Stipulation and Order would otherwise be discoverable.

2. Each Party shall make all disclosures required by Rule 26(a)(2)(A) and B(i), (iii), (iv), (v), and (vi) of the Federal Rules of Civil Procedure, as modified by this Stipulation and Order, and shall disclose the facts, data, or foreign legal authorities (including, but not limited to, statutes, judicial opinions, and legal treatises, in whole or in relevant part), relied upon by the witness in forming his or her opinion, at the time provided in the Court's July 29, 2021 Scheduling Order (*Petersen* ECF No. 331; *Eton Park* ECF No. 262), or as provided in any subsequent scheduling order issued by the Court, for the service of written expert reports. All expert reports disclosed shall be in English or, if in Spanish (or any other language), each party shall provide to all other parties a certified English translation of such report. Within three business days after the service of written expert reports, each party shall also provide to all other parties copies (in full where reasonable, but relevant excerpts will be permissible for lengthy documents) of all non-produced documents (including, but not limited to, foreign legal authorities) relied upon by each expert witness in forming his or her opinion, but shall not be required to provide translations of such documents.

3. The following categories of data, information, documents or materials need not be produced by any Party, and are not subject to discovery in this matter, including at deposition or trial:

(a) drafts of expert witness's reports, opinions, written testimony or work papers prepared for these Actions; preliminary calculations, computations, modeling or data runs prepared in connection with these Actions; or other preliminary draft materials prepared by, for or at the direction of an expert witness; but any facts,

        data or information upon which the expert witness relies in rendering his or her expert opinion(s) in these Actions, or which form the basis of summaries or tables of information relied on by the expert in rendering the expert witness's opinion(s) in these Actions (*e.g.*, surveys and instructions for surveys), shall be produced with the disclosures described in Paragraph 2 and subject to discovery;

(b)     any notes taken or other writings prepared by or for an expert witness in connection with these Actions, including correspondence or memos to or from, and notes of conversations with the expert's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants, or attorneys for the Party offering the testimony of such expert witness, unless the expert witness relied on those notes or other writing in rendering the expert witness's opinion(s) in these Actions; and

(c)     any written correspondence between an expert witness retained for these Actions and the expert witness's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants, or attorneys for the Party offering the testimony of such expert witness, except to the extent disclosure of such communications is needed to provide the disclosures required by Rule 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi), as modified by this stipulation and order.

4.     For avoidance of doubt, notwithstanding the Federal Rules of Civil Procedure, and except for deposition questions regarding the amount of compensation paid to an expert witness, the following types of information shall not be the subject of discovery, except to the extent that an expert relied upon it in forming opinions to which the expert may testify: communications, written or otherwise, among and between (i) counsel and the expert and/or the

expert's staff and/or supporting firms; (ii) counsel and any non-testifying expert consultant and/or the consultant's staff; (iii) the expert and other experts and/or other non-testifying expert consultants; (iv) experts and their staff and/or supporting firms; (v) non-testifying expert consultants and their staffs; and (vi) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

5. The Parties agree that the information identified in, and not exempted from, Paragraphs 3 and 4 above (the "Protected Information") shall be considered attorney work product and subject to the protections from disclosure afforded to attorney work product under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The Parties further agree:

   (a) there will be no inquiries, at depositions, hearings, or trial into the existence of or nature of the Protected Information;

   (b) to the extent any Party, or a Party's counsel, obtains Protected Information through means other than discovery in any Action, they will make no use of such Protected Information in these Actions, regardless of the source of the materials;

   (c) the Parties are not required to produce or exchange privilege logs reflecting the Protected Information; and

   (d) the Party proffering the testimony of an expert witness, that Party's counsel, and the expert witness do not have any independent obligation under the terms of this Stipulation and Order to retain the Protected Information.

6. This Stipulation and Order should not be construed to preclude reasonable questions at deposition regarding the expert witness's compensation, the number of hours

expended in preparing his or her report and testimony, or any facts or assumptions provided by a Party or a Party's counsel and relied upon by that expert witness. Any answer provided by an expert witness to such questions will not constitute a waiver of any privilege or other protection afforded to the Protected Information under this Stipulation.

7. The Parties agree that, notwithstanding Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure, each Party shall pay for the fees and costs of its own experts, including the costs incurred during the preparation and taking of depositions in these Actions.

8. Nothing herein shall limit, restrict, impair or waive any Party's ability to object to the (a) admission into evidence of any summary, report, affidavit, opinion or testimony from any Party's testifying expert, or (b) qualification of any person to serve or testify as a testifying expert.

| | |
|---|---|
| SULLIVAN & CROMWELL LLP | KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. |
| By: /s/ Robert J. Giuffra, Jr.<br>Robert J. Giuffra, Jr.<br>Sergio J. Galvis<br>Joseph E. Neuhaus<br>Amanda F. Davidoff<br>Thomas C. White<br>Adam R. Brebner<br>125 Broad Street<br>New York, NY 10004-2498 | By: /s/ Andrew E. Goldsmith<br>Mark C. Hansen<br>Derek T. Ho<br>Andrew E. Goldsmith<br>1615 M Street, NW Suite 400<br>Washington, D.C. 20036 |
| *Counsel for Defendant Argentine Republic* | |
| DEBEVOISE & PLIMPTON LLP | KING & SPALDING, LLP |
| By: /s/ Mark P. Goodman<br>Donald F. Donovan<br>Mark P. Goodman<br>Shannon Rose Selden<br>Dietmar W. Prager<br>919 Third Avenue<br>New York, NY 10022<br><br>*Counsel for Defendant YPF S.A.* | By: /s/ Reginald R. Smith<br>Israel Dahan<br>Laura Elizabeth Harris<br>1185 Avenue of the Americas<br>New York, NY 10036<br><br>Reginald R. Smith<br>1100 Louisiana<br>Houston, TX 77002<br><br>*Counsel for Plaintiffs Petersen Energía Inversora S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.* |

**SO ORDERED:**

Dated: New York, New York
       September 23, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge