# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 7, 2021

Via ECF

The Honorable Loretta A. Preska,
    United States District for the Southern District of New York,
        500 Pearl Street,
            New York, NY  10007.

> Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*,
> No. 15 Civ. 2739 (LAP) ("*Petersen*"); *Eton Park Capital Mgmt. et al.* v.
> *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP) ("*Eton Park*")

Dear Judge Preska:

On behalf of Defendants the Republic of Argentina and YPF S.A. ("YPF"), we write to request a limited, 5-week extension of the rebuttal expert deadline in the above-captioned actions and corresponding further extensions of the remaining deadlines in the case schedule.

As the Court is aware, litigation "funder" Burford Capital bought the claims of the two Petersen plaintiffs (shell corporations created by the Eskenazi family) out of bankruptcy in March 2015 for €15 million.  Burford subsequently also invested in the claims of the Eton Park plaintiffs (together with the Petersen plaintiffs, "Plaintiffs"), which brought their complaint in 2016.  On September 24, 2021, the scope of the windfall Plaintiffs and Burford seek became evident when Plaintiffs served the report of their damages expert ███████████

███████████████████████████████████████████

██████ is premised on a series of legally and factually flawed theories Plaintiffs now advance for the first time through the reports of *seven* different experts, including ████████

██████████████████████ and their damages expert.

---

[1]    For example, Burford reported that at June 30, 2021, the "carrying value of the YPF-related assets (both Petersen and Eton Park combined)" was "$775 million."  Burford Capital, Interim Report 2021 at 45-46.

The Honorable Loretta A. Preska                                                    -2-

Given the enormity of the damages Plaintiffs seek and the number and scope of Plaintiffs' expert reports, more than five weeks—the period allotted under the current schedule—is needed to respond. This process is complicated by the need to coordinate with clients and experts in Argentina, to translate entire expert reports to have copies in both Spanish and English, as well as translate scores of documents, including legal authorities, relied on by the experts, and to conduct depositions in two languages—significant burdens that Plaintiffs knowingly imposed when insisting that their claims be litigated in the United States rather than in Argentina. Defendants request an additional five weeks beyond the current due date of October 29, 2021, until December 3, 2021, to serve rebuttal expert reports. Defendants seek an extension of the expert reply deadline until January 14, 2022, given the upcoming holidays. Finally, Defendants seek an eight-week period for what will now be at least 16 expert depositions, rather than the 5-and-a-half weeks in the current schedule over a period that includes the Thanksgiving, Christmas, and New Years' holidays.

Defendants raised their extension request with Plaintiffs, who summarily rejected any modification (other than offering to move damages expert depositions to early January). Plaintiffs' refusal to agree to an extension of any other dates is unreasonable given the massive damages amount Plaintiffs are seeking and the number of expert reports Plaintiffs have served.

Defendants agreed to the current schedule in good faith and in the genuine hope that the number and scope of the expert reports and depositions would permit expert discovery to be completed in what everyone understood to be a compressed timeframe, made even tighter by the holidays. Based on Plaintiffs' prior representations regarding their claims, Defendants were certainly anticipating that Plaintiffs would offer expert opinions on Argentine law and a damages opinion; however, the opinions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are new, unexpected, and likely neither admissible nor relevant. Nonetheless, Defendants need time to identify additional experts to respond to these new theories and expert opinions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Defendants do not believe that the testimony of Plaintiffs' experts will withstand scrutiny, but do need adequate time to respond.

                    *                    *                    *

Defendants recognize that the Court has previously granted, at the request of both sides, several extensions in this case to permit sufficient time to complete fact discovery, which

The Honorable Loretta A. Preska                                                    -3-

concluded on August 27, 2021.[2]  Nonetheless, the fact discovery period of approximately one year has been relatively short for an international case of this size and scope.  Likewise, the expert discovery period Defendants now seek is consonant with the number and scope of the twelve expert reports served thus far and Defendants' expectation that ultimately, there will be, with rebuttal experts, 16 or more expert reports and depositions in this matter.  Defendants seek entry of the attached revised schedule in the interest of procedural fairness to allow them sufficient time to respond to Plaintiffs' extraordinary claims.  The net effect of Defendants' requested extensions is that the parties' motions for summary judgment would be fully briefed ten weeks later than provided for in the current schedule—a modest adjustment under the circumstances.

Respectfully,

/s/ Robert J. Giuffra, Jr.

Robert J. Giuffra, Jr.

cc:      Counsel of Record

---

[2]      Defendants note that the prior extensions were largely necessitated by (i) the extensive discovery requests Plaintiffs served after representing they would be seeking "like nothing discovery," (July 9, 2020 Hearing Transcript at 27:24-28:2) when they requested a short schedule; and (ii) Plaintiffs' failure to secure and timely produce the documents of the Eskenazis.

**Proposed Revised Schedule**

| Deadline | Current | Proposed |
|---|---|---|
| **Rebuttal Expert Reports Due** | Friday, Oct. 29, 2021 | Friday, Dec. 3, 2021 |
| **Reply Expert Reports Due** | Monday, Nov. 22, 2021 | Friday, Jan. 14, 2022 |
| **Status Conference** | Tuesday, Dec. 7, 2021 | [Jan. 18 or 21], 2022 |
| **Expert Discovery Closes** | Friday, Dec. 31, 2021 | Friday, Mar. 11, 2022 |
| **Motions for Summary Judgment Due** | Thursday, Jan. 20, 2022 | Thursday, Mar. 31, 2022 |
| **Opposition to Motions for Summary Judgment Due** | Thursday, March 3, 2022 | Thursday, May 12, 2022 |
| **Replies in Support of Motions for Summary Judgment Due** | Thursday, March 31, 2022 | Thursday, June 9, 2022 |
| **Trial** | May 2022 | TBD[3] |

---

[3]     Defendants have left the trial date off of their proposed schedule given that the schedule includes a post-expert reports, pre-summary judgment status conference. Defendants submit that the parties should address the timing of the pretrial order and trial at that conference.