KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 8, 2021

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 15-cv-2739; *Eton Park Capital Mgmt. v. Argentine Republic*, No. 16-cv-08569 (S.D.N.Y.)

Your Honor:

      I write on behalf of Plaintiffs in the above-referenced cases to oppose the pre-motion letter Defendants YPF and the Argentine Republic filed seeking to extend the case schedule. *See Petersen* Dkt. 336. Defendants proposed the current schedule just three months ago, and nothing has changed since. The Court should not credit Defendants' professed surprise at Plaintiffs' damages analysis and other opening expert reports. Plaintiffs have always contended that formulas set out in YPF's bylaws would drive their damages. A substantial portion of the resulting number today is the prejudgment interest attendant to claims that have been pending for almost five years on behalf of Eton Park, and more than six years on behalf of Petersen, over a transaction that occurred nine and a half years ago. In addition, Plaintiffs told Defendants that they will not seek summary judgment on damages and proposed to extend the period for damages depositions, but Defendants refused this reasonable accommodation of their concerns.

## RELEVANT PROCEDURAL HISTORY

      The schedule in this case has been extended four times since discovery began last summer. *See Petersen* Dkts. 172, 248, 292, 319, 331. On July 16, 2021, Defendants wrote to Plaintiffs proposing what became the most recent extension. *See* Ltr. from A. Brebner to L. Harris (July 16, 2021), Ex. A. Defendants' proposal provided 35 days for rebuttal expert reports and 28 days (including Christmas) for expert depositions. *Id*. The parties reached agreement after some modest adjustments, and the Court entered their proposed schedule on July 29. *See Petersen* Dkt. 331. That schedule includes the same 35-day expert rebuttal period originally proposed by Defendants and an even longer 38-day expert deposition period (though that window now includes both Thanksgiving and Christmas).

The parties exchanged opening expert reports on September 24. Defendants served five reports and Plaintiffs served seven, including one that solely reaffirmed a report filed in 2015. On October 5, Defendants proposed extending all remaining deadlines, including doubling the rebuttal report window to 70 days and extending the expert deposition window from 38 to 63 days. *See* Email from W. Reilly to L. Harris (Oct. 5. 2021), Ex. B. Defendants explained in a meet-and-confer call that their principal concern was having enough time for expert depositions. Plaintiffs declined Defendants' proposal but offered to conduct damages-related depositions the week after the deposition deadline, noting that they do not intend to seek summary judgment on damages. *See* Email from A. Goldsmith to W. Reilly (Oct. 7, 2021), Ex. C. Defendants rejected this proposal and filed their pre-motion letter, revising the schedule they proposed to Plaintiffs by shifting one week from expert depositions to the reply report window and abandoning a trial date altogether.

## ARGUMENT

Defendants bear "[t]he burden of demonstrating good cause" for modifying the schedule. *Knoll, Inc. v. Moderno, Inc.*, No. 11 Civ. 488 AKH, 2012 WL 3613896, at *1 (S.D.N.Y. Aug. 22, 2012). The "good cause" inquiry evaluates the diligence of the party moving for the extension. *See Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007). Here, the Court should deny Defendants' request because they have not shown that, "despite . . . having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05 Civ. 3749 KMW/DF, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009).

*First*, Defendants claim that the damages Plaintiffs seek require additional time to respond. Plaintiffs, however, have said from the outset that they are entitled to damages based on the tender offer formula in YPF's bylaws. *See* Compl., *Petersen* Dkt. 1, ¶ 21. Thus, Defendants have known for six years how Plaintiffs would calculate damages.

*Second*, Defendants argue that an extension is needed because Plaintiffs served six new opening expert reports. Defendants cannot be surprised that Plaintiffs disclosed nearly the same number of new reports as they did. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79–80 (S.D.N.Y. 2012) (denying motion to extend expert discovery where plaintiffs "knew or should have known" that Defendants might present expert testimony on certain subjects). The Court explained long ago that the parties would need multiple expert submissions because Argentine law governs the dispute. *See Petersen Energia Inversora S.A.U. v. Argentine Republic*, No. 15 Civ. 2739 (LAP), 2020 WL 3034824, at *13 (S.D.N.Y. June 5, 2020).

Plaintiffs' new reports include ███████████████████████████████████████████

███████████████████████████████████████████████████
███████████████████████████████

    Defendants have not explained how any of these experts raised theories that are new or deviated from Plaintiffs' prior filings in this case. Defendants' assertion that two of Plaintiffs' experts opine on U.S. law is simply false. ██████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████ Defendants' claim of surprise over points that logically would assist the Court makes no sense.

    If anything, the opening round of reports revealed that expert discovery will be narrower than expected. As Your Honor knows, Defendants sought discovery from the Eskenazi family to support a so-called "unclean hands" defense. Defendants, however, did not submit an opening expert report addressing the doctrine under Argentine law, waiving this affirmative defense. *See Petersen* Dkt. 311 n.1 ("a party's 'opening' reports need only address issues on which that party bears the burden of proof"). This may well be because fact discovery uncovered no evidence to support any such defense, and ████████████████████████████████████████
████████████████████████████████████████████████████████

    *Third*, Defendants complain that they need time for translation of legal authorities. This burden is of Defendants' own making. Plaintiffs were willing to agree that the parties would provide each other with translations of materials on which their experts relied, but Defendants declined. *See* Email from A. Schultz to A. Goldsmith (Sept. 13, 2021), Ex. E (deleting provision for translations from draft stipulation).

    *Fourth*, departing from all five schedules previously entered in this case, Defendants' proposal contains no trial date. Defendants argue (at 4 n.3) that the parties should discuss "the timing of the pretrial order and the trial" at the "post-expert reports pre-summary judgment status conference." The parties have litigated the Petersen case for more than six years. Recognizing that the Court is busy, the Plaintiffs request that the trial date remain in place so that the parties can finally have this long-running dispute resolved.

***

    Because Defendants have not shown "good cause" for an extension, the Court should maintain the current Order.

Hon. Loretta A. Preska
October 8, 2021
Page 4

                                                Respectfully submitted,

                                                */s/ Mark C. Hansen*

Cc: All counsel of record via ECF