**ABV** Allegaert Berger & Vogel LLP

ATTORNEYS

111 Broadway, 20th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

1199 Route 22 East
Mountainside, New Jersey 07092
908.228.8500
908.228.8515 Fax

15 North Main Street, Suite 100
West Hartford, Connecticut 06107
860.785.3133
860.650.1901 Fax

www.ABV.com

David A. Berger
Direct: 212.616.7080
dberger@abv.com

August 9, 2022

**BY ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

> *Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. v. Argentine Republic and YPF S.A.*
> Case No. 1:15-cv-02739 (LAP); and
>
> *Eton Park Capital Management L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. v. Argentine Republic and YPF S.A.*
> Case No. 1:16-cv-08569 (LAP)

Dear Judge Preska:

    We write on behalf of proposed *Amicus Curiae* the Chamber of Companies (*Cámara de Sociedades*) ("CS"), which represents more than 100 member companies in Argentina and has a significant interest in the above-referenced cases. Pursuant to the Court's Individual Practices, we respectfully submit this letter to request either (i) a pre-motion conference prior to the filing of a short brief by the CS in support of Defendant YPF S.A.'s ("YPF") motion for summary judgment and its opposition to Plaintiffs' motion for summary judgment; or alternatively, (ii) that the Court waive any requirement for such a conference and treat the instant letter as a motion for leave to file an *amicus curiae* brief given the straightforward nature of the *amicus curiae* participation requested by CS's proposed motion.

    Given the important issues of Argentine law implicated, CS has followed developments in this litigation, including the parties' recently completed summary judgment briefing. After reviewing the complete summary judgment record and the briefs submitted by the parties, CS has concluded that seeking leave to submit an *amicus* brief in these cases is necessary and appropriate given the CS's interests in the issues underlying these cases and the extremely damaging consequences that will accrue to CS's membership in the event this Court rules in favor of Plaintiffs.

The CS does not seek to reargue the numerous complex legal issues raised on summary judgment by the parties; however, there are two critical issues of Argentine law central to these cases about which the CS is compelled to provide clarification. *First*, under Argentine law, there is simply no basis for the legal proposition that shareholders (whether current or former) may sue a company for damages under a breach of contract theory based on a purported breach of that company's bylaws by its shareholders. *Second*, unless otherwise expressly established in its bylaws, an Argentine company is not a guarantor of the obligations of its shareholders nor must it enforce the shareholders' obligations.

The CS's proposed brief addresses both of these legal propositions at greater length, and describes the substantial, negative implications that acceptance of either of these flawed legal propositions would have for Argentine companies and their shareholders more broadly. Indeed, a finding in favor of Plaintiffs that YPF is liable to Plaintiffs for breaching its own bylaws or is otherwise a guarantor of the obligations of its shareholders would serve to radically distort and disrupt the balance of rights, obligations, and incentives established under long-standing Argentine corporate law, and to deter the possibility of Argentine companies engaging in new listings in the United States. For example, should Plaintiffs' arguments prevail, (i) U.S.-listed Argentine companies will face the risk of a substantial increase in legal costs to address a new category of lawsuits arising from the acts or omissions of these companies' shareholders; (ii) Argentine companies would be deterred from listing in the United States as a result of these risks and uncertainties, thereby effectively barring their entry into of one of the most important, if not the most important, international capital markets in the world; and (iii) shareholders of Argentine companies listed in the United States would also face costs and distorted incentives in the face of a holding that YPF may be liable for money damages for breaching its bylaws or may otherwise be responsible as a guarantor or enforcer of its shareholders' alleged obligations. The CS's proposed brief thus offers additional insights not available from the parties regarding the potential implications of the Court's ruling in this case, and the CS respectfully submits that the proposed brief will aid the Court in its consideration of the pending motions for summary judgment.

We have contacted counsel for the parties concerning our proposed *amicus curiae* participation; Defendants have consented to CS's submission and Plaintiffs have indicated that they need additional time to consider our request. While we are hopeful that Plaintiffs will consent, in the interest of expediting the Court's consideration of our application, we are advising the Court of this application and submitting herewith a copy of the proposed *amicus* brief, along with the supporting Declaration of Uriel Federico O'Farrell, Esq. The proposed brief is 10 pages in length and, especially if the Court forgoes a pre-motion conference and permits the immediate filing of the brief, we believe its filing would not prolong the adjudication of the parties' respective motions for summary judgment.

Finally, in accordance with the Court's Individual Practices, the parties are hereby advised that their response to this pre-motion letter is due by August 12, 2022.

We thank the Court for its consideration of this request.

Respectfully submitted,

David A. Berger