UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

PETERSEN ENERGÍA INVERSORA,
S.A.U. AND PETERSEN ENERGÍA, S.A.U.,

      Plaintiffs,

      v.

ARGENTINE REPUBLIC AND YPF S.A.,

      Defendants.

------------------------------------------- x

ETON PARK CAPITAL MANAGEMENT L.P.,
ETON PARK MASTER FUND, LTD.,
AND ETON PARK FUND, L.P.,

      Plaintiffs,

      v.

ARGENTINE REPUBLIC AND YPF S.A.,

      Defendants.

------------------------------------------- x

**DECLARATION OF URIEL FEDERICO O'FARRELL**

Case Nos.
1:15-cv-02739-LAP
1:16-cv-08569-LAP

1. I am a lawyer practicing law in the Republic of Argentina and am a partner of the law firm Estudio O'Farrell, located at French 3155, piso 1, (C1425AWM) CABA Buenos Aires, Argentina.

2. I respectfully submit this declaration in support of the accompanying Brief of Amicus Chamber of Companies (*Cámara de Sociedades*) ("CS") in support of Defendant YPF S.A.'s motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment. Except as otherwise indicated, I submit this affirmation based on my personal

knowledge obtained in connection with my work as an attorney representing CS, including review of public sources, namely, the website https://bolsar.info/ administered and owned by the Buenos Aires Stock Exchange.

### A. *Cámara de Sociedades*

3. The CS is an Argentine not-for-profit civil organization founded in 1952. Its purpose is actively to promote the interests and development of Argentine companies.

4. As of March 31, 2022, the CS had more than 100 members, including 83% of the companies listed on the Buenos Aires Stock Exchange. Many of these companies also publicly offer their shares in the United States through American Depository Receipts ("ADRs"). According to information included on the website https://bolsar.info/, the Argentine companies that offer their shares through ADR represent more than 60% of the total shares issued in the Argentine capital markets.

5. The CS works with various Argentine government agencies, such as the National Securities Commission (*Comisión Nacional de Valores*), the Public Registry of Commerce, and the General Inspection of Justice (*Inspección General de Justicia*), as well as through the Argentine courts, to promote the interest of its members.

### B. Relevant Principles of Argentine Law

6. The Argentine law does not provide a basis for current or former shareholders to sue a company for damages under a breach of contract theory based on a purported breach of that company's bylaws.

7. Under Argentine law, bylaws are plurilateral agreements, and their enforcement is governed by the Argentine General Companies Law ("AGCL").

8. The AGCL does not provide for payment of damages by a company for a

violation of its bylaws by its shareholders. Rather, the AGCL has certain procedures for seeking redress for such violations:

    a.    Under AGCL Section 251, shareholders have the right to challenge the meeting at which such violation was established by means of an action against the company for the sole purpose of annulling the decision that violated the bylaws (within a three month time period).

    b.    Under AGCL Section 254, only if the shareholders' decision is declared null and void by a court, shareholders have the right to initiate an action for damages against the shareholders who voted in favor of the decision that resulted in the breach (without prejudice to any liability of directors or syndics of the company). This action can result in personal shareholder liability.

    c.    Under AGCL Section 274, shareholders have the right to initiate a liability action seeking personal liability against the directors of the company who may have participated or collaborated in the violation of the bylaws.

9. The AGCL, likewise does not provide for an action for damages against a company for breach of any obligations imposed on a shareholder, nor does it require a company to act as a guarantor of the obligations of its shareholders.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.*

Executed on August 8, 2022

                                                                       Uriel Federico O'Farrell