**Clement & Murphy**
PLLC

August 10, 2022

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

In light of CS' lack of adequate notice to the parties, the Court will reconsider its ruling.

Any entity wishing to comment further on CS' request to file an amicus brief may do so no later than Tuesday August 16, 2022.

SO ORDERED. *Loretta A. Preska*
8/10/2022

Re:   *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739 ("*Petersen*")
      *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569 ("*Eton Park*")

Your Honor:

Plaintiffs respectfully request that the Court reconsider its Orders granting the untimely request by *Cámara de Sociedades* ("CS") for leave to file an amicus brief in connection with the parties' cross-motions for summary judgment in the above-titled actions. *See Petersen* ECF No. 423; *Eton Park* ECF No. 352. CS notified the parties of its intent to file the request just before 8 a.m. on August 8, 2022, requesting a response by close of business that day. Plaintiffs replied that they would need additional time, but CS filed at close of business on August 9, 2022 without conferring further. CS should not be permitted to file an amicus brief at this late date, long after the summary judgment pleadings have closed.

As agreed by the parties and ordered by the Court, the parties moved for summary judgment on April 14, 2022, filed opposition briefs on May 26, 2022, and filed replies on June 23, 2022. *See Petersen* ECF No. 352; *Eton Park* ECF No. 282. CS's request is not timely. It arrives four months after the parties filed their motions and almost two months after the parties completed briefing. While the Federal Rules of Civil Procedure do not set a deadline for amicus briefs – or expressly address them at all – courts in this district routinely reject them when they are offered this late. *See In re Calpine Corp.*, 2008 WL 2462035, at *1 (S.D.N.Y. June 9, 2008) (denying request to file an amicus brief because the movant "waited over two months from the date Appellants' principal brief was due to motion the Court for leave to file a brief as amicus curiae and provides the Court with no explanation of why it should grant leave for such a delayed filing"); *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (finding it was "reason alone to deny the application" to file an amicus brief because it was submitted "well after defendant's much-delayed final briefing [wa]s complete"). The only federal rule discussing time for filing an amicus brief provides useful guidance. Federal Rule of Appellate Procedure 29(a)(6) requires that briefs be filed within seven days after the principal brief of the party the brief supports. This practice permits opposing parties to respond in their subsequent briefs. Appellate Rule 29 would have required CS to appear by April 21, 2022. CS offers no explanation for its decision to wait until August 9, 2022, more than three months later.

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

Hon. Loretta A. Preska
August 10, 2022
Page 2 of 2

      Nor could there be any explanation.  YPF is itself a member of CS.  *See* Amicus Curiae Brief of The Chamber of Companies (*Cámara de Sociedades*) at 1 n.1, ECF No. 422 ("CS Brief").  And the organizations share personnel.  YPF's Legal Manager for Corporate Affairs (Paola Garbi) sits on CS's ten-member board as "Pro-Secretary."  *See* Autoridades, Cámara de Sociedades, *at* https://camaradesociedades.com/directivos/.  YPF's In-House Legal Counsel (Valeria Moglia Delatorre) serves as one of just two members of CS's Legal Affairs Advisory Council, which presumably spearheaded the tardy filing of CS's amicus brief.  *See* Consejos Consultivos, Cámara de Sociedades, *at* https://camaradesociedades.com/consejos-consultivos/.  Surely, YPF's own in-house counsel had sufficient notice of the briefing schedule to allow CS to file its amicus brief before that schedule ended.  Even leaving these facts aside, CS was on notice of the lawsuits against YPF by virtue of their being "widely reported" in the Argentine press.  *Yaroshenko*, 86 F. Supp. at 290.

      CS's belated application for a pre-motion conference or leave to file an amicus brief should be denied.  CS should not "further extend these already protracted proceedings."  *Yaroshenko*, 86 F. Supp. at 290.

Respectfully submitted,

s/Paul D. Clement
Paul D. Clement

Cc:     All counsel of record via ECF