

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

August 16, 2022

BY ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Petersen Energía Inversora S.A.U. v. Argentine Republic and YPF S.A.,* No. 15 Civ. 2739 (S.D.N.Y.) (LAP) ("*Petersen*"); *Eton Park Capital Mgmt. v. Argentine Republic and YPF S.A.,* No. 16 Civ. 8569 (S.D.N.Y.) (LAP) ("*Eton Park*")

Dear Judge Preska:

      We respectfully submit this letter on behalf of Defendant YPF S.A. ("YPF") in accordance with the Court's order of August 10, 2022 (*Petersen* DE 427) and in response to Plaintiffs' letter of August 10, 2022 (*Petersen* DE 426) ("Pl. Opp.") requesting that this Court deny the motion for leave of the Chamber of Companies (Cámara de Sociedades) to file a 10-page Amicus Curiae Brief in the above-captioned actions (*Petersen* DE 420-22) (the "Proposed Amicus Brief").

      "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011). Given the role of an amicus submission is to assist the court, "district courts have broad discretion to permit or deny the appearance of an amicus curiae in a case." *Id.* at *1-2. The Proposed Amicus Brief, if accepted, may aid the Court not only by providing additional analysis under Argentine law relating to certain legal arguments advanced by the parties but, more importantly, by providing a broader and policy-related perspective as to how accepting Plaintiffs' interpretation of Argentine law and treatment of corporate bylaws – which YPF views as erroneous – would have profoundly negative implications for Argentine companies (and their shareholders) more generally, and for the Argentine capital markets.

      We disagree with Plaintiffs' assertion that the Chamber of Companies' motion should be denied as "untimely" and that submission of the Proposed Amicus Brief would somehow "further extend these already protracted cases." Pl. Opp. at 1-2. As the Court knows, unlike in federal appellate courts, neither the Federal Rules of Civil Procedure nor the Local Rules of this District nor this Court's individual practices specify any particular time period in which amicus briefs must be filed. The parties only completed their briefing in late June. In its August 9 letter to the Court, the Chamber of Companies explained that it wished to review all of the party

The Honorable Loretta A. Preska         2                    August 16, 2022

briefing before deciding whether to file its own brief.  There is nothing untimely about a non-U.S. entity representing multiple non-U.S. companies filing an amicus brief only six weeks after having the opportunity to review the parties' full set of submissions to the Court and, presumably, consulting with its members before filing.  And, although the Court is in a better position than the parties to know for sure, YPF is not aware of any reason to believe that the submission of a 10-page amicus brief less than two months after the parties completed extensive summary judgment briefing totaling nearly 400 pages in cases that have been pending for over 5 years is going to have any impact at all on the schedule.

      This situation is not unlike that in *CFPB v. RD Legal Funding, LLC*, in which Your Honor granted leave to file an amicus curiae brief submitted over a month after the close of party briefing of a motion to dismiss.  *See* Memo Endorsement & Order, 17 Civ. 890 (LAP) (S.D.N.Y. Aug. 14, 2017) (DE 54) (granting leave to American Legal Finance Association to submit amicus curiae brief). The cases cited in Plaintiffs' letter are inapposite and address circumstances where the proposed amicus submission was untimely under applicable rules or otherwise improper.  *See In re Calpine Corp.*, No. 08 Civ. 1286 (VM), 2008 WL 2462035, at *1 (S.D.N.Y. June 9, 2008) (denying as untimely a request to file an amicus curiae brief in bankruptcy appeal that was submitted after deadline provided by Fed. R. App. P. 29/Fed. R. Bank. P. 8017); *U.S. v. Yaroshenko*, 86 F. Supp. 3d 289, 290-91 (S.D.N.Y. 2015) (rejecting amicus brief as improper because it merely "comment[ed] on matters that have already been decided or that are not truly at issue" and was filed 10 months after the Defendant filed his initial motion for a new trial).  Here, the Proposed Amicus Brief has been submitted for consideration six weeks after the close of party briefing and offers a "fresh perspective" that may aid the Court in considering relevant issues of Argentine law and policy. *Yaroshenko*, 86 F. Supp. 3d at 290-91.

      Given that the Proposed Amicus Brief presents an additional and relevant perspective – including the view that Plaintiffs' unprecedented and unsupported interpretation of Argentine law would, if accepted, be damaging to Argentine companies and capital markets – YPF respectfully submits that the Court should grant the Chamber of Companies' motion for leave to file and take into consideration the points expressed in the Proposed Amicus Brief.

Respectfully submitted,

*/s/ Mark P. Goodman*
Mark P. Goodman
Shannon Rose Selden


cc:     Counsel of Record (By ECF)