

August 16, 2022

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739 ("*Petersen*")
      *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569 ("*Eton Park*")

Your Honor:

Plaintiffs in the above-titled actions write in response to the Court's order inviting further comment regarding the proposed amicus brief by *Cámara de Sociedades* ("CS"). *See Petersen* ECF No. 427; *Eton Park* ECF No. 356. Plaintiffs renew their previous objections and submit one additional piece of information obtained since they were filed.

As Plaintiffs have explained, CS's brief is untimely. It arrives over three months after the comparable deadline for appellate amicus briefs set forth in Federal Rule of Appellate Procedure 29, which sensibly requires such briefs to be filed well before the parties' final briefs, and well beyond the time limits routinely imposed by District Courts. *See Petersen* ECF No. 426; *Eton Park* ECF No. 355. CS has no valid excuse for not filing within the appropriate timeframe. As it concedes in its cover letter, CS "has followed developments in this litigation, including the parties' recently completed summary judgment briefing." *See Petersen* ECF No. 420; *Eton Park* ECF No. 349. CS's close attention to these matters is no surprise, given YPF's prominent role in the organization, and the role of YPF's In-House Legal Counsel on CS's Legal Affairs Advisory Council, specifically. *See* Consejos Consultivos, Cámara de Sociedades, *at* https://camaradesociedades.com/consejos-consultivos/.

In addition to being untimely, CS's brief may not even accurately reflect the views of its membership. The Argentine press has reported that some CS members were surprised to learn of the brief's filing and would prefer not to be involved in this litigation. *See* Sofía Diamante, *Nationalization: some companies surprised by defense by organization of YPF in New York Court* (Aug. 11, 2022), https://www.lanacion.com.ar/economia/estatizacion-sorpresa-entre-algunas-empresas-por-la-defensa-de-una-organizacion-a-ypf-en-un-tribunal-nid11082022/ (translation attached hereto as Exhibit A).

Hon. Loretta A. Preska
August 16, 2022
Page 2 of 2

The problems with CS's tardy filing underscore the wisdom of requiring aspiring amici to file before the conclusion of party briefing, so that parties can provide whatever response is warranted within the framework (and subject to the page and time limits) of the parties' merits briefing.  Without a reasonable cut-off, amicus briefs supply a vehicle for groups aligned with one party to get the last word, contrary to the Court's briefing schedule, or to delay the proceedings by prompting unnecessary briefing about the arguments of non-parties that, as this case well illustrates, often plow the same ground as the parties and parties' experts without being subjected to adversary testing via depositions and rebuttal reports.

CS's belated application for a pre-motion conference or leave to file an amicus brief should be denied.  Oral argument is the next natural step for resolving the parties' cross-motions for summary judgment.  A non-party brief filed months after the parties' papers were submitted should not delay this litigation or distract from the fully briefed arguments of the parties.

Respectfully submitted,

s/Paul D. Clement
Paul D. Clement

Cc:   All counsel of record via ECF