**ABV** Allegaert Berger & Vogel LLP

ATTORNEYS

David A. Berger
Direct: 212.616.7080
dberger@abv.com

111 Broadway, 20th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

1199 Route 22 East
Mountainside, New Jersey 07092
908.228.8500
908.228.8515 Fax

15 North Main Street, Suite 100
West Hartford, Connecticut 06107
860.785.3133
860.650.1901 Fax

www.ABV.com

August 16, 2022

**BY ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

> *Petersen Energia Inversora, S.A.U. and Petersen Energia, S.A.U.*
> *v. Argentine Republic and YPF S.A.*
> Case No. 1:15-cv-02739 (LAP); and
>
> *Eton Park Capital Management L.P., Eton Park Master Fund, Ltd.,*
> *and Eton Park Fund, L.P. v. Argentine Republic and YPF S.A.*
> Case No. 1:16-cv-08569 (LAP)

Dear Judge Preska:

   We write on behalf of proposed *Amicus Curiae* the Chamber of Companies (*Cámara de Sociedades*) ("CS"), which represents more than 100 member companies in Argentina and has a significant interest in the above-referenced cases. In response to the Court's invitation to comment further on CS's request to file an *amicus* brief,[1] we respectfully submit that the Court should continue to exercise its broad discretion to permit CS to participate in these actions as *amicus curiae* because (i) Plaintiffs do not dispute the usefulness of CS's Amicus

---

[1] *See* Memo Endorsement, Case No. 1:15-cv-02739-LAP Aug. 10, 2022, ECF No. 427; Memo Endorsement, Case No. 1:16-cv-08569-LAP, Aug. 10, 2022, ECF No. 356; *see also* Amicus Curiae Br. of [CS], Case No. 1:15-cv-02739-LAP, Aug. 10, 2022, ECF No. 425; Amicus Curiae Br. of [CS], Case No. 1:16-cv-08569-LAP, Aug. 10, 2022, ECF No. 354 (collectively, the "Amicus Brief"). CS provided the parties two full business days to consider CS's request for consent to file the Amicus Brief. Defendants YPF S.A. and the Argentine Republic consented; Plaintiffs did not indicate their position and stated they needed more time to consider the request. To ensure that no additional time passed, CS filed letter motions stating that Plaintiffs had not indicated their position. Ltr. Mot. to File Amicus Br. at 1–2, Case No. 1:15-cv-02739-LAP, Aug. 9, 2022, ECF No. 420; Ltr. Mot. To File Amicus Br. at 1–2, Case No. 1:16-cv-08569-LAP, Aug. 9, 2022, ECF No. 349.

The Honorable Loretta A. Preska
August 16, 2022
Page 2

Brief, which addresses issues regarding Argentine companies and capital markets that are within the particular knowledge of CS and not adequately addressed by the parties' briefing, and (ii) CS's application for leave to file the Amicus Brief was timely and will not cause any delay.

The Court's initial decision to permit CS's filing was well within its broad discretion to allow *amicus* briefs and fully complied with the standards applied by courts in this Circuit.  *See, e.g.*, *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1–2 (S.D.N.Y. 2011) ("The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties").  As explained in its application and in the Amicus Brief, CS is uniquely situated to provide the Court with an important, independent perspective on Argentine corporate law and the potential significant implications of the Court's ruling on Argentine companies and their shareholders that extend far beyond the interests of the parties to this litigation.  CS will not reiterate those points herein, as Plaintiffs do not dispute CS's interest in these actions or the usefulness of CS's Amicus Brief in aiding the Court in its understanding of the issues.  *See* Letter, Aug. 10, 2022, ECF No. 426 ("Pl. Letter").  For that reason alone, the Court's initial decision should not be reversed.  *See C&A Carbone, Inc. v. Cty. of Rockland, NY*, No. 08-cv-6459-ER, 2014 WL 1202699, at *3–4 (S.D.N.Y. 2014) (granting motion for leave to file an *amicus* brief considering only whether the brief aided the court's understanding of the issues).

