UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. AND PETERSON ENERGÍA, S.A.U.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>                    Defendants. | 15 Civ. 2739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P. et al.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>                    Defendants. | 16 Civ. 8569 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

        Before the Court is the motion of non-party Chamber of
Companies ("CS") for leave to file an amicus brief in connection
with the pending cross-motions for summary judgment in these
matters.  (Dkt. no. 420-422.)[1]  The cross-motions for summary
judgment were fully briefed as of June 23, 2022 (see dkt. nos.
403-414), and CS filed its motion for leave to file an amicus
brief some six weeks later, on August 9, 2022 (dkt. no. 420).

_____

[1]     Unless otherwise indicated, all references to documents on
the docket are to Case No. 15 Civ. 2739.

1

On August 10, 2022, the Court granted CS's motion by memo
endorsement.  (Dkt. no. 423.)  Later that day, Plaintiffs moved
for reconsideration and requested an opportunity to be heard on
the motion.  (Dkt. no. 426.)  Upon receiving Plaintiffs' letter,
the Court granted the motion for reconsideration (based on CS's
providing insufficient time for comment to the parties) and
invited any additional comment on CS's motion for leave to file
an amicus brief.  (Dkt. no. 427.)  On August 16, 2022, the Court
received letters from each of (1) Plaintiffs, (2) Defendant the
Republic, (3) Defendant YPF, and (4) CS.  (Dkt. nos. 428-431.)
CS submitted a supplemental response on August 17, 2022.  (Dkt.
no. 432.)

"[D]istrict courts have broad discretion to permit or deny
the appearance of an amicus curiae in a case."  Auto. Club of
New York, Inc. v. Port Auth. of New York & New Jersey, No. 11
Civ. 6746 (RJH), 2011 WL 5865296, at *1-2 (S.D.N.Y. Nov. 22,
2011).  "The usual rationale for amicus curiae submissions is
that they are of aid to the court and offer insights not
available from the parties."  Id. at *1.  But courts in this
district routinely reject untimely filed amicus briefs.  See,
e.g., United States v. Yaroshenko, 86 F. Supp. 3d 289, 290
(S.D.N.Y. 2015).  That is because, as a general matter, the
parties to the case or controversy before the Court should have
the opportunity to engage with the arguments and perspectives of

2

amici without resorting to supplemental briefing, which might unduly delay the proceedings or unduly prejudice one or more of the parties.  As Plaintiffs put it, "[w]ithout a reasonable cut-off, amicus briefs supply a vehicle for groups aligned with one party to get the last word, contrary to the Court's briefing schedule, or to delay the proceedings by prompting unnecessary briefing about the arguments of non-parties."  (Dkt. no. 430 at 2.)  And, indeed, CS concedes that its proposed amicus brief "provide[s] the Court with an important, independent perspective on Argentine corporate law and the potential significant implications of the Court's ruling on Argentine companies and their shareholders that extend far beyond the interests of the parties to this litigation."  (Dkt. no. 431 at 2.)

That CS's motion came more than six weeks after the parties had completed briefing on the cross-motions does not necessarily warrant denial of CS's motion.  See, e.g., Andersen v. Leavitt, No. 03-cv-6115 (DRH)(ARL), 2007 WL 2343672, *5-6 (E.D.N.Y. Aug. 13, 2007).  A court may determine that the perspectives offered by an amici are helpful and do not, in fairness, require an opportunity by the parties to respond.  But that is not the case here.

CS's brief injects new material into the litigation to which the parties ought to have had--but did not have--the opportunity to respond, which raises fairness issues and the

3

possibility of undue prejudice to one or more of the parties.
See Waste Mgmt. of Penn, Inc. v. City of New York, 162 F.R.D.
34, 36 (M.D. Pa. 1995) ("The named parties should always remain
in control, with the amicus merely responding to the issues
presented by the parties.  An amicus cannot initiate, create,
extend, or enlarge issues . . . ."); Andersen v. Leavitt, No.
03-CV-6115 (DRH)(ARL), 2007 WL 2343672, at *2 (E.D.N.Y. Aug 13,
2007) ("[A]n amicus curiae brief should not be used to address
wholly new issues not raised by the parties.").  The Court must
therefore balance its interest in hearing the perspectives of
amici and amicis' interests in being heard against the interests
of the parties in the timely and efficient disposition of their
controversy in a predictable manner.

The Court concludes that CS's proposed amicus brief is of
little aid to the Court in resolving the cross-motions, and the
burden to the court system and the parties in accepting the
amicus brief with or without supplemental briefing outweighs any
benefit the Court might derive from CS's offering.  Ordering
supplemental briefing would permit the parties to respond to CS,
but it would unnecessarily delay these proceedings.  And
accepting CS's amicus brief without supplemental briefing would
be unfair both to Plaintiffs and to the Court, as the Court
would not benefit from Plaintiffs' probing of CS's views, which

under the circumstances would only further diminish any benefit

CS's brief might offer.

Accordingly, CS's motion for leave to file an amicus brief

is denied.  The Court declines to exercise its discretion to

accept an amicus brief that would either result in a further

delay in the proceedings or in unnecessary unfairness to

Plaintiffs, all to allow the late entry of an amicus whose brief

offers little aid to the Court.

**SO ORDERED.**

Dated:   New York, New York
         August 18, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge