KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

April 14, 2023

*Via Electronic Mail*

The Honorable Loretta Preska
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 1007

      Re:    *Petersen Energía Inversora S.A.U.*, *et al.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP) ("*Petersen*"); *Eton Park Cap. Mgmt. et al.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP) ("*Eton Park*")

Dear Judge Preska:

      I write on behalf of Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. as directed by the Court's March 31 order (*Petersen* ECF No. 437; *Eton Park* ECF No. 366).

      Plaintiffs expect that a one-day hearing will be sufficient to address the limited issues that remain open between Plaintiffs and Defendant Republic of Argentina: "identify[ing] [within the period from April 16 to May 7, 2012] the date on which the Republic triggered its tender offer obligation," and setting "the precise rate" the Court will use for prejudgment interest, within the range of "the commercial rate[s] applied by Argentine courts" (Order at 58, 63). Accordingly, Plaintiffs propose that the Court schedule the hearing for the earliest available date on or after May 8, 2023, and that the parties submit to the Court witness and exhibit lists 14 days before the hearing. If the Court could provide a sense of the timeframe in which it might be available, the parties could advise of any irreconcilable conflicts by the parties' lead counsel or potential witnesses.

      The Republic contends that the Court should retain the protracted pre-trial procedure on which the parties agreed in the event of denial of summary judgment and a full trial, and that the Court ordered on February 8, 2022, before the parties filed their summary judgment briefs (*Petersen* ECF No. 350; *Eton Park* ECF No. 280). That schedule called for the parties to file the pretrial order normally required by the Court's Individual Practice 3.A (including, for example,

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Loretta Preska
April 14, 2023
Page 2

summaries of claims and defenses) 60 days after the Court's ruling on the summary judgment motions; other filings normally required by the Court's Individual Practice 3.B (such as motions in limine) 90 days after the Court's ruling; and trial 115 days after the Court's ruling. This would push a hearing to late July.

But that lengthy schedule was proposed to accommodate the possibility of the Court denying the summary judgment motions. It contemplated a full merits trial on all issues, with both the Republic and YPF S.A. as defendants. Now that the Court has resolved nearly all issues and eliminated YPF from the proceedings, neither the parties nor the Court requires a full pre-trial process.

Plaintiffs respectfully request that the Court schedule a short hearing as promptly as possible, so that these long-running cases can reach their conclusion.

Respectfully submitted,

*/s/ Mark C. Hansen*
Mark C. Hansen

cc:   Counsel of Record