

May 7, 2023

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739 ("*Petersen*")
         *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569 ("*Eton Park*")

Your Honor:

      Plaintiffs write to oppose Argentina's request for oral argument on its motion for reconsideration of the Court's summary judgment rulings in the above-referenced cases, and to object to Argentina's introduction in its reply brief of purportedly newly available "evidence." *See Petersen* ECF Nos. 445 (Argentina's Reply Mem. of Law in Supp. of Its Mot. for Recons. (the "Reply")), 446 (request for oral argument); *Eton Park* ECF Nos. 374 (Reply), 375 (request for oral argument).

      After the Court has methodically gone through all the disputed issues, and narrowed what remains to just two discrete questions, Argentina is trying to end-run this Court's proceedings. Without seeking leave from this Court, Argentina, with the apparent blessing of its U.S. counsel, has procured a new Argentine law opinion in the form of an extraordinary advisory opinion that was sought to review this Court's summary judgment opinion and "support . . . the defense of the Argentine Republic." *See* Reply Ex. 1; Reply Ex. 3 at 4. That is not "newly discovered" evidence. It is an extraordinary effort to collaterally attack this Court's opinion and prolong these proceedings indefinitely. The opinion suffers from myriad flaws Plaintiffs could set out if the Court deems it useful.[1] But in the first instance Plaintiffs prefer not to play into this effort to delay this Court's proceedings and the ultimate day of reckoning for Argentina.

---

[1] This Court may not be surprised to learn that a judge's issuance of an advisory opinion about a case that is not pending before her is unlawful not only for U.S. federal judges under Article III of the U.S. Constitution but also for Argentine judges under the Argentine Constitution. *See In re Rico, Aldo; Etchenique, Roberto A.; Muruzábal, Hilario Raúl; Nuñez, José L. y Del Castillo, Fernando Raúl s/ su presentación*. R 63 XXIX 20/08/1996 Fallos: 319:1654 ("[T]he organs of the National Judicial Branch are tasked with determining what the law is, but only within the context of a 'case' or 'controversy,' and not within the framework of so-called advisory opinions."). Nor may it be surprising that Argentina handpicked for its unlawful advisory opinion a judge who has been accused of misconduct in connection with her close relationship

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

Hon. Loretta A. Preska
May 7, 2023
Page 2

      Nothing in the reconsideration briefing suggests that oral argument is required. Argentina principally rehashes its smear campaign against highly respected Argentine legal scholars.  *See Petersen* ECF No. 402 at 27 n.6; *Eton Park* ECF No. 332 at 27 n.6 (Defendants' opposition to summary judgment making same attacks).  Those attacks are no more persuasive than they were the first time.  Argentina even argues yet again, Reply 4 n.2, consistent with its unauthorized effort to procure an advisory opinion, that this case should be heard by Argentine courts, which this Court rejected nearly three years ago, *Petersen* ECF No. 161; *Eton Park* ECF No. 105.  On the one issue about which the Court indicated it did desire additional submissions — the operative date for the tender-offer obligation — the briefing shows there is no material dispute.  Argentina still has not advanced any reason, let alone provided any evidence, as to how the operative date could possibly be anything other than April 16, 2012, the date its own officials admitted was the operative date, both in real time when the change in control occurred and in hindsight when settling with Repsol.

      Plaintiffs have been waiting more than a decade for justice, and Defendant's efforts to collaterally attack this Court's order and needlessly prolong the proceedings should not be rewarded.  The Court should deny the motion without oral argument.

                                                       Respectfully submitted,

                                                       */s/Paul D. Clement*
                                                       Paul D. Clement

Cc:    All counsel of record via ECF

---

with Rafael Manóvil, Argentina's hired expert witness in this case.  *See* https://bit.ly/3LK7l3P (Aug. 31, 2022) (setting forth criminal accusation) (last visited May 7, 2023).