**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

May 31, 2023

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY  10007.

        Re:    *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP) ("*Petersen*"); *Eton Park Capital Mgmt. et al.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP) ("*Eton Park*")

Dear Judge Preska:

        On behalf of the Argentine Republic, I write to provide its position on how to proceed in light of the Court's May 24, 2023 order.  As directed by the Court, the parties have conferred and agreed to a June 23, 2023 date for the submission of a joint pretrial order but disagree on certain scheduling issues with respect to the upcoming trial.  The Republic still believes that the trial should commence on or after July 24, which is what the parties agreed and the Court so ordered in its February 2022 scheduling order. (*See Petersen* ECF No. 441 (citing ECF No. 350).) The Republic estimates that the trial of the remaining multi-billion dollar damages issues will take three to four days.  Plaintiffs, on the other hand, demand that the Court short-circuit the Republic's ability to present its defense with a rushed one-day "hearing" scheduled any time after June 23.  Plaintiffs' approach would severely prejudice the Republic.

        As the Court is aware, the upcoming damages trial will involve the resolution of two questions that may have a multi-billion dollar impact on the Court's calculation of damages.  These questions involve: (i) "the precise date on which the Republic occupied 51% of YPF's shares or precisely what 'occupation' of the shares entailed and whether such 'occupation' is equivalent to 'control' of those shares" under Argentine law; and (ii) the "precise rate" of prejudgment interest to be applied to any judgment. (March 30 Order at 56-58, 62-63; May 24 Order at 9-10.)  Because of the enormous financial stakes, and the realities of a trial involving a foreign state and witnesses located 5,300 miles from New York, a trial before July 24 is not practical or realistic.  The trial on the remaining damages issues will require the testimony of multiple witnesses, some of whom will need translation from Spanish to English.  As the Republic explained in its April 14 letter (ECF

The Honorable Loretta A. Preska                                                                                           -2-

No. 441), Plaintiffs (through three experts, Profs. Alfredo Rovira, Alejandro Garro, and Alberto Bianchi) contend that the Republic controlled 51% of YPF's shares on April 16, 2012, the date that the Republic issued the Intervention Decree.  The Republic will show at trial that Plaintiffs' experts are wrong through the testimony of its Argentine law experts:

- **Prof. Rafael Manóvil**, the Republic's private law expert and the preeminent corporations law scholar in Argentina, who will testify, among other things, that the intervention did not grant the Republic control over any shares in YPF.  Prof. Manóvil is also expected to testify as to the prejudgment interest rates applied by Argentine courts in commercial disputes;

- **Judge Alejandro Uslenghi**, the Republic's public law expert and a former judge of the Argentine Federal Court of Appeals on Administrative Matters, who will testify as to the effects of the April 16, 2012 Intervention Decree and the temporary occupation of Repsol's shares authorized by Argentine Law 26,741 (the "YPF Expropriation Law"), which became effective only on May 7, 2012; and

- **Prof. Alfonso Santiago**, a well-regarded scholar on Argentine public law, who may also rebut the opinions of Plaintiffs' experts and testify as to the timing and nature of temporary occupation as a matter of Argentine law.

In addition to these experts, the Republic also is seeking to identify whether one or more fact witnesses may be available to testify as to the timing and effects of the intervention and temporary occupation.

Finally, as to witnesses, the Republic expects that both sides will present the testimony of their damages experts (for Plaintiffs, Prof. Daniel Fischel, and for the Republic, Prof. Jeffrey Harris) as to the quantification of damages and prejudgment interest.

Accordingly, in light of the foregoing, we expect the Republic's case to take approximately two days to present, and estimate a three- to four-day total trial length.  This period would also include time for argument on the remaining issues to be tried, which the Republic respectfully requests.

The length of this proposed trial is entirely justified by the fact that Plaintiffs seek the largest judgment ever entered in the history of the Southern District of New York.

Plaintiffs have stated that they are agreeable to the June 23, 2023 date for the submission of the joint pretrial order.  Plaintiffs have also stated they are agreeable to pretrial memoranda (albeit of up to only 5 pages).  The Republic submits that 5 pages is not sufficient for meaningful pretrial memoranda on the very consequential issues that must be resolved and proposes the following pretrial schedule consistent with the Court's individual practices:

The Honorable Loretta A. Preska                                                                -3-

| | |
|---|---|
| June 14, 2023 | Exchange of each side's draft joint pretrial order sections (per the Court's Individual Practice 3.A), including proposed stipulations, witness lists, exhibit lists (other than demonstratives or cross/rebuttal exhibits) and deposition designations. |
| June 21, 2023 | Exchange of responses to proposed stipulations, objections to exhibits and objections and counter-designations to deposition designations. |
| June 23, 2023 | Submission of joint pretrial order. |
| 15 days before the date of commencement of trial | Motions addressing any evidentiary or other issues to be resolved *in limine.*<br><br>Pretrial memoranda (up to 20 pages).[1]<br><br>Exchange of translations of any legal authorities or exhibits on which each side intends to rely at trial in its case in chief (to the extent not previously submitted). |

\*    \*    \*

The Republic respectfully requests that the Court enter the foregoing pretrial schedule and set the trial to commence on or after July 24, 2023.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:    Counsel of Record (via ECF)

---

[1] Given the Court's prior orders and the issues for trial, the Republic proposes that each party's "statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element" (*see* Court's Individual Practice 3.B) be incorporated within the pretrial memoranda to the extent needed.