KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

June 16, 2023

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re:   *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739 ("*Petersen*")
   *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569 ("*Eton Park*")

Dear Judge Preska:

   The parties have conferred since Wednesday's status conference and have reached partial agreement on the remaining issues.

   We start with the points of agreement.

   1. The parties concur that the trial should not begin on July 21. Both parties would prefer to avoid non-contiguous trial dates. Moreover, Plaintiffs are willing to accommodate Mr. Guiffra's preference not to start on July 21 given his scheduling conflict on July 17-20.

   2. The parties agree that the trial should have a firm end date of July 28, and that there should be strict allocation of time to ensure that the trial is completed by that date.

   3. The parties agree that pre-trial briefs of no more than 10 pages shall be filed on July 14.

   4. The parties agree that post-trial briefs of no more than 15 pages shall be filed by August 4.

   5. Plaintiffs intend to call Daniel Fischel and Alberto Bianchi in their case in chief. Defendant intends to call Rafael Manovil and Alejandro Uslenghi in its case in chief.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
June 16, 2023
Page 2

    Plaintiffs may also call Alejandro Garro and Alfredo Rovira as rebuttal witnesses. Defendant may also call Jeffrey Harris and Alfonso Santiago as rebuttal witnesses.

6. Defendant's letter brief of not more than three pages regarding the relevance of Mr. Diez's proffered testimony shall be filed on June 16; Plaintiffs' response shall be filed on June 20; and Defendant's reply shall be filed on June 21.

7. The parties will work together to attempt to come up with a stipulation of facts to streamline some of the testimony and to come up with a stipulation on the pretrial admission of exhibits and deposition testimony. The parties will confer on appropriate deadlines for those stipulations.

    Regrettably, the parties have not been able to reach agreement on three other issues. First, Plaintiffs propose a two-day trial on July 27 and 28. Second, Plaintiffs propose to have closing arguments, but not opening arguments, as the parties will already have submitted 10-page pre-trial briefs and dispensing with openings would accommodate Mr. Clement's need to present oral argument to the Fifth Circuit on July 25 and add efficiency. Third, to ensure that any trial finish on July 28, Plaintiffs propose a chess clock system with an equal division of time between the two sides, with each side free to use its allotment as it sees fit.

    Plaintiffs submit that a two-day trial starting on July 27 – rather than a three-day trial starting on July 26 – is appropriate given the narrow issues that remain and is more consistent with this Court's indication that the truth lay in between plaintiff's suggestion of a one-day trial and defendant's preference for a three-day trial. Given the Court's intimate familiarity with the facts and the legal issues, we expect that both parties will get right to the heart of the matter. We also do not expect ancillary issues that would bog down the presentation of evidence. As Mr. Guiffra stated at the status conference, the parties do not anticipate motion practice, beyond the letter briefs regarding Mr. Diez that will already have been exchanged. The parties have also agreed to confer in advance of trial to reach factual stipulations and agreement on the admissibility of exhibits and deposition testimony.

    A two-day trial would also be more appropriate because of Mr. Clement's Fifth Circuit oral argument in New Orleans on July 25. Especially given the challenges of summer travel, a July 26 start date creates a material risk that Mr. Clement will not be present for the opening of trial, which would be highly prejudicial to Plaintiffs. If the Court is inclined to start on July 26, Plaintiffs request that the trial start after lunch, to minimize the risk that Mr. Clement is unavailable.

    Plaintiffs believe that opening arguments are unnecessary given that the parties will have already submitted 10-page pretrial briefs and given the duplication inherent in having opening and closing argument less than 72 hours apart in a bench trial. Thus, for efficiency, Plaintiffs

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
June 16, 2023
Page 3

propose that the parties proceed directly to the presentation of the evidence. It would be more efficient and productive for further argument by counsel to await the conclusion of the presentation of evidence. Moreover, it is doubly important not to have opening arguments if the Court elects to commence on July 26, as Mr. Clement simply will not have enough time to prepare properly, and given that we are already accommodating Mr. Guiffra's plans, fairness dictates not putting Plaintiffs in that position.

      Finally, Plaintiffs propose a standard chess clock with equal division of time between the two sides. The Republic, by contrast, proposes to allocate time based on good-faith estimates of the length of direct, cross, and redirect examination for each witness. It will be inordinately difficult to for the parties to make reliable time estimates (especially for cross and redirect) for each witness. And such an approach will lead to inevitable fighting and inefficiency during trial when the estimates prove to have been inaccurate.

      We appreciate the Court's time and look forward to its directions on these matters.

Respectfully submitted,

*/s/ Derek T. Ho*
Derek T. Ho

Cc:    All counsel of record via ECF