# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

———

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

June 19, 2023

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
      500 Pearl Street,
         New York, NY 10007.

        Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP) ("*Petersen*"); *Eton Park Capital Mgmt. et al.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP) ("*Eton Park*")

Dear Judge Preska:

      On behalf of the Argentine Republic, I respond to Plaintiffs' letter of Friday evening regarding the upcoming trial.

      The Republic has sought in good faith to reach agreement with Plaintiffs on all procedural issues in a manner that would not prejudice either party and would accommodate Plaintiffs' counsel's schedule. To that end, the Republic has made concessions so that the parties could reach agreement on the seven procedural issues set out in Plaintiffs' letter. Despite this, Plaintiffs have stubbornly refused to agree to a July 26 start date for the trial unless the Republic waives the presentation of a 30-minute opening statement and agrees to a strict, equal allocation of time during the trial, enforced by a "chess-clock," even though Plaintiffs have indicated that they can put their case on in half a day, while the Republic needs somewhat more time. Plaintiffs' positions are unreasonable and should be rejected. Three days is the bare minimum time to spend on a trial where literally billions of dollars are at stake, and the Court can control the time the parties spend on their respective cases and cross-examinations to complete the trial within the allotted time.[1]

---

[1] The trial can be completed in as few as three days only if Plaintiffs no longer seek consequential damages, as their filings suggest. (*See Petersen* ECF No. 438 at 1; *Eton Park* ECF No. 367 at 1.) If Plaintiffs were seeking consequential damages, the trial would likely take weeks, as the parties

The Honorable Loretta A. Preska                                                                                     -2-

*First*, Plaintiffs claim that the trial should be limited to July 27 and 28, principally because one of their lead lawyers, Mr. Clement, is presenting argument before the Fifth Circuit on the morning of July 25 and would like a buffer day in light of the "challenges of summer travel." Respectfully, Mr. Clement's travel schedule should not be the basis for determining the length of a multibillion-dollar trial against a sovereign nation, particularly when the parties long ago negotiated a schedule that set a trial date for **on or after July 24**. (*See Petersen* ECF No. 350; *Eton Park ECF* No. 280.) In any event, Plaintiffs concede that they *could* start the trial on July 26. Given that concession, there is no reason the trial should not start on that date, particularly if the Court wishes to complete the trial by Friday, July 28, and not have the trial extend into August.

Plaintiffs also try to justify their two-day proposal on the basis that only "narrow" issues remain for trial. Not true. The two issues involve the interpretation of both Argentine law and certain disputed factual issues over the date when the Republic "occupied" Repsol's YPF shares. In the interests of keeping the trial short, the Republic has pared its witness list down to between three and five. Plaintiffs maintain that they need to present between two and four witnesses. Presenting testimony from up to nine witnesses, some of whom will need to testify through a translator, will likely take three days. At the end of the trial, particularly given the multi-billion dollar stakes, the Court will presumably wish to hear closing argument, during which it can question counsel on the points raised during the trial.

*Second*, Plaintiffs maintain that "fairness demands" that there not even be 30-minute openings if the trial begins, as it should, on July 26—again, citing Mr. Clement's need to travel the day before, and because supposedly the Court "accommodat[ed]" Mr. Giuffra's schedule by not beginning the trial a week earlier. This is the world upside-down. Mr. Giuffra set his schedule in reliance on the parties' stipulation that trial could begin on July 24, at the earliest. (*See Petersen* ECF No. 350; *Eton Park ECF* No. 280.) The only reason the trial cannot commence *on* July 24 is that Mr. Clement is not available that day and the next. The Court is accommodating *Mr. Clement's* schedule by starting the trial no earlier than July 26, even though the parties had agreed that the trial could begin no earlier than July 24. Delaying the start of trial to July 26 is an appropriate accommodation, but the Republic should not lose its opportunity to make a 30-minute opening statement because of Mr. Clement's travel plans. If Plaintiffs are concerned about "duplication" in having openings and closings too close together, they of course can forgo any part of their presentation or have Mr. Hansen, who has been Plaintiffs' lead counsel in this Court and is a highly experienced trial lawyer, present Plaintiffs' short opening. In the Republic's view, not allowing the Republic to make a 30-minute opening statement for the sake of "efficiency" in a trial involving billions of dollars would be prejudicial to the Republic which, as the Defendant, will not present its case until after Plaintiffs have put on theirs. Indeed, the Court's questions during openings may allow the parties to tailor their presentations, including witness testimony.

*Third*, Plaintiffs insist on an equal time split on a "chess clock" system irrespective of the length of the trial or the parties' expected witnesses. The Republic submits that no rigid division of time is needed, especially given that Plaintiffs have consistently stated, and specifically

---

litigate over whether there is a basis for such damages. The Court should require Plaintiffs to explicitly confirm that they no longer seek consequential damages.

The Honorable Loretta A. Preska                                                                                    -3-

represented at the June 14 conference, that they expect the entire trial to take only a day, suggesting their case will require only half a day.  The parties can be guided by the Court during trial, with all parties understanding that the trial, assuming it begins on the morning of July 26, must end by Friday, July 28.

*Finally*, while the Republic does not currently anticipate further evidentiary motions beyond the letter briefing being submitted with respect to Mr. Diez's testimony, as the parties discuss exhibits and the expected testimony at trial, additional issues may arise.  The Republic submits that to the extent any additional issues need to be briefed *in limine*, they be addressed through letter briefs of no longer than three pages filed on July 14, with responses due July 19 and replies due July 21.  Plaintiffs' letter is silent on this procedural item, which the Republic thought Plaintiffs had agreed to.

*       *       *

The Republic respectfully requests that the Court set the trial for July 26 to 28 with brief openings of 30 minutes per side on the morning of July 26.  The Republic concurs with Plaintiffs that the parties have reached agreement on the remaining procedural issues listed in items one through seven of Plaintiffs' letter, while suggesting that the Court also provide a schedule for the briefing of any additional evidentiary disputes.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:     Counsel of Record (via ECF)