UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U.,<br><br>         Plaintiffs,<br><br>  -against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>         Defendants. | Case Nos.:<br><br>1:15-cv-02739-LAP<br>1:16-cv-08569-LAP |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P.,<br><br>         Plaintiffs,<br><br>  -against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>         Defendants. | |

**PLAINTIFFS' RESPONSE TO THE ARGENTINE REPUBLIC'S OBJECTIONS TO PLAINTIFFS' EXHIBITS AND DEPOSITION DESIGNATIONS**

CLEMENT & MURPHY, PLLC

Paul D. Clement
C. Harker Rhodes IV

KING & SPALDING LLP

Israel Dahan
Laura Harris
Reginald R. Smith

KELLOGG, HANSEN, TODD, FIGEL
 & FREDERICK, P.L.L.C.

Mark C. Hansen
Derek T. Ho
Andrew E. Goldsmith

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*

**INTRODUCTION**

Despite this Court's ruling that only two narrow issues remain for resolution in this case, Argentina persists in its attempts to revisit settled issues and to expand the scope of the hearing with irrelevant and time-wasting evidence. The Argentine Republic's Objections to Plaintiffs' Exhibits and Deposition Designations, ECF No. 474, complains (at 2) that Plaintiffs have objected to 120 of the Republic's 200 proposed exhibits, while the Republic has objected to only 10 of Plaintiffs' 80 proposed exhibits. The reason for these disparities is simple: Plaintiffs have focused their evidence on the issues of the date of control and the appropriate commercial rate of prejudgment interest that this Court has not yet decided, while Argentina has not. And the Court should reject the objections the Republic lodges to Plaintiffs' exhibits.[1]

**I.    Statements Made by Argentine Officials to the Press Are Not Hearsay or Prejudicial**

Argentina seeks (at 6) to exclude newspaper articles containing statements from Argentine officials on hearsay grounds. PX-7, PX-8. But the Republic does not deny that the officials in fact made those statements or that statements by those officials are admissible admissions.[2] Under these circumstances, the Court should admit the articles solely for the purpose of admitting the statements. *See United States v. Bradley*, 2022 WL 1708400, at *9 (D. Conn. May 27, 2022) ("Even if the blog post is offered for the truth of the matter asserted, Mr. Grimaldi's testimony regarding the portion of the February 26 post that attributes specific

---

[1] In light of the Republic's objections, Plaintiffs withdraw PX-45, PX-79, and PX-80.

[2] PX-7 includes statements by Axel Kicillof, then Argentina's Secretary of Economic Policy who was later appointed Vice-Intervenor of YPF, and Roberto Baratta, then Deputy Secretary of Coordination and Management Control of the Ministry of Federal Planning, Public Investment, and Services, and Argentina's appointed director of YPF's board. PX-8 includes statements by Kicillof and Abal Medina, who was Chief of Cabinet. *See Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 96-97 (2004) (finding statement by U.S. official admissible against U.S., as statement by part opponent) (collecting cases).

statements to Mr. Bradley is not hearsay because it is an admission by a party opponent, and Mr. Bradley does not deny having made the statements attributed to him.").[3]

## II.    Arbitration Awards Are Relevant to Determining Prejudgment Interest

Argentina also objects (at 7) to three resolutions of the Argentine Ministry of Finance that show recent rates at which Argentina has borrowed money to satisfy arbitral judgments.  PX-40, PX-41, PX-42.  The Republic maintains (at 7) that these documents are not relevant to when it exercised control over Repsol's shares of YPF, but they bear on the other issue in this case:  the appropriate rate of prejudgment interest.  As Plaintiffs have pointed out before, had the Republic financed a timely tender-offer payment, "its borrowing rate clearly would have been much higher than 8% simple interest."  ECF No. 467, at 10.  These exhibits prove the point, as Argentina's borrowing rate to pay those judgments was 8.75%.

## III.   Diego Pando's Testimony Is Admissible

Finally, the Republic objects (at 7) to Plaintiffs' designations from the deposition testimony of Diego Pando, YPF's former controller and its Rule 30(b)(6) designee.  Argentina asserts that Pando's testimony about his own 2013 email exchange with Daniel Martin, the head of the *Tribunal de Tasaciones de la Nación* committee that appraised Repsol's shares after they were expropriated, contains legal opinions that Pando is not qualified to offer.  But the testimony expresses no legal conclusions; it merely recounts Pando's conversation with Martin, which occurred in the ordinary course of their jobs.  The Republic also objects (at 7) to Pando's testimony about events at YPF's headquarters on April 16, 2012.  Pando worked for YPF at the time, and he testified to his "understand[ing]" of what occurred.  Pando Tr. 65:14-23.  The

---

[3] The Republic asserts (at 6 n.6) that there is no need for PX-7 or PX-8 because they describe a YPF board meeting, the minutes of which appear in another exhibit.  But Mr. Kicillof did not speak on the record at the meeting, and his comments are not captured in the minutes.

