

August 9, 2023

**Via ECF**

Hon. Loretta A. Preska
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

Re: *Petersen Energía Inversora S.A.U.* v. *Argentine Republic*, No. 15-cv-2739;
     *Eton Park Capital Management, L.P.* v. *Argentine Republic*, No. 16-cv-8569

Dear Judge Preska:

Apparently unsatisfied with the 15-page simultaneous post-trial briefs that the parties agreed to and this Court ordered, *see* ECF No. 462 at 2, Argentina has submitted an unauthorized reply brief in the form of two letters with several hundred pages of attachments, *see* ECF Nos. 483, 484.  The arguments raised in those filings are both procedurally improper and meritless.

1.   Argentina objects to the exhibits to Plaintiffs' post-trial brief attaching statements by Pablo González, a former Argentine senator who voted in favor of the YPF Expropriation Bill (*see* DX-82t at 2) and who is the current government-appointed YPF Chairman, and by Axel Kicillof, the former YPF Vice-Intervenor and current Governor of Buenos Aires Province.  ECF No. 484 at 1.  Argentina does not challenge the authenticity of those statements, including González's statement on the last day of the hearing publicly praising the intervention as "a good decision" that "we would do … again," and proclaiming that YPF could easily pay the judgment in this case "with one annual EBITDA" and have "150 years of gas reserves" left over, ECF No. 481-1 at 3-5, and Kicillof's statement two days later that if Argentina had complied with its tender-offer obligation, it "would have paid the same [amount] as [Plaintiffs] are now asking us to pay" and that the expropriation was thus "worth it" despite the impending judgment against Argentina, ECF No. 481-2 at 3.  The fact that these statements were made is not subject to reasonable dispute and is judicially noticeable.  *See* Fed. R. Evid. 201, 801(c)(2).  Neither the Federal Rules of Evidence nor common sense allows Argentina to plead poverty in this Court, while preventing the Court from taking notice of contradictory contemporaneous statements by Argentina and YPF officials.

2.   Argentina notes that Plaintiffs' exhibits include four Argentine statutes that were not previously submitted in this case.  ECF No. 484 at 2.  Argentina does not move to strike those exhibits, presumably because Argentina itself successfully argued before the hearing that Federal Rule of Civil Procedure 44.1 allows the parties to supplement their foreign law authorities, *see* ECF Nos. 469, 475; Fed. R. Civ. P. 44.1 (court determining foreign law "may consider any relevant

The Honorable Loretta Preska
August 9, 2023
Page 2

---

material or source … whether or not submitted by a party or admissible"), and because Argentina cited its own new foreign law authorities in its post-trial brief, *see* ECF No. 482 at 13 n.10. Instead, Argentina argues that Plaintiffs did not present "competent expert evidence at trial on prejudgment interest" and should have examined a witness on the issue. ECF No. 484 at 2. But as this Court has already recognized, "no live testimony is required" for this Court to interpret foreign law. ECF No. 450 at 6. In any event, Plaintiffs *did* cross-examine Prof. Manóvil regarding "the commercial rate applied by Argentine courts," ECF No. 437 at 63; *contra* ECF No. 484 at 2—and elicited his admission that apart from one outlier panel, no modern decision of the National Court of Appeals for Commercial Matters has awarded prejudgment interest below the 6% to 8% range, Tr. 293:9-14. That testimony, along with the welter of commercial cases that Plaintiffs submitted awarding interest at or above the 6% to 8% range, *see* ECF No. 481-3, is more than enough.

      3.      Argentina next faults Plaintiffs for not doing more at trial to litigate an issue that was no longer open after summary judgment—namely, Argentina's novel assertion that interest should be calculated only from the date when Plaintiffs' complaints were served. That assertion is not only forfeited by Argentina's failure to raise it earlier, but plainly meritless under Article 622 of the Argentine Civil Code, *see* ECF No. 480 at 11-12, which reads in pertinent part:

> A debtor in default owes interest at the rate agreed upon in the obligation from the time of maturity. If no interest has been stipulated, he shall owe the legal interest that special laws may have fixed. If legal interest has not been fixed, the courts shall fix the interest that the debtor must pay.

