UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U.,<br><br>                Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>                Defendants. | 15 Civ. 2739 (LAP)<br>16 Civ. 8569 (LAP)<br><br>FINAL JUDGMENT |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P.,<br><br>                Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>                Defendants. | |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are the parties' competing proposed judgments and submissions related thereto.  (Dkt. nos. 495, 496, and 497.)  The Republic, not satisfied with the extraordinary latitude afforded to it at trial to insert new factual and legal issues, attempts a final ambush by arguing that the Court's finding that interest should run from May 3, 2012, the date on which the Republic repudiated its obligations, requires that damages be calculated from that date as well.  (Dkt. no. 496 at

1

1-2.)  However, the Court used the May 3, 2012 date for one purpose only:  to set the date from which "prejudgment interest should run."  (Dkt. no. 493 at 15.)  The Court held that, despite the Republic's April 16 breach of the Bylaws, its interest obligations did not begin to run until the Argentine Congress' passage of the YPF Expropriation Law on May 3, 2012, which obviated the need for Plaintiffs to provide Argentina with a formal notice of default.  (Id. at 17 (as of that date "no formal request for compliance was necessary").)  This was the only issue before the Court because the Republic did not argue that damages should run from anything other than the Bylaws' trigger date and, indeed, has never advanced such an argument.  For example, Professor Manóvil, testified that the Court could "establish[] . . . the date from which eventually the tender offer should have been conducted," "[b]ut the right to get interest is only from the request to pay damages."  (Tr. 295:8-12; see also Tr. 294:20-25 ("One thing is that the Court may decide that the tender offer was due on" a certain date "[s]omething else is since when the interest will run if somebody claims damage . . . because of not complying with the obligation").)  The Republic repeated the point in its posttrial brief. (Dkt. no. 482 at 15 ("interest should accrue only from the service of Plaintiffs' Complaints").)  Professor Harris also

2

"calculated damages by taking the "tender offer price on the notice date," "multiplying the number of shares owned by the parties on the trigger date," and "then deducting the value of the shares as of the trigger date."  (Tr. 367:16-24.)

As such, the Court did not hold that damages, as opposed to interest, should run from May 3, 2012, because the Republic chose to forgo such an argument.  The Court's holding regarding May 3, 2012, relates only to interest and is not an invitation to relitigate the proper calculation of damages.

Therefore, it is hereby, ORDERED, ADJUDGED AND DECREED that Plaintiffs Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. (together, "Petersen") and Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. (together, "Eton Park," and together with Petersen, "Plaintiffs") shall recover on their claim for breach of contract from defendant the Argentine Republic (the "Republic") as follows:

1. Petersen shall recover from the Republic $14,385,449,737 which figure is comprised of (i) $7,533,269,948 in damages; plus (ii) $6,852,179,789 (representing 8% simple prejudgment interest from May 3, 2012 through the date of the entry of judgment, September 15, 2023).  Petersen shall also recover post-judgment interest under 28 U.S.C. § 1961, calculated from the date of the

entry of this judgment at a rate of 5.42% per annum, computed daily to the date of payment and compounded annually.

    2. Eton Park shall recover from the Republic $1,714,338,556 which figure is comprised of (i) $897,752,615 in damages; plus (ii) $816,585,941 (representing 8% simple prejudgment interest from May 3, 2012 through the date of the entry of judgment, September 15, 2023).  Eton Park shall also recover post-judgment under 28 U.S.C. § 1961, calculated from the date of the entry of this judgment at a rate of 5.42% per annum, computed daily to the date of payment and compounded annually.

    It is further ORDERED, ADJUDGED AND DECREED that all of Plaintiffs' other claims against defendant the Argentine Republic, including claims for anticipatory breach, breach of the duty of good faith and fair dealing and promissory estoppel, are dismissed and that all of Plaintiffs' claims against defendant YPF S.A. are dismissed.

    The Clerk of Court is directed to enter this judgment and to mark these actions closed.

**SO ORDERED.**

Dated:    New York, New York
          September 15, 2023

                            *Loretta A. Preska*
                            LORETTA A. PRESKA
                            Senior United States District Judge