# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

September 22, 2023

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

  Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739
         *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Dear Judge Preska:

      We write as Plaintiffs' counsel, pursuant to Paragraph 2.A of Your Honor's Individual Practices, to respectfully request a pre-motion conference on Plaintiffs' anticipated motion for an order that 30 days is "a reasonable period of time" following the entry of this Court's September 15, 2023 judgment (the "Judgment") to commence proceedings for attachment and execution on the Judgment, as of October 16, 2023,[1] pursuant to 28 U.S.C. § 1610(c).

      Under Section 1610(c), "[n]o attachment or execution referred to in subsections (a) and (b) of [Section 1610] may be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment." *Id.* The statute provides no additional guidance regarding the procedure or timing for the Court's determination of what constitutes "a reasonable period of time."

---

[1] 30 days from September 15, 2023 falls on Sunday, October 15, 2023.

Hon. Loretta A. Preska
September 22, 2023
Page 2

Plaintiffs' proposed motion will demonstrate that, in consideration of the facts presented here, under Section 1610(c), a 30-day period following entry of the Judgment, which coincides with the length of the automatic stay provided in Federal Rule of Civil Procedure 62(a), is "a reasonable period of time." Argentina's past and current practice of avoiding judgments entered in both the U.S. and in foreign jurisdictions, as well as recent public statements by its highest officials, demonstrate that it has no intention of satisfying the Judgment. Plaintiffs have had to wait for more than a decade for the tender offer payment they are owed, and further delay to enforcement would be both unnecessary and unreasonable.

Section 1610(c)'s "reasonable period" of time post-judgment exists to allow foreign states time to arrange for voluntary payment. However, courts have granted Section 1610(c) orders where a sovereign debtor has taken no steps towards payment of its debt or is attempting to evade payment. *See e.g.*, *Koch Mins. Sarl v. Bolivarian Repub. of Venezuela*, No. 17-CV-2559-ZMF, 2022 WL 521747, at *3 (D.D.C. Feb. 22, 2022). For example, in *Elliott Associates, L.P. v. Banco De La Nacion*, the court found that the then 10-day automatic stay under Federal Rule of Civil Procedure 62(a) was a "reasonable period" of time for purposes of Section 1610(c). No. 96 Civ. 7916, 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000).

Argentina's refusal to pay judgments is well documented and widely recognized. *See, e.g.*, *NML Capital, Ltd. v. Repub. of Arg.*, 699 F.3d 246, 262 (2d Cir. 2012) ("Argentina will simply refuse to pay any judgments."); *EM Ltd. v. Repub. of Arg.*, 865 F. Supp. 2d 415, 417 (S.D.N.Y. 2012) (noting Argentina's "continued intransigence in failing to honor its lawful judgment debts"); *see also* Joseph D'Agostino, Rescuing International Investment Arbitration: Introducing Derivative Actions, Class Actions, and Compulsory Joinder, 98 VA. L. REV. 177, 205 (2012) ("Argentina faces the greatest number of claims of any nation in the world and, so far, has refused to pay judgments against it."). As this Court noted in its Findings of Fact and Conclusions of Law, when Argentina intervened in YPF, Mr. Axel Kicillof stated that that it would be "stupid" to comply with "the law of YPF itself" or "respect[] its bylaws." Dkt. No. 493 at 14 (quoting PX-15 at 25). Mr. Kicillof, now the governor of Buenos Aires, has doubled down on his

Hon. Loretta A. Preska
September 22, 2023
Page 3

prior statements, proclaiming that Argentina "does not have to pay" the Judgment because it is "completely absurd." Axel Kicillof Interview with Radio Splendid, September 10, 2023, *available at* https://www.youtube.com/watch?v=qJxTxMMWHZk&t=71s.[2]

      Simply put, Argentina has no intention of paying the Judgment, and it would be spurious for Argentina to suggest otherwise. Plaintiffs therefore respectfully request a pre-motion conference on their proposed motion, pursuant to Section 1610(c), requesting an order that the 30-day stay provided by Rule 62(a) is a "reasonable period" of time and enforcement may begin thereafter.

                                                     Respectfully,

                                                     */s/ Randy M. Mastro*
                                                     Randy M. Mastro

Cc:    All counsel of record via ECF

---

[2] Plaintiffs intend to provide a certified translation of this interview in support of their anticipated motion.