# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 27, 2023

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY  10007.

      Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP) ("*Petersen*"); *Eton Park Capital Mgmt. et al.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP) ("*Eton Park*")

Dear Judge Preska:

      On behalf of the Argentine Republic, I respond to Plaintiffs' letter, dated September 22, 2023.  Under 28 U.S.C. § 1610(c), "[n]o attachment or execution . . . shall be permitted until the court . . . [has] determined that a reasonable period of time has elapsed following the entry of judgment."  Plaintiffs request a pre-motion conference to move for an order finding that only 30 days is a "reasonable period of time" to permit Plaintiffs to commence execution, even though this Court has entered a $16.1 billion judgment—which we believe is the largest ever awarded in this District—against a foreign sovereign.  Plaintiffs' attempt to "speed start" enforcement proceedings should be denied, particularly in light of the Republic's anticipated motion to stay enforcement of the enormous judgment in this case.

      1.    As a threshold matter, Plaintiffs' motion is premature and would waste judicial and party resources.  The Republic expects to move to stay execution of the judgment without bond pursuant to Civil Rule 62(b) pending the conclusion of appellate proceedings.  To support that motion, the Republic is gathering evidence from senior Argentine officials concerning the Republic's ability to immediately allocate funds for securing the judgment and constraints imposed by Argentine law on paying judgments that are still subject to appeal.  The Republic's motion will specify the many factors supporting a stay in this case, and should the Court grant the Republic's motion, Plaintiffs' § 1610 motion would be moot.

      2.    Permitting immediate execution against the Republic upon a $16.1 billion judgment would generate unnecessary and chaotic litigation.  In the past, creditors have aggressively tried to seize Argentinian assets immune from collection, requiring expensive and lengthy proceedings across the country.  *See, e.g.*, *NML Cap., Ltd.* v. *Republic of Argentina*, 2005

WL 8161968, at *15 & n.2 (D.D.C. Aug. 3, 2005) (quashing writs of attachment on Argentinian properties in D.C. with "diplomatic status"); *EM Ltd.* v. *Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (affirming judgment vacating attachment orders on Argentinian bonds held in New York); *HWB Victoria Strategies Portfolio* v. *Republic of Argentina*, 2017 WL 1738065, at *3 (D. Kan. May 4, 2017) (vacating attachment orders for "aircraft operated by the Argentine Air Force" in Kansas).  Plaintiffs do not identify *any* property of the Republic in the United States that would be subject to attachment or execution.  Accordingly, by granting Plaintiffs' anticipated motion, the Court would do nothing more than set into motion lengthy and unnecessary collection proceedings in the United States that could come at the expense of "other creditors."  *In re Nassau County Strip Search Cases*, 783 F.3d 414, 418 (2d Cir. 2015).

       3.     Making matters worse, execution proceedings, if successful, would be extremely difficult to unwind should the Republic prevail on appeal, given that its assets would be dispersed around the world and to unknown parties.  For example, Burford Capital has sold 38.75% of its interest in these cases to third-party investors whose identity has not even been disclosed, while other funds would immediately become part of Plaintiffs' Spanish bankruptcy proceedings.[1]  There is no certainty that any payment on the judgment, once made, could be recovered—an untenable result given that the Republic's appeal raises challenging legal issues for the Court of Appeals.  *See Morgan Guar. Trust Co. of New York* v. *Republic of Palau*, 702 F. Supp. 60, 66 (S.D.N.Y. 1988) (granting stay of monetary judgment against a foreign sovereign where it would "be foolhardy to predict that there is no likelihood of success on appeal").

       4.     At a minimum, principles of judicial economy favor deferring ruling on Plaintiffs' anticipated § 1610 motion.  *See Doraleh Container Terminal SA* v. *Republic of Djibouti*, Memorandum Opinion & Order at 57, No. 20-02571 (D.D.C. Apr. 24, 2023) ("Given that only two months have passed since the entry of February 2023 Judgment, and given Djibouti's demonstrated desire to obtain a stay pending appeal, setting in motion enforcement proceedings under 28 U.S.C. § 1610 remains premature at this time.").  Many of the same considerations that will be relevant to the Republic's anticipated stay motion—including relevant foreign law constraints, guarding against haphazard and unnecessary collection proceedings, and the size of the judgment—go to the question whether it would be "reasonable" to permit Plaintiffs to begin execution upon the $16.1 billion judgment in this case.  *Levin* v. *Bank of New York*, 2011 WL 812032, at *7 (S.D.N.Y. Mar. 4, 2011) (explaining that courts "take into account procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months" when deciding a § 1610(c) motion).

       5.     Finally, beyond the possibility of a stay, the 30-day period requested by Plaintiffs is far shorter than courts generally find "reasonable" to commence execution upon a judgment against a sovereign.  Courts usually wait at least "until several months have elapsed," before issuing a § 1610(c) order.  *Doraleh Container Terminal SA*, (D.D.C. Apr. 24, 2023), Mem. Op. at 7; *see also Olin Holdings Ltd.* v. *Libya*, 2023 WL 6066237, at *1 (S.D.N.Y. Sept. 18, 2023) (determining that a period of 15 months constituted a reasonable period); *Pharo Gaia Fund Ltd.*

---

[1] Burford Capital LLC, *Burford Capital Statement on YPF Summary Judgment Ruling* (Apr. 4, 2023), https://www.burfordcapital.com/media-room/media-room-container/burford-capital-statement-on-ypf-summary-judgment-ruling/.

The Honorable Loretta A. Preska                                                                                              -3-

v. *Bolivarian Republic of Venezuela*, 2021 WL 2168916, at *1 (S.D.N.Y. May 27, 2021) (period of seven months); *Commodities and Minerals Enter. Ltd.* v. *CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 53 (S.D.N.Y. 2019) (period of over one year). By contrast, courts have found comparatively shorter periods, but longer than 30 days, to be reasonable where the judgments were minuscule compared to the $16.1 billion at issue here. *See Ned Chartering & Trading, Inc.* v. *Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks appropriate to begin execution upon $268,000 judgment). This case thus bears no resemblance to the single decision cited by Plaintiffs in which a court permitted swift execution, without explanation, on a $55 *million* judgment against Peru. *Elliot Associates, L.P.* v. *Banco De La Nacion*, 2000 WL 1449862, at *2 (S.D.N.Y. Sept. 29, 2000).

The $16.1 billion judgment represents an amount equivalent to nearly 20% of the Republic's 2023 federal budget.[2] Payment of such a proportion of a country's budget would not be possible for *any* government on the timeline Plaintiffs propose.

*       *       *

In the end, having no support in law, the facts, or equity, Plaintiffs claim that the Court should dispense with the "reasonable period of time" requirement, because the Republic allegedly has "no intention of paying the Judgment." Pls' Letter 3. In fact, the Republic has paid prior judgments as quickly as possible—not least of which was the large settlement with bondholder plaintiffs in 2016. *See Aurelius Cap. Master, Ltd.* v. *Republic of Argentina*, 644 F. App'x 98, 107 (2d Cir. 2016). It would be an extraordinary breach of international comity to permit execution of the $16.1 billion judgment in this case on an artificially constrained timeframe.

Respectfully,

*/s/Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:      Counsel of Record (via ECF)

---

[2] *See* Official Bulletin of the Argentine Republic, Ley 27701 (Jan 12, 2022), economia.gob.ar/onp/documentos/presutexto/ley2023/ley/Ley2023.pdf (setting out the Republic's 2023 budget). The Republic arrived at this figure by converting the judgment amount to pesos applying the Argentine Central Bank's wholesale exchange rate as of September 27, 2023.