UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
PETERSEN ENERGÍA INVERSORA,
S.A.U. and PETERSEN ENERGÍA, S.A.U.,

        Plaintiffs,

        v.

ARGENTINE REPUBLIC and YPF S.A.,

        Defendants.
------------------------------- x

Case No.: 1:15-CV-02739 (LAP)

------------------------------- x
ETON PARK CAPITAL MANAGEMENT,
L.P., ETON PARK MASTER FUND, LTD.,
and ETON PARK FUND, L.P.,

        Plaintiffs,

        v.

ARGENTINE REPUBLIC and YPF S.A.,

        Defendants.
------------------------------- x

Case No.: 1:16-CV-08569 (LAP)

## DECLARATION OF RAÚL ENRIQUE RIGO

I, Raúl Enrique Rigo, submit the following declaration:

1. I am the Secretary of Treasury of the Ministry of Economy of the Argentine Republic ("**the Republic**"), a role that I have held since August 4, 2022.

2. This statement is made in connection with the Republic's application to stay (the "**Stay Application**"), pending determination of its appeal, execution or enforcement of the final judgment entered in the above-captioned cases on September 15, 2023 (*Petersen* ECF No. 498; *Eton Park* ECF No. 418) (the "**Judgment**").

3. The Ministry of Economy has been informed that in the above-captioned cases, the Court has ruled for the Plaintiffs on whether the Republic breached the tender-offer obligations in the YPF Bylaws in connection with the Republic's partial expropriation

1

of YPF, and ordered that the Republic shall pay money damages that, with prejudgment interest, total approximately US$16.1 billion.

4. I have also been informed that the Republic is appealing the Judgment and seeking a stay of any execution or enforcement of the Judgment pending appeal.

5. In this statement, I address the legal framework for executing and thereafter increasing the current Budget Bill of any fiscal year.

6. The US$16.1 billion amount of the Judgment is equivalent to approximately AR$5.5 trillion at current exchange rates.[1] I also understand that to secure the Judgment without payment would require posting a bond or providing equivalent security in the amount of the Judgment.

7. Under Article 170 of Law 11,672 (the Permanent Supplementary Budget Law [*Ley Complementaria Permanente de Presupuesto*]), payment cannot be budgeted for until the appeal process for the Judgment has concluded. Under this law, only a "final judgment" (*sentencia firme*) can be included in the budget. A judgment that is still subject to appeal is not considered final under Argentine Law.

8. The only payments the Argentine government can make in the current year, including payments of judgments, are those included either in the Budget Bill approved by the National Congress for the year or those added in any amendment to the Budget Bill, during the fiscal year.

   a. Payment of the Judgment or a bond to secure the Judgment has not been budgeted for fiscal year 2023. The Government's fiscal resources are fully allocated to this year's fiscal budget.

   b. There are a number of laws that mandate the National Government to appropriate necessary funds to cover certain pension benefits (see, *e.g.*, Pension Mobility Law No. 27,609), to keep certain social programs running (see, *e.g.*, Family Allowances Law No. 24,714), and provide a

---

[1] Applying the wholesale exchange rate as published by the Banco Central de la República Argentina ("BCRA"), *available at*: https://www.bcra.gob.ar/varios/English_information.asp

      minimum budget for certain sectors (see, *e.g.*, Education Law). These types of mandatory spending, coupled with public employees' salaries, account for over 80% of the 2023 Budget Law, and impose a *de facto* rank of priorities that the National Government must follow when allocating its resources.

9. In order to effect an increase to the budget in the same fiscal year (*i.e.* in this case, 2023), it would be necessary to enact a law that clearly identifies the source of funding for the proposed increase of total expenses.

10. To my knowledge and up to the date of this declaration, I am not aware that there could be enough sources of funding to finance or secure the amount of the Judgment in this fiscal year.

11. By way of illustration, the approximately ARP 5.5 trillion amount of the Judgment represents approximately 20% of the Republic's total budget for 2023. The Judgment amount also would exceed by far the budget of the Argentine government for each of the following programs:

    c.  ARP 994,366.3 million allocated to socio-productive inclusion programs [*Plan Potenciar Trabajo*];

    d.  ARP 254,760.8 million for the social assistance program aimed at adolescents from low-income families that attend universities and other higher education institutions [*Plan Progresar*];

    e.  ARP 615,080.8 million for the Ministry of Health and its decentralized entities, which is part of the budget for social services;

    f.  ARP 386,418.0 million for drinking water and sewerage, which is part of the budget for social services;

    g.  ARP 182,264.4 million for industry, which is part of the budget for economic services;

    h.  ARP 108,278.9 million for ecology and environment, which is part of the budget for economic services;

      i.      ARP 1,580,293.4 million for family allowances;

      j.      ARP 1,278,811.3 million that the Ministry of Education allocates to National Universities (which are autonomous and thus are budgeted for separately by the National Government);

      k.      ARP 3,354,605.9 million for energy and transportation subsidies; and

      l.      ARP 1,174,606.4 million for the provinces (excluding the expenditures mentioned in the preceding recitals) to meet current expenditures.

12.      The re-allocation of amounts already budgeted and executed (e.g. nine out of the twelve fiscal months have already gone by) does not appear to be reasonably feasible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Buenos Aires, Argentina on October 5, 2023.

_____
Raúl Enrique Rigo