# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 12, 2023

Via ECF

The Honorable Loretta A. Preska,
 United States District Court for the Southern District of New York,
  500 Pearl Street,
   New York, NY  10007.

   Re: *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Capital Mgmt. et al.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

  On behalf of the Argentine Republic, I respond to Plaintiffs' October 11 letter (*Petersen* ECF No. 505) opposing the Republic's anticipated Fed. R. Civ. P. 62(b) motion to stay execution of the judgment without bond pending appeal.  Plaintiffs misconstrue the law and sidestep the legal and practical impossibility of the Republic securing a bond for an unprecedented $16.1 billion judgment.  They also ignore that the Republic is a sovereign, which must comply with its own laws, *before* paying any judgment here, including waiting for this Court's judgment to become final on appeal.

  1. To start, the Court need not apply mechanically only the five factors identified in *In re Nassau County Strip Search Cases*, which the Second Circuit made clear are "non-exclusive" factors that a district court "*may* consider" in deciding whether to grant a stay without bond.  783 F.3d 414, 417–18 (2d Cir. 2015) (emphasis added).  In *E.J. Brooks Co.* v. *Cambridge Security Seals*, this Court partially waived the bond requirement after considering different factors, including whether the applicant "made a strong showing that he is likely to prevail on the merits of his appeal," whether "without a stay, the applicant will be irreparably injured," "whether issuance of the stay will substantially harm other parties interested in the proceedings," and "where the public interest lies."  2016 WL 908633, at *1 (S.D.N.Y. Mar. 2, 2016) (Preska, J.); *see also Petroleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 2020 WL 7711522, at *2 & n.5 (S.D.N.Y. Dec. 29, 2020) (Failla, J.) (granting requested stay based on *Nassau* as well as other factors including "irreparable injury" to the stay applicant).  Indeed, a court may always "exercise its equitable powers to stay proceedings to protect the status quo during the pendency of [an] appeal," a power that is "part of its traditional equipment for the administration of justice."  *Id.*

The Honorable Loretta A. Preska                                                                                                          -2-

2. Plaintiffs do not dispute that every one of the relevant factors from cases other than *Nassau* weighs strongly in favor of granting a stay without bond. (*See* Def.'s Ltr. at 1–3.) The public interest clearly lies on the side of a stay, as do concerns about irreparable harm to the Republic. Plaintiffs do not contest that it would be impossible for the Republic to pay or bond the judgment—nor could Plaintiffs do so in the face of declarations from the Republic's Secretary of Treasury and Secretary of Finance explaining the legal and practical barriers to taking either step prior to the resolution of the Republic's pending appeal. Plaintiffs also do not dispute, or even address, that (i) forcing the Republic to choose between violating its own law or violating a U.S. court order to secure a bond or pay a money judgment would contravene basic principles of international comity; (ii) requiring the Republic to divert immediately approximately 20% of its budget to pay the Court's judgment would severely harm the Argentine public; and (iii) because of how Burford Capital has sold off Plaintiffs' claim to third-party investors around the world (*see* Def.'s Ltr. at 3), the Republic likely would not recover its $16.1 billion if it is successful on appeal in whole or in material part. And Plaintiffs do not disagree that the Republic's appeal raises serious issues or identify any harm they would suffer from a stay pending appeal, particularly since post-judgment interest will continue to run at 5.42% per year.

3. Even under the "non-exclusive" factors in *Nassau*, Plaintiffs are wrong that a stay without a bond must be denied if the stay applicant cannot immediately pay the judgment. (Pls.' Ltr. at 2.) Plaintiffs concede that the Court may stay the judgment without bond pending appeal if doing so will not "unduly endanger the judgment creditor's interest in ultimate recovery." (*Id.* at 2 n.1.) The Republic is a sovereign nation that "is not going anywhere." *Morgan Guar. Tr. Co. of N.Y.* v. *Republic of Palau*, 702 F. Supp. 60, 66 (S.D.N.Y. 1988) (Sweet, J.) (significantly reducing bond requirement where $45 million judgment was greater than sovereign defendant's revenues). Waiting to begin any enforcement proceedings (if any are needed) pending resolution of the Republic's appeal will not impact Plaintiffs' "ultimate recovery." Further, Plaintiffs' cases (Pls.' Ltr. at 2) address concerns about dissipation of assets pending appeal. *See Moore* v. *Navillus Tile, Inc.*, 2017 WL 4326537, at *1, 6 (S.D.N.Y. Sept. 28, 2017) (McMahon, J.) (noting plaintiffs' "legitimate fears" that the stay applicant would "attempt[] to secret its assets while the appeal is pending"); *John Wiley & Sons, Inc.* v. *Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018) (Pauley, J.) (requiring bond where award "dwarfs [defendants'] assets"). But here Argentina's assets obviously exceed $16.1 billion, and Plaintiffs' speculation that the Republic "has no intention of paying the judgment voluntarily" (Pls.' Ltr. at 3) is not supported by facts, including the Republic's history of paying or settling adverse judgments.

4. Finally, Plaintiffs are incorrect that *Nassau*'s fifth factor—whether "the requirement to post a bond would place other creditors of the defendant in an insecure position," 783 F.3d at 417–18—requires the Republic to show that harm to other creditors "would stem from the bond itself" rather than from the judgment. (Pls.' Ltr. at 3 (quoting *John Wiley & Sons*, 327 F. Supp. 3d at 650).) This "requirement" is actually a gloss from a single decision that appears nowhere in *Nassau*. Absent a stay, Plaintiffs have made clear that they will begin costly enforcement proceedings immediately, efforts that would entangle courts in complex collection proceedings. *See Rivera* v. *Home Depot U.S.A., Inc.*, 2018 WL 3105069, at *2 (S.D.N.Y. June 25, 2018) (Forrest, J.) (staying enforcement of judgment and waiving bond requirement "in the interest of judicial efficiency"). The immediate commencement of enforcement actions around the world during the brief appeal period clearly would adversely impact the Republic's other creditors.

The Honorable Loretta A. Preska -3-

    Respectfully,

    */s/Robert J. Giuffra, Jr.*
    Robert J. Giuffra, Jr.

cc: Counsel of Record (via ECF)