# Exhibit B

# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 1 0036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

October 27, 2023

*Via E-Mail*

Robert J. Giuffra, Jr.
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 1004-2498
giuffrar@sullcrom.com

  Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739
     *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Dear Mr. Giuffra:

  We write on behalf of Plaintiffs concerning the Republic's motion to stay enforcement of the Court's September 15, 2023 judgment (the "Judgment") pending appeal.  The Republic has failed to provide any legitimate basis to stay enforcement of the Judgment pending its appeal.  Nor has it provided a basis to do so without posting any security whatsoever.  In fact, the law, the facts, and the equities weigh heavily in favor of no stay in the absence of adequate security, and we find your briefing entirely unpersuasive.  Plaintiffs also do not credit the Republic's claims that it "does not have the financial resources to post a bond" or provide other means of securing the Judgment.  (*See* Dkt. 514 at 5.)

  Nevertheless, we believe there is a path forward that will provide the Republic with the certainty it seeks during the pendency of the appeal while also avoiding cost and delay.

  Specifically, Plaintiffs would agree to the following until the issuance of the mandate by the Second Circuit:

1. Plaintiffs will agree not to freeze or seize assets in any jurisdiction until the mandate issues.

2. The Republic will respond to discovery requests (and will not object to or seek to block third party discovery on the basis of the pending appeal) while the appeal is

Page 2

> pending, although the Republic does not waive any objections to discovery other than the pendency of the appeal.
>
> 3. While the appeal is pending but subject to the undertaking in paragraph 1, the Republic agrees to accept service through counsel for recognition proceedings in any jurisdiction and will cooperate in effecting service in any jurisdiction. The Republic will consent to the jurisdiction of the competent court of any jurisdiction for the purpose of recognition of the Judgment. The Republic will also consent to the recognition of the Judgment as a local judgment in the Judgment amount and applicable interest in any jurisdiction, inside or outside the United States. In addition, the Republic shall execute an agreement and/or consent order in each jurisdiction to implement its agreements regarding service, jurisdiction, and recognition of the Judgment.

To be clear, Plaintiffs dispute both the truth and validity of each of the Republic's stated concerns, and are entitled to pursue enforcement of the Judgment without delay. Plaintiffs disagree that posting a bond or providing other security will result in the parade of horribles the Republic predicts, but to the extent the Republic's stated concerns are in good faith, we believe that this offer remedies them all, including that it obviates the "insurmountable legal and practical challenges" the Republic contends it would confront in "attempting to secure a bond" that would be "crippl[ing]" (Dkt. No. 514 at 5, 6); avoids what the Republic characterizes as "sprawling discovery, attachment, and execution proceedings that would be . . . impossible to unwind" (*id.*); and avoids any purported prejudice to existing creditors (*id.* at 6).

Plaintiffs are available to meet and confer with the Republic regarding this compromise offer. In recognition of the ordered briefing schedule and to avoid unnecessary briefing efforts, Plaintiffs respectfully request a response to this offer by October 30, 2023.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro

Cc: All counsel of record via e-mail