# Exhibit C

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

November 1, 2023

Randy M. Mastro, Esq.,
    King & Spalding LLP,
        1185 Avenue of the Americas, 34th Floor,
            New York, NY 10036.

> Re: *Petersen Energía Inversora S.A.U.* v. *Argentine Republic*,
> No. 15-cv-2739 (S.D.N.Y.)
> *Eton Park Capital Management, L.P.* v. *Argentine Republic*,
> No. 16-cv-8569 (S.D.N.Y.)

Dear Randy:

On behalf of the Argentine Republic, I respond to your letter of Friday evening, October 27, 2023.  The Republic cannot agree to Plaintiffs' proposal that it (i) consent to jurisdiction over and recognition of the judgment in "any jurisdiction" while its appeal is pending, and (ii) agree to enforcement discovery in every nation around the world.

As an initial matter, Plaintiffs have no basis to challenge "the Republic's claims that it 'does not have the financial resources to post a bond' or provide other means of securing the Judgment" or to "dispute both the truth and validity of each of the Republic's stated concerns."  (Ltr. at 1-2.)  As demonstrated in the declarations of the Republic's Secretary of Treasury and Secretary of Finance, there are substantial legal, financial, and humanitarian reasons why the Republic cannot now pay or bond this $16.1 billion judgment.  *See* ECF No. 515-1 (Declaration of Raúl Enrique Rigo); ECF No. 515-2 (Declaration of Eduardo Pablo Guillermo Setti); *see also* ECF No. 514 (Republic's Motion to Stay) at 8-10.  There is every reason to credit these statements, made under penalty of perjury, and doing so is consistent with the "respect for the dignity and interests" of sovereign nations that U.S. courts must show.  *Cayuga Indian Nation of New York* v. *Pataki*, 188 F. Supp. 2d 223, 255 (N.D.N.Y. 2002).

On the merits, your proposal is unacceptable.

1.   The Republic's consent to the premature recognition of a non-final judgment in every country around the world would violate both black-letter Argentine law,

Randy M. Mastro                                                                                                                         -2-

as Plaintiffs must already know from their own Argentine counsel, and international norms for the recognition and enforcement of judgments. Under Article 517 of the Argentine Code of Civil and Commercial Procedure, a judgment can be recognized in Argentina only if, among other things, it is not subject to appeal ("*con autoridad de cosa juzgada*") and does not violate Argentine public policy ("*orden público*"). The Argentine Executive has no authority to waive these requirements, which Argentine courts must apply as a matter of mandatory "public policy." (*See* Art. 517.) Similar finality and public policy requirements apply to the recognition of judgments in most other jurisdictions around the world. *See*, *e.g.*, Yuliya Zeynalova, *The Law on Recognition and Enforcement of Foreign Judgments: Is It Broken and How Do We Fix It?,* 31 Berkeley J. Int'l L. 150, 165 (2013) ("Foreign courts also require that the foreign judgment sought to be enforced be final, have no conflicts with prior final judgments, and comply with the public policy of the enforcing jurisdiction."); *Survey on Foreign Recognition of U.S. Money Judgments*, COMMITTEE ON FOREIGN AND COMPARATIVE LAW OF THE BAR OF THE CITY OF NEW YORK (2001) at 384-405 (describing various countries' requirements for U.S. judgment recognition, including jurisdiction, public policy, notice, opportunity to defend, and finality of the judgment); Philip R. Weems, *Guidelines for Enforcing Money Judgments Abroad*, 21 Int'l Bus. Law. 509, 509 (1993) (same). Indeed, even within the United States, district courts will *not* register a judgment from another district until the judgment "has become final by appeal" or unless the originating court orders registration for good cause. 28 U.S.C. § 1963.

       Plaintiffs' attempt to secure recognition of the judgment worldwide while an appeal is pending also makes no practical sense when the judgment could be reversed, vacated, or modified. If the judgment is vacated or modified, it would be difficult and burdensome to "un-recognize" the judgment in foreign jurisdictions around the world, and the parties likely would dispute how to treat further recognition of a modified judgment. In all events, it would only lead to confusion to have separate recognition and enforcement proceedings before and after the conclusion of the appeal.

       2.     The Republic also cannot consent to the broad-ranging worldwide discovery Plaintiffs seek to launch during the Republic's appeal. As the Republic explained in its motion to stay, many of Plaintiffs' discovery requests would present a serious burden and impinge on the Republic's sovereignty. *See* ECF No. 514 at 16-17. Plaintiffs have broadly requested extensive discovery about the Republic's financial affairs that could never lead to the identification of assets that can be used to execute on the judgment. *See* ECF No. 515-3 (Plaintiffs' Request for Production) at No. 62 (requesting information "sufficient to identify all bank accounts, brokerage accounts, trust accounts, or custodial accounts, that are managed for the benefit of the Secretariat of the Treasury of the Ministry of Economy), Nos. 31-77 (requesting information related to the inner dealings of various enterprises entirely unrelated to this litigation, including Argentina's Central Bank). Plaintiffs have also demanded information about the Republic's relationships with international financial institutions that impermissibly intrude deeply into the workings of

Randy M. Mastro -3-

Argentina's government. *See* ECF No. 515-3 at Nos. 53-58 (requesting information about dealings between the Republic's central bank and the IMF, the International Bank for Reconstruction and Development, the International Development Association, and the Inter-American Development Bank). There is no reason to undertake such burdensome discovery—and the litigation that will surely ensue in opposition to it—while this case is under appeal.

In short, the Republic cannot agree to Plaintiffs' unreasonable proposal that the Republic consent to jurisdiction and recognition in every country around the world of a $16.1 billion judgment that is under appeal and to unlimited worldwide discovery while the appeal is pending. Given that premature enforcement proceedings will create unnecessary burdens for both sides, we urge Plaintiffs to consent to the relief sought in the Republic's motion so that the parties can focus their energies on the appeal.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.

cc: Counsel of Record