UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
PETERSEN ENERGÍA INVERSORA S.A.U.
and PETERSEN ENERGÍA, S.A.U.,

                    Plaintiffs,

-against-

ARGENTINE REPUBLIC and YPF S.A.,

                    Defendants.
├─────────────────────────────────────────┤
ETON PARK CAPITAL MANAGEMENT, L.P.,
ETON PARK MASTER FUND, LTD., and
ETON PARK FUND, L.P.,[1]

                    Plaintiffs,

-against-

ARGENTINE REPUBLIC and YPF S.A.,

                    Defendants.
└─────────────────────────────────────────┘
```

15 Civ. 2739 (LAP)
16 Civ. 8569 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Defendant Argentine Republic ("the Republic") moves, pursuant to Federal Rule of Civil Procedure 62(b), to stay execution of the final judgment entered on September 15, 2023 [dkt. no. 418] pending an appeal without bond or, in the alternative, to impose a temporary stay of execution for a period of 30 days.[2]  Petersen Energía Inversora S.A.U., Petersen

---

[1] As set forth herein, docket entries have the numbers assigned to them in Case No. 16-cv-8569 (LAP).

[2] (See Notice of Mot. to Stay, dated Oct. 26, 2023 [dkt. no. 433]; see also Mem. of Law in Supp. of Def.'s Mot. to Stay ("Def.'s Br."), dated Oct. 26, 2023 [dkt. no. 35]; Reply Mem. of Law in

Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park

Master Fund, Ltd., and Eton Park Fund, L.P. ("Plaintiffs")

oppose this motion.[3]  The Court presumes familiarity with the

underlying facts of this litigation and its post-trial history

and, accordingly, recounts only those facts salient to this

order.  For the reasons set forth below, the Republic's motion

to stay execution of the final judgment is GRANTED in part.

## I.   The Republic's Motion to Stay Execution of the Final Judgment.

Pursuant to Federal Rule of Civil Procedure 62(b), a party

becomes entitled to a stay of proceedings to enforce a judgment

upon "providing a bond or other security."  Fed. R. Civ.

P. 62(b).  A district court may determine, in its discretion,

that waiver of the supersedeas bond required under Rule 62(b) is

appropriate where a judgment debtor provides an "alternative

means of securing the judgment."  See In re Nassau Cty. Strip

Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (quoting FDIC v.

Ann High Assocs., No. 97-6095, 1997 WL 18877195, at *1 (2d Cir.

Dec. 2, 1997)).  In determining whether to grant a waiver,

_____

Supp. of Def.'s Mot. to Stay ("Reply Br."), dated Nov. 7, 2023
[dkt. no. 451].)

[3] (See Pls.' Mem. of Law in Opp'n to Def.'s Mot. to Stay
("Pls.' Opp."), dated Nov. 3, 2023 [dkt no. 441].)

district courts in this Circuit apply the following

"non-exclusive" factors:

> (1) the complexity of the collection process; (2) the
> amount of time required to obtain a judgment after it
> is affirmed on appeal; (3) the degree of confidence
> that the district court has in the availability of
> funds to pay the judgment; (4) whether the defendant's
> ability to pay the judgment is so plain that the cost
> of a bond would be a waste of money; and (5) whether
> the defendant is in such a precarious financial
> situation that the requirement to post a bond would
> place other creditors of the defendant in an insecure
> position.

Id. at 417-18.  The Nassau factors are designed to accomplish

the "primary purpose" of Rule 62(b):  "to ensure recovery for a

party who ultimately prevails on appeal, and to protect the

judgment debtor from the risk of losing the money if the

decision is reversed."  Id. at 418.

Here, the Republic seeks to stay enforcement of the

$16.1 billion judgment without offering Plaintiffs even a

modicum of assurance that Plaintiffs' recovery will be protected

if they are successful on appeal.  The Republic instead takes

the position that pledging any amount would be "impossible" and

"unreasonable" and would impose "serious hardship" on the

Argentine people.  (Def.'s Br. 1,6; Reply Br. 4.)  The

Republic's request, however, neglects to address one of the two

primary aims of Rule 62(b):  the protection of Plaintiffs'

ability to recover if successful on appeal.  Accordingly, the

Court finds that, while waiver of a bond in the full amount is

appropriate under the circumstances, the Republic must pledge
alternative assets to protect Plaintiffs' interests to some
degree and must request that the Court of Appeals treat this
appeal in an expedited manner.

### a. Waiver of the Bond Requirement.

This case presents extraordinary and unique circumstances
that merit consideration of factors beyond those enumerated in
