UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETERSEN ENERGÍA INVERSORA S.A.U.
and PETERSEN ENERGÍA, S.A.U.,

          Plaintiffs,

-against-

ARGENTINE REPUBLIC and YPF S.A.,

          Defendants.

---

ETON PARK CAPITAL MANAGEMENT, L.P.,
ETON PARK MASTER FUND, LTD., and
ETON PARK FUND, L.P.,

          Plaintiffs,

-against-

ARGENTINE REPUBLIC and YPF S.A.,

          Defendants.

---

15 Civ. 2739 (LAP)
16 Civ. 8569 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are the parties' letters concerning the conditions for a continued stay of enforcement. (Dkt. nos. 458, 460.)[1] On October 26, 2023, Defendant Argentine Republic ("the Republic") moved, pursuant to Federal Rule of Civil Procedure 62(b), to stay enforcement of the $16.1 billion final judgment pending an appeal without bond or to impose a temporary

---

[1] Docket entries contained herein use the numbers assigned to them in Civil Case No. 16-cv-8569 (LAP). Additionally, as dkt. no. 459 appears to be a duplicate of dkt. no. 458, the Court includes references to only dkt. nos. 458 and 460.

stay of enforcement for a period of 30 days.[2]  Petersen Energía Inversora S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. ("Plaintiffs") vehemently opposed this motion.[3]  On November 21, 2023, the Court granted in part the Republic's motion, acknowledging that this case presents "extraordinary and unique circumstances."  (See dkt. no. 453 at 4.)  The Court waived the requirement for the Republic to post a bond in the full judgment amount and stayed enforcement pending satisfaction of two conditions by December 5, 2023:  that the Republic (1) pledge certain minimal assets to Plaintiffs as assurance of future payment, and (2) seek expedited treatment of its appeal from the Court of Appeals.

One week later, the Republic moved for an extension of time, citing the swearing in of now-President Javier Milei on December 10, 2023, as an impediment to satisfaction of the stay conditions by the December 5 deadline.  (Dkt. no. 454.)  The Republic stated that an extension of both stay conditions until January 10, 2024, would provide ample time for the new administration to evaluate the Court's Order.  (Id. at 1.)

---

[2] (See Notice of Mot. to Stay, dated Oct. 26, 2023 [dkt. no. 433]; see also Mem. of Law in Supp. Of Def.'s Mot. to Stay, dated Oct. 26, 2023 [dkt. no. 434]; Reply Mem. of Law in Supp. of Def.'s Mot. to Stay, dated Nov. 7, 2023 [dkt. no. 451].)

[3] (See Pls.' Mem. of Law in Opp'n to Def.'s Mot. to Stay, dated Nov. 3, 2023 [dkt no. 441].)

The Court not only granted an extension of the requirement to pledge assets until January 10, 2024, but went a step further, providing the new administration until January 30, 2024 – an additional 20 days beyond the relief requested – to satisfy the condition to seek expedited treatment of its appeal. (Dkt. no. 455.)

Now the Republic writes again to say that it cannot meet the extended deadlines it requested. But this time the Republic seeks either an outright waiver of the stay conditions or an additional 90-day continuance. (See dkt. no. 458 at 2.) For the reasons set forth below, the Republic's motion is DENIED.

**I.    The Republic's Motion.**

First, as Plaintiffs point out, the Republic's motion "is basically a reconsideration motion." (Dkt. no. 460 at 1.) But the Republic has not "served . . . a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked . . . ." Local Civil Rule 6.3. Accordingly, the motion is denied on this procedural ground.

Second, the motion fails on the merits. The Republic states that "[t]he Republic's appeal of the $16.1 billion judgment . . . will require the new Argentine government to make critical decisions about the appeal in its early days in office. The new Argentine administration needs to get up to speed on the appellate issues, comment on the opening brief, and instruct counsel." (Dkt.

3

no. 458 at 1.)  This is the same argument the Republic made in its original motion for a stay of enforcement without a bond, and the Court accommodated the Republic by imposing a temporary stay until December 5, 2023, (dkt. no. 453), and then granting an extension of the stay until January 30, 2024, (dkt. no. 455).  The Republic's latest letter appears to be a new attempt to shift the goalposts.[4]  If the issue is as critical as the Republic represents, one would think that the new administration would give it immediate attention.  The request for more time to pay attention is denied.

The Republic also states that it cannot "legally or practically pledge or encumber the assets identified in this Court's November 21 Order by January 10 . . . [because] pledging these assets would require an act of the Argentine Congress." (Dkt. no. 458 at 1.)  Beyond calling this a "legal obstacle," (id. at 2), the Republic does not say why the Argentine Congress would not or could not move to pledge the minimal security required to stave off what the Republic purports to be dire consequences.  The request for more time for the Argentine Congress to pay attention is denied.

The Republic further represents that "[t]he new Argentine government also has announced that it will honor its obligations[]

---

[4] The Court recalls that less than two months ago, the Republic would have been comfortable with a temporary stay of enforcement for a period of 30 days.

4

and seek to work with the Republic's creditors as part of its overall plan to improve the country's fiscal stability and access to markets." (Id.)  However, as Plaintiffs point out, "Argentina has also refused Plaintiffs' proposal to provide some enforcement relief in exchange for accepting service of recognition actions in other jurisdictions and consenting to the recognition of this Court's judgment — a position that suggests that Argentina intends to continue its strategy of procedural delay and obfuscation." (Dkt. no. 460 at 2.)  The Republic's refusal to take even this minimal step — which will not deplete its existing cash — while at the same time requesting further delay, not expedition, from the Court of Appeals, certainly belies its supposed commitment to "honor its obligations[] and seek to work with [its] creditors," (dkt. no. 458 at 2), and indeed "suggests that [it] intends to continue its strategy of procedural delay and obfuscation," (dkt. no. 460 at 2).  The request for delay, while mouthing an intent to cooperate but refusing to do so, is denied.

## II. Conclusion.

Accordingly, the Republic's motion (dkt. no. 458) is DENIED. As set out in the Court's November 29 Order, the temporary stay of enforcement shall remain in effect until the earlier of either the Republic's failure to (1) pledge assets to Plaintiffs by January 10, 2024, or (2) seek expedited treatment from the Court of Appeals by January 30, 2024.  Upon satisfaction of both

5

conditions by no later than January 30, 2024, the Republic is entitled to a further stay of enforcement pending appeal.

The Clerk of the Court is directed to close the open motions at dkt. nos. 530, 531, and 532 in Civil Case No. 15-cv-2739.  The Clerk of the Court is directed to close the open motions at dkt. nos. 458, 459, and 460 in Civil Case No. 16-cv-8569.

**SO ORDERED.**

Dated:    December 21, 2023
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge