# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

January 2, 2024

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739 ("*Petersen*"); *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569 ("*Eton Park*")

Your Honor:

     We write to renew Plaintiffs' request for an order determining that a "reasonable period of time" following entry of this Court's September 15 Judgment for the purpose of attaching and executing assets that are subject to the restriction provided in Section 1610(c) of the Foreign Sovereign Immunities Act (the "FSIA," 28 U.S.C. § 1610(c)) is co-extensive with the temporary stay of enforcement that the Court has ordered pursuant to Federal Rule of Civil Procedure 62(b).

     The Court's Orders dated November 21, November 29, and December 22 established two conditions for Argentina to obtain a stay of enforcement pending appeal: post "minimal security" by January 10 and move for an expedited appeal by January 30. Argentina, however, already has flouted the second of those conditions. On December 28, Argentina made a further filing in the Second Circuit opposing Plaintiffs' request for expedition and instead seeking a further extension of time to file its opening brief (in addition to the lengthy extension to which Plaintiffs already

Hon. Loretta A. Preska
January 2, 2024
Page 2

had agreed). In that same filing, Argentina also noted "the Republic's legal and practical inability to pledge the required assets" to satisfy the Court's first condition for a stay. In short, Argentina has made it clear that it will not comply with this Court's conditions to granting a stay pending appeal.

Plaintiffs of course will take no action until after January 10 in light of the Court's Orders and the remote possibility that Argentina reverses course. However, to clarify the scope of permissible enforcement activities following January 10, Plaintiffs ask that the Court grant an order determining that the "reasonable period of time" following entry of the Judgment for the attachment or execution of assets that are subject to Section 1610(c) of the FSIA is co-extensive with the temporary stay (*i.e.*, it also elapses on January 10 if Argentina does not comply with the Court's conditions for continuation of the stay pending appeal). As a reminder, Plaintiffs previously sought similar relief by letter motion on September 22 (Dkt. Nos. 500/420), but the Court terminated that request without prejudice as part of its consideration of Argentina's request for a stay pending appeal pursuant to Rule 62(b) (Dkt. Nos. 510/430). The Court's Orders resolving Argentina's Rule 62(b) motion did not address the "reasonable period of time" requirement under Section 1610(c) of the FSIA, and thus Plaintiffs renew their request for a determination of that issue.

Under Section 1610(c) of the FSIA, "[n]o attachment or execution referred to in subsections (a) and (b) of [Section 1610] may be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment." This restriction is narrower than the stay that Argentina requested pursuant to Rule 62(b) in that it only applies to the attachment and execution of assets that otherwise are subject to the FSIA (*i.e.*, it does not apply to enforcement actions outside of the United States or to asset discovery efforts). However, the statute provides no additional guidance regarding the procedure or timing for the Court's determination of what constitutes a "reasonable period of time."

In the circumstances here, the "reasonable period of time" contemplated in Section 1610(c) should be no longer than the temporary stay that the Court has granted to afford Argentina time to post the security required to continue the stay pending appeal. Section 1610(c)'s "reasonable period of time" requirement exists to allow foreign states time to arrange for voluntary payment. As discussed above, the

Hon. Loretta A. Preska
January 2, 2024
Page 3

Republic has made clear that it does not intend to post the minimal security required to continue the Rule 62(b) stay pending appeal, much less pay the Judgment. Courts have granted Section 1610(c) orders where a sovereign debtor has taken no steps towards payment of its debt or is attempting to evade payment. *See e.g.*, *Koch Mins. Sarl v. Bolivarian Republic of Venezuela*, No. 17-CV-2559-ZMF, 2022 WL 521747, at *3 (D.D.C. Feb. 22, 2022). For example, in *Elliott Associates, L.P. v. Banco De La Nacion*, the court found that the then 10-day automatic stay under Federal Rule of Civil Procedure 62(a) was a "reasonable period" of time to allow to elapse for purposes of Section 1610(c). *See Elliott Associates, L.P. v. Banco De La Nacion*, No. 96 Civ. 7916, 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000).

Additionally, while Plaintiffs disagree that the Republic's various arguments regarding its financial situation, likelihood of success on appeal, and international comity have any relevance to the determination of a "reasonable period of time" under Section 1610(c), the Court already has resolved those arguments in Plaintiffs' favor. Whatever their relevance under Section 1610(c), the Court's Orders regarding Argentina's Rule 62(b) motion thoroughly evaluated the Republic's arguments and concluded that it is not entitled to a stay of enforcement pending appeal absent compliance with the Court's two conditions. There is no reason for the Court to reach any different conclusion in the context of determining what constitutes a "reasonable period of time" under Section 1610(c) of the FSIA.

To be clear, Plaintiffs are not on the cusp of seizing assets that are subject to the limitation in Section 1610(c). An order determining that the "reasonable period of time" required by that statute has elapsed, however, will be very helpful to clarify the scope of permissible enforcement activities following January 10. Despite the welcome and optimistic statements of Argentina's new President, Argentina's lawyers have made it clear that the Republic will not cooperate in even basic things (like accepting service of actions to recognize the Judgment abroad), and thus Plaintiffs remain convinced of the likely necessity of enforcing the Judgment through the arduous and time-consuming process of attaching non-immune assets. For essentially the same reasons that the Court denied the Republic's motion for a wholly unsecured stay of enforcement pending appeal pursuant to Rule 62(b), the Court also should find that Section 1610(c)'s "reasonable period of time" provision poses no obstacle to the initiation of enforcement proceedings that otherwise are subject to the requirements of the FSIA.

Hon. Loretta A. Preska
January 2, 2024
Page 4

                                      Respectfully,

                                      */s/Randy M. Mastro*
                                      Randy M. Mastro

Cc:    All counsel of record via ECF