# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 8, 2024

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY 10007.

      Re:  *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Capital Mgmt. et al.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

      On behalf of the Argentine Republic, and pursuant to the Court's January 4, 2024 Order, I respond to Plaintiffs' letter dated January 2, 2024 ("Ltr."; *Petersen* ECF No. 534). Under 28 U.S.C. § 1610(c), "[n]o attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment." Plaintiffs move for an order finding that a "reasonable period of time" will have elapsed on January 10, 2024 to permit commencement of execution proceedings as of that date. The order Plaintiffs seek is unnecessary and premature.

      1.    As an initial matter, Plaintiffs mischaracterize the Republic's response to the Court's November 21, November 29, and December 21 Orders granting a stay of enforcement pending appeal if the Republic pledged certain assets by January 10 and moved to expedite its Second Circuit appeal. According to Plaintiffs, the Republic revealed in a December 28 appellate submission that it had improperly "flouted" the second condition by seeking an extension of time to file its opening brief in the Second Circuit. In fact, the Republic informed this Court on December 19—the same day it requested an extension from the Second Circuit—of its request. (*See Petersen* ECF No. 531.) The Republic also informed the Court in that same letter of its determination that it could not pledge the assets identified in the Court's November 21 Order by January 10. (*Id.*) The Republic recognizes that pursuant to the Court's December 21 Order, the current stay of enforcement will expire on January 10.

      2.    It does not follow, however, that the Court should grant Plaintiffs blanket permission under Section 1610(c) to begin proceedings to attach or execute on assets of the

The Honorable Loretta A. Preska                                                                                              -2-

Republic located in the United States that Plaintiffs have not even started to identify. In fact, Plaintiffs' letter-motion identifies no assets of the Republic in the United States that are even potentially subject to attachment or execution under Section 1610(c). To the contrary, Plaintiffs acknowledge that they "are not on the cusp of seizing assets that are subject to the limitation in Section 1610(c)." (Ltr. at 3.) Courts within this District have held that Section 1610(c) orders are unavailable if no specific assets are identified. *See Olympic Chartering, S.A.* v. *Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 536 (S.D.N.Y. 2001) (Wood, J.) (denying plaintiff's Section 1610(c) motion: "since the plaintiff . . . has not identified any specific assets in its motion, the Court cannot adequately review the propriety of attaching the assets of the judgment-debtor"); *see also Conn. Bank of Com. v. Republic of Congo*, 309 F.3d 240, 247 (5th Cir. 2002) (vacating and remanding district court's dismissal of a writ of garnishment and noting that "[t]he only order mentioned by § 1610(c) is an order actually attaching or executing against property"). Indeed, Plaintiffs identify no practical need for such an order.

If Plaintiffs have not identified any assets of the Republic in the United States that they can *properly* attach or execute on, the only result of a Section 1610(c) order at this time would be to pave the way for the *improper* and harassing use of attachment proceedings in a manner unsupported by the FSIA and wasteful use of judicial resources. *See, e.g.*, *HWB Victoria Strategies Portfolio* v. *Republic of Argentina*, 2017 WL 1738065, at *2 (D. Kan. May 4, 2017) (rejecting judgment creditor's attempt to attach Argentine Air Force aircraft engines); *NML Capital, Ltd.* v. *Space Exploration Techs. Corp.*, 2015 WL 1334291, at *7 (C.D. Cal. Mar. 6, 2015) (rejecting attempt to attach contracts entered into by Argentina's space agency); *Colella* v. *Republic of Argentina*, 2007 WL 1545204, at *7 (N.D. Cal. May 29, 2007) (rejecting attempt to attach the Argentine presidential airplane). That is a reason to deny Plaintiffs' request, not to grant it.

There is also no basis for Plaintiffs' assertion that a Section 1610(c) order will be "helpful to clarify the scope of permissible enforcement activities following January 10." (Ltr. at 3.) It is not clear what Plaintiffs seek to "clarify" or how the order they seek pertains to any enforcement activity they intend to commence. As Plaintiffs correctly recognize, a Section 1610(c) order is not necessary to begin enforcement-related discovery, and it is not relevant to potential enforcement proceedings outside of the United States. (*Id.*) In fact, a standalone Section 1610(c) order on whether a "reasonable period of time" has elapsed since the judgment would clarify nothing because Plaintiffs have not identified assets of the Republic that they can execute upon. In other words, so long as Plaintiffs are not "on the cusp" of seizing assets, there is no reason for this Court to enter a Section 1610(c) order. If Plaintiffs subsequently identify relevant assets that they can *properly* attach or execute on, they can renew their motion and the Court can address the issue in a concrete context.

