# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

January 9, 2024

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739 ("*Petersen*"); *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569 ("*Eton Park*")

Your Honor:

I write in reply to the Republic's letter response opposing Plaintiffs' request for an order pursuant to 28 U.S.C. § 1610(c) (the "Response," Dkt. No. 536/464).

No legal basis exists for the Republic's prematurity argument. The FSIA provides no guidance regarding when or how the Court should assess the temporal requirement in Section 1610(c), and while the Court logically *can* decide the issue in the context of a motion directed at specific assets, nothing in the statute provides that the Court may *only* decide the issue in that narrow context. It is common practice for Courts to decide Section 1610(c)'s temporal requirement independent from (and before) a motion to attach specific assets, as precedent from this and other districts confirms. For instance, in *Olin Holdings Ltd. v. Libya*, 2023 WL 6066237, at *1 (S.D.N.Y. Sept. 18, 2023), Judge Koeltl found that Section 1610(c)'s temporal requirement was satisfied, specifically noting that "a section 1610 (c) order 'does not make any determination as to the propriety of attachment or execution of any

particular property.'" Similarly, in *Wye Oak Tech., Inc. v. Republic of Iraq*, No. 1:10-CV-1182-RCL, 2023 WL 7112801, at *5 (D.D.C. Oct. 27, 2023), the court rejected Iraq's "argument that an independent § 1610(c) order is inappropriate per se," observing that courts "have routinely issued § 1610(c) orders expressly reserving judgment on issues of attachment and execution." The Court explained that "[t]here is no logical or textual necessity for § 1610(c)'s temporal analysis to be tangled with issues of attachment and execution which invariably arrive later in FSIA litigation," and "a § 1610(c) order offers no opinion on the merits of subsequent attachment or execution issues. Put simply, the question of *when* you may seize a defendant's property, and *which exact* properties you may seize are functionally distinct."

The two cases cited by the Republic, on the other hand, did not involve Section 1610(c)'s temporal requirement at all and stand only for the proposition that the FSIA's *immunity exceptions* must be assessed on an asset-specific basis. *See Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 536 (S.D.N.Y. 2001) (Wood, J.); *Conn. Bank of Com. v. Republic of Congo*, 309 F.3d 240, 247-51, 260-61 (5th Cir. 2002).

Beyond this prematurity argument, the Republic offers nothing new to justify denial of Plaintiffs' motion. The Republic argues that the Judgment is not final pending appeal, but the fact that a judgment is still subject to vacatur is irrelevant to Section 1610(c)'s temporal requirement. *See, e.g.*, *Olin Holdings,* 2023 WL 6066237, at *2 ("The inquiry under Section 1610(c) … is not affected by whether the judgment may eventually be vacated."); *Wye Oak Tech.,* 2023 WL 7112801, at *3 (noting "it is wholly irrelevant to a § 1610(c) analysis whether a party elects to appeal the district court's judgment"). In any event, the Court already has decided that the Republic is not entitled to a stay pending appeal (absent compliance with the Court's two conditions), and there is no reason for the Court to reach a different conclusion in the context of Section 1610(c).

Finally, while the Republic cites several cases finding that a year or more satisfies Section 1610(c)'s temporal requirement, those cases do not support the inverse conclusion that a shorter time period is unreasonable. To the contrary, courts have repeatedly found much shorter time periods to satisfy Section 1610(c)'s temporal requirement. *See, e.g.*, *Wye Oak Tech.,* 2023 WL 7112801, at *6 (citing multiple cases holding that a period of two months or less is reasonable).

Hon. Loretta A. Preska
January 9, 2024
Page 3

Respectfully,

*/s/Randy M. Mastro*
Randy M. Mastro

Cc:     All counsel of record via ECF