UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETERSEN ENERGÍA INVERSORA S.A.U.
and PETERSEN ENERGÍA, S.A.U.,

                Plaintiffs,

-against-

ARGENTINE REPUBLIC and YPF S.A.,

                Defendants.

---

ETON PARK CAPITAL MANAGEMENT, L.P.,
ETON PARK MASTER FUND, LTD., and
ETON PARK FUND, L.P.,

                Plaintiffs,

-against-

ARGENTINE REPUBLIC and YPF S.A.,

                Defendants.

---

15 Civ. 2739 (LAP)

16 Civ. 8569 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the renewed motion of Petersen Energía Inversora S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. ("Plaintiffs") for an order that a "reasonable period of time" has elapsed, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610(c), for purposes of attaching and executing against assets of Defendant Argentine Republic ("the Republic"). (Dkt. no. 534.)[1]  Also before the Court are the Republic's

---

[1] References to the docket use the docket entry numbers in Civil Case No. 15-cv-2739 (LAP).

opposition and Plaintiffs' reply.  (Dkt. nos. 536, 537.)  For the reasons set forth below, Plaintiffs' motion is GRANTED.

I. **Relevant Background**

The Court presumes familiarity with the pre-judgment facts and circumstances of this case.  To recite briefly the facts relevant to this motion, the Court entered a $16.1 billion judgment against the Republic on September 15, 2023.  (Dkt. no. 498.)  On September 22, 2023, Plaintiffs filed a pre-motion conference letter for their anticipated motion pursuant to section 1610(c).  (Dkt. no. 500.)   On October 6, 2023, the Republic filed a pre-motion conference letter for its anticipated motion to stay execution of the judgment without bond pending appeal.  (Dkt. no. 503.)   The Republic then filed a notice of appeal on October 10, 2023.  (Dkt. no. 504.)  Accordingly, on October 19, 2023, the Court issued an order (1) scheduling briefing on the Republic's motion to stay enforcement of the judgment pending appeal, and (2) denying without prejudice to renewal Plaintiffs' request for a pre-motion conference on the section 1610(c) motion. (Dkt. no. 510.)

On November 21, 2023, the Court issued an order granting a temporary stay of enforcement until December 5, 2023, and granting the Republic a further stay of enforcement upon its satisfaction of two conditions:  (1) the pledge of certain minimal assets to

Plaintiffs, and (2) the request to expedite treatment of its appeal. (Dkt. no. 527.)

On November 27, 2023, the Republic moved to extend the temporary stay and concurrent deadlines from December 5, 2023, until January 10, 2024. (Dkt. no. 528.) The Court obliged and, as a courtesy to the new administration in Argentina, also extended the deadline of the condition to seek expedited treatment until January 30, 2024 – an additional 20 days beyond the date requested by the Republic. (Dkt. no. 529.) Despite the Court's accommodations, on December 20, 2023, the Republic essentially moved for reconsideration and requested further delay, (dkt. no. 531), which the Court promptly denied on December 21, 2023, (dkt. no. 533).

To date, the Republic has not made any payments in satisfaction of the final judgment, it has not pledged the assets identified in the Court's November 21 Order or any other assets to secure the judgment, and it does not point to any other steps it has taken toward satisfying the judgment. Now, nearly four months after entry of the final judgment, Plaintiffs have renewed their motion pursuant to section 1610(c) of the Foreign Sovereign Immunities Act.

**II. Reasonable Period of Time**

The Foreign Sovereign Immunities Act, 28 U.S.C. § 1610, requires that a court first determine that "a reasonable period of

time has elapsed following entry of judgment" before ordering attachment or execution of a foreign state's assets pursuant to subsections (a) and (b).  28 U.S.C. § 1610(c).  In determining whether a period is "reasonable," courts consider "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." See Ferrostaal Metals Corp. v. S.S. Lash Pacifico, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (quotation omitted). Additionally, "courts are more likely to find a reasonable time has elapsed where no evidence of an attempt to pay [the] judgment is offered." Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venez., No. 20-cv-129 (RC), 2021 WL 6644369, at *2 (D.D.C. July 13, 2021).

