# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 1 0036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

February 27, 2024                  *Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
       *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

      I respectfully write to request a pre-motion conference regarding Plaintiffs' intended motion to compel the Republic of Argentina (the "Republic") to produce discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP"). In summary, the Republic wrongly seeks to shield entire asset categories from mere discovery on the ground that they are purportedly immune from attachment, appointing itself as the unilateral gatekeeper on this critical issue. The law is clear, however, both that discovery is not the time to assess immunity issues and that the judgment debtor is not the appropriate decision maker to make that determination— particularly not when doing so would obstruct full and fair disclosure. Rather, judgment creditors are entitled to permissive discovery of a sovereign debtor's assets precisely so that any immunity objections – which are often complex and highly context-specific – can then be resolved on a full and fair record.

      Plaintiffs served post-judgment discovery requests (the "Requests") on the Republic on October 16, 2023. The Republic served its Responses and Objections (the "Objections") on November 15, 2023, asserting the right to withhold entire categories of documents on the ground that the subject assets are absolutely immune under the FSIA or comity principles. *See* Ex. A (Feb. 12, 2024 Letter); *see also* Ex. B (Objections). After more than three months and eight meet and confer sessions, the parties are at an impasse with respect to the threshold legal issue of the Republic's right to shield assets from discovery based on its own self-serving determinations on immunity. Plaintiffs ask the Court to overrule the Republic's

objections and compel its production in response to Requests 12-28,[1] pursuant to FRCP 26(b)(1) and 69(a)(2), as well as CPLR 5223, which all are "quite permissive," even in the face of claims of immunity and comity. *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138, 144 (2014).

Courts have consistently held that neither the FSIA nor the FRCP precludes *discovery* of assets that may ultimately be immune from attachment. *See NML*, 573 U.S. at 144; *Exp.-Imp. Bank of the Republic of China v. Grenada*, 768 F.3d 75, 92 (2d Cir. 2014) (noting that "judgment creditors need not satisfy the stringent requirements for attachment under the FSIA simply to receive information about [a sovereign's] assets"); *Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, 2022 WL 1567464 (S.D.N.Y. May 18, 2022) ("the law is clear that the judgment creditor need not prove that the post-judgment discovery will lead to attachable or executable assets in order to obtain that discovery"). Indeed, in other litigation involving the Republic, the Second Circuit has found that assertions of immunity are to be resolved at the execution stage, not the discovery stage. *See Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 17 (2d Cir. 2014).

Despite this precedent, the Republic refuses to produce certain documents in response to Requests 13-16, 22, and 27-28 because it has deemed the target assets immune from attachment.[2] *See* Ex. A at 2, 8. That approach, however, "puts the cart before the horse" because the immunity of assets is often disputed, even when they appear at first blush to be immune. *See, e.g.*, *NML Capital, Ltd. v. Republic of Argentina*, 680 F.3d 254, 258 (2d Cir. 2012) (sovereign's bank account used to pay for army boots or bullets would be subject to attachment under FSIA); *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 527 (S.D.N.Y. 2013) (embassy accounts may be attachable "even if some portion of those funds are used for diplomatic purposes"). It would also permit the Republic to broadly conceal assets from discovery by simply and unilaterally deeming them unattachable. Because the immunity of assets is highly dependent on specific facts and circumstances, the proper juncture for determining that issue is at the attachment stage, not discovery stage. *See Aurelius*, 589 F. App'x at 17.

---

[1] The parties have specifically met and conferred regarding Requests 1-30. Plaintiffs reserve the right to continue to meet and confer, and potentially move to compel, regarding Requests 31-77.

[2] For example, the Republic has stated it will not disclose assets it has unilaterally determined are diplomatic, consular, or military in character. But even counsel to the Republic has represented that they are unaware of the criteria that govern that determination, although they have agreed to request that information from their client. Regardless, the Republic should not be the sole, secret arbiter of whether an asset is attachable or not, and should not be permitted to make that determination in a manner that obstructs full and fair disclosure.

Similarly, in response to Requests 12, 17-21, 24, and 26-28, the Republic objects to discovery of any assets that concern the Central Bank of Argentina ("BCRA") on the grounds that *all* assets held in BCRA's name are immune from attachment and BCRA is not an alter ego of the Republic. Ex. A. at 2-3. Yet assets held in BCRA's name may be subject to attachment if the Republic has a legal or beneficial interest in the assets (e.g., if they are pledged to secure a loan to the Republic), and courts have ordered post-judgment discovery of assets held in a central bank's name. *See Thai Lao*, 924 F. Supp. 2d at 523 (ordering discovery of sovereign's accounts with the central bank of Laos, even if those accounts were held in the bank's name). The Republic's objection to discovery of BCRA accounts on the ground that BCRA is not an alter ego of the Republic is also baseless because the correct standard focuses on the Republic's "practical ability" or "legal right" to obtain the documents from BCRA—not whether BCRA is its alter ego. *See, e.g., Aurelius*, 589 F. App'x at 18 ("an entity [that] is not an alter ego . . . may nevertheless hold attachable assets on behalf of Argentina [or] may possess information about Argentina's assets, even if it does not own or hold those assets itself").[3]

At bottom, the Republic leans on "grace and comity" considerations to argue that, as a Sovereign, it should be shielded from the "undue burden" of providing any discovery regarding assets that may ultimately be immune from attachment. *See, e.g.*, Ex. A at 2, 8. In general, such conclusory arguments – that discovery will "harm the sovereign state's economy" – are both speculative and invalid. *See In re Subpoenas Served on Lloyds Banking Group PLC*, 2021 WL 5708721 (S.D.N.Y. Nov. 26, 2021). In the context of this dispute, however, the Republic's argument is particularly wrong because any burden of responding to broad asset discovery is trifling when considered against the size of the judgment and the Republic's lengthy history of resisting payment of its debts. The Republic's approach would simply afford it too much discretion to shield potentially attachable assets from discovery based on its own characterization of assets as immune, without meaningful review by the Plaintiffs or the Court, contrary to the law.

Accordingly, Plaintiffs respectfully request a pre-motion conference concerning Plaintiffs' proposed motion to compel the production of documents.

---

[3] The Republic has acknowledged it has the ability to produce BCRA accounts as it "has agreed to produce by March 16, 2024 documents relating to accounts of the Republic at [BCRA]" in response to plaintiff's post-judgment discovery requests. *Bainbridge Fund Ltd. v. The Republic of Argentina*, No. 1:16-cv-08605-LAP, ECF No. 101 (Feb. 23, 2024).

Page 4

                        Respectfully,

                        */s/ Randy M. Mastro*
                        Randy M. Mastro