# Exhibit  B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x
PETERSEN ENERGÍA INVERSORA,     :   Case No.: 1:15-CV-02739 (LAP)
S.A.U. and PETERSEN ENERGÍA,    :
S.A.U.,                     :
                            :
          Plaintiffs,   :
         v.           :
                            :
ARGENTINE REPUBLIC and YPF    :
S.A.,                     :
                            :
          Defendants.   :
---------------------------------------------------x

---------------------------------------------------x
ETON PARK CAPITAL        :   Case No.: 1:16-CV-08569 (LAP)
MANAGEMENT, L.P., ETON PARK  :
MASTER FUND, LTD., ETON PARK :
FUND, L.P.,            :
                            :
          Plaintiffs,   :
         v.           :
                            :
ARGENTINE REPUBLIC and YPF    :
S.A.,                     :
                            :
          Defendants.   :
---------------------------------------------------x

## THE ARGENTINE REPUBLIC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' <u>FIRST POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

            Pursuant to Rules 26, 34, and 69 of the Federal Rules of Civil Procedure, Article

52 of the New York Civil Procedure Law and Rules, and the Local Rules of the United States

District Court for the Southern District of New York (together, the "Rules"), Defendant the

Argentine Republic ("Argentina" or the "Republic") hereby responds and objects to Plaintiffs'

Petersen Energía Inversora S.A.U., Petersen Energía S.A.U., Eton Park Capital Management L.P.,

Eton Park Master Fund, LTD, and Eton Park Fund L.P. (collectively, "Plaintiffs") First Post-Judgment Requests for Production of Documents, dated October 16, 2023 (the "Requests"), in the above-captioned actions (the "Actions") as follows (the "Response").

## RESERVATION OF RIGHTS

The following reservations of rights apply to each of the Requests and shall have the same force and effect as if set forth in full in response to each of the numbered Requests.

1.      To the extent that the Republic responds to a Request, it does so without conceding the materiality, admissibility, or relevance of the Request.

2.      The Republic reserves all objections to the use of this Response.  The Republic may interpose all such objections as otherwise permitted or required by the Rules or order of the Court.

3.      The Republic reserves the right to supplement, amend, or withdraw this Response or any part thereof.

4.      The Republic reserves the right to employ in any post-judgment proceeding information subsequently obtained or discovered, or information not within the scope of these Requests.

5.      The Republic reserves the right to object to further discovery regarding the subject matter of the Requests.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Definitions, Instructions, and Requests and shall have the same force and effect as if set forth in full in response to each individually numbered Definition, Instruction, or Request.  Certain General Objections may be

specifically repeated in individual responses for the purpose of emphasis.  Failure to make a specific reference to a General Objection is not a waiver of any General Objection.

In the event any information falling within one or more of these objections is disclosed in response to the Requests, the disclosure is inadvertent and is not a waiver of the objection.

The objections and responses herein are based on the Republic's present knowledge, information, and belief.  Further investigation may reveal additional facts or documents that could result in additions to, changes in, and/or variations from, the responses herein. Without in any way obligating itself to do so, the Republic reserves the right to amend, revise, correct, supplement, and clarify any of the objections or responses herein.  Regardless of whether the Republic produces or agrees to produce documents in response to the Requests, the Republic reserves the right (but does not assume the obligation) to: (i) revise, correct, supplement, or clarify the content of these Responses and Objections in accordance with the Rules; (ii) provide additional responsive documents in the future; (iii) object to further post-judgment discovery in the Actions; (iv) rely upon any documents produced in the Actions in any hearing, proceeding, or trial in the Actions; and (v) challenge the authenticity or admissibility in any proceeding, hearing, or trial of any documents.

1.      The Republic objects to the Requests in their entirety on the basis that, in response to pre-motion letters from both parties, the Court ordered briefing of the Republic's motion to stay enforcement of the judgment (*Petersen* ECF No. 510), and that motion is currently pending (*see Petersen* ECF No. 513).  Pending resolution of the Republic's entitlement to a stay, these Requests are premature.

2.      The Republic objects to the Requests on the ground that they fail to provide a reasonable time for compliance, particularly in light of the election in Argentina that will take place on November 19, 2023, and will not result in the installation of a new government until December 10, 2023.

3.      The Republic objects to the Requests in their entirety to the extent that they impinge upon the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state.  *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014).

4.      The Republic objects to the Requests as overbroad and not reasonably calculated to assist in collecting on the judgment to the extent that they seek documents that are relevant to assets that are immune from execution, including pursuant to the Foreign Sovereign Immunities Act ("FSIA"), *see* 28 U.S.C. § 1609.  The Republic has not "waived its immunity from attachment in aid of execution or from execution either explicitly or by implication."  28 U.S.C. § 1610(a)(1).  The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the U.K. State Immunity Act of 1978, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and/or another applicable protection for foreign state property.  Such property includes, for example, diplomatic facilities, military facilities, and other government-owned facilities that are used to provide essential services and core government functions.

5.      The Republic objects to the Requests to the extent that they purport to impose burdens or obligations on the Republic that are broader than, inconsistent with, or not authorized by the Rules, or any other applicable legal authority.

6.    The Republic objects to the Requests to the extent that they are overbroad, ambiguous, and duplicative.

7.    The Republic objects to the Requests to the extent they call for the production of information or documents that are not relevant or proportional to the needs of the Actions.  Production of any information or documents in response to these Requests should not be construed as, and does not constitute, an admission as to the relevance or proportionality of any material provided therein.

8.    The Republic objects to the Requests to the extent that they purport to require production of "any" or "all" documents under circumstances in which a subset of documents would be sufficient to show the pertinent information, on the grounds that such requests for production of "any" or "all" documents are overly broad, unduly burdensome, and disproportionate to the needs of the case.

9.    The Republic objects to the Requests to the extent that they purport to seek the discovery of documents that are protected by the attorney-client privilege, the attorney work product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity, or protection from disclosure, or that are otherwise protected from disclosure under the Rules, or subject to protective orders, non-disclosure agreements, or other confidentiality undertakings.  Nothing contained in this Response is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection.  Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended to be, nor should be interpreted as, evidence that the Republic does not object to a Request on the basis of an applicable privilege, immunity, or protection.  Inadvertent disclosure of any information that is subject to any protection or privilege shall not constitute a

waiver of the Republic's rights to: (i) seek the return or destruction of such inadvertently disclosed information or (ii) object to the use of such material for any purpose in, or at any stage of, the Actions, or in any other action or proceeding.

10.     The Republic objects to producing documents or information that it is prohibited from disclosing by contract, order, statute, rule, regulation, or law, including but not limited to any applicable privacy laws, such as Argentina's Personal Data Protection Act (*Ley de Protección de los Datos Personales*), Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

11.     The Republic objects to the Requests, including the Definitions, Instructions, and Requests set forth therein, to the extent that they purport to require the Republic to draw subjective or legal conclusions or are predicated on subjective or legal conclusions or arguments.   The Republic further objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place, or contain inaccurate, incomplete, or misleading descriptions of facts, persons, or events.   Any response or production of documents in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission concerning any of the terms used, or assertions made, in the Requests.   In responding and objecting to the Requests, the Republic does not admit the correctness of any such assertions.

12.     For any Request to which the Republic objects on grounds of vagueness, the Republic will read, object, and/or respond to the Request according to its own good-faith interpretation of the Request, to the extent possible.

13.     The Republic objects to the Requests to the extent that they purport to seek the discovery of documents that: (i) are not in its possession, custody, or control as of the date of

the Requests; (ii) require the Republic to create documents not in its possession, custody, or control; (iii) are available from a more convenient, more efficient, less burdensome, or less expensive source than the Republic; or (iv) are publicly available, already in Plaintiffs' possession, or otherwise available from sources to which Plaintiffs also have access.  The Republic does not agree to undertake a search for and produce documents that are publicly available.

14.     The Republic objects to the Requests to the extent that they purport to require preservation and/or production of electronically stored information ("ESI") or documents not stored on active systems, but rather on systems, backup tapes, and other media that are not reasonably accessible.

15.     The Republic objects to the Requests to the extent they purport to require the Republic to collect or review documents outside the scope of the Republic's normal business operations, such as text messages, electronic chats, personal files, or personal e-mails.

16.     The Republic objects to the Requests to the extent that they purport to require the Republic to conduct anything beyond a reasonable and diligent search for readily accessible files, including ESI, from centralized, readily accessible sources where responsive documents reasonably would be expected to be found.

17.     The Republic preserves, and does not waive, any objection as to competence, relevance, materiality, propriety, and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence.  The Republic reserves the right to make any and all such objections at any proceeding relating to the Actions.

18.     This Response is solely in the name of and on behalf of the Republic.  The Republic objects to the Requests to the extent that they purport to require the Republic to provide information that is in the possession, custody, or control of any individual, agency, or

instrumentalities of the Republic with legal identities separate and apart from those of the Republic on the grounds that such information is not in the Republic's possession, custody, or control, and is neither relevant nor proportional to the needs of the Actions, nor reasonably calculated to assist in collecting on the judgment.

19.     The Republic objects to the Requests as overbroad and not reasonably calculated to assist in collection on the judgment to the extent they seek documents pursuant to Article 52 of the New York Civil Procedure Law and Rules.  The Republic is not a "person" subject to discovery or turnover pursuant to Article 52.  *See* C.P.L.R. § 5225(a) ("[T]he court shall order the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment"); C.P.L.R. § 105(m) (defining a "judgment debtor" as a "person . . . against whom a money judgment is entered"); *see also* CPLR § 5223 (judgment creditor may serve subpoena on any "person").  *See Bainbridge Fund Ltd.* v. *Republic of Argentina*, 37 F.4th 847, 850 (2d Cir. 2022) (a foreign sovereign is not a "person" under C.P.L.R. § 211(a):  "the ordinary meaning of 'person' is a natural person. . . . The Supreme Court has explained that the common usage of the term 'persons' does 'not include the sovereign, and statutes employing it will ordinarily not be construed to do so.").

## OBJECTIONS TO DEFINITIONS

1.     The Republic objects to each of the Definitions, and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that the Definition purports to broaden the obligations imposed by the Rules.  Subject to and without waiver of these objections, in responding to the Requests, the Republic will comply, and construe the Definitions consistently with, the Rules.

2.     The Republic further objects to each of the Definitions, and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that the

Definition purports to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Rules.

3.      The Republic further objects to the defined terms "Argentina," "You," and "Your," and to any Definition, Instruction, or Request that incorporates those Definitions, (a) on the grounds that such Definitions seek the discovery of information that is in the possession, custody, or control of third parties; (b) to the extent that such Definitions fail to distinguish between or among distinct government entities; (c) to the extent that such Definitions purport to require the Republic to discern or inquire about relationships between or among third-party entities; and (d) on the grounds that such Definitions are vague, ambiguous and confusing because it includes "representatives, and all other Persons acting or purporting to act for or on Argentina's behalf" and uses the term "servants," which has not been defined with sufficient particularity.  Subject to and without waiver of these objections, in responding to the Requests, the Republic will construe the terms "You," "Your," and "Argentina" to refer to the National Treasury of the Republic of Argentina only.

4.      The Republic further states that (i) in responding, or providing information in response, to any Requests incorporating those Definitions, the Republic will not make any inquiry to attempt to identify any relationships between or among third-party entities; and (ii) the Republic's Response is not intended, and shall not be construed, as an admission with respect to any relationships between or among third-party entities.

5.      The Republic further objects to the defined term "Asset," and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that it refers to assets that are immune from execution, including pursuant to the Foreign Sovereign Immunities Act ("FSIA"), *see* 28 U.S.C. § 1609.  The Republic has not "waived its immunity from attachment

in aid of execution or from execution either explicitly or by implication."  28 U.S.C. § 1610(a)(1).

The Republic is a foreign sovereign with numerous assets that are exempt from attachment or

execution under applicable U.S., foreign, and/or international law—including, but not limited to,

the FSIA, the U.K. State Immunity Act of 1978, the Vienna Convention on Diplomatic Relations,

the Vienna Convention on Consular Relations, and/or another applicable protection for foreign

state property.  Such property includes, for example, diplomatic facilities, military facilities, and

other government-owned facilities that are used to provide essential services and core government

functions.

      6.     The Republic further objects to the defined term "China," and to any

Definition, Instruction, or Request that incorporates that Definition, on the grounds that the

Definition is overbroad, vague, ambiguous, and confusing in including "all other Persons acting

or purporting to act for or on China's behalf."  Subject to and without waiver of these objections,

(i) in responding, or providing information in response, to any Requests incorporating that

Definition, the Republic will not make any inquiry to attempt to identify any relationships between

or among Persons that are not affiliated with China; and (ii) the Republic's Response is not

intended, and shall not be construed, as an admission with respect to any relationships between or

among Persons unaffiliated with China.

      7.     The Republic further objects to the defined term "Commercial

Transaction," and to any Definition, Instruction, or Request that incorporates that Definition, to

the extent that it refers to assets that are immune from execution, including pursuant to the Foreign

Sovereign Immunities Act ("FSIA"), *see* 28 U.S.C. § 1609.  The Republic has not "waived its

immunity from attachment in aid of execution or from execution either explicitly or by

implication."  28 U.S.C. § 1610(a)(1).  The Republic is a foreign sovereign with numerous assets

that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the U.K. State Immunity Act of 1978, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and/or another applicable protection for foreign state property. Such property includes, for example, diplomatic facilities, military facilities, and other government-owned facilities that are used to provide essential services and core government functions.

8.      The Republic further objects to the defined term "Debt," and to any Definition, Instruction, or Request that incorporates that Definition, as overbroad and not reasonably calculated to assist in collecting on the judgment because the Republic's "Debt" is neither an asset nor property of the Republic, and is therefore outside the scope of asset discovery. The Republic further objects to the defined term "Debt," and to any Definition, Instruction, or Request that incorporates that Definition, because the Definition's references to, for example, "money owed to the International Monetary Fund" and "any money owed to a foreign state, export credit agencies of a foreign state, and debt agencies of a foreign state" impinge upon the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state. *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014)

9.      The Republic further objects to the defined term "Judgment," and to any Definition, Instruction, or Request that incorporates that Definition, to the extent the Definition's reference to the judgment being "final" fails to take into account the pending appeal of the Court's September 15, 2023 judgment.

10.      The Republic further objects to the defined term "Repsol," and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that it purports to require the Republic to discern or inquire about relationships between or among entities that are

not affiliated with Repsol, S.A. and because it is vague, ambiguous, and confusing in including "all other Persons acting or purporting to act for or on Repsol's behalf."  Subject to and without waiver of these objections, (i) in responding, or providing information in response, to any Requests incorporating that Definition, the Republic will not make any inquiry to attempt to identify any relationships between or among entities that are not affiliated with Repsol, S.A.; and (ii) the Republic's Response is not intended, and shall not be construed, as an admission with respect to any relationships between or among entities unaffiliated with Repsol, S.A.

11.    The Republic further objects to the defined term "Specified State-Owned Enterprises," and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that this Definition, as applied to the Requests, would seek the discovery of documents or information in the possession, custody, or control of entities with legal identities separate and apart from those of the Republic on the grounds that such information is not in the Republic's possession, custody, or control, and is neither relevant nor proportional to the needs of the Action, nor reasonably calculated to assist in collecting on the judgment.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

12.    The Republic further objects to the defined term "YPF," and to any Definition, Instruction, or Request that incorporates that Definition, to the extent that it purports to require the Republic to discern or inquire about relationships between or among entities that are not affiliated with YPF S.A.  The Republic also objects to the defined term "YPF" as vague and confusing because it uses the term "servants," which has not been defined with sufficient

particularity.  Subject to and without waiver of these objections, (i) in responding, or providing information in response, to any Requests incorporating that Definition, the Republic will not make any inquiry to attempt to identify any relationships between or among entities that are not affiliated with YPF S.A.; and (ii) the Republic's Response is not intended, and shall not be construed, as an admission with respect to any relationships between or among entities unaffiliated with YPF.

## OBJECTIONS TO INSTRUCTIONS

1.      The Republic objects to Plaintiffs' Instruction No. 4 to the extent that it purports to impose obligations on the Republic to search for documents not in the Republic's possession, custody, or control as contemplated by the Rules, and to the extent that it purports to require the Republic to produce materials that are available from a more convenient, more efficient, less burdensome, or less expensive source than the Republic. The Republic further objects to Instruction No. 4 to the extent it seeks the production of inaccessible documents, including the phrase "a Document is deemed to be in Your actual or constructive possession, custody, or control if it [is] inaccessible on a network or server maintained by Argentina."  The Republic also objects to Instruction No. 4 as vague and confusing because it uses the term "servants," which has not been defined with sufficient particularity.

2.      The Republic further objects to Instruction No. 4, and objects to Instruction Nos. 8, 9, 10, and 11 as overbroad, unduly burdensome and going beyond the requirements of the Rules, insofar as they refer to "all" documents as described in General Objection No. 8.

3.      The Republic objects to Instruction Nos. 6 and 11 as unduly burdensome to the extent it purports to impose obligations on the Republic beyond those authorized by the Rules, or the agreement of the parties concerning metadata production and privilege logs.

4.      The Republic objects to Instructions Nos. 4, 7, 10, and 12 to the extent that they call for documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or discovery protection.

5.      The Republic also objects to Instruction No. 12 as overbroad, unduly burdensome, and going beyond the requirements of the Rules, insofar as it requires the production of documents "not otherwise responsive" to the Requests if those documents "mention, discuss, refer to, or explain" purportedly responsive documents, or if "such Documents are attached to Documents responsive" to the Requests.

6.      The Republic objects to Instruction No. 13, which states that the time period covered by the Requests purports to include documents "that were created, sent, received, edited, revised, or transmitted at any time since and including January 1, 2020" on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are not relevant or proportional to the needs of the case and is not reasonably calculated to assist in collecting on the judgment.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**A.      Documents Related to YPF Shares**

**Request No. 1**

Documents sufficient to identify and locate all Shares of YPF currently owned by Argentina.

**Response to Request No. 1**

The Republic incorporates its General Objections by reference and further objects to Request No. 1 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets

because it seeks information regarding all Shares of YPF owned by the Republic, which could never be attachable.  The Republic further objects to the Request because it does not seek documents related to the identification of assets that are in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 2**

Documents sufficient to identify and locate all brokerage accounts, trust accounts, custodial accounts, or other Financial Institution accounts through which Argentina holds Shares of YPF.

**Response to Request No. 2**

The Republic incorporates its General Objections by reference and further objects to Request No. 2 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding "all brokerage accounts, trust accounts, custodial accounts, or other Financial Institution accounts" through which the Republic holds YPF Shares, which could never be attachable.  The Republic further objects to the Request because it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 3**

Documents sufficient to identify any sale or transfer by Argentina of any Shares of YPF to any Person, whether such sale or transfer is contemplated or already completed, during the period from June 1, 1993 to the present.

**Response to Request No. 3**

The Republic incorporates its General Objections by reference and further objects to Request No. 3 on the grounds that it is vague and ambiguous, particularly to the extent that it

fails to define or further explain the term "contemplated" in relation to sales or transfers of YPF shares. The Republic also objects to Request No. 3 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery.

The Republic further objects to Request No. 3 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding "any sale or transfer by Argentina of any Shares of YPF to any Person" without limitation, and information regarding "completed," sales or transfers of Shares of YPF, which have nothing to do with the identification of current assets of the Republic. The Republic further objects to the Request because it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic also objects to Request No. 3 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment. Specifically, Plaintiffs' Request for documents from June 1, 1993 to the present is overbroad and unduly burdensome.

**Request No. 4**

Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in which any proceeds from the sale or transfer of any Shares of YPF by Argentina to any Person during the period from June 1, 1993 to the present are or were held, including, but not limited to, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, the current balance of such account, and the transaction history of such account during the period from June 1, 1993 to present.

**Response to Request No. 4**

The Republic incorporates its General Objections by reference and further objects to Request No. 4 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks documents regarding "any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in which any proceeds from the sale or transfer of any Shares of YPF by Argentina" "were" held, without limitation and without regard to whether such proceeds are currently in such accounts.   The Republic further objects to the Request because it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).  The Republic also objects to Request No. 4 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic further objects to Request No. 4 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from June 1, 1993 to the present is overbroad and unduly burdensome.

**Request No. 5**

Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account through which any proceeds from the sale of Shares of YPF by Argentina to any Person during the period from June 1, 1993 to the present were transferred, including, but not limited to, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of

such account, the current balance of such account, and the transaction history of such account during the period from June 1, 1993 to present.

**<u>Response to Request No. 5</u>**

The Republic incorporates its General Objections by reference and further objects to Request No. 5 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks documents regarding "any bank account, brokerage account, trust account, custodial account, or other Financial Institution account through which any proceeds from the sale of Shares of YPF by Argentina" "were" transferred, without limitation and without regard to whether such proceeds currently are in those accounts. The Republic further objects to the Request because it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a). The Republic also objects to Request No. 5 as duplicative of Request No. 4.

The Republic further objects to Request No. 5 to the extent that it purports to require the Republic to produce documents that are not in the Republic's possession, custody, or control and to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic also objects to Request No. 5 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the

case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs'

Request for documents from June 1, 1993 to the present is overbroad and unduly burdensome.

**Request No. 6**

Documents and Communications between Argentina and Repsol related to the transfer, cancellation, destruction, pre-release, surrender, deregistration, or termination of any Shares of YPF, including but not limited to any ADRs or ADSs of YPF, during the period from April 16, 2012 to the present.

**Response to Request No. 6**

The Republic incorporates its General Objections by reference and further objects

to Request No. 6 because it is overbroad and unduly burdensome, and it seeks documents that are

neither relevant nor proportional to the needs of the case because it is not reasonably calculated to

assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to

documents that are relevant to identifying attachable or executable assets because it seeks

documents related to "any" inactive or currently nonexistent YPF shares anywhere in the world,

and communications with a non-affiliated third party regarding those inactive shares, which have

nothing to do with the identification of current assets of the Republic.  The Republic further objects

to the Request because it does not seek documents related to the identification of assets in the

United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C.

§§ 1609, 1610(a).  The Republic also objects to Request No. 6 as duplicative of Request No. 7.

The Republic also objects to Request No. 6 as overbroad to the extent it seeks

documents pertaining to time periods broader than are relevant or proportional to the needs of the

case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs'

Request for documents from April 16, 2012 to the present is overbroad and unduly burdensome.

**Request No. 7**

Documents and Communications concerning cancellation, destruction, pre-release, surrender, deregistration or termination of any Shares of YPF, including but not limited to any ADRs or ADSs of YPF, during the period from April 16, 2012 to the present.

**Response to Request No. 7**

The Republic incorporates its General Objections by reference and further objects to Request No. 7 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks documents related to "any" inactive or currently nonexistent YPF shares anywhere in the world, and communications with anyone about such inactive shares, which have nothing to do with the identification of current assets of the Republic.  The Republic further objects to the Request because it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Request No. 7 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 16, 2012 to the present is overbroad and unduly burdensome.

**Request No. 8**

Documents concerning Argentina's exercise of the shareholder rights (including but not limited to voting rights and dividend rights) related to the Shares of YPF held by Repsol during the period from April 16, 2012 to the present.

**Response to Request No. 8**

The Republic incorporates its General Objections by reference and further objects to Request No. 8 on the grounds that it is vague and ambiguous, particularly to the extent that it

refers to "Shares of YPF held by Repsol during the period from April 16, 2012 to the present." The Republic also objects to Request No. 8 to the extent that it purports to require the Republic to produce documents that are not in the Republic's possession, custody, or control.

The Republic further objects to Request No. 8 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks documents related to "YPF shares held by Repsol" which have nothing to do with the identification of current assets of the Republic. The Republic further objects to the Request because it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Request No. 8 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment. Specifically, Plaintiffs' Request for documents from April 16, 2012 to the present is overbroad and unduly burdensome.

## Request No. 9

Documents sufficient to identify any transfer or assignment by Argentina of Shares of YPF to the Provinces that are members of the Federal Organization of Hydrocarbon-Producing Provinces (the "Provinces") under Section 8 of Law 24751, during the period from April 16, 2012 to the present.

## Response to Request No. 9

The Republic incorporates its General Objections by reference and further objects to Request No. 9 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to

assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks documents related to "any" YPF shares transferred to third parties that are autonomous states located in Argentina and have nothing to do with the identification of current assets of the Republic.  The Republic further objects to the Request because it does not seek documents related to the identification of assets of the Republic that are in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to Request No. 9 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 16, 2012 to the present is overbroad and unduly burdensome.

## Request No. 10

Any agreement between Argentina and any of the Provinces, or between any of the Provinces, concerning the Shares of YPF, during the period from April 16, 2012 to the present.

## Response to Request No. 10

The Republic incorporates its General Objections by reference and further objects to Request No. 10 to the extent that it purports to require the Republic to produce documents that are not in the Republic's possession, custody, or control.

The Republic further objects to Request No. 10 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks documents related to "any" agreements between the Republic and its Provinces, and "any" agreements between the Provinces themselves, which are autonomous

states also located in Argentina and have nothing to do with the identification of current assets of

the Republic.  The Republic further objects to the Request because it does not seek documents

related to the identification of assets in the United States, let alone "used for a commercial activity

in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

        The Republic also objects to Request No. 10 as overbroad to the extent it seeks

documents pertaining to time periods broader than are relevant or proportional to the needs of the

case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs'

Request for documents from April 16, 2012 to the present is overbroad and unduly burdensome.

**Request No. 11**

        Documents sufficient to identify any distribution by Argentina to the Provinces of
dividends issued by YPF, during the period from April 16, 2012 to the present.

**Response to Request No. 11**

        The Republic incorporates its General Objections by reference and further objects

to Request No. 11 to the extent that it purports to require the Republic to draw subjective or legal

conclusions, or is predicated on subjective or legal conclusions or arguments, concerning the

existence of any "distribution by Argentina to the Providences of dividends issued by YPF."

        The Republic further objects to Request No. 11 because it is overbroad and unduly

burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the

case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.

Specifically, the Request is not limited to documents that are relevant to identifying attachable or

executable assets because it seeks documents related to monies that have already been distributed

to third parties that are autonomous states also located in Argentina and have nothing to do with

the identification of current assets of the Republic.   The Republic further objects to the Request

because it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic also objects to Request No. 11 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 16, 2012 to the present is overbroad and unduly burdensome.

## Request No. 12

For any dividends issued by YPF to Argentina, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such dividends.

## Response to Request No. 12

The Republic incorporates its General Objections by reference and further objects to Request No. 12 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks documents related to any "bank account, brokerage account, trust account, custodial account, or other Financial Institution account" that received YPF dividends worldwide.  The Republic further objects to the Request because it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

## B.     Documents Related to Assets in the United States or any Foreign Country

## Request No. 13

Documents sufficient to identify and locate any Asset of Argentina in the United States or any Foreign Country.

**Response to Request No. 13**

        The Republic incorporates its General Objections by reference and further objects to Request No. 13 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets, including because it seeks documents regarding "any" Asset of the Republic, wherever located and without any limitation on whether the Asset could ever be used to collect on the judgment. The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the U.K. State Immunity Act of 1978, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and/or another applicable protection for foreign state property.  Such property includes, for example, diplomatic facilities, military facilities, and other government-owned facilities that are used to provide essential services and core government functions.  The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 14**

        Documents sufficient to identify and locate any legal or beneficial interest of Argentina in any Asset in the United States or any Foreign Country, regardless of whether such Asset is owned by or held in the name of a Person other than Argentina.

**Response to Request No. 14**

        The Republic incorporates its General Objections by reference and further objects to Request No. 14 to the extent that it purports to require the Republic to draw subjective or legal conclusions, or is predicated on subjective or legal conclusions or arguments, concerning the "legal

or beneficial interest" of the Republic's ownership of any "Asset." The Republic also objects to Request No. 14 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery.

The Republic further objects to Request No. 14 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets, particularly because it seeks documents regarding "any" Asset in which the Republic has "any legal or beneficial interest," wherever located, and "regardless of whether such Asset is owned by" a person other than the Republic, and without any limitation on whether the Asset could ever be used to collect on the judgment. The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the U.K. State Immunity Act of 1978, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and/or another applicable protection for foreign state property. Such property includes, for example, diplomatic facilities, military facilities, and other government-owned facilities that are used to provide essential services and core government functions.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

## Request No. 15

Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country, maintained in whole or in part in the name of Argentina, that is beneficially owned in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina. For the avoidance of doubt, this shall include, without limitation,

the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

**Response to Request No. 15**

The Republic incorporates its General Objections by reference and further objects to Request No. 15 to the extent that it purports to require the Republic to draw subjective or legal conclusions, or is predicated on subjective or legal conclusions or arguments, concerning the ownership of any particular "account" to which it refers. The Republic also objects to Request No. 15 to the extent that it purports to require the Republic to produce documents that are not in the Republic's possession, custody, or control. The Republic further objects to Request No. 15 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic further objects to Request No. 15 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets and covers, for example, accounts held by third parties to which funds have been transferred by the Republic. The Request further covers any account in which the Republic is a signatory or maintains any interest, wherever located and without any limitation on whether any monies in those accounts could ever be used to collect on the judgment. The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the U.K. State Immunity Act of 1978, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and/or another applicable protection for foreign state property.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 16**

For any bank accounts identified in response to Request 15, all Documents concerning Society for World Interbank Financial Telecommunication ("SWIFT") messages received or transmitted in connection with transfers from or to such bank accounts.

**Response to Request No. 16**

The Republic incorporates its General Objections by reference and further objects to Request No. 16 to the extent that it purports to require the Republic to draw subjective or legal conclusions, or is predicated on subjective or legal conclusions or arguments, concerning the ownership of any particular "bank account" to which it refers in this Request and in Request No. 15 which it cross references.  The Republic also objects to Request No. 16 to the extent that it purports to require the Republic to produce documents that are not in the Republic's possession, custody, or control.

The Republic further objects to Request No. 16 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request seeks "all" documents concerning SWIFT messages received or transmitted in connection with transfers between certain bank accounts, which are irrelevant to identifying attachable or executable assets.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 17**

Documents sufficient to identify any Debt, including the identity of the holders of any such Debt, owed to Argentina by any Person, located in the United States or any Foreign Country, including but not limited to any collateral or security provided in connection with such Debt.

**Response to Request No. 17**

The Republic incorporates its General Objections by reference and further objects to Request No. 17 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead, for example, seeks documents concerning "any" debts owed to Argentina whether or not such assets could ever be attachable.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 18**

Documents sufficient to identify any Debt, including the identity of the holders of any such Debt, owed by Argentina to any Person located in the United States or any Foreign Country, including but not limited to any collateral or security provided in connection with such Debt.

**Response to Request No. 18**

The Republic incorporates its General Objections by reference and further objects to Request No. 18 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets

but instead seeks information regarding "any" Debt owed by the Republic anywhere in the world, which is neither an asset nor property of the Republic and is therefore outside the scope of asset discovery.  The Republic also objects to Request No. 18 to the extent that it seeks documents not within the Republic's possession, custody, or control.  The Republic further objects to Request No. 18 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic also objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

## Request No. 19

For any Debts identified in response to Requests 17 and 18, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such Debts.

## Response to Request No. 19

The Republic incorporates its General Objections by reference and further objects to Request No. 19 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding, for example, "any bank account, brokerage account, trust account, custodial account, or other Financial Institution account" worldwide, without any limitation, and seeks information about Debts owed by the Republic.  The Republic also objects

to Request No. 19 to the extent that it seeks documents not within the Republic's possession, custody, or control.  The Republic further objects to Request No. 19 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic also objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

### Request No. 20

Documents sufficient to identify any financial agreement between China and Argentina ("Agreements with China"), including but not limited to any currency swap agreement between People's Bank of China and BCRA, and the identities of the parties to such Agreements with China.

### Response to Request No. 20

The Republic incorporates its General Objections by reference and further objects to Request No. 20 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead, for example, seeks information regarding "any" financial agreements between the Republic and a foreign country, including agreements between the Republic's central bank and a foreign country.  Such a request impinges upon the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state and is not reasonably calculated to assist in collecting on the judgment.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic also objects to Request No. 20 to the extent the Request, in seeking documents regarding "any currency swap agreement between People's Bank of China and BCRA" purports to seek discovery of the assets not of the Republic but of BCRA, a separate, non-party entity, on the grounds that such information is overbroad, unduly burdensome, not relevant to any party's claim or defense, not proportional to the needs of the actions, and not reasonably calculated to assist Plaintiffs in collecting on their judgment. *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to Request No. 20 to the extent the Request, in requesting documents regarding agreements between BCRA and the People's Bank of China, seeks documents related to property of the Republic's central bank held for its own account.  Such property is not subject to attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery).  BCRA's reserves are further not subject to attachment or execution under Argentine law.  *See* Article 6 of Law No. 23,928.

**Request No. 21**

        For any Agreements with China identified in response to Request 20, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such Agreements with China.

**Response to Request No. 21**

        The Republic incorporates its General Objections by reference and further objects to Request No. 21 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding "any bank account, brokerage account, trust account, custodial account, or other Financial Institution account" used for payments in connection with agreements between the Republic and a foreign country worldwide. Such a request impinges upon the Republic's sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state and is not reasonably calculated to assist in collecting on the judgment. The Republic also objects to Request No. 21 to the extent that it seeks documents not within the Republic's possession, custody, or control.

        The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

        The Republic also objects to Request No. 21 to the extent the Request, in seeking documents regarding the "Agreements with China" referenced in Request No. 20, which it cross references, purports to seek discovery of the assets not of the Republic but of BCRA, a separate, non-party entity, on the grounds that such information is overbroad, unduly burdensome, not

relevant to any party's claim or defense, not proportional to the needs of the actions, and not reasonably calculated to assist Plaintiffs in collecting on their judgment.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to Request No. 21 to the extent the Request, in requesting documents regarding agreements between BCRA and the People's Bank of China as referenced in Request No. 20, which it cross references, seeks documents related to property of the Republic's central bank held for its own account.  Such property is not subject to attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery).  BCRA's reserves are further not subject to attachment or execution under Argentine law.  *See* Article 6 of Law No. 23,928.

**Request No. 22**

Documents sufficient to identify any Commercial Transaction between Argentina and any Person located the United States or in any Foreign Country.

**Response to Request No. 22**

The Republic incorporates its General Objections by reference and further objects to Request No. 22 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the

Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks documents related to "any" commercial transactions the Republic has entered into with anyone worldwide, regardless of whether any aspect of such transactions could be used to execute on the judgment in these actions.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a). Even if this Request sought documents related to identification of assets that were used for commercial activity through its reference to "Commercial Transactions," the Republic's assets are immune from attachment in the United States unless they were "used for the commercial activity *upon which the claim is based*." 28 U.S.C. § 1610(a)(2) (emphasis added). Thus the documents sought by this Request—having to do with any "commercial transaction" whatsoever and without limitation—are not reasonably calculated to assist in collecting on the judgment.

## Request No. 23

Any Letter of Credit issued by any Financial Institution located in the United States or any Foreign Country, in which Argentina is listed as the applicant or beneficiary.

## Response to Request No. 23

The Republic incorporates its General Objections by reference and further objects to Request No. 23 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks documents related to "[a]ny letter of credit" involving the Republic worldwide, without limitation.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

## Request No. 24

Documents sufficient to identify all accounts used by Argentina to make payments to any law firm or consulting firm located in the United States or any Foreign Country, in connection with any legal proceeding to which Argentina has been a party. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

## Response to Request No. 24

The Republic incorporates its General Objections by reference and further objects to Request No. 24 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or explain the term "legal proceeding" with reasonable particularity.  The Republic also objects to Request No. 24 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery.

The Republic further objects to Request No. 24 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information relevant to "all" accounts used by Argentina in connection with "any" legal proceeding in which it is involved worldwide without any limitation.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 25**

Documents and Communications concerning any plan, project, or transaction to remove, transfer, or dispose in any manner any Asset of Argentina located in the United States or any Foreign Country, in order to shield such Asset from attachment or execution by any creditor of Argentina.

**Response to Request No. 25**

The Republic incorporates its General Objections by reference and further objects to Request No. 25 to the extent that it purports to require the Republic to draw subjective or legal conclusions, or is predicated on subjective or legal conclusions or arguments, concerning the purported reasoning for the "remov[al], transfer, or "dispos[ition]" of any of the Republic's assets, and to the extent it assumes the existence of any assets that have ever been "remove[d], transfer[ed], or dispose[d]" "in order to shield" any such assets from attachment or execution by any creditor. The Republic also objects to Request No. 25 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define with sufficient particularity the terms "plans" and "projects" to which it refers.

The Republic further objects to Request No. 25 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks documents relating to the Republic's transfer or disposition of its own assets "in any manner" worldwide, without limitation and without regard to whether such assets could ever be attachable. The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the U.K. State Immunity Act of 1978,

the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and/or another applicable protection for foreign state property.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 26**

Documents sufficient to identify, locate, and ascertain the purposes of any gold or other precious metals reserves of Argentina held in the United States or any Foreign Country.

**Response to Request No. 26**

The Republic incorporates its General Objections by reference and further objects to Request No. 26 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks documents that relate to "any" gold and other precious metal reserves anywhere in the world, without limitation.  The Republic also objects to the Request on the grounds that "any gold or other precious metals reserves" would be owned by the Republic's central bank, and not the Republic, and such assets are immune from attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 27**

Documents sufficient to identify any escrow account established in connection with the sale of any Asset by Argentina to any Person in the United States or any Foreign Country. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

**Response to Request No. 27**

The Republic incorporates its General Objections by reference and further objects to Request No. 27 to the extent that it seeks documents not within the Republic's possession, custody, or control.  The Republic also objects to Request No. 27 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic further objects to Request No. 27 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding "any" escrow account regarding "any" Asset sale made by the Republic worldwide, thus referring to assets that are no longer the property of the Republic and not relevant to asset discovery.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 28**

        Agreements concerning the escrow accounts identified in the previous document request.

**Response to Request No. 28**

        The Republic incorporates its General Objections by reference and further objects to Request No. 28 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define with sufficient particularity the types of "[a]greements" to which it refers.  The Republic further objects to Request No. 28 to the extent that it seeks documents not within the Republic's possession, custody, or control.  The Republic also objects to Request No. 28 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

        The Republic further objects to Request No. 28 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding "agreements," without limitation, relating to "any" escrow account as referenced in Request No. 27, which in turn references assets that are no longer the property of the Republic and not relevant to asset discovery.

        The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 29**

        Any concession agreement or similar agreement (such as a production sharing contract) relating to natural resources, energy or public infrastructure, between Argentina and any

Person located in the United States or any Foreign Country (or any direct or indirect subsidiary of such Person).

**Response to Request No. 29**

The Republic incorporates its General Objections by reference and further objects to Request No. 29 to the extent that it purports to require the Republic to draw subjective or legal conclusions, or is predicated on subjective or legal conclusions or argument, concerning the existence of any referenced "concession agreement" or "similar agreement," and to the extent it purports to require the Republic to draw subjective or legal conclusions regarding the relationship between any "Person" and a supposed "direct or indirect subsidiary" of that Person.

The Republic further objects to Request No. 29 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information relating to "any" concession or similar agreements relating to natural resources, energy, or public infrastructure worldwide, without regard to whether such agreements can be used to collect on the judgment. The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but not limited to, the FSIA, the U.K. State Immunity Act of 1978, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and/or another applicable protection for foreign state property.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

**Request No. 30**

   Documents produced in connection with any other proceeding concerning the enforcement of a judgment against Argentina.

**Response to Request No. 30**

   The Republic incorporates its General Objections by reference and further objects to Request No. 30 to the extent that it seeks documents protected by any applicable protective order in any other proceeding concerning the enforcement of a judgment.

   The Republic further objects to Request No. 30 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks discovery produced in other proceedings, in any jurisdiction, without limitation.

   The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

## C.  Documents Related to Alter-Ego Relationships

**Request No. 31**

   Documents sufficient to identify Argentina's current ownership interests in the Specified State-Owned Enterprises.

**Response to Request No. 31**

   The Republic incorporates its General Objections by reference and further objects to Request No. 31 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to

documents that are relevant to identifying attachable or executable assets but instead seeks information regarding the Republic's interests in the State-Owned Enterprises, which are separate, non-party entities.  The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).  The Republic also objects to this Request to the extent that the requested information regarding the Republic's ownership interests in the Specified State-Owned Enterprises could be obtained from other sources that are more convenient, less burdensome, or less expensive, including from public documents (such as the entities' websites or from Argentine law).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of the Republic.  The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic.  *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

### <u>Request No. 32</u>

Regarding the Specified State-Owned Enterprises, Documents sufficient to identify instances in which (a) officers, directors, or employees of any such entity have simultaneously served in an Official Position for Argentina, (b) Argentina has given orders or instructions to, or has otherwise exercised control over any of the Specified State-Owned Enterprises (or any of its officers, directors, or employees) regarding its management, operations, budget, finances, issuance of Debt or any form of collateral, or any other aspect of its business, or (c) Argentina has used the Assets of such entity for its own purposes or benefit (including, without limitation, by borrowing funds from any of the Specified State-Owned Enterprises or by using the assets or revenues of any of the Specified State-Owned Enterprises as collateral for Argentina's Debt obligations), during the period from April 1, 2012 to the present.

**Response to Request No. 32**

The Republic incorporates its General Objections by reference and further objects to Request No. 32 to the extent that it purports to require the Republic to draw speculative or legal conclusions, or is predicated on speculative or legal conclusions or argument, concerning what constitutes the Republic's use of any particular asset for its "own purposes or benefit," the Republic's "orders or instructions" over any entity, or the Republic's "exercis[e] [of] control" over any entity.

The Republic further objects to Request No. 32 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks an incredibly broad range of documents regarding the Republic's communications and interactions with separate, non-party entities, the Specified State-Owned Enterprises.   Information regarding these separate, non-party entities is not reasonably calculated to assist Plaintiffs in collecting on their judgment.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to Request No. 32 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 1, 2012 to the present is overbroad and unduly burdensome.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of the Republic.  The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic.  *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

## Request No. 33

For each of the Specified State-Owned Enterprises, organization charts showing the reporting relationships of that entity's officers and directors for each year from 2012 to the present.

## Response to Request No. 33

The Republic incorporates its General Objections by reference and further objects to Request No. 33 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define with sufficient particularity which employees of a Specified State-Owned Enterprise would qualify as an "officer" of that entity.

The Republic also objects to Request No. 33 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it is solely directed at "organization charts" and "reporting relationships" of separate, non-party entities, the Specified State-Owned Enterprises.  *See EM Ltd.*

v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to Request No. 33 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from 2012 to the present is overbroad and unduly burdensome.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of the Republic.  The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic.  *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

## Request No. 34

Documents sufficient to identify all officers and directors of each of the Specified State-Owned Enterprises during the period from April 1, 2012 to the present.

## Response to Request No. 34

The Republic incorporates its General Objections by reference and further objects to Request No. 34 on the grounds that it is vague and ambiguous, particularly to the extent that it

fails to define with sufficient particularity which employees of a Specified State-Owned Enterprise would qualify as an "officer" of that entity.  The Republic also objects to Request No. 34 as duplicative of Request No. 33.

The Republic further objects to Request No. 34 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it is solely directed at "officers and directors" of separate, non-party entities, the Specified State-Owned Enterprises.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic also objects to Request No. 34 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 1, 2012 to the present is overbroad and unduly burdensome.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of

the Republic.  The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic.  *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

## Request No. 35

All foundational Documents, including without limitation charters, articles of incorporation, bylaws, and other documents concerning corporate formation, and subsequent versions that reflect or contain any amendments to such foundational Documents for each of the Specified State-Owned Enterprises during the period from April 1, 2012 to the present.

## Response to Request No. 35

The Republic incorporates its General Objections by reference and further objects to Request No. 35 to the extent that the requested foundational documents could be obtained from other sources that are more convenient, less burdensome, or less expensive, including from public sources (such as the entities' websites or from Argentine law).

The Republic also objects to Request No. 35 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it is solely directed at "foundational Documents" regarding the formation of separate, non-party entities, the Specified State-Owned Enterprises, and seeks "all" such documents.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to Request No. 35 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment. Specifically, Plaintiffs' Request for documents from April 1, 2012 to the present is overbroad and unduly burdensome.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of the Republic. The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic. *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

### Request No. 36

All corporate resolutions and board minutes for each of the Specified State-Owned Enterprises during the period from April 1, 2012 to the present.

### Response to Request No. 36

The Republic incorporates its General Objections by reference and further objects to Request No. 36 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it is solely directed at "corporate resolutions" and "board minutes" of separate, non-party

entities, the Specified State-Owned Enterprises, and seeks "all" such documents.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic also objects to Request No. 36 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 1, 2012 to the present is overbroad and unduly burdensome.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of the Republic.  The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic.  *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

**Request No. 37**

Documents concerning or related to any Debts owed by Argentina or any of the Specified State-Owned Enterprises to any other entity in which Argentina holds an ownership interest, during the period from April 1, 2012 to the present.

**Response to Request No. 37**

The Republic incorporates its General Objections by reference and further objects to Request No. 37 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks documents regarding "any" Debts owed by the Republic to others and "any" Debts owed by separate, non-party entities, the Specified State-Owned Enterprises, which has nothing to do with identifying assets of the Republic.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic also objects to Request No. 37 to the extent it seeks information regarding Debt owed by the Republic, which is outside the scope of asset discovery and duplicative of Request No. 18.

The Republic further objects to Request No. 37 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 1, 2012 to the present is overbroad and unduly burdensome.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of the Republic.  The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic.  *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

### Request No. 38

Documents concerning or related to any Debts owed by any of the Specified State-Owned Enterprises to Argentina, during the period from April 1, 2012 to the present.

### Response to Request No. 38

The Republic incorporates its General Objections by reference and further objects to Request No. 38 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding "any" Debts owed to the Republic by separate, non-party entities, the Specified State-Owned Enterprises, that could never be attachable or executable.  The Republic also objects to Request No. 38 as duplicative of Request No. 17.

The Republic further objects to Request No. 38 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 1, 2012 to the present is overbroad and unduly burdensome.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of the Republic.  The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic.  *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

### Request No. 39

Documents concerning or relating to the assumption by any of the Specified State-Owned Enterprises of a Debt or other liability of Argentina, including but not limited to financial statements of any of the Specified State-Owned Enterprises showing such Debt or other liability on its balance sheet, during the period from April 1, 2012 to the present.

### Response to Request No. 39

The Republic incorporates its General Objections by reference and further objects to Request No. 39 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding the financial statements, "any" assumption of debt, and "any" liabilities of separate, non-party entities, the Specified State-Owned Enterprises.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*.

v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to Request No. 39 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment.  Specifically, Plaintiffs' Request for documents from April 1, 2012 to the present is overbroad and unduly burdensome.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on a Specified State-Owned Enterprise's supposed status as an alter ego of the Republic.  The Specified State-Owned Enterprises are not alter egos of the Republic and therefore their assets are not subject to attachment or execution to satisfy a judgment against the Republic.  *See, e.g.*, *EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015).

### i.   Documents Concerning AA

#### Request No. 40

Documents and Communications between Argentina and any director or officer of AA concerning the management and operations of AA.

#### Response to Request No. 40

The Republic incorporates its General Objections by reference and further objects to Request No. 40 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "management" or "operations."

The Republic further objects to Request No. 40 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity AA and its directors, officers, management, and operations, and the Republic's communications concerning separate, non-party entity AA's management and operations.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on AA's supposed status as an alter ego of the Republic.  AA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 2009 WL 10700009, at *2 (S.D.N.Y. Aug.19, 2009) (Griesa, J.); *see also Hercaire Intern., Inc.* v. *Argentina*, 821 F.2d 559, 565 (11th Cir. 1987).

**Request No. 41**

Documents concerning Argentina's involvement in the appointment of AA officers or the appointment of directors to the AA Board of Directors.

**Response to Request No. 41**

The Republic incorporates its General Objections by reference and further objects to Request No. 41 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity AA and its appointments of officers and directors.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on AA's supposed status as an alter ego of the Republic.  AA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 2009 WL 10700009, at *2 (S.D.N.Y. Aug.19, 2009) (Griesa, J.); *see also Hercaire Intern., Inc.* v. *Argentina*, 821 F.2d 559, 565 (11th Cir. 1987).

**Request No. 42**

Documents sufficient to identify any investments, whether in the form of debt, equity, or government subsidies, that Argentina has made in AA.

**Response to Request No. 42**

The Republic incorporates its General Objections by reference and further objects to Request No. 42 on the grounds that it is vague, ambiguous, and confusing, particularly to the extent that it refers to "subsidies" as "investments."

The Republic also objects to Request No. 42 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity AA and "any" "investments" made by the Republic in AA, regardless of whether they are within the scope of asset discovery.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on AA's supposed status as an alter ego of the Republic.  AA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 2009 WL 10700009, at *2 (S.D.N.Y. Aug.19, 2009) (Griesa, J.); *see also Hercaire Intern., Inc.* v. *Argentina*, 821 F.2d 559, 565 (11th Cir. 1987).

**Request No. 43**

        Documents sufficient to identify any dividends paid by AA to Argentina.

**Response to Request No. 43**

        The Republic incorporates its General Objections by reference and further objects to Request No. 43 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding "any dividends" paid by separate, non-party AA to the Republic, without any limitation.

        The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

        The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on AA's supposed status as an alter ego of the Republic. AA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic. *See Seijas* v. *Republic of Argentina*, 2009 WL 10700009, at *2 (S.D.N.Y. Aug.19, 2009) (Griesa, J.); *see also Hercaire Intern., Inc.* v. *Argentina*, 821 F.2d 559, 565 (11th Cir. 1987).

**Request No. 44**

        For any dividends identified in response to Request 43, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to make or receive payments in connection with such dividends.

**Response to Request No. 44**

The Republic incorporates its General Objections by reference and further objects to Request No. 44 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding "any bank account, brokerage account, trust account, custodial account, or other Financial Institution account" involving dividends received from non-party AA, worldwide without limitation.  The Republic also objects to Request No. 44 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on AA's supposed status as an alter ego of the Republic.  AA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 2009 WL 10700009, at *2 (S.D.N.Y. Aug.19, 2009) (Griesa, J.); *see also Hercaire Intern., Inc.* v. *Argentina*, 821 F.2d 559, 565 (11th Cir. 1987).

### ii.    Documents Concerning ARSAT

**Request No. 45**

Documents and Communications between Argentina and any director or officer of ARSAT concerning the management and operation of ARSAT.

**Response to Request No. 45**

The Republic incorporates its General Objections by reference and further objects to Request No. 45 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "management" or "operation."

The Republic further objects to Request No. 45 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity ARSAT and its directors, officers, management, and operations, and the Republic's communications concerning separate, non-party entity ARSAT's management and operations.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand

for discovery is based on ARSAT's supposed status as an alter ego of the Republic.  ARSAT is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 2011 WL 1533072, at *6 (S.D.N.Y. Apr. 22, 2011), *vacated and remanded on mootness grounds*, 497 F. App'x 96 (2d Cir. 2012).  Indeed, pursuant to Section 10 of Law 26,092, which creates ARSAT, and pursuant to ARSAT's by-laws, private parties cannot encumber the Republic's shares in ARSAT, and therefore any documents or information regarding such shares are not relevant to asset discovery.

**Request No. 46**

Documents sufficient to identify Argentina's ownership interest in ARSAT.

**Response to Request No. 46**

The Republic incorporates its General Objections by reference and further objects to Request No. 46 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding the Republic's interest in separate, non-party entity ARSAT.  The Republic further objects to Request No. 46 because the requested information could be obtained from other sources that are more convenient, less burdensome, or less expensive, including from public documents (such as official government websites).  The Republic also objects to Request No. 46 to the extent it is duplicative of Request No. 31.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ARSAT's supposed status as an alter ego of the Republic.  ARSAT is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 2011 WL 1533072, at *6 (S.D.N.Y. Apr. 22, 2011), *vacated and remanded on mootness grounds*, 497 F. App'x 96 (2d Cir. 2012).  Indeed, pursuant to Section 10 of Law 26,092, which creates ARSAT, and pursuant to ARSAT's by-laws, private parties cannot encumber the Republic's shares in ARSAT, and therefore any documents or information regarding such shares are not relevant to asset discovery.

**Request No. 47**

Documents concerning Law 26,092, including but not limited to legislative history, legislative drafts, amendments, and records of congressional consideration or debate of Law 26,092 from 2006 to the present.

**Response to Request No. 47**

The Republic incorporates its General Objections by reference and further objects to Request No. 47 to the extent that the requested information—including legislative drafts, amendments, and congressional records—could be obtained from other sources that are more convenient, less burdensome, or less expensive, including from public documents (including through the National Congress' website).

The Republic further objects to Request No. 47 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying

attachable or executable assets as it seeks documents related to a law enacted by the Argentine legislature.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ARSAT's supposed status as an alter ego of the Republic. ARSAT is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic. *See NML Capital, Ltd.* v. *Republic of Argentina*, 2011 WL 1533072, at *6 (S.D.N.Y. Apr. 22, 2011), *vacated and remanded on mootness grounds*, 497 F. App'x 96 (2d Cir. 2012). Indeed, pursuant to Section 10 of Law 26,092, which creates ARSAT, and pursuant to ARSAT's by-laws, private parties cannot encumber the Republic's shares in ARSAT, and therefore any documents or information regarding such shares are not relevant to asset discovery.

The Republic further objects to Request No. 47 as overbroad to the extent it seeks documents pertaining to time periods broader than are relevant or proportional to the needs of the case and not reasonably calculated to assist in collecting on the judgment. Specifically, Plaintiffs' Request for documents from 2006 to the present is overbroad and unduly burdensome.

## Request No. 48

Documents sufficient to identify any dividends paid by ARSAT to Argentina.

## Response to Request No. 48

The Republic incorporates its General Objections by reference and further objects to Request No. 48 on the grounds that it is overbroad and unduly burdensome, and it seeks

documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding "any dividends" paid by separate, non-party ARSAT to the Republic, without any limitation.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ARSAT's supposed status as an alter ego of the Republic.  ARSAT is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 2011 WL 1533072, at *6 (S.D.N.Y. Apr. 22, 2011), *vacated and remanded on mootness grounds*, 497 F. App'x 96 (2d Cir. 2012).  Indeed, pursuant to Section 10 of Law 26,092, which creates ARSAT, and pursuant to ARSAT's by-laws, private parties cannot encumber the Republic's shares in ARSAT, and therefore any documents or information regarding such shares are not relevant to asset discovery.

### Request No. 49

For any dividends identified in response to Request 48, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to make or receive payments in connection with such dividends.

**Response to Request No. 49**

The Republic incorporates its General Objections by reference and further objects to Request No. 49 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding "any bank account, brokerage account, trust account, custodial account, or other Financial Institution account" involving dividends received from non-party ARSAT, worldwide without limitation.  The Republic further objects to Request No. 49 to the extent that it seeks documents protected by any applicable privilege, doctrine, privacy law, or immunity from discovery, including but not limited to Law 11,683 of Tax Procedures (*Ley de Procedimientos Fiscales*), and Law 21,526 of Financial Entities (*Ley de Entidades Financieras*).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ARSAT's supposed status as an alter ego of the Republic.  ARSAT is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 2011 WL 1533072, at *6 (S.D.N.Y. Apr. 22, 2011), *vacated and remanded on mootness grounds*, 497 F. App'x 96 (2d Cir. 2012).  Indeed, pursuant to Section 10 of Law 26,092, which creates ARSAT, and pursuant to ARSAT's by-laws, private parties cannot encumber the Republic's shares in

ARSAT, and therefore any documents or information regarding such shares are not relevant to asset discovery.

**Request No. 50**

Documents sufficient to identify any investments, whether in the form of debt, equity, or government subsidies, that Argentina has made in ARSAT.

**Response to Request No. 50**

The Republic incorporates its General Objections by reference and further objects to Request No. 50 on the grounds that it is vague, ambiguous, and confusing, particularly to the extent that it refers to "subsidies" as "investments."

The Republic also objects to Request No. 50 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity ARSAT, and "any" "investments" made by the Republic in ARSAT, regardless of whether they are within the scope of asset discovery. *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ARSAT's supposed status as an alter ego of the Republic.  ARSAT is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 2011 WL 1533072, at *6 (S.D.N.Y. Apr. 22, 2011), *vacated and remanded on mootness grounds*, 497 F. App'x 96 (2d Cir. 2012).  Indeed, pursuant to Section 10 of Law 26,092, which creates ARSAT, and pursuant to ARSAT's by-laws, private parties cannot encumber the Republic's shares in ARSAT, and therefore any documents or information regarding such shares are not relevant to asset discovery.

## Request No. 51

Documents concerning the appointments to the ARSAT board of directors made by Argentina, including but not limited to the appointments of Facundo Leal and Guillermo Jorge Rus.

## Response to Request No. 51

The Republic incorporates its General Objections by reference and further objects to Request No. 51 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity ARSAT and its appointments of officers and directors.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907,

at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ARSAT's supposed status as an alter ego of the Republic.  ARSAT is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 2011 WL 1533072, at *6 (S.D.N.Y. Apr. 22, 2011), *vacated and remanded on mootness grounds*, 497 F. App'x 96 (2d Cir. 2012).  Indeed, pursuant to Section 10 of Law 26,092, which creates ARSAT, and pursuant to ARSAT's by-laws, private parties cannot encumber the Republic's shares in ARSAT, and therefore any documents or information regarding such shares are not relevant to asset discovery.

**Request No. 52**

Documents sufficient to identify any commercial agreements for the exchange of goods or services between ARSAT and any other entity owned by Argentina, including but not limited to INVAP S.E.

**Response to Request No. 52**

The Republic incorporates its General Objections by reference and further objects to Request No. 52 to the extent that it purports to require the Republic to produce documents that are not in the Republic's possession, custody, or control.

The Republic further objects to Request No. 52 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the

needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks documents regarding "any" commercial agreements between separate, non-party entity ARSAT and other separate, non-party entities, including separate, non-party INVAP S.E. *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a). Even if this Request sought documents related to identification of assets of the Republic that were used for commercial activity through its use of the term "commercial agreements," the Republic's assets are immune from attachment in the United States unless they were "used for the commercial activity *upon which the claim is based*." 28 U.S.C. § 1610(a)(2) (emphasis added). The documents sought by this Request have no relation to this activity and thus will not lead to the identification of any property subject to attachment or execution.

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ARSAT's supposed status as an alter ego of the Republic. ARSAT is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic. *See NML Capital, Ltd.* v. *Republic of Argentina*, 2011 WL

1533072, at *6 (S.D.N.Y. Apr. 22, 2011), *vacated and remanded on mootness grounds*, 497 F. App'x 96 (2d Cir. 2012).  Indeed, pursuant to Section 10 of Law 26,092, which creates ARSAT, and pursuant to ARSAT's by-laws, private parties cannot encumber the Republic's shares in ARSAT, and therefore any documents or information regarding such shares are not relevant to asset discovery.

### iii.   Documents Concerning BCRA

**Request No. 53**

Documents and Communications between Argentina and any director or officer of BCRA concerning the management and operation of BCRA.

**Response to Request No. 53**

The Republic incorporates its General Objections by reference and further objects to Request No. 53 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "management" or "operation."

The Republic further objects to Request No. 53 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity BCRA and its directors, officers, management, and operations, and the Republic's communications concerning separate, non-party entity BCRA's management and operations.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic.  BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 53 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account.  Such property is not subject to attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery).  BCRA's reserves are further not subject to attachment or execution under Argentine law.  *See* Article 6 of Law No. 23,928.

## Request No. 54

Copies of legislative and regulatory Documents related to BCRA's Charter and Law No. 24.144, Law No. 24.485, and Law No. 21.526, with their amendments.

## Response to Request No. 54

The Republic incorporates its General Objections by reference and further objects to Request No. 54 to the extent that the requested information—including legislative documents and amendments—could be obtained from other sources that are more convenient, less

burdensome, or less expensive, including from public documents (such as the Argentine Congress' library).

The Republic further objects to Request No. 54 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets as it seeks documents related to laws enacted by the Argentine legislature, as well as separate, non-party entity BCRA's charter. *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic. BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic. *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic also objects to Request No. 54 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account. Such

property is not subject to attachment or execution. *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v.

*Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite*

*(Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508,

522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are

immune from discovery). BCRA's reserves are further not subject to attachment or execution

under Argentine law. *See* Article 6 of Law No. 23,928.

### Request No. 55

Documents sufficient to demonstrate BCRA's role on behalf of Argentina before the International Monetary Fund ("IMF"), including but not limited to financial records of BCRA's contributions to the IMF on behalf of Argentina and Communications between Argentina and the IMF concerning BCRA.

### Response to Request No. 55

The Republic incorporates its General Objections by reference and further objects

to Request No. 55 on the grounds that it is vague and ambiguous, particularly to the extent that it

fails to define or further explain the terms "role" and "on behalf of." The Republic also objects to

Request No. 55 to the extent that it purports to require the Republic to produce documents held by

BCRA and/or the IMF that are not in the Republic's possession, custody, or control. The Republic

further objects to Request No. 55 because it impinges upon its sovereign dignity in violation of the

"grace and comity" to which it is entitled as a sovereign state, particularly to the extent it seeks an

incredibly broad set of documents and communications between the Republic and the IMF

concerning the Republic's central bank. *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*,

589 Fed. App'x 16, 18 (2d Cir. 2014).

The Republic also objects to Request No. 55 on the grounds that it is overbroad and

unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs

of the case because it is not reasonably calculated to assist in collecting on the judgment in these

Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets, instead seeking information related to dealings between the Republic's central bank and the IMF, which is entirely unrelated to this litigation.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic.  BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 55 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account.  Such property is not subject to attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are

immune from discovery).  BCRA's reserves are further not subject to attachment or execution

under Argentine law.  *See* Article 6 of Law No. 23,928.

**Request No. 56**

> Documents sufficient to demonstrate BCRA's role on behalf of Argentina before the International Bank for Reconstruction and Development ("IBRD"), including financial records of BCRA's contributions to the IBRD on behalf of Argentina and Communications between Argentina and the IBRD concerning BCRA.

**Response to Request No. 56**

> The Republic incorporates its General Objections by reference and further objects

to Request No. 56 on the grounds that it is vague and ambiguous, particularly to the extent that it

fails to define or further explain the terms "role" and "on behalf of."  The Republic also objects to

Request No. 56 to the extent that it purports to require the Republic to produce documents held by

BCRA and/or the IBRD that are not in the Republic's possession, custody, or control.   The

Republic further objects to Request No. 56 because it impinges upon its sovereign dignity in

violation of the "grace and comity" to which it is entitled as a sovereign state, particularly to the

extent it seeks an incredibly broad set of documents and communications between the Republic

and the IBRD concerning the Republic's central bank.  *Aurelius Capital Master, Ltd.* v. *Republic*

*of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014).

> The Republic also objects to Request No. 56 on the grounds that it is overbroad and

unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs

of the case because it is not reasonably calculated to assist in collecting on the judgment in these

Actions.  Specifically, the Request is not limited to documents that are relevant to identifying

attachable or executable assets, instead seeking information related to dealings between the

Republic's central bank and the IBRD, which is entirely unrelated to this litigation.  *See EM Ltd.*

v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by

Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic. BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic. *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 56 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account. Such property is not subject to attachment or execution. *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery). BCRA's reserves are further not subject to attachment or execution under Argentine law. *See* Article 6 of Law No. 23,928.

## Request No. 57

Documents sufficient to demonstrate BCRA's role on behalf of Argentina before the International Development Association ("IDA"), including financial records of BCRA's contributions to the IDA on behalf of Argentina and Communications between Argentina and the IDA concerning BCRA.

**Response to Request No. 57**

The Republic incorporates its General Objections by reference and further objects to Request No. 57 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "role" and "on behalf of."  The Republic also objects to Request No. 57 to the extent that it purports to require the Republic to produce documents held by BCRA and/or the IDA that are not in the Republic's possession, custody, or control.  The Republic further objects to Request No. 57 because it impinges upon its sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state, particularly to the extent it seeks an incredibly broad set of documents and communications between the Republic and the IDA concerning the Republic's central bank.  *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014).

The Republic also objects to Request No. 57 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets, instead seeking information related to dealings between the Republic's central bank and the IDA, which is entirely unrelated to this litigation.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic.  BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 57 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account.  Such property is not subject to attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery).  BCRA's reserves are further not subject to attachment or execution under Argentine law.  *See* Article 6 of Law No. 23,928.

## Request No. 58

Documents sufficient to demonstrate BCRA's role on behalf of Argentina before the Inter-American Development Bank ("IADB"), including financial records of BCRA's contributions to the IADB on behalf of Argentina and Communications between Argentina and the IADB concerning BCRA.

## Response to Request No. 58

The Republic incorporates its General Objections by reference and further objects to Request No. 58 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "role" and "on behalf of."  The Republic also objects to Request No. 58 to the extent that it purports to require the Republic to produce documents held by BCRA and/or the IADB that are not in the Republic's possession, custody, or control.  The

Republic further objects to Request No. 58 because it impinges upon its sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state, particularly to the extent it seeks an incredibly broad set of documents and communications between the Republic and the IADB concerning the Republic's central bank. *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014).

The Republic also objects to Request No. 58 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets, instead seeking information related to dealings between the Republic's central bank and the IADB, which is entirely unrelated to this litigation. *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic. BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the

Republic.  *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 58 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account.  Such property is not subject to attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery).  BCRA's reserves are further not subject to attachment or execution under Argentine law.  *See* Article 6 of Law No. 23,928.

## Request No. 59

Documents sufficient to demonstrate BCRA's role on behalf of Argentina with the Paris Club Secretariat, including but not limited to Communications between Argentina and the Paris Club Secretariat concerning BCRA.

## Response to Request No. 59

The Republic incorporates its General Objections by reference and further objects to Request No. 59 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "role" and "on behalf of."  The Republic also objects to Request No. 59 to the extent that it purports to require the Republic to produce documents held by BCRA and/or the Paris Club Secretariat that are not in the Republic's possession, custody, or control.  The Republic further objects to Request No. 59 because it impinges upon its sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state, particularly to the extent it seeks an incredibly broad set of documents and communications between the Republic and the Paris Club Secretariat concerning the Republic's central bank.  *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014).

The Republic also objects to Request No. 59 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets, instead seeking information related to dealings between the Republic's central bank and the Paris Club Secretariat, which is entirely unrelated to this litigation.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic.  BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 59 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account.  Such property is not subject to attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite*

*(Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery).  BCRA's reserves are further not subject to attachment or execution under Argentine law.  *See* Article 6 of Law No. 23,928.

## Request No. 60

Documents concerning the issuance of Treasury Bills by BCRA on behalf of Argentina, including National Treasury Bills denominated in US Dollars, in the custody of and subscribed by BCRA.

## Response to Request No. 60

The Republic incorporates its General Objections by reference and further objects to Request No. 60 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the term "on behalf of."

The Republic also objects to Request No. 60 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding securities issued by the Republic's central bank, separate, non-party entity BCRA, for monetary policy purposes.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at \*3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic. BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic. *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 60 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account. Such property is not subject to attachment or execution. *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery). BCRA's reserves are further not subject to attachment or execution under Argentine law. *See* Article 6 of Law No. 23,928.

## Request No. 61

Documents sufficient to identify any full or partial payment made by BCRA, or made by Argentina from an account in the name of BCRA at any Financial Institution, of a Debt owed by Argentina to a third party.

## Response to Request No. 61

The Republic incorporates its General Objections by reference and further objects to Request No. 61 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding "any" completed payments made by separate, non-party BCRA, or

completed payments made by the Republic, to other third parties, which could never be attachable and are not relevant to asset discovery. *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic. BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic. *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 61 to the extent the Request seeks documents related to property of the Republic's central bank held for its own account. Such property is not subject to attachment or execution. *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery). BCRA's reserves are further not subject to attachment or execution under Argentine law. *See* Article 6 of Law No. 23,928.

84

**Request No. 62**

Documents sufficient to identify all bank accounts, brokerage accounts, trust accounts, or custodial accounts, that are managed for the benefit of the Secretariat of the Treasury of the Ministry of Economy.

**Response to Request No. 62**

The Republic incorporates its General Objections by reference and further objects to Request No. 62 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks documents relevant to "all bank accounts, brokerage accounts, trust accounts, or custodial accounts," without limitation, managed "for the benefit of" the Secretariat of the Treasury of the Ministry of Economy.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BCRA's supposed status as an alter ego of the Republic.  BCRA is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 90–91 n.56 (2d Cir. 2015).

The Republic further objects to Request No. 62 to the extent the Request, in being included under the sub-heading "Documents Concerning BCRA," seeks documents related to property of the Republic's central bank held for its own account.  Such property is not subject to

attachment or execution.  *See* 28 U.S.C. § 1611(b); *NML Cap. Ltd.* v. *Banco Central de la República Argentina*, 652 F.3d 172, 187–88 (2d Cir. 2011); *Thai Lao Lignite (Thailand) Co., Ltd.* v. *Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 522 (S.D.N.Y. 2013) (accounts held by a central bank "for [the central bank's] own account" are immune from discovery).  BCRA's reserves are further not subject to attachment or execution under Argentine law.  *See* Article 6 of Law No. 23,928.

### iv.   Documents Concerning BNA

**<u>Request No. 63</u>**

Documents and Communications between Argentina and any director or officer of BNA concerning the management and operation of BNA.

**<u>Response to Request No. 63</u>**

The Republic incorporates its General Objections by reference and further objects to Request No. 63 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "management" or "operation."

The Republic further objects to Request No. 63 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity BNA and its directors, officers, management, and operations, and the Republic's communications concerning separate, non-party entity BNA's management and operations.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar*

*Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic. BNA is not an alter ego of the Republic, but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic. *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

## Request No. 64

Documents sufficient to identify all accounts BNA maintains or has maintained for which the beneficial holder or owner, in whole or in part, is Argentina ("Argentina-Owned Accounts").

## Response to Request No. 64

The Republic incorporates its General Objections by reference and further objects to Request No. 64 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding "all" accounts maintained by the Republic at BNA, a separate, non-party within Argentina, which is an incredibly broad request and would encompass almost every entity and organ of the Republic's administration. The Republic further objects to the Request to the

extent it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic.  BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

## Request No. 65

Documents sufficient to identify the current account balance, currency, and as-of date for all Argentina-Owned Accounts.

## Response to Request No. 65

The Republic incorporates its General Objections by reference and further objects to Request No. 65 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding every account maintained by the Republic at BNA, a separate, non-party within Argentina, which is incredibly broad and would encompass almost every entity and organ of the Republic's administration.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic.  BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

## Request No. 66

Documents sufficient to identify how long all Argentina-Owned Accounts have been active.

## Response to Request No. 66

The Republic incorporates its General Objections by reference and further objects to Request No. 66 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding accounts maintained by the Republic at BNA, a separate, non-party entity within Argentina, which is incredibly broad and would encompass almost every entity and organ of the Republic's administration.  Further, the Request specifically seeks information about the length of time these accounts have been "active," information that is irrelevant to asset discovery.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic.  BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

**Request No. 67**

Documents sufficient to identify transaction history for all Argentina-Owned Accounts.

**Response to Request No. 67**

The Republic incorporates its General Objections by reference and further objects to Request No. 67 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding every account maintained by the Republic at BNA, a separate, non-party within Argentina, which is incredibly broad and would encompass almost every entity and organ of the Republic's administration.  Further, the Request specifically seeks information about the transaction history in these accounts, information that is irrelevant to asset discovery.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic. BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic. *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

**Request No. 68**

Documents sufficient to identify all Commercial Transactions between BNA and Argentina, including but not limited to the issuance of loans, letters of credit, or lines of credit to Argentina.

**Response to Request No. 68**

The Republic incorporates its General Objections by reference and further objects to Request No. 68 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions. Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks documents related to "all" commercial transactions between the Republic and a separate, non-party entity BNA, which is located within Argentina.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a). Even if this Request sought documents related to identification of assets that were used for commercial activity through its reference to "Commercial Transactions," the Republic's assets are immune from attachment in the United States unless they were "used for the commercial activity *upon which the claim is based*." 28

U.S.C. § 1610(a)(2) (emphasis added).  The documents sought by this Request have no relation to this activity and thus will not lead to the identification of any property subject to attachment or execution.

The Republic also objects to Request No. 68 to the extent it seeks information regarding separate, non-party entity BNA and BNA's involvement in any transaction, on the grounds that such information is overbroad, unduly burdensome, not relevant to any party's claim or defense, not proportional to the needs of the actions, and not reasonably calculated to assist Plaintiffs in collecting on their judgment.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic.  BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

**Request No. 69**

Documents sufficient to identify any dividends BNA paid to Argentina, how those dividends were paid, and the location and account number of the accounts that received those dividends.

**Response to Request No. 69**

The Republic incorporates its General Objections by reference and further objects to Request No. 69 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it seeks information regarding "any dividends" paid by separate, non-party BNA, without any limitation.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic.  BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

**Request No. 70**

Documents concerning Argentina's involvement in the appointment of BNA officers or the appointment of directors to the BNA Board of Directors.

**Response to Request No. 70**

The Republic incorporates its General Objections by reference and further objects to Request No. 70 on the grounds that it is overbroad and unduly burdensome, and it seeks

documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity BNA and its directors, officers, management, and operations.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic.  BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

**Request No. 71**

Documents and Communications between Argentina and any director or officer of BNA from January 1, 2023 to the present concerning the management and operation of BNA.

**Response to Request No. 71**

The Republic incorporates its General Objections by reference and further objects to Request No. 71 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "management" or "operation."

The Republic further objects to Request No. 71 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity BNA and its directors, officers, management, and operations, and the Republic's communications concerning separate, non-party entity BNA's management and operations.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).  The Republic also objects to Request No. 71 as duplicative of Request No. 63.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic.  BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a

judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

**Request No. 72**

Documents and Communications between Argentina and any Financial Institution concerning export credit lines for BNA, including but not limited to any representations made by Argentina relating to agreements between BNA and Japan Bank for International Cooperation.

**Response to Request No. 72**

The Republic incorporates its General Objections by reference and further objects to Request No. 72 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks documents related to communications with third parties regarding "export credit lines" for separate, non-party entity BNA.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic.  BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with

its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic.  *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

**Request No. 73**

Documents and Communications between Argentina and the United Nations, including officials or employees, concerning the United Nations Development Programme Modernization of BNA, including financial information regarding Argentina's capital contribution to the project.

**Response to Request No. 73**

The Republic incorporates its General Objections by reference and further objects to Request No. 73 to the extent the requested information could be obtained from other sources that are more convenient, less burdensome, or less expensive, including from public documents (such as the United Nations Development Programme's own website).

The Republic further objects to Request No. 73 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks communications with the United Nations regarding separate, non-party entity BNA.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co.* v. *Kim–Sail, Ltd.*, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to Request No. 73 as invasive of its sovereign dignity because it impinges upon the "grace and comity" to which it is entitled as a sovereign state,

particularly to the extent it seeks an incredibly broad set of documents and communications between the Republic and the United Nations. *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014). The Republic also objects to Request No. 73 to the extent it purports to require the Republic to draw speculative or legal conclusions, or is predicated on speculative or legal conclusions or argument concerning what constitutes an "official" or an "employee" of the United Nations.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States." *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on BNA's supposed status as an alter ego of the Republic. BNA is not an alter ego of the Republic but is instead a separate, self-governing entity under Argentine law with its own budgetary and administrative autonomy, and its assets cannot be used to execute a judgment against the Republic. *See Seijas* v. *Republic of Argentina*, 502 F. App'x 19, 22 (2d Cir. 2012).

### v.      Documents Concerning ENARSA

**<u>Request No. 74</u>**

Documents and Communications between Argentina and any director or officer of ENARSA concerning the management and operation of ENARSA.

**<u>Response to Request No. 74</u>**

The Republic incorporates its General Objections by reference and further objects to Request No. 74 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "management" or "operation."

The Republic further objects to Request No. 74 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding separate, non-party entity ENARSA and its directors, officers, management, and operations, and the Republic's communications concerning separate, non-party entity ENARSA's management and operations. *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ENARSA's supposed status as an alter ego of the Republic.  ENARSA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 892 F. Supp. 2d 530, 534 (S.D.N.Y. 2012).  Indeed, pursuant to ENARSA's by-laws, the Republic's shares in ENARSA cannot be subject to encumbrances, and therefore any documents or information regarding such shares are not relevant to asset discovery.

**Request No. 75**

Documents sufficient to identify ownership interests in ENARSA held by Argentina's provincial governments.

**Response to Request No. 75**

The Republic incorporates its General Objections by reference and further objects to Request No. 75 to the extent that it purports to require the Republic to produce documents held by ENARSA and/or the provincial governments that are not in the Republic's possession, custody, or control.  The Republic also objects to Request No. 75 to the extent the requested information could be obtained from other sources that are more convenient, less burdensome, or less expensive, including from public documents (such as ENARSA's own website).

The Republic further objects to Request No. 75 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets because it solely requests information regarding "ownership interests" held by the Republic's provincial governments (which are autonomous states and non-parties) in separate, non-party entity ENARSA.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ENARSA's supposed status as an alter ego of the Republic.  ENARSA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a

judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 892 F. Supp. 2d 530, 534 (S.D.N.Y. 2012).    Indeed, pursuant to ENARSA's by-laws, the Republic's shares in ENARSA cannot be subject to encumbrances, and therefore any documents or information regarding such shares are not relevant to asset discovery.

**Request No. 76**

Documents concerning Argentina's participation in the purchase and sale of oil and gas by ENARSA and the imposition of any price controls for such oil and gas.

**Response to Request No. 76**

The Republic incorporates its General Objections by reference and further objects to Request No. 76 on the grounds that it is vague and ambiguous, particularly to the extent that it fails to define or further explain the terms "participation," "imposition," or "price controls."

The Republic further objects to Request No. 76 on the grounds that it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding completed purchases and sales of oil and gas by separate, non-party entity ENARSA, which are not relevant to asset discovery, and supposed price controls for such oil and gas, which are not relevant to asset discovery.  *See EM Ltd.* v. *Banco Central la República Argentina*, 800 F.3d 78, 99 (2d Cir. 2015) (funds held by Argentina's central bank at New York Fed could not be used to satisfy judgment against Argentina); *Costamar Shipping Co*. v. *Kim–Sail, Ltd*., 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (refusing to compel post-judgment discovery of an affiliated non-party's assets).

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ENARSA's supposed status as an alter ego of the Republic.  ENARSA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 892 F. Supp. 2d 530, 534 (S.D.N.Y. 2012).    Indeed, pursuant to ENARSA's by-laws, the Republic's shares in ENARSA cannot be subject to encumbrances, and therefore any documents or information regarding such shares are not relevant to asset discovery.

**Request No. 77**

Documents concerning Argentina's acquisition of ownership, including through expropriation, of Assets of any type, formerly owned by ENARSA, including but not limited to oil and gas concessions acquired per decree of Argentina.

**Response to Request No. 77**

The Republic incorporates its General Objections by reference and further objects to Request No. 77 because it is overbroad and unduly burdensome, and it seeks documents that are neither relevant nor proportional to the needs of the case because it is not reasonably calculated to assist in collecting on the judgment in these Actions.  Specifically, the Request is not limited to documents that are relevant to identifying attachable or executable assets but instead seeks information regarding the Republic's supposed "Assets" of "any" type that were formerly owned by separate, non-party entity ENARSA, without regard to whether they could be used to collect on the judgment.  The Republic is a foreign sovereign with numerous assets that are exempt from attachment or execution under applicable U.S., foreign, and/or international law—including, but

not limited to, the FSIA, the U.K. State Immunity Act of 1978, the Vienna Convention on Diplomatic Relations, the Vienna Convention on Consular Relations, and/or another applicable protection for foreign state property.  Such property includes, for example, diplomatic facilities, military facilities, and other government-owned facilities that are used to provide essential services and core government functions.

The Republic further objects to the Request to the extent it does not seek documents related to the identification of assets of the Republic in the United States, let alone "used for a commercial activity in the United States."  *See* 28 U.S.C. §§ 1609, 1610(a).   The Republic further objects to Request No. 77 because it impinges upon its sovereign dignity in violation of the "grace and comity" to which it is entitled as a sovereign state, particularly to the extent it seeks documents concerning its expropriation of assets.  *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 Fed. App'x 16, 18 (2d Cir. 2014).

The Republic further objects to this Request because it is listed under the heading "Documents Related to Alter-Ego Relationships," and, more generally, to the extent the demand for discovery is based on ENARSA's supposed status as an alter ego of the Republic.  ENARSA is a corporation that is not an alter ego of the Republic, and its assets cannot be used to execute a judgment against the Republic.  *See NML Capital, Ltd.* v. *Republic of Argentina*, 892 F. Supp. 2d 530, 534 (S.D.N.Y. 2012).    Indeed, pursuant to ENARSA's by-laws, the Republic's shares in ENARSA cannot be subject to encumbrances, and therefore any documents or information regarding such shares are not relevant to asset discovery.

*       *       *

The Republic is willing to meet and confer with Plaintiffs in an attempt to resolve Plaintiffs' disagreements, if any, with this Response.  The Republic's agreement to meet and confer

is not, and should not be construed as, a representation that any documents responsive to the Requests exist.

Respectfully,

Dated:  November 15, 2023

*/s/ Amanda F. Davidoff*
Robert J. Giuffra, Jr.
Sergio J. Galvis
Amanda F. Davidoff
Thomas C. White
Adam R. Brebner

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3588

*Counsel for the Argentine Republic*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2023, a copy of the foregoing was served on counsel of record via Electronic Mail.

By:   <u>*/s/ Amanda F. Davidoff*</u>
Amanda F. Davidoff

*Counsel for the Argentine Republic*