# KING & SPALDING

1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

March 4, 2024                    Via CM/ECF

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
           *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Dear Judge Preska:

    I respectfully reply to the Republic's March 1 letter ("Ltr.") responding to Plaintiffs' request for a pre-motion conference seeking to compel post-judgment discovery from the Republic of all documents responsive to Plaintiffs' Requests for Production Nos. 13-23 and 25-28 by April 4, 2024. Because the Republic continues to stonewall discovery, as is its wont, Plaintiffs seek the Court's intervention.[1]

    *First*, the Republic's suggestion that the parties have not exhausted the "meet and confer" process strains credulity. The parties have already "met and conferred" **nine times** since Plaintiffs first propounded their requests in October 2023, and the Republic asserted 105 pages of responses and objections, including its objections to producing discovery concerning assets it has unilaterally determined are diplomatic, consular, or military in character, and assets held by BCRA. And yet it was only after Plaintiffs filed their pre-motion letter that the Republic stated it no longer objected categorically to producing discovery concerning diplomatic, consular, and military assets, but was merely proposing to "prioritize" the production of discovery concerning *other* assets. Regardless, the Republic has not yet produced documents concerning either category of assets, and it does not provide a production timeline.[2]

---

[1] Plaintiffs withdraw their motion with respect to Requests 12 and 24 because the Republic represents that it has no responsive documents. Plaintiffs do not withdraw their motion with respect to Request 19. The parties have not tabled this Request, but instead have only discussed ways to facilitate the Republic's production.

[2] The Republic's contention that Plaintiffs prematurely have requested the Court's intervention is not only belied by the parties' numerous meet-and-confer conferences and the many months since the Republic responded and objected to Plaintiffs' requests, but also by the cases on which the Republic relies. *See* Ltr. at 1 (citing *Hernandez v. NHR Hum. Res., LLC*, 2021 WL 2535534, at

Page 2

The Republic is not permitted to delay indefinitely the production of relevant documents, whether in the name of comity or otherwise. *See, e.g.*, *Tatneft v. Ukraine*, 2021 WL 5353024, at *3–6 (D.D.C. Oct. 18, 2021) (detailing Ukraine's delay tactics, including delayed production on agreed-upon requests, and reminding that conclusory allegations of potential immunity are insufficient). Nor do the Republic's *de minimis* productions to date—totaling 117 documents, 43 of which were produced only on March 1—suggest that the Republic will produce any meaningful discovery absent Court intervention.

*Second*, the Republic erroneously claims it is not required to produce "information about certain assets" that it presupposes "could never be subject to attachment or execution," because it baldly represents, without more, they are "all military and diplomatic assets worldwide, as well as assets of BCRA." Ltr. at 2. In the absence of *any* information on the character or location of these assets, the question of whether they are subject to attachment is purely speculative. *See, e.g.*, *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 144 (2014) (noting the need for discovery because plaintiff "*does not yet* know what property Argentina has and where it is, let alone whether it is executable under the relevant jurisdiction's law") (emphasis in original). Moreover, the Republic does not dispute that assertions of immunity are highly fact-specific and often litigated, supporting the need for permissive post-judgment discovery that is routinely ordered.[3] Indeed, the Republic's own authorities confirm as much. *See* Ltr. at 2 (citing *Lasheen v. Loomis Co.*, 2017 WL 4410167, at *2, 5-6 (E.D. Cal. Oct. 4, 2017) (finding the Egyptian embassy is an instrumentality of Egypt subject to the "broad discovery")).

*Finally*, contrary to the Republic's assertions, Plaintiffs have not requested "discovery into BCRA's own assets." Ltr. at 3. Plaintiffs request documents concerning the Republic's assets held by BCRA. Although the Republic has confirmed that it currently has no accounts outside of Argentina held by BCRA, the flow of funds from its Argentine accounts is relevant to assets that may be attachable around the world and is properly discoverable. For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' request for a pre-motion conference.

---

*20 (S.D.N.Y. June 18, 2021)); *see also Hernandez v. NHR Hum. Res., LLC*, Case 1:20-cv-03109-VF (Dec. 3, 2020), ECF. No. 43 (plaintiffs filed 12 days after defendants responded to discovery requests and failed to meet and confer); *Funai Elec. Co., Ltd. v. Orion Elec. Co., Ltd.*, 2002 WL 1808419, at *9 (S.D.N.Y Aug. 7, 2002) (parties failed to meet and confer).

[3] The Republic attempts to distinguish *NML Capital, Ltd. v. Republic of Argentina* and *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, because they involve "immunity waivers or arbitral awards." Ltr. at n.1. Yet the context of these cases is irrelevant to the basic principle that discovery is permitted to support post-judgment attachment efforts.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro