April 17, 2024

<u>Via ECF</u>

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
      500 Pearl Street,
         New York, NY  10007.

            Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Capital Mgmt. et al.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

We write jointly on behalf of Plaintiffs and Defendant in connection with the Court's March 18 order directing the parties to provide an update on the status of discovery in this matter.

At the March 18, 2024 conference regarding Plaintiffs' February 27, 2024 motion to compel as to Request Nos. 13–23 and 25–28 (*Petersen* ECF Nos. 539, 541), the Court ordered the Republic to substantially complete its production of responsive documents relating to its assets outside of the United States and Argentina worth more than $20 million, excluding diplomatic and military assets, within one month.  (*See Petersen* Mar. 18, 2024 Tr. 31:22–32:4.)

**The Republic's Position**

Since the conference, the Republic made document productions on March 22, March 25, and April 12, 2024.  The Republic also provided further information regarding its productions to Plaintiffs by letter on April 15, 2024.  Without waiving any of its objections, the Republic's position is that it has now (1) substantially completed its response to Plaintiffs' requests relating to assets within the parameters of the Court's March 18 order; and (2) for some requests, gone beyond those parameters by producing (or completing its searches for) information regarding assets that are below the $20 million threshold or are used for military or diplomatic purposes.

The sole criticism Plaintiffs lodge below regarding the sufficiency and completeness of the Republic's searches is baseless.  The fact that many of Plaintiffs' requests for "documents sufficient to identify" certain assets can be addressed with public documents is no surprise, given that the Republic is a government with public reporting requirements.

The Republic anticipates that it will substantially complete its response based on reasonable searches to the requests at issue, subject to any objections regarding documents identified during its reasonable searches and further negotiations with Plaintiffs, by June 3, 2024.  The parties still need to confer regarding the scope of productions related to the Republic's military and diplomatic assets, as the parties have not yet completed doing so; for example, Plaintiffs raised for the first time in Monday's meet-and-confer session that they are not interested in the production of certain military-related assets, and have not addressed certain other objections raised by the Republic.  The shorter period for substantial completion requested by Plaintiffs is not feasible in

The Honorable Loretta A. Preska                                                                                                -2-

light of Plaintiffs' revised position refusing to negotiate the scope of their request that the Republic produce documents sufficient to identify all "Commercial Transactions" over $1 million in value; as early as January 19, 2024, Plaintiffs had proposed negotiating this threshold to reduce the burden of the Republic's response. The Parties will also continue to meet and confer regarding other requests.

There is certainly no basis for an "admonition to the Republic to act expeditiously and to respond fully to Plaintiffs' requests," a suggestion Plaintiffs first added to this letter in their draft of 10:03 p.m. this evening. No motion is pending, and more fundamentally, the Republic has acted expeditiously to respond to Plaintiffs' overbroad and highly burdensome requests. Nor is there any basis for Plaintiffs' unseemly language (also first added in their 10:03 p.m. draft) regarding the Republic's supposed discovery strategy.

**Plaintiffs' Position**

The unfortunate reality is that the Republic continues to deploy a rope-a-dope strategy with respect to its post-judgment discovery obligations. However, Plaintiffs do not today seek the Court's further intervention with respect to these issues, although we anticipate needing to do so in the not-too-distant future.

Doubtless with the deadline for this joint report in mind, Argentina waited until Friday night to produce a number of additional documents, and we are still reviewing that production, although initial indications suggest that the Republic has continued its practice of relying on publicly available material. Despite counsel's facile comments above, Plaintiffs' discovery requests cannot in fact be satisfied by the production of public information to which Plaintiffs already had access.

Absent any dispute requiring the Court's intervention, Plaintiffs have proposed that the Republic substantially complete its response to Plaintiffs' requests—including with respect to military, diplomatic, and consular assets—by May 20, 2024. An additional month is sufficient as the Republic has represented it has already begun its production of documents concerning its global assets above $1,000,000, including military, diplomatic, and consular assets (which Plaintiffs have informed the Republic need not include certain military equipment). Six months have passed since Plaintiffs served their requests. The additional time the Republic seeks is unwarranted, as is the Republic's contention that it is entitled to compromises it did not accept three months ago. However, we are reluctant to seek the Court's intervention about a two-week difference in schedule. Were the Court to engage at all here, we would request a general admonition to the Republic to act expeditiously and to respond fully to Plaintiffs' requests. Otherwise, we will return with a detailed catalog of deficiencies with specific requests for the Court's assistance in due course.

The Honorable Loretta A. Preska                                                                                         -3-

Respectfully,

| | |
|---|---|
| */s/ Robert J. Giuffra, Jr.* <br> Robert J. Giuffra, Jr. | */s/ Randy M. Mastro* <br> Randy M. Mastro |
| SULLIVAN & CROMWELL LLP <br> 125 Broad Street <br> New York, New York  10004-2498 <br> Telephone:     (212) 558-4000 <br> Facsimile:      (212) 558-3588 | KING & SPALDING LLP <br> 1185 Avenue of the Americas, 34th Floor <br> New York, NY 10036-4003 <br> Telephone:     (212) 556-2100 <br> Facsimile:      (212) 556-2222 |
| *Counsel for The Argentine Republic* | *Counsel for Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund* |

cc:        Counsel of Record (by ECF)