**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 8, 2024

BY ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.,* No. 15 Civ. 2739 (S.D.N.Y.) (LAP); *Eton Park Capital Mgmt. et al. v. Argentine Republic et al.,* No. 16 Civ. 8569 (S.D.N.Y.) (LAP)

Dear Judge Preska:

We respectfully submit this letter on behalf of YPF S.A. ("YPF" or the "Company") in opposition to Plaintiffs' April 30, 2024 request for a pre-motion conference regarding Plaintiffs' intended motion to compel YPF "to produce discovery pursuant to a document subpoena." (*Eton Park* Dkt. No. 490 at 1.) Plaintiffs cannot move to compel because they have failed to and cannot satisfy the first and most basic requirement of such a motion: proof that the non-party subpoena has been validly served. Without that, Plaintiffs have no basis to move to compel production and this Court has no authority to order it. Accordingly, Plaintiffs' request should be denied.

Plaintiffs' subpoena relates to their post-judgment efforts to enforce their judgment against the Republic of Argentina. *Id.* The Court has dismissed YPF from this case and entered judgment in its favor. YPF is not liable for any judgment and is not a party to the post-judgment proceedings. *See, e.g.*, *W.S.R. by & through Richardson v. FCA US, LLC*, No. 18-CV-6961-KMK, 2022 WL 4648403, at *16 n.21 (S.D.N.Y. Sept. 30, 2022) (noting that the defendant was "no longer a party to the litigation" after its motion for summary judgment was granted in full); *Lumbermens Mut. Cas. Co. v. Banco Espanol de Credito, S.A.*, No. 03-CV-5819-KMW-MHD, 2006 WL 2987694, at *11 (S.D.N.Y. Oct. 13, 2006) (same). Plaintiffs acknowledge as much by treating YPF as a non-party for purposes of their post-judgment proceedings, including in connection with their filings under seal (*Eton Park* Dkt. Nos. 476 & 477), and by attempting to obtain discovery from YPF through a Rule 45 subpoena, not as a party-respondent (*Eton*

The Honorable Loretta A. Preska                    2                         May 8, 2024

*Park* Dkt. No. 491-1, Harris Decl., Ex. A, Document Subpoena). YPF is entitled to the same substantive and procedural protections from discovery – including all jurisdictional defenses – as any other foreign non-party.

Plaintiffs' attempt to pursue discovery from YPF fails for numerous reasons, including lack of jurisdiction, but this Court can reject it for one simple reason alone: Plaintiffs cannot move to compel production in response to a subpoena that they have failed to validly serve. Plaintiffs failed to disclose that central fact to this Court and it alone is dispositive of their request.

Plaintiffs failed to provide the Court with the following information that is critical to its analysis:

**First**, Plaintiffs do not and cannot offer any proof that the subpoena was validly served. The document subpoena is attached as Exhibit A to their motion, but the proof of service form – which is a necessary prerequisite to enforcement of a contested subpoena – is blank. *See* Fed. R. Civ. P. 45(b)(4); *see also Eby v. Target Corp.*, No. 13-CV-10688-SFC-LJM, 2013 WL 6858828, at *3 (E.D. Mich. Dec. 30, 2013) (denying a motion to compel as "not adequately supported" where the movant failed to attach "any proofs of service").

**Second**, Plaintiffs did not tell the Court that their sole attempt to serve YPF was rejected. Plaintiffs attempted to serve YPF by delivering the document subpoena and a deposition subpoena to CT Corporation, but CT Corporation is not YPF's agent for that purpose and rejected Plaintiffs' attempt at service. On April 17, nearly two weeks before Plaintiffs filed their pre-motion letter, CT Corporation sent Plaintiffs a "Notice of Rejected Service of Process" stating: "According to our records and/or the records of the Secretary of State, we are not the registered agent for the party you are attempting to serve." (Exhibit 1 to Declaration of Wendy B. Reilly, dated May 8, 2024.) District courts "may enforce a non-party subpoena" only where "the subpoena was properly served on the non-party." *Gonzalez v. Speedway LLC*, No. 23-CV-221-MMG-SLC, 2024 WL 1075328, at *1 (S.D.N.Y. Mar. 12, 2024); *see also Slusher v. Asset Consulting Experts, LLC*, No. 19-CV-1265-EAW-JJM, 2021 WL 6111756, at *2 (W.D.N.Y. Dec. 27, 2021) (denying motion to compel because "subpoena was not properly served"). Plaintiffs omitted this critical fact from their request for motion practice.

**Third**, YPF has never consented to accept service of the subpoenas. Although Plaintiffs provided the subpoenas to YPF's counsel by email, they did not seek or receive any consent to accept service of the subpoenas on YPF's behalf. (*Eton Park* Dkt. No. 491-2, Harris Decl., Ex. B, YPF's Responses and

The Honorable Loretta A. Preska           3                     May 8, 2024

Objections, at 2 ("object[ing] to Plaintiffs' manner of purportedly 'serving' YPF" via CT Corporation and by emailing the subpoenas to counsel without consent)). YPF nonetheless reviewed the requests and met and conferred in good faith with Plaintiffs in an attempt to reach an agreement and avoid burdening the Court, and had even been willing to voluntarily look for and potentially produce certain information related to the Republic, but it never conceded any obligation to provide discovery or to respond to the subpoenas.

YPF is, of course, defending its judgment on appeal – but it objects to Plaintiffs' improper attempts to draw it into their post-judgment proceedings and impose burdensome discovery. YPF continues to assert and reserve its right to raise all jurisdictional, procedural and substantive objections to Plaintiffs' efforts. Because Plaintiffs have not satisfied even the most basic requirement of a motion to compel, this Court need not reach those issues now, but they remain an independent reason to reject any attempt to compel discovery.

Moreover, YPF is an independent, publicly-traded company, **not** an alter ego of the Republic. It is entitled to the *Bancec* presumption "that 'government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such.'" *EM Ltd. v. Banco Cent. De La Republica Argentina*, 800 F.3d 78, 89, 96 (2d Cir. 2015) (rejecting alter ego claim where plaintiffs failed to "overcome[] the presumption that BCRA and Argentina are legally separate entities") (quoting *National City Bank v. Banco Para El Comercio Exterior de Cuba* ("*Bancec*"), 462 U.S. 611, 626–27 (1983)). Plaintiffs cannot satisfy the *Bancec* factors, or any other recognized threshold showing that would justify permitting Plaintiffs to pursue alter ego discovery from or about YPF. That question has been considered and rejected, and there is no basis to revisit it here. *See NML Cap., Ltd. v. The Republic of Argentina*, No. 12-MC-80185-JSW, 2015 WL 7731779, at *4 (N.D. Cal. Dec. 1, 2015) (holding that plaintiffs' proffered support for alter ego theory was "insufficient to overcome the presumption that YPF is a separate jurisdictional entity for purposes of asset discovery on an alter-ego theory") (quotations omitted).

YPF reserves all jurisdictional, procedural and substantive objections to the subpoenas.

The Honorable Loretta A. Preska            4            May 8, 2024

Respectfully submitted,

*/s/ Shannon Rose Selden*
Mark P. Goodman
Shannon Rose Selden
mpgoodman@debevoise.com
srselden@debevoise.com

cc:     Counsel of Record (by ECF)