# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 1 0036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

May 9, 2024

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
> *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

Plaintiffs respectfully reply to the letter submitted yesterday by YPF S.A. ("YPF") opposing Plaintiffs' request for conference regarding a motion to compel the production of documents relating to whether YPF is the alter ego of the Republic. YPF fails to engage with the substance of Plaintiffs' position, apart from a single conclusory paragraph arguing that it is not the Republic's alter ego. Of course, that is not the relevant issue here because Plaintiffs only seek *discovery* on the potential existence of an alter ego relationship, which does not require a threshold showing of such a relationship when the discovery is sought to enforce a judgment rather than to establish subject-matter jurisdiction (as Plaintiffs' letter explained and YPF ignored). There is no serious dispute that Plaintiffs are entitled to the discovery.

Rather, YPF claims only that the subpoena was not properly served. YPF's argument is gamesmanship. Rather than seek to quash the subpoena, YPF provided fifteen pages of written responses and objections, one paragraph of which (alongside 29 other individually numbered objections, which Plaintiffs also did not address in their opening letter) concerned service. (*Eton Park* Dkt. No. 491-2.) In those written responses, YPF also agreed to produce documents responsive to a number of the requests, and later participated in a meet-and-confer session without mentioning service.[1] YPF's objections are therefore waived. *See, e.g.*, *Hodgson v. Loc. 191, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 352 F. Supp.

---

[1] It is for this reason that Plaintiffs did not address YPF's service objection in their opening Letter Motion.

Page 2

513, 515 (D. Conn. 1973) ("[S]ince the union has voluntarily surrendered most of the records sought by the subpoena, any hypertechnical defect in service must be deemed waived."). YPF should not be permitted to assert objections as to service in a case it has litigated for nearly a decade, purely as a delay tactic to avoid the production of documents it does not want to produce.

In any event, Plaintiffs served the subpoena on YPF's lead counsel in this case, who remain on the docket as counsel of record.[2] Service on a party's counsel is effective under Fed. R. Civ. P. 5. YPF's position that it is no longer a party because the Court entered judgment in its favor ignores that the judgment is on appeal, which YPF has insisted is sufficient to convey "a continuing interest in reviewing all filings with the Court."[3]

Plaintiffs also served the subpoena on CT Corporation, which YPF's Form F-3 designates as its registered agent.[4] YPF asserts that CT Corporation is its agent for service of securities claims only, but its Form F-3 contains no such limitation. In *Fashion Television LLC v. Aktiengesellschaft*, 2018 WL 11224596, *3 (S.D.N.Y. 2018), the Court found similar service effective despite SEC filings with even more limited agency language—and a similar post-service rejection letter from CT Corporation—"because defendant had actual notice and CT had apparent authority to accept service on defendant's behalf."[5]

There is no dispute that YPF has actual notice of Plaintiffs' Requests. Indeed, YPF has represented it is partially responding to them. That is sufficient to effect service on a sovereign instrumentality like YPF, even if "compliance with the service requirements may not have been exact." *First City, Texas-Houston v. Rafidain Bank*, 281 F.3d 48, 55 (2d Cir. 2002) (finding actual notice sufficient to effect service on subpoena recipient in post-judgment discovery).

YPF's efforts to avoid discovery—or even discussion of discovery—concerning its relationship with the Republic should not be permitted to derail Plaintiffs' efforts to enforce the Judgment.

---

[2] *See* Harris Decl., Ex. A, E-mail dated March 25, 2024.
[3] *See* Letter to the Court dated April 11, 2024 (*Eton Park* Dkt. No. 476).
[4] *See* Harris Decl., Ex. B, Service Affidavit, and Ex. C, F-3. YPF mischaracterizes Rule 45(b)(4), which requires filing proof of service only "when necessary."
[5] YPF asserted a similar objection to service of the Complaint, which Plaintiffs disputed. YPF ultimately agreed service was effected, "without waiving any jurisdictional defense." *See* Stip. dated June 10, 2015 (*Petersen* Dkt. No. 9 at 2).

Page 3

          Respectfully,

          */s/ Randy M. Mastro*
          Randy M. Mastro