# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 1 0036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

May 10, 2024

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
          *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

      We write in further support of Plaintiffs' request for a pre-motion conference concerning Plaintiffs' requests for documents related to (i) the Republic's relationships with six specified state-owned entities (the "SOEs") and (ii) bank accounts that the Republic asserts are used exclusively for military, diplomatic, or consular purposes. The Republic's opposition to this discovery is meritless because both categories of discovery are directly relevant to Plaintiffs' efforts to collect this Court's judgment.

## I.    The Republic's Relationships with the SOEs

      The issue before this Court is whether Plaintiffs are entitled to discovery concerning the Republic's current relationships with the SOEs. The Republic's contention that such discovery is unnecessary because decade-old rulings already addressed the issue is wrong as a matter of law. Argentina does not dispute that an alter ego inquiry "should consider all relevant facts up to the time of the service of the writ of attachment," *OI Euro. Grp. B.V. v. Bolivarian Rep. of Venezuela ("OIEG")*, 73 F.4th 157, 171-72 (3d Cir. 2023).

      For example, <u>four</u> different presidential administrations have taken office since those decisions issued. Argentina does not dispute these changed political circumstances, but disingenuously posits that they "say[] nothing about the Republic's relationship with these Entities." *Petersen* ECF No. 572 (the "Response") at 2. That, of course, is wrong on its face. Alter ego analysis necessarily focuses on the political and economic control that a government *currently* (or at least closer in

time) exercises over its instrumentality, and the degree of such control is determined by the policies and agendas of the government's executive branch. *See, e.g.*, *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petro. Corp.*, 40 F.4th 56, 69-70 (2d Cir. 2022) (affirming alter ego decision based on, *inter alia*, president's control over national oil company's budget and expenses); *OIEG*, 73 F.4th at 172-74 (addressing control of rival presidential administrations over PDVSA). Accordingly, Plaintiffs' requests for documents concerning the Republic's interactions with the SOEs from 2020 to the present are entirely appropriate.

The Republic also wrongly asserts that the court in *Crystallex* and *OIEG* permitted Venezuela to relitigate the alter ego issue only "after showing a dramatic change in the relationship between PDVSA and the Venezuelan government." Response at 2. This is a total mischaracterization of those decisions. Rather, it was the change in political circumstances—not a changed relationship with the government—that prompted relitigation of the issue. *See OIEG*, 663 F. Supp. 3d 406, 419 (D. Del. 2023) (holding that "the nature of the relationship between the Republic and PDVSA has not materially changed in the time after the Court made its findings of fact in *Crystallex I* in August 2018") (emphasis added); *Crystallex Int'l Corp. v. PDV Holding Inc.*, 2019 WL 6785504, at *7 (D. Del. Dec. 12, 2019) (permitting Venezuela to relitigate alter ego issue because PDVSA's property in U.S. was controlled by different presidential administration). But that is beside the point: the Republic seeks to impose a requirement for post-judgment asset discovery that does not exist.[1]

## II. Alleged Military, Diplomatic, and Consular Bank Accounts

The Republic's argument that it need not produce any discovery into bank accounts that it unilaterally asserts are used for military, diplomatic, or consular purposes ignores a simple premise of judgment enforcement: a creditor need not take the recalcitrant debtor's "word for it." *See Rep. of Argentina v. NML., Ltd.*, 573 U.S. 134, 1445-45 (2014). Instead, the Republic refers to unidentified French, Belgian, and German court decisions rejecting efforts to attach diplomatic bank accounts. But in each of those cases the court simply held that the judgment-creditor had failed to prove that Argentina used the account for non-diplomatic purposes. The purpose of the requested discovery is to uncover precisely that evidence.

---

[1] In a footnote, the Republic asserts that "[e]ven if any of the Entities were alter egos, their U.S. assets would be immune" because they do not satisfy the claim nexus requirement in 28 U.S.C. § 1610(a)(2). That is irrelevant, because Plaintiffs can execute on an alter ego's non-U.S. assets.

Page 3

                                              Respectfully,

                                              */s/ Randy M. Mastro*
                                              Randy M. Mastro