# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 14, 2024

By ECF

Judge Loretta A. Preska,
    United States District Court for the Southern District of New York,
        500 Pearl Street, Courtroom 12A,
            New York, New York 10007-1312.

> Re:  *Petersen Energía Inversora S.A.U.* v. *Argentine Republic*,
> No. 15-cv-2739 (S.D.N.Y.) ("*Petersen*")
> *Eton Park Capital Management, L.P.* v. *Argentine Republic*,
> No. 16-cv-8569 (S.D.N.Y.) ("*Eton Park*")

Dear Judge Preska:

On behalf of the Republic of Argentina (the "Republic"), I write to respectfully request leave to file the attached 8-page sur-reply responding to five arguments first made by Plaintiffs in their Reply Memorandum of Law in Support of their Motion for Injunction and Turnover (*Petersen* ECF No. 587; *Eton Park* ECF No. 513) ("Plaintiffs' Reply") and three new expert declarations.  Plaintiffs oppose this motion.

Motions for leave to file a sur-reply are within the Court's sound discretion.  *Sec. Exch. Comm'n* v. *Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022) (Torres, J.).  Courts generally "grant leave to file sur-replies when they address arguments raised for the first time in a reply brief."  *Id*; *see also Bates* v. *Deva Concepts LLC*, 2022 WL 2106494, at *1 (S.D.N.Y. June 10, 2022) (Woods, J.) (same); *Preston Hollow Cap. LLC* v. *Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) (Cott, J.) ("[S]ur-replies are permitted when an opposing party raises arguments for the first time in a reply."); *Medina* v. *Buther*, 2019 WL 4370239, at *3 (S.D.N.Y. Sept. 12, 2019) (Preska, J.) (granting leave to file a sur-reply).

This is precisely the circumstance where the Court should permit a sur-reply.  Plaintiffs' Reply raises five new arguments, which the Republic believes are incorrect, concerning U.S. and Argentine law, including that (i) the FSIA supplants principles of international comity;

Judge Loretta A. Preska                                                                                                    -2-

(ii) the YPF Expropriation Law's transfer prohibition does not apply to court enforcement orders; (iii) the FSIA § 1610(a) exceptions apply to property outside the United States allegedly "used for" U.S. activity by a third party; (iv) the Republic did not "contest that, as a factual matter," it used its shares to effectuate the alleged breach; and (v) N.Y. CPLR § 5225 permits the Court to order the turnover of property in the hands of a third party. In support of their new arguments, which the Republic has not had an opportunity to respond to, Plaintiffs filed three new expert declarations with their Reply, including two from Argentine law experts that did not submit declarations in connection with Plaintiffs' initial motion papers.

The Republic respectfully requests leave to file the attached sur-reply and accompanying exhibits, which are expert declarations filed three days ago in *Bainbridge Fund Ltd. v. Argentina*, No. 16-cv-8605 (S.D.N.Y.), and which also respond to the new expert declarations submitted with Plaintiffs' Reply in this case. The sur-reply and expert declarations are submitted to address Plaintiffs' new arguments and to ensure that the Court has the benefit of a complete and accurate record before deciding this important motion seeking unprecedented relief.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

(Attachment)

cc:     Counsel of Record (by ECF)