# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 1 0036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

June 16, 2024

*By CM/ECF*
Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
*Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

We write with respect to the Republic's letter-motion for leave to file a sur-reply and two new expert declarations (accompanied by more than 500 pages of exhibits) in response to Plaintiffs' Reply in Support of Motion for Injunction and Turnover (the "Motion for Leave") (*Petersen* ECF No. 594; *Eton Park* ECF No. 518). The Court should deny the Motion for Leave, which amounts to nothing more than an improper procedurally defective attempt by the Republic to have the last word on Plaintiffs' Motion for Injunction and Turnover.

The five purportedly "new" arguments in Plaintiffs' Reply that the Republic identifies in its Letter Motion (at 1-2) do not warrant the filing of a sur-reply, because each of these arguments directly responds to an argument made by the Republic in its Opposition to Plaintiffs' Motion for Injunction and Turnover.[1] *See, e.g.*, *In re Safra*, No. 21-mc-640, 2022 WL 3584541, at *1 n.2 (S.D.N.Y. Aug. 22, 2022) (denying respondent's motion for leave to file sur-reply because petitioner's reply and accompanying expert declaration "merely respond to the arguments advanced in [respondent's] opposition memorandum"); *Polidoro v. Law Firm of Jonathan D'Agostino, P.C.*, No. 19-cv-1290, 2022 WL 2286951, at *20 (S.D.N.Y. June 23, 2022) ("If . . . the reply papers merely respond to points raised in opposition to the

---

[1] Plaintiffs do not accept the Republic's characterization of their arguments in its Motion for Leave.

Hon. Loretta A. Preska
June 16, 2024
Page 2

underlying motion, fairness does not ordinarily demand further briefing."). Indeed, the Republic does not (and cannot) dispute that each of the five "new" arguments is directly responsive to an argument made by the Republic in its Opposition. Instead, the Republic erroneously assumes that any "new" argument made by Plaintiffs warrants the filing of a sur-reply, even if it is responsive to an argument made by the Republic. *See* Motion for Leave at 1-2. But that is not the law. *See, e.g.*, *In re Safra*, 2022 WL 3584541, at *1 n.2.[2]

The Motion for Leave also is procedurally defective, for two reasons. First, it is too late. Under Local Civil Rule 6.1(b), a reply memorandum of law and any supporting declarations must be served "within seven days after service of the answering papers." Given that the Local Civil Rules do not even contemplate the filing of a sur-reply, any motion for leave to file a sur-reply should be made within seven days after service of the reply, in keeping with the prompt briefing schedule established by Local Civil Rule 6.1(b). The Republic did not file its Motion for Leave until more than two weeks after Plaintiffs filed their Reply. Second, the Republic improperly filed its proposed sur-reply and two new expert declarations with its Motion for Leave, thereby placing the papers before the Court without having received permission to do so. *See, e.g.*, *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) (holding that plaintiff's motion for leave to file sur-reply suffered from "fundamental procedural defect" because plaintiff "submitted its sur-reply memorandum contemporaneously with its request for leave to file such a memorandum"), *order vacated on reconsideration, on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990); *Richard Feiner & Co. v. Turner Entm't Co.*, No. 96-cv-1472, 2004 U.S. Dist. LEXIS 21074, at *1 (S.D.N.Y. Oct. 21, 2004) (same). The Court should not reward the Republic's brazen

---

[2] If Plaintiffs' responsive arguments constituted "new" arguments that warranted the filing of a sur-reply, then sur-replies would be the norm in motion practice. The opposite is true. *See, e.g.*, *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11-cv-2725, 2023 WL 2853931, at *4 n.7 (S.D.N.Y. Apr. 10, 2023) ("sur-replies are generally disfavored"); *Kapiti v. Kelly*, No. 07-cv-3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("Allowing parties to submit sur-replies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs.") (internal quotation marks and citation omitted).

Hon. Loretta A. Preska
June 16, 2024
Page 3

procedural gamesmanship.

     Should the Court nonetheless allow the Republic to file its proposed sur-reply and expert declarations, Plaintiffs will address the Republic's patently meritless arguments at the hearing of their Motion for Injunction and Turnover. Alternatively, if the Court intends to decide the Motion for Injunction and Turnover on the papers, Plaintiffs request a short (five-page) sur-reply and responsive expert declarations, to be filed within seven days of the Court's ruling.

                                  Respectfully,

                                  */s/ Randy M. Mastro*
                                  Randy M. Mastro