# EXHIBIT 3

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-956-7676
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 7, 2024

Laura Harris,
   King & Spalding LLP,
      1185 Avenue of the Americas, 34th Floor,
         New York, NY 10036.

         Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic*,
                No. 15-cv-2739 (S.D.N.Y.)
                *Eton Park Capital Management, L.P.* v. *Argentine Republic*,
                No. 16-cv-8569 (S.D.N.Y.)

Dear Laura:

         On behalf of the Argentine Republic, I write regarding Plaintiffs' First Information Subpoena to the Republic (the "Information Subpoena") dated May 15, 2024. Because Plaintiffs have elected under Federal Rule of Civil Procedure 69(a)(2) to pursue post-judgment discovery under the federal discovery rules, Plaintiffs are not entitled to serve an "information subpoena" under New York CPLR § 5224. Accordingly, no response to the Information Subpoena is required.

         Specifically, under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor in federal court "may obtain discovery from any person—including the judgment debtor—as provided in these rules *or* by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added). As courts in this district have made clear, this rule is "disjunctive" and "requires a judgment creditor to opt for one set of procedures or the other." *British Int'l Ins. Co. Ltd.* v. *Seguros La Republica, S.A.*, 2000 WL 713057, at *10 (S.D.N.Y. June 2, 2000) (Maas, J.) (denying request for order authorizing issuance of information subpoena); *see also Cessna Fin. Corp.* v. *Al Ghaith Holding Co. PJSC*, 2021 WL 949714, at *6 (S.D.N.Y. Mar. 12, 2021) (Fox, J.) (Rule 69(a)(2) is "disjunctive," not "conjunctive"). Thus, "[o]nce the judgment creditor makes a clear election to use either the federal or the state discovery methods, only that body of law (federal or state) and not the other, will apply." 13 Moore's Federal Practice § 69.04[2].

Laura Harris                                                                                                                                                           -2-

        Plaintiffs served their First Post-Judgment Requests for Production of Documents (the "Requests") "pursuant to Rules 26, 34, and 69 of the Federal Rules of Civil Procedure" on October 16, 2023.[1]  Plaintiffs have since filed multiple letters with the Court seeking compliance with certain of those requests.  (*See Petersen* ECF Nos. 539, 568.)  Additionally, between March and May 2024, Plaintiffs have served nearly 50 third-party subpoenas pursuant to Rule 45 of the Federal Rules.  Notably, the Information Subpoena was itself served alongside additional requests made under the federal discovery rules.  Accordingly, "[h]aving elected to pursue discovery under the Federal Rules of Civil Procedure, and having moved to compel that discovery, [Plaintiffs] can no longer seek discovery under the CPLR."  *British Int'l*, 2000 WL 713057, at *10.[2]

        The Republic further notes that the Information Subpoena questions ("Questions") are inappropriate because they are cumulative and duplicative of other discovery Plaintiffs have sought or are seeking through its Requests under the Federal Rules.  *Compare, e.g.*, Question 7 ("List any Asset of Argentina in the United States or any Foreign Country, with citations to relevant Bates-Numbered Documents"), *with* Request 13 ("Documents sufficient to identify and locate any Asset of Argentina in the United States or any Foreign Country."); *compare* Question 14 ("List all financial agreements between Argentina and China, with citations to relevant Bates-Numbered Documents"), *with* Request 20 ("Documents sufficient to identify any financial agreement between China and Argentina ('Agreements with China'), including but not limited to any currency swap agreement between People's Bank of China and BCRA, and the identities of the parties to such Agreements with China."); *compare* Question 20 ("List any concession agreement or similar agreement (such as a production sharing contract) relating to natural resources, energy or public infrastructure, between Argentina and any Person located in the United States or any Foreign Country (or any direct or indirect subsidiary of such Person), with citations to relevant Bates-Numbered Documents") *with* Request 29 ("Any concession agreement or similar agreement (such as a production sharing contract) relating to natural resources, energy or public infrastructure, between Argentina and any Person located in the United States or any Foreign Country (or any direct or indirect subsidiary of such Person).").  Plaintiffs are not entitled to seek information "cumulative of the information that [the Republic] has already provided."  *Coventry Capital US LLC* v. *EEA Life Settlements Inc.*, 2020 WL 7383940, at *10 (S.D.N.Y. Dec. 16, 2020) (Cave, J.); *see also Betancourt* v. *E.C.C. Indus.*, 1999 WL 9838, at *2 (S.D.N.Y. Jan. 8, 1999) (Francis, J.) (motion to compel interrogatory responses denied as moot where defendant had already produced documents responsive to those interrogatories).

---

[1]    The Requests also reference "Article 52 of the New York Civil Procedure Law and Rules" but do not refer to any particular rules or procedures authorizing such "Requests for Production" under New York law.

[2]    I also note that Plaintiffs have not even attempted to serve the Information Subpoena on the Republic as required under the CPLR, which provides that "[s]ervice of an information subpoena may be made by registered or certified mail, return receipt requested."  C.P.L.R. § 5224(a)(3).

Laura Harris                                                                                                    -3-

In addition, many of the Questions in the Information Subpoena seek to have the Republic re-review its own document productions to respond to Plaintiffs' questions. Such demands are inappropriate. A party "should not have to conduct a review of records in the possession of plaintiff[s] or to which [they have] access and make determinations that plaintiff[s] can do [themselves]." *Espinal* v. *Coughlin*, 2000 WL 245879, at *1 (S.D.N.Y. Mar. 3, 2000) (Patterson, J.); *see Konczakowski* v. *Paramount Pictures, Inc.,* 20 F.R.D. 588, 593 (S.D.N.Y. 1957) (Levet, J.) ("a party should not be permitted to compel his opponent to make compilations or perform research and investigations" of documents already produced).

*   *   *

The Republic expressly preserves all of its rights and objections regarding the Information Subpoena. We are available to meet and confer should you have any questions regarding this letter.

Very truly yours,

*/s/Amanda Flug Davidoff*

Amanda Flug Davidoff