UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. AND PETERSEN ENERGÍA, S.A.U., | : : : : : | Case Nos. 1:15-cv-02739-LAP 1:16-cv-08569-LAP |
| Plaintiffs, | : | |
| v. | : | |
| ARGENTINE REPUBLIC AND YPF S.A., | : : : | |
| Defendants. | : : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD. AND ETON PARK FUND, L.P., | : : : : : |
| Plaintiffs, | : |
| v. | : |
| ARGENTINE REPUBLIC AND YPF S.A., | : : |
| Defendants. | : : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF
YPF S.A.'S ORDER TO SHOW CAUSE FOR INTERVENTION**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 3

ARGUMENT ................................................................................................................... 7

I.      YPF Has A Right To Intervene Because Plaintiffs Seek To Shift Liability to
        YPF And Seize Its Assets To Satisfy Their Judgment Against the Republic............ 8

II.     Intervention Is Necessary to Address Procedural Deficiencies in These Post-
        Judgment Enforcement Proceedings Against Dismissed Defendant YPF............... 13

CONCLUSION ............................................................................................................. 15

i

## **TABLE OF AUTHORITIES**

**Cases**

*ACE Am. Ins. Co. v. Univ. of Ghana*,
    2022 WL 3362193 (S.D.N.Y. Aug. 15, 2022) ............................................................12

*Barry's Cut Rate Stores Inc. v. Visa, Inc.*,
    2021 WL 2646349 (E.D.N.Y. June 28, 2021) ...............................................................9

*Bevona v. Field Bridge Assocs.*,
    1991 WL 274467 (S.D.N.Y. Dec. 6, 1991) ..................................................................13

*City of N.Y. v. Mickalis Pawn Shop, LLC*,
    645 F.3d 114 (2d Cir. 2011)....................................................................................1, 14

*Cohen v. Rep. of the Philippines*,
    146 F.R.D. 90 (S.D.N.Y. 1993) .................................................................................10

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*,
    462 U.S. 611 (1983).....................................................................................................4

*Gater Assets Ltd. v. AO Moldovagaz*,
    2 F.4th 42 (2d Cir. 2021) ...........................................................................................12

*Golden Ins. Co. v. PCF State Restorations, Inc.*,
    2018 WL 10593630 (S.D.N.Y. May 11, 2018) .......................................................9, 14

*Harris-Clemons v. Charly Trademarks Ltd.*,
    751 F. App'x 83 (2d Cir. 2018) ..................................................................................10

*In re Hellard*,
    2022 WL 1164628 (S.D.N.Y. Mar. 21, 2022) ............................................................11

*In re Lake Holding & Fin. S.A.*,
    2021 WL 603293 (S.D.N.Y. Feb. 16, 2021)...............................................................11

*In re Tel. Media Grp. Ltd.*,
    2023 WL 5770115 (S.D.N.Y. Sept. 6, 2023).............................................................8, 9

*Lumbermens Mut. Cas. Co. v. Banco Espanol de Credito, S.A.*,
    2006 WL 2987694 (S.D.N.Y. Oct. 13, 2006) ..............................................................4

*Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*,
    542 F. Supp. 2d 296 (S.D.N.Y. 2008).......................................................................12

ii

*Nykcool A.B. v. Pac. Fruit Inc.*,
  2012 WL 1255019 (S.D.N.Y. Apr. 16, 2012).................................................................8

*Olin Corp. v. Lamorak Ins. Co.*,
  325 F.R.D. 85 (S.D.N.Y. 2018) .................................................................................12

*Preble-Rish Haiti, S.A. v. Rep. of Haiti*,
  2022 WL 2967633 (S.D.N.Y. July 27, 2022) ............................................................10

*S.E.C. v. Berman*,
  2021 WL 2895148 (S.D.N.Y. June 8, 2021) (Preska, J.) ...........................................12

*S.E.C. v. Ross*,
  504 F.3d 1130 (9th Cir. 2007) .............................................................................1, 14

*W.S.R. by & through Richardson v. FCA US, LLC*,
  2022 WL 4648403 (S.D.N.Y. Sept. 30, 2022).............................................................4

**Statutes**

28 U.S.C. § 1603..........................................................................................................12

**Other Authorities**

Fed. R. Civ. P. 24 ................................................................................................. *passim*

iii

YPF S.A. ("YPF" or "the Company") respectfully submits this memorandum of law in support of its Order to Show Cause why it should not be allowed to intervene in the post-judgment enforcement proceedings involving judgment-creditors Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. and Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. (together, "Plaintiffs") and judgment-debtor the Republic of Argentina ("the Republic").  Pursuant to Federal Rule of Civil Procedure 24, YPF is allowed to intervene as of right, or, alternatively, by permission for the limited purpose of contesting Plaintiffs' improper attempt to shift liability for their judgment against the Republic to YPF.  YPF preserves its objections to the Court's personal and subject matter jurisdiction over it, including under the Foreign Sovereign Immunities Act.  *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 139 (2d Cir. 2011) ("[D]efendant-intervenor does not, through Rule 24(a) intervention, consent to personal jurisdiction") (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1150 (9th Cir. 2007)).

## PRELIMINARY STATEMENT

On March 31, 2023, after eight years of hard-fought litigation and upon cross-motions for summary judgment, this Court rejected all of Plaintiffs' claims for damages against YPF, and entered judgment for YPF, dismissing it from this case.  Applying Argentine law, the Court concluded that under the plain and unambiguous terms of YPF's Bylaws, YPF was not obligated to make a tender offer, to force an acquirer to make a tender offer, or to penalize an acquirer who failed to make a tender offer, and that YPF had no liability to Plaintiffs for the damages they sought.  Following YPF's dismissal, the

Court held a trial on a limited set of contested factual issues necessary to determine damages against the Republic.  In its final order of judgment dated September 15, 2023, this Court entered final judgment for YPF, dismissing all of Plaintiffs' claims against YPF, while entering judgment for Plaintiffs and against the Republic and awarding damages and interest.  *See* Final J., Dkt. 498.[1]  The parties timely filed notices of appeal (the Republic), *see* Dkt. 504, cross-appeal (Plaintiffs), *see* Dkt. 509, and conditional cross-cross-appeal (YPF), *see* Dkt. 511.

Nonetheless, it has become clear that Plaintiffs, under the guise of post-judgment enforcement efforts against the Republic, are attempting to shift liability, and recovery, onto YPF.  Plaintiffs have repeatedly stated that they believe YPF is an "alter ego" of the Republic and, as such, liable to satisfy the Republic's judgment, and seek discovery from YPF on that basis.  These efforts are in blatant disregard of the legal principles precluding an unsuccessful Plaintiff from resurrecting claims it failed to plead (or win) in the underlying litigation.

YPF has no wish to reenter this litigation — and is not and should not be required to.  It is defending its judgment on appeal and has no share in the Republic's judgment.  But given Plaintiffs' efforts to litigate enforcement against YPF despite the final judgement and without so pleading, depriving YPF of the repose of that judgment (subject only to appeal) and creating an immediate threat to the Company's interests and

---

[1]    Unless otherwise stated, "Dkt." refers to entries in docket No. 15-cv-2739.

rights, YPF is compelled to intervene for the limited purpose of being heard on its Order
to Show Cause for an injunction enforcing the preclusive bar.

## FACTUAL BACKGROUND

YPF is not a party to Plaintiffs' post-judgment enforcement proceedings against
the Republic; on September 15, 2023, this Court entered judgment in YPF's favor,
dismissing all claims against YPF, and entered judgment for Plaintiffs against the
Republic and awarding damages.  *See* Final J., Dkt. 498.  All parties have since appealed
or cross-appealed the Court's decision to the Second Circuit.  On December 21, 2023, the
Court denied the Republic's motion to stay enforcement of the judgment, and, on January
11, 2024, authorized post-judgment enforcement proceedings against *the Republic* to
move forward.  *See* Order, Dec. 21, 2023, Dkt. 533; Order, Jan. 11, 2024, Dkt. 538.

After initiating discovery and enforcement proceedings against the Republic
beginning in the fall of 2023, on March 25, 2024, Plaintiffs attempted to subpoena YPF,
through a non-party Rule 45 subpoena, seeking — for the first time in this decade-long
litigation — documents regarding Plaintiffs' theory that YPF might be an alter ego of the
Republic, including documents relating to the Republic's alleged influence over YPF's
management, operations, and budget, and hiring of officers, directors, and employees.
*See, e.g.*, Ex. A (Pls. Doc. Subpoena to YPF) at 9–10.[2]  YPF objected to Plaintiffs'
subpoena on multiple grounds, including lack of jurisdiction, lack of service, and YPF's

---

[2]    "Ex." refers to the Exhibits to the Declaration of Mark P. Goodman in Support of
YPF S.A.'s Order to Show Cause for Intervention filed herewith.

3

status as a non-party to the post-judgment proceedings.  *See generally* Ex. B (YPF Resps. & Objs. to Pls. Doc. Subpoena).[3]

On April 30, 2024, Plaintiffs sought leave to move to compel YPF's compliance with the Rule 45 subpoena.  In their pre-motion letter, Plaintiffs for the first time explicitly stated that, despite YPF's dismissal for lack of liability, they are pursuing recovery from and against YPF, on the theory that YPF is "an alter ego of the Republic." *See* Pls. PMC Ltr. at 1, April 30, 2024, Dkt. 563 (seeking production of "documents related to whether YPF is currently an alter ego of the Republic").

Plaintiffs invoked the *Bancec* test, arguing that they have a "sufficient basis to warrant discovery on whether YPF is now the Republic's alter ego" pursuant to the multi-factor test in *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983), so it is "reasonable to require YPF to produce its own documents relevant to the alter ego issue."  Pls. PMC Ltr. at 2–3, April 30, 2024, Dkt. 563.

YPF opposed the request on May 8, 2024, arguing that "[t]he Court has dismissed YPF from this case and entered judgment in its favor"; that "YPF is not liable for any judgment and is not a party to the post-judgment proceedings"; and that "YPF is entitled to the same substantive and procedural protections from discovery — including all

---

[3]    *See also W.S.R. by & through Richardson v. FCA US, LLC*, 2022 WL 4648403, at *16 n.21 (S.D.N.Y. Sept. 30, 2022) (noting defendant was "no longer a party to the litigation" after its motion for summary judgment was granted); *Lumbermens Mut. Cas. Co. v. Banco Espanol de Credito, S.A.*, 2006 WL 2987694, at *11 (S.D.N.Y. Oct. 13, 2006) ("Because the [defendant's] motion for summary judgment against Plaintiff is granted in its entirety, the [defendant] is no longer a party to this action.").

jurisdictional defenses — as any other foreign non-party." YPF's PMC Ltr. at 1–2, May 8, 2024, Dkt. 569.

This Court held a conference on these issues on May 28, 2024, where Plaintiffs explicitly argued that they intend to pursue recovery from YPF, on the theory that it is an alter ego of the Republic, and that they are taking discovery in their Rule 69 proceedings against the Republic in order to pursue YPF. *See, e.g.*, Ex. C (May 28, 2024 Hr'g Tr.) at 36:14–15 (Mr. Mastro, Counsel for Plaintiffs: "[W]e have to go back at least two years to get a handle on the alter ego status today."); *id*. at 51:13–14 (Mr. Mastro: "It's a judgment debtor and the entities they control, and we're having to chase them."); *id*. at 52:6–7 (Mr. Mastro: "[A]s the judgment creditor, we have the right to seek discovery from both [YPF and the Republic]."); *id*. at 52:18–20 (Mr. Mastro: "I want to get [alter-ego] discovery now. I want to get it from [YPF], I want to get it from Argentina, and I want to get my money."). The Court rejected YPF's request to brief its objections and instead ordered YPF to comply with the Rule 45 subpoena and produce two years' worth of documents in response to Plaintiffs' requests. *See id*. at 53:17–24, 54:5–11. The Court encouraged YPF and Plaintiffs to work together to "narrow[] the scope of the actual requests." *Id.* at 54:12–14.

Plaintiffs have pursued extensive discovery in support of their recovery efforts since then. By letter dated June 17, 2024, Plaintiffs demanded, among other things, that YPF, as a non-party, produce documents from nearly fifty (50) custodians (nearly triple the 18 custodians the parties agreed to in the prior litigation) utilizing a list of over seventy (70) search terms. *See* Ex. D (Ltr. from L. Harris to W. Reilly (June 17, 2024))

1010221822

at 3, 5–7.  YPF responded that it would consider a revised proposal of up to 18 custodians, *see* Ex. E (Ltr. From W. Reilly to L. Harris (July 9, 2024)) at 3–5, and Plaintiffs agreed to provide such a proposal.  Plaintiffs provided a counter-proposal on July 30, 2024, which belatedly — and significantly — expanded the scope of requested discovery beyond what Plaintiffs had proposed on June 17, 2024 and beyond anything the parties had discussed in their meet-and-confer calls.  *See* Ex. F (Ltr. From L. Harris to W. Reilly (July 30, 2024)) at 2 (requesting communications from "any applications used by YPF employees including Teams, WhatsApp, Slack, or any other chat platform").

After the May 28 conference, YPF also learned that, since May 23, 2024 — *i.e.*, beginning prior to the conference and without disclosing it to YPF or the Court — Plaintiffs had issued subpoenas to nearly twenty (20) third parties seeking information not about YPF's relationship with the Republic, but rather about YPF's relationship *with those third parties*.  The subpoenas seek discovery about a broad range of topics with no apparent connection to YPF's relationship *with the Republic*, including information about YPF's assets, payments to and from YPF, and YPF's financial accounts.

YPF objected to Plaintiffs' wide-ranging discovery efforts and their refusal to disclose those efforts and their results to YPF.  YPF also demanded that Plaintiffs disclose the identity of all entities they had subpoenaed, together with copies of the subpoenas, any responses and objections from the third parties, and any information the third parties produced pursuant to those subpoenas.  Plaintiffs refused, relying on YPF's status as a non-party for purposes of disclosure and notice while pursuing discovery of and about YPF as though it were a party alongside the judgment-debtor, the Republic.

6

Plaintiffs insist that they will not provide any of the requested materials unless "YPF agrees to waive any objections or arguments concerning its status as a party for the purposes of post judgment discovery, including any jurisdictional objections." Ex. D (Ltr. from L. Harris to W. Reilly (June 17, 2024)) at 3. YPF met-and-conferred with Plaintiffs on June 7, June 26, July 2, July 23, and August 8, 2024 regarding these other third-party subpoenas, but Plaintiffs flatly refused to provide the requested information on the grounds that YPF is not a party to these enforcement proceedings.

During the July 23, 2024 meet-and-confer call, Plaintiffs agreed to refrain from serving additional subpoenas regarding YPF's assets and contractual relationships with third parties, and to hold in abeyance their pre-existing subpoenas seeking documents that relate to YPF's assets or YPF's contractual relationships that do not involve the Republic. However, Plaintiffs continued to refuse to produce the subpoenas, responses and objections, and documents provided by third parties pursuant to the subpoenas, and the subpoenas' broad scope has continued to cause concern for YPF and the subpoenaed counterparties.

**ARGUMENT**

YPF successfully moved for summary judgment on Plaintiffs' claims against it. It has been fully and finally dismissed from this litigation, and owes no obligation and has no liability to Plaintiffs in connection with their claims. Nonetheless, under the guise of enforcement proceedings against the judgment-debtor Republic, Plaintiffs are pursuing liability against YPF and its assets. Invoking an "alter ego" theory, Plaintiffs seek to re-litigate their claims against YPF, this time without satisfying any of the threshold barriers

7

to such claims, including jurisdiction, standing, and facial plausibility.  *See Nykcool A.B. v. Pac. Fruit Inc.*, 2012 WL 1255019, at *7 (S.D.N.Y. Apr. 16, 2012) (denying judgment-creditor's motion to pursue alter-ego theories against non-parties because non-parties "are not named as defendants, nor have they had a full and fair opportunity to respond to and defend against [the plaintiff's] allegations of alter ego").  No other case has allowed alter ego recovery against an entity that was a named defendant in the underlying case and successfully defeated the claims against it.

YPF has no wish to re-enter this litigation.  It preserves all of its jurisdictional objections and defenses.  But YPF's interests are clearly at stake.  In order to prevent further litigation against its interests and in violation of fundamental res judicata tenets, YPF seeks to intervene and be heard on its request to enjoin Plaintiffs' improper attempts to recover from YPF or its assets under the theory that it is an alter ego of the Republic for the judgment that Plaintiffs obtained against the Republic, and for which this Court already ruled YPF is not liable.

I.    **YPF Has A Right To Intervene Because Plaintiffs Seek To Shift Liability to YPF And Seize Its Assets To Satisfy Their Judgment Against the Republic.**

"To establish intervention as of right pursuant to Rule 24(a), the movant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  *In re Tel. Media Grp. Ltd.*, 2023 WL 5770115, at *2 (S.D.N.Y. Sept. 6, 2023) (quotation marks omitted).  Alternatively, Fed. R. Civ. P. 24(b) "*permits* a court to allow intervention of a party that 'has a claim or

defense that shares with the main action a common question of law or fact,' so long as intervention will not 'unduly delay or prejudice the adjudication of the original parties' rights.'" *Id*. (quoting Fed. R. Civ. P. 24(b) (emphasis in original)). "In exercising its broad discretion to determine whether an applicant is entitled to permissive intervention under Rule 24(b), a district court considers the same factors, as well as whether the proposed intervention will unduly delay or prejudice the adjudication of the parties' rights." *Id*. To satisfy Rule 24(c), the intervenor must provide "adequate notice" to the parties as to the grounds for the intervention, including through filing a motion that describes the relief sought by the intervenor. *Golden Ins. Co. v. PCF State Restorations, Inc.*, 2018 WL 10593630, at *8 n.5 (S.D.N.Y. May 11, 2018); *see also Barry's Cut Rate Stores Inc. v. Visa, Inc.*, 2021 WL 2646349, at *13 (E.D.N.Y. June 28, 2021) (Rule 24(c) "dispensed . . . when the proposed intervenors position is 'clearly articulated' in its motion papers") (collecting cases).

The standards for intervention are readily satisfied here.

*First*, these proceedings directly implicate YPF's interests, which may be impaired or impeded by the Court's disposition. Plaintiffs have repeatedly stated that their pursuit of alter ego claims are "for purposes of judgment enforcement" to shift liability to YPF. Pls. PMC Ltr. (April 30, 2024), Dkt. 563 at 2; *see also* Pls. PMC Reply Ltr. (May 9, 2024), Dkt. 571 at 1 (noting Plaintiffs' alter-ego discovery "is sought to enforce a judgment"). Plaintiffs have repeatedly argued that they seek to show that YPF is an "alter ego" of the Republic and that, as an "alter ego," is also liable for the Republic's judgment. *See, e.g.*, Ex. A (Pls. Doc. Subpoena to YPF) at 9–10 (requesting

documents relating to the Republic's influence over YPF's management, operations, and budget, and hiring of officers, directors, employees, and vendors); Pls. PMC Ltr. at 1, Dkt. 563 ("The discovery is highly relevant because under *Bancec*, a state instrumentality may be liable for the state's debts"); Ex. C (May 28, 2024 Hr'g Tr.) at 52:6–7 (Mr. Mastro: "[A]s the judgment creditor, we have the right to seek discovery from both [YPF and the Republic].").  Because the Court's disposition of Plaintiffs' theories of recovery against the Republic — including their theory that YPF is an alter ego of the Republic and liable for its debts — directly implicates YPF's interests and assets, intervention as of right is appropriate.  *See, e.g.*, *Harris-Clemons v. Charly Trademarks Ltd.*, 751 F. App'x 83, 86 (2d Cir. 2018) (finding that ownership interest over garnished property was sufficient to permit intervention as of right); *Preble-Rish Haiti, S.A. v. Rep. of Haiti*, 2022 WL 2967633, at *3 (S.D.N.Y. July 27, 2022) (granting intervention as of right because movant alleged ownership interest in attached property); *Cohen v. Rep. of the Philippines*, 146 F.R.D. 90, 92 (S.D.N.Y. 1993) (same, where movant claimed ownership interest in property at issue in litigation).

That Plaintiffs have issued third-party subpoenas *about* YPF to other third parties is itself an independent and sufficient basis to warrant intervention as of right.  While Plaintiffs have agreed to hold these requests in abeyance for the time being, they have not retracted them altogether and maintain their alleged right to seek such discovery. Plaintiffs have also refused to provide to YPF copies of the subpoenas (on the grounds that YPF is not a party to this action), even though YPF understands that those subpoenas seek disclosure of YPF's confidential and proprietary information — including regarding

10

its business relationships, interests, and assets.  The potential disclosure of such "confidential and proprietary information" to a litigant directly implicates the non-party's interests and is a well-established basis for intervention as of right.  *See In re Lake Holding & Fin. S.A.*, 2021 WL 603293, at *3 (S.D.N.Y. Feb. 16, 2021) (finding subpoenas seeking movant's confidential and proprietary information gave movant a direct interest in the proceeding sufficient to permit intervention as of right); *In re Hellard*, 2022 WL 1164628, at *2 (S.D.N.Y. Mar. 21, 2022) (granting intervention because "information requested in the [] subpoena is likely to be used against [movant]" and disposition of the action "could compromise confidential business records and financial information").

     *Second*, only YPF can adequately protect its interests in these proceedings.  YPF is not an alter ego of the Republic.  It is Argentina's leading energy producer and a publicly traded company that operates independently and professionally, within the international business community and in Argentina.  It has been separately represented throughout this litigation, acting independently to defend itself and its interests.  The vast majority of forty-nine percent of YPF's outstanding equity is publicly traded, with a portion owned by YPF's employees, and YPF's bonds are also publicly traded.  YPF employs over 20,000 people in Argentina.  It must protect its interests against Plaintiffs' wholly improper efforts to recover against it, and to seize the Company's assets for themselves — to the detriment of YPF's minority holders, bondholders, employees, the Provinces of Argentina, and its many other constituencies in Argentina.

1010221822

That the Republic holds a controlling stake in YPF, or that YPF is a sovereign instrumentality, does not preclude YPF from asserting its own independent interests. This Circuit has long recognized that "instrumentalities of foreign sovereigns," like YPF, "retain their status as 'separate legal person[s].'" *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 49 (2d Cir. 2021) (quoting 28 U.S.C. § 1603(b)(1)); *see also ACE Am. Ins. Co. v. Univ. of Ghana*, 2022 WL 3362193, at *5 (S.D.N.Y. Aug. 15, 2022) (same). YPF has its own rights and interests that it should be allowed to assert directly, and which have not been adequately addressed in the post-judgment enforcement proceedings.

Intervention is timely. Although Plaintiffs have been pursuing enforcement-related discovery from the Republic since last fall, their intent to shift liability to dismissed-defendant and non-party YPF became clear only recently, in connection with their assertion of "alter ego" theories to the Court in their April 30, 2024 letter; their May 28 argument; their June 17 letter refusing to disclose to YPF the identities of the third parties Plaintiffs have already subpoenaed, what information Plaintiffs requested, and what information the third parties agreed to produce about YPF; and in their demands in the meet and confer process. *See* Ex. A (Ltr. from L. Harris to W. Reilly (June 17, 2024)) at 3. Plaintiffs appear to be preparing for a wide-ranging campaign to shift liability to YPF and its assets, and YPF timely seeks to intervene to object to that effort. Courts "have found motions to intervene timely" even when they "were brought a 'few months' after the claims." *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 88 (S.D.N.Y. 2018) (quoting *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, 542 F. Supp. 2d 296, 304 (S.D.N.Y. 2008)); *see also S.E.C. v. Berman*, 2021 WL 2895148, at *2

12

(S.D.N.Y. June 8, 2021) (Preska, J.) (intervention timely when "filed less than three months after the Defendants were served with the complaint").

In sum, YPF is entitled to intervene as of right or by permission; granting that request is appropriate because it is timely, necessary to protect YPF's interests, and will not prejudice any existing party to an action.  *See* Fed. R. Civ. P. 24(b)(3) (allowing permissive intervention only when intervention will not "unduly delay or prejudice the adjudication of the original parties' rights").[4]

## II. Intervention Is Necessary to Address Procedural Deficiencies in These Post-Judgment Enforcement Proceedings Against Dismissed Defendant YPF.

This request to intervene by a former defendant is unusual.  It is necessary only because Plaintiffs have pursued enforcement in a manner that is barred by law.  In no other case of which YPF is aware has a plaintiff who has named and sued a defendant for direct liability in a U.S. court and lost, been permitted to turn around and recover from that dismissed defendant on a judgment achieved against its co-defendant on a theory of alter ego liability.  Certainly, no plaintiff has done so relying solely on Rule 69 enforcement proceedings, and without clearly presenting their notice of claim and basis for it.  This is an extraordinary over-reach and abuse of process by Plaintiffs under the

---

[4]    The fact that YPF seeks to intervene to assert its objections and enjoin Plaintiffs' efforts to shift liability to it is not a reason to deny the request; it is not "prejudicial" under Rule 24 for a party whose interests are at stake to assert their rights and objections.  That is precisely what intervention is intended to allow.  *See Bevona v. Field Bridge Assocs.*, 1991 WL 274467, at *4 (S.D.N.Y. Dec. 6, 1991) ("[P]etitioner's argument that [relief sought by intervenor] would be prejudicial is not a principled argument in opposition to *intervention*.") (emphasis in original).

guise of "discovery."  Before it goes further, YPF should be allowed to intervene for the limited purpose of asserting its objections as set forth in the accompanying Order to Show Cause for Permanent Injunction.  *See, e.g.*, *Golden Ins. Co.*, 2018 WL 10593630, at *8 n.5 (Rule 24(c) fulfilled when parties have "adequate notice of [movant's] position from the arguments raised in [movant's] moving papers and briefs").

Finally, intervention is appropriate because it is the mechanism provided under the Federal Rules of Civil Procedure for a party to assert and protect its interests without waiving or acceding to the jurisdiction of the Court.  *See Mickalis Pawn Shop*, 645 F.3d at 139 ("[D]efendant-intervenor does not, through Rule 24(a) intervention, consent to personal jurisdiction.") (quoting *S.E.C. v. Ross*, 504 F.3d at 1150).  Plaintiffs cannot force YPF to litigate further in this Court because they have no basis for jurisdiction over it now, and YPF should not be forced to accept jurisdiction in order to defend against Plaintiffs' improper attempts to recover against it.  Plaintiffs have attempted to avoid the jurisdictional barriers to their alter ego claims against YPF by pursuing them under the label of enforcement proceedings against the Republic.  But that is unsustainable and masks how utterly improper these claims are.  If Plaintiffs had properly pled them, they would be subject to immediate motion practice and dismissal.  YPF is not liable to Plaintiffs.  It is not a judgment-debtor.  It is not a party to these enforcement proceedings, and any appearance of continuity with the prior action is illusory.  Intervention is designed to permit a party like YPF, trapped in a no-man's land outside the Court's jurisdiction but with its interests squarely at stake in an action between other parties, to

14

appear and be heard.  Accordingly, YPF seeks to intervene to protect its interests, but it can and does reserve all of its defenses and objections, including as to jurisdiction.

## CONCLUSION

For the foregoing reasons, YPF respectfully requests that the Court allow YPF to intervene in this litigation for the limited purpose of contesting Plaintiffs' attempt to hold it liable, as an alter ego or otherwise, for any share of the damages awarded to Plaintiffs against the Republic.

Dated: August 12, 2024
      New York, New York

      Respectfully Submitted,

      DEBEVOISE & PLIMPTON LLP

      */s/ Mark P. Goodman*
      Mark P. Goodman
      Shannon Rose Selden
      James J. Pastore
      Wendy B. Reilly

      66 Hudson Boulevard
      New York, NY 10001
      (212) 909-6000 (phone)
      mpgoodman@debevoise.com
      srselden@debevoise.com
      jjpastore@debevoise.com
      wbreilly@debevoise.com

      *Counsel to Defendant YPF S.A.*

1010221822