UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

PETERSEN ENERGÍA INVESORA, S.A.U. AND PETERSEN ENERGÍA, S.A.U.,

        Plaintiffs,

        v.

ARGENTINE REPUBLIC AND YPF S.A.,

        Defendants.

Case Nos.

1:15-cv-02739-LAP

1:16-cv-08569-LAP

------------------------------------------------------------------

ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD. AND ETON PARK FUND, L.P.,

        Plaintiffs,

        v.

ARGENTINE REPUBLIC AND YPF S.A.,

        Defendants.

------------------------------------------------------------------ x

**DECLARATION OF MARK P. GOODMAN IN SUPPORT OF YPF S.A.'S ORDER TO SHOW CAUSE FOR INTERVENTION**

    Mark P. Goodman, an attorney duly admitted to practice before the courts of the Southern District of New York, declares as follows under penalty of perjury:

    1.    I am a member of the law firm Debevoise & Plimpton LLP, counsel for Non-Party YPF S.A. ("YPF"). I submit this declaration in support of YPF's Order to Show Cause for Intervention for the limited purpose of contesting the efforts of Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. ("Petersen") and Eton Park

1

Capital Management L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. ("Eton Park") (collectively with Petersen, "Plaintiffs") to pursue recovery from YPF in connection with their September 15, 2023 final judgment against the Argentine Republic ("Republic"), *see* Final J., Dkt. 498[1] ("Judgment"), including under an alter ego theory of recovery, because such recovery is barred by res judicata.

2. I make this declaration on personal knowledge and based on consultation with my colleagues at Debevoise & Plimpton LLP and a review of the litigation record.

3. YPF requires immediate relief from this Court to allow YPF to intervene in the litigation for the limited purpose of contesting Plaintiffs' attempt to pursue recovery from YPF in connection with the Judgment.

4. On April 8, 2015, Petersen filed a complaint against the Republic and YPF alleging distinct claims against each entity. *See* Petersen Compl., Dkt. 1. On November 3, 2016, Eton Park filed a complaint against the Republic and YPF bringing similar causes of action. *See* Eton Park Compl., Case No. 16-cv-08569, Dkt. 1.

5. On March 31, 2023, in an Opinion and Order, the Court rejected all of Plaintiffs' claims for liability and damages against YPF relating to the Republic's expropriation of 51% of YPF's outstanding Class D shares, and entered judgment for YPF, dismissing it from the case. *See* Summ. J. Op. and Order ("SJ Dec.") at 19–26, 63, Dkt. 437. The Court also granted Plaintiffs' summary judgment motion as to liability

---

[1] Unless otherwise stated, "Dkt." refers to entries in docket No. 15-cv-02739.

2

1010235303

against the Republic, and denied the Republic's motion, leaving only narrow questions of fact related to the calculation of damages for trial. *Id.* at 63.

6. On September 15, 2023, the Court entered the Judgment, and dismissed all of Plaintiffs' claims against YPF. Judgment at 4. The Court also entered the Judgment for Plaintiffs against the Republic. *Id.*

7. The Judgment is currently on appeal to the Second Circuit. The Republic filed a Notice of Appeal on October 10, 2023. Dkt. 504. Plaintiffs filed a Notice of Cross-Appeal on October 18, 2023. Dkt. 509. YPF filed a Notice of Conditional Cross-Cross-Appeal on October 23, 2023. Dkt. 511. On December 21, 2023, the Court denied the Republic's motion to stay enforcement of the judgment. Order, Dec. 21, 2023, Dkt. 533. On January 11, 2024, the Court issued an Order under 28 U.S.C. § 1610(c) determining that a "reasonable period of time has passed" since entry of the Judgment, thereby allowing post-judgment enforcement proceedings against the Republic to proceed pending the appeals. Order, Jan. 11, 2024, Dkt. 538. In connection with Plaintiffs' collection efforts, on April 22, 2024, Plaintiffs moved — initially under seal without notice to YPF — to turnover the Republic's 51% stake in YPF's Class D shares. *See* Pls. Mot. Seal, Apr. 1, 2024, Dkt. 544; Pls. Mot. for Injunction and Turnover, Apr. 22, 2024, Dkt. 555; *see also* Order, Apr. 19, 2024, Dkt. 554 (denying motion to seal).

8. On March 25, 2024, Plaintiffs purported to issue a Rule 45 subpoena to YPF, seeking documents related to whether YPF is an alter ego of the Republic. *See* Ex. A (Pls. Doc. Subpoena to YPF). YPF objected to Plaintiffs' subpoena on numerous grounds, including lack of jurisdiction, lack of service, and YPF's status as a dismissed

1010235303

defendant and a non-party to the post-judgment proceedings. *See* Ex. B (YPF Resps. & Objs. to Pls. Doc. Subpoena).

9. On April 30, 2024, Plaintiffs filed a pre-motion letter with the Court seeking permission to file a motion to compel compliance with certain portions of the Rule 45 subpoena; YPF opposed that request on May 8, 2024. Pls. PMC Ltr., Apr. 30, 2024, Dkt. 563; YPF's PMC Ltr., May 8, 2024, Dkt. 569.

10. At the May 28, 2024 conference, the Court ordered YPF to comply with certain portions of the Rule 45 subpoena by producing documents from the prior two years and encouraged the parties to confer to narrow Plaintiffs' requests. *See* Ex. C (May 28, 2024 Hr'g Tr.) at 54:9–14. The parties have met and conferred on June 7, June 26, July 2, July 23, and August 8. YPF has made good-faith efforts to identify, collect, review, and produce documents, and has already made document productions on June 30 and July 9. YPF has consistently and emphatically preserved all of its jurisdictional defenses throughout these proceedings and in its engagements with Plaintiffs. *See, e.g.*, Ex. E (Ltr. From W. Reilly to L. Harris (July 9, 2024)) at 1 ("YPF reiterates that it maintains and preserves all of its objections and defenses to plaintiffs' subpoena, including those based on sovereign immunity and other objections to jurisdiction[.]").

11. Plaintiffs have continued to pursue wide-ranging discovery in support of their recovery efforts. Plaintiffs initially demanded that YPF collect emails from 49 custodians and run 72 search terms through those emails. Ex. D (Ltr. from L. Harris to W. Reilly (June 17, 2024)) at 5–7. On July 9, 2024, YPF responded that it would consider a revised proposal of up to 18 custodians — the same number of custodians the

1010235303

parties agreed to in the previous litigation.  *See* Ex. E (Ltr. From W. Reilly to L. Harris (July 9, 2024)) at 3–4.  On July 30, 2024, Plaintiffs sought to significantly expand the scope of their own proposal to include all electronic communication platforms used by YPF's current and former employees, not only emails.  *See* Ex. F (Ltr. From L. Harris to W. Reilly (July 30, 2024)) at 1.  YPF and Plaintiffs are continuing to meet and confer regarding the scope of remaining discovery; during the course of those efforts, Plaintiffs continue to indicate their intent to assert alter ego theories as to YPF.

12.   YPF understands that Plaintiffs have issued subpoenas to at least 18 other third parties seeking information about YPF's business operations, assets, and financial accounts.  Plaintiffs have relied on YPF's status as a non-party to refuse to provide YPF notice or disclosure of Plaintiffs' discovery efforts relating to YPF (including refusing to disclose the identity of the third parties they subpoenaed or any documents received), unless "YPF agrees to waive any objections or arguments concerning its status as a party for the purposes of post judgment discovery, including any jurisdictional objections."  Ex. D (Ltr. from L. Harris to W. Reilly (June 17, 2024)) at 3.

13.   On July 23, 2024, Plaintiffs agreed to refrain from serving additional subpoenas regarding YPF's assets and YPF's contractual relationships with third parties (unless they also involved the Republic), and to hold in abeyance the portions of their pre-existing subpoenas that request documents relating to YPF's assets or YPF's contractual relationships that did not involve the Republic.  However, Plaintiffs have not withdrawn those subpoenas, and continue to refuse to provide to YPF the subpoenas,

5

responses and objections, documents provided by third parties pursuant to the subpoenas, or even a list of which third parties have been subpoenaed.

14. YPF has good and sufficient reasons to intervene through order to show cause rather than by notice of motion. YPF is no longer a party in these actions. YPF's immediate intervention is necessary for it to assert its rights to contest Plaintiffs' improper attempt to shift liability for their Judgment against the Republic to YPF, including by pursuing extensive discovery in support of their recovery efforts. As explained in the accompanying Memorandum of Law in Support of YPF's Order to Show Cause for Intervention, YPF has an interest in the action that may be impaired because the Court's disposition of Plaintiffs' theories of recovery against the Republic — including their theory that YPF is an alter ego of the Republic and liable for its debts — directly implicates YPF's interests and assets. YPF's interest is not adequately represented by its majority stockholder because YPF is an independent company with its own rights and interests, which it should be allowed to assert directly and for the benefit of YPF's minority stockholders, bond holders, employees, the Provinces of Argentina, and its many other constituencies in Argentina.

15. Attached as **Exhibit A** is a true and correct copy of Plaintiffs' Rule 45 document subpoena to YPF, dated March 25, 2024.

16. Attached as **Exhibit B** is a true and correct copy of YPF's April 8, 2024 general and specific responses and objections to Plaintiffs' document subpoena.

17. Attached as **Exhibit C** is a true and correct copy of the May 28, 2024 court conference transcript.

1010235303

18. Attached as **Exhibit D** is a true and correct copy of a letter dated June 17, 2024 sent to YPF's counsel by counsel for Plaintiffs.

19. Attached as **Exhibit E** is a true and correct copy of a letter dated July 9, 2024 sent to Plaintiffs' counsel by counsel for YPF.

20. Attached as **Exhibit F** is a true and correct copy of a letter dated July 30, 2024 sent to YPF's counsel by counsel for Plaintiffs.

21. No prior application for the same or similar relief has been made to this or any other Court or Judge.

22. I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York on the 12th day of August 2024.

Respectfully Submitted,

DEBEVOISE & PLIMPTON LLP

*/s/ Mark P. Goodman*
Mark P. Goodman

66 Hudson Boulevard
New York, NY 10001
(212) 909-6000 (phone)
mpgoodman@debevoise.com

*Counsel to Defendant YPF S.A.*