UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
PETERSEN ENERGÍA INVESORA, S.A.U. AND   :
PETERSEN ENERGÍA, S.A.U.,               :
                                        :
              Plaintiffs,               :
                                        :
        v.                              :  Case Nos.
                                        :  1:15-cv-02739-LAP
ARGENTINE REPUBLIC AND YPF S.A.,        :  1:16-cv-08569-LAP
                                        :
              Defendants.               :
                                        :
------------------------------------------------------------------ :
                                        :
ETON PARK CAPITAL MANAGEMENT, L.P., ETON :
PARK MASTER FUND, LTD. AND ETON PARK    :
FUND, L.P.,                             :
                                        :
              Plaintiffs,               :
                                        :
        v.                              :
                                        :
ARGENTINE REPUBLIC AND YPF S.A.,        :
                                        :
              Defendants.               :
                                        :
------------------------------------------------------------------ x

### [PROPOSED] ORDER ENTERING PERMANENT INJUNCTION

Upon consideration of the Order to Show Cause for a Permanent Injunction filed by Non-Party YPF S.A. ("YPF"), and all filings and proceedings related thereto, the Court makes the following findings:

**WHEREAS**, on April 8, 2015, Plaintiffs Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U. ("Petersen") commenced this action in the United States District Court for the Southern District of New York against the Republic of Argentina ("Republic") and YPF S.A. ("YPF") seeking damages as compensation for the lack of a tender offer in connection with the

1010291762

Republic's expropriation of 51% of YPF's outstanding Class D shares.  The Petersen complaint alleged separate claims against the Republic and YPF for breach of contract, anticipatory breach, breach of implied duty of good faith and fair dealing, and promissory estoppel;

**WHEREAS**, on November 3, 2016, Plaintiffs Eton Park Capital Management L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. ("Eton Park") (collectively with Petersen, "Plaintiffs") filed a complaint against the Republic and YPF regarding the same lack of tender offer.  The Eton Park complaint alleged separate claims against the Republic and YPF for breach of contract, anticipatory breach, and breach of implied duty of good faith and fair dealing;

**WHEREAS**, neither complaint alleged that YPF was the alter ego of the Republic, and Plaintiffs did not seek leave to amend their complaints to include a vicarious liability theory, including an alter ego theory;

**WHEREAS**, on March 31, 2023, the Court granted YPF's motion for summary judgment and dismissed it from the case, finding that YPF's Bylaws do not impose any obligation on YPF to enforce Sections 7 and 28 of the Bylaws and that YPF was not a guarantor of the Republic's obligations.  The Court granted Plaintiffs' motion for summary judgment as to liability against the Republic;

**WHEREAS**, on September 15, 2023, the Court entered its order of final judgment entering judgment for Plaintiffs against the Republic and awarding damages and interest (the "Judgment"), and decreeing that "all of Plaintiffs' claims against defendant YPF S.A. are dismissed."  The parties timely filed notices of appeal (the Republic), cross-appeal (Plaintiffs), and conditional cross-cross-appeal (YPF);

**WHEREAS**, due to the Court's complete dismissal of YPF, YPF has not been a party to Plaintiffs' post-judgment enforcement proceedings against the Republic;

**WHEREAS**, on March 25, 2024, Plaintiffs purported to issue a Fed R. Civ. P. 45 subpoena against YPF and, on April 30, 2024, Plaintiffs filed motions to compel discovery from the Republic and from YPF on the question of whether YPF is the Republic's "alter ego" for the purposes of enforcing Plaintiffs' judgment against the Republic under the Foreign Sovereign Immunities Act and *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983), and on May 28, 2024, the Court authorized alter ego discovery to proceed going back two years;

**WHEREAS**, since May 28, 2024, Plaintiffs have pursued discovery against the Republic and YPF in support of Plaintiffs' alter ego theory and recovery efforts, and subpoenaed information about YPF's business operations, assets, and financial accounts from other third parties;

**WHEREAS**, the Court's decision on summary judgment dismissing Plaintiffs' claims against YPF as a matter of law, and its entry of judgment for YPF, constitute final judgments for purposes of res judicata;

**WHEREAS**, Plaintiffs and YPF were adverse parties in the underlying *Petersen* and *Eton Park* litigation;

**WHEREAS**, Plaintiffs could have asserted a theory that YPF is an alter ego of the Republic in the underlying litigation because any such claim arises from the same core facts and motivation, and was known and available to Plaintiffs at the time;

**WHEREAS**, YPF is irreparably harmed by the relitigation of matters which have been definitively determined by the Court and by the deprivation of the repose afforded by the final judgment dismissing all claims against it;

3

**WHEREAS**, no adequate legal remedy exists because YPF is entitled to the repose and finality of the Court's judgment dismissing all of Plaintiffs' claims against YPF;

**WHEREAS**, the equities weigh heavily in YPF's favor because there is no harm to Plaintiffs in preventing them from relitigating an issue that they already had a full and fair opportunity to litigate before this Court; and

**WHEREAS**, the public interest is served by enforcing the finality of judgments under the doctrine of res judicata and its strong public policy in economizing the use of judicial resources, and by recognizing and alleviating the burden that relitigation poses for YPF and all of its constituents, including stockholders, bondholders, employees, commercial partners, and the public of Argentina.

**NOW, WHEREFORE**, upon all prior pleadings and proceedings had in this case, **IT IS HEREBY ORDERED** that Plaintiffs are permanently enjoined from pursuing recovery from YPF in connection with the Judgment, including under an alter ego theory of recovery, because such recovery is barred by res judicata.

**SO ORDERED.**

Dated: _____      _____
                                              Hon. Loretta A. Preska
                                              United States District Court Judge

1010291762