**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

August 12, 2024

VIA ECF

The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RE:   *Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.*, No. 15 Civ. 2739 (S.D.N.Y.) (LAP); *Eton Park Capital Mgmt. et al. v. Argentine Republic et al.*, No. 16 Civ. 8569 (S.D.N.Y.) (LAP)

Dear Judge Preska:

YPF S.A. ("YPF"), a non-party previously dismissed as a defendant from the above-captioned actions, writes to apprise the Court of two recent filings and a related issue concerning Plaintiffs' efforts to enforce the Court's judgment against the Republic of Argentina (the "Republic").

As the Court knows all too well, Plaintiffs spent eight years pursuing their claims that YPF should be held liable for the damages they sought as compensation for their lack of a tender offer in connection with the Republic's expropriation of 51% of YPF's outstanding Class D shares. Your Honor fully and scrupulously considered the claims against YPF and rejected them entirely on summary judgment, dismissing all claims of liability and damages. *See* Summ. J. Op. and Order, Dkt. 437.[1] That decision is now on appeal.

Despite the Court's final judgment, Plaintiffs have — without missing a beat — seamlessly continued to seek to recover $16 billion from YPF by simply shifting from their original contract theory to a theory that YPF is an "alter ego" of the Republic under the Foreign Sovereign Immunities Act ("FSIA") and *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983), and liable

---

[1] Unless otherwise stated, "Dkt." refers to entries in docket No. 15-cv-2739.

to satisfy their judgment against the Republic.  Although Plaintiffs have avoided filing new pleadings against YPF or even attempting to meet their burden of establishing the Court's jurisdiction as it relates to their new theory, their stated intention to establish that YPF is an alter ego of the Republic — and the discovery they are seeking in support of that theory — have already begun to deprive YPF of the finality and repose to which it is entitled under this Court's final judgment.  In order to fully protect its rights and interests (and those of its many constituencies), and to receive the benefits of having obtained a final judgment of dismissal from the Court, YPF is compelled to seek to be heard — as an intervenor on its Order to Show Cause for Permanent Injunction — as to why the post-judgment proceedings brought by Plaintiffs are not barred and should not be enjoined under the doctrine of res judicata to the extent they seek to hold YPF liable or attach YPF's assets to satisfy the Republic's judgment.  Specifically, YPF is making a special appearance for the limited purpose of asserting the threshold bar of res judicata.

By pursuing alter ego recovery against YPF without first satisfying their burden to plead the factual and legal bases for this Court's jurisdiction or the merits of their alter ego theory, Plaintiffs have deprived YPF of the protections accorded defendants in U.S. litigation twice over: first, by depriving it of the finality and repose to which it is entitled under this Court's judgment and principles of res judicata, and again, by depriving it of notice of the claims against it and an opportunity to move or answer, including as to the threshold jurisdictional bars that would preclude Plaintiffs' latest claims.  Among other things, Plaintiffs cannot hope to satisfy their burden to establish this Court's subject matter jurisdiction under the FSIA over any alter ego or similar complaint that Plaintiffs may bring against YPF.  And, Plaintiffs should not be permitted to avoid meeting their burden by attempting to do indirectly, what they would not be permitted to do directly.

The Court can and should enjoin Plaintiffs' attempts to relitigate YPF's liability for their judgment on their newfound theory on the basis of res judicata promptly and without needing to reach questions of jurisdiction.  *See* Mem. of Law in Supp. of YPF S.A.'s Order to Show Cause for Perm. Injunction at 7–8, Dkt. 613.  YPF recognizes, however, that this Court is under an "established ongoing duty . . . to determine its own jurisdiction at every stage of the legal proceedings," and may wish to hear briefing and argument on its jurisdiction at this juncture in these proceedings.  *Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 699 (D.C. Cir. 2022); *Carling v. Peters*, 2013 WL 865842, at *8 (S.D.N.Y. Mar. 8, 2013).  In this posture, post-dismissal of YPF, even if Plaintiffs could somehow identify a non-precluded claim — which they cannot — they could not proceed without satisfying their burden to overcome YPF's presumptive independence and presumptive

sovereign immunity to establish subject matter jurisdiction anew. They can do neither. "Congress established [in the FSIA] a comprehensive framework for resolving any claim of sovereign immunity." *Republic of Austria v. Altmann*, 541 U.S. 677, 699 (2004). Section 1604 of the FSIA establishes the presumptive and comprehensive immunity of any agency or instrumentality of a foreign state "from the jurisdiction of the courts of the United States and of the States," subject only to the exceptions set out in the balance of the FSIA. 28 U.S.C. § 1604; *see also Gater Assets Ltd. v. Moldovagaz,* 2 F.4th 42, 66 (2d Cir. 2021) (FSIA immunity is "the default rule, subject only to specific exceptions"). Since "the parties do not dispute that Argentina is a foreign state and YPF is an instrumentality of Argentina," *Petersen Energia Inversora S.A.U. v. Argentine Republic*, 895 F.3d 194, 204 (2d Cir. 2018), the Court does not have subject matter jurisdiction over it in the absence of a statutory exception to the FSIA, none of which apply. *See* 28 U.S.C. § 1330.

Among other things, this Court may wish to consider that the final judgment dismissing YPF not only prevents further litigation as a matter of res judicata, but also reached a final decision on the merits rejecting the factual premises for this Court's exercise of subject matter jurisdiction over YPF. *Compare Petersen Energía Inversora, S.A.U. v. Argentine Republic et al.*, 2016 WL 4735367, at *4–7 (S.D.N.Y. Sept. 9, 2016) (finding "the substance of the allegations" and "gravamen of the Complaint" regarding YPF's alleged failure to comply with its obligations under the Bylaws fell within the FSIA's commercial-activity exception) *with* Summ. J. Op. and Order, Dkt. 437 (finding as a matter of law and undisputed fact, YPF did not have the obligations alleged as the premise of the claim).

Plaintiffs are assuming the conclusion they hope Your Honor will reach — that they can somehow continue to pursue YPF in this Court despite YPF's dismissal, its immunity, and the limits on this Court's jurisdiction — without making any attempt to satisfy their burden to show that there is a factual or legal basis for it.

As to sequencing, YPF intends to demonstrate as a threshold matter that Plaintiffs' claim that YPF is an alter ego of the Republic could and should have been brought years ago and is now precluded by res judicata. YPF does not believe more jurisdictional briefing is necessary now given that Plaintiffs have proceeded indirectly to avoid filing pleadings as to YPF. However, if and when Plaintiffs attempt to claim or move against YPF in response to YPF's motion relating to res judicata or otherwise, YPF reserves all rights to seek to move to dismiss on jurisdictional and immunity grounds.

If the Court wishes to discuss these issues, we are, of course, available at the Court's convenience.

Respectfully submitted,

*/s/ Mark P. Goodman*
Mark P. Goodman
Shannon Rose Selden

cc:     Counsel of Record (by ECF)