# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 1 0036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

August 12, 2024

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
         *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

      I respectfully write on Plaintiffs' behalf in partial response to the flurry of filings submitted today by YPF S.A. ("YPF"). YPF's filings breach the Court's rules about the length and form of submissions on discovery disputes and impermissibly seek reconsideration of the Court's prior order long past the deadline for such a motion.

      On May 28, 2024, after full oral argument, this Court ordered YPF to produce limited discovery on the issue of whether YPF is currently an alter ego of the Argentine Republic. *See* Transcript of May 28, 2024 Conference, Dkt. No. 611-3 at 54:9-11. Several months have passed since the Court's order, during which time Plaintiffs have met-and-conferred with YPF six times (including as recently as last Friday, August 8). YPF always indicated that production would be forthcoming after the parties reached agreement on search terms and custodians.[1] After stringing Plaintiffs along for months, going through the motions of a good faith meet-and-

---

[1] Indeed, Plaintiffs were on the cusp of moving the Court to set a deadline for YPF's compliance with its order, which doubtless was clear during Friday's meet-and-confer session, thus occasioning today's multiple filings.

Hon. Loretta A. Preska
August 12, 2024
Page 2

confer process, only now does YPF change course and contend that the discovery is wholly improper on *res judicata* grounds.[2]

YPF's novel *res judicata* argument is baseless because the discovery that the Court ordered YPF to produce is not for the purpose of developing a new cause of action against YPF at all. Rather, the discovery goes to the distinct issue of whether YPF is legally responsible for satisfying the judgment against the Republic because it is currently the Republic's alter ego, which is not a cause of action against YPF, does not arise out of the same "nucleus of operative facts" as Plaintiffs' cause of action against YPF that the Court previously dismissed, and in any event, is not an issue that was or even could be finally and forever resolved at the time of the Court's entry of judgment because it turns on the *current* relationship between YPF and the Republic. If the Court entertains YPF's submissions, Plaintiffs will demonstrate the many flaws in its *res judicata* position in due course.

At present, Plaintiffs write only to respond to YPF's incorrect and unsupported suggestion that there is anything urgent about the relief it seeks that justifies its submission of this issue through an order to show cause rather than ordinary motion practice. There is not, which renders YPF's submissions procedurally improper.

Under Local Rule 6.1(d), no order to show cause will be granted "except upon a clear and specific showing by affidavit that contains good and sufficient reasons why a procedure other than by notice of motion is necessary and states whether a previous application for similar relief has been made." YPF has not made the requisite showing and barely even attempts to do so. The declaration of Mr. Goodman (Dkt. 614, ¶ 5) simply regurgitates YPF's *res judicata* argument without articulating any basis for the alleged urgency, no doubt because there is none. YPF has not even attempted to show that it will suffer irreparable harm, or that some other exigency justifies urgent relief, arising from the Court's requirement that it produce

---

[2] Indeed, YPF originally opposed Plaintiffs' motion to compel seeking alter ego discovery solely on the grounds that it had not properly been served; there was no mention (including at the May 28 hearing) of a *res judicata* argument, which has now been waived. *See* Dkt. 569.

Hon. Loretta A. Preska
August 12, 2024
Page 3

mere discovery regarding its relationship with the Republic. Moreover, if there were any such urgency, YPF could have raised the issue months ago in its response to Plaintiffs' motion to compel submitted prior to the May 28 conference (Dkt. 569).

Under these circumstances, Plaintiffs respectfully submit that the Court should reject YPF's proposed orders out of hand as procedurally improper. If YPF wants to seek reconsideration out-of-time of the Court's May 28 order, it can try to do so in accordance with the Court's rules.

If, however, the Court would like Plaintiffs to respond substantively to these motions, Plaintiffs are of course prepared to do so on whatever schedule the Court wishes. Further, in light of YPF's now clear refusal to abide by the Court's earlier order, Plaintiffs anticipate shortly filing their own three-page letter seeking the Court's assistance in obtaining the already-ordered discovery from YPF (which, given the efforts to avoid producing it, presumably will confirm YPF's alter ego status, consistent with Buenos Aires Governor Kicillof's recent public statement that "[e]ven though YPF is a private company, its directors are Milei's officials and what we see is that they made decisions dictated by the President").[3]

                                              Respectfully,

                                              */s/ Randy S. Mastro*
                                              Randy M. Mastro

---

[3] *See* La Nacion, July 31, 2024, https://www.lanacion.com.ar/politica/axel-kicillof-responsabilizo-a-milei-de-la-decision-de-ypf-de-hacer-una-planta-de-gnl-en-rio-negro-nid31072024/.