**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

August 13, 2024

<u>VIA ECF</u>

The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RE:   *Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.*, No. 15 Civ. 2739 (S.D.N.Y.) (LAP); *Eton Park Capital Mgmt. et al. v. Argentine Republic et al.*, No. 16 Civ. 8569 (S.D.N.Y.) (LAP)

Dear Judge Preska:

     We write on behalf of non-party YPF S.A. ("YPF") in response to Plaintiffs' August 12, 2024 letter. As explained in our letter to Your Honor yesterday, YPF seeks relief as a matter of law from Plaintiffs' attempt to relitigate claims that are precluded by this Court's final judgment and the doctrine of res judicata, for all of the reasons argued in YPF's Memorandum of Law in Support of YPF S.A.'s Order to Show Cause for Permanent Injunction, *Petersen* Dkt. 613. YPF does not seek rehearing or reconsideration of Your Honor's order with respect to discovery, with which it continues to comply while awaiting briefing and a decision on its motion that Plaintiffs' claims against YPF are legally barred.

     Plaintiffs' August 12 letter misstates these critical facts. It mischaracterizes YPF's filings as submissions in connection with "discovery disputes" or a motion for "reconsideration" of Your Honor's discovery ruling in May, Pls. Aug. 12, 2024 Ltr. at 1-2, *Petersen* Dkt. 619, and accuses YPF of filing its orders to show cause in lieu of providing discovery. That is not true. YPF has met and conferred with Plaintiffs, provided documents, and ***continues to do so*** even while it seeks relief from the Court on the merits.

     Plaintiffs knew as much when they filed their letter at 9:56pm last night. Yesterday, ***at 7:38pm***, shortly ***after*** filing its papers, YPF provided its latest response to Plaintiffs' discovery demands, ***agreeing*** to (1) collect emails from 18 custodians that Plaintiffs selected; and (2) use 73 search terms that Plaintiffs proposed to search through those emails. *See* YPF Aug. 12, 2024 Ltr. (attached as

Ex. A).  When Plaintiffs wrote to Your Honor over two hours later accusing YPF of "chang[ing] course" to avoid discovery, they knew full well that YPF was doing no such thing because they had YPF's letter in hand – but omitted to mention that letter, or YPF's offer, to the Court.

Plaintiffs prefer to manufacture a fight about discovery than to respond to YPF's orders to show cause why res judicata does not bar their latest attempt to, in their own words, hold YPF "legally responsible for satisfying the judgment against the Republic," on a new legal theory, Pls. Aug. 12, 2024 Ltr. at 2, *Petersen* Dkt. 619, despite this Court's final judgment.  ***That*** is what the doctrine of res judicata bars and ***that*** is why YPF urgently seeks relief.

Plaintiffs should be required to address the preclusive bar on its merits, per YPF's order to show cause.  But three issues in their letter warrant a brief response now:

***First***, Mr. Goodman's declaration is more than sufficient to satisfy Local Rule 6.1; res judicata is a ***legal*** bar to Plaintiffs' continued litigation against YPF.  It does not require a lengthy factual affidavit, and the handful of legally relevant facts, and basis for proceeding by order to show cause, are set forth there and in the brief.

***Second***, Plaintiffs' argument that they seek to establish that YPF is an alter ego of the Republic now, based on current facts, is a result of their own failure to raise the issue earlier, not of any change in circumstance that would exempt that theory from preclusion.  The Republic did not become YPF's controlling stockholder ***after*** this Court's final judgment, creating the possibility of an alter ego theory where none existed at the time of the underlying litigation.  The Republic's expropriation of a controlling stake in YPF, and relationship to the Company, was the central premise of Plaintiffs' claims and the object of their litigation for nearly a decade.  If Plaintiffs had pleaded and argued their alternative alter ego theory of recovery against YPF in that underlying litigation, it could and would have been considered then.  They failed to raise it.  That failure, and that alone, is the reason they are pressing this Court to consider it now.  *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 199 (2d Cir. 2010) ("Where a litigant selected a litigation strategy he now regrets, placing all his eggs in a single basket, . . . his choice of that strategy will not prevent the application of preclusion against him.") (quotations and alterations omitted).  If Plaintiffs have an argument that their claim is not barred, they should be promptly required to show cause why, as YPF has requested.

***Finally***, YPF's request is procedurally proper. YPF does not seek a temporary restraint to preserve the status quo while the merits are adjudicated — quite the opposite. YPF seeks this Court's intervention because the merits have already been adjudicated and that judgment is final, yet Plaintiffs are attempting to relitigate the result as to YPF without filing a motion or pleading. Accordingly, for all the reasons stated in YPF's opening brief, and supporting papers, this Court should consider whether Plaintiffs' efforts are in derogation of the Court's final judgment, barred by it, and should be enjoined.

If the Court wishes to discuss these issues, we are, of course, available at the Court's convenience.

Respectfully submitted,

*/s/ Mark P. Goodman*
Mark P. Goodman
Shannon Rose Selden

cc:   Counsel of Record (by ECF)

1010307619                                        3