# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 1 0036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

August 20, 2024

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
*Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

I respectfully write in reply to the August 19 letter of YPF S.A. ("YPF") (Dkt. 631) responding to Plaintiffs' request for a pre-hearing conference on its intended motion to compel compliance with this Court's May 28 order directing YPF to produce alter ego discovery (Dkt. 626), which the Court has now set for conference on September 3.[1]

It is telling that after refusing to commit to any production schedule, YPF now agrees only after Plaintiffs sought the Court's assistance. Plaintiffs will spare the Court further discussion of the saga of YPF's foot-dragging if the issue is now truly moot. YPF, however, conditions its consent to the October 18 production deadline on "its ability to obtain the necessary custodian consents." There is no basis for that condition because YPF has not established that custodian consent is necessary under Argentine law for YPF to comply with the Court's discovery order. YPF raised this same argument during the underlying litigation yet never substantiated its assertions. As Plaintiffs demonstrated then, YPF's position is contrary to both (i) its own code of employee ethics (which states that YPF provides employees with the resources to carry out their professional responsibilities, which are not for personal use) and (ii) law in this District holding that parties and non-parties resisting discovery on the

---

[1] All "Dkt." citations are to docket numbers in the *Petersen* action.

Hon. Loretta A. Preska
April 20, 2024
Page 2

basis of foreign legal requirements bear the burden to prove that foreign law actually prohibits producing the requested information. *See* Dkt. 279 at 6-7. Plaintiffs thus request that the Court order YPF to comply with the October 18 deadline it has agreed to meet, without adopting its proposed custodial consent condition.

YPF's position on ESI other than traditional email is also baseless. Its arm-waving about Plaintiffs' "belated proposal" to include this information ignores the real issue, *i.e.*, that discovery must encompass the technology platforms that employees actually use for daily communications, which has changed materially since the 2012 time period at issue in the underlying litigation.[2] YPF's position that producing communications from platforms other than traditional email would be very burdensome simply underscores the need for including those platforms; if its employees don't actually use them, the burden would be minimal.

Finally, YPF's other arguments are baseless distractions. First, YPF provides no basis for its alleged right to receive subpoenas directed at other parties and their responses, and its argument is inconsistent with its (repeated) insistence that it is not a party to this case – and the Republic in any event receives all of that material. Second, YPF's argument that the Court lacks subject-matter jurisdiction ignores that the Court can (and already has) ordered YPF to produce documents relevant to the enforcement of the Judgment over which the Court plainly has jurisdiction. Third, no matter how many times YPF repeats the argument, the fact that the Court dismissed Plaintiffs' claim that YPF breached a contractual obligation in 2012 has no bearing on whether YPF is legally obligated to satisfy the Republic's debts by virtue of an alter ego relationship in 2024 – a point that Plaintiffs welcome the opportunity to address more fully in response to YPF's motion (Dkt. 612).

                                                          Respectfully,

                                                          */s/ Randy M. Mastro*
                                                          Randy M. Mastro

---

[2]    *See, e.g.*, https://www.businessofapps.com/data/whatsapp-statistics/ and https://www.statista.com/statistics/1033742/worldwide-microsoft-teams-daily-and-monthly-users/ (reporting exponential growth in usage of Whatsapp and Teams).