**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

———

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 26, 2024

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
      500 Pearl Street,
         New York, NY  10007.

    Re:    *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Capital Mgmt. et al.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

      On behalf of the Argentine Republic, I write to present the Republic's views on the relevance of the Second Circuit decision in *Attestor Master Value Fund LP* v. *Republic of Argentina*, No. 22-2301, issued on August 21, 2024, to Plaintiffs' Motion for Injunction and Turnover.  ("Motion"; *Petersen* ECF No. 556.)  This decision, attached as Exhibit A hereto, confirms that the Republic's Class D YPF shares, which have never been in the United States, and therefore have never been used by the Republic in the United States for any activity, would always remain entitled to execution immunity under the Foreign Sovereign Immunities Act pursuant to Section 1610(a), even if they could be transferred to the United States.

      In *Attestor*, the Second Circuit affirmed this Court's holding that the Republic's reversionary interests in collateral used to secure bonds known as the "Brady Bonds" are not immune from attachment or turnover under the FSIA.  Slip. Op. at 9.  In doing so, the Second Circuit reaffirmed the contours of the "commercial activity" exception to FSIA immunity.  Specifically, the Court held that "[t]he FSIA requires that the attached property be in the United States *and* that the use of that property in commercial activity occur in the United States."  Slip. Op. at 19 (emphasis in original) (citing 28 U.S.C. § 1610(a); *Exp.-Imp. Bank of the Rep. of China* v. *Grenada*, 768 F.3d 75, 79 (2d Cir. 2014)).

      Second Circuit law is clear:  for the FSIA's commercial activity exception to apply and to permit the attachment of sovereign property, that property must be *both* "in" the United States *and* "used" in the United States for commercial activity.  The Second Circuit expressly rejected Attestor's argument "that the relevant inquiry is only the location of" the relevant property and does not require the property also to be used in the United States.  Slip Op. at 19.  In *Attestor*, the Second Circuit found Section 1610(a)'s exception satisfied because the reversionary interests

The Honorable Loretta A. Preska                                                                              -2-

at issue were both located in New York *and* "used" in the 2005 and 2010 exchange offers made in the United States and registered with the SEC. Slip Op. at pp. 20–21.

The *Attestor* decision requires this Court to deny Plaintiffs' turnover motion. Plaintiffs do not identify any use in the United States of the Republic's YPF Class D shares, which Plaintiffs instead acknowledge are "used" at annual shareholder meetings of YPF *in Argentina*. Mot. at 12, 17; *see* Reply (*Petersen* ECF No. 587) at 6 (conceding that YPF shareholder meetings take place in Argentina). Rather than identify a domestic use of YPF's shares in the United States, Plaintiffs press for the exact test that the Second Circuit has rejected: that to apply the Section 1610(a) exception for property in the United States, "the commercial *activity* (not the *use*) must occur in the United States." Reply at 6; *see also id.* at 7 ("[w]hat matters is not where the shares were used, but where the resulting commercial activity takes place"). With the Second Circuit's clear rejection of this position, Plaintiffs cannot execute upon the Republic's Class D YPF shares under the FSIA and thus cannot obtain the turnover of those shares.[1]

                                                                                           Respectfully,

                                                                                           */s/Robert J. Giuffra, Jr.*
                                                                                           Robert J. Giuffra, Jr.


cc:     Counsel of Record (via ECF)

---

[1] The Republic and its counsel in *Attestor* are reviewing the Second Circuit's decision, and the Republic reserves all rights, including to seek rehearing of the decision or to petition for a writ of *certiorari*. Regardless of any further review of the *Attestor* decision, the Second Circuit's holding that Section 1610(a) requires that the commercial activity "use" of property sought to be attached "occur in the United States," Slip Op. at 19, is clearly correct and consistent with the extensive authority cited in the Republic's opposition papers. *See* Opp. (*Petersen* ECF No. 577) at 13–17; Sur-Reply (*Petersen* ECF No. 597) at 4–6.