# King & Spalding

1185 Avenue of the Americas,
34th Floor
New York, NY 1 0036-4003
www.kslaw.com

Randy M. Mastro
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

September 20, 2024

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
        *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

      Plaintiffs write to respectfully request that the Court modify the current Protective Order consistent with the revisions Plaintiffs have proposed so that Plaintiffs may use materials obtained in discovery to support foreign proceedings to enforce the Judgment or any foreign judgment recognizing the Judgment (proceedings Plaintiffs have initiated due to the Republic's refusal to satisfy the Judgment.)[1] Plaintiffs' proposed revisions to the Protective Order would provide Plaintiffs the necessary flexibility to use Confidential Material in other jurisdictions (which may have diverse approaches to protecting confidential information) and to move quickly to attach assets as they are identified, while also providing reasonable assurances to protect the producing party's confidentiality interest to the maximum extent permissible in those jurisdictions.

      As the Court observed at the September 3 conference, "[t]here is no reason" information designated Confidential pursuant to the Protective Order "should not be used with the understanding that steps will be taken to keep it confidential." Tr. at 84:3-5. Plaintiffs regret burdening the Court with this matter yet again, but both the Republic and YPF continue to insist on conditions that would grant them veto power

---

[1] Clean and redline versions of Plaintiffs' proposed modifications are attached hereto as Exhibits 1 and 2, respectively.

over Plaintiffs' Judgment enforcement efforts. Their proposals are transparently obstructive and should be rejected.

The Republic's most recent proposal would require a party seeking to file confidential information to obtain ***the other party's agreement*** if the same sealing procedures available in this District are not available in the foreign proceedings. *See* Ex. 3, ¶¶ 14, 17. Of course, if the Republic withholds its agreement, Plaintiffs would be "prohibited" from using the information—and thereby undermined in their efforts to enforce the Judgment. *See* Ex. 3 at 9-10. The Republic's newest proposal seeks to impose even greater limitations than its prior proposal, which would have required a Court order. *See* Sept. 3 Hr'g Tr. at 81:2-15, 82:1-4. Whether it is a court order or Argentina's consent, neither attempt to derail Plaintiffs' enforcement efforts should be endorsed by modifying the Protective Order as the Republic proposes.

YPF's proposal is even more extreme, and bars entirely the use of its documents ***without written consent***, *see* Ex. 4 at 2-3, again ensuring that Plaintiffs would be unable to pursue any enforcement efforts absent YPF's endorsement. YPF's intention to obstruct Plaintiffs' enforcement of the Judgment is explicit: in a meet-and-confer ostensibly to discuss the protective order, YPF demanded to know "why Plaintiffs needed to use YPF's documents and discovery materials . . . in enforcement proceedings; how they intended to use those Materials; . . . and which documents or types of documents Plaintiffs intended to use." Ex. 5 at 1. They requested Plaintiffs "identify the jurisdictions in which Plaintiffs intended to use the materials," and whether Plaintiffs "sought to use YPF's Materials in enforcement actions against the Republic, or as against YPF as the alleged alter ego of the Republic." *Id.* YPF also baldly insisted that its merits-phase productions are irrelevant to Judgment enforcement efforts, including to recognition proceedings that frequently require a merits showing.

The Republic's and YPF's objections to Plaintiffs' proposed modifications have nothing to do with confidentiality. They are a transparent attempt to obstruct enforcement efforts that are only necessary because the Republic refuses to pay the Judgment or even to meet the Court's conditions for a stay pending the appeal.[2] The modifications Plaintiff has proposed include adequate procedural safeguards to

---

[2] The Republic also continues to obstruct Plaintiffs' efforts to obtain recognition of the Judgment in foreign jurisdictions. Despite being represented by counsel and clearly being aware of the foreign recognition proceedings, the Republic is refusing in every jurisdiction to accept service, forcing Plaintiffs to use multi-month diplomatic service. The Republic also shows every sign of contesting jurisdiction in those proceedings, despite having previously been found amenable to jurisdiction.

protect any legitimate confidentiality interest that the Republic, YPF or any other producing party may have in discovery materials.

Attached hereto as Appendix A is a table setting out (i) each of Plaintiffs' proposed edits to the Protective Order, (ii) the Republic's proposed changes to Plaintiffs' proposal, and (iii) the reasons why the Court should adopt Plaintiffs' proposed modifications and reject the Republic's proposed changes. We also attach as Appendix B a table setting forth the same information concerning YPF's proposed revisions. Plaintiffs respectfully request that the Court enter Plaintiffs' proposed Protective Order.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro