**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

September 25, 2024

BY ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, New York 10007

Re: ***Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.*, No. 15 Civ. 2739 (S.D.N.Y.) (LAP); *Eton Park Capital Mgmt. et al. v. Argentine Republic et al.*, No. 16 Civ. 8569 (S.D.N.Y.) (LAP)**

Dear Judge Preska:

  Non-party YPF S.A. ("YPF") respectfully submits this response to Plaintiffs' September 20 letter ("Ltr.") seeking to modify the current Protective Order (the "Order"). *Petersen* Dkt. 663.[1] Plaintiffs' claims against YPF have been dismissed. There is no judgment to enforce against it nor is there any enforcement proceeding requiring use of YPF's documents, much less justifying the sweeping use of YPF's confidential materials sought by Plaintiffs.

  Plaintiffs' request for a blanket, global pre-authorization to use *any* of YPF's confidential discovery materials, for *any* enforcement-related purpose, at *any* time, and in *any* jurisdiction also contravenes this Circuit's "strong presumption against modification of a protective order." *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 2017 WL 4641247, at *2 (S.D.N.Y. Oct. 16, 2017); *Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 312 F. Supp. 3d 413, 416–17 (S.D.N.Y. 2018) ("It is presumptively unfair . . . to modify protective orders . . . upon which the parties have reasonably relied."). Such a blanket authorization has no factual or legal basis and is further evidence of Plaintiffs' misguided pattern of improperly conflating YPF with the Republic.[2] It is also inconsistent with YPF's expectations and those of the individuals who relied on the terms of the Order when they consented to production of their documents, and is unnecessary given

---

[1] YPF maintains its objections to the Court's personal and subject matter jurisdiction over it, including under the Foreign Sovereign Immunities Act.

[2] As recently as the September 3 conference, Plaintiffs' counsel repeatedly claimed that YPF was "wholly owned" by the Republic. Tr. at 6:14–15; 15:7–9; 24:8–9. Plaintiffs' counsel is well aware that is false. *See, e.g.*, *Petersen* Dkt. 556 at 1 (acknowledging the Republic owns just 51% of YPF's shares).

The Honorable Loretta A. Preska         2         September 25, 2024

YPF's willingness to consider authorizing use of specific documents if Plaintiffs identify a particularized and appropriate need.

As to the merits, during our meet-and-confer, Plaintiffs' counsel was unwilling or unable to identify a single YPF document – or even a category of YPF documents – they need to support enforcement of their judgment *against the Republic*. Even now, Plaintiffs vaguely assert that unidentified "recognition proceedings . . . frequently require a merits showing." Ltr. at 2. YPF, however, prevailed on the merits, so there is nothing to "show" with respect to the "merits" of any claim against YPF. And YPF has been absolutely clear that, if Plaintiffs identified specific YPF discovery materials relevant to enforcement *against the Republic*, YPF is open to considering those requests. But Plaintiffs have adopted a "take-it-or-leave-it" approach, insisting on nothing less than entirely unbounded permission to use YPF's materials in a manner that contradicts the agreed-upon and Court-ordered terms of the current Protective Order – potentially including *ex parte* proceedings where YPF will have no opportunity to protect its confidential materials.[3]

But the Order makes clear that discovery materials may be used *only* in connection with the underlying litigation and "for *no other purpose, including use in other legal actions*, present or future." Protective Order ¶ 2 (emphasis added). Subject only to the pending appeal, Plaintiffs must "destroy[] or return[]" YPF's materials. Protective Order ¶ 19(a). The Order plainly bars Plaintiffs' attempt to use YPF's documents in separate, foreign, as-yet-unidentified proceedings absent modification by this Court. But "absent a showing of improvidence . . . or some extraordinary circumstance or compelling need, . . . a [party] should be entitled to rely upon the enforceability of a protective order." *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979).

The only thing "extraordinary" about Plaintiffs' requested modification is its unbridled scope. Plaintiffs' submission and appendices get the law exactly backwards: it is not YPF's burden to prove why Plaintiffs should be held to the terms of the Order; it is Plaintiffs' burden to demonstrate a compelling need for the

---

[3] If Plaintiffs intend to use YPF's discovery materials from the first litigation to launch alter ego litigation, that, too, should be prohibited. Those materials are dated through 2014, but Plaintiffs limited their alter ego claim to "today." *Petersen* Dkt. 645 at 1, 15. Regardless, Plaintiffs should not be permitted to use the materials while YPF's preclusion motion is pending. *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 122 (S.D.N.Y. 2015) (denying modification to permit use of materials "to take a second bite at the proverbial apple").

modification. The factors that courts consider when assessing such requests heavily favor YPF. *See In re Unseal Civil Discovery Materials*, 2021 WL 1164272, at *3 (S.D.N.Y. Mar. 24, 2021) (identifying four factors: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order."). Where, as here, the Order's terms limit use to this litigation and require destruction of documents upon conclusion of the litigation, courts routinely find reasonable reliance. *See, e.g.*, *Nielsen Co.*, 112 F. Supp. 3d at 121 (no modification permitted; provisions requiring destruction of materials suggested party "could reasonably expect that any information produced subject to the Protective Order would ordinarily not be used in other matters"); *Jose Luis Pelaez*, 312 F. Supp. 3d at 417 (denying modification where party "relied on the provision limiting the use of confidential information to this case").

The reliance factor has particular force here because the consents YPF obtained from individual custodians are expressly premised on the documents only being used in the underlying litigation, with some specifically referencing reliance on the Protective Order. *See* Reilly Decl. ¶¶ 5–6. As this Court has recognized, "producing parties are justified in believing that a protective order would not be modified for purposes external to the lawsuit in which it was entered [which] may be a dispositive factor in denying modification of a protective order." *Giuffre v. Dershowitz*, 2020 WL 3578104, at *4 (S.D.N.Y. July 1, 2020) (Preska, J.).

The Protective Order also narrowly tailors confidentiality designations to nine discrete categories, evidencing the parties' intention to cabin their discretion for confidentiality designations. Protective Order ¶ 4. Such "specific and targeted" protective orders that describe "what type of documents would be considered highly confidential" are not subject to modification because they are "specifically focused on protecting certain documents . . . for a particular reason." *See Errant Gene Therapeutics*, 2017 WL 4641247, at *3.

The Court should deny Plaintiffs' request for global, unrestricted use of YPF's confidential materials, and should instead enter YPF's proposed protective order. *See* Ex. A (Proposed Order).[4] In addition, Plaintiffs should identify which – if any – of YPF's materials might conceivably be relevant to their enforcement actions so that YPF can assess whether agreement might be reached as to their use.

---

[4] Alternatively – and as YPF suggested during the meet-and-confer process – Plaintiffs and the Republic could prepare a separate protective order that governs use of only their own discovery materials in enforcement actions brought exclusively against the Republic.

The Honorable Loretta A. Preska    4    September 25, 2024

                              Respectfully submitted,

                              */s/ Mark P. Goodman*
                              Mark P. Goodman
                              Shannon Rose Selden
                              mpgoodman@debevoise.com
                              srselden@debevoise.com

cc:    Counsel of Record (by ECF)