# King & Spalding

1185 Avenue of the Americas,
34th Floor
New York, NY 1 0036-4003
www.kslaw.com

Randy M. Mastro
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

September 26, 2024

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
*Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

We write in further support of Plaintiffs' request that the Court modify the current Protective Order consistent with Plaintiffs' proposed revisions. *See* ECF No. 663.[1] The Republic and YPF do not dispute that their proposed modifications are transparently obstructive because they would grant the Republic and YPF advance notice and veto power over Plaintiffs' Judgment enforcement efforts. *See* ECF Nos. 666 and 664. On this basis alone, the Court should enter Plaintiffs' proposed Protective Order.

The Republic's contention that its latest proposal "conform[s] to the Court's direction," *see* ECF No. 666 at 2, at the September 3, 2024 hearing ignores the Court's agreement that Plaintiffs should <u>not</u> be required to give the Republic notice before seeking to attach its assets in foreign jurisdictions (if not otherwise required to do so under local laws). *See* Sept. 3 Hr'g Tr. at 83:4-7 (Plaintiffs: "[T]he problem is we shouldn't have to give them notice every time we are going into a jurisdiction to look for assets." The Court: "Of course."). The Republic would require Plaintiffs to obtain the Republic's "agreement" before filing confidential material in any jurisdiction that does not have the same sealing procedures as this District. *See* ECF No. 666-1, ¶ 14.[2]

---

[1] ECF Nos. refer to the *Petersen* docket.
[2] The Republic's complaint that Plaintiffs' appendix responds to the Republic's

Page 2

YPF's arguments are equally meritless. The complaint that "Plaintiffs' claims against YPF have been dismissed" (ECF No. 664 at 1) is of no consequence because documents produced by YPF may be relevant to Plaintiffs' efforts to recognize and enforce the Judgment against the Republic. YPF's dismissal as a party does not prevent Plaintiffs from using its documents in proceedings against the Republic, any more than it prevents them from seeking to establish an alter ego relationship between the Republic and YPF. *See* ECF No. 645 (Plaintiffs' Opposition to YPF's Requests for Orders to Show Cause for Intervention and Permanent Injunction). Notably, YPF has failed to produce a single document since July 9, more than a month before it filed its meritless Orders to Show Cause on August 12.[3]

YPF's next objection—that Plaintiffs' proposal would serve as a "blanket, global pre-authorization to use *any* of YPF's confidential discovery materials, for *any* enforcement-related purpose, at *any* time, and in *any* jurisdiction" (ECF No. 664 at 1; emphasis in original)—confirms that YPF's true goal is to limit, obstruct, and delay Plaintiffs' efforts to enforce the Judgment. Plaintiffs *should* be free to use "any" YPF documents that are relevant to "any" recognition and enforcement actions they bring against the Republic, subject to the reasonable confidentiality protections contained in Plaintiffs' proposed Protective Order.

Finally, YPF's claim that Plaintiffs' proposed Protective Order is "inconsistent with YPF's expectations and those of the individuals who relied on the terms of the [existing] Order" (ECF No. 664 at 1) is irrelevant because any such expectations were unreasonable. *See, e.g.*, *Charter Oak Fire Ins. Co. v. Electrolux Home Prods.*, 287 F.R.D. 130, 132 (E.D.N.Y. 2012) ("When parties file a stipulated agreement that is Ordered by the court, in the absence of the requisite good cause showing, it cannot be presumed that every piece of discovery filed under the Order is actually worthy of such a high level of protection.") (cleaned up). Plaintiffs' proposed revisions ensure that the confidentiality of YPF's documents will be preserved to the maximum extent consistent with Plaintiffs' ability to take all necessary and reasonable steps to enforce their Judgment against the Republic.

---

"outdated August 13 proposal" (ECF No. 666 at 2) is a red herring. The Republic changed only two paragraphs in its August 13 proposal, and Plaintiffs addressed those changes in their September 20 letter. *See* ECF No. 663 at 2. Plaintiffs attach a corrected version of their appendix as Appendix A hereto.

[3] The Republic too continues to obstruct Plaintiffs' Judgment enforcement efforts at every turn. As the latest example, the Republic recently requested an extension of the deadline for it to challenge the jurisdiction of the English Court over Plaintiffs' recognition action. Harris Decl., Ex. 1.

Respectfully,

*/s/ Randy M. Mastro*
Randy M. Mastro