# EXHIBIT 1

Fifth floor, 1 Tudor Street, London, EC4Y 0AH

Tel: +44 (0)20 3837 1700
Fax: +44 (0)20 3837 1720

www.enyolaw.com

ENYO LAW

Our Ref: EJA/KWR/ARG.1
Your Ref: MRH/NM/EK1057.001

25 September 2024

Quillon Law LLP
Holborn Gate
330 High Holborn
London

WC1V 7QH

Direct line: +44 (0)20 3837 1700
Edward.Allen@enyolaw.com
Konrad.Rodgers@enyolaw.com
Arg@enyolaw.com

**By email (**mark.hastings@quillonlaw.com**)**

(nicola.mckinney@quillonlaw.com)
(peterson@quillonlaw.com)

Dear Quillon Law

**Petersen EnergÍa Inversora S.A.U. et al vs The Argentine Republic (the "Republic") (Claim No. CL-2024-000129) (the "Claim")**

1. We refer to our letter dated 16 September 2024 and the Acknowledgment of Service filed on behalf of our client dated 20 September 2024 informing your clients that it intends to challenge the jurisdiction of the English Court in respect of the Claim. Capitalised terms not otherwise defined shall bear the meaning of our letter of 16 September 2024.

2. As you will be aware, (i) pursuant to CPR 58.7(2) "*an application under rule 11(1) must be made within 28 days after filing an acknowledgment of service*" and (ii) the time period for setting aside the Order[1] granting permission to serve the Claim Form and other documents on the Republic out of the jurisdiction, is 112 days after "*service of the Order on the party making the application.*" Whilst nothing in this letter constitutes an acceptance that the Claim has been validly served on the Republic, we calculate that the deadline for those applications is therefore 18 October 2024**.**

3. We write to seek your client's agreement, pursuant to CPR 3.8(4), to an extension of the deadline[2] to serve Applications, under CPR 11(1) pursuant to CPR 58.7(2) and/or to set aside the Order, of 28 days until 4pm on **15 November 2024**. The reasons why such an extension is appropriate include that:

    a. The Claim raises numerous complex legal issues, particularly concerning your clients' assertion that our client is not immune from the jurisdiction of the English Court (a contention which the Republic vigorously disputes);

---

[1] Ie the Order of Mr Justice Bryan dated 8 March 2024
[2] For the avoidance of doubt, should this extension be agreed, our client reserves the right to seek a further extension in due course, if and to the extent necessary

Enyo Law LLP is a limited liability partnership registered in England and Wales (registered number OC356313).
A list of members is available for inspection at the registered office, Fifth Floor, 1 Tudor Street, London, EC4Y 0AH.
Authorised and regulated by the Solicitors Regulation Authority (548866).

    b. The Claim also raises questions of fact as to developments in the proceedings in the Southern District of New York and the Second Circuit Court of Appeals, and your clients' characterisation of certain steps taken in those proceedings;

    c. The enormous quantum of the Claim and its significance to the economy of the Republic, which reinforces the fact that our client should have a proper opportunity to respond to your clients' evidence and pursue its applications to challenge the jurisdiction of the English Court;

    d. The Claim also raises complex evidential issues to which the Republic shall need to respond as part of its jurisdiction challenge. We note that you have already acknowledged that expert evidence may be needed;

    e. There are of course ongoing developments in the proceedings in the United States which (i) incur a significant amount of time on the part of the Republic's representatives and (ii) the Court will need to be updated on as part of evidence; and

    f. There would be no prejudice caused to your clients arising from such an extension.

4. Please confirm your clients' consent by **4pm on 27 September 2024**, failing which our client shall be required to make an application (and, in doing so, reserves its right to seek an extension beyond 15 November 2024). We reserve the right to bring this correspondence to the attention of the Court with respect to costs, in the event that you are not willing to agree this short extension.

5. For the avoidance of doubt:

    a. Nothing in this correspondence or the fact that our client is seeking such an extension should be construed as a submission to the jurisdiction or a waiver of its sovereign immunity whether within the meaning of section 2 of the State Immunity Act 1978 (**"SIA"**) or otherwise. To the contrary, the purpose of the extension is to afford our client proper time to put in evidence for its jurisdiction challenge and to respond to your clients' misconceived assertions that our client does not enjoy sovereign immunity in respect of the Claim;

    b. The Republic maintains all of its rights in full, as set out in our letter of 16 September 2024; and

    c. The Republic's sovereign immunity, whether under the SIA or otherwise, is fully preserved and reiterated.

Yours faithfully

*Enyo Law LLP*

**Enyo Law LLP**