**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. AND PETERSEN ENERGÍA, S.A.U.,<br><br>                        Plaintiffs,<br><br>   - against -<br><br>ARGENTINE REPUBLIC AND YPF, S.A.,<br><br>                        Defendants. | No. 15 Civ. 2739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., AND ETON PARK FUND, L.P.,<br><br>                        Plaintiffs,<br><br>   - against -<br><br>ARGENTINE REPUBLIC AND YPF, S.A.,<br><br>                        Defendants. | No. 16 Civ. 8569 (LAP) |

**PROTECTIVE ORDER**

The parties have agreed to the terms of this Order; accordingly, it is **ORDERED** that any person subject to this Order—including without limitation the Parties to these Actions, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

The purpose of this Order is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d) and the Court's inherent authority.

## I.    DEFINITIONS

A.    The term "Actions" refers to the above-titled actions: Petersen Energía Inversora S.A.U. et al. v. Argentine Republic and YPF S.A., No. 15-cv-02739 (LAP), and Eton Park Capital Management L.P. et al. v. Argentine Republic and YPF S.A., No. 16 cv-8569 (LAP) and any appeals therefrom.

B.    The term "Confidential Discovery Material" refers to all documents and information designated as Confidential pursuant to this Order or the September 29, 2020 Protective Order entered in these Actions.

C.    The term "Designating Party" means a Party or Non-Party that designates a document as Confidential for protection under this Order or the September 29, 2020 Protective Order entered in these Actions.

D.    The term "Discovery Material" refers to all documents and information of any kind provided in the course of discovery in this action, including, without limitation, through initial disclosures, requests for documents, interrogatories, depositions, subpoenas and other discovery requests, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, produced documents, testimony, transcripts, and tangible things).

E.    The term "Enforcement Action" means any proceeding in this or any other jurisdiction (i) to enforce the judgment entered in these Actions; (ii) to seek information or documents in any jurisdiction related to the enforcement of the judgment entered in these Actions; (iii) to recognize the judgment entered in these Actions; or (iv) to enforce any foreign judgment or order that recognizes the judgment entered in these Actions.

F.      The term "Issuing Party" means a Party that issues a Non-Party subpoena.

G.      The term "Producing Party" means a Party or Non-Party that produces Discovery Material in these Actions.

H.      The term "Acknowledgment of Understanding and Agreement to Be Bound" refers to the agreement attached hereto as Attachment A and Attachment B, as the case may be.

I.       The term "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to these Actions or any Enforcement Action.

J.      The term "Party" means any party to these Actions.

K.      The term "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

## II.    SCOPE

1.      All materials produced or adduced in the course of formal or informal discovery in these Actions, including not only Discovery Material (as defined above), but also (a) information copied or extracted therefrom; (b) all copies, excerpts, summaries, or compilations of Discovery Material; and (c) any testimony, conversations or presentations by Parties or their Counsel that might reveal Discovery Material, shall be subject to this Order concerning Confidential Discovery Material as defined below.

2.      All Discovery Material produced or disclosed in connection with these Actions shall be used or further disclosed solely for the prosecution or the defense of these Actions (including any appeal therefrom) and any Enforcement Actions and shall not be used for any other purpose, including use in other legal actions, present or future.

3.      This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

III.    **DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

4.    **Confidential Discovery Material**. As used in this Order, "Confidential

Discovery Material" means nonpublic information designated as "CONFIDENTIAL" by the

Designating Party that falls within one or more of the following categories:

(a)    information kept confidential pursuant to, or prohibited from disclosure by, any domestic or foreign law, regulation, or court order, including but not limited to any applicable data privacy laws;

(b)    information that reveals trade secrets or other nonpublic proprietary business information that bestows a competitive advantage on the Producing Party;

(c)    research, technical, commercial, financial, client or customer or business development information or data that the Producing Party has maintained as confidential;

(d)    medical information or other private and highly sensitive information concerning any individual;

(e)    personal identity information;

(f)    income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

(g)    personnel or employment records;

(h)    any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c); or

(i)    other information the Producing Party reasonably believes is subject to protection and any other category of information given Confidential status by the Court.  Information or documents that are available to the public, other than as a result of a breach of this protective order or a violation of any other duty of confidentiality, do not qualify as Confidential Discovery Material.

5.    **Designation.**

a.    A Designating Party may designate a document as Confidential for

protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document

and on all copies in a manner that will not interfere with the legibility or audibility of the

document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential information. The markings shall be applied prior to or at the time of the documents being produced or disclosed.  Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Discovery Material are not required to be marked.

b.      The designation of a document as "CONFIDENTIAL" is to be deemed a good-faith certification by the Designating Party that the document contains Confidential Discovery Material, as defined in this Order.

6.      **Depositions.**

a.      A Designating Party may designate some or all of a witness's deposition testimony as Confidential for protection under this Order by advising the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally on the record at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the final deposition transcript.  Until the conclusion of the 30-day designation period, all deposition transcripts and exhibits shall be treated as Confidential.  Any deposition testimony previously designated as Confidential under the September 29, 2020 Protective Order entered in these Actions will be subject to the revised terms of this Order.

b.      To the extent deposition transcripts or exhibits are designated as Confidential, such transcripts of the designated testimony and any such exhibits shall be bound in

a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter as so designated.

       c.     To the extent permitted by the applicable local laws or rules, the Parties shall make a reasonable effort to obtain agreement from any court reporter or videographer who transcribes or videotapes testimony at a deposition in one or both of these Actions or any Enforcement Action containing Confidential Discovery Material that they will: (a) certify that he or she has read this Order and manifests his or her assent to be bound thereby by signing an Acknowledgment of Understanding and Agreement to Be Bound (attached hereto as Attachment A), (b) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Confidential Discovery Material, and (c) deliver any transcript containing Confidential Discovery Material only to counsel, the witness, or the Court (filed under seal). A Party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Order and obtaining such consent to be bound, where applicable.

       d.     During a deposition in a jurisdiction that permits confidentiality protections, only persons to whom disclosure of Confidential Discovery Material is permitted under Paragraph 7 of this Order shall remain present while Confidential Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential Discovery Material, the witness may assert the confidentiality of the material as a basis for refusing to answer only if a person not authorized under Paragraph 7 of this Order is present.

     7.     **Protection of Confidential Discovery Material**. No person shall disclose or permit the disclosure of any Confidential Discovery Material to any person or entity except as set

forth in sub-paragraphs 7(a)-(m) of this Order.  Prior to the disclosure of any Confidential

Discovery Material to any person referred to in sub-paragraphs 7(a)- (m), such person shall be

advised of the Confidential nature of the Discovery Material pursuant to the contents of this

Order.  Subject to these requirements, the following categories of persons may be allowed to

review Confidential Discovery Material:

(a)    **Counsel**.  Outside legal counsel retained specifically for these Actions or any Enforcement Action, including such employees and support staff as have responsibility for assisting outside counsel in connection with these Actions or any Enforcement Action; and in-house counsel to whom it is reasonably necessary to disclose the information in connection with either or both of these Actions or any Enforcement Action;

(b)    **Parties**.  Individual parties, including those who are joined to, participate in, or intervene in any Enforcement Action, and those specific representatives of the Parties or parties to any Enforcement Action who are the primary decision makers with authority and control over the prosecution or defense of the litigation;

(c)    The Court and its personnel, and any foreign court and its personnel in any Enforcement Action;

(d)    **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions in either or both of these Actions or any Enforcement Action; but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(e)    **Contractors and Translators**.  Those persons specifically engaged by the Parties or their counsel for the limited purpose of making copies of documents, translating documents, or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(f)    **Consultants and Experts**.  Consulting or testifying experts employed or instructed by the Parties or counsel for the Parties in connection with these Actions and/or any Enforcement Action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(g)     **Witnesses**.  In connection with their evidence in either or both of these Actions and/or any Enforcement Action, witnesses and their counsel to whom disclosure is reasonably necessary.  Neither witnesses nor their counsel shall retain a copy of any exhibit designated as Confidential, except witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their counsel shall destroy those copies.  Pages of transcribed deposition testimony or exhibits to depositions that contain information designated as Confidential pursuant to this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h)     **Author or recipient**.  The author, addressee, or recipient of a document (not including a person who received the document in the course of litigation) may be shown only those portions of the document that he or she authored or received or that addressed him or her;

(i)     Special masters and their direct staff;

(j)     **Mediators**.  Mediators or other third parties who are appointed by the Court or retained by the Parties for settlement purposes and their direct staff, provided that they are bound by a confidentiality agreement acceptable to all Parties;

(k)     **Burford Capital LLC**, **Burford Capital UK Limited, Ireton LLC, and Prospect Investments LLC,** but only after such persons have completed the certification contained in Attachment B, Acknowledgment of Understanding and Agreement to Be Bound;

(l)     Any person who previously executed Attachment A or Attachment B, Acknowledgement of Understanding and Agreement to Be Bound, to the September 29, 2020 Protective Order entered in these Actions; and

(m)     **Others by Consent or Order**.  Other persons only by written consent of the Designating Party or upon order of the Court and only on such conditions as may be agreed or ordered.

8.     **Retention of Acknowledgment of Understanding and Agreement to Be Bound:**  Counsel for the Parties shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of these Actions or any Enforcement Actions, including any appeals.

9.      Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to these Actions or any Enforcement Actions or from relying upon or generally referring to Confidential Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of the Discovery Material if such disclosure is not otherwise permitted under this Order.

10.     Nothing in this Order shall limit or restrict in any manner a Party or Non-Party's right to use, or to authorize or consent to the use of, its own Discovery Material.

11.     Nothing in this Order shall permit or preclude the redaction by a Producing Party of any information subject to United States or foreign data privacy laws, or any other applicable United States or foreign statute, law, regulation, privilege, court order, restriction, or immunity from disclosure, or permit or preclude a Receiving Party's challenge of such redaction.

12.     **Failure to Designate**.  A failure to designate information as Confidential does not waive the confidential status of such information or the right to so designate the information.  If a Party or Non-Party designates information as Confidential after it was initially produced or disclosed, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent or in error and where the material is subsequently designated Confidential.  The Producing Party shall provide to each Receiving Party replacement versions of such Discovery Material that bears the new designation within ten (10) business days of such

notification or resolution of any dispute by agreement of the Parties or the Court, or, in the case

of voluminous material or other exceptional circumstances, as soon as practicable.

13.    **Filing of Confidential Discovery Material**.  This Order does not, by itself,

authorize the filing of any document under seal.  The Parties shall seek to have any Confidential

Discovery Material filed with the Court, and all portions of pleadings, motions or other papers

filed with the Court that disclose such Confidential Discovery Material, filed under seal with the

Clerk of the Court and kept under seal until further order of the Court, in accordance with Rule

2(H) of the Court's Individual Practices. The Parties will endeavor to minimize such sealing.

14.    **Filing of Confidential Discovery Material in Enforcement Actions.**  Any Party

to any Enforcement Action filing in any court where the public has access to such a filing (other

than the United States District Court for the Southern District of New York) any document that

contains, quotes from, or otherwise discloses the specific contents of any Confidential Discovery

Material, will take all reasonable steps to maintain confidentiality in accordance with applicable

local law.  The Parties to any Enforcement Action are likewise precluded from publicly

disclosing unsealed but otherwise not publicly available filings that contain Confidential

Discovery Material.  This provision does not preclude a court in these Actions or any

Enforcement Action from incorporating any Confidential Discovery Material into a ruling that

will become publicly available.

15.    **No Greater Protection of Specific Documents**.  Except on privilege grounds not

addressed by this Order, no Party may withhold information from discovery on the ground that it

requires protection greater than that afforded by this Order unless the Party moves for an order

providing such special protection.

16.    **Challenges by a Party to Designation as Confidential Discovery Material**.
The designation of any material or document as Confidential is subject to challenge by any party.
The following procedure shall apply to any such challenge.

      a.    A Party challenging any designation of confidentiality (the "Challenging
Party") must do so in good faith and must begin the process by conferring with counsel for the
Designating Party. In conferring, the Challenging Party must explain the basis for its belief that
the confidentiality designation was not proper and must give the Designating Party an
opportunity to review the designated material, to reconsider the designation, and, if no change in
designation is offered, to explain the basis for the designation. The Designating Party must
respond to the challenge within five (5) business days.

      b.    A Party that elects to challenge a confidentiality designation may file and
serve a motion that identifies the challenged material and sets forth in detail the basis for the
challenge. Each such motion must be accompanied by a competent declaration that affirms that
the movant has complied with the meet and confer requirements of this procedure. The burden of
persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court
rules on the challenge, all persons who have access to the Confidential Discovery Material shall
continue to treat the materials as Confidential under the terms of this Order.

      c.    Each Party shall bear its own fees and costs related to any challenges of
confidentiality designations under this Order.

17.    **Use of Confidential Documents or Information at a Trial or Hearing**. Except
for the requirements set out in paragraphs 13 and 14 of this Order, nothing in this Order shall be
construed to restrict or affect the use of any document, material, or information (including, for the
avoidance of doubt, any Confidential Discovery Material) at any trial or hearing.

18.    **Confidential Discovery Material Subpoenaed in Other Litigation or Proceeding.**

a.    If a Receiving Party is served with a subpoena or a judicial order issued in another litigation or proceeding that would compel disclosure of any material or document designated in either or both of these Actions or any Enforcement Action as Confidential, the Receiving Party must so notify the Designating Party, in writing, within five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or judicial order.

b.    The Receiving Party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.    The Receiving Party shall endeavor to cooperate with respect to all reasonable procedures sought by the Designating Party whose Confidential Discovery Material may be affected.

d.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in these Actions or any Enforcement Action an opportunity to try to protect its Confidential Discovery Material in the court from which the subpoena or order was issued.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  The obligations set forth in this Paragraph remain in effect so long as a Party has Confidential Discovery Material in its possession, custody or control.

19.    **Unauthorized or Inadvertent Disclosure of Confidential Discovery Material.**

a.    Each person who has access to Confidential Discovery Material, including any person to whom such Discovery Material has been disclosed, shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material or the information contained or reflected in such material, including, without limitation, in the form of notes, summaries, or analyses of such material.  Such person shall, at a minimum, (i) take commercially reasonable measures to ensure the Discovery Material is protected against loss, interference and misuse and from unauthorized access, modification and disclosure; and (ii) exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information of equivalent confidentiality.

b.    If any Receiving Party storing or maintaining Confidential Discovery Material subject to this Order discovers any loss of or a breach of security including any unauthorized access, relating to such Discovery Material, such Receiving Party shall:  (1) promptly take all necessary and appropriate corrective action to terminate the unauthorized access; (2) promptly provide written notice to the Designating Party of such breach; (3) investigate and make reasonable efforts to mitigate the effects of the breach; and (4) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach and comply with any applicable United States or foreign data privacy laws.

20.    **Obligations on Conclusion of Litigation.**

a.    Upon written request of the Designating Party within sixty (60) days after dismissal or entry of final judgment not subject to further appeal and the satisfaction of all of

Plaintiffs' judgments at issue in all Enforcement Actions, the Receiving Party in this matter shall take reasonable steps to ensure that all Confidential Discovery Material, including copies as defined in Paragraph 2, are destroyed or returned to the Designating Party, and so certified in writing, within ninety (90) days of the Designating Party's request unless (1) otherwise agreed by the parties, or (2) the document has been offered into evidence or filed without restriction as to disclosure.

b.      Notwithstanding any other provision of this Order, the obligation to return or destroy Confidential Discovery Material and all copies of such material shall not apply to (1) email correspondence related to outside counsel's representation; (2) attorney-client privileged material, and/or work product created by counsel, a Party, or a third party in connection with this litigation, which reflect, summarize, or otherwise refer to Confidential Discovery Material, including attorney notes and memoranda; and (3) deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), pleadings, motions, briefs, supporting affidavits, and other papers filed with the Court including those filed under seal. Any retained Confidential Discovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Discovery Material.

c.      Filings under seal shall be deleted from the ECF system only upon order of the Court.

## IV.    LIMITATIONS ON WAIVER OF PRIVILEGE

21.    **No Waiver by Disclosure.**

a.      This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party that produces or otherwise discloses information in connection with either or both of these Actions or any Enforcement Action thereafter claims such

information is privileged or protected by the attorney work-product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in either or both of these Actions, in any Enforcement Action, or in any other federal or state proceeding.

b.    A Producing Party may assert in writing attorney-client privilege or work-product protection with respect to Disclosed Protected Information.  The Receiving Party must—unless it contests the claim of privilege or work-product protection in accordance with sub-paragraph (c)—within five (5) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties, and (iii) provide a certification of counsel that all of the Disclosed Protected Information in the party's possession, custody, or control has been returned or destroyed.  Within five (5) business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

c.    If the Receiving Party contests the claim of privilege or work- product protection, the Receiving Party must—within five (5) business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion").  The Receiving Party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the Receiving

Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

        d.       The Parties may stipulate to extend the time periods set forth in sub-paragraphs (b) and (c).

        e.       Disclosed Protected Information that is sought to be reclaimed by the Parties pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in either or both of these Actions or any Enforcement Action.

        f.       The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this Paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information.

        g.       **Receiving Party's Obligation**.  Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court (including without limitation rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.

## V.    MISCELLANEOUS

    22.    **Non-Party Subpoenas**.  An Issuing Party shall include a copy of this Order with the subpoena.  The Issuing Party shall ensure that all other Parties receive copies of any production of information by a Non-Party in response to a subpoena or request within five (5) business days of the Issuing Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Issuing Party shall notify all other Parties of its

receipt of such production within five (5) business days, and shall provide copies of the Non-Party production to all other Parties as soon as practicable.

23.    **Notice Requirements**.  All notices required by this Order must be provided in writing to counsel of record for each Party and, if applicable, in writing to a Non-Party.  Any of the notice requirements herein may be waived in whole or in part, but only in writing by the designating Party or Non-Party.

24.    **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

25.    **No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Discovery Material by counsel or the Parties or Non-Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

26.    **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

27.    **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED this 10th day of October, 2024

_____
LORETTA A. PRESKA
Senior United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. AND PETERSEN ENERGÍA, S.A.U., <br><br>         Plaintiffs, <br><br>   - against - <br><br> ARGENTINE REPUBLIC AND YPF, S.A., <br><br>         Defendants. | No. 15 Civ. 2739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., AND ETON PARK FUND, L.P., <br><br>         Plaintiffs, <br><br>   - against - <br><br> ARGENTINE REPUBLIC AND YPF, S.A., <br><br>         Defendants. | No. 16 Civ. 8569 (LAP) |

**ATTACHMENT A**
**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

  The undersigned hereby acknowledges that he/she has read the Protective Order dated October 10, 2024 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Discovery Material in accordance with the Protective Order solely for the purposes of the above-captioned Actions or any Enforcement Action, and not to disclose any such Confidential Discovery Material to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties, including contempt of court.

Name:      _____

Employer:   _____

Address:    _____

           _____

Date:       _____

Signature:  _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. AND PETERSEN ENERGÍA, S.A.U., <br><br>                        Plaintiffs, <br> - against - <br><br> ARGENTINE REPUBLIC AND YPF, S.A., <br><br>                        Defendants. | No. 15 Civ. 2739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., AND ETON PARK FUND, L.P., <br><br>                        Plaintiffs, <br><br> - against - <br><br> ARGENTINE REPUBLIC AND YPF, S.A., <br><br>                        Defendants. | No. 16 Civ. 8569 (LAP) |

**ATTACHMENT B**
**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated October 10, 2024 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Discovery Material in accordance with the Protective Order solely for the purposes of the above-captioned Actions or any Enforcement Action, and not to disclose any such Confidential Discovery Material to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties, including contempt of court.[1]

Name: _____

Employer: _____

Address: _____

_____

Date: _____

Signature: _____

---

[1] It being understood that the fact that other employees of Burford Capital LLC, Burford Capital UK Limited, Ireton LLC, or Prospect Investments LLC who have not signed this Attachment B may have access to Confidential Discovery Material on a central shared drive shall not violate this undertaking as long as such employees are instructed in writing not to access Confidential Discovery Material.

2