# EXHIBIT A

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate rendition into English of the original document entitled "*resol-2023-130-apn-aaip*," which was written in Spanish.

City of Buenos Aires, October 11, 2024.

THE TR COMPANY TRANSLATION SERVICES

Cynthia Farber
Certified Translator
License recorded on Page 226:Book XV
Buenos Aires Translators' Association
CTPCBA No. 5402

[Coat of arms of the Argentine Republic]

**Argentine Republic – National Executive**

1983/2023 – 40 YEARS OF DEMOCRACY

**Resolution**

**No.:** RESOL-2023-130-APN-AAIP

CITY OF BUENOS AIRES

Wednesday, July 12, 2023

**Ref.:** EX-2023-60407376- -APN-DNPAIP#AAIP_Resolución

IN VIEW OF File EX-2023-60407376- -APN-DNPAIP#AAIP, Law No. 27,275, and Public Information Access Agency (AAIP) Resolution No. 4 of February 2, 2018, and

WHEREAS:

The referenced case concerns a claim for the alleged breach of Law No. 27,275 in connection with a public information request addressed to the MINISTRY OF WOMEN, GENDERS, AND DIVERSITY.

Pursuant to Article 19 of Law No. 27,275, the PUBLIC INFORMATION ACCESS AGENCY (AAIP) must ensure compliance with the principles and procedures set forth in that law, guarantee the effective exercise of the right to access public information, promote active transparency measures, and serve as Enforcement Authority for Law No. 25,326 on Personal Data Protection.

On May 2, 2023, Samuel Elías GONZÁLEZ submitted a public information request to the MINISTRY OF WOMEN, GENDERS, AND DIVERSITY, processed under File EX-2023-48738217- -APN-DNPAIP#AAIP, asking for information and supporting documentation related to the e-mail account of Mr. Federico LUCHINI (fluchini@mingeneros.gob.ar), specifically copies of all e-mails sent and received from January 1, 2021 until the date of response to his request, including those classified as spam, notifications, promotions, etc., whether encrypted or not, as well as all documentation contained in each e-mail, such as agreements, contracts of any type, receipts, slips, Excel files, Google Drive links, flyers, invoices, and so on, in addition to screenshots of each e-mail clearly showing the sender and recipient(s).

On May 23, 2023, the reporting entity informed the requester through notice IF-2023-59037237-APN-DNPSYGI#MMGYD that providing the requested information would constitute an excessive burden inasmuch as it would require processing a vast amount of information stored in various formats on computer servers, encrypted and stored with the technological safeguards necessary for this purpose, totaling three years' worth of information produced through an e-mail account, all of which would obstruct the agency's regular activities.

The reporting entity also stated that the correspondence, even if sent and received through a work e-mail account, is of a personal nature and contains multiple sensitive pieces of information.

In response to the reporting entity's reply, Samuel Elías GONZÁLEZ filed the claim with the AAIP on May 27, 2023, which is addressed herein.

On May 29, 2023, the reporting entity was informed of the claim and was asked to submit copies of the related proceedings and provide any other documentation and/or information deemed relevant for the resolution of the case.

The reporting entity responded on June 26, 2023, refusing to disclose the requested information based on the exceptions set forth in Section 8 (d) and (i) of Law No. 27,275 and the burden involved in analyzing and subsequently dissociating or redacting the information. It further stated that part of the work material stored in an e-mail account is of a sensitive nature, as it includes information regarding the personal circumstances of members of the work team (personal, medical, psychological, and emotional matters, etc.), information related to third parties (business proposals, contracts, banking details, etc.), much of which is subject to confidentiality clauses, and reports on system administration, management, and status, asset and infrastructure safeguards and access policies, password administration, risk and contingency reports, etc.

Moreover, the reporting entity emphasized that the right to the confidentiality of correspondence, enshrined in Sections 18 and 19 of the Argentine Constitution, extends to the e-mails of public officials, mentioning that Section 5 of Law No. 27,078 includes e-mails as confidential correspondence whose interception, registration, and analysis may only proceed upon the request of a court of competent jurisdiction.

Before analyzing the case at hand, it is important to highlight that access to public information is a human right enshrined in Article 13 of the American Convention on Human Rights, it holds fundamental importance for democracy and the exercise of other rights, and it has been widely recognized by the case law of the Inter-American Court of Human Rights (Claude Reyes v. Chile; Flores Bedregal v. Bolivia) and the Supreme Court of Justice of Argentina (CIPPEC v. Ministry of Social Development; Giustiniani v. Y.P.F. S.A.).

E-mails, as well as other forms of electronic and instant communications, are currently among the most widely used means of communication in personal, work, business, and other contexts, replacing traditional paper correspondence due to their efficiency, speed, practicality, and cost-effectiveness.

In the draft bill on the protection of e-mail communications, which was included as Annex I to SECRETARIAT OF COMMUNICATIONS Resolution No. 333/2001, e-mail is defined as any correspondence, message, file, data, or other electronic information transmitted to one or more persons through an interconnection network between computers (Article 1) and, for legal purposes, e-mail is equated with postal correspondence (Article 2).

The Labor Court of Appeals in and for the City of Buenos Aires similarly held that e-mail means "... *any correspondence, message, file, data, or other electronic information transmitted to one or more persons through an interconnection network between computers*" (Division VII, March 27,

2003, "*Pereyra, Leandro R. v. Servicios de Almacén Fiscal Zona Franca y Mandatos S.A.*", ruling of March 27, 2003).

E-mail is equivalent to conventional paper-based mail, enabling remote communication with one or more recipients simultaneously, at low cost and in a short time, depending on the type of network access given by each provider.

Both postal mail and e-mail are used to convey ideas and thoughts to specific recipients, maintaining confidentiality with respect to other parties to whom they are not addressed.

The general rule is the confidentiality of communications, which means the freedom to communicate with others through a specific medium without the content of the communication being disclosed, which is an integral part of the right to privacy and personal dignity.

Regarding the right to privacy, Section 18 of the Argentine Constitution provides that a person's domicile is inviolable, as are their postal correspondence and private papers, and specifies that the circumstances and grounds pursuant to which they may be searched and seized shall be determined by law. Section 19 exempts from judicial authority any private actions that in no way offend public order or morality or harm third parties.

The right to privacy and the protection of correspondence are also recognized in various international treaties that, following the 1994 constitutional reform, have constitutional status (Section 75(22) of the Argentine Constitution).

While constitutional and international provisions explicitly protect postal correspondence, legal scholars and case law argue that this right must encompass any other form of communication, regardless of the medium used.

In this regard, it has been stated that "*a third party's access to an e-mail, whether personal or work-related, may potentially conflict with many of the fundamental rights outlined in Section 18 of the Argentine Constitution; namely, the right to privacy, the right to personal and family confidentiality, the right to have a private life, and, finally, the right to the secrecy of communications*" (DURRIEU, Roberto; "*¿Puede la empresa acceder al e-mail de sus empleados?*" L.L. 2008-C, page 1032).

In various labor court proceedings, it was held that employees retain a certain degree of privacy during their work activities, and employers are generally prohibited from reading e-mails sent or received by their employees due to the right to privacy, which is an inherent and inviolable aspect of their dignity and self-determination (CNPN I, City of Buenos Aires, May 18, 2005, "C.M. PUBLICACIONES"; JA 10/19/05, page 82).

Section 155 of the Argentine Criminal Code recognizes the privacy and inviolability of e-mail, placing it on equal footing with postal correspondence, thereby settling any debate that might exist in our country regarding the equivalence of these two forms of communication.

Law No. 27,078, a public policy regulation that seeks to provide all inhabitants of the Argentine Republic with access to information and communication services under equitable social and geographical conditions, aims, among other things, to guarantee the human right to communication and telecommunications and to recognize Information and Communication Technologies (ICT) as a predominant factor in the technological and productive independence of our Nation.

Section 5 of the aforementioned law provides that correspondence—understood as any communication made through Information and Communication Technologies (ICT), including traditional postal mail, e-mail, or any other mechanism that induces the user to assume its privacy and the privacy of associated traffic data—transmitted through telecommunications networks and services is inviolable and its interception, as well as its subsequent recording and analysis, may only proceed at the request of a competent court.

In light of the general protection afforded to e-mail exchanges, it is necessary to address the specific characteristics of e-mails belonging to public officials, which constitute the subject matter of the public information access request under review.

Section 3 of Law No. 27,275 provides a broad definition of public information, encompassing all types of data contained in documents of any format that reporting entities generate, obtain, transform, control, or safeguard, regardless of their form, medium, origin, date of creation, or official nature.

In accordance with the principle of Maximum Disclosure, also set forth in Section 3 of Law No. 27,275, "[a]ccess to public information may only be limited where any of the exceptions provided in this law applies, based on the needs of a democratic and republican society and in proportion to the underlying public interest."

This guiding principle entails that any denial of public information must be based on one of the exceptions expressly set forth in the law and on a proportionality assessment that weighs the impact on the protected legal interest in relation to the public interest involved.

Regarding e-mails of public officials, neither legal scholars nor case law in the region provide a unified criterion regarding the extent of the right to access public information.

This Agency has ruled on numerous occasions about the lower expectations of privacy applicable to public officials and the increased social scrutiny to which the exercise of public office exposes them, emphasizing that this different threshold of protection is justified by the public interest inherent in their activities, inasmuch as those activities fall outside the private sphere and into the realm of public debate (Inter-American Court of Human Rights, Herrera Ulloa v. Costa Rica, 2004, Series C 107, paragraph 129).

However, public officials or employees cannot be deprived of the guarantees safeguarding their right to privacy and the protection of their correspondence, as this would result in a serious constitutional violation.

In a state governed by the rule of law, the exercise of public office cannot be tantamount to an absolute restriction of the rights enshrined in the Argentine Constitution and international human rights instruments, meaning that public officials and employees retain their rights to privacy, communication, and the protection of human dignity—rights that must be balanced and reconciled with others, such as the right to access public information.

E-mails, on equal footing with postal correspondence, deserve the highest level of protection, as established by the Argentine Constitution, even if they were received or sent through the institutional mailboxes of public officials and employees.

There is confidentiality stemming from the secrecy protecting private communications that extends to e-mails received and sent through the institutional mailbox of a public official, considering also that their disclosure may affect the rights or legitimate interests of third parties, all of which must be analyzed based on the specific circumstances of each case.

In light of the foregoing, it may be gathered that the information contained in correspondence in general, and e-mails in particular, falls under the provision of Section 8(d) of Law No. 27,275 by virtue of the presumption of confidentiality applicable thereto. Furthermore, e-mails may contain information of various types that may trigger different exceptions provided by the cited section, although such determination is not possible beforehand.

However, the principle of Facilitation, set forth in Section 2 of Law No. 27,275, provides that no public authority may refuse to disclose a document under the exceptions contained in this law unless the harm caused to the protected interest is greater than the public interest in obtaining the information, which makes it necessary to review the public interest involved in each specific case, considering the context and circumstances of the respective request for information.

In light of the request under review asking for access to public information regarding institutional e-mails, which would be protected by the exception provided in Section 8(d) of Law No. 27,275, it is necessary to weigh the public interest involved against the protected legal interest specified by the exceptions to public information access in order to determine whether disclosure of the information is warranted.

Furthermore, the reporting entity argued that the requested e-mails could contain personal data relating to the individuals who make up the Office of Infrastructure and General Services, including health-related information, which constitutes sensitive data (Section 2 of Law No. 25,326).

Section 8(i) of Law No. 27,275 provides that one exception to the norm is any information that contains personal data and cannot be provided by applying dissociation procedures, unless the legality conditions set forth in Law No. 25,326 on personal data protection, as amended, are met.

As regards the abovementioned Section 8(i), Decree No. 206/2017 provides that the exception does not apply where the data relates to the functions of public officials, and reporting parties cannot invoke this exception if the harm caused to the protected interest is less than the public interest in obtaining the information.

Section 5 of Law No. 27,275 specifies that information must be provided in its current condition at the time the request is made, with the reporting entity not being required to process or classify it.

The information request in this procedure encompasses all e-mails, along with their respective attachments, received and sent by a public official over a period of TWO (2) years and FIVE (5) months.

In this regard, since no specific guideline has been provided to narrow down the search—such as identifying a particular topic for which information is sought—there are insufficient elements to attempt a reasonable assessment of the public interest involved in relation to the protected legal interest specified by the exceptions to public information access and, therefore, it is not possible to determine whether or not disclosure is appropriate, which would require analyzing the content of each of the documents covered by the request.

Such analysis is impossible to perform, considering that institutional and financial resources must be allocated reasonably and prudently when addressing public information access requests.

A generic request for e-mails—such as the one involved in the present case—that is not restricted to a specific timeframe and does not specify the subject matter or type of information sought, among other reasonable guidelines, does not provide the elements necessary to weigh the right to access information against the constitutional safeguards related to the protection of communications and the dignity of all individuals in Argentina, regardless of whether they perform public functions.

Given the factual and legal background presented so far, the claim must be dismissed in accordance with Section 17(a) of Title IV of Law No. 27,275.

The Legal Affairs Office of the PUBLIC INFORMATION ACCESS AGENCY has reviewed this case and given its opinion before the issuance of this administrative resolution.

This resolution is issued under the authority granted by Sections 17 and 24(o) of Law No. 27,275.

Now, therefore,

THE DIRECTOR OF THE

PUBLIC INFORMATION ACCESS AGENCY

HEREBY RESOLVES AS FOLLOWS:

ARTICLE 1. The claim submitted by Samuel Elías GONZÁLEZ regarding the request for public information addressed to the MINISTRY OF WOMEN, GENDERS, AND DIVERSITY on May 2, 2023, is dismissed.

ARTICLE 2. This resolution shall be notified and subsequently placed on file.

[Digital signature of Beatriz de Anchorena, Director of the Public Information Access Agency.]



**República Argentina - Poder Ejecutivo Nacional**
1983/2023 - 40 AÑOS DE DEMOCRACIA

Resolución

Número: RESOL-2023-130-APN-AAIP

CIUDAD DE BUENOS AIRES
Miércoles 12 de Julio de 2023

Referencia: EX-2023-60407376- -APN-DNPAIP#AAIP_Resolución

VISTO el Expediente EX-2023-60407376- -APN-DNPAIP#AAIP, la Ley N° 27.275, la Resolución AAIP N° 4 del 2 de febrero de 2018, y

CONSIDERANDO:

Que por las actuaciones de referencia tramita un reclamo por presunto incumplimiento a lo estipulado en la Ley N° 27.275, vinculado con una previa solicitud de información pública dirigida al MINISTERIO DE LAS MUJERES, GÉNEROS Y DIVERSIDAD.

Que, según el artículo 19 de la Ley N° 27.275, la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA (AAIP) debe velar por el cumplimiento de los principios y procedimientos establecidos en la norma referida, garantizar el efectivo ejercicio del derecho de acceso a la información pública, promover medidas de transparencia activa y actuar como Autoridad de Aplicación de la Ley de Protección de Datos Personales N° 25.326.

Que el 2 de mayo de 2023, Samuel Elías GONZÁLEZ presentó una solicitud de información pública ante el MINISTERIO DE LAS MUJERES, GÉNEROS Y DIVERSIDAD, que tramitó por Expediente EX-2023-48738217- -APN-DNPAIP#AAIP, requiriendo información y documentación respaldatoria correspondiente a la casilla de correo electrónico correspondiente al señor Federico LUCHINI (fluchini@mingeneros.gob.ar), específicamente: copia de todos los *e-mails* enviados y recibidos desde el 1 de enero de 2021 hasta que se brinde respuesta a su solicitud, incluyendo los que se encuentren en *spam*, notificaciones, promociones, etcétera, encriptados o no; así como de toda documentación que se encuentre en cada email, como convenios, contratos de cualquier tipo, recibos, comprobantes, archivos de excel, *links* de *drive*, *flyers*, facturas, etcétera, y acompañar captura de pantalla de cada email, donde se vean de forma clara su emisor y receptor/es.

Que el 23 de mayo de 2023, el sujeto obligado notificó el IF-2023-59037237-APN-DNPSYGI#MMGYD al solicitante, indicando que la entrega de la información implicaría una carga excesivamente gravosa por resultar necesario procesar una enorme cantidad de información alojada en diversos formatos en servidores informáticos, encriptada y almacenada con la debida salvaguarda que a estos fines las tecnologías utilizan, que durante tres años

se produjo a través de una casilla de mail, lo cual redundaría en una obstrucción de la actividad habitual del organismo.

Que también consideró que la correspondencia, aun cuando gestionada desde la casilla de correo laboral, resulta personal e incluye múltiples informaciones sensibles.

Que, frente a la respuesta del sujeto obligado, Samuel Elías GONZÁLEZ promovió el 27 de mayo de 2023 el reclamo ante la AAIP que aquí se trata.

Que el 29 de mayo de 2023 se puso en conocimiento del sujeto obligado el reclamo, solicitándole que remitiera copias de las actuaciones relacionadas y brindara toda otra documentación y/o información que considerase pertinente para la resolución del caso.

Que el sujeto obligado dio respuesta el 26 de junio de 2023, denegando la entrega de la información solicitada con fundamento en las excepciones de los incisos d) e i) del Artículo 8° de la Ley 27.275 y en el gravoso esfuerzo que implicaría el análisis de la información y la utilización del sistema de tachas o disociación; e indicando que parte del material de trabajo obrante en una casilla de correo reviste carácter sensible por incluir información relativa a las realidades humanas que atraviesan las personas que integran el equipo de trabajo (temas personales, médicos, psicológicos, afectivos, etc.); informaciones relativas a terceros (propuestas comerciales, contractuales, datos bancarios, etc.), muchas alcanzadas por cláusulas de confidencialidad; o, informes sobre estados de situación, administración y gestión de sistemas, políticas de acceso y salvaguarda de activos e infraestructuras, administración de contraseñas, informes de riesgos y contingencias, etc.

Por otra parte, resaltó que la garantía de la inviolabilidad de la correspondencia, reconocida por los artículos 18 y 19 de la Constitución Nacional, alcanza a los correos electrónicos de las y los funcionarios públicos, mencionando que el artículo 5 de la Ley N.º 27.078 incluye a los correos electrónicos entre la correspondencia considerada inviolable, cuya interceptación, registro y análisis sólo procede a requerimiento de juez competente.

Que previo al análisis de las presentes actuaciones, es preciso destacar que el acceso a la información pública es un derecho humano que se encuentra receptado en el Artículo 13° de la Convención Americana sobre Derechos Humanos; reviste una importancia fundamental para la democracia y el ejercicio de otros derechos; y fue ampliamente reconocido por la jurisprudencia de la Corte Interamericana de Derechos Humanos (Claude Reyes vs. Chile; Flores Bedregal vs. Bolivia) y de la Corte Suprema de Justicia de la Nación (CIPPEC c/ Ministerio de Desarrollo Social; Giustiniani c/ Y.P.F. S.A).

Que los correos electrónicos, así como las demás comunicaciones de naturaleza electrónica e instantánea, son en la actualidad uno de los medios de comunicación más utilizados en ámbitos personales, laborales, comerciales y de cualquier otra índole, reemplazando al correo epistolar en soporte papel debido a su eficacia, celeridad, practicidad y economicidad.

Que en el anteproyecto de ley de protección del correo electrónico, que como Anexo I integró la Resolución de la SECRETARÍA DE COMUNICACIONES N° 333/2001, se estableció que se entiende por correo electrónico a toda correspondencia, mensaje, archivo, dato u otra información electrónica que se transmite a una o más personas por medio de una red de interconexión entre computadoras (artículo 1°); y que, a los efectos legales, el correo electrónico se equipara a la correspondencia epistolar (Artículo 2°).

Que en idéntico sentido se expidió la Cámara Nacional del Trabajo, definiendo al correo electrónico como "… *toda correspondencia, mensaje, archivo, dato u otra información electrónica que se transmite a una o más*

*personas por medio de una red de interconexión entre computadoras*" (Sala VII, 27/3/2003, "Pereyra, Leandro R. c/ Servicios de Almacén Fiscal Zona Franca y Mandatos S.A.", sentencia del 27 de marzo del año 2003).

Que el correo electrónico es un equivalente al correo convencional en soporte papel que permite establecer comunicaciones a distancia con uno o varios receptores simultáneamente, a bajo costo y en un tiempo breve, de acuerdo al tipo de acceso a la red que brinde cada proveedor.

Que tanto la correspondencia postal como el correo electrónico se utilizan para transmitir expresión de ideas y pensamientos a destinatarios determinados, manteniéndolos en reserva respecto de otras personas a quienes no están dirigidos.

Que la regla general es la confidencialidad de las comunicaciones, lo cual se entiende como la libertad de relacionarse con otra u otras personas a través de un medio destinado al efecto sin que trascienda el contenido del proceso comunicativo, parte integrante del derecho a la intimidad y la dignidad de las personas.

Que respecto del derecho a la intimidad, la Constitución Nacional dispone, en su artículo 18, que el domicilio es inviolable, como también la correspondencia epistolar y los papeles privados, y que una ley determinará en qué casos y con qué justificativos podrá procederse a su allanamiento y ocupación; mientras que en el Artículo 19 exime de la autoridad de los magistrados a las acciones privadas que, de ningún modo, ofendan al orden, o a la moral pública, ni perjudiquen a terceros.

Que el derecho a la intimidad y la protección de la correspondencia también encuentran recepción en distintos tratados internacionales que, a partir de la reforma de 1994, tienen jerarquía constitucional (artículo 75, inciso 22, de la Constitución Nacional).

Que si bien los preceptos constitucionales y convencionales fijan una protección expresa en lo que atañe a la correspondencia epistolar, existe doctrina y jurisprudencia que considera que este derecho debe extenderse a cualquier otra forma de comunicación, con prescindencia del soporte utilizado.

Que, en este sentido, se afirmó que "*el acceso de un tercero a un correo electrónico, ya sea privado o laboral, plantea la posibilidad de entrar en fricción con una buena parte de los derechos fundamentales contemplados en el artículo 18° de nuestra Constitución Nacional; esto es, con el derecho a la intimidad, derecho a la reserva personal y familiar, derecho a la privacidad y, finalmente, derecho al secreto de las comunicaciones*" (DURRIEU, Roberto; "¿Puede la empresa acceder al e-mail de sus empleados?" L.L. 2008-C, pág. 1032).

Que, en diversos planteos llevados adelante en el fuero laboral, se consideró que las personas empleadas conservan cierto ámbito de privacidad durante el desarrollo de sus tareas, y el empleador tiene prohibido, en principio, leer e-mails enviados o recibidos por sus empleados y empleadas en virtud del derecho de privacidad que les asiste, que hace a la indiscutible e impenetrable dignidad y autodeterminación que titularizan; (V. CNPN I, Capital Federal, 18-5-2005, carátula: "C.M. PUBLICACIONES"; JA 19-10-05, 82).

Que en su artículo 155 el Código Penal de la Nación Argentina reconoce la privacidad e inviolabilidad del correo electrónico, colocándolo a la misma altura que el correo epistolar, concluyendo cualquier debate que pudiera existir en nuestro país sobre la equiparación de estas dos vías de comunicación.

Que la Ley N° 27.078, norma de orden público cuyo objeto es posibilitar el acceso de la totalidad de los habitantes de la República Argentina a los servicios de la información y las comunicaciones en condiciones sociales y geográficas equitativas, tiene como finalidad, entre otras, garantizar el derecho humano a las

comunicaciones y a las telecomunicaciones, y reconocer a las Tecnologías de la Información y las Comunicaciones (TIC) como un factor preponderante en la independencia tecnológica y productiva de nuestra Nación.

Que mediante el artículo 5° de la Ley antes mencionada se estableció que la correspondencia, entendida como toda comunicación que se efectúe por medio de Tecnologías de la Información y las Comunicaciones (TIC), entre las que se incluyen los tradicionales correos postales, el correo electrónico o cualquier otro mecanismo que induzca al usuario a presumir la privacidad del mismo y de los datos de tráfico asociados a ellos, realizadas a través de las redes y servicios de telecomunicaciones, es inviolable; y que su interceptación, así como su posterior registro y análisis, sólo procederá a requerimiento de juez competente.

Que habiendo establecido la protección general con la que cuenta el intercambio de correos electrónicos, es preciso abordar las particulares características de los correos electrónicos de funcionarios públicos, objeto de la solicitud de acceso a la información pública bajo examen.

Que la Ley N° 27.275 recepta, en su artículo 3°, una definición de información pública amplia, que abarca a todo tipo de dato contenido en documentos de cualquier formato que los sujetos obligados) generen, obtengan, transformen, controlen o custodien, independientemente de su forma, soporte, origen, fecha de creación o carácter oficial.

Que, en virtud del principio de Máxima Divulgación, receptado también en el en el Artículo 3° de la Ley N° 27.275, *"El acceso a la información pública sólo puede ser limitado cuando concurra alguna de las excepciones previstas en esta ley, de acuerdo con las necesidades de la sociedad democrática y republicana, proporcionales al interés que las justifican"*.

Que tal principio rector implica que cualquier denegatoria de información pública debe basarse en alguna de las excepciones establecidas, taxativamente, en la ley y en un examen de proporcionalidad que pondere la afectación del bien jurídico protegido en relación con el interés público involucrado.

Que, en lo que respecta a los correos electrónicos de las y los funcionarios públicos, no existe, ni en la doctrina ni en la jurisprudencia de la región, un criterio unificado respecto del alcance del derecho de acceso a la información pública.

Que esta Agencia se ha pronunciado en numerosas ocasiones sobre la menor expectativa de privacidad que gozan las y los funcionarios públicos y el mayor escrutinio por parte de la sociedad al que el ejercicio de la función pública los expone; resaltando que este umbral diferente de protección se justifica en el carácter de interés público que conllevan sus actividades, ya que las mismas salen del dominio de la esfera privada para insertarse en la esfera del debate público (Corte Interamericana de Derechos Humanos. Caso Herrera Ulloa Vs. Costa Rica. 2004. Serie C 107. Párr. 129).

Que, sin embargo, en ningún caso los funcionarios o empleados públicos pueden ser privados de las garantías que hacen a su derecho a la privacidad y a la protección de su correspondencia, toda vez que ello redundaría en una grave afectación constitucional.

Que, en un Estado de Derecho, el ejercicio de la función pública no puede ser sinónimo de la restricción absoluta de los derechos consagrados en la Constitución Nacional y los instrumentos internacionales de Derechos Humanos, por lo que las y los funcionarios y empleados públicos no dejan de ser titulares del derecho a la privacidad, a la comunicación y a la protección de la dignidad humana; derechos que deben ser armonizados y

compatibilizados con otros, tales como el de acceso a la información pública.

Que los correos electrónicos, al ser equiparados a la correspondencia epistolar, merecen el máximo umbral de protección, tal como lo establece la Constitución Nacional, aún si estos fueron recibidos o enviados por medio de casillas institucionales de funcionarios y empleados públicos.

Que existe una confidencialidad derivada del secreto que ampara a las comunicaciones privadas que abarca a los correos electrónicos recibidos y enviados mediante la casilla institucional de un funcionario público; considerando, además, que su divulgación puede afectar también los derechos o intereses legítimos de terceros, todo lo cual debe analizarse según las circunstancias concretas de cada caso.

Que, en función de lo expuesto, cabe concluir que la información contenida en la correspondencia, en general, y los correos electrónicos, en particular, encuadra en el supuesto previsto por el art. 8, inc. d), de la Ley 27.275 en virtud de la presunción de confidencialidad que recubre, y puede además contener información de diversa índole que hagan aplicables diversas excepciones de las previstas por el artículo citado, sin que pueda esto determinarse a priori.

Que, no obstante ello, el principio de Facilitación, receptado en el Artículo 2° de la Ley N° 27.275, establece que ninguna autoridad pública puede negar la divulgación de un documento de conformidad con las excepciones contenidas en la presente ley, salvo que el daño causado al interés protegido sea mayor al interés público de obtener la información, lo cual implica la necesaria evaluación del interés público involucrado en el caso concreto, ajustándose al contexto y circunstancias de cada solicitud de información.

Que ante la presente solicitud de acceso a la información pública referida a correos electrónicos institucionales, que se encontrarían amparados por la excepción prevista en el inciso d) del art. 8° de la Ley 27.275, es necesario proceder a la ponderación del interés público comprometido en relación con el bien jurídico protegido por las excepciones al acceso a la información pública, a los fines de determinar si corresponde o no la divulgación de la información.

Que, por otra parte, el sujeto obligado sostuvo que los correos electrónicos requeridos contendrían datos personales relativos a las personas que integran el equipo de trabajo de la Dirección de Infraestructura y Servicios Generales, incluyendo información relativa a su salud, lo cual constituye datos sensibles (Ley N° 25.326, artículo 2°).

Que el inciso i) del Artículo 8° de la Ley N° 27.275 recepta como excepción a la norma la información que contenga datos personales y no pueda brindarse aplicando procedimientos de disociación, salvo que se cumpla con las condiciones de licitud previstas en la ley 25.326 de protección de datos personales y sus modificatorias.

Que el Decreto N° 206/2017 dispuso, respecto del inciso i) antes mencionado, que la excepción de datos personales será inaplicable cuando los datos estén relacionados con las funciones de los funcionarios públicos, y que los sujetos obligados no podrán invocar esta excepción si el daño causado al interés protegido es menor al interés público de obtener la información.

Que el Artículo 5° de Ley N° 27.275 establece que la información debe ser brindada en el estado en el que se encuentre al momento de efectuarse la solicitud, no estando obligado el sujeto requerido a procesarla o clasificarla.

Que el requerimiento de información que es objeto de este trámite abarca a la totalidad de los correos

electrónicos, con sus correspondientes archivos adjuntos, recibidos y enviados por un funcionario público a lo largo de un periodo de DOS (2) años y CINCO (5) meses.

Que, en tal sentido, al no haberse dado ninguna pauta precisa que permita acotar la búsqueda, indicado, por ejemplo, una temática determinada respecto de la cual se pretende obtener información, se carecen de los elementos necesarios para intentar realizar una ponderación razonable del interés público comprometido en relación con el bien jurídico protegido por las excepciones al acceso a la información pública, a los fines de determinar si corresponde o no la divulgación de la información, para lo cual se debería analizar el contenido de cada uno de los documentos involucrados.

Que dicho análisis significa una tarea de imposible realización, considerando los recursos institucionales y económicos que deben destinarse, razonable y prudencialmente, a la atención de los requerimientos de acceso a la información.

Que una solicitud de correos electrónicos genérica, como la del presente caso, que no se encuentre delimitada en su marco temporal y no precise la temática o materia de la información que se pretende obtener, entre otras pautas razonables que puedan indicarse, no permite contar con los elementos necesarios para armonizar el derecho de acceso a la información con las garantías constitucionales vinculadas a la protección de las comunicaciones y la dignidad humana que asisten a todos los habitantes de la Nación Argentina, ejerzan o no la función pública.

Que, por los antecedentes de hecho y de derecho expuestos, corresponde rechazar el presente reclamo de acuerdo a lo previsto en el Artículo 17, inciso a), acápite IV, de la Ley N° 27.275.

Que la Dirección de Asuntos Jurídicos de esta AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA tomó la intervención que le compete, con carácter previo al dictado del presente acto administrativo.

Que la presente se dicta en uso de las facultades conferidas por el Artículo 17 y 24, inciso o), de la Ley N° 27.275.

Por ello,

LA DIRECTORA DE LA

AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA

RESUELVE:

ARTÍCULO 1°.- Recházase el reclamo interpuesto por Samuel Elías GONZÁLEZ vinculado con la solicitud de información pública dirigida el 2 de mayo de 2023 al MINISTERIO DE LAS MUJERES, GÉNEROS Y DIVERSIDAD.

ARTÍCULO 2°.- Comuníquese y, oportunamente, archívese.

Beatriz de Anchorena
Directora
Agencia de Acceso a la Información Pública