KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
―――
(202) 326-7900

FACSIMILE:
(202) 326-7999

December 3, 2024

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739
        *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

      Plaintiffs respectfully request a pre-motion conference regarding their intent to move for clarification of the Court's November 15, 2024 Order staying "alter ego discovery already underway . . . pending a determination of the impact, if any, of *Peterson*" on this case. ECF 685 at 2. Plaintiffs seek to clarify that the Court's order does not stay discovery that Plaintiffs seek from (1) the Republic or (2) non-sovereign non-parties.

      The decision to provide "clarification of a prior order is within the sound discretion of the Court." *Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc.*, 2014 WL 13111005, at *1 (S.D.N.Y. Feb. 3, 2014) (Preska, J.) (citations omitted) (granting motion for clarification). "Clarifications of orders previously issued, which may be obtained on motion or made *sua sponte* by the court, add certainty to an implicated party's efforts to comply with the order." *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984); *see, e.g.*, *SEC v. Ripple Labs, Inc.*, 2022 WL 1078533, at *5 (S.D.N.Y. Apr. 11, 2022) (granting motion and providing clarification), *objections overruled*, 2022 WL 4584111 (S.D.N.Y. Sept. 29, 2022).

      *Peterson* can have no effect on Plaintiffs' seeking discovery from the Republic or non-sovereign non-parties because *Peterson* did not concern subject-matter jurisdiction with respect to those entities. In *Peterson*, the Second Circuit held that this Court lacked subject-matter jurisdiction over the plaintiffs' enforcement action against Bank Markazi—an instrumentality of Iran—because neither 22 U.S.C. § 8772 (a statute affecting certain financial assets of Iran) nor ancillary jurisdiction abrogated the bank's jurisdictional immunity under the Foreign Sovereign Immunities Act ("FSIA"). *Peterson v. Bank Markazi*, 2024 WL 4758719, at *11 (2d Cir. Nov.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Loretta A. Preska
December 3, 2024
Page 2

13, 2024).  Iran (the judgment-debtor) did not contest the court's jurisdiction over it, so the opinion is silent on that issue.  And the non-sovereign defendant (Clearstream, a Luxembourg-based entity) did not contest the court's subject-matter jurisdiction, instead arguing that personal jurisdiction was lacking—an argument the Second Circuit rejected by applying ordinary personal jurisdiction principles.  *Id*. at *15.

      In addition, even if *Peterson* has some effect on the Court's subject-matter jurisdiction in a proceeding involving YPF or other sovereign entities, Plaintiffs may use discovery from the Republic and non-sovereign non-parties to seize assets outside the United States.  As Plaintiffs recently informed the Court in connection with the parties' dispute over revisions to the Protective Order, Plaintiffs intend to use discovery obtained under the supervision of this Court "to support foreign proceedings to enforce the Judgment or any foreign judgment recognizing the Judgment (proceedings Plaintiffs have initiated due to the Republic's refusal to satisfy the Judgment)."  ECF 663 at 1.  *Peterson* should not impair Plaintiffs' ability to seek discovery for that purpose.

      Clarification with respect to discovery from the Republic is also warranted because the Republic has already taken the view that it need not perform discovery tasks previously ordered by the Court.  On August 20, 2024, the Court ordered "[t]he Republic and its e-discovery vendor [to] provide Plaintiffs with progress reports on the ESI collection process, including identification of the custodians and data affected," "until the ESI production is complete."  ECF 634 at 1.  This ESI is responsive to requests Plaintiffs served on October 16, 2023, as part of Plaintiff's First Post-Judgment Requests for Production.  But the Republic contends that the Court's November 15 stay absolves it of the need to provide those updates.  The Court should clarify that the Republic must continue performing the ESI work Plaintiffs have been awaiting for now over a year and updating Plaintiffs on its progress.

      Respectfully submitted,

      */s/ Andrew E. Goldsmith*
      Andrew E. Goldsmith

Cc:    All counsel of record via ECF