## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 5, 2024

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY 10007.

      Re:  *Petersen Energía Inversora* v. *Argentine Republic*, 15-cv-2739;
            *Eton Park Capital Mgmt.* v. *Argentine Republic*, 16-cv-8569

Dear Judge Preska:

     On behalf of the Argentine Republic, I respond to Plaintiffs' December 3, 2024 letter ("Letter"; *Petersen* ECF No. 688) requesting a pre-motion conference on their proposed motion to clarify the Court's November 15, 2024 Order ("November 15 Order"; *Petersen* ECF No. 685). Plaintiffs purport to seek clarification of the Court's Order that "[t]he alter ego discovery already underway is stayed pending a determination of the impact, if any of *Peterson* [v. *Bank Markazi*, 2024 WL 4758719 (2d Cir. Nov. 13, 2024)]." But there is nothing to clarify, and Plaintiffs' request—which comes a week *after* the Court entered the agreed briefing schedule on the impact of *Bank Markazi* on these very issues—should be denied.

     The November 15 Order directs the parties and YPF to "submit further briefing concerning the applicability and impact" of *Bank Markazi* on three discrete pending enforcement-related issues remaining in the case. One issue is "Plaintiffs' remaining requests for alter-ego discovery." (*Petersen* ECF No. 685). The November 15 Order directed the parties and YPF to propose a briefing schedule to the Court no later than November 22, 2024, and ordered that "[t]he alter ego discovery already underway is stayed pending a determination of the impact, if any, of [*Bank Markazi*]." (*Id.*)

The Honorable Loretta A. Preska                                                                              -2-

In accordance with the November 15 Order, Plaintiffs, the Republic, and YPF submitted a briefing schedule on November 22, which the Court entered on November 26. (*Petersen* ECF No. 687.) Under that schedule, the parties' and YPF's opening briefs on how *Bank Markazi* impacts the issues before the Court are due on December 20, a little over two weeks from today. At no time during discussions over the briefing schedule did Plaintiffs suggest that anything in the November 15 Order required clarification or earlier briefing.

Now, however, rather than follow the agreed-upon briefing schedule, Plaintiffs ask the Court to decide immediately, out of order, how *Bank Markazi* impacts a subset of the issues raised by the Court: alter-ego discovery from the Republic and third parties. (Ltr. at 1 (arguing that *Bank Markazi* "can have no effect on Plaintiffs' seeking [alter ego] discovery from the Republic or non-sovereign non-parties because [it] did not concern subject-matter jurisdiction with respect to those entities").) The Republic disagrees with Plaintiffs' position. *Bank Markazi*, among other things, substantially clarified Second Circuit law regarding the enforcement of judgments against sovereign instrumentalities under "alter ego" theories, *see* 2024 WL 4758719 at *10. And, in any event, the "impact, if any" of *Bank Markazi* is the exact subject of the briefing already ordered by the Court. That briefing should follow the agreed-upon schedule. There is no reason to deviate from that schedule when the November 15 Order expressly stayed "*[t]he* alter ego discovery already underway" (emphasis added)—not some of it—pending the further briefing the Court directed.

Plaintiffs also wrongly—and baselessly—suggest that the Republic is flouting its discovery obligations. According to Plaintiffs, "the Republic has already taken the view that it need not perform discovery tasks previously ordered by the Court," and the Court should "clarify that the Republic must continue performing the ESI work Plaintiffs have been awaiting for now over a year and updating Plaintiffs on its progress." (Ltr. at 2.) Not true. On November 26, the Republic informed Plaintiffs that, notwithstanding the ongoing stay of alter ego discovery, the Republic was continuing to perform ESI work and provided to Plaintiffs its monthly progress report on that work as a courtesy. For the most recent period, the Republic reported that its vendor had made progress in restoring backup tapes and was

The Honorable Loretta A. Preska                                                    -3-

continuing that work so that documents can be produced if the Court lifts the current stay.[1]

\*   \*   \*

Plaintiffs' true intentions in pursuing post-judgment discovery before this Court and recognition and enforcement before various non-U.S. courts while the appeal is pending were made explicit by the CEO of Plaintiffs' litigation financier Burford during its November 7 earnings call: "the purpose of our strategy is more about bringing Argentina to the table than it is about actually seizing and selling off assets." (Ex. A, Burford Capital Q3 2024 Earnings Call Transcript, at 10.) Burford's CEO belittled asset recovery as "wander[ing] around the countryside, trying to pick up an asset here and an asset there" and acknowledged such recovery is "not in and of itself the goal." (*Id.* at 9.) Instead, Plaintiffs intend to use this Court and other courts to "create friction" by throwing "sand in the gears" of the Republic's efforts to rebuild its economy. (*Id.*) Burford's CEO even admitted that in pursuing this "goal," "we will try many gambits that won't work as a strictly legal matter." (*Id.*) But, as *Bank Markazi* held, enforcement jurisdiction against sovereign nations *is* subject to "strict limitations" set by Congress *as a legal matter*. 2024 WL 4578719 at *4. This Court should not countenance Plaintiffs' efforts to flout those limitations and deny Plaintiffs' request for "clarification" or belated effort to jump the gun on the agreed-upon briefing schedule ordered by the Court a week ago.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:     Counsel of Record (via ECF)

---

[1]     Plaintiffs' argument that they have been "awaiting" restored ESI "for now over a year" is baseless. The parties first agreed in July 2024 that the Republic would produce restored ESI in response to alter-ego requests concerning YPF and BCRA.