KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

December 6, 2024

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739
         *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

      Defendants have no substantive response to Plaintiffs' request for clarification of the Court's November 15 Stay Order, Dkt. 691, instead demanding delay for its own sake, as is the Republic's custom.  Indeed, the global strategy of delay and obstruction is so pronounced that none of the foreign recognition and enforcement proceedings has reached substantive consideration due to the Republic's continuing (and baseless) squabbling over service and jurisdiction.

      YPF says that clarification can await the upcoming briefing on "the implications of *Bank Markazi* on [this Court's] ability to adjudicate certain matters."  Dkt. 690 at 1.[1]  But as Plaintiffs explained, *Bank Markazi* can have no implications for this Court's ability to oversee discovery Plaintiffs may obtain from the Republic—the judgment debtor—or non-sovereign non-parties. *See* Dkt. 688 at 1-2.  YPF offers no response to Plaintiffs' reasoning.

      The Republic also asks the Court to wait for further briefing, asserting that *Bank Markazi* "substantially clarified Second Circuit law regarding the enforcement of judgments against sovereign instrumentalities under 'alter ego' theories."  Dkt. 691 at 2.  Plaintiffs agree that *Bank Markazi* concerned enforcement of judgments and will address its relevance to enforcement here in the upcoming briefing.  But *Bank Markazi* said nothing about obtaining discovery from the judgment debtor and non-sovereign entities, and the Court's ability to oversee that discovery

---

[1] Docket references are to *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Loretta A. Preska
December 6, 2024
Page 2

remains unchanged.  The Republic, like YPF, provides no argument to the contrary.  It instead simply says the Court should not say so until it receives seven weeks of additional briefing.  *See* Dkt. 687 (briefing schedule).

The Republic inexplicably asserts (at 2) that it is "[n]ot true" that it has "taken the view that it need not perform discovery tasks previously ordered."  The Republic's correspondence with Plaintiffs proves otherwise: "It is the Republic's understanding of the Court's November 15 order that the Republic is not required to provide a progress report on ESI."  Ex. A.  The Republic did nonetheless provide such an update "as a courtesy."  *See id*.  But the Republic did not, as it now claims (at 2), "inform[] Plaintiffs" that it "was continuing to perform ESI work."  *See* Ex. A.  Plaintiffs expect the Republic will in fact do so now that it has represented as much to the Court.

Finally, the Republic (at 3) mischaracterizes recent comments by Burford's CEO, Christopher Bogart; the Court is invited to read Mr. Bogart's entire remarks in context, which reflect the pragmatism needed to deal with a serially recalcitrant debtor like the Republic.  He did not say that asset recovery is not Plaintiffs' goal.  Instead, quite sensibly, he said, "[i]t is not in and of itself the goal to wander around the countryside, trying to pick up an asset here and an asset there and sell them at auction to pay off an enormous judgment."  Dkt. 691-1 at 10.  Indeed, that is why Plaintiffs' motion for turnover of the Republic's stake in YPF is so important.  While that stake alone is not sufficient to satisfy the judgment, it would come far closer to doing so than nearly any other asset Plaintiffs might attach.  Nor did Mr. Bogart say that Plaintiffs intended to obstruct the Republic's efforts to rebuild its economy.  On the contrary, he pointed out that the Republic's failure to pay its debt is an obstacle to normalizing economic relations with the rest of the world.  *See id*.  That failure is the Republic's responsibility alone.  Plaintiffs have expended much time and effort to obtain a judgment representing "the compensated exit that Sections 7 and 28 [of YPF's Bylaws] promised."  Dkt. 437 at 15.  If the Republic will not pay that judgment voluntarily, Plaintiffs are entitled to seek to force it to do so.

For the reasons explained above and in Plaintiffs' previous letter, the Court should clarify that its November 15 Order does not stay discovery that Plaintiffs seek from (1) the Republic or (2) non-sovereign non-parties.

Respectfully submitted,

*/s/ Andrew E. Goldsmith*
Andrew E. Goldsmith

Cc:   All counsel of record via ECF