UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U. ET AL.,<br><br>                     Plaintiff,<br><br>-against-<br><br>ARGENTINE REPUBLIC ET AL.,<br><br>                     Defendants. | No. 15-CV-02739 (LAP)<br><br>ORDER |
| ETON PARK CAPITAL MANAGEMENT L.P. ET AL.,<br><br>                     Plaintiff,<br><br>-against-<br><br>ARGENTINE REPUBLIC ET AL.,<br><br>                     Defendants. | No. 16-CV-08569 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of the following documents: (1) Plaintiffs' letter requesting a pre-motion conference regarding their intent to move for clarification of the Court's November 15, 2024 Order (dkt. no. 685) that stayed "alter ego discovery already underway . . . pending a determination of the impact, if any, of Peterson [v. Bank Markazi, No. 15-690-CV, 2024 WL 4758719 (2d Cir. Nov. 13, 2024)]" on this case; (2) YPF S.A.'s response; (3) Argentine Republic's response; and (4) Plaintiffs' reply.  (Dkt.

nos. 688, 690, 691, 693.)[1]  The Court treats Plaintiffs' papers as a motion for clarification and YPF S.A.'s and Argentine Republic's responses as oppositions.  For the reasons set out below, Plaintiff's motion for clarification is GRANTED.

The decision to provide "clarification of a prior order is within the sound discretion of the Court."  Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc., 2014 WL 13111005, at *1 (S.D.N.Y. Feb. 3, 2014) (citations omitted) (granting motion for clarification).  "Clarifications of orders previously issued, which may be obtained on motion or made sua sponte by the court, add certainty to an implicated party's efforts to comply with the order."  N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 858 (2d Cir. 1984); see, e.g., SEC v. Ripple Labs, Inc., 2022 WL 1078533, at *5 (S.D.N.Y. Apr. 11, 2022) (granting motion and providing clarification), objections overruled, 2022 WL 4584111 (S.D.N.Y. Sept. 29, 2022).

In the Court's November 15, 2024 Order it stated "[t]he alter ego discovery already underway is stayed pending a determination of the impact, if any, of Peterson."  Peterson has no impact on Plaintiffs seeking discovery from the Republic or non-sovereign non-parties because Peterson did not concern subject-matter

---

[1] References to the docket refer to the lead case, Petersen Energia Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ. 02739.

2

jurisdiction with respect to those entities. Thus, the Court clarifies that its November 15 Order does not stay discovery that Plaintiffs seek from (1) the Republic or (2) non-sovereign non-parties. The Clerk of the Court is directed to close dkt. no. 688 on the No. 15 Civ. 02739 docket and dkt. no. 610 on the No. 16 Civ. 08569 docket.

**SO ORDERED.**

Dated:   December 10, 2024
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge