# EXHIBIT B

**From:** Neena Deb Sen <NDebSen@kslaw.com>
**Sent:** Friday, August 2, 2024 6:04 PM
**To:** Masters, Hannah L. <mastersh@sullcrom.com>; Mayo, Amanda J. <MAYOA@sullcrom.com>; Chelsea Corey <CCorey@KSLAW.com>; davidoffa <davidoffa@sullcrom.com>; Laura Harris <lharris@kslaw.com>; Tamsin Parzen <TParzen@KSLAW.com>; whitet <whitet@sullcrom.com>; brebnera <brebnera@sullcrom.com>; Kivett, Sophie A. <kivetts@sullcrom.com>
**Cc:** Reggie Smith <RSmith@KSLAW.com>; Jessica Beess und Chrostin <JBeessundChrostin@KSLAW.com>; Tom Childs <TChilds@KSLAW.com>; EXT - A Goldsmith <Agoldsmith@kellogghansen.com>; Edwards, Travis G. <tedwards@kellogghansen.com>; Harker.Rhodes <Harker.Rhodes@clementmurphy.com>
**Subject:** Re: Petersen Energía, et al. v. Argentine Republic

All,

Below is a summary of yesterday's meet and confer.

**Request 32(a), 32(b), 53:** you confirmed you are willing to perform custodial searches of YPF and BCRA, which includes people you believe have had the most interaction with those entities during the relevant period. You flagged that older communications are on backup tapes, which may need to be restored, a process which could take up to three months. You said you would consider search terms after collecting everything. We stated that we plan to provide feedback on the list of custodians and would like to find a way to expedite the process of restoring the backup tapes. We also requested communications beyond official email accounts, including Gmail and WhatsApp. You said you would take that back to your client.

**Request 15:** You are still waiting for the remaining military account that was held up, which you have not yet received. There is no update.

**Request 16:** We discussed the alternative format you have provided to respond to this request. We do not believe we have sufficient indicia of reliability, not knowing how these documents were created. You stated your belief that this is the best substitute for SWIFT messages, which is what the original request seeks. As an initial matter, the account documents the Republic has produced are not a substitute for SWIFT transfer information as they do not include (among other information) beneficiary bank account information (e.g., account number, account location, address) or SWIFT codes that provide context for the transaction. Further, several of the account documents do not indicate the name of the Bank where this account is maintained. We agreed to go back to both of our clients on the following issues: you will go back to figure out what other information you can provide to support the sufficiency of these documents as substitutes for account statements; we will go back to determine whether these documents, with that supporting information, are sufficient. We also objected to your redaction of counterparty information in the document, which you stated are pursuant to the data privacy laws of Argentina. You agreed to consider sending us a description in writing of why the beneficiary information in certain of these documents are redacted.

**Request 36-39; 54-59:**
- You stated that you are complete as to Request 54.
- There is no update on progress with the other requests. We stated our belief that we have spoken at length without a better understanding of the timing of production. We also stated our position that the best way to achieve finality is through the Court.

**Second Set of Requests:**

At this time, we did not go through each request in detail.  You indicated that, for those requests where you have declined to produce (1, 3, 4, 5, 6, 11, 12, 13), you stand on your objections.

For the requests where you agreed to meet and confer (51-63), we explained that we think you should consider these requests in your current search for custodians, and that we will review your list of custodians in light of the same.  You stated your belief that these topics will be included in your email review, and that certain "sufficient to identify" requests will not require email searches.  We agreed that all of these requests relate to the Republic's involvement in YPF, related oil fields, and LNG interests.  We understand that you are going to take back to your client whether you are willing to incorporate this into your email review.

**Requests 53:** You confirmed are going to search what you have for responsive documents.

**Request 54:** You stated your position that the Republic is not a party to the joint venture at issue, and we stated that we would look further into that transaction as well.

**Request 55:** We stated our position that this request falls within email communications, but also that it is likely to encompass hard copy responsive documents, including communications with the Secretary of Energy.  We stated our belief that this is the best initial course forward.  You agreed to take this back.

Best,

Neena