# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 7, 2025

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY 10007.

        Re:   *Petersen Energía Inversora* v. *Argentine Republic*, 15-cv-2739;
             *Eton Park Capital Mgmt.* v. *Argentine Republic*, 16-cv-8569

Dear Judge Preska:

       On behalf of the Argentine Republic, I respond to Plaintiffs' January 2, 2025 letter ("Letter"; *Petersen* ECF No. 699) requesting a pre-motion conference on their latest motion to compel production of documents concerning (i) the Republic's bank accounts in Argentina and the United States, (ii) gold reserves owned by Banco Central de la República Argentina ("BCRA"), and (iii) SWIFT messages about transactions in the Republic's diplomatic, consular and military accounts. Plaintiffs also seek documents produced in the *Bainbridge* action. Because these documents are irrelevant to pending judgment-enforcement discovery, unduly burdensome to collect, or not within the Republic's possession, the Court should deny this request.

       **1.   Bank Accounts in Argentina and the United States.** Plaintiffs provide no explanation of how this account information is relevant to execution, claiming only that "neither the FSIA nor the FRCP precludes *discovery* of assets that may ultimately be immune from execution." (Ltr. at 2.) But regardless of whether assets "may" be immune from execution, Plaintiffs cannot justify burdensome discovery of "information that could not possibly lead to executable assets[, which] is simply not relevant to execution in the first place." *Gujarat State Petroleum Corp.* v. *Rep. of Yemen*, 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022) (Abrams, J.).

       As to the Republic's accounts in Argentina, this information is

The Honorable Loretta A. Preska                                             -2-

irrelevant to judgment enforcement.  Under governing Argentine law, after a money judgment against the government is final and not subject to appeal,[1] which is not the case here, the national budget must provide for payment in the next succeeding fiscal year.  (*See* Rigo Decl. (*Petersen* ECF No. 503-1) ¶¶ 7–8; Santiago Decl. ¶¶ 25–32.)  At that point, a local court with jurisdiction over the government will instruct payment and, if the instruction is not honored, enforce the judgment directly.  (*See* Santiago Decl. ¶¶ 29–32.)  As a result, discovery to identify particular assets to "enforce" against within Argentina is not relevant.

As to accounts in the United States, Plaintiffs represented nearly a year ago that they would "suspend requiring compliance" with their requests regarding the Republic's U.S. assets.  (Ex. A, Pls.' Jan. 26, 2024 Ltr. at 5.)  Plaintiffs did not raise this again, even after the Republic confirmed this limitation to this Court.  (*See Petersen* ECF No. 572 at 1; May 28, 2024 Tr. 5:4–5.)  The Republic's U.S. assets are not subject to execution under the FSIA because they were not "used for the commercial activity upon which the claim is based."  28 U.S.C. § 1610(a)(2).

   **2.   BCRA's Gold Reserves.**  The Republic has repeatedly informed Plaintiffs that only BCRA (a legally separate entity, *see EM Ltd.* v. *BCRA*, 800 F.3d 78, 91 (2d Cir. 2015)), owns any gold reserves.  Citing a single newspaper article from almost six months ago, Plaintiffs assert that it is "widely reported that Argentine gold reserves have been transferred to London."  (Ltr. at 3; *see* Ltr. Ex. D.)  Beyond the fact that these reserves do not belong to the Republic, *see* BCRA Charter § 4(d), BCRA reserves enjoy special protection from execution under the FSIA and UK law.  28 U.S.C. § 1611(b)(1); U.K. State Immunity Act of 1978 § 14(4).

As we have informed Plaintiffs, the Republic does not possess information about any movements of BCRA's gold reserves, which are matters of reserve management within BCRA's exclusive purview.  As BCRA has publicly stated, "[t]he information on BCRA reserve administration has always been handled in a confidential manner to preserve its security."[2]

   **3.   SWIFT Messages.**  Plaintiffs also demand "SWIFT messages for transactions in the Republic's accounts outside Argentina."  (Ltr. at 1.)  There is no basis for such burdensome discovery.  As the Republic informed Plaintiffs in June,  it was not feasible to produce actual SWIFT messages on Plaintiffs' demanded

---

[1] Foreign judgments must also be recognized by an Argentine court.  (Santiago Decl. (*Petersen* ECF 580) ¶ 26 & n.5 (quoting Arg. Code Civ. & Comm. Proc. art. 517).

[2] https://www.bcra.gob.ar/Noticias/Administracion-Reservas-oro-BCRA-i.asp.

The Honorable Loretta A. Preska                                                                -3-

timeline, but it could produce substitute summary information. The Republic then produced over 12,600 pages of information about transactions into and out of the Republic's almost 600 diplomatic, consular, and military accounts outside Argentina and the United States for a three-year period (2022 to 2024). For diplomatic and consular accounts, these statements recorded every individual transaction in those accounts. For military accounts, because transaction-level information cannot be disclosed under the Republic's national security laws,[3] the Republic produced documents showing deposits and debits by category for each attaché.

Plaintiffs now have a wealth of information about the Republic's diplomatic, consular and military accounts, including that those accounts involve the transfer of relatively insignificant amounts. Because Plaintiffs have already received more than sufficient information about these accounts, the additional information that they seek for each of the tens of thousands of transactions at issue—including about each "counterparty's specific banking institutions making or receiving payments" (Ltr. at 2)—is irrelevant and unnecessary to "properly trace the Republic's assets" (*id.*). Plaintiffs have not identified any specific information in the thousands of pages that the Republic has already produced that would render their latest request meaningful. It would also be extremely burdensome for the Republic to try to gather SWIFT information from the approximately 140 third-party financial institutions involved. The Republic is willing to provide more information about a reasonable subset of transactions, but Plaintiffs have refused to negotiate.

**4. Bainbridge Production.** Finally, the Republic has produced documents from *Bainbridge* that may be relevant to execution here. But as Plaintiffs have recognized (*see* Mtn. to Seal (*Petersen* ECF No. 545) at 4–5 n.1), enforcement in *Bainbridge* involves different considerations. In that case, the Republic waived immunity from execution (subject to the FSIA's requirement that property is "used for a commercial activity in the United States," 28 U.S.C. § 1610(a)). Because no such waiver exists in this case, the Republic's immunity from execution is broader. And, in any event, the Republic produced documents in *Bainbridge* from 2016 or earlier, well outside the time period Plaintiffs requested. (*See* First Requests Instr. 13 (*Petersen* ECF No. 540-1) (requesting documents from "January 1, 2020").)

---

[3] *See* Ex. B, Argentine Criminal Code, arts. 222, 223 (criminalizing disclosure of military secrets); Decree No. 9390/1963, https://www.argentina.gob.ar/normativa/nacional/decreto-9390-1963-398696 (defining "military secrets"); Law No. 27.275 (*Petersen* ECF No. 658-2) art. 8(a) (providing for a national security exception to the public information law).

The Honorable Loretta A. Preska                                    -4-

                                                                  Respectfully,

                                                                  */s/ Robert J. Giuffra, Jr.*
                                                                  Robert J. Giuffra, Jr.

cc:     Counsel of Record (via ECF)