UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U. ET AL.,<br><br>                Plaintiff,<br><br>-against-<br><br>ARGENTINE REPUBLIC ET AL.,<br><br>                Defendants. | No. 15-CV-02739 (LAP)<br><br>ORDER |
| ETON PARK CAPITAL MANAGEMENT L.P. ET AL.,<br><br>                Plaintiff,<br><br>-against-<br><br>ARGENTINE REPUBLIC ET AL.,<br><br>                Defendants. | No. 16-CV-08569 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of the following documents: (1) Plaintiffs' letter requesting a pre-motion conference regarding Plaintiffs' intended motion to compel the Argentine Republic to produce discovery under Rule 37 of the Federal Rules of Civil Procedure (dkt. no. 699); (2) the Republic's response (dkt. no. 700); and (3) Plaintiffs' reply (dkt. no. 701).[1] The Court treats Plaintiffs' papers as a motion to compel production and the

---

[1] References to the docket refer to the lead case, Petersen Energia Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ. 02739.

Republic's response as an opposition. For the reasons set out below, Plaintiffs' motion to compel production of the following four categories of documents is GRANTED: (1) SWIFT messages for accounts outside of Argentina and the United States; (2) documents concerning accounts in Argentina and the United States; (3) documents produced in post-judgment litigation; and (4) documents concerning gold reserves owned by the Republic's Central Bank (BCRA).

First, the SWIFT messages shall be produced because the provided account summaries are inadequate substitutes, given they do not identify the counterparty's specific banking institutions making or receiving payments, which is both relevant and necessary to trace the Republic's assets. The Republic has known Plaintiffs' view that the summaries are inadequate since at least August 2024. (Dkt. no. 699-2 at 2.) Production of these materials is not unduly burdensome and is proportional to the relevance of the SWIFT data and the size of the judgment.

Second, it is clear from the record that Plaintiffs first agreed to seek documents regarding foreign countries, "while reserving their rights as to the United States." (Dkt. no. 699-3 at 4 (emphasis added); see also dkt. no. 700-1 at 6 ("Plaintiffs also explained that they were willing to suspend requiring compliance with Requests 13 through 16 in so far as they seek information about U.S. assets, and instead would only presently

2

require prompt compliance with respect to information regarding Assets in Foreign Countries.") (emphasis added).)  Plaintiffs are certainly now entitled to request the information regarding the accounts in Argentina and the United States even if they ultimately may be immune from execution.  Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen, No. 19-mc-0547 (RA), 2022 WL 1567464 at *8 (S.D.N.Y. May 18, 2022) ("[J]udgment creditor[s] need not prove that post-judgment discovery will lead to attachable or executable assets in order to obtain that discovery.").  The Republic does not get to just assert that such information "could not possibly lead to executable assets."  Id.

Third, all documents produced in Bainbridge Fund Ltd. v. The Republic of Argentina, No. 16 Civ. 08605, are relevant for several reasons: (i) such production may lead to other executable assets; (ii) Plaintiffs and the Bainbridge plaintiff are both seeking to enforce a money judgment; and (iii) such production may shed light on the completeness of the Republic's productions.  Additionally, the Court notes that it has likely taken more time and money to argue about producing these documents than to make the production.

Lastly, regardless of whether the gold reserves are held by BCRA, the Republic shall produce its own documents concerning the reserves.

For the foregoing reasons, Plaintiffs' motion to compel production is GRANTED.  The Clerk of the Court is directed to close

3

dkt. no. 699 on the No. 15 Civ. 02739 docket and dkt. no. 621 on the No. 16 Civ. 08569 docket.

**SO ORDERED.**

Dated:      January 14, 2025
            New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge