

ANTHONY P. BADARACCO
(212) 415-9354
FAX (212) 658-9569
badaracco.anthony@dorsey.com

January 17, 2025

**VIA ECF**

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
*Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Dear Judge Preska:

We write on behalf of non-party Banco de la Nación Argentina ("BNA") to respond briefly to a new legal argument advanced by Plaintiffs in their brief (*Petersen* ECF No. 695) addressing the impact of the Second Circuit's decision in *Peterson v. Bank Markazi*, 121 F.4th 983 (2d Cir. 2024).

In that brief, Plaintiffs advance certain arguments to support their view that *Bank Markazi* does not limit their ability to take additional post-judgment discovery. Then, at the end of the brief, Plaintiffs squeeze in an additional argument (tellingly, it is preceded by the phrase "In any event") that has nothing at all to do with *Bank Markazi*. Under the heading "The Court should compel BNA to produce discovery," Plaintiffs argue that, by responding in good faith to Plaintiffs' non-party subpoena and producing documents, BNA waived sovereign immunity and "cannot now raise a jurisdictional immunity defense that it has never raised before."  ECF No. 695, at 25.

It is true that, in the limited context of responding to Plaintiffs' non-party-subpoena, BNA has not raised a sovereign immunity defense.  In that context, BNA chose to produce certain responsive documents within the possession, custody, and control of its New York Branch.  Also within that context, BNA has objected to Plaintiffs' requests for additional non-party discovery relating solely to Plaintiffs' efforts to prove an alter ego relationship between the Republic and BNA.  BNA's objections are not based on sovereign immunity but rather on the case law establishing that a judgment creditor must make a sufficient showing of an alter ego



Hon. Loretta A. Preska
January 17, 2025
Page 2

relationship before obtaining such documents from a non-party. *See Petersen* ECF Nos. 620 and 669 (BNA's letter-briefs in opposition to Plaintiffs' motion to compel).

BNA's good-faith participation in non-party discovery in this action, along with its objections to the additional alter ego discovery that Plaintiffs seek, has no impact on BNA's ability to object on sovereign immunity grounds in the event that Plaintiffs might assert claims against BNA. Any implied waiver of sovereign immunity under 28 U.S.C. § 1605(a) must be unambiguous, is transactional, and has no impact outside of the action in which the waiver was made. *See Jacubovich v. State of Israel*, 816 F. App'x 505, 508-09 (2d Cir. 2020) (foreign state's voluntary compliance with non-party discovery requests without raising sovereign immunity defense did not constitute implicit waiver of sovereign immunity in subsequent case asserting claims against foreign state). In *Jacubovich*, the Second Circuit observed that "[b]oth this Court and other Circuits have held that conduct short of a responsive pleading, such as engaging in discovery, is insufficient to meet this stringent waiver standard." *Id*. The court relied in part on the absence of any "case in which a foreign sovereign's conduct in one proceeding has been held to impliedly waive sovereign immunity in a different proceeding." *Id.* Plaintiffs' cited decision, *Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234 (S.D.N.Y. 2011), is not to the contrary. That case involved a garnishment action in which Bank of India was actually named as a respondent, and the decision neither stated nor implied that the bank's waiver in that action had any impact on the bank's ability to rely on its sovereign immunity in a separate action.

For these reasons, BNA has not impliedly waived sovereign immunity through its response to Plaintiffs' non-party subpoena in this action.

Respectfully Submitted,

*/s/ Anthony P. Badaracco*
Anthony P. Badaracco

cc: all counsel of record (by ECF)