# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, New York 10036
kslaw.com

February 14, 2025

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739-LAP; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569-LAP

Dear Judge Preska:

  We respectfully write as Plaintiffs' counsel to reply to the Republic's February 11 letter (ECF No. 715)[1] (the "Response"), responding to Plaintiffs' February 4 supplemental letter (ECF No. 711) (the "Supplement"). In objecting to our supplemental submission updating the Court on new developments since our original submissions (ECF Nos. 657, 670, and 675) the Republic continues to ignore the legal standard applicable to Plaintiffs' alter ego discovery request. As this Court recognized at the September 3 hearing, Plaintiffs "don't have to show any proof now [of alter ego status]" in order to obtain alter ego discovery; rather, "the test is whether plaintiff has demonstrated that there is **reason to believe** that these [entities] are alter egos." Sept. 3 Hr'g Tr. at 58:11; 60:5-7 (emphasis added); *see also* ECF 657 at 2–3. The supplemental information that Plaintiffs have now submitted provides precisely that—additional "reason to believe" the entities are alter egos, in the form of new facts since the briefing last fall.

  Plaintiffs' Supplement details that the Republic, now led by President Milei, is executing layoffs and cost-cutting measures at Aerolíneas, with the stated goal of preparing the entity for privatization. This effort requires specific control over day-

---

[1] ECF numbers herein refer to the docket numbers in *Petersen*, No. 15-cv-02739-LAP.

to-day decisions, such as which routes to fly and whether to offer in-flight snacks. *See* ECF No. 712-6. The Republic claims that "involvement in Aerolíneas's high-level strategy decisions is not evidence of day-to-day control," but it then mischaracterizes the case on which it relies for that dubious proposition. Response at 3. In *Seijas*, Judge Griesa found that the plaintiffs' evidence of oversight by the Republic was not sufficient to prove an alter ego relationship, but his decision did not say that sovereign oversight was "not evidence" to be considered in making that determination. *See Seijas v. Republic of Argentina*, 04-cv-1085, 2009 WL 10700009, at *2 (S.D.N.Y. Aug. 19, 2009). Moreover, the *Seijas* decision did not concern discovery, but rather, the ultimate alter ego determination. *See id*. Here, the Republic's continued and increasingly active oversight and control of Aerolíneas gives reason to believe that this discovery will support an alter ego relationship.

The Republic similarly dodges Plaintiffs' submission by insisting "that *BNA*, not the Republic, decided to close certain [BNA] branches in response to threatened taxes." Response at 3. That simply mischaracterizes the source article, which makes clear that President Milei threatened provincial leaders with BNA branch closures unless certain tax increases were repealed, demonstrating the Republic's unilateral control over the branch closures. *See* ECF Nos. 712-9; 712-10. Whether or not such a threat proves BNA's alter ego status, it provides additional "reason to believe" that such an alter ego status exists, and discovery is warranted.

Plaintiffs' Supplement also provides additional relevant evidence concerning Luis Caputo and Santiago Caputo. And it explains the need for ESI production from additional platforms, like WhatsApp. The Republic downplays the significance of Luis Caputo's control over YPF's pricing, arguing that "allegations that a sovereign 'dictates' prices at which state instrumentalities sell their wares are not evidence of day-to-day control." Response at 2. First, the Republic misstates Judge Griesa's holding in *NML Capital*. There, Judge Griesa wrote that dictation of prices *could* be evidence of day-to-day control, but the complaint had not developed the allegation sufficiently to support an alter ego finding. *See NML Cap., Ltd. v. Republic of Argentina*, 09-cv-7013, 2011 WL 524433 at *7 (S.D.N.Y. Feb. 15, 2011). Second, Plaintiffs are not *currently* seeking the alter ego finding that Judge Griesa denied. Rather, Luis Caputo's control over YPF pricing provides additional reason to believe that Luis Caputo himself is a necessary custodian of communications related to YPF's alter ego status. Similarly, Luis Caputo's announcement of a YPF LNG project demonstrates his personal involvement in YPF business.

Santiago Caputo, meanwhile, continues to discuss government-related matters using WhatsApp. *See* ECF No. 712-3. The events described in Exhibit 3

Page 3

provide additional evidence that WhatsApp is a standard mode of communication between government officials. Plaintiffs have also demonstrated that however the Republic may classify Santiago Caputo, he is one of President Milei's closest advisors and thus a proper target custodian for relevant documents. *See* ECF No. 670 at 9–10. Moreover, though the Republic insists that the communication in question was not an "official 'government-related communication,'" Response at 2, Plaintiffs' Supplement and previous submissions show that the Republic conducts a significant amount of governance through unofficial channels of communication like WhatsApp, and the ESI production that the Republic has already agreed to is insufficient. Indeed, while the Republic promised last August to review every official government email between a list of Republic custodians on the one hand and any @ypf or @bcra email account on the other, *see* ECF No. 641-1, as of last Friday, that effort has resulted in only 47 emails produced to Plaintiffs. Although the Republic has until February 18, 2025 to complete that promised ESI production, *see* ECF No. 707, the limited production so far demonstrates that the scope is too narrow. The emails already received do not discuss, for example, the meeting between Luis Caputo and YPF management in June 2024, *see* ECF No. 670 at 8. Plaintiffs' Supplement shows WhatsApp remains a medium of choice for the Republic, and Plaintiffs must receive government-related communications from personal accounts in order to determine whether the target state-owned entities are alter egos.

Plaintiffs have now provided ample "reason to believe" that these additional state-owned entities are alter egos. Moreover, Plaintiffs have demonstrated the need for additional custodians and ESI. Therefore, we respectfully request that the Court grant Plaintiffs' motion to compel discovery pending at ECF Nos. 657, 670, and 675.

Respectfully,

*/s/Randy M. Mastro*

Randy M. Mastro

cc: All Counsel of Record (via ECF)