# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, New York 10036
kslaw.com

February 25, 2025

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739-LAP; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569-LAP

Dear Judge Preska:

  Plaintiffs Petersen Energía Inversora, S.A.U. and Eton Park Capital Management, L.P. ("Plaintiffs") respectfully submit this letter responding to the Court's February 19, 2025 order, regarding an *ex parte* communication received by the Court on February 17, 2025 from Republican Action for Argentina, Inc. ("RA4ARG"). *See Petersen* ECF No. 720. The Court should construe RA4ARG's *ex parte* submission as a motion to intervene and deny the motion.[1]

  RA4ARG is a self-described "US charitable tax-exempt entity devoted to strengthening the republican institutions in the Republic of Argentina," *id.* at 2, that first registered to do business here less than a year ago and that lists its address as a 14th-floor unit in an Upper East Side apartment building, *id.* at 48. RA4ARG "alleges an international criminal conspiracy" involving the re-nationalization of

---

[1] Although Plaintiffs strongly disagree with the allegations in RA4ARG's communication, Plaintiffs will limit their observations to the several reasons why the Court should not entertain that communication at all. Nevertheless, it is worth noting that the Court already ordered extensive discovery from the Eskenazis, *see Petersen* ECF Nos. 181, 219, including approximately 75,000 pages of documents, as well as testimony from six members of the Eskenazi family.

YPF.  *Id.* at 2–7.  RA4ARG seeks to intervene either as of right under Rule 24(a) or by permission under Rule 24(b).  As relief, RA4ARG seeks vacatur of this Court's judgment against the Republic, a stay of the proceedings, and a court-ordered criminal investigation by the U.S. Department of Justice.  *Id.* at 7–8.

As a threshold matter, the Court lacks jurisdiction to grant the relief that RA4ARG seeks due to the pending appeal.  *See Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) ("[T]he district court may grant a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court.") (emphasis omitted).

Further, RA4ARG's motion must be denied both because it is untimely and because RA4ARG has no interest in this litigation.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (reciting standard for intervention as of right under Rule 24(a)(2)).  This matter has been pending for almost a decade, and RA4ARG does not provide any legitimate explanation for why it waited so long—almost a year and a half after the Court's entry of judgment on the merits—to seek intervention.  *See id*. at 84 (motion denied where proposed intervenor moved more than a year after complaint filing).  Intervention at this late stage would prejudice Plaintiffs and Defendant alike.  *See In re Akron Beacon Journal*, 1995 WL 234710, at *7 (S.D.N.Y. Apr. 20, 1995) ("intervention should not work a last[-]minute disruption of painstaking work by the parties and the court") (quotation omitted).

More fundamentally, "Rule 24(a)(2) demands a showing that the intervenor has an interest relating to the property or transaction which is the subject matter of this action." *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 592 (S.D.N.Y. 2018).  RA4ARG presents no argument that it has any cognizable interest in the commercial transactions, the re-nationalization of YPF, or the related assets at the heart of this case.  Instead, RA4ARG purports to act in the public interest, perhaps as a "*querellante*," or private prosecutor, under Argentine law.  *See Petersen* ECF No. 720 at 34.  This general advocacy interest is not the sort of "interest" which would support a right to intervene.  *See Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) ("interest must be direct, as opposed to remote or contingent").

Likewise, permissive intervention under Rule 24(b) is unwarranted. "[I]ntervention may be permitted to anyone who 'has a claim or defense that shares with the main action a common question of law or fact.'" *Eddystone Rail Co.*, 289 F. Supp. 3d at 595 (quoting Rule 24(b)).  But RA4ARG does not assert a claim or defense at all, let alone a claim which shares a common question with the main

actions here. None of the legal or factual determinations made by this Court in its judgment on the merits affect any right or entitlement claimed by RA4ARG.

In addition to these substantive deficiencies, RA4ARG has also failed to comply with the basic procedural requirements of Rule 24. Would-be intervenors must provide notice to all parties per Rule 24(c), but RA4ARG instead mailed its papers to the Court, without notice to the parties and without any valid basis for *ex parte* treatment. *See Petersen* ECF No. 720.

For these reasons, as well as other additional procedural and substantive deficiencies with RA4ARG's submission, Plaintiffs respectfully request that the Court treat the submission as a motion to intervene and deny it without further briefing.

Respectfully,

*/s/ Randy M. Mastro*

Randy M. Mastro

cc: All Counsel of Record (via ECF)