UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

PETERSEN ENERGÍA INVERSORA,　　　　　　Case No.: 1-15-C-V-02739 (LAP)
S.A.U. and PETERSEN ENERGÍA, S.A.U.,

　　　　　*Plaintiffs*,　　　　　　　　　　　　The Honorable Loretta A. Preska

　　　　　v.

ARGENTINE REPUBLIC and YPF S.A.

　　　　　*Defendants*

---------------------------------------------------------x


---------------------------------------------------------x

ETON PARK CAPITAL MANAGEMENT,　　　　Case No.: 1-16-C-V-08569 (LAP)
LP, ETON PARK MASTER FUND, LTD.,
and ETON PARK FUND, L.P.,

　　　　　*Plaintiffs,*

　　　　　v.

ARGENTINE REPUBLIC and YPF S.A.

　　　　　*Defendants*

---------------------------------------------------------x

**REPUBLICAN ACTION FOR ARGENTINA INC.'S *EX-PARTE* AMENDED MOTION FOR ORDER PURSUANT TO FED. R. CIV. P, RULE 60(b)(4)**

　　　Last 2/17/2025, Republican Action for Argentina, Inc. ("RA4ARG") filed a *Motion for Order Pursuant to Fed. R. Civ. P, Rule 60 (b)(6), (d)(1)–(3)*.  Based on new applicable law as of 2/19/2025, *in re, Hussein v. Maait*, No. 22-1506 (2d Cir. 2025), RA4ARG hereby amends its motion in order to add further grounds to it, namely that *"the judgment is void [lack of subject-*

*matter jurisdiction]"* under Rule 60(b)(4).   As a whole, RA4ARG respectfully reiterates its same request for relief, for the Court to: **(i)** order the Department of Justice (DOJ) and any other relevant agencies to initiate a formal criminal investigation at the international level of the facts and parties highlighted in the accompanying Memorandum of Law; **(ii)** stay these legal proceedings pending of such side criminal investigation as well as eventual indictments and prosecution; and **(iii)** timely vacate the $16.1 billion plus award against the Republic of Argentina (# 498, 9/15/2023, as well as all prior and ancillary ones to that effect) due to institutional interests and concerns in light of international criminal activity unduly impacting the US legal system (Fed. R. Civ. P, Rule 60 (b)(4), (b)(6), (d)(1)–(3), Rule 12(b)(1)). RA4ARG remains at the Court's disposal if oral arguments are deemed convenient and/or necessary to rule on the issues at hand (Individual Practice Rules LAP, Rule 2(D)).

>  **Rule 60. Relief from a Judgment or Order.**
>
>  "(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so  on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
>  **(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons**: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; **(4) the judgment is void**; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or **(6) any other reason that justifies relief**.
>
>  **(c) TIMING AND EFFECT OF THE MOTION**. (1) Timing. **A motion under Rule 60(b) must be made within a reasonable time**—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

**(d) OTHER POWERS TO GRANT RELIEF**. **This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;** (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or **(3) set aside a judgment for fraud on the court**…"

DATED in Buenos Aires, ARGENTINA, on February 26, 2025.

By:   Fernando G. IRAZU (*pro hac vice* motion pending)
Attorney at Law
***Republican Action for Argentina, Inc.***
Interested Party
Billinghurst 1656
Buenos Aires, 1425, ARGENTINA
fgirazu@gmail.com
+54911 3084-8080

3