UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U. ET AL., <br><br>                    Plaintiff, <br><br> -against- <br><br> ARGENTINE REPUBLIC ET AL., <br><br>                    Defendants. | No. 15-CV-02739 (LAP) <br><br> ORDER |
| ETON PARK CAPITAL MANAGEMENT L.P. ET AL., <br><br>                    Plaintiff, <br><br> -against- <br><br> ARGENTINE REPUBLIC ET AL., <br><br>                    Defendants. | No. 16-CV-08569 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:[1]

The Court is in receipt of the following documents: (1) ex parte communications received by Chambers from Fernando G. Irazu from the Republic Action for Argentina, Inc. ("RA4ARG"), (dkt. nos. 720, 724-25); Plaintiffs' letter responding to the Court's February 19, 2025 Order asking the parties' "views as to what action, if any, the Court should take in response [to the ex parte communications]," (dkt. no. 722); and, the Republic of Argentina's

---

[1] All page citations refer to the ECF page number as opposed to the party's original page number.

("the Republic") letter responding to the Court's Order, (dkt. no. 723).[2]

RA4ARG seeks to intervene either as of right under Rule 24(a) of the Federal Rules of Civil Procedure or by permission under Rule 24(b) of the Federal Rules of Civil Procedure.  (Dkt. no. 720, 22-24.)  As relief, RA4ARG seeks a court-ordered criminal investigation by the U.S. Department of Justice, a stay of these proceedings pending such investigation, as well as eventual indictments and prosecution, and vacatur of the Court's judgment against the Republic.  (Id. at 7-8.)  The Court treats RA4ARG's submissions as a motion to intervene, and, for the reasons set out below, the motion is DENIED.

RA4ARG's motion is untimely, and, pursuant to Rule 24(a), RA4ARG has no cognizable interest in the litigation.  D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001) (motion for intervention under either Rule 24(a) or Rule 24(b) denied where proposed intervenor moved more than a year after complaint filing); Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prods., Inc., 725 F.2d 871, 874 (2d Cir. 1984) (In the context of intervention as of right, "interest must be direct, as opposed to remote or contingent.").  Additionally, permissive intervention under Rule

---

[2] References to the docket refer to the lead case, Petersen Energia Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ. 02739.

24(b) is unwarranted because RA4ARG does not assert a claim or defense and none of the legal or factual determinations made in the Court's judgment on the merits affects any right or entitlement claimed by RA4ARG.

Even if the Court granted RA4ARG's motion to intervene, the Court lacks jurisdiction to grant the relief that RA4ARG seeks due to the pending appeal. Toliver v. Cnty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) ("[T]he district court may grant a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court.") (emphasis omitted).

For the foregoing reasons, RA4ARG's motion to intervene is DENIED. The Clerk of the Court is respectfully directed to close dkt. no. 724 on the No. 15 Civ. 02739 docket and dkt. no. 646 on the No. 16 Civ. 08569 docket.

**SO ORDERED.**

Dated:    March 3, 2025
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

3