**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

PETERSEN ENERGÍA INVERSORA,        Case No.: 1-15-C-V-02739 (LAP)
S.A.U. and PETERSEN ENERGÍA, S.A.U.,

          *Plaintiffs*,        The Honorable Loretta A. Preska

          v.

ARGENTINE REPUBLIC and YPF S.A.

          *Defendants*

------------------------------------------------------x


------------------------------------------------------x

ETON PARK CAPITAL MANAGEMENT,      Case No.: 1-16-C-V-08569 (LAP)
LP, ETON PARK MASTER FUND, LTD.,
and ETON PARK FUND, L.P.,

          *Plaintiffs,*

          v.

ARGENTINE REPUBLIC and YPF S.A.

          *Defendants*

------------------------------------------------------x


**NOTICE OF APPEAL**


    *NOTICE OF APPEAL* is hereby given by Republican Action for Argentina, Inc.

("RA4ARG"), as an interested party in this case, within 30 days, to the **United States Court of**

**Appeals for the Second Circuit**, regarding final judgment dated 3/3/2025 (# 726) by Honorable

Judge Loretta A. Preska from the United District Court for the Southern District of New York,

denying motions filed by this party pursuant to Rule 24(a)(b) (# 720) as well as Rule 60(b)(6),

(d)(1)-(3) (# 720) and Rule 60(b)(4) (# 724, 725) (motion to intervene of 2/17/2025; and motions

to vacate or set aside final judgment of 2/17/2025 and 2/26/2025); all in connection with this

Court's final judgment dated 9/15/2023 that awarded $16.1 billion to the Plaintiffs against the

Republic of Argentina (# 498, etc.), as well as all the prior interconnected rulings serving as a

predicate for it.

Regarding RA4ARG's above-mentioned motions per Rule 60(b)(4), (b)(6), (d)(1)-(3),

Honorable Judge Loretta A. Preska *sua sponte* held as follows:

> "Even if the Court granted RA4ARG's motion to intervene, the Court lacks jurisdiction
> to grant the relief that RA4ARG seeks due to the pending appeal. *Toliver v. Cnty of
> Sullivan*, 957, F.2d 47, 49 (2nd Circ. 1992) *("[T]he district court may grant a Rule 60(b)
> motion after an appeal is taken only if the moving party obtains permission from the
> circuit court.")*."

In tandem with Honorable Judge Loreta A. Preska's ruling and Fed. R. Civ. P., Rule

62(1)(a)(3), (b), (c), RA4ARG shall promptly notify the circuit clerk under Federal Rule of

Appellate Procedure 12.1, once this appeal is given due course, asking for permission that the

district court would grant such a relief per Rule 60(b)(4), (b)(6), (d)(1)-(3), raising substantial

issues, if the court of appeals remanded for such a purpose. [*"[T]his [appellate] court must first

give its consent so it can remand the case"*, *in re*, *Toliver v. Cnty of Sullivan*, 957, F.2d 47, 49

(2nd Circ. 1992)].

Respectfully,


Dated: March 4, 2025.


2

/s/ Fernando G. IRAZU

_____

By:    Fernando G. IRAZU (*pro hac vice* motion pending)
       President
       Attorney at Law
       **Republican Action for Argentina, Inc.**
       Interested Party
       Billinghurst 1656
       Buenos Aires, 1425, ARGENTINA
       fgirazu@gmail.com
       +54911 3084-8080


       *Counsel for RA4ARG*