# Exhibit 2

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 2, 2025

*Via Electronic Mail*

Amanda Flug Davidoff
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215

      Re:    *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
              *Eton Park Capital Mgmt. v. Argentine Republic*, No. 16-cv-08569

Counsel:

      We write regarding the Republic's Responses and Objections ("R&Os") to Plaintiffs' Information Subpoena ("Subpoena"). The Republic's answers to basic questions about its assets remain woefully deficient. As described below, your objections are improper because they rehash arguments previously rejected by the Supreme Court and that Judge Preska already overruled in the context of analogous discovery requests. In addition, the Republic's suggestion that it can refuse to provide complete responses because it has supposedly complied with its separate obligation to produce responsive documents lacks merit. In any event, the Republic's document productions remain incomplete, so they cannot supply the answers the Subpoena seeks.

      The Republic must provide Plaintiffs with information about its assets, as the Court already ordered. The "[f]inal completion deadline for the Republic's production" of court-ordered categories of documents recently passed, ECF 718 at 2, so the Republic must immediately supplement its responses to the Subpoena. Please supplement your responses immediately and no later than May 16, 2025. Plaintiffs reserve the right to seek court intervention if the Republic fails to do so.

      **I.**    **Plaintiffs are entitled to information about Argentina's assets**

      Judge Preska already held in no uncertain terms that Plaintiffs are entitled to pursue post-judgment discovery from the Republic concerning its own assets, regardless of whether the Republic may believe the assets are ultimately executable. For example, when Plaintiffs asked the Court to compel production of documents concerning the Republic's financial accounts in Argentina and the United States, the Republic argued that such discovery was unjustified because

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Amanda Flug Davidoff
May 2, 2025
Page 2

it "could not possibly lead to executable assets" and is "simply not relevant to execution." ECF 700 at 1 (quoting *Gujarat State Petroleum Corp. v. Republic of Yemen*, 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022)). The Court squarely rejected the Republic's argument, observing that the "Republic does not get to just assert that such information 'could not possibly lead to executable assets.'" ECF 703 at 3 (quoting *Republic of Yemen*, 2022 WL 1567464, at *8)). Indeed, the Court rejected the Republic's similar arguments regarding discovery of military and diplomatic assets as early as May 28, 2024—months before the Republic objected to the Subpoena on the same grounds on September 30, 2024. *See* ECF 592, May 28, 2024 Hr'g Tr. at 25:4–6. Therefore, "Plaintiffs are certainly now entitled to request the information regarding the [assets] in Argentina and the United States even if they ultimately may be immune from execution." ECF 703 at 3.

This settled principle is the law of the case, and the Republic is required to comply with that court-ordered discovery obligation. Yet, in another effort to grant itself the post-judgment stay the Court denied, and in blatant defiance of Judge Preska's rulings, the Republic simply pretends the Court's rulings do not exist. It refuses to provide answers to nearly every question seeking basic information about its assets, objecting that turning over information "regarding any . . . assets located in Argentina . . . is 'useless' to execution efforts" because assets in Argentina are not executable under Argentine law. R&Os General Objections ¶ 16; *see also* R&Os to Question Nos. 2-6, 9-12, 15-19, 22, 25-27, 29, and 30. But as Judge Preska already held, it does not matter that the assets are in Argentina or what Argentina unilaterally decides about execution immunity under Argentina law. The Republic must provide this information to Plaintiffs.

In support of its delay and obfuscation efforts, the Republic cites a single case (at R&Os General Objections ¶ 16), *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134 (2014). But *NML Capital* does not support the Republic's sweeping objection. In fact, it does the exact opposite: the Supreme Court held there is no "penumbral 'discovery immunity'" under the Foreign Sovereign Immunities Act and rejected the same argument Argentina is now rehashing in this litigation. *See id.* at 144 ("Argentina maintains that, if a judgment creditor could not ultimately execute a judgment against certain property, then it has no business pursuing discovery of information pertaining to that property. But the reason for these subpoenas is that NML *does not yet know* what property Argentina has and where it is, let alone whether it is executable under the relevant jurisdiction's law"); *see also*, *e.g.*, *Republic of Yemen*, 2022 WL 1567464 at *8 ("[J]udgment creditor[s] need not prove that post-judgment discovery will lead to attachable or executable assets in order to obtain that discovery.").

Consistent with *NML Capital*, Plaintiffs have repeatedly explained they may pursue discovery to enforce the judgment outside the United States. *See* ECF 663 at 1 (Plaintiffs seeking modification of protective order by arguing they intend to use discovery obtained under the supervision of this Court "to support foreign proceedings to enforce the Judgment or any foreign judgment recognizing the Judgment (proceedings Plaintiffs have initiated due to the Republic's refusal to satisfy the Judgment)"); ECF 688 at 2 (Plaintiffs arguing they "may use discovery from

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Amanda Flug Davidoff
May 2, 2025
Page 3

the Republic . . . to seize assets outside the United States"). Again, Judge Preska has repeatedly accepted that argument. *E.g.*, ECF 674 at 2 (granting modification of protective order to cover enforcement actions "in this or any other jurisdiction"); ECF 694 at 3 (clarifying that Plaintiffs may continue to pursue discovery against Argentina in pursuit of enforcement outside the United States). The Republic's improper objection interferes with those efforts.

This is particularly so because Argentina has failed even to identify what the assets are or how it determined that those assets are "in" Argentina. The locus of an asset is a nuanced issue that depends on many circumstances specific to the asset, and may be defined by different standards in various jurisdictions in which Plaintiffs may seek to enforce the Judgment. That is precisely why the Supreme Court held in *NML Capital* that Argentina cannot resist discovery about its assets based on its own unilateral determination that the assets are not subject to execution and before the creditor even knows "what property Argentina has and where it is." *NML Capital Ltd.*, 573 U.S. at 144. It is entirely possible that Argentina owns assets—like the YPF shares—that the Republic unilaterally claims are not executable but that are, in fact, commercially used and executable elsewhere in the world. Indeed, it is entirely implausible that Argentina has *no* assets meeting that description. Argentina's myopic and self-serving view that its assets are not executable under Argentine law cannot shield it from its court-ordered discovery obligations in this case.

For similar reasons, the Republic cannot refuse to provide answers about its assets in the United States. The Republic objects to providing basic information about "[a]ssets in the United States" on the basis that "Plaintiffs agreed not to pursue their discovery requests concerning assets or debts in the United States" and the information is "not relevant and not reasonably calculated to identify assets that could be used to satisfy the judgment." *E.g.*, R&Os to Question Nos. 7-12, 16-20. This objection is also devoid of any merit. To start, the Republic mischaracterizes Plaintiffs' position. Plaintiffs merely agreed—in early 2024—that the Republic could temporarily prioritize discovery into foreign assets, not that the Republic can avoid discovery obligations with respect to assets in the United States altogether. *See* ECF 699 at 2 (noting also that "[t]his objection is an abuse of the meet-and-confer process that has become standard operating procedure for the Republic."). But more importantly, as with assets the Republic self-proclaims are "in" Argentina and therefore not executable, this objection is improper because the Plaintiffs cannot determine whether the Republic is shielding information about assets actually in the United States or actually not executable, as they have no insight into the simple question of "what property Argentina has and where it is." *NML Capital Ltd.*, 573 U.S. at 144.

Please provide complete responses to all Subpoena questions by including information about the Republic's assets, whether they be "in" Argentina, the United States, or elsewhere. Specifically, please provide complete responses to Question Nos. 2-12, 15-20, 22, 25-27, 29, and 30.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Amanda Flug Davidoff
May 2, 2025
Page 4

### II. The Republic's objections about duplication, burden, and cumulative information lack merit

The Republic also broadly objects on the basis that the Subpoena is burdensome, duplicative, and cumulative of Plaintiffs' Requests for Production (RFPs). *See* R&Os General Objections ¶ 15; R&Os to Question Nos. 2, 3, 5-12, 14-20, 22-24, 26-28, 30. Specifically, Argentina claims it has already answered the Subpoena through its document productions, and it is not required to "review its own productions to respond to Plaintiffs' duplicative Questions." *E.g.*, R&O to Question No. 9 (citation omitted). These objections are also improper for numerous reasons.

To start, as Judge Preska already recognized, a party cannot avoid providing complete Subpoena responses simply because it has supposedly complied with its separate, distinct obligation to provide documents responsive to RFPs. *See* June 13, 2024 Letr. at 2 (noting Argentina's "objection that the Information Subpoena requires the Republic to 'review' its own document productions"); Sept. 3, 2024 Hr'g Tr. at 79:16-25, 80:17-20 (overruling objection).

In any event, the Republic's productions cannot possibly supply complete Subpoena responses because the Republic has not produced all requested ESI information. Plaintiffs' RFPs broadly encompassed all relevant documents and communications. *See*, *e.g.*, First Set of RFPs, Definitions ¶ 7 and RFP Nos. 6, 7, 8, 16, 25, 28. Yet the Republic has limited its custodian collections to government-maintained e-mail. Plaintiffs have not received a single document containing responsive, work-related communications on personal devices and accounts of the Republic's custodians transmitted through personal e-mail or messaging applications (such as WhatsApp, Slack, or Gmail). Nor have they received documents from senior public officials and advisors. As the parties' disputes over alter-ego discovery reveal, the Republic's omissions are not inadvertent. *See* ECF 642, 657, 670. And as merits discovery demonstrated, Argentine government officials communicate extensively through non-government e-mail. *See* ECF 642 at 1-2 n.1 (collecting examples).

In addition, Plaintiffs' review of the Republic's productions to date reveals that the productions are woefully incomplete. For example, the Republic has not produced any documents that it provided to the plaintiff in *Attestor Master Value Fund LP v. The Republic of Argentina*, 1:14-cv-05849-LAP (S.D.N.Y.). The Republic must produce such materials in response to Plaintiffs' First Set of RFPs, Request No. 30, consistent with the Court's Order of January 14, 2025. *See* ECF 703 at 3 (ordering production of documents produced in *Bainbridge Fund Ltd. v. The Republic of Argentina*, 1:16-cv-08605-LAP (S.D.N.Y.)). The Republic also has stonewalled its obligations to produce documents concerning its financial accounts in the United States and Argentina. Presently, the Republic has provided a simple list—apparently generated for litigation—of accounts in the United States and a longer list of accounts in Argentina. Neither document contains any account activity or any level of detail whatsoever, contrary to the Court's order to produce documents "concerning" these accounts. ECF 703 at 2. As another example, the

Republic states that it has already responded to Subpoena Question No. 14 concerning financial agreements between Argentina and China "through its production in response to Plaintiffs' First Document Request No. 20." But the Republic refused to produce any documents relating to a well-publicized currency swap agreement with China, and it similarly refused to produce anything in response to Plaintiffs' Second Set of RFPs No. 15, which sought all documents "concerning" financial agreements with China. *See* May 3, 2024 Letr; Republic's R&Os to Pls' Second Post-Judgment RFPs, dated June 14, 2024. After stonewalling Plaintiffs' document requests and disregarding the Court's orders, the Republic cannot now claim that its document productions excuse its non-response to Plaintiffs' Subpoena.

Finally, the Republic's fast-and-loose approach to court-ordered discovery obligations renders these broad objections entirely meaningless. On the one hand, the Republic's R&Os suggest that Plaintiffs received complete productions, and therefore complete Subpoena responses, in August 2024, the date the Republic served its R&Os. On the other hand, Argentina has continued to make productions well after the fact (and as recently as April 21, 2025), without supplementing its Subpoena responses. *See, e.g.*, Feb. 18, 2025 Ltr. at 1 ("The Republic confirms that this completes its production of responsive documents from all agreed-upon or court-ordered custodians other than José Ignacio de Mendiguren"); ECF 707 at 2 (scheduling order setting March 14, 2025 deadline for the Republic to complete productions). So, the Republic's productions were not complete then, and they remain incomplete now. Accordingly, they cannot replace proper answers to the Subpoena.

Please immediately provide complete responses to all Subpoena questions implicating these objections, and in particular, Question Nos. 2, 3, 5-12, 14-20, 22-24, 26-28, and 30.

### III. Other objections are also improper

The Republic's remaining objections are equally meritless, further highlight the Republic's ongoing refusal to comply with the Court's orders, and raise more questions than they answer.

For example, in response to Question No. 1, which asks whether Argentina will satisfy the judgment, the Republic contends it cannot respond because the question somehow "impinges upon the Republic's sovereign dignity in violation of the 'grace and comity' to which it is entitled as a sovereign state and is not relevant or reasonably calculated to assist in collection on the judgment in these Actions." Whether Argentina will satisfy the judgment is highly relevant—indeed, the Republic's failure to satisfy the judgment is the whole point of these enforcement proceedings. The Republic also claims it "cannot borrow the funds that would be necessary to pay the judgment." But it provides no information to support this sweeping statement and cites a single piece of evidence: its motion for a stay of enforcement proceedings pending appeal (ECF 514), which the Court denied. The Republic's refusal to answer whether it will comply with a court order is as astonishing as it is telling of its continued non-compliance with its court-ordered obligations in this case. Stated differently, Argentina's R&Os merely confirm that it is granting

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Amanda Flug Davidoff
May 2, 2025
Page 6

itself the stay the Court denied by refusing to produce discovery without any basis whatsoever. Please explain (1) the basis for your claim that the Republic cannot borrow funds to pay the judgment; (2) whether the Republic has attempted to borrow funds to pay the judgment and, if so, from whom and when; and (3) what processes the Republic utilizes to obtain financing to pay liabilities it owes, including from where and how it obtains each type of financing and which offices, agencies, or individuals are involved in this process.

In response to Question No. 7, the Republic claims that "based on the searches conducted it has not identified movable Assets in Foreign Countries." Please explain what searches were conducted, who was involved, and how the Republic went about conducting those searches.

The Republic simply refused to answer Question No. 13, which asks the Republic to "[l]ist the ministries, agencies, political subdivisions, and representatives, and all other Persons acting or purporting to act for or on Argentina's behalf in negotiations from January 1, 2020 to the present with China regarding any financial agreement." The Republic makes broad burden and relevancy objections, and it claims this question somehow "impinges on the Republic's sovereign dignity in violation of the 'grace and comity' to which it is entitled as a sovereign state by requesting information about the inner workings of government that is highly confidential and to the extent it seeks non-public information under Argentine law." R&O No. 13. These objections are meritless. The question of who is involved in the Republic's negotiations of current financial agreements with a third party is highly relevant to post-judgment discovery and enforcement efforts, and providing names about individuals involved in relevant transactions is not burdensome. Nor does the question violate the Republic's unsupported "grace and comity" concerns—there is a protective order in place, and, as Plaintiffs recently explained in connection with alter-ego discovery, internal communications are highly relevant and discoverable. *See generally* ECF 670.

Finally, the Republic completely failed to answer Question No. 31, which asks the Republic simply to identify the persons who were consulted in connection with the preparation of responses to the Subpoena. The Republic cities broad concerns about relevance and burden, but the claim is entirely unsupported. There is no basis for the Republic to withhold this basic information, which Plaintiffs need to advance the litigation and prepare for depositions. Please provide a complete answer to this question immediately.

Plaintiffs reserve all rights.

Sincerely,

/s/  Alejandra Ávila
Alejandra Ávila