# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 18, 2025

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
      New York, NY 10007.

      Re: *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

      On behalf of the Argentine Republic, I respond to Plaintiffs' June 6, 2025 letter ("Ltr."; *Petersen* ECF No. 736) seeking a pre-motion conference regarding their Information Subpoena ("Subpoena"). The Republic responded fully to Plaintiffs' Subpoena on September 30, 2024. Plaintiffs did not raise *any* issues with the Republic's response *until more than seven months later*, on May 2, 2025. Plaintiffs' delay in raising any complaint is telling. Indeed, they fail to identify any particular response to their Subpoena questions requiring this Court's intervention.

## I. The Republic Provided Complete Responses to the Subpoena.

      *First*, Plaintiffs are wrong in claiming that "they are entitled to [more] information about the Republic's assets, regardless of whether the Republic may unilaterally believe the assets are executable." (Ltr. 2). In fact, the Republic has already provided detailed information about assets in jurisdictions around the world, including regarding (i) financial accounts in Argentina, the U.S., and worldwide; (ii) commercial transactions with U.S. and foreign counterparties; (iii) information about peso-denominated bonds, foreign currency debts, arbitral awards, and final judgments; (iv) privatization-related documents as produced in *Attestor Master Fund LP* v. *Argentina*; and (v) identification of accounts related to the Republic's

The Honorable Loretta A. Preska                                                              -2-

debts, agreements with China, a standby letter of credit from Santander, and payments concerning utilities-related assets in Argentina. (*See* Pls.' Ex. 1, Republic's Response Nos. 2-4, 5, 7, 9-12, 15-18, 22, 25-27, 29, 30.)[1] The Republic has provided more than sufficient information, notwithstanding that *none* of this pertains to executable assets.

Regrettably, in their rush to the Court, Plaintiffs do not specify what more they need. To the extent they seek yet more detail about assets in Argentina, such information is plainly outside the scope of proper enforcement discovery. Plaintiffs make *no* showing that additional burdensome and intrusive discovery into the activities of the Argentine government *in Argentina* could possibly lead to the discovery of executable assets. *See Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 144-145 (2014) ("[I]nformation that could not possibly lead to executable assets is simply not 'relevant' to execution."); *Aurelius Capital Master, Ltd.* v. *Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014) ("stress[ing]" that "Argentina—like all foreign sovereigns—is entitled to a degree of grace and comity"). At a minimum, if Plaintiffs contend that they are entitled to supplemental responses regarding assets in Argentina, Plaintiffs must make a threshold showing of relevance. *See Mandell* v. *The Maxon Co., Inc.*, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). They have not done so.

*Second*, Plaintiffs assert that the Republic "must supplement its incomplete responses" where it objected that the information sought was duplicative and cumulative. (Ltr. 2.) But Plaintiffs ignore the Republic's actual responses. Notwithstanding its objections, the Republic referred Plaintiffs to specific documents that addressed their Subpoena questions. For example, in response to Question No. 2—"[l]ist all YPF shares . . . with citations to relevant Bates-Numbered Documents"—the Republic pointed Plaintiffs to AR00123654–AR00123655 and AR00159708–AR00159975 at AR00159800. (*See also* Pls.' Ex. 1, Republic's Response Nos. 3, 5, 7, 9-11, 14, 16, 17, 20, 23, 24 (identifying responsive documents).)[2] Plaintiffs provide no basis for their position that the Republic's response is deficient.

---

[1]   The Republic explained this in its detailed May 23, 2025 response to Plaintiffs' May 2 letter. (Pls.' Ex. 3.)

[2]   In other cases, the Republic noted that no responsive information existed. *See* Pls.' Ex. 1, Republic's Response Nos. 6, 8, 12, 15, 18-19, 26-28, 30.

The Honorable Loretta A. Preska                                                                           -3-

*Third*, Plaintiffs claim in general fashion that "Argentina must withdraw plainly meritless objections to specific requests." (Ltr. 2.) But Plaintiffs do not specify which objections they deem meritless and on what basis other than to demand that the Republic provide names of individual civil servants in response to Question No. 31 (Ltr. 2.), which asks for "all Persons . . . who have been consulted in connection with the preparation of responses." "Persons" is defined to include government entities (Ex. A (Subpoena) at 4), and the Republic identified the relevant government ministries and offices it consulted (Pls.' Ex. 1 at 54-55). Plaintiffs are wrong that the Republic must identify individual civil servants. Those names are not relevant to any legitimate enforcement purpose and would invade individual privacy interests. Moreover, such "discovery on discovery" is not permitted absent an "adequate factual basis for [the party's] belief that discovery on discovery is warranted." *Mortg. Resol. Servicing, LLC* v. *JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7-8 (S.D.N.Y. July 14, 2016). And Plaintiffs' request improperly impinges on attorney work product. *See Seven Hanover Assocs., LLC* v. *Jones Lang LaSalle Americas, Inc.*, 2005 WL 3358597, *1 n.1 (S.D.N.Y. Dec. 7, 2005) ("Defendant is . . . not entitled . . . to identification of who [has] been interviewed by plaintiffs' attorney.").[3]

## II.     Plaintiffs' Assertions Regarding Foreign Proceedings Are Irrelevant and Wrong.

Plaintiffs wrongly claim that the Republic has "facilitated delay abroad" by representing that U.S. discovery is "proceeding appropriately" and even suggest that the Republic has acted improperly in foreign proceedings. (Ltr. 3.) The Republic's representations in foreign proceedings that U.S. enforcement discovery is ongoing (including over 100 third-party subpoenas served by Plaintiffs) are obviously correct. Likewise, the Republic has properly responded to foreign proceedings in accordance with local laws. The Republic's actions—including

---

[3]     Plaintiffs also "reiterate[]" that the Republic must produce information collected from personal devices and accounts like WhatsApp. (Ltr. 2.) As they recognize (Ltr. 2 n.1), that dispute is the subject of separate briefing. (*See* ECF Nos. 642, 658, 670, and 677.)

The Honorable Loretta A. Preska                                                                                          -4-

following foreign service procedures, raising jurisdictional defenses, and seeking stays pending appellate review—are all appropriate.[4]

        Plaintiffs also unfairly criticize the Republic's conduct in the Second Circuit appeal, but fail to acknowledge that the Republic sought a single thirty-day extension following the change in administration in Argentina. This short extension has had no impact on the scheduling of argument in the appeal, which has been fully briefed since August 2024. Obviously, the Court of Appeals sets dates for argument.

        Plaintiffs' belated request for a pre-motion conference should be denied.

        Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:   Counsel of Record (via ECF)

---

[4] Contrary to Plaintiffs' argument (Ltr. 3), the Republic's position has been consistent regarding the process to enforce judgments against the Republic in Argentina. (*See, e.g.*, ECF 699-1 at 1.)