# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U., and PETERSEN ENERGIA S.A.U.<br><br>    Plaintiffs and Judgment Creditors,<br><br>v.<br><br>ARGENTINE REPUBLIC,<br><br>    Defendants and Judgment Debtor. | 15 Civ. 2739 (LAP)<br><br>16 Civ. 8569 (LAP)<br><br>**PLAINTIFFS' FIRST INFORMATION SUBPOENA TO DEFENDANT THE ARGENTINE REPUBLIC** |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P.,<br><br>    Plaintiffs and Judgment Creditors,<br><br>v.<br><br>ARGENTINE REPUBLIC,<br><br>    Defendant and Judgment Debtor. | |

Judgment Creditors Petersen Energía Inversora S.A.U., Petersen Energía S.A.U., Eton Park Capital Management L.P., Eton Park Master Fund, LTD, and Eton Park Fund L.P. ("Judgment Creditors") obtained a judgment on September 15, 2023, entered in the Southern District of New York, in the following amounts:

- Plaintiffs Petersen Energía Inversora S.A.U. and Petersen Energía S.A.U shall recover from the Republic $14,385,449,737, as well as post–judgment interest, calculated from September 15, 2023, at a rate of 5.42% per annum, computed daily to the date of payment and compounded annually.

- Plaintiffs Eton Park Capital Management L.P., Eton Park Master Fund, LTD, and Eton

Park Fund L.P Eton Park shall recover from the Republic $1,714,338,556, as well as post−judgment interest, calculated from September 15, 2023, at a rate of 5.42% per annum, computed daily to the date of payment and compounded annually.

None of these sums have been paid and all of which are due. Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and Sections 5223 and 5224 of the New York Civil Practice Law & Rules ("CPLR"), Judgment Creditors, by their attorneys King & Spalding LLP, hereby request that Judgment Debtor the Argentine Republic (as defined further below, "Argentina") answer separately and under oath each of the following written questions within 30 days.

## **DEFINITIONS**

1. "ADR" means American Depository Receipt.

2. "ADS" means American Depository Share.

3. "Argentina" refers to the Argentine Republic as well as its ministries, agencies, political subdivisions, and representatives, and all other Persons acting or purporting to act for or on Argentina's behalf. For the avoidance of any doubt, this includes, but is not necessarily limited to, the entities identified in Exhibit A.

4. "Asset" means any tangible or intangible item with an economic value greater than US$ 1,000,000, including without limitation, and whether prepaid or deferred, any cash, income, securities, bank accounts, accounts receivable, gifts, trademarks, patents, copyrights, goodwill, personal property, or any interest in any real property, including any leasehold, or any ownership, membership, control, or discretion otherwise with respect to the disposition of, any asset of a Person.

5. "Bates-Numbered Document" means any document produced by Argentina pursuant to Requests for Production issued by Plaintiffs in the above-referenced proceedings.

6.  "China" means the People's Republic of China as well as its ministries, agencies, political subdivisions, and representatives, and all other Persons acting or purporting to act for or on China's behalf. For the avoidance of doubt, China includes without limitation the People's Bank of China.

7.  "Commercial Transaction" means an event or condition in which a buyer and seller exchange an Asset, right, service, or obligation for consideration with an economic value greater than US$ 1,000,000, including but not limited to, purchases, loans, leases, mortgages, liens, bank, brokerage, or other financial institution transactions, exporting (direct and indirect), importing (direct and indirect), trade brokering, financing, debt instruments including bond and other debt issuances, financial transactions including letters of credit, and contracts for the performance of services.

8.  "Debt" means any money or other item with an economic value greater than US$ 1,000,000 owed to another Person, located anywhere in the world, including but not limited to accounts receivable, accounts payable, arrears, bills, checks, claims, credits, commercial paper, commitments, debentures, debits, dues, duties, encumbrances, executory contracts, guarantees, indemnities, invoices, IOUs, liabilities, lines of credit, loans, mortgages, obligations, promissory or other notes, responsibilities, securities, securityships, or vouchers.

9.  "Financial Institution" means any bank or trust company, including, without limitation, any Person whose business or a principal part of whose business consists of any of the following: borrowing or lending or investing money; administering or managing funds on behalf of other Persons; acting as trustee in respect of funds of other Persons; dealing in life insurance policies; providing financial services that involve the transfer or exchange of funds, including, without limitation, services relating to financial leasing, money transmissions, credit cards, debit

cards, treasury certificates, bankers draft and other means of payment, financial guarantees, trading for account of others (in money market instruments, foreign exchange, interest and index instruments, transferable securities and futures), participation in securities issues, portfolio management, safekeeping of cash and liquid securities, investment related insurance and money changing; but not including the provision of financial services that consist solely of the provision of financial advice.  For the avoidance of doubt, "Financial Institution" shall include the central bank of any country, including any Federal Reserve Bank in the United States, export credit agencies of a foreign state, or debt agencies of a foreign state.

10.     "Foreign Country" means any country of the world other than the United States and Argentina.

11.     "Judgment" refers to the final judgment entered on September 15, 2023 by the United States District Court for the Southern District of New York in the cases captioned *Petersen Energía Inversora S.A.U.  and Petersen Energía S.A.U. v. Argentine Republic and YPF S.A.*, Case No. 15 Civ. 2739 (LAP), and *Eton Park Capital Management L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. v. Argentine Republic and YPF S.A.*, Case No. 16 Civ. 8569 (LAP).

12.     "Judgment Creditors" refers to Petersen Energía Inversora S.A.U., Petersen Energía S.A.U., Eton Park Capital Management L.P., Eton Park Master Fund, Ltd., and Eton Park Fund L.P.

13.     "Payment" means the transfer of any form of Asset or service, of more than US$ 1,000,000 in value, in exchange for another form of Asset or service.

14.     "Person" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

15. "Shares" means any type of equity security, including but not limited to ADRs and ADSs, in whatever form, whether physical or electronic.

16. "You" and "Your" refer to Argentina and its officials, employees, agents, attorneys, servants, representatives, and assigns of each and any of them.

17. "YPF" means YPF Sociedad Anonima, formerly Yacimientos Petrolíferos Fiscales Sociedad Anonima, and its officials, employees, agents, attorneys, servants, representatives, and assigns of each and any of them.

## INSTRUCTIONS

1. When asked to "identify" a Person, if that Person is a corporation or other legal, business, or governmental entity, specify the Person's:

    a. Full corporate name;

    b. Last known headquarters address;

    c. Place of incorporation or organization; and

    d. Address(es).

2. When asked to "identify" a Person, if that Person is an individual, specify the Person's:

    a. Full name;

    b. Last known business address;

    c. Last known residential address;

    d. Last known occupation or employer (or business affiliation);

    e. Last known title or position;

    f. Employer and position at the time relevant to the particular inquiry; and

  g. A brief description of the duties and responsibilities of the Person at the time relevant to the particular inquiry.

3. Unless otherwise noted, these written questions cover the period from January 1, 2020 to the present.

## WRITTEN QUESTIONS

1. State whether Argentina will satisfy the Judgment in full, and if so, when it intends to initiate and complete the payments required to satisfy the Judgment.

2. List all YPF Shares, including their number, class, location, associated account number and, if applicable, "constancia no." currently owned by Argentina, with citations to relevant Bates-Numbered Documents.

3. List every brokerage account, trust account, custodial account, or other Financial Institution account through which Argentina held or currently holds YPF Shares during the period from April 16, 2012 to the present, with citations to relevant Bates-Numbered Documents.

4. Identify whether any payment was made by Argentina to Repsol referenced in Bates-Numbered Documents AR00137327 and AR00137324 regarding the cancellation, deregistration, or termination of YPF Shares. To the extent any such payment was made, identify any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in which any payment during the period from April 16, 2012 to the present was made, including, but not limited to, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, during the period from April 16, 2012 to the present.

5. List all agreements between Argentina and any of the provinces concerning YPF shares, or between any of the Provinces, concerning YPF Shares, during the period from April 16, 2012 to the present, with citations to relevant Bates-Numbered Documents.

6. Identify whether Argentina has made any distributions to the Provinces of dividends issued by YPF during the period from April 16, 2012 to the present, with citations to relevant Bates-Numbered Documents. To the extent any such distributions were made, identify any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in which any distribution during the period from April 16, 2012 to the present was made, including, but not limited to, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, during the period from April 16, 2012 to the present.

7. List any Asset of Argentina in the United States or any Foreign Country, with citations to relevant Bates-Numbered Documents.

8. List any legal or beneficial interest of Argentina in any Asset in the United States or any Foreign Country, regardless of whether such Asset is owned by or held in the name of a Person other than Argentina, with citations to relevant Bates-Numbered Documents.

9. List any bank account, brokerage account, trust account, custodial account, or other Financial Institution account, maintained in whole or in part in the name of Argentina, that is beneficially owned in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina, with citations to relevant Bates-Numbered Documents.

10. List any Debt owed to Argentina by Person, by whom, the amount or value of money or other item of economic value owed pursuant to the Debt, whether the Debt is recurring,

the date of Payment or timing of expected Payment, a description of how the Debt arose, and any collateral associated with the Debt, with citations to relevant Bates-Numbered Documents.

11. List any Debt owed by Argentina to any Person, to whom, the amount or value of money or other item of economic value owed pursuant to the Debt, whether the Debt is recurring, the date of Payment or timing of expected Payment, a description of how the Debt arose, and any collateral associated with the Debt, with citations to relevant Bates-Numbered Documents.

12. With respect to the above Requests 10 and 11, identify any bank account, brokerage account, trust account, custodial account, or other Financial Institution account through which any Payment will be made, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, with citations to relevant Bates-Numbered Documents.

13. List the ministries, agencies, political subdivisions, and representatives, and all other Persons acting or purporting to act for or on Argentina's behalf in negotiations from January 1, 2020 to the present with China regarding any financial agreement.

14. List all financial agreements between Argentina and China, with citations to relevant Bates-Numbered Documents.

15. With respect to any financial agreements between Argentina and China, identify any bank account, brokerage account, trust account, custodial account, or other Financial Institution account through which any Payment has been or will be made, the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, with citations to relevant Bates-Numbered Documents.

16. List all Commercial Transactions between Argentina and any Person, including but not limited to the parties to the Commercial Transaction, the asset, service, right or obligation being exchanged for consideration, the amount of the consideration, and any agreement(s) or contract(s) governing the Commercial Transaction, with citations to relevant Bates-Numbered Documents.

17. List any Letter of Credit issued by any Financial Institution, in which Argentina is listed as the applicant or beneficiary, with citations to relevant Bates-Numbered Documents.

18. List all accounts used by Argentina (whether such accounts are located in Argentina or elsewhere) to make payments to any law firm or consulting firm located in the United States or any Foreign Country, in connection with any legal proceeding to which Argentina has been a party, with citations to relevant Bates-Numbered Documents. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

19. Provide a list of any escrow account established in connection with the sale of any Asset by Argentina to any Person, with citations to relevant Bates-Numbered Documents. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

20. List any concession agreement or similar agreement (such as a production sharing contract) relating to natural resources, energy or public infrastructure, between Argentina and any Person located in the United States or any Foreign Country (or any direct or indirect subsidiary of such Person), with citations to relevant Bates-Numbered Documents.

21. Provide a list of the proceedings regarding the enforcement of a judgment against Argentina in which Argentina has produced Documents.

22. Identify any state-owned or state-controlled entities, agencies, or instrumentalities that Argentina intends to or will privatize through December 2027, and describe the plans for such privatization, including (i) the intended target of privatization, (ii) whether any shares, securities, or interests will be issued, transferred or sold, (iii) whether and where such shares, securities or interests will be listed, and (iv) where any proceeds from privatization will be paid or transferred, including the name of the account holder, the account number, and the location of the account.

23. List any arbitrations or litigations in which Argentina is the claimant or plaintiff, including (i) the case number and court or arbitrational institution, (ii) the amount in controversy, and (iii) whether any deposit or security has been lodged, by whom, in what amount, and in what form.

24. List any arbitrations or litigations in which Argentina is the defendant or respondent and has either (i) made a counterclaim or (ii) requested its costs, and describe (i) the case number and court or arbitral institution, (ii) the amount in controversy, and (iii) whether any deposit or security has been lodged, by whom, in what amount, and in what form.

25. Identify the location of the Airbus helicopters referenced in Bates-Numbered Documents AR00137152 and AR00137164.

26. Identify the accounts in which Argentina made or received any payments concerning the 2012 Facility Agreement for US$ 2.1 billion and any amendments thereto, with Argentina as borrower, China Development Bank and Industrial and Commercial Bank of China Ltd. as Initial Mandated Lead Arrangers, and China Development Bank as Facility Agent, referenced in Bates-Numbered Documents AR00138642, AR00137905, and AR00138317. For

the avoidance of doubt, list the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account.

27. Identify the accounts in which Argentina made or received any payments concerning the August 12, 2016 Engineering, Procurement, and Construction Contract for Cauchari I, II, III, the 2017 Preferential Buyer Credit Loan Agreement regarding the Jujuy Photovoltaic Power Plant Project between Argentina and the Export-Import Bank of China, and any amendments thereto, referenced in Bates-Numbered Documents AR00137778, AR00137789, and AR00137865. For the avoidance of doubt, list the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, during the period from January 1, 2020 to the present.

28. Identify the accounts in which Argentina made or received any payments concerning the 2019 Security Agreement between Argentina, Banco Bilbao Vizcaya Argentaria S.A. – Hong Kong Branch, as both creditor and Sinosure Agent, and the 2018 Financing Agreement between the same parties, referenced in Bates-Numbered Documents AR00137872 and AR00137782. For the avoidance of doubt, list the name of the account holder of such account as it appears on the account, the account number of such account, the current status of such account, and the current balance of such account, during the period from January 1, 2020 to the present.

29. Identify the accounts in which any payments concerning the Standby Letter of Credit in the amount of €313,876,449.80 euros issued by Santander Bank dated April 3, 2024 were sent, transferred or received, regarding claims filed in the High Court of England and Wales in 2019 by holders of euro-denominated GDP-Warrants issued by Argentina in 2005 and 2010, referenced in Bates-Numbered Document AR00137357.

30. Identify the accounts in which any payments concerning the Yacyretá Dam, Jasyretâ-Apipé Hydroelectric Power Station, or Entidad Binacional Yacyretá, were sent to, transferred to or from, or received by Argentina.

31. Identify all Persons, including the department(s) or ministry/(ies) for which such Person works and their title(s), who have been consulted in connection with the preparation of responses to these written questions, and state the question number for which such Person(s) assisted in the preparation of the answer, and whether such Person(s) are/is in possession of documents responsive to the First Post-Judgment Requests for Production of Documents served upon Argentina on or around October 16, 2023.

-13-

Dated: New York, New York
May 15, 2024

Respectfully submitted,

KING & SPALDING LLP

By: */s/ Laura Harris*
Laura Harris
1185 Avenue of the Americas, 34th Floor
New York, New York 10036

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2024, a copy of the foregoing was served on counsel of record via Electronic Mail.

By: /s/ *Laura Harris*
Laura Harris

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park CapitalManagement, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*