KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

June 25, 2025

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739
     *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

    Plaintiffs respectfully submit this reply in support of their request for a pre-motion conference regarding Plaintiffs' Information Subpoena ("Subpoena"). ECF 736. Plaintiffs ask the Court to (1) overrule the Republic's standing objection that Plaintiffs are not entitled to discovery about assets the Republic unilaterally claims are not executable, and (2) compel the Republic to disclose the identities of the persons with knowledge of the Subpoena responses.

    As a threshold matter, the Republic opposes not just Plaintiffs' request for relief but also a hearing before the Court. These discovery disputes are complex and intertwined with other issues pending before Your Honor. As such, allowing the parties to be heard at a conference will assist in resolving or narrowing the issues in an efficient manner.

    The Republic also asserts (at 2) it has responded to the Subpoena, but its own filing demonstrates it has withheld responsive information. If the Republic's responses were complete, it would not continue to defend withholding additional information by arguing (at 2) it is irrelevant and burdensome to provide it. Mischaracterizing *Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 144-45 (2014), the

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Loretta A. Preska
June 25, 2025
Page 2

Republic insists (at 2) that supplementation is unnecessary because "information that could not possibly lead to executable assets is simply not 'relevant' to execution." As Plaintiffs explained, the Court has already rejected that argument. ECF 703 at 2-3; ECF 737-2 at 2-4. Similarly, the Republic does not support its claim (at 2) that it is too "burdensome and intrusive" to produce additional relevant information.

Argentina's suggestion (at 2) that "Plaintiffs do not specify what more they need" fails for similar reasons. As the Supreme Court noted in *NML Capital*, the point of post-judgment discovery is that Plaintiffs "do[] not yet know what property Argentina has and where it is, let alone whether it is executable under the relevant jurisdiction's law." 573 U.S. at 144. Argentina maintains its objections to a plethora of Subpoena Questions. ECF 737-2 at 3. And contrary to Argentina's suggestion (at 2), Plaintiffs have provided specific examples of the Republic's deficiencies, which Argentina refuses to cure. *E.g.*, *id.* at 4-5 (noting deficiencies as to custodians, financial accounts, and financial agreements); ECF 737-3 at 4, 6 (refusing to supplement *inter alia* "on the basis that detail regarding the Republic's specific financial arrangements is not necessary to identify attachable assets"). To this date, Plaintiffs have not received the "supplemental" productions that Argentina promised a month ago. ECF 736 at 2-3.

Argentina's argument (at 3) that it is not required to provide a complete response to Subpoena Question No. 31 also lacks merit. Providing names of persons with knowledge in response to an Information Subpoena is entirely appropriate and routine in U.S. litigation. Argentina's cited case law (at 3) says as much: parties are "free to ask for names of persons with knowledge of the facts." *Seven Hanover Assocs., LLC v. Jones Lang LaSalle Ams., Inc.*, 2005 WL 3358597, at *1 n.1 (S.D.N.Y. Dec. 7, 2005).

The Republic contends (at 3) it need not identify individuals because the Subpoena defines "Persons" to include government entities, which the Republic already identified in its response. But the Subpoena definition accords with the Local Rules, which requires identification of relevant individuals and entities and does not allow Argentina to make selective disclosures. Local Civ. R. 26.3. Moreover, Argentina never raised this argument in either its objection to Question No. 31 or its letter to Plaintiffs. ECF 737-3 at 10; ECF 737-1 at 54-55. The Republic's contention (at 3) that "Plaintiffs' request improperly impinges on

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
June 25, 2025
Page 3

attorney work product" fails for similar reasons: the names of individuals with relevant knowledge are not work product, and the Republic failed to preserve this objection. ECF 737-1 at 54-55, ECF 737-3 at 10.

      Finally, the Republic insinuates (at 1) Plaintiffs' request for a pre-motion conference is untimely. Ironically, Argentina simultaneously accuses Plaintiffs (at 2) of "rush[ing] to the Court." The Republic ignores that the Court has resolved various discovery disputes since Argentina served its responses and objections, as Plaintiffs explained. ECF 736 at 2. Plaintiffs timely raised these issues after the Court overruled the Republic's similar objections. The only party causing delay domestically and abroad, at trial and on appeal, is Argentina.

                                            Respectfully submitted,

                                            */s/ Andrew E. Goldsmith*
                                            Andrew E. Goldsmith

cc:    All counsel of record via ECF