**Clement & Murphy**
PLLC

July 7, 2025

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739
      *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

     We write to oppose the Republic's motion for an unsecured stay pending appeal from the Court's June 30, 2025 order (the "Turnover Order") requiring the Republic to turn over certain shares of YPF S.A. to Plaintiffs. Dkt.743.[1] That motion is the latest attempt by the Republic "to delay and circumvent its obligations on the judgment." Dkt.538 at 5. The Republic invokes Rule 62(d) without offering the "bond or other terms that secure the opposing party's rights" the rule requires. To the extent New York law governs via Rule 69(a), it similarly authorizes a stay only if the Republic places the YPF shares "in the custody of an officer designated by the court" or provides an "undertaking." N.Y. C.P.L.R. 5519(a)(4). An unsecured stay would plainly endanger Plaintiffs' rights. Moreover, a stay is an equitable remedy, and any hardship from the Turnover Order is a product of the Republic's litigation strategy. After repeatedly "refus[ing] to make any effort to honor the Court's unstayed judgment," Dkt.742 at 32, the Republic's delays have finally caught up with it.

    I.      **The Republic Abuses The Court's Accommodations**

     The Republic's current predicament is of its own making. The Republic successfully delayed judgment for over *eight years*, and has now delayed satisfaction

---

[1] Docket numbers refer to the docket in No. 15-cv-2739.

Hon. Loretta A. Preska
July 7, 2025
Page 2

of the judgment for almost two more years without a stay. The Republic requested a stay, *see* Dkt.513, which the Court granted without a supersedeas bond on the condition that the Republic seek expedited appellate review and post "minimal security." Dkt.527 at 10; Dkt.529 at 1. Then, when requested, "as a courtesy to the new administration in Argentina," the Court "extended the deadline of the condition to seek expedited treatment." Dkt.538 at 3. The Republic took full advantage of that extra time but "made no efforts to satisfy the conditions required by the Court." *Id.* at 5. Because "[a]t each turn, the Republic ... dodge[d] its obligations on the final judgment," the Court authorized Plaintiffs to begin enforcement. *Id.* Indeed, that decision authorizing enforcement is the law of the case, and the Republic's motion should be seen for what it is: a misplaced invitation to reconsider a decided issue.

The Republic declined to seek a stay from the Second Circuit and instead strung out appellate briefing over eleven months. The Republic is also using every procedural tactic in its arsenal to frustrate and delay foreign recognition proceedings. The summary provided in Appendix A shows a serially recalcitrant defendant helping itself to the stay this Court denied.

## II. The Republic Cannot Meet The Requirements For A Stay

All four stay factors weigh against the Republic.

The Republic is not likely to succeed in appealing the Turnover Order. The Court thoughtfully considered a straightforward motion and applied New York and federal law to resolve it. The Republic (at 2) asserts it need show only a "substantial case," but that standard is reserved for cases where every other factor favors a stay. *See Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988). Here, none do.

The Republic cannot claim irreparable harm from the Turnover Order, because the real harm flows from the fact that the underlying judgment is unstayed. Having declined to satisfy this Court's stay conditions or even seek a stay from the Second Circuit, the Republic cannot complain about enforcement efforts. Any harm is "self-inflicted," and "caused in large part by the [Republic's] own delay." *Hirschfeld v. Bd. of Elections in N.Y.*, 984 F.2d 35, 39-40 (2d Cir. 1993) (denying

Hon. Loretta A. Preska
July 7, 2025
Page 3

stay because "irreparability is a product of the moving party's own delay"). Such "'self-inflicted' harms are not considered irreparable." *Expedia, Inc. v. United Airlines, Inc.*, 2019 WL 1499269, at *6 (S.D.N.Y. Apr. 5, 2019) (citation omitted); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 102 (2d Cir. 2012) (party's request for stay "ring[s] hollow in light of the defendant['s] plainly dilatory tactics"). Had the Republic satisfied this Court's stay conditions, or obtained a stay from the Second Circuit, or expedited its appeal in the slightest, it would not face harm from the Turnover Order. "A stay is not a matter of right"; it is an equitable remedy "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). Here, the most relevant and glaring circumstances are Argentina's dilatory tactics and unclean hands.

Plaintiffs, in contrast, would be irreparably harmed by a stay, especially if it is unsecured. Plaintiffs have every right to execute the unstayed judgment, but the Republic has stymied Plaintiffs' lawful efforts at every turn. Now the Republic seeks a stay without offering a "bond or other terms that secure [Plaintiffs'] rights" as required by Rule 62(d), or placing its shares "in the custody of an officer designated by the court" or providing an "undertaking in a sum fixed by the court," as required by N.Y. C.P.L.R. 5519(a)(4). *See* Dkt.742 at 8 (under Rule 69(a), turnover proceedings "must accord with the procedure of the state [of New York]"). The Republic says (at 3) it "has no plan to sell its shares in YPF" and contends "it cannot [sell them] without action by the Argentine Congress." The Republic argues that this alone would protect Plaintiffs during an unsecured stay. *Id.* ("[t]his legal requirement alone 'eliminate[s] the risk of asset dissipation' pending appeal"). Yet just last week, a new bill was submitted to the Argentine National Congress, identifying Your Honor by name and purporting to prohibit satisfaction of the Turnover Order. Rhodes Decl. Ex. A. In addition, Buenos Aires Governor Axel Kicillof (former YPF Vice Intervenor who said only "fools" would believe Argentina's tender offer promises) delivered an on-air diatribe lasting nearly an hour, naming Your Honor (and Judge Griesa), calling the Court's rulings "legal nonsense" and "absolutely absurd," and saying that "the winds" of "privatiz[ation]" "are blowing again." Rhodes Decl. Ex. B at 1, 5, 7. The Republic will use any stay to frustrate compliance with the Turnover Order.

Hon. Loretta A. Preska
July 7, 2025
Page 4

    Last, the Court already determined that the public interest favors enforcement. Dkt.742 at 30-31.

    The Court should deny the Republic's request outright, or at a minimum condition any stay as required by Rule 62(d) and New York law. Plaintiffs can address potential conditions if helpful to the Court.

Respectfully submitted,

*/s/Paul D. Clement*
Paul D. Clement

*Counsel for Plaintiffs*

cc:    All counsel of record via ECF