## Appendix A

## Timeline of the Republic's Delays in Foreign Recognition Proceedings

**1.     United Kingdom**

**February 8, 2024**:  Plaintiffs wrote to Robert Giuffra of Sullivan & Cromwell seeking the Republic's acceptance of service and an agreed procedure to object to service in connection with proceedings seeking recognition and enforcement of the SDNY court judgment of September 15, 2023 (the "**Judgment**").

**February 16, 2024**:  Sullivan & Cromwell rejected service or any alternative procedure.

**March 5, 2024**:  Plaintiffs applied to the English court for permission to serve Argentina, which was granted soon thereafter.

**March 15, 2024**:  Plaintiffs initiated service under the UK State Immunity Act 1978.

**July 26, 2024**:  Plaintiffs received confirmation that service was made on Argentina on **June 28, 2024**.

**September 20, 2024**:  The Republic acknowledged service.

**September 25, 2024** and **November 1, 2024**:  The Republic sought two extensions for the purpose of objecting to service and filing a challenge to the jurisdiction of the Court.

**December 13, 2024**:  The Republic filed its application to set aside service and objecting to jurisdiction, and also sought a stay of all English proceedings until the Republic's appeal to the U.S. Court of Appeals for the Second Circuit, and any subsequent appeal, was fully and finally determined, despite the Judgment being enforceable and not stayed.

**January 10, 2025**:  Plaintiffs filed, on time, their responsive evidence, including a lengthy witness statement from David Levi, the former Chief Judge of the Eastern District of California and Dean Emeritus of Duke Law School that concluded, *inter alia*, that "*it is most unlikely that Argentina will succeed in its pending appeal based on forum non conveniens and international comity.*"

**January 16, 2025**:  The Republic sought a further extension for its reply.

**January 31, 2025**:  The Republic applied to the Court for another extension.

**February 12, 2025**:  The Court was unconvinced by the Republic's position and issued the following directions:  "*On the merits of the application, I am not persuaded that there is good reason for the extension sought, but would be prepared either to grant a simple extension until Friday 21 February 2025, or, if the Defendant prefers, to grant the extension sought (until Friday 7 March 2025) but on express 'unless order' terms that will debar the Defendant from relying on any evidence not filed by that deadline, in either case with costs reserved.*"  The Republic opted for a simple extension until February 21, 2025.

**February 21, 2025**:  The Republic filed its reply, including evidence on its stay application which it was now requiring to be heard in a full-day oral hearing, resulting in a multi-month delay given court schedules.

1

**June 30, 2025**: The Court heard the Republic's stay application. In its skeleton argument for the stay application, the Republic increased the length of oral hearing it demanded on issues of service and jurisdiction to four to five days, risking a substantial delay of any hearing of the service and jurisdiction arguments.

2. <u>Ireland</u>

**March 19, 2024**: Just as in the English proceedings, Plaintiffs wrote to Sullivan & Cromwell seeking acceptance of service. The Republic's counsel did not respond.

**April 22, 2024**: Plaintiffs wrote again to Sullivan & Cromwell informing them that the Plaintiffs' service application would be heard before the Irish High Court on April 25, 2024. Again, no response was received.

**April 25, 2024**: The Irish High Court granted the application.

**April 26, 2024**: Plaintiffs informed Sullivan & Cromwell that the High Court granted Plaintiffs permission to serve the Republic under the Hague Convention unless the Republic immediately nominated solicitors in Ireland to accept service of the proceedings. Again, no response was received.

**April 29, 2024**: Plaintiffs initiated service on the Republic through the Hague Convention.

**August 6, 2024**: Service was made on the Republic via the Hague Convention.

**September 17, 2024**: The Republic filed a conditional appearance.

**October 14, 2024**: The Republic sought an extension to file its response.

**December 9, 2024**: The Republic filed its initial objections to service and jurisdiction.

**January 20, 2025**: The Republic filed its jurisdiction challenge.

**April 1, 2025**: The Republic filed an application to stay the Irish proceedings, even though it was not provided for in a case-management Order that had been issued on December 16, 2024.

**May 27-30, 2025**: The Court held a hearing on both the stay application and the other pending matters.

3. <u>Luxembourg</u>

**May 17, 2024**: A writ of summons initiating recognition proceedings was served on the Republic.

**September 4, 2024**: The Republic entered an appearance, more than four months after the Republic was served.

**October 9, 2024**: The Court granted the Republic until December 4, 2024 to file its substantive response; Argentina had not at this point objected to service or jurisdiction.

**November 28, 2024**:  Less than a week before that deadline and more than six months after service, the Republic's counsel requested a further four-month extension to file its brief due to a "*work overload.*"  Following opposition by Plaintiffs' counsel, the Republic's counsel changed tack and argued that the extension was needed because of the complexity of the matter and the upcoming Christmas and summer holiday in Argentina.

**December 4, 2024**:  At a case management hearing, the Court granted the Republic until March 28, 2025 to file its brief, making it almost a year between service and the Republic's first filing.

**March 26, 2025**:  The Republic filed its reply brief, in which it unilaterally decided not to address the merits, and instead (i) asked for a stay of the proceedings, and (ii) invoked jurisdictional and enforcement immunity.

**May 27, 2025**:  Following Plaintiffs' filing of their rejoinder, the Court granted the Republic until July 2, 2025 to file its own rejoinder.

**June 10, 2025**:  Plaintiff's counsel asked the Court that the Republic be ordered also to address the merits in its rejoinder.  The Republic replied to that letter on June 18, 2025, arguing that the proper administration of justice demanded that its stay application and jurisdictional objection be heard and decided before the merits were debated.

**July 1, 2025**:  The day before its deadline to file its rejoinder, the Republic's counsel wrote to the Court to request a three-month extension – without giving any reasons for that request – and insisted that its brief should be limited to the stay and immunity from jurisdiction and enforcement.

**July 3, 2025**:  Plaintiff's counsel asked the Court to sanction the Republic's dilatory behaviour by barring it from filing further briefs and send the case to trial as is.

4. **Australia**

**March 7, 2024**:  Plaintiffs filed a claim for recognition and enforcement of the Judgment in Australia.

Plaintiffs then sought to serve Argentina both pursuant to the Hague Convention and under the Australian Foreign States Immunities Act 1985.

As to the Hague Convention, in August 2024, the Australian court registrar confirmed that the Hague Convention documents had been forwarded to the Republic's Central Authority. However, in December 2024, the Central Authority claimed to have no record of receipt of the documents.  It also ignored the copy of the Hague Convention documents forwarded directly by Plaintiffs' counsel.

As to the Australian Foreign States Immunities Act service, the claim was served by Australia on Argentina on January 6, 2025, but on February 4, 2025, Argentina's Ministry of Foreign Affairs returned the initiating process and accompanying documents.

**May 7, 2025**:  Upon Plaintiffs' counsel's notice that they would apply for default judgement, the Republic finally entered a conditional appearance before the Australian Court challenging service and the Court's jurisdiction.

**May 9, 2025**:  The Court decided to hear the service motion first.  The motion was fully briefed in accordance with the Court's schedule and oral arguments were heard on **July 3, 2025**.

5.  <u>Canada</u>

**April 19, 2024:**  Plaintiffs filed a claim for recognition and enforcement of the Judgment in Canada.

**October 23, 2024:**  The claim was served on the Republic pursuant to Canada's State Immunity Act.

**November 28, 2024**:  Argentina "rejected" service of the documents and returned them to Canada's diplomatic mission.

**January 23, 2025**:  The Republic participated in a case management hearing, starting by seeking an extension and indicating objections to service and jurisdiction, and seeking a hearing at least six months later.  The Court declined to grant an extension and thereafter fixed a timetable for the Republic's objections to service.

**May 5, 2025**:  The oral arguments on the Republic's service motion were heard.

**June 18, 2025**:  The Court dismissed the Republic's service motion and awarded Plaintiffs' costs in the amount of $79,672.35 to be paid forthwith.  The Republic has not yet paid the awarded costs.

**July 3, 2025**:  The Republic served a Notice of Appeal of the dismissal of its service motion.

6.  <u>Cyprus</u>

**April 29, 2024:**  Plaintiffs sought the Court's permission to serve the claim for recognition and enforcement of the Judgment on the Republic.

**May 29, 2024**:  The Court granted the application.

**July 10, 2024**:  Plaintiffs initiated service on the Republic through the Hague Convention.

**September 30, 2024**:  The Republic was served through the Hague Convention.

**October 29, 2024**:  The Republic entered an appearance before the Court, thereby triggering a deadline to initiate any challenge to jurisdiction within 14 days.

**October 30, 2024**:  The Republic sought and obtained an extension until December 16, 2024 to initiate a jurisdictional challenge.

**December 6, 2024**:  The Republic sought, *ex parte*, a further extension of 90 days until mid-March 2025.  The Court, however, ordered service of the Republic's application on Plaintiffs and listed it on January 9, 2025 for directions.  In the interim, the Court granted the Republic an extension until January 31, 2025.  Ultimately, the Republic was given until the end of February to file its challenge.

**February 27, 2025**:  The Republic filed its jurisdictional challenge and also, the following day, for the first time sought to stay the proceedings.

**April 28, 2025**:  The Court decided to hear both applications together.  Argentina sought an eight-month delay before any hearing; the Court ultimately scheduled a hearing for mid-November 2025.

7. <u>**France**</u>

**May 29 and June 14, 2024**:  The Republic was served through both diplomatic channels and the Hague Convention.

**September 19, 2024**:  The Republic appointed counsel and indicated that it intended to raise a number of preliminary objections.

**November 13, 2024**:  At a pre-trial conference, the Republic requested an extension until January 13, 2025 for its initial submissions on the preliminary objections, namely a stay and jurisdiction.

**November 14, 2024**:  The Court set a procedural timetable for the preliminary objections proceedings and granted the Republic until January 6, 2025 to file its submissions.

**June 11, 2025**:  A hearing regarding the stay of the proceedings took place before the pre-trial judge.