# Exhibit A



MEMBERS OF CONGRESS
ARGENTINA

*"2025 - Year of Reconstruction of the Argentine Nation"*

## DRAFT RESOLUTION

*The Honorable Congress of the Argentine Nation hereby resolves:*

**Article 1.** - To ratify Article 10 of Law No. 26.741.

**Article 2. -** Any measure or action that would tend to assign, alienate, transfer, pledge or directly or indirectly convey shares of YPF S.A. that are the property of the National State must be voted upon by two-thirds of the totality of the members of each House of Congress.

**Article 3.** - To declare that any measure or action that would tend to assign, alienate, transfer, pledge or directly or indirectly convey shares of YPF S.A., without the authorization provided for in Article 10 of Law No. 26.741, shall be null and void and shall have no legal validity.

**Article 4. -** The National Executive Branch shall refrain from performing legal acts that directly or indirectly imply the



**MEMBERS OF CONGRESS**
**ARGENTINA**

*"2025 - Year of Reconstruction of the Argentine Nation"*

conveyance of the shares of YPF S.A. and/or that result in the full or partial loss of the control of the National State over the shares of YPF S.A. it owns, without the express approval of the Honorable Congress of the Nation. The same duty to refrain applies to the Office of the Attorney General of the National Treasury.

**Article 5.** - Notice of this resolution shall be sent to the National Executive Branch and to the Office of the Attorney General of the National Treasury.

**Michelangelo PICHETTO**
**Oscar AGOST CARREÑO**



*"2025 - Year of Reconstruction of the Argentine Nation"*

## LEGAL GROUNDS

Mr. President,

The purpose of this draft resolution is to reaffirm, with the force of a congressional resolution, the content and meaning of Article 10 of Law No. 26.741, "Hydrocarbon Sovereignty in the Argentine Republic", which clearly establishes that any conveyance by the National Government of shares of YPF S.A. requires the prior authorization of the Argentine Congress, specifically an authorization approved by two-thirds of its members.

This Congress enacted Law No. 26.741 with the intent and commitment to ensure that decisions related to the share capital of the primary energy company in the country - which is key to national development, energy sovereignty and is therefore in the public interest - are not subject to the arbitrary nature of conjunctural circumstances or unilateral decisions, but are subject to the democratic and republican control of the Legislative Branch.

In the current context, the need to reaffirm this principle has become urgent as a consequence of the ruling issued by Judge Loretta Preska of the Southern District Court of New York, in the litigation initiated by the Petersen Group in conjunction with the



*"2025 - Year of Reconstruction of the Argentine Nation"*

Burford Capital fund. The ruling, which orders Argentina to pay a multimillion dollar judgment as compensation for the manner in which the nationalization of YPF was implemented in 2012, has triggered discussions regarding possible forms of compensation that could include negotiations over company shares.

In this sense, it is imperative to state, by means of a resolution of this Honorable Congress, that any attempt to convey YPF shares without legislative authorization not only contravenes applicable law, but will also violate essential principles of legality established in the National Constitution.

And this is not just a technical or formal issue. It must be understood that the preservation of one of the most important strategic assets of the Argentine State is at stake, the recovery of which was supported by a broad congressional majority and socially endorsed as a State policy.

The ratification of Article 10 also has a clear diplomatic and legal function: to reaffirm to the international community and foreign courts that the Argentine legal system requires congressional involvement in decisions of this magnitude.

THE STATE OF TEXAS }
}
COUNTY OF HARRIS }

## AFFIDAVIT OF ACCURACY

BEFORE ME, the undersigned authority, on this day personally appeared Ana Cristina Didoné, who, by oath and by presentation of identification, is personally known to me to be the person subscribing her name below and, after being by me duly sworn according to law, upon her oath deposes and says in due form of law that to the best of her knowledge, information and belief:

1. "My name is Ana Cristina Didoné and I am over the age of twenty-one years and competent to make this affidavit.

2. I speak, read, and write fluently in both the English and Spanish languages.

3. I have been a certified sworn translator since 1988 with a M.A. in Legal Translations from the University of Salvador, Argentina. I am certified by the Argentine Association of Sworn Public Translators to translate from English into Spanish and Spanish into English. I am also certified by the American Translators Association for English to Spanish translations. I hold a degree in Executive Business Management from Rice University.

I hereby certify that the Spanish to English translation attached hereto: *"Proyecto de Resolución"* is true, correct, fair, accurate and complete English translation to the best of my ability, of the original document in Spanish.

TODD CAMERON FEDER
Notary Public, State of Texas
Comm. Expires 05-19-2029
Notary ID 129411929

ANA CRISTINA DIDONE, MA
Certified by American Translators Association

Sworn to before me this 07 day of July, 2025

Notary Public in and for the State of Texas
My commission expires: 5-19-29

Certified Translations.713.444.5964



"2025 - Año de la Reconstrucción

de la Nación Argentina"

## PROYECTO DE RESOLUCIÓN

La Honorable Cámara de Diputados de la Nación Argentina resuelve:

**Artículo 1°.** - Ratificar el artículo 10 de la Ley N° 26.741.

**Artículo 2°.** - Toda medida o acción tendiente a ceder, enajenar, transferir, comprometer o disponer directa o indirectamente de acciones de YPF S.A. pertenecientes al Estado Nacional deberá ser votada por las dos terceras partes de la totalidad de los miembros de cada Cámara del Congreso.

**Artículo 3°.** - Declarar que toda medida o acción tendiente a ceder, enajenar, transferir, comprometer o disponer directa o indirectamente de acciones de YPF S.A., sin la autorización prevista en el artículo 10 de la Ley N° 26.741, será nula de nulidad absoluta y carecerá de validez legal.

**Artículo 4°.** - El Poder Ejecutivo Nacional deberá abstenerse de realizar actos jurídicos que impliquen, directa o indirectamente, el



desapoderamiento de acciones de YPF S.A., y/o que resulten en la pérdida, total o parcial, del control del Estado Nacional sobre acciones de YPF S.A. de su titularidad, sin la expresa aprobación del Honorable Congreso de la Nación. Este mismo deber de abstención recae sobre la Procuración del Tesoro de la Nación.

**Artículo 5°.** - Comuníquese al Poder Ejecutivo Nacional y a la Procuración del Tesoro de la Nación.

**Miguel Ángel PICHETTO**
**Oscar AGOST CARREÑO**



"2025 - Año de la Reconstrucción"

**FUNDAMENTOS**

Señor Presidente:

El presente proyecto tiene por finalidad reafirmar, con fuerza parlamentaria, el contenido y el sentido del artículo 10 de la Ley N° 26.741, de "Soberanía Hidrocarburífera de la República Argentina", el cual establece con claridad que cualquier disposición de acciones de YPF S.A. por parte del Estado Nacional requiere la autorización previa del Congreso de la Nación, en concreto una autorización que fuera aprobada por las dos terceras partes de sus miembros.

Este Congreso votó la Ley N° 26.741 con la intención y voluntad de asegurar que las decisiones relativas al capital accionario de la principal empresa energética del país —clave para el desarrollo nacional, la soberanía energética y por tanto, de interés público— no queden sujetas al arbitrio de circunstancias coyunturales o decisiones unilaterales, sino que estén sujetas al control democrático y republicano del Poder Legislativo.

En el contexto actual, la necesidad de reafirmar este principio se torna urgente a raíz del fallo emitido por la jueza Loretta Preska del Tribunal del Distrito Sur de Nueva York, en el marco del litigio iniciado por el Grupo Petersen, de la mano del



fondo Burford Capital. El fallo, que condena a la Argentina a pagar una suma millonaria como compensación por la forma en que se ejecutó la nacionalización de YPF en 2012, ha activado debates sobre posibles formas de compensación que podrían incluir negociaciones sobre acciones de la empresa.

En este sentido, resulta imperioso dejar sentado, mediante resolución de esta Honorable Cámara, que cualquier intento de disponer de acciones de YPF sin autorización legislativa no solo contraviene una ley vigente, sino que también vulnerará principios esenciales de legalidad establecidos en la Constitución Nacional.

Y no se trata únicamente de una cuestión técnica o formal. Hay que entender que está en juego la preservación de uno de los activos estratégicos más importantes del Estado argentino, cuya recuperación fue acompañada por una amplia mayoría parlamentaria y avalada socialmente como una política de Estado.

También la ratificación del artículo 10 cumple una función diplomática y jurídica clara: reafirmar ante la comunidad internacional y los tribunales extranjeros que el ordenamiento jurídico argentino exige participación parlamentaria para decisiones de semejante magnitud.