## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

July 8, 2025

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY  10007.

          Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

       I respond to Plaintiffs' July 7, 2025 letter (*Petersen* ECF No. 745) opposing the Republic's motion to stay the Court's Turnover Order pending appeal.

       1.    Plaintiffs treat this case as if it is an ordinary commercial dispute. It is anything but.  The Turnover Order arises from an unprecedented $16.1 billion judgment—still on appeal—against a foreign sovereign based on issues of Argentine law that the Court recognized were of "first impression."  (*Petersen* ECF No. 527 at 6.)  The Turnover Order is equally extraordinary and raises serious legal questions of federal common law, statutory sovereign immunity, and international comity not yet decided by the Second Circuit, that have garnered the Supreme Court's interest,[1] and on which the U.S. Government disagrees with this Court's ruling.  *See In re 650 Fifth Ave. & Related Props.*, 2020 WL 3000382, at *2 (S.D.N.Y. June 4, 2020)

---

[1] *See* Brief for the United States as *Amicus Curiae* at 1, *Clearstream Banking S.A.* v. *Peterson*, Nos. 17-1529 & 17-1534 (U.S. Dec. 9, 2019) (responding to call for Solicitor General's views on "attachment of and execution against property of a foreign sovereign located outside the United States").

The Honorable Loretta A. Preska                                                                  -2-

(Preska, J.) (granting stay where court "not persuaded" that "defendants are likely to succeed on appeal").  That is more than enough to support a stay.

2. Plaintiffs do not deny that the Republic will be irreparably harmed absent a stay because "it will be impossible to put the genie back in the bottle."  *Id.* at *3.  The Republic's compliance with the Turnover Order would require it to violate its own laws and result in its irrevocable loss of control over Argentina's most important energy company.  Plaintiffs respond (at 2) that any harm is "self-inflicted" because the Republic did not satisfy this Court's conditions for a stay of its original judgment.  But the Republic could not satisfy those conditions "legally or practically" under Argentine law.  (*Petersen* ECF No. 531 at 1–2.)  And Plaintiffs' cited cases do not support their claim that the Republic's inability to comply with the Court's prior stay conditions or the fact that execution of the underlying money judgment is not stayed constitutes "self-inflicted" harm barring a stay of a subsequent turnover order.[2]

3. Plaintiffs will suffer no injury if a stay is granted pending appeal.  Plaintiffs claim that the Republic has not complied with Rule 62(d) by not offering a bond, but this Rule also authorizes a stay conditioned upon "other terms that secure the opposing party's rights."[3]  Here, Plaintiffs' rights are secured by the Argentine law barring the Republic from selling its YPF shares without the Argentine Congress's approval.  (*Petersen* ECF No. 743 at 3.) The draft resolution cited by Plaintiffs, one among many submitted by opposition parties, merely confirms that the Congress must approve any transfer of the Republic's YPF shares.  (*Petersen* ECF No. 746-1 at 2.)  And the Governor of Buenos Aires has *no* role or affiliation with the Milei Administration.  (*Petersen* ECF No. 746-2 at 2.)

4. This Court has never evaluated whether the public interest favors a stay, as Plaintiffs claim (at 4).  The Turnover Order affects numerous non-parties,

---

[2] *See Hirschfeld* v. *Bd. of Elections in N.Y.*, 984 F.2d 35, 36–38 (2d Cir. 1993) (movant "willful[ly] disregard[ed] Rule 8" by failing to seek district court stay); *Expedia, Inc.* v. *United Airlines, Inc.*, 2019 WL 1499269, at *6 (S.D.N.Y. Apr. 5, 2019) ("self-inflicted" harm from failure "[to] include provisions" in contract); *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 112 (2d Cir. 2012) (affirming denial of stay of civil proceedings pending criminal proceedings).

[3] C.P.L.R. 5519(a)(4) is irrelevant.  The Republic seeks a stay under the Federal Rules.

The Honorable Loretta A. Preska                                                -3-

including YPF, its minority shareholders and 23,000 employees, the hydrocarbon-producing Argentine Provinces, and the Argentine people.  For example, a change of control could trigger irreversible events under YPF's debt instruments.  (*See Petersen* ECF No. 560 at 7.)  "[M]aintaining the status quo—and thus enabling the Second Circuit to address the [substantial] issues involved in this case—best serves the public interest."  *Citibank, N.A.* v. *Aralpa Holdings Ltd. P'ship*, 2024 WL 664782, at *3 (S.D.N.Y. Feb. 16, 2024).

                                                                       Respectfully,

                                                                  */s/ Robert J. Giuffra, Jr.*
                                                                  Robert J. Giuffra, Jr.

cc:     Counsel of Record (via ECF)