UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U. ET AL., <br><br>                    Plaintiff, <br><br>-against- <br><br>ARGENTINE REPUBLIC ET AL., <br><br>                    Defendants. | No. 15 Civ. 02739 (LAP) <br><br> ORDER |
| ETON PARK CAPITAL MANAGEMENT L.P. ET AL., <br><br>                    Plaintiff, <br><br>-against- <br><br>ARGENTINE REPUBLIC ET AL., <br><br>                    Defendants. | No. 16 Civ. 08569 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:[1]

The Court is in receipt of the following documents: (1) the Argentine Republic's ("the Republic" or "Defendant") request for a pre-motion conference to stay the Court's June 30, 2025 order requiring the Republic to turnover its shares of YPF S.A. to Plaintiffs, ("Turnover Order," [dkt. no. 742]), pending appeal of the Turnover Over or, alternatively, for an interim stay until the Republic can seek relief from the Court of Appeals, (dkt. nos.

---

[1] References to the docket refer to the lead case, Petersen Energia Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ. 02739.

743, 747); and (2) Plaintiffs' opposition, (dkt. nos. 744-46). The Court treats the Republic's request as a motion. For the reasons set forth below, the Republic's motion is DENIED.

A stay is an equitable remedy that is "dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (citation omitted). To determine whether a stay is warranted, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (citation omitted).

Even assuming that factor one weighs in favor of granting the stay, factors two, three, and four counsel against granting the stay. The Republic continues to delay and circumvent its obligations under the unstayed judgment, which is unstayed solely because of the Republic. On October 26, 2023, the Republic requested that the Court stay the judgment entered on September 15, 2023, (dkt. no. 498). (Dkt. no. 513.) The Court granted the stay without a supersedeas bond on the condition that the Republic seek expedited appellate review and post "minimal security," which entailed pledging minimal assets to Plaintiffs. (Dkt. no. 527 at 10; dkt. no. 529.) The Republic failed to do either. Then, when requested, the Court extended the deadline of the condition that

the Republic seek expedited review from the Court of Appeals "to accommodate the new administration in Argentina." (Dkt. no. 529 at 1.) The Republic failed to do so even after that additional extension expired. The Republic took full advantage of the extra time but "made no efforts to satisfy the conditions required by the Court," and therefore because "[a]t each turn, the Republic . . . dodge[d] its obligations on the final judgment," the Court authorized Plaintiffs to begin enforcement on January 11, 2024. (Dkt. no. 538 at 5.) Now, the Republic claims irreparable harm will result if the Court does not stay its Turnover Order, but any supposed harm directly flows from the Republic's own actions in delaying and attempting to circumvent its obligations under the judgment. Hirschfeld v. Bd. of Elections in City of N.Y., 984 F.2d 35, 39-40 (2d Cir. 1993) (denying stay because "irreparability is a product of the moving party's own delay"); Expedia, Inc. v. United Airlines, Inc., 2019 WL 1499269, at *6 (S.D.N.Y. Apr. 5, 2019) (citation omitted) (Such "'self-inflicted' harms are not considered irreparable."); Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 102 (2d Cir. 2012) (party's request for stay "ring[s] hollow in light of the defendant['s] plainly dilatory tactics").

And, an unsecured stay would plainly endanger Plaintiffs' rights. (See dkt. no. 746-1 (Recently, a new bill was submitted to the Argentine National Congress, identifying this Court and

3

purporting to prohibit satisfaction of the Turnover Order.).) Additionally, while there are certainly other parties that are impacted by the Court's Turnover Order, Plaintiffs are entitled to satisfy their unstayed judgment. Thus, the public interest considerations weigh against a stay. The Republic has abused the Court's accommodations and thus will not be given additional ones.

Accordingly, for the foregoing reasons, the Republic's motion for an additional stay is DENIED. The current stay is extended until July 17, 2025 for the limited purpose of giving the parties additional time to seek relief from the Court of Appeals.

The Clerk of the Court is directed to close dkt. no. 743 on the No. 15 Civ. 02739 docket and dkt. no. 663 on the No. 16 Civ. 08569 docket.

**SO ORDERED.**

Dated:     July 14, 2025
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge