# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETERSEN ENERGIA INVERSORA, S.A.U., and
PETERSEN ENERGIA S.A.U.

      Plaintiffs and Judgment Creditors,

v.

ARGENTINE REPUBLIC,

      Defendans and Judgment Debtor.

15 Civ. 2739 (LAP)

16 Civ. 8569 (LAP)

**PLAINTIFFS' SECOND POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT THE ARGENTINE REPUBLIC**

---

ETON PARK CAPITAL MANAGEMENT, L.P.,
ETON PARK MASTER FUND, LTD., and ETON
PARK FUND, L.P.,

      Plaintiffs and Judgment Creditors,

v.

ARGENTINE REPUBLIC,

      Defendant and Judgment Debtor.

---

      To: Defendant and Judgment Debtor the Argentine Republic through its attorney of record:

      Robert J. Giuffra, Jr.
      Sullivan & Cromwell, LLP
      125 Broad Street
      New York, NY 10004

      PLEASE TAKE NOTICE THAT, pursuant to Rules 26, 34, and 69 of the Federal Rules of Civil Procedure, Article 52 of the New York Civil Procedure Law and Rules, and the Local Rules of the United States District Court for the Southern District of New York, Judgment Creditors Petersen Energía Inversora S.A.U., Petersen Energía S.A.U., Eton Park Capital Management L.P.,

Eton Park Master Fund, LTD, and Eton Park Fund L.P., by their attorneys, King & Spalding LLP, hereby request that, within thirty days after service of these document requests, Defendant and Judgment Debtor the Argentine Republic respond and produce all documents described below that are in its possession, custody, or control for inspection and copying at the offices of King & Spalding LLP, located at 1185 Avenue of the Americas, New York, New York, 10036.

## DEFINITIONS

The following definitions shall apply to Plaintiffs' requests regardless of capitalization. Pursuant to Southern District of New York Local Civil Rule 26.3, the Uniform Definitions in Discovery Requests are incorporated herein by reference. In the event of any ambiguity in one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the terms in question.

1.    "Additional Specified State-Owned Enterprises" means Administración General de Puertos S.E., Banco de Inversión y Comercio Exterior S.A., Belgrano Cargas y Logística S.A., Energía Argentina S.A., Fabricaciones Militares S.E., Fábrica Argentina de Aviones S.A., Intercargo S.A.U., Operadora Ferroviaria S.E., and Talleres Navales Dársena Norte S.A.

2.    "ADR" means American Depository Receipt.

3.    "ADS" means American Depository Share.

4.    "Argentina" refers to the Argentine Republic as well as its ministries, agencies, political subdivisions, and representatives, and all other Persons acting or purporting to act for or on Argentina's behalf. For the avoidance of any doubt, this includes, but is not necessarily limited to, the Persons identified in Exhibit A.

5.    "Argentina LNG" means the joint venture between YPF S.A. and Petronas, the national oil company of Malaysia, in Bahía Blanca, Buenos Aires Province.

6.    "Asset" means any tangible or intangible item with an economic value greater than US$1,000,000, including without limitation, and whether prepaid or deferred, any cash, income, securities, bank accounts, accounts receivable, gifts, trademarks, patents, copyrights, goodwill, personal property, or any interest in any real property, including any leasehold, or any ownership, membership, control, or discretion otherwise with respect to the disposition of, any asset of a Person.

7.    "Bates-Numbered Document" means any document produced by Argentina pursuant to Requests for Production issued by Plaintiffs in the above-referenced proceedings.

8.    "Bond" means any debt security, debt instrument, or debt obligation of any value used to raise money.

9.    "China" means the People's Republic of China as well as its ministries, agencies, political subdivisions, and representatives, and all other Persons acting or purporting to act for or on China's behalf.  For the avoidance of doubt, China includes without limitation the People's Bank of China.

10.    "Commercial Transaction" means an event or condition in which a buyer and seller exchange an Asset, right, service, or obligation for consideration with an economic value greater than US$1,000,000, including but not limited to, purchases, loans, leases, mortgages, liens, bank, brokerage, or other financial institution transactions, exporting (direct and indirect), importing (direct and indirect), trade brokering, financing, debt instruments including bond and other debt issuances, financial transactions including letters of credit, and contracts for the performance of services.

11.    "Communication," "Concerning," "Document," and "Person" have the meanings set forth in Local Civil Rule 26.3.

12.     "Debt" means any money or other item with an economic value greater than US$ 1,000,000 owed to another Person, located anywhere in the world, including but not limited to accounts receivable, accounts payable, arrears, bills, checks, claims, credits, commercial paper, commitments, debentures, debits, dues, duties, encumbrances, executory contracts, guarantees, indemnities, invoices, IOUs, liabilities, lines of credit, loans, mortgages, obligations, promissory or other notes, responsibilities, securities, securityships, or vouchers. For the avoidance of doubt, "Debt" specifically includes any money owed to the International Monetary Fund, including through its Extended Fund Facility program. "Debt" also specifically includes any money owed to a foreign state, export credit agencies of a foreign state, and debt agencies of a foreign state.

13.     "Financial Institution" means any bank or trust company, including, without limitation, any Person whose business or a principal part of whose business consists of any of the following: borrowing or lending or investing money; administering or managing funds on behalf of other Persons; acting as trustee in respect of funds of other Persons; dealing in life insurance policies; providing financial services that involve the transfer or exchange of funds, including, without limitation, services relating to financial leasing, money transmissions, credit cards, debit cards, treasury certificates, bankers draft and other means of payment, financial guarantees, trading for account of others (in money market instruments, foreign exchange, interest and index instruments, transferable securities and futures), participation in securities issues, portfolio management, safekeeping of cash and liquid securities, investment-related insurance and money changing; but not including the provision of financial services that consist solely of the provision of financial advice. For the avoidance of doubt, "Financial Institution" shall include the central bank of any country, including any Federal Reserve Bank in the United States, export credit agencies of a foreign state, or debt agencies of a foreign state.

14.    "Foreign Country" means any country of the world other than the United States and Argentina.

15.    "Judgment" refers to the final judgment entered on September 15, 2023 by the United States District Court for the Southern District of New York in the cases captioned *Petersen Energía Inversora S.A.U.  and Petersen Energía S.A.U. v. Argentine Republic and YPF S.A.*, Case No. 15 Civ. 2739 (LAP), and *Eton Park Capital Management L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P. v. Argentine Republic and YPF S.A.*, Case No. 16 Civ. 8569 (LAP).

16.    "Judgment Creditors" refers to Petersen Energía Inversora S.A.U., Petersen Energía S.A.U., Eton Park Capital Management L.P., Eton Park Master Fund, Ltd., and Eton Park Fund L.P.

17.    "Letter of Credit" means any letter issued by a bank to another bank to serve as a guarantee for payments made to a specified Person under specified conditions.

18.    "Movable Asset" means any Asset that is physically capable of being moved, regardless of the expense of doing so. Movable Asset does not include real property.

19.    "Shares" means any type of equity security, including ADRs and ADSs, in whatever form, whether physical or electronic.

20.    "You" and "Your" refer to Argentina and its officials, employees, agents, attorneys, servants, representatives, and assigns of each and any of them.

21.    "YPF" means YPF Sociedad Anonima, formerly Yacimientos Petrolíferos Fiscales Sociedad Anonima, and its officials, employees, agents, attorneys, servants, representatives, and assigns of each and any of them.

## <u>INSTRUCTIONS</u>

1.      These document requests are continuing in character so as to require prompt amendment or supplementation whenever You obtain, at any time during the period between Your initial responses and satisfaction of the Judgment, information that renders your initial responses in some material respect incorrect or incomplete.

2.      These document requests are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these document requests, or as an admission of the relevance or materiality of any of the matters covered by these document requests.

3.      Each document request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include any gender; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; the word "all" means "any and all" and the word "any" means "any and all."

4.      In producing responsive Documents, you should furnish all Documents in your possession, custody, or control, regardless of whether such Documents are possessed directly by You or Your officials, employees, agents, attorneys, servants, or representatives, or the assigns of each and any of them. A Document is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of another Person and You (i) own such Document in whole or in part; (ii) have a right by control, contract, statute, order, or otherwise to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (iv) have, as a practical matter, been able to use, inspect, examine,

or copy such Document when You sought to do so. For the avoidance of doubt, a Document is deemed to be in Your actual or constructive possession, custody, or control if it inaccessible on a network or server maintained by Argentina (as defined above).

5.    You must indicate the paragraph or subparagraph of the particular request in response to which You are producing each Document.

6.    If You withhold any Document as not subject to discovery on the basis of a purported privilege or protection, then You must provide the following information for each such Document:

  a.    The nature of the privilege that You are claiming;

  b.    The type of document;

  c.    The general subject matter of the document;

  d.    The date of the document; and

  e.    Such other information that is sufficient to identify the document including, where appropriate, the author(s) of the document, the addressee(s) of the document, the identity of any Person who had an opportunity to review such document and, where not apparent, the relationship of the author and the addressee to each other.

7.    You must produce in its entirety any document that is partially or entirely responsive to any Document request that is contained in this Document request.

8.    You must produce all Documents in the same form and in the same order within each file in which those Documents existed prior to Your production of the Documents.

9.    You must produce in their original forms all Documents that cannot legibly be copied.

10.     You must treat and produce as separate copies (and therefore separate documents) all non-identical copies of Documents; drafts of Documents, copies of Documents that contain annotations; and copies of Documents that contain marks or other marginalia.

11.     You must produce in its native format all ESI that is responsive to these document requests and that is maintained in the usual course, along with the software that is necessary to interpret such files. If such software is not readily available, then You shall produce the ESI with the metadata that is normally contained within the Documents and the necessary load files. If that metadata is not available, then You must produce each Document with an accompanying list of all file properties concerning the Document. This includes, but is not limited to, all information that concerns the date(s) on which the Document was last accessed, created, modified, or distributed, as well as information that identifies the author(s) and recipient(s) of the Document.

12.     Documents not otherwise responsive to these requests are to be produced if such Documents mention, discuss, refer to, or explain the Documents which are responsive to these document requests, or if such Documents are attached to Documents responsive to these document requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

13.     These document requests call for Documents that were created, sent, received, edited, revised, or transmitted at any time since and including January 1, 2020, unless otherwise specified.

## DOCUMENT REQUESTS

### A. Documents Related to YPF Shares

1.     Documents sufficient to identify accounts in Argentina used to pay or receive YPF dividend payments by Argentina.

2.      Documents and Communications concerning the pending, future, or contemplated transfer or assignment of YPF Shares to the provinces of Argentina.

**B. Documents Related to Movable Assets and Accounts in Argentina**

3.      Documents sufficient to identify and locate any Movable Asset of Argentina in Argentina.

4.      Documents sufficient to identify and locate any legal or beneficial interest of Argentina in any Movable Asset in Argentina, regardless of whether such Movable Asset is owned by or held in the name of a Person other than Argentina.

5.      Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in Argentina, maintained in whole or in part in the name of Argentina, that is beneficially owned in whole or in part by Argentina, for which Argentina is a signatory, or through which funds are transferred by or to Argentina. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

6.      For any bank accounts identified in response to Request 5, all Documents concerning Society for World Interbank Financial Telecommunication ("SWIFT") messages received or transmitted in connection with transfers from or to such bank accounts.

7.      Documents sufficient to identify any Debt—including the identity of the holders of any such Debt, the amount (principal and any interest) of the Debt, and all terms concerning the Debt—owed to Argentina by any Person located in Argentina, including but not limited to any collateral or security provided in connection with such Debt.

8.      Documents sufficient to identify any Debt, including the identity of the holders of any such Debt, owed by Argentina to any Person located in Argentina, including but not limited to any collateral or security provided in connection with such Debt.

9.      For any Debts identified in response to Requests 7 and 8, Documents sufficient to identify and locate any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in Argentina that is used to pay or receive payments in connection with such Debts.

10.      Any Letter of Credit issued by any Financial Institution located in Argentina, in which Argentina is listed as the applicant or beneficiary.

11.      Documents sufficient to identify all accounts located in Argentina used by Argentina to make payments to any law firm or consulting firm, in connection with any legal proceeding to which Argentina has been a party. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

12.      Documents sufficient to identify any escrow account established in connection with the sale of any Asset by Argentina to any Person in Argentina. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

13.      Agreements concerning the escrow accounts identified in response to Request 12.

14.      Documents concerning the 2024 audit of Sindicatura General de la Nación by the General Auditor of the Nation regarding record keeping by Sindicatura General de la Nación.

15.      Documents concerning any financial agreement between China and Argentina ("Agreements with China"), including but not limited to any currency swap agreement between

People's Bank of China and BCRA, and the identities of the parties to such Agreements with China.

16.    For any Agreements with China identified in response to Request 15, Documents concerning any bank account, brokerage account, trust account, custodial account, or other Financial Institution account in the United States or any Foreign Country that is used to pay or receive payments in connection with such Agreements with China.

**C.  Documents Related to Assets in the United States or any Foreign Country**

17.    Documents sufficient to identify the location of the Airbus helicopters referenced in Bates-Numbered Documents of AR00137152 and AR00137164.

18.    Documents concerning any Debt owed to Argentina in the United States or in any Foreign Country.  For the avoidance of doubt, this shall include, without limitation, any instruments or agreements governing such Debt, documents sufficient to identify counterparties to such Debt, and documents sufficient to identify accounts related to such Debt (including outstanding amounts of debt, account numbers, and account locations).

19.    Documents concerning any Debt owed by Argentina in the United States or in any Foreign Country.  For the avoidance of doubt, this shall include, without limitation, any instruments or agreements governing such Debt, documents sufficient to identify counterparties to such Debt, and documents sufficient to identify accounts related to such Debt (including outstanding amounts of debt, account numbers, and account locations).

20.    Documents concerning the credit notes No. 000164 and No. 000170 issued by Airbus Helicopters Chile SpA to the Ministry of National Security as the result of Argentina's advanced payments for the purchase of two Airbus helicopters, referenced in Bates-Numbered Documents AR00137064, AR00137246, AR00137235, AR00137288, and AR00137289.

21.     Documents concerning bonds issued by Santander Rio issued to guarantee any payments made by Argentina to Airbus Helicopters Chile SpA for the purchase of two Airbus helicopters referenced in Bates-Numbered Documents AR00137259, AR00137262, and AR00137264.

22.     Documents concerning the 2012 Facility Agreement for US$ 2.1 billion and any amendments thereto, identifying Argentina as borrower, China Development Bank and Industrial and Commercial Bank of China Ltd. acting as Initial Mandated Lead Arrangers, and China Development Bank as Facility Agent, referenced in Bates-Numbered Documents AR00138642, AR00137905, and AR00138317.

23.     Documents concerning the 2017 Preferential Buyer Credit Loan Agreement regarding the Jujuy Photovoltaic Power Plant Project between Argentina and the Export-Import Bank of China, as well as the related August 12, 2016 Engineering, Procurement, and Construction Contract for Cauchari I, II, III, and its February 3, 2017 Amendment, referenced in Bates-Numbered Documents AR00137778, AR00137789, and AR00137865.

24.     Documents concerning the 2019 Security Agreement between Argentina, Banco Bilbao Vizcaya Argentaria S.A. – Hong Kong Branch, as both creditor and Sinosure Agent, and the 2018 Financing Agreement between the same parties, referenced in Bates-Numbered Documents AR00137872 and AR00137782.

25.     Documents concerning the Standby Letter of Credit in the amount of €313,876,449.80 euros issued by Santander Bank dated April 3, 2024, regarding claims filed in the High Court of England and Wales in 2019 by holders of euro-denominated GDP-Warrants issued by Argentina in 2005 and 2010, referenced in Bates-Numbered Document AR00137357.

26.     Documents concerning the FX Sight Account, with account number GR3602604740000031200006177, maintained by Argentina in Greece referenced in Deutsche Bank's production, bates-numbered DB-0001.

27.     Documents concerning accounts in which any payments concerning the Yacyretá Dam, Jasyretâ-Apipé Hydroelectric Power Station, or Entidad Binacional Yacyretá, were sent to, transferred to or from, or received by Argentina.

28.     Documents sufficient to show any Debt owed to Argentina by Entidad Binacional Yacyreta or in connection with the Cartes Macri Treaty between Argentina and Paraguay signed in 2017.

29.     Documents sufficient to show any payment sent to or received by Argentina by Entidad Binacional Yacyreta or in connection with the Cartes Macri Treaty between Argentina and Paraguay signed in 2017.

30.     Documents concerning any right to cash flows to Argentina by Entidad Binacional Yacyreta or in connection with Cartes Macri Treaty between Argentina and Paraguay signed in 2017.

31.     Documents concerning any payment owed to or received by Argentina by Entidad Binacional Yacyreta or in connection with Cartes Macri Treaty between Argentina and Paraguay signed in 2017.

32.     Documents sufficient to identify all accounts used by Argentina in connection with Entidad Binacional Yacyreta or the Cartes Macri Treaty between Argentina and Paraguay signed in 2017.

**D.     Documents Related to Debt Offerings or Privatization**

33.     Documents and Communications concerning any prospective or contemplated privatization of any entity that, as of January 1, 2024, was owned in whole or in part by Argentina.

34.    Documents and Communications concerning any prospective or contemplated Debt offering by Argentina since September 15, 2023.

35.    Documents and Communications concerning any plan to privatize any entity owned in whole or in part by Argentina, including but not limited to any research or diligence materials prepared by or for Argentina associated with proposals to purchase an interest in such entity.

36.    To the extent not otherwise covered by Request 33, Documents and Communications concerning any plan to privatize Banco de la Nacion Argentina, including but not limited to any research or diligence materials prepared by or for Argentina associated with proposals to purchase an interest in Banco de la Nacion Argentina.

37.    Documents concerning the process by which any proceeds from any privatization of the entities, agencies, or instrumentalities identified in response to Request 33 will be distributed.  For the avoidance of doubt, this shall include, without limitation, documents sufficient to identify any accounts created or maintained at any Financial Institution that will receive any proceeds from such privatization plans.

38.    Documents and Communications between BlackRock, Inc. and Argentina since September 15, 2023 regarding any prospective or contemplated Debt offering or privatization of any entity that, as of January 1, 2024, was owned in whole or in part by Argentina.

39.    Documents and Communications between any consultant, advisor, or other third-party, and Argentina since September 15, 2023 regarding any prospective or contemplated Debt offering or privatization of any entity that, as of January 1, 2024, was owned in whole or in part by Argentina.

40.    Documents concerning Bonds for which Argentina is listed as the issuer or offeror, including but not limited to any prospectuses or offering documents, governing agreements or

instruments, Documents concerning the purpose of such Bonds, Documents concerning any primary market purchases, Documents concerning the origin of the funds used to satisfy Argentina's obligations with respect to the Bonds, and Documents concerning any accounts into which the proceeds of such primary market purchases were transferred or deposited from January 1, 2020 through the present. For the avoidance of doubt, to the extent that this Request seeks account information, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

41.    Documents concerning pending, contemplated, or future Bonds for which Argentina is or will be listed as the issuer or offeror, including but not limited to prospectuses or offering documents, governing agreements or instruments, Documents concerning the purpose of such Bonds, Documents concerning all primary market purchases, and Documents concerning any accounts into which the proceeds of such primary market purchases were transferred or deposited. For the avoidance of doubt, to the extent that this Request seeks account information, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

**E.    Documents Related to Additional Specified State-Owned Enterprises**

42.    Documents and Communications between Argentina and any director or officer of an Additional Specified State-Owned Enterprise concerning the management and operations of that Additional Specified State-Owned Enterprise.

43.    Documents concerning Argentina's use of the Assets of any Additional Specified State-Owned Enterprises for its own purposes or benefit (including, without limitation, by borrowing funds from any of the Additional Specified State-Owned Enterprises or by using the

assets or revenues of any of the Additional Specified State-Owned Enterprises as collateral for Argentina's obligations).

44.     For each of the Additional Specified State-Owned Enterprises, organization charts showing the reporting relationships of that entity's officers and directors.

45.     Documents sufficient to identify all officers and directors of each of the Additional Specified State-Owned Enterprises and how those officers and directors were appointed, hired, or chosen for their position.

46.     All foundational Documents, including without limitation charters, articles of incorporation, bylaws, and other documents concerning corporate formation, and subsequent versions that reflect or contain any amendments to such foundational Documents for each of the Additional Specified State-Owned Enterprises.

47.     All corporate resolutions and board minutes for each of the Additional Specified State-Owned Enterprises.

48.     Documents concerning any Debts owed by any of the Additional Specified State-Owned Enterprises to Argentina or any other entity in which Argentina holds an ownership interest.

49.     Documents concerning any Debts owed to any of the Additional Specified State-Owned Enterprises by Argentina or any other entity in which Argentina holds an ownership interest.

50.     Documents concerning the assumption by any of the Additional Specified State-Owned Enterprises of a Debt or other liability of Argentina.

**F.     Further Documents Related to YPF**

51.     Documents concerning Argentina's involvement in the appointment of YPF officers or the appointment of directors to the YPF's Board of Directors.

52.     Documents concerning any investments, whether in the form of debt, equity, or government subsidies, that Argentina has made in YPF.

53.     Documents sufficient to identify Argentina's interest in any investment, company, joint venture, revenues, profits, or proceeds related to Vaca Muerta shale oil or gas formations.

54.     Documents sufficient to show Argentina's interest in Argentina LNG.

55.     Documents concerning Argentina's interest in any LNG tankers or ships contracted or intended to transport LNG derived from Vaca Muerta shale gas formations.

56.     Documents concerning Argentina's interest in any LNG liquefaction facilities, export terminals, or floating processing units intended to liquefy, export, or process gas from Vaca Muerta shale gas formations.

57.     Documents concerning Argentina's interest in the Nestor Kirchner Gas Pipeline.

58.     Documents concerning Argentina's interest in any Argentina LNG contracts or agreements for the purchase or supply LNG. To the extent Argentina has an interest in any Argentina LNG contracts, provide such contracts or agreements.

59.     Documents concerning all accounts used by Argentina to make or receive payments in connection with Argentina LNG. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

60.     Documents concerning Argentina's interest in any proceeds related to any divestment by YPF in any oil and gas fields.

61.     Documents sufficient to identify all accounts used by Argentina to make or receive payments in connection with YPF's sale of any oil and gas fields. For the avoidance of doubt, this

shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

62.    Documents concerning Argentina's involvement in hiring or retaining Santander and any other third-party advisors, managers, or consultants in connection with YPF's divestment in oil and gas fields.

63.    Documents sufficient to identify all accounts used by Argentina to make payments to Santander and any other third-party advisors, managers, or consultants in connection with YPF's sale of any mature oil fields. For the avoidance of doubt, this shall include, without limitation, the name and address of the Financial Institution where the account is held, the name of the account holder, and the account number of the account.

### G.    Documents Related to Pending Claims by Argentina

64.    Documents sufficient to identify arbitrations or litigations in which Argentina is the claimant or plaintiff. For the avoidance of doubt, responsive documents include the case number, the court or arbitral institution (as applicable), the amount in controversy, and whether any deposit or security has been lodged, in what amount, and in what form.

65.    Documents sufficient to identify arbitrations or litigations in which Argentina is the defendant or respondent and has either (i) made a counterclaim or (ii) requested its costs. For the avoidance of doubt, responsive documents include the case number, the court or arbitral institution, the amount in controversy, and whether any deposit or security has been lodged, in what amount, and in what form.

Dated: New York, New York

      May 15, 2024                 Respectfully,

KING & SPALDING LLP

By:     */s/ Laura Harris*
Laura Harris
Randy M. Mastro
Israel Dahan
1185 Avenue of the Americas
New York, NY 10036
Phone: (212) 556-2114
Fax: (212) 556-2222
Email: lharris@kslaw.com
      rmastro@kslaw.com
      idahan@kslaw.com

-and-

Reginald R. Smith
1100 Louisiana Street
Houston, TX 77002
Phone: (713) 751-3200
Fax: (713) 751-3290
Email: rsmith@kslaw.com

CLEMENT & MURPHY, PLLC

Paul D. Clement
C. Harker Rhodes IV*
706 Duke Street
Alexandria, VA 22314
Phone: (202) 742-8900
Fax: (202) 742-8895
Email: paul.clement@clementmurphy.com
      harker.rhodes@clementmurphy.com
      *Supervised by principals of the firm who
      are members of the Virginia bar

KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.

Mark C. Hansen
Derek T. Ho
Andrew E. Goldsmith
1615 M Street, N.W., Suite 400

Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
Email: mhansen@kellogghansen.com
       dho@kellogghansen.com
       agoldsmith@kellogghansen.com

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2024 a copy of the foregoing was served on counsel of record via Electronic Mail.

By:  <u>*/s/ Laura Harris*</u>
Laura Harris

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*