# EXHIBIT 3

# LEVINE LEE LLP

400 Madison Ave
New York, New York 10017
212 223 4400 main

July 16, 2025

**VIA E-MAIL**

Amanda Flug Davidoff
Sullivan & Cromwell LLP
1700 New York Avenue, N.W. Suite 700
Washington, D.C. 20006-5215
davidoffa@sullcrom.com

**Re: *Petersen Energía, et al. v. Argentine Republic*, 15-cv-02739, 16-cv-8569**

Dear Amanda:

      Thank you for your e-mail of yesterday proposing a schedule with respect to the Court's direction to the parties at the July 15, 2025 Conference (the "Conference") to meet and confer as to pending discovery issues. We are happy to set a schedule. However, based on the Court's direction at the Conference, we understand that certain of Argentina's responses to Plaintiffs' post-judgment discovery requests are subject to amendment. Accordingly, we think it makes the most sense to set a submission schedule once we understand those amendments and after we have had at least one meet and confer. Additionally, as it may be necessary to meet and confer on more than two occasions, we can craft a reasonable schedule once we see where we are in consideration of Argentina's amendments.

      In the spirit of moving forward efficiently, we are identifying the below list of responses to Plaintiffs' (i) First Set of Requests for Production ("First RFPs"), (ii) Second Set of Request for Production ("Second RFPs," and together with the First RFPs, the "RFPs"), and (iii) Written Questions pursuant to the Information Subpoena (the "Questions," and together with the RFPs, the "Requests"), which we understand to be subject to amendment. We would appreciate your response so we can move forward in setting a reasonable schedule. To the extent we identify additional issues, we will supplement the below promptly.

      If you're able to provide us with a response by Thursday AM, we are available to meet and confer Thursday PM or Friday AM. Of course, if you need additional time, we are happy and willing to accommodate.

(1)   **Objections Based on Executable Assets**: Argentina objected to several of the Requests, in full or in part, on the basis that they were not reasonably calculated to lead to the discovery of executable assets. At the Conference, the Court reaffirmed that this is not a permissible basis on which to withhold information and the objection has been overruled. Accordingly, please:

Case 1:15-cv-02739-LAP   Document 764-3   Filed 07/26/25   Page 3 of 5

(a) Confirm Argentina is withdrawing its objections on the basis of executability;

(b) Identify and produce all materials withheld on this basis;

(c) Identify all searches that were not performed or were curtailed on this basis;

(d) For ease of reference, Argentina raised executability objections, in full or in part, in response to the following Requests:

(i) First RFPs: 1-46, 48-77

(ii) Second RFPs: 1-19, 27-63

(iii) Questions: 2-12, 15-20, 22, 25-27, 29, and 30

(2) **Accounts/SWIFT Details**:

(a) Please confirm when Argentina will be producing:

(i) SWIFT messages and accounts details with respect to accounts in the US and Argentina. See e.g., First RFP 16; Second RFP 6; Court Order at ECF 703;

(ii) Supplement the SWIFT messages with respect to Foreign Accounts. *See e.g.*, First RFP 16; Second RFP 6; Court Order at ECF 703;

(iii) Supplementing your production as referenced in your May 23 letter.

(b) Plaintiffs have requested that Argentina identify the specific accounts used in connection with specific transactions or activities, we believe these are key to our enforcement activities. Please provide the account information in connection with those Requests, including but not limited to:

(i) First RFPs: 19, 21, 24, 28

(ii) Questions: 14, 15; 18, 26-30

(3) **Threshold Values**: As discussed at the Conference, we are happy to consider alternative threshold values outside those articulated in the Requests' Definitions. Please provide your proposed threshold values in connection with the following Questions:

(a) Debts: Questions 10-12

(b) Letters of Credit: Question 17

(c) Commercial Transactions in Argentina: Question 16

(d) Escrow Accounts: Question 19

(e) Movable Assets: Question 7

(4) **Privatization:** While you have re-produced materials from other litigations on this issue, we believe it is very likely more information on this subject exists and would like a complete response to Question 22 and Second RFPs 33, 35-39. We would like to confer on a complete response, which we think goes beyond your suggested supplement referenced in your July 1, 2025 Letter.

(5) **Movable Assets:** Please confirm Argentina will be supplementing its Responses with respect to Requests concerning moveable assets. Such Responses include, but are not limited to, those made in connection with:

(a) Second RFPs 3 and 4

(b) Questions 7, 8 and 16

2

(6) **Commercial Transaction in US and Foreign Countries**: Based on publicly available information, we are concerned that Responses provided to date are incomplete. We would like to discuss supplementing these Responses.

(7) **May 23 and July 1 Letters re Supplemental Productions**: Please let us know when we can expect supplemental productions as referenced in your letters of May 23 and July 1 in connection with your responses to certain of the Questions, including but not limited to:

(a) Question 7 (diplomatic and consular property located in US)
(b) Question 9 (accounts in Argentina);
(c) Question 15 (financial agreements with China);
(d) Question 18 (accounts used to pay law firms),
(e) Question 26 (accounts in Argentina),
(f) Question 27 (accounts concerning certain projects)
(g) Question 29 (accounts concerning Santander letter of credit)
(h) Question 11 (debts owed by Argentina)
(i) Question 22 (privatization efforts)

(8) **Individuals with Relevant Knowledge**: In connection with Question 31, please provide either:

(a) A list of all individuals with knowledge of the basis of your Responses by topic; or
(b) Propose an alternative for meeting your burden with respect to each Request.

(9) **Communication on Non-Government Channels**: As the Court reaffirmed at the Conference, all communication concerning government business that has occurred or is occurring on non-governmental devices and/or applications (e.g., WhatsApp; Gmail) is properly the subject of discovery.

(a) Please provide information on how all platforms and devices with relevant material have been and will be searched for each Request.
(b) If you plan to seek a limitation as to the universe of discoverable information in this regard, please make a proposal so that we may consider it.

(10) **Privilege Log**: You previously stated you have not withheld any materials on the basis of any privilege. To the extent you are reversing your position or have withheld materials on this basis, please:

(a) State your current position as to privilege;
(b) Identify the Requests in response to which you withheld responsive material on the basis of privilege;
(c) For all Requests identified above under (b), explain, Request by Request, the specific nature of the privilege asserted and the basis for asserting it;
(d) Confer as to production of a privilege log to the extent materials have or will be so withheld.

(11) **Preservation**: Please provide information on all steps Argentina has taken, since the start of this case in 2015, to preserve electronic information concerning government business occurring on non-government devices or platforms, including but not limited to:

(a) A description of steps taken to secure such devices;

(b) A listing of all devices secured and description of how they were searched.

(12) **January 14, 2025 Order**: We would like to meet and confer on receiving the remainder of the production ordered by the Court on January 14, 2025 (ECF No. 703), including but not limited to the gold reserves.

(13) **Alter Ego Discovery**: Judge Preska lifted the stay on alter-ego discovery from the Republic. Please indicate whether the Republic is standing on its prior objections on alter-ego discovery or if it will produce alter ego discovery consistent with Judge Preska's stay order and our Pre-Motion Letter at ECF No. 711.

(14) **Metadata**: We would like to meet and confer on the outstanding metadata issue as part of this process.

(15) **Continuing Obligations**: We would like to meet and confer to discuss the process and timing of updating your prior productions based on Argentina's continuing obligations.

\*   \*   \*

We look forward to finding a resolution to the above issues with you. To the extent you wish to speak in advance of a meet and confer, we are happy to make ourselves available. Plaintiffs reserve all rights.

Very truly yours,

/s/ *Miriam L. Alinikoff*

Seth L. Levine
Miriam L. Alinikoff