# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 5, 2025

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY 10007.

        Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

      On behalf of the Republic, I respectfully request a pre-motion conference on the Republic's anticipated motion seeking clarification on the extent that it can continue to oppose plaintiffs' demands for certain classes of post-judgment discovery if the Republic can make a non-conclusory showing that such discovery "could not possibly lead to executable assets." *Republic of Argentina* v. *NML Capital Ltd.*, 573 U.S. 134, 144-145 (2014). In the alternative, if the Court believes that the Republic can no longer oppose discovery on this ground, the Republic seeks reconsideration, pursuant to Local Civil Rule 6.3, of the Court's July 29 order.

      Plaintiffs have requested extensive information—both within Argentina and worldwide—about the Republic's financial accounts, debts, commercial transactions, movable assets, letters of credit, and escrow accounts. (Dkt. 763 at 13.)[1] The Republic has objected that certain of plaintiffs' demanded discovery is irrelevant and disproportionate under Rule 26(b)(1) because the targeted

---

[1]    Citations refer to the *Petersen* docket.

The Honorable Loretta A. Preska                                                                        -2-

assets could never be subject to execution.  *See NML*, 573 U.S. at 144-145.  The Court overruled these objections in four orders:

- On May 28, 2024, the Court ordered identification of certain financial accounts used for "military, diplomatic, and consular" purposes (Dkt. 568 at 3) over the Republic's objection that these accounts could "never . . . be subject to execution" and thus were irrelevant.  (May 28 Tr. 15:25-16:1.)

- On January 14, 2025, the Court ordered the Republic to produce other account information "even if those accounts ultimately may be immune from execution," stating that "[t]he Republic does not get to just assert that such information 'could not possibly lead to executable assets.'"  (Dkt. 703 at 3.)

- On July 15, 2025, the Court "overruled" all "objections [that] were made on the basis that the responses could not lead to the identification of executable assets."  (July 15 Tr. 7:12-15; *id.* 7:15-17 ("[D]escribe the assets, and then we'll have a fight over whether or not they're executable.").)

- On July 29, 2025, the Court instructed that "[w]e will identify an asset and then determine if it may be executed upon" (July 29 Tr. 54:18-21), and stated that "we also can't just say in a conclusory fashion this will not lead to executable assets."  (*Id.* 19:6-8.)

I. **The Court Should Clarify That the Republic May Continue to Object to Specific Categories of Discovery That Are Irrelevant to Execution.**

The Republic seeks clarification with respect to the extent that it may continue to raise relevancy objections in response to demands for discovery that "could not possibly lead to executable assets."  *NML*, 573 U.S. at 144-145; *see id.* at 145 n.4 ("the rules limit discovery to matters relevant to execution").  Clarification is "within [the Court's] discretion," *Humphreys* v. *N.Y.C. Health & Hosps. Corp.*, 2024 WL 4711100, at *3 (S.D.N.Y. Nov. 7, 2024) (Broderick, J.), and here, it will "add certainty to [the Republic's] efforts to comply with" the Court's orders and streamline future disputes.  *Id.*

The Republic's ability to resist plaintiffs' harassing demands for certain categories of discovery based on legal and/or factual showings that the discovery "could not possibly lead to executable assets" is critical to ongoing discovery negotiations.  Plaintiffs have characterized this Court's decisions as adopting a blanket rule—contrary to *NML*—foreclosing *any* consideration whatsoever of

The Honorable Loretta A. Preska                                                                 -3-

executability at the discovery stage. (*See* July 29 Tr. 13:23-24 ("Mr. Levine: [Y]ou ordered them to stop using executability in January and we're still talking about it.").) Plaintiffs accordingly continue to insist, for example, that they are entitled to discovery regarding corporate tax debts (with $1 million threshold (*id.* 13:6-7)) owed by Argentine companies to the Republic. As the Republic has shown, there is no mechanism for plaintiffs to execute upon such debts. (Dkt. 700 at 2.)[2] The parties cannot negotiate the parameters of discovery until the Court clarifies its executability ruling.

## II.     In the Alternative, Reconsideration Is Warranted.

Should the Court determine that clarification is unwarranted, or clarify that it has adopted a categorical rule barring any consideration of executability in post-judgment discovery disputes, the Republic seeks reconsideration. Reconsideration is appropriate when "the moving party can point to controlling decisions or data that the court overlooked." *Twine* v. *Powers*, 2012 WL 3834082, at *1 (S.D.N.Y. Aug. 27, 2012) (Sweet, J.). Here, the Court would have overlooked *NML*'s instruction that executability *is* a limit on post-judgment discovery insofar as "information that could not possibly lead to executable assets *is simply not 'relevant' to execution in the first place*." *NML*, 573 U.S. at 144-145 (emphasis added); *see Underwood* v. *Coinbase Glob., Inc.*, 2025 WL 1984293, at *2 (S.D.N.Y. July 17, 2025) (Engelmayer, J.) (party seeking discovery bears "burden of demonstrating its relevance"). The *NML* court thus observed—seemingly approvingly—that the district court had limited discovery to "discovery . . . reasonably calculated to lead to attachable property." 573 U.S. at 138. Specifically, the district court had concluded that there "was no point" in "getting information about something that might lead to attachment in Argentina because . . . no Argentinian court would allow attachment." *Id.*

After *NML*, courts have consistently rejected the position that "post-judgment discovery is completely untethered from the concepts of attachability or executability." *Gujarat State Petroleum Corp.* v. *Republic of Yemen*, 2022 WL

---

[2]     The sole mechanism for enforcing a foreign monetary judgment in Argentina is (1) to obtain recognition of the final judgment by a local court, (2) after which the judgment will be included in the national budget. (Rigo Decl. (Dkt. 503-1) ¶¶ 7-8; Santiago Decl. (Dkt. 580) ¶¶ 25-32.) A local court will then instruct payment and, if needed, enforce the judgment directly. (Santiago Decl. ¶¶ 29-32.)

The Honorable Loretta A. Preska                                                            -4-

1567464, at *8 (S.D.N.Y. May 18, 2022) (Abrams, J.); *see also Stati* v. *Republic of Kazakhstan*, 2024 WL 3442663, at *5 (S.D.N.Y. July 17, 2024) (Engelmayer, J.) ("[P]etitioners may not . . . seek clearly irrelevant discovery . . . ."). The Republic should be permitted to provide non-conclusory evidence that plaintiffs seek particular categories of discovery that "could not possibly lead to executable assets."

                                                  Respectfully,

                                                  */s/ Robert J. Giuffra, Jr.*
                                                  Robert J. Giuffra, Jr.

cc:    Counsel of Record (via ECF)