# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 5, 2025

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY 10007.

       Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

       On behalf of the Republic, I write regarding the issues for discussion at tomorrow's conference. Regrettably, Plaintiffs have refused to engage in the process of preparing a joint submission with the Republic, even though this process is routinely followed in resolving discovery disputes. Instead, Plaintiffs insisted that the parties only submit a "list" of topics without any statement of the status of the issues or parties' positions. The Republic believes that Plaintiffs' approach is not helpful or consistent with this Court's July 29 direction to the parties. Accordingly, the Republic provides below a brief summary of the parties' discussions and the Republic's positions as to the disputed issues, which it provided to Plaintiffs most recently in writing on August 4.

       ***The Parties' Communications Since the July 29 Conference.*** At the July 29 Conference, Plaintiffs' counsel "respectfully request[ed] to not have to do a joint report." (Tr. 67:8-9.) After the Republic's counsel pointed out the risk of "ships passing in the night," the Court ordered the parties to prepare a "joint report." (*Id.* 67:16-23.) Counsel for the Republic then further proposed "Let's identify the issues, and you can have their position and our position so you can rule on them." The Court responded "Okay" and concluded the Conference. (*Id.* 72:12-15.)

The Honorable Loretta A. Preska                                                                -2-

In accordance with the Court's direction, on Wednesday, July 30, the parties met via zoom videoconference to identify and discuss the outstanding issues. The parties then met again the following day, Thursday, July 31, and the next day, Friday, August 1. During those meet-and-confers, and through e-mail, the Republic explained its proposed approach—detailed below—to conducting searches for the information Plaintiffs are seeking, and provided Plaintiffs with a list of the 114 governmental ministries and departments it proposed searching, along with proposals regarding searches for SWIFT messages and privatizations.

The parties agreed on Friday, August 1 that the Republic would prepare a first draft of the joint submission to the Court and share it with Plaintiffs by Monday, August 4 at 2 pm. The Republic prepared that draft over the weekend and was preparing to send it at 2:00 PM when, without warning, Plaintiffs sent their own draft at 11:13 am. Although the Republic was surprised at Plaintiffs' disregard of the parties' agreed plan to complete the submission, it participated in a further meet and confer session with Plaintiffs on Monday afternoon, and said it would provide its revisions and comments by end of day. The Republic then duly marked up Plaintiffs' proposed joint submission with its positions and proposals for agreed language, and provided Plaintiffs with a revised draft.

Instead of providing further revisions, Plaintiffs this morning unilaterally stated that they would not respond to the Republic's draft or engage further on a joint submission, deeming the effort "unsuccessful." They insisted that they were prepared to submit only a list of topic headings with no information regarding the outstanding issues or parties' positions. The Republic responded that it was prepared to continue to work on the joint submission, but Plaintiffs have refused to engage, confirming that this process is not about obtaining discovery relevant to execution, but about harassing the Republic and burdening the Court with unnecessary discovery disputes.

***The Republic's Positions on the Open Issues.*** The below statements of positions were provided by the Republic to Plaintiffs (verbatim, except for explanatory footnotes) in the Republic's draft of August 4 (with the exception of items 10 and 12, which were not included because Plaintiffs did not add those items to their proposed list until today).

1. **Requests Regarding Certain Assets in Argentina (Joint Status Report, July 26, 2025 ("JSR") at 10-17).** With respect to searches for (i) debts owed to the Republic by persons in Argentina (First RFPs 38; Second RFPs 7, 28,

The Honorable Loretta A. Preska                                                                       -3-

31, 40, 48; Subpoena Question 10); (ii) debts owed by the Republic to persons in Argentina (First RFPs 37; Second RFPs 8, 40, 49, 52; Subpoena Question 11); (iii) commercial transactions with Argentine counterparties (Subpoena Question 10); (iv) letters of credit issued by Argentine financial institutions (Second RFPs 10; Subpoena Question 17); (v) escrow accounts in Argentina (First RFPs 27, 28; Second RFPs 12, 13; Subpoena Question 19); and (vi) movable assets in Argentina and legal and beneficial interests therein (Second RFPs 3, 4), *see* JSR at 11, on July 30, 2025, the Republic proposed a list of 114 ministries, secretaries, and undersecretaries that it identified as most likely to possess responsive information. *See* Ex. A. The Republic has requested that each of these ministries, including their secretariats and undersecretaries identify any centralized sources and other locations aside from such centralized sources that may contain responsive information. On July 31, Plaintiffs proposed that 20 additional ministries, secretariats and undersecretaries be added to the Republic's proposed list. *See* Ex. B. The Republic has agreed to consider Plaintiffs' proposed additions, but in the interest of time has issued the above-described requests to the 114 ministries, secretariats, and undersecretaries it identified to Plaintiffs as most likely to possess responsive information.

The Republic has requested that each ministry, including its secretariats and undersecretaries, identify sources of information by August 13, 2025.

In addition, once such centralized sources or other locations are identified, each ministry, including its secretariats and undersecretaries, will conduct searches to identify and collect responsive information, with the goal to collect the six categories of information from the 114 ministries, secretariats, and undersecretaries by August 29, 2025, if possible, with production to follow shortly thereafter based on the volume of responsive documents. The Republic is willing to confer with Plaintiffs about the parameters of those searches, but any delay in reaching agreement will correspondingly delay production of responsive information.

The Honorable Loretta A. Preska                                                              -4-

> The Republic expressly reserves its right to seek reconsideration and/or appeal of the Court's July 15 and 29, 2025 orders as to discovery regarding assets in Argentina.[1]

2. **"Off-Channel" or "Non-Government" ESI and Internal Communications for "Alter-Ego" Discovery, and "Alter-Ego" Discovery Regarding Additional Entities (JSR at 28-40)**.  At the July 29, 2025 Conference, the Court granted Plaintiffs' motions with respect to (1) discovery of "off-channel" or "non-government" ESI and internal government communications regarding "alter-ego" issues, and (2) "alter ego" discovery into Aerolíneas Argentinas S.A. ("AA"), Banco de la Nación ("BNA"), and Energía Argentina Sociedad Anónima ("ENARSA").  *See, e.g.*, July 29, 2025 Hr'g Tr. at 52:4-8; 53:16-23; 63:17-18; 65:9; 66:2-3.

   The parties are conferring regarding these requests. The Republic expressly reserves its right to seek reconsideration and/or appeal of the Court's July 29, 2025 order as to "non-government" ESI and "alter-ego" discovery.[2]

   Subject to that reservation, (1) the Republic will propose custodians relevant to AA, BNA, and ENARSA by August 29, 2025, and (2) the parties will endeavor to finalize custodians for these entities and search terms for all alter ego entities by September 5, 2025.

3. **Document Preservation Notice and Obligations**.  As directed by the Court at the July 29, 2025 Conference, the Republic submitted a copy of its document hold notices to the Court *in camera* on August 4, 2025.  The parties

---

[1] The Republic has since sought clarification of the extent to which it can continue to oppose Plaintiffs' demands for certain classes of post-judgment discovery if the Republic can make a non-conclusory showing that such discovery could not possibly lead to executable assets, or reconsideration of the Court's July 29, 2025 Order. (Dkt. 768.)

[2] The Republic has since sought reconsideration of the Court's July 29, 2025 order requiring the Republic to collect and produce communications and documents from personal devices, personal email accounts, and personal messaging applications of certain senior current and former Republic officials.  (Dkt. 767.)

The Honorable Loretta A. Preska                                                                                        -5-

4.  **Information Subpoena Question 31 (JSR at 25-28)**.  Information Subpoena Question 31 asks the Republic to identify "all Persons . . . who have been consulted" in preparing its Information Subpoena responses.  The Court directed the parties to confer "as though it were a 30(b)(6) request."  *See* July 29, 2025 Hr'g Tr. at 35:24-36:1.

    To satisfy that instruction, and without waiving its objection that such a request would be improper discovery-on-discovery, the Republic proposes a two-pronged process.  (1) As to responses to the Information Subpoena for which the searches described herein are ongoing, the Republic will provide Plaintiffs with information regarding how the Republic is conducting those searches and meet and confer thereafter as to whether further Rule 30(b)(6)-type information is relevant and proportional for any particular searches.  (2) As to completed responses to the Information Subpoena, Plaintiffs will identify any for which they seek Rule 30(b)(6)-type information, and the parties will meet and confer thereafter as to whether further Rule 30(b)(6)-type information is relevant and proportional for any particular searches, and bring any disputes to the Court.

5.  **Privatizations (JSR at 22–25)**.  At the July 29, 2025 conference, the Court directed the parties to confer on an objective trigger with respect to Plaintiffs' privatization-related Requests.  *See* July 29, 2025 Hr'g Tr. at 35:11-13 ("THE COURT: Sit down, have a conversation about the steps, and pick which one you like. But it has to be objective.").  On August 1, 2025, the Republic explained to Plaintiffs that the initial steps in the privatization process are the issuance of (1) an "Informe Circunstanciado," or a substantive report that explains the reasoning for the proposed privatization and a presidential decree authorizing privatization; and (2) a resolution and any related attachments, which could include (for example) bid terms and model contracts.  The Republic has agreed to produce all of these materials in conjunction with all present and future privatizations in the *Attestor* case and to continue to reproduce these materials to Plaintiffs while post-judgment discovery is ongoing, including if the productions in *Attestor* cease for any reason.

    Plaintiffs have asked the Republic to investigate the beginning of such a process (such as governmental meetings or working groups that go beyond

The Honorable Loretta A. Preska                                                                                     -6-

mere contemplation) and believe such activity would be an appropriate, objective starting point for disclosure. The Republic has responded that it has already investigated the beginning of such a process, and there is no earlier step that goes beyond mere contemplation or would be objective. The parties continue to confer about this issue.

6. **SWIFT Messages (JSR at 18-20)**. On August 1, 2025, the Republic (1) made its agreed-upon production of SWIFT messages for transactions initiated or received by the Republic's U.S. accounts for the two-year period ending on December 31, 2024; and (2) sent Plaintiffs a proposal to supplement its production of SWIFT messages with updated information. Plaintiffs are reviewing both the Republic's production and its proposal.

   With respect to SWIFT messages for transactions initiated or received by the Republic's Argentine accounts, the Republic expects that requests to the various financial institutions will have been made by August 13, 2025. With respect to the Secretariat of Intelligence, the Armed Forces, and the Ministry of Defense, the parties agree to confer, including with respect to how to avoid disclosing information impacting Argentina's national security, defense, and intelligence gathering.

7. **Identification of Accounts (JSR at 20-22)**. On August 1, 2025, Plaintiffs provided the Republic with what they described as a preliminary list of 28 sub-categories of the general transactions described in Subpoena Questions 15, 18, and 19. The Republic is reviewing Plaintiffs' proposal.

   Additionally, Plaintiffs have requested information concerning further identification of which accounts belong to which ministries, and the Republic is willing to confer with Plaintiffs about any questions they have about which ministry owns which accounts.

8. **Movable Assets in the United States (JSR at 9-10)**. The Republic has requested that its U.S. Embassy in Washington, D.C. and each of its six U.S. Consulates identify movable assets located in the United States of substantial value (*i.e.*, greater than approximately $1 million), excluding assets of the type that would appear in the Janes Database (which the parties previously excluded by agreement). The Republic has requested that its U.S. Embassy and Consulates provide this information by August 29, 2025.

The Honorable Loretta A. Preska -7-

9. **Previous Searches.** Plaintiffs request that, as part of the search process of the Ministries outlined in (1) above, the Republic seek confirmation of its previous responses to the Requests, especially those where no information was found, to ensure that complete responses have been provided to Plaintiffs. The Republic does not believe that there is any basis to require a do-over of its prior discovery efforts, which resulted from searches among dozens of ministries. To the extent that Plaintiffs have raised issues about the Republic's productions, the Republic has investigated those issues. There is no basis for the Republic to undertake a wholesale re-review of the prior two years' work.

10. **Motions to Seal.** The Republic has provided Plaintiffs with its proposal to redact e-mail addresses and telephone numbers from the Public filings as well as limited third-party information, and will prepare a letter to the Court with its proposal.

11. **Plaintiffs' Request to Schedule Regular Status Conferences.** The Republic is happy to discuss Plaintiffs' request with the Court.

12. **Metadata.** On July 31, 2025, Plaintiffs identified examples of certain previously produced e-mail that Plaintiffs contend are missing certain metadata. The Republic has agreed to investigate the issues Plaintiffs raised.

\* \* \*

The Republic looks forward to addressing the above issues with the Court at tomorrow's conference.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:     Counsel of Record (via ECF)