# LEVINE LEE LLP

400 Madison Avenue
New York, NY 10017
212-223-4400 main
www.levinelee.com

**Seth L. Levine**
212-257-4040 direct
slevine@levinelee.com

August 8, 2025

**Via CM/ECF**

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **_Petersen Energía Inversora, S.A.U. v. Argentine Republic_, No. 15-cv-2739; _Eton Park Capital Management, L.P. v. Argentine Republic_, No. 16-cv-8569**

Dear Judge Preska:

The Court should reject the Republic's request for reconsideration, Dkt. 767, of its order compelling production of government officials' "off-channel communications," July 29, 2025 Tr. 52:9-53:23. A recalcitrant sovereign debtor cannot withhold its officials' communications from this Court because they choose to use WhatsApp and individual email accounts for government business instead of government-run servers.

The Republic has not met the "high" standard for reconsideration. *AE Outfitters Retail Co. v. 575 Broadway, LLC*, 2014 WL 12792979, at *1 (S.D.N.Y. June 2, 2014) (Preska, J.). The Court correctly applied comity principles and determined that Argentine law does not govern, including because denying discovery "would lead to unfairness because it would impact Plaintiffs' ability to recover on its $16 billion unpaid judgment." Tr. 50:21-24. The Republic's assertion (at 1) that the Court "overlooked" whether the communications are within the Republic's "possession, custody or control" is wrong. The Court noted the Republic's argument and rejected it. Tr. 52:9-53:23.

Hon. Loretta A. Preska
August 8, 2025
2

The Court found that Plaintiffs' extensive submissions showed that "officials are conducting official business on their personal accounts." Tr. 53:16-18. Evidence included routine WhatsApp use, Dkt. 763-1, officials communicating with the IMF via Gmail, Dkt. 763-2, and numerous government offices providing Gmail addresses as points of contact, Dkt. 763-3. The Republic therefore has control over off-channel communications and must produce them. *See Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022) (collecting cases). Indeed, the Republic has never denied that it "has the ability in the ordinary course of business to obtain documents" from off-channel platforms. *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 334 F.R.D. 68, 72-73 (S.D.N.Y. 2020). Any such denial would be incoherent. The Republic represented twice at the July 29 conference and later via letter to Plaintiffs that its preservation notices encompassed off-channel communications. *See* Tr. 44:17-45:7.[1] If the Republic can preserve these communications, it can produce them. The Republic also argued that officials' communications are protected by the deliberative process privilege. *See* Dkt. 658 at 3-4. Communications cannot be simultaneously "internal agency decisionmaking," *id*. at 4, and outside the Republic's control.

The Republic suggested during the August 6 conference it may challenge the "practical ability" standard. *See also* Mot. at 2 & n.1. But the Republic successfully invoked it to obtain an order directing Plaintiffs to produce the Eskenazi family's documents. *See* Dkt. 217 at 3 & n.3; Dkt. 252 at 2-4. That rule is now law of the case as well as of the Second Circuit. *See In re Omnicom Grp., Inc. Sec. Litig.*, 2007 WL 2376170, at *7 (S.D.N.Y. Aug. 10, 2007). Moreover, the Republic's "initial position constituted a waiver of [its] later contrary position." *Id*.

Even if Argentine law applied, Plaintiffs' expert explained it does not shield such communications, *see* Dkt. 672, and the Republic's expert admits "a court order" can authorize access to them, *see* Dkt. 670 at 5 (quoting Dkt. 660 at 9-10).

The Republic asserts (at 2) it is Plaintiffs' burden to establish that off-channel communications are within its control. *See* Dkt. 767 at 2 (citing *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 61472, at *3 (S.D.N.Y. Jan. 6, 2014) (Francis, J.)). But *Alexander Interactive* does not explain the law fully. Courts have repeatedly applied a burden-shifting framework to the inquiry. When the requesting

---

[1] Plaintiffs have not seen the Republic's actual notices and received the Republic's description of them today. Plaintiffs reserve all rights concerning preservation.

Hon. Loretta A. Preska
August 8, 2025
3

party cites specific evidence that the producing party has control, the burden shifts to that party to prove otherwise, *see In re Dunne*, 2018 WL 4654698, at *5 (D. Conn. Sept. 27, 2018); *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 43 (S.D.N.Y. 2016), just as the burden often shifts to the party opposing discovery, *see Mason Tenders*, 318 F.R.D. at 36; *Am. Fed'n of Musicians of the U.S. & Canada v. Sony Music Ent., Inc.*, 2016 WL 2609307, at *3 (S.D.N.Y. Apr. 29, 2016). As the Court correctly held, the Plaintiffs satisfied their burden, and the Republic did not refute Plaintiffs' showing. The Republic's failure to challenge Plaintiffs' factual showing before the Court's ruling precludes it from doing so now. *See Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 271 (S.D.N.Y. 2001).

The Republic's cases do not justify reconsideration. In *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138-39 (2d Cir. 2007) (cited at 2), the court vacated sanctions entered when an individual failed to produce documents from a Russian company where he held a minority stake. The court remanded "to explore Russian law" and the individual's control of the company, "an issue that may involve a finding as to his credibility." 490 F.3d at 139. Similarly, in *Owen v. Elastos Found.*, 2023 WL 2537287, at *3 (S.D.N.Y. Mar. 16, 2023) (cited at 2-3), the court declined "on the present record" to order a corporation to search its employee's Gmail account. In a deposition and court-ordered declaration, the employee cast doubt on whether he used the account for work, and the plaintiffs had not addressed potentially relevant foreign law. *See id.* at *2-3.

Here the parties submitted declarations from Argentine law experts, *see* Dkts. 660, 672, and Plaintiffs submitted evidence of officials' pervasive off-channel communications, *see* Tr. 53:1-18. The Republic elected not to submit any contrary evidence—the same reason *Dunne* distinguished *Shcherbakovskiy*. *See* 2018 WL 4654698, at *5. Further, as *Shcherbakovskiy* noted, such evidence would implicate the custodians' credibility. 490 F.3d at 139. Here, the custodians could testify at a hearing.

The outlandishness of the Republic's position becomes more apparent as time passes. Just last week, President Javier Milei, Economic Minister Luis Caputo, and BCRA Governor Santiago Bausili told an interviewer that they are in continuous contact via chat group and that Mr. Caputo is Mr. Bausili's "jefe" (boss). *See* Levine Decl. Ex. A at 1-2, 5-6. This interview—new evidence post-dating the Court's ruling, appropriate for reconsideration—confirms not only that government

Hon. Loretta A. Preska
August 8, 2025
4

superiors have practical control over subordinates' off-channel government communications (President Milei over Economic Minister Caputo over BCRA Governor Bausili), but also that the Republic is fiercely resisting disclosure of communications that will likely confirm that BCRA is its alter ego.

    The Court should deny reconsideration.

Respectfully submitted,

/s/ Seth L. Levine

**LEVINE LEE LLP**

Seth L. Levine
Alison M. Bonelli
400 Madison Ave
New York, New York 10017
slevine@levinelee.com
abonelli@levinelee.com

cc:    All counsel of record via ECF