# LEVINE LEE LLP

400 Madison Avenue
New York, NY 10017
212-223-4400 main
www.levinelee.com

**Seth L. Levine**
212-257-4040 direct
slevine@levinelee.com

August 8, 2025

***Via CM/ECF***

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: ***Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569**

Dear Judge Preska:

The Court should reject the Republic's request for clarification or reconsideration regarding the Court's "executability ruling." Dkt. 768 at 3. The Republic is not actually seeking "clarification"—it is rehashing its meritless claim that it is entitled to immunity from discovery based on unilateral proclamations about executability. As this Court has already held multiple times, the Republic has no right to avoid discovery by unilaterally declaring that the requested information will not lead to executable assets. *See also Stati v. Republic of Kazakhstan*, 2024 WL 3442663, at *5 (S.D.N.Y. July 17, 2024) (Engelmayer, J.) ("[T]he FSIA does not create a coextensive discovery privilege."). To assert (at 3) that the Court has "overlooked" the Supreme Court's *NML* decision, and thereby taken a position that has been "consistently rejected" by other courts, is factually and legally incorrect. In reality, the Republic is seeking an avenue to delay compliance with the Court's orders without any repercussions. The motion should be denied.

## I. The Republic's Proposed Clarification Is Inappropriate

The Republic asks (at 2) the Court to clarify that it may object to "Categories of Discovery" as irrelevant because they could not possibly lead to executable assets. That would be a reversal, not a clarification, and the Republic cannot justify reconsideration for the reasons explained below.

The Republic asserts (at 3) that "corporate tax debts" owed to the Republic are an example of an objectionable category, because it has "shown" that such debts are not executable. But the categorical claim (at 2) that discovery in connection with debt "could not possibly lead" to information about assets that might be executable anywhere in the world is not credible. Ultimately, the Republic may "regard[]" some property as "immune," "[b]ut [Plaintiffs] may think the same property [is] *not* immune." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 145 (2014). Whether an asset is executable "will have to [be] settle[d]" by the Court, not the Republic. *Id.*; *see also* Dkt. 703 at 3 (Court holding that "[t]he Republic does not get to just assert that such information 'could not possibly lead to executable assets'"). At this stage of the post-judgment proceedings, where Plaintiffs are merely seeking discovery, the Court should reject the Republic's attempt to impose an FSIA-screening test where none exists. *See Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, 2022 WL 1567464, at *6 (S.D.N.Y. May 18, 2022) (Abrams, J.) ("[A]ccording to *NML*, there is no such thing as a sovereign's 'immunity from discovery.'").

Because Plaintiffs met their "initial burden of demonstrating any possibility of relevance sufficient to warrant discovery . . . , [the Republic] bears the burden of demonstrating that, despite the broad and liberal construction afforded the federal discovery rules, the requests are irrelevant." *Am. Fed'n of Musicians of the U.S. & Canada v. Sony Music Ent., Inc.*, 2016 WL 2609307, at *3 (S.D.N.Y. Apr. 29, 2016) (Moses, J.) (cleaned up); *see also Republic of Kazakhstan*, 2024 WL 3442663, at *5 (noting in post-judgment proceedings that "relevance for the purposes of discovery is 'an extremely broad concept'"). The Court has correctly held that the Republic cannot make that showing on a categorical basis.

That said, the Court has not held that the Republic can never raise a burden or proportionality objection to the production of a particular document based on executability concerns. The Republic has not yet raised such an objection—and the Court has not yet ruled on one—because the Republic has invoked purported non-

executability to refuse to produce any documents or information at all about entire categories of information. That refusal was improper, as the Court correctly held.

## II. The Republic Cannot Meet Its Heavy Burden On Reconsideration

As the Republic recognizes (at 2), the Court overruled its executability objection in May 2024 and then did so again three more times after the Republic continued to raise it. In the Republic's own words: "there is nothing to clarify." Dkt. 691 at 1.

Nor is reconsideration appropriate. "Reconsideration is an 'extraordinary remedy'" that cannot be "'used as a vehicle for relitigating issues already decided by the Court.'" Dkt. 450 at 2-3.

The Republic's sole argument for reconsideration is that the Court "overlooked" the Supreme Court's decision in *NML*, 573 U.S. 134. But the Court squarely considered that case, where the Supreme Court rejected the Republic's discovery-denying position by a 7-1 vote, and it correctly agreed with Plaintiffs' reading. The Republic's effort to read that lopsided defeat as supporting its latest discovery-denying effort is unavailing. Indeed, as the Republic's own cited authority recognizes, "the law is clear that a judgment creditor need not prove that post-judgment discovery will lead to attachable or executable assets in order to obtain that discovery." *Gujarat State Petroleum*, 2022 WL 1567464, at *8 (citing *NML*, 573 U.S. at 144); *see id.* at *5 ("[c]ourts have subsequently relied on *NML* in holding that the FSIA does not preclude post-judgment discovery of a foreign sovereign's assets notwithstanding the possibility that those assets will be immune from attachment and execution"); *see also NML*, 573 U.S. at 145 (authorizing discovery "request[s] [that are] bound to turn up information about property that Argentina regards as immune"); *accord Aurelius Cap. Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 17 (2d Cir. 2014) (explaining that the proposition that "the FSIA prohibits discovery of sovereign property that is potentially immune from attachment . . . has already been rejected by the Supreme Court"); *Owens v. Republic of Sudan*, 2020 WL 4039302, at *4 (D.D.C. July 17, 2020) ("[W]hether an asset is subject to execution does not determine whether information about that asset is

discoverable.”). Because the Court did not overlook controlling case law, the Republic’s request should be denied.

Respectfully submitted,

*/s/ Seth L. Levine*

**LEVINE LEE LLP**

Seth L. Levine
Alison M. Bonelli
400 Madison Ave
New York, New York 10017
slevine@levinelee.com
abonelli@levinelee.com

cc: All counsel of record via ECF