## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 12, 2025

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY  10007.

      Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

      Plaintiffs' August 8, 2025 letter (Dkt. 774) confirms they cannot establish that information contained solely on cellphones and other personal devices and accounts owned by current and former officials, but not the Republic itself, is within the Republic's "possession, custody, or control" under Federal Rule of Civil Procedure 34(a)(1).  (*See* Dkt. 767 at 2.)  Plaintiffs say (at 1) that the Court "rejected" this argument.  Rather, it appears the Court overlooked Rule 34(a)(1)'s control requirement because it addressed only "principles of international comity" without reference to this Rule.  (7/29/25 Tr. 52:23-53:18.)

      The Court should reject plaintiffs' effort (at 2-3) to evade their burden of establishing control.  Under black-letter law, "[t]he party seeking the production bears the burden of establishing control."  *Coventry Cap. US LLC* v. *EEA Life Settlements Inc.*, 2020 WL 7383940, at *5 (S.D.N.Y. Dec. 16, 2020) (Cave, M.J.); *see, e.g.*, *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) (Conner, J.).  Plaintiffs' cited cases (at 3) agree with this consensus and add only that *if* the requesting party "cite[s] to specific evidence" of control, the resisting party must counter it.  *In re Dunne*, 2018 WL 4654698, at *4 (D. Conn. Sept. 27, 2018).

The Honorable Loretta A. Preska                                                                  -2-

Plaintiffs have not carried their burden.  Critically, plaintiffs recognize (at 3) that Argentine law and practice govern whether the Republic has legal or practical control under Rule 34(a)(1).[1]  But plaintiffs have not provided a single example of Argentine employers exercising control over employees' personal devices and accounts.  In fact, Argentine law bars such employer access.  Plaintiffs offer four irrelevant responses.

*First*, plaintiffs cite (at 3) their expert, but his only support for claiming that the Republic controls personal devices and accounts (Dkt. 672 ¶¶ 10-12) is resolutions addressing *official* government accounts.  (*See* Dkt. 677 at 3.)  Plaintiffs wrongly say (at 3) that the "Republic elected not to submit any contrary evidence," but its expert did just that.  (Dkts. 660, 678; *see* Dkt. 767 at 3 & n.3.)  Plaintiffs also wrongly claim that "'a court order' can authorize access" to personal devices and accounts.  But as the Republic's expert explained, it must be an "order of a competent Argentine judge" (Dkt. 660 ¶ 32), and—unlike in this case—must be directed to the individual "owners of the devices and personal accounts."  (Dkt. 678 ¶ 24.)

*Second*, plaintiffs assert (at 2) that because this Court found that Republic officials sometimes elected to use personal devices for work, "[t]he Republic therefore has control" over those devices.  Plaintiffs' reliance on *Smith* v. *Pergola 36 LLC*, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022) (Liman, J.), is misplaced:  although U.S. corporations are sometimes found to control work-related communications on employees' personal devices, the same rule does not necessarily apply in other countries, including in Argentina.  For that reason, Magistrate Moses in *Owen* v. *Elastos Found.*, 2023 WL 2537287, at *2 (S.D.N.Y. Mar. 16, 2023), was "not willing to assume that [a non-U.S. employer] ha[d] the same 'practical ability' to coerce compliance from [its employee] that a U.S. corporation would have."

*Third*, plaintiffs try to make something (at 2) of the fact that, in an abundance of caution, the Republic's "preservation notices encompassed off-channel communications."  But "preservation" is "markedly different" from "compelled disclosure" because preservation "does not implicate employee privacy and property interests."  *Halabu Holdings, LLC* v. *Old Nat'l Bancorp*, 2020 WL 12676263, at *2 n.1 (E.D. Mich. June 9, 2020).

---

[1]   Although the Second Circuit considers both legal and practical control, other circuits look solely at legal control.  (*See* Dkt. 767 at 2 n.1.)

The Honorable Loretta A. Preska -3-

*Finally*, plaintiffs cite (at 3-4) an interview in which President Milei referenced a "chat" group. That interview doesn't say anything about whether the Republic has control over information contained solely within its employees' personal devices and accounts.[2]

This Court should reconsider its Order directing the Republic to produce information from personal devices and accounts not within its control.

                                          Respectfully,

                                          */s/ Robert J. Giuffra, Jr.*
                                          Robert J. Giuffra, Jr.

cc:    Counsel of Record (via ECF)

---

[2] Plaintiffs wrongly claim that the interview suggests Minister of Economy Luis Caputo is BCRA Governor Santiago Bausili's "boss," apparently to support plaintiffs' alter-ego theory. In fact, the interview merely shows that they are working to improve Argentina's fiscal and monetary policy—the very functions of an economic ministry and central bank.