Plaintiffs' sole ground for asking the Court to reverse its earlier decision is that our submission was purportedly untimely.  Pl. Letter at 1–2.  Contrary to Plaintiffs' suggestion, "timeliness" is not measured by the length of time after party briefing that the proposed *amicus* brief is submitted.  Rather, a filing is timely if it does not cause "unnecessary delay."  *See Pratt v. Indian River Cent. Sch. Dist.*, 7:09-CV-0411 (GTS/GHL), 2010 WL 11681606, at *3 (N.D.N.Y. 2010) ("a motion for leave to participate as amicus curiae is not untimely simply because cross-motions for summary judgment have already been fully submitted.  Rather, the motion is untimely if it is filed after judgment has been rendered on those motions" (internal quotation marks and citations omitted)); *Andersen v. Leavitt*, No. 03-cv-6115 (DRH)(ARL), 2007 WL 2343672, *6 (E.D.N.Y. 2007) ("granting the County's Motion for Leave will not cause *unnecessary* delay" (emphasis in original)).  Thus, in *Andersen*, the court accepted an *amicus* brief filed "one year after Defendants served their initial motion for summary judgment, and five months after briefing of summary judgment motions was completed."  *Andersen*, 2007 WL 2343672 at *5–6.  Likewise, *Pratt* permitted an *amicus* brief where the request was filed one month after briefing of a summary judgment motion was completed, 2010 WL 11681606 at *2, *4, while *C&A Carbone* accepted an *amicus* brief six weeks after a summary judgment motion was filed.  *See* Civil Docket for Case No. 1:08-cv-06456-ER, ECF Nos. 96, 100, 116.

Plaintiffs rely heavily on the inapplicable Fed. R. App. P. 29(a)(6), which provides that *amicus* briefs in *appellate* proceedings must be filed within seven days after the principal brief of the party being supported.  There is no analog to this rule in the Federal Rules of Civil Procedure, an omission that in itself makes clear that a strict deadline such as the one

The Honorable Loretta A. Preska
August 16, 2022
Page 3

established by Fed. R. App. P. 29(a)(6) is not appropriate in trial court proceedings. For that reason, Plaintiffs' reliance on *In re Calpine Corp.*, No. 08 Civ 1286(VM), 2008 WL 2462035 (S.D.N.Y. 2008), is inapposite. While *Calpine* interprets and applies Fed. R. App. P. 29, the *Calpine* court was sitting as an appellate court on appeal from a bankruptcy court decision, in which capacity the Federal Rules of Bankruptcy Procedure impose a requirement of filing within "7 days after the principal brief of the party being supported" that tracks Fed. R. App. P. 29(a). *See* Fed. R. Bankr. P. 8017(a)(6). As such, *Calpine* is inapplicable to a case such as this one where the Court is not acting in an appellate capacity. Likewise inapplicable is Plaintiffs' other case, *United States v. Yaroshenko*, 86 F. Supp. 3d 289 (S.D.N.Y. 2015), a criminal case where the court saw "no benefit" to the perspective offered by the proposed *amicus*, *id.* at 291, and which involved extreme delay unlike anything at issue here. *See id.* at 289–90 (Russia sought leave to appear as *amicus* in 2015, *ten months* after filing of defendant's post-trial and-appeal motion, and *five years* after it had the opportunity to address essentially the same issues in connection with defendant's pre-trial motion).

Here, CS moved for leave to file its Amicus Brief just six weeks after briefing of the summary judgment motion was completed. Although Plaintiffs contend that CS should have sought leave to file an *amicus* brief earlier, CS acted promptly to make a final decision approving the proposed submission after it reviewed the parties' completed submissions and concluded that CS's unique interest and perspective would aid the Court. Six weeks is hardly an unreasonable delay, particularly considering that CS is an organization that operates in another language (Spanish) and that represents over 100 members, all of whose interests must be considered.

Finally, CS respectfully submits that the Amicus Brief will not unnecessarily delay the Court in rendering its decision on the motions for summary judgment. The Amicus Brief is only 10 pages in length and addresses just two points, each of which is distinct from the issues raised by the parties and apprises the Court of anticipated consequences for Argentine companies and capital markets of Plaintiffs' interpretation of Argentine law. Therefore, we respectfully would suggest that the Court may appropriately use the Amicus Brief to aid it in its decision without causing any unnecessary delay.

For the foregoing reasons, CS respectfully requests that, on reconsideration, the Court continue to exercise its discretion in accepting the Amicus Brief for filing.

Sincerely,

David A. Berger

cc: All counsel of record (*via ECF*)