Republic can argue about the weight the Court should place on this testimony, but there is no reason to exclude it.

## IV. Plaintiffs Will Offer Professor Fischel's Calculations Into Evidence

The Republic mischaracterizes the parties' recent meet and confer on evidentiary issues in one important respect.  The Republic asserts (at 2) that the parties agreed that "expert damages charts" will be "marked for identification" but "not admissible."  The Republic also asserts, however (at 2 n.3), that the damages experts "may lay a foundation for their respective damages calculations during trial, but need not read all the calculations in to the record."  In Plaintiffs' view, these propositions are inconsistent – if the charts do not come into evidence themselves, the experts arguably *would* need to read their contents aloud as testimony.  In any event, Plaintiffs intend to offer into evidence PX-1, an admissible chart summarizing the results of Professor Fischel's damages calculations.  *See Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, 2010 WL 1553784, at *3 (D. Conn. Apr. 19, 2010) ("[E]xperts may permissibly use summaries that meet the requirements Rule 1006 during their testimony . . . insofar as those summaries do not violate Rule 703.").

## V. The Republic's Exhibits Are Inadmissible

The Republic spends much of its brief (at 3-5) defending its own exhibits.  For the reasons explained in Plaintiffs' previous brief, ECF No. 473, many of the Republic's proposed exhibits are irrelevant.  Indeed, the Republic itself reports (at 3) that it "expects that many" of the exhibits to which Plaintiffs objected "will not be a significant focus of the trial or arguments" – conceding their irrelevance.  In "this time-limited" hearing, ECF No. 474, at 4, the Court should not reconsider issues it has already decided or consider extraneous evidence.

The Republic asserts (at 3) that it is entitled to stock the record with these exhibits to demonstrate why the Court should award Plaintiffs less than 8% in prejudgment interest.  But

this Court's application of a rate that Argentine courts regularly apply in commercial cases cannot constitute overcompensation.  By contrast, the Republic's position that it should have to pay no prejudgment interest would allow it to "obtain[ ] the benefit of what amounts to an interest free loan."  *SEC v. Fowler*, 440 F. Supp. 3d 284, 296 (S.D.N.Y. 2020), *aff'd as modified*, 6 F.4th 255 (2d Cir.), *cert. denied*, 142 S. Ct. 950 (2021).

Argentina asserts (at 3) it should be allowed to adduce evidence of Burford's role but never explains how that evidence relates to the goal of prejudgment interest under Argentine law: compensating the plaintiff for loss of the use of its funds.  Who will ultimately receive the damages and interest owed by Argentina is irrelevant to that calculation.  Those proceeds will flow to many places.  The long-suffering creditors of the Petersen companies will finally receive some compensation.  Eton Park's limited partners will likewise finally be paid.  Law firms will earn some contingent fees, after a decade of work.  Investors other than Burford who were needed to carry on this lengthy and expensive case will be repaid.  And, yes, Burford will take its share, too, but the share of the Petersen judgment that Burford will retain is around half of the level Argentina keeps misleadingly suggesting, around 35%, a traditional contingency level.

\*     \*     \*

Argentina intends to introduce hundreds of its exhibits that it concedes have little relevance to the pending proceedings and serve only to distract from the narrow issues of control and the appropriate commercial rate that remain in this case.  The Court should exclude this evidence as irrelevant and a waste of time.  It should further reject Argentina's unsupported arguments for excluding Plaintiffs' evidence on these issues.

4

| | |
|---|---|
| Dated: July 24, 2023 | Respectfully submitted,<br><br>CLEMENT & MURPHY, PLLC<br><br>By:     */s/ Paul D. Clement*    <br>Paul D. Clement<br>C. Harker Rhodes IV*<br>706 Duke Street<br>Alexandria, VA 22314<br>Phone:  (202) 742-8900<br>Fax:  (202) 742-8895<br>Email:  paul.clement@clementmurphy.com<br>          harker.rhodes@clementmurphy.com<br>*Supervised by principals of the firm who are members of the Virginia bar<br><br><br>KELLOGG, HANSEN, TODD, FIGEL<br>   & FREDERICK, P.L.L.C.<br><br>Mark C. Hansen<br>Derek T. Ho<br>Andrew E. Goldsmith<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>Phone:  (202) 326-7900<br>Fax:  (202) 326-7999<br>Email:  mhansen@kellogghansen.com<br>          dho@kellogghansen.com<br>          agoldsmith@kellogghansen.com<br><br><br>KING & SPALDING LLP<br><br>Israel Dahan<br>Laura Harris<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Phone:  (212) 556-2114<br>Fax:  (212) 556-2222<br>Email:  idahan@kslaw.com<br>          lharris@kslaw.com<br><br>-and- |

5

Reginald R. Smith
1100 Louisiana Street
Houston, TX 77002
Phone:  (713) 751-3200
Fax:  (713) 751-3290
Email:  rsmith@kslaw.com

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*