PLA-4 at 14 (Art. 622). As that text makes clear, the first sentence of Article 622 states the general principle, i.e., that a party "owes interest … from the time of [the obligation's] maturity," and that where the rate has been specified in the obligation itself, that rate (of course) applies. *Id.* The second and third sentences then address the applicable rates when the obligation does not specify one, without altering the fundamental timing principle in the first sentence: that the point from which the "debtor … owes interest" is "from the time of maturity," not the subsequent filing of a complaint. *Id.*; *see* ECF No. 480 at 12; *contra* ECF No. 484 at 2.

      4.      Argentina's continuing attack on Prof. Fischel's damages calculation, ECF No. 484 at 2, is likewise both forfeited and wrong. To begin with, this Court already held at summary judgment that "Plaintiffs' application of Formula D based on the daily price/income ratios is correct and required by the Bylaws." ECF No. 437 at 62. Argentina did not raise any argument to the contrary in its motion for reconsideration or any of its other pretrial filings, *including its pretrial memorandum*, which confirmed (in accordance with this Court's rulings) that there were only "two questions" set for trial—the trigger-date and interest-rate issues this Court identified. ECF No. 466, at 1; *see also* ECF No. 452, at 1; ECF No. 454, at 4; ECF No. 457, at 3. Argentina nevertheless did everything it could at trial to introduce a third issue. That was wholly improper. Well-established authority holds that "[o]nce a district judge issues a partial summary judgment order removing certain claims from a case," the parties may not adduce additional "evidence … in regard to those claims," let alone introduce new legal arguments. *Leddy v. Standard Drywall, Inc.*,

The Honorable Loretta Preska
August 9, 2023
Page 3

---

875 F.2d 383, 386 (2d Cir. 1989). Argentina's only responses to *Leddy* are to note that it was decided over three decades ago—which is to say that it is long-established Second Circuit law—and to suggest that the 2010 amendments to Fed. R. Civ. P. 56(g) somehow rendered it obsolete. But *Leddy* continues to be cited—including this year, *see, e.g.*, *Munoz v. PHH Corp.*, 2023 WL 2202228, at *2 (9th Cir. Feb. 24, 2023)—and remains good law. Rule 56(g) addresses a kind of order never entered in this case (one "treating [a] fact as established"), and it has no impact on *Leddy* or its commonsense holding that issues resolved at summary judgment are no longer open to challenge on different grounds at trial. Indeed, Argentina's complaint about Prof. Fischel's damages calculation is not a factual dispute but a belated legal objection based on the text of Formula D, as Argentina's counsel underscored in cross-examining Prof. Fischel. *See* Tr.199:12-201:8, 209:15-210:7. As already explained at length, this newly-discovered $3.4 billion issue is not just forfeited, but meritless. ECF No. 480 at 12-15.

5.  Plaintiffs' post-trial briefing stated that Argentina had not identified a single Argentine case awarding no prejudgment interest. ECF No. 480 at 9. Argentina now tries to dispute that statement, ECF No. 484 at 2 & n.2, but two of the three cases it cites to do so (*Montenegro* and *Avila*) were raised for the first time in Argentina's post-trial brief, *see* ECF No. 482 at 13 n.10. In any event, those two cases are inapposite, because the defendants there were never in default (in stark contrast to Argentina here); instead, the dispute concerned the constitutionality of a law governing the currency to be used. *See* ECF Nos. 484-1, 484-2. The third case (*Bovero*) likewise found there was "no default." DLA-22 at 6. While it is no surprise that parties not in default do not owe interest, Argentina *still* has not identified a single Argentine case in which a defendant in default has not been required to pay any prejudgment interest, even after giving itself another bite at the apple.

Finally, Plaintiffs object to Argentina's attempt (ECF No. 483) to introduce its demonstrative exhibits "for purposes of the record," whatever that means. Demonstrative exhibits are not evidence and have no proper place on the docket. To the extent Argentina's counsel could not cover everything that was in the more-than-120-page slide decks used in conjunction with his lengthy opening and summation, there is no basis to revise and extend those remarks via the belated and unauthorized submission of demonstratives. The transcript will reflect counsel's opening and closing arguments; nothing more is needed or appropriate.

Respectfully,

Paul D. Clement
*Counsel for Plaintiffs*

cc: Counsel of Record