Nassau.  Notably, the judgment debtor is a foreign sovereign,
and this case involves questions of Argentine law as well as
issues of first impression for the Court.  The Court therefore
begins with the "non-exclusive" factors set out in Nassau and
then addresses the additional factors presented here.

Under the first Nassau factor, Plaintiffs argue that the
collection process will be "complex and time-consuming" because
the Republic has "no intention" of paying the judgment, the
litigation to date has been long and drawn out, and the
Republic's status as a foreign sovereign complicates the
collection process.  (Pls.' Opp. 5.)  When asked by Plaintiffs'
counsel whether the Republic would be willing to precommit to
paying the judgment once affirmed on appeal, "the Republic's
counsel offered no such assurance."  (Id. at 6.)  Indeed, the
years-long history of this litigation and the Republic's actions
in resisting payment suggest that Plaintiffs have a long road
ahead.  As such, this factor weighs against waiver of the bond.

Additionally, the Republic's concession that it "does not have the financial resources to post a bond," (Def.'s Br. 1), is determinative as to <u>Nassau</u> factors two, three, and four.  See <u>Moore v. Navillus Tile, Inc.</u>, No. 14 Civ. 8326, 2017 WL 4326537, at *2 (S.D.N.Y. Sept. 28, 2017) (holding that a judgment debtor's admission to the court that he cannot satisfy the judgment or obtain a bond in the full amount is "determinative as to factors two, three, and four"); <u>see also</u> <u>John Wiley & Sons, Inc. v. Book Dog Books, LLC</u>, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018) (applying the same).  These factors also weigh against waiver of the bond.

The fifth <u>Nassau</u> factor, which addresses the impact that requiring a judgment debtor to post a bond will have on other creditors, weighs slightly in favor of waiver.  The Republic argues that, absent waiver of the bond requirement, Plaintiffs' collection efforts will "jump-start" proceedings on a global scale to the detriment of the Republic's existing creditors. (Def.'s Br. 14.)  Although the Republic merely speculates on this factor, the Court acknowledges that, if Plaintiffs succeed in their efforts to seize assets in satisfaction of the final judgment and that judgment is subsequently overturned on appeal, seized assets would be exceedingly difficult to recover, which could harm other creditors.  Therefore, this factor leans in favor of waiver.

Despite some factors weighing against waiver of the bond requirement, principles of international comity weigh strongly in favor of a waiver.  Comity is "the recognition which one nation allows within its territory to . . . another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protections of its laws." Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S. 522, 543 n.27 (1987) (quotation omitted). Particularly in light of the questions of Argentine law decided in this case, the Court finds that international comity counsels that the Republic have its day in the Court of Appeals without the havoc that posting a bond in the full amount might cause. Accordingly, the Court finds that international comity weighs in favor of waiver of the bond.

Moreover, while the Court is dubious that the Republic will succeed on appeal, the Court acknowledges that, in reaching judgment for Plaintiffs, it has decided issues of first impression and questions of Argentine law.  Accordingly, the Court finds that the Republic's interest in having its arguments heard on appeal favors waiver of the bond.

Taking these factors together, the Court finds that considerations of international comity and the Court's reliance on issues of first impression and of Argentine law tilt the

balance in favor of granting a waiver of the full bond amount.

However, to uphold one of the aims of Rule 62(b), namely

providing Plaintiffs assurances of future payment, the Republic

must pledge alternative security, albeit in a reduced amount.

### b. Alternative Means of Security.

As a threshold matter, the Republic attempts to paint

itself as handicapped by both the size of the final judgment and

Argentine law and, therefore, argues that it is unable to pledge

assets of any kind or amount.  The Court is unpersuaded by the

Republic's clamors over the size of the final judgment,

primarily because the judgment reflects amounts owing for the

Republic's own wrongdoing.[4]  Likewise, the Republic continues to

beat the drum of non-final judgments, asserting that, under

Article 170 of the Permanent Supplemental Budget Law, the only

correct outcome is a complete waiver of the bond requirement.

The Court rejects the Republic's position that securing a bond

through any means would be impossible under Article 170, based

---

[4] As the Court noted in its Findings of Fact and Conclusions of
Law in response to the Republic's argument that, because of the
size of the judgment, the Republic should not pay interest:  "It
would offend, not serve, equity to allow the Republic knowingly to
violate the bylaws, force Plaintiffs to be its involuntary
creditors for a massive amount over the course of a decade, and
then pay a reduced rate by crying poverty when the bill comes due."
(Dkt. no. 493 at 13.)

primarily on the Declaration of Alberto B. Bianchi, dated
Nov. 3, 2023 [dkt. no. 444].

Next, Plaintiffs have proposed various methods for the
Republic to secure the debt, pointing first to the Republic's
$27.8 billion private pension fund and several of the Republic's
other assets.  (Declaration of Charles W. Calomiris, dated
Nov. 3, 2023 [dkt. no. 443] (the "Calomiris Decl.") ¶¶ 21-35.)
As Argentine Law No. 26,425 requires that pension funds "may
only be used to pay the benefits of the Argentine Integrated
Pension System," (Declaration of Robert J. Giuffra, dated
Nov. 7, 2023 [dkt. no. 452] Ex. 4, Art. 8), the Court finds this
proposal not to be viable.  Two of Plaintiffs' alternative
proposals for assets, however, identify value that can be
pledged to secure the Republic's debt.

### i. Equity Stake in YPF.

Plaintiffs value the Republic's 51 percent equity stake in
YPF between $2.35 billion and $3.05 billion. (Calomiris Decl.
¶¶ 27-28.)  The Republic responds that 49 percent of the
Republic's shares are earmarked for "certain Argentine
Provinces" but makes no argument for why the remaining
51 percent of its holdings cannot be pledged. (See Reply Br. 3).
Accordingly, the Court finds that the remaining 51 percent of

8

the Republic's equity stake in YPF shall be pledged to secure
the Republic's debt.

### ii. Foreign Receivables.

Plaintiffs also identify approximately $4 billion in future
receivables that Paraguay has committed to pay Argentina over
the course of 30 years for amounts owing on the construction of
the Yacyretá binational power generator dam.  (Calomiris Decl.
¶ 29.)  Plaintiffs estimate that, if securitized today, these
payments would yield approximately $2 billion.  (Id.)  The
Republic glosses over Plaintiffs' suggestion, responding only
that "Argentina owes its own debts to Yacyretá."  (Reply Br. 3.)
In support, the Republic cites an IMF article that notes merely
that arrears unrelated to official-sector involvement are owed
to Yacyretá in an anticipated amount, as of year's end, of
approximately $8 million.  (See id.)  Accordingly, the Court
sees no reason why these future receivables cannot be pledged to
secure the debt, and the Republic shall do so.

## II.  The Republic's Request for a Temporary Stay of Execution.

In the alternative, the Republic seeks a temporary stay of
execution for a period of 30 days.  (Def.'s Br. 17-18.)  Because
this Court finds that a stay on the conditions set forth herein

is appropriate, the Republic's request for a temporary stay is
DENIED as moot.

## III. Conclusion.

For the foregoing reasons, the Republic's motion for a stay
of enforcement of the final judgment pending appeal without bond
[dkt. no. 433] is GRANTED in part.  Specifically, for the
reasons set out above, the Court finds that the Republic is
entitled to a stay of enforcement pending appeal without bond in
the full amount of the $16.1 billion judgment.  In lieu of a
bond and as a condition to a stay of execution, the Republic
shall pledge to Plaintiffs, in a form satisfactory to
Plaintiffs' counsel, (1) its equity interest in YPF (that is,
the interest not earmarked for the Argentine Provinces), and
(2) its receivables under the Yacyretá project.  The Republic
shall do so by no later than December 5, 2023.  Enforcement of
the final judgment is stayed until December 5, 2023, subject to
a further stay upon completion of the pledges ordered herein.

Additionally, in light of the minimal security required and
so as to avoid further delay, the Court requires the Republic
promptly to seek expedited review of its appeal as a condition
of proceeding without full security.

**SO ORDERED.**

Dated:    November 21, 2023
           New York, New York


_____
LORETTA A. PRESKA
Senior United States District Judge