3. In all events, Plaintiffs' letter-motion should be denied because a "reasonable period of time" has not elapsed under Section 1610(c). What constitutes a "reasonable period of time" is not defined in the statute: instead, "the period of 'reasonable time' will of course vary according to the nuances of each case." *Pharo Gaia Fund Ltd.* v. *Bolivarian Republic of Venezuela*, 2021 WL 2168916, at *1 (S.D.N.Y. May 27, 2021) (Torres, J.). In considering the reasonable-period-of-time requirement, "courts have considered factors such as 'procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the

The Honorable Loretta A. Preska                                                                                      -3-

judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment.'" *Olin Holdings Ltd.* v. *Libya*, 2023 WL 6066237, at *1 (S.D.N.Y. Sept. 18, 2023) (Koeltl, J.).

Here, none of these factors supports the entry of a Section 1610(c) order less than four months after the Court's entry of a $16.1 billion judgment against the Republic, an amount equivalent to 32% of the Republic's 2023 budget (as amended on November 30). To start, as the Court is aware, the judgment remains under appeal. Article 170 of the Argentine Permanent Supplementary Budget Law allows for budgeting of payments only in connection with final judgments. (*See* Stay Motion at 4, Rigo Decl. ¶ 7, *Petersen* ECF Nos. 514, 515-1.) There is also *zero* evidence—and Plaintiffs' letter does not suggest there is any—that the Republic is "about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Olin Holdings*, 2023 WL 6066237, at *1. Moreover, as Plaintiffs have recognized, the Republic's new government is addressing dire economic circumstances, including widespread poverty, the renegotiation of debt facilities with the IMF, the inability to access international capital markets, and inflation that is now approaching 200%.[1] The new administration has put into place very significant fiscal and monetary measures to attempt to put Argentina's economy on a new course, and is in the midst of discussions with the IMF with regard to the adjustment of its economic program.

In these circumstances, even if the current stay of enforcement expires on January 10, it is not "reasonable" that FSIA attachment and execution proceedings start only four months after this Court's judgment. Numerous other courts have found much longer periods to be "reasonable" even absent many of the compelling factors present here. *See, e.g.*, *Olin Holdings*, 2023 WL 6066237, at *1 (determining that a period of over one year constituted a reasonable period); *Commodities & Minerals Enter. Ltd.* v. *CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 53 (S.D.N.Y. 2019) (Carter, J.) (period of over one year); *Sci. Applications Int'l Corp.* v. *Hellenic Republic*, 2019 WL 1789641, at *2 (S.D.N.Y. Apr. 24, 2019) (Torres, J.) (period of 11 months); *Wye Oak Tech., Inc.* v. *Republic of Iraq*, 2023 WL 7112801, at *1 (D.D.C. Oct. 27, 2023) (period of 10 months); *LLC SPC Stileks* v. *Republic of Moldova*, 2023 WL 2610501, at *2 (D.D.C. Mar. 23, 2023) (period of 15 months). This case thus bears no resemblance to the single decision cited by Plaintiffs in which a court permitted, without any explanation, execution to start immediately on a $55 million judgment against Peru. *See Elliot Associates, L.P.* v. *Banco De La Nacion*, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (Sweet, J.).

4. This Court has already correctly recognized that this case involves "extraordinary and unique circumstances" and implicates "principles of international comity." (*Petersen* ECF No. 527 at 4, 6.) While the Republic recognizes that under this Court's prior orders, the current stay of enforcement will expire on January 10, that does not mean that attachment and execution proceedings should be permitted under Section 1610(c) as of that date. Rather, in the event that Plaintiffs identify attachable assets in the United States, Plaintiffs should then renew their motion for a Section 1610(c) order.

---

[1] *See, e.g.*, Reuters, *Argentina govt sees monthly inflation in December around 30%*, Jan. 3, 2024; Reuters, *Argentina devalues peso, cuts spending in economic shock therapy*, Dec. 13, 2023; Bloomberg, *Argentina to Pay IMF Next Week, "Reformulate" Deal, Caputo Says*, Dec. 13, 2023.

The Honorable Loretta A. Preska                                                                 -4-

                                              Respectfully,

                                              */s/Robert J. Giuffra, Jr.*
                                              Robert J. Giuffra, Jr.

cc:     Counsel of Record (via ECF)