Although this determination depends on the "nuances of each case," Ned Chartering & Trading, Inc. v. Republic of Pak., 130 F. Supp. 2d 64, 67 (D.D.C. 2001), courts in this district and others have found that shorter periods of months – some as brief as two months — are reasonable under section 1610(c).  See Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venez., No. 19-cv-3123 (AT), 2021 WL 2168916, at *1 (S.D.N.Y. May 27, 2021) (collecting cases).

4

Nearly four months have passed since entry of the judgment on September 15, 2023.  During this time, the Republic has taken a variety of actions – including appeal to the Court of Appeals, a motion to stay judgment pending appeal, a motion to extend the temporary stay and concurrent deadlines, and a motion for reconsideration – to delay and circumvent its obligations on the judgment.  The Republic has made no efforts to satisfy the conditions required by the Court's November 21 Order (that is, the requirement to pledge minimal assets to Plaintiffs and seek expedited treatment from the Court of Appeals), and, in fact, has moved for and was granted by the Court of Appeals an extension of time to file its opening brief.  At each turn, the Republic has demonstrated an apparent intention to leverage motion practice and the transition of administrations to dodge its obligations on the final judgment, and there is no evidence of any attempt to pay the final judgment.

The Republic argues that Plaintiffs' motion is "unnecessary and premature" because Plaintiffs have yet to identify any specific assets that are subject to attachment and execution under section 1610(c).  (Dkt. no. 536 at 1.)  However, as Plaintiffs correctly observe, "a section 1610(c) order does not make any determination as to the propriety of attachment or execution of any particular property."  See Olin Holdings Ltd. v. Libya, No. 21-cv-4150 (JGK), 2023 WL 6066237, at *2 (S.D.N.Y. Sept. 18,

5

2023) (quotation omitted).  Rather, "the question of <u>when</u> [a plaintiff] may seize a defendant's property, and <u>which exact</u> properties [plaintiff] may seize are functionally distinct.  Subsection 1610(c), by its express text, only concerns the former." <u>Wye Oak Tech., Inc. v. Republic of Iraq</u>, No. 1:10-cv-1182-RCL, 2023 WL 7112801, at *5 (D.D.C. Oct. 27, 2023).

Next, the Republic argues that because the judgment is on appeal, the motion should be denied.  (Dkt. no. 536 at 3.)  The possibility of vacatur, however, does not preclude a court's rendering a section 1610(c) finding.  <u>See</u> <u>Olin Holdings Ltd.</u>, 2023 WL 6066237, at *2.

Last, the Republic argues that the "dire economic circumstances, including widespread poverty, the renegotiation of debt facilities with the IMF, the inability to access international capital markets, and inflation that is now approaching 200%" counsel against granting Plaintiffs' motion.  (Dkt. no. 536 at 3.)  While the Court sympathizes with the scale of the Republic's financial challenges, the Republic's own admission of lacking access to funds belies its argument.  That is, the Republic's argument demonstrates that it has not taken, and purportedly cannot take, steps toward payment and that it has no timeline for doing so.  <u>See also</u> <u>Pharo Gaia Fund Ltd.</u>, 2021 WL 2168916, at *2 (reasoning that such uncertainty bolstered movant's argument).  These considerations suggest not only that no additional amount of

time would change the circumstances but also that a "reasonable period of time" has already elapsed.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion, (dkt. no. 534), for an order determining that a "reasonable period of time" has passed within the meaning of 28 U.S.C. § 1610(c) is GRANTED. The Clerk of the Court is directed to close the open motions at docket entries 534, 536, and 537 in Civil Case No. 15-cv-2739. The Clerk of the Court is further directed to close the open motions at docket entries 462, 464, and 465 in Civil Case No. 16-cv-8569.

**SO ORDERED.**

Dated:    January 11, 2024
          New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge