# Exhibit A



## **CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate rendition into English of the original document entitled "Texto completo _ Argentina.gob," which was written in Spanish.

City of Buenos Aires, August 18, 2025.

THE TR COMPANY TRANSLATION SERVICES

_____

Cynthia Farber

Certified Translator

License recorded on Page 226:Book XV

Buenos Aires Translators' Association

CTPCBA No. 5402

Manuel Ugarte 2187 1º (C1428BSE) Buenos Aires, Argentina
(54.11) 4896 2693
info@thetrcompany.com - www.thetrcompany.com

NATIONAL EXECUTIVE

**September 2, 2024**

**"RIGHT OF ACCESS TO PUBLIC INFORMATION"**

**Decree No. 780/2024**

**DECTO-2024-780-APN-PTE - Regulation of Law No. 27,275. Amendment to Decree No. 206/2017.**

City of Buenos Aires, August 30, 2024

IN VIEW OF File No. EX-2024-89633385-APN-CGD#SGP, Law No. 27,275, as amended, Decree No. 206 of March 27, 2017, as amended, and PUBLIC INFORMATION ACCESS AGENCY Resolutions Nos. 76 of March 27, 2024, and 77 and 80, both of April 3, 2024; and

WHEREAS:

The right of access to public information is closely tied to the republican principle of transparency of government acts and is inferred from the very letter and spirit of the ARGENTINE CONSTITUTION.

It is a primary objective of the NATIONAL EXECUTIVE to guarantee the exercise of this right in order to strengthen the basic pillars of the republican system and bolster the trust placed by citizens in public institutions.

Law No. 27,275 on Access to Public Information, enacted in 2016, aims to guarantee the effective exercise of the right of access to public information, foster citizen participation, and ensure transparency in public administration.

In order to ensure the proper exercise of this right by citizens, Decree No. 206/2017 was issued following a public consultation in which civil society had the opportunity to weigh in on the need to regulate certain aspects of the law.

It is essential to regulate Article 3 of Law No. 27,275, as amended, in order to clarify the scope of the concept of "public information," which covers matters of public interest related to state activity and its oversight and excludes by its very nature information that is in the private sphere of the official or judge, especially where the request targets distinctly domestic aspects.

In this respect, requests for information not related to state activity fall outside the scope and protection of Law No. 27,275, as amended, and, therefore, do not create any obligation for the National Public Administration to provide such information.

Pursuant to Article 19 of Law No. 27,275, as amended, the PUBLIC INFORMATION ACCESS AGENCY—a decentralized body under the jurisdiction of the EXECUTIVE DEPUTY CHIEF OF STAFF reporting to the OFFICE OF THE CHIEF OF THE CABINET OF MINISTERS—is responsible for ensuring compliance with the principles and procedures set forth in that law,

guaranteeing the effective exercise of the right of access to public information, promoting proactive transparency measures, and serving as Enforcement Authority under Law No. 25,326 on Personal Data Protection, as amended.

Since the entry into force of Law No. 27,275, the PUBLIC INFORMATION ACCESS AGENCY has issued various resolutions with guidelines and procedures for the proper interpretation and implementation of the law and its Regulatory Decree.

In order to avoid regulatory fragmentation and dispersion, in Annex III to its Resolution No. 80/24, the AGENCY approved, among other matters, the "Revised Best Practice Guidelines and Indicators for the Application of Law No. 27,275."

SEVEN (7) years after the law entered into force, it is now necessary to introduce adjustments to its Regulation in light of the practical experience related to its implementation in order to facilitate citizens' access to public information.

Against this backdrop, it is appropriate to incorporate into the Regulation certain criteria established by the PUBLIC INFORMATION ACCESS AGENCY in Resolution No. 80/24 to ensure that individual rights are exercised in good faith and within a reasonable scope.

In this regard, it is necessary to adopt measures aimed at preventing the disclosure of information which, due to its specificity, could be used to identify a person's routines, movements, and location, as well as information related to ongoing complaints or investigations.

Furthermore, given the advances in information management technologies, it is advisable to allow the incorporation of digital mechanisms that improve the conditions of access to public information and ensure effective and transparent consultation.

It is necessary to adapt the existing technological platform so that it incorporates new technologies that enhance user friendliness, expand search capabilities in connection with disclosed information, and enable improved analysis of metrics concerning the functioning of the Public Information Transparency and Access System established by Resolution No. 76/24 of the PUBLIC INFORMATION ACCESS AGENCY.

As a component of the abovementioned system, said Resolution includes the National Transparency Portal, a technological platform intended to provide services that afford citizens effective access to public information and proactive transparency.

Through Resolution No. 77/24, the PUBLIC INFORMATION ACCESS AGENCY updated the criteria and standards for the publication of information in compliance with Article 32 of Law No. 27,275, as amended.

An efficient and effective system will enhance predictability in administration, promote accountability, and increase the availability of information concerning the implementation of anticorruption initiatives, among other matters.

The OFFICE OF THE ATTORNEY GENERAL has deemed it reasonable and advisable to incorporate the guidelines and considerations expressed in a potential regulation of Article 3 of Law No. 27,275 (Attorney General Opinions [*Dictámenes*], 330:86).

In light of the foregoing, it is necessary to regulate Articles 1, 3, 4, 8, 24, 31, and 32 of Law No. 27,275, as amended, and introduce the necessary adjustments.

The relevant legal advisory service has issued its opinion within its purview.

This measure is issued in the exercise of the powers granted by Article 99(2) of the ARGENTINE CONSTITUTION.

NOW, THEREFORE,

THE PRESIDENT OF THE ARGENTINE NATION

HEREBY DECREES AS FOLLOWS:

ARTICLE 1. The last paragraph of Article 1 of Law No. 27,275, as amended, is hereby regulated, and the following text shall be incorporated as Article 1 of Annex I to Decree No. 206 of March 27, 2017, as amended:

"ARTICLE 1. – Good Faith. Any violation of the principle of good faith by any of the parties involved shall constitute an abuse of rights pursuant to Article 10 of the CIVIL AND COMMERCIAL CODE OF ARGENTINA".

ARTICLE 2. Article 3 of Law No. 27,275, as amended, is hereby regulated, and the following text shall be incorporated as Article 3 of Annex I to Decree No. 206 of March 27, 2017, as amended:

"ARTICLE 3. Scope of Definitions.

a) Public Information. Information containing private data generated, obtained, transformed, controlled, or held by private legal entities or individuals, or information where there is no public interest at stake, and which is unrelated to the reporting parties specified in Article 7 of Law No. 27,275, as amended, shall not be deemed public information.

b) Document. The definition of "document" set forth in Law No. 27,275, as amended, shall be understood as referring to any record that has been generated, that is controlled or that is kept within the framework of government activity.

Preparatory deliberations and working papers, or the preliminary examination of a matter, shall not be considered public documents."

ARTICLE 3. Article 4 of Law No. 27,275, as amended, is hereby regulated, and the following text shall be incorporated as Article 4 of Annex I to Decree No. 206 of March 27, 2017, as amended:

"ARTICLE 4. Standing. Formal Requirements of a Request. When filing a request, a public or private legal entity or individual may only be required to provide the following:

a. In the case of an individual: Full name, identity document number, domicile, and email address;

b. In the case of a legal entity: Corporate name and taxpayer ID [*CUIT*] and identifying information of its representative in accordance with subsection a), in addition to a copy of the current certified power of attorney evincing their capacity as representative or duly authorized person for such purpose."

ARTICLE 4. Article 8 of Annex I to Decree No. 206 of March 27, 2017, as amended, shall be replaced by the following text:

"ARTICLE 8. Exceptions. For application purposes, the following shall be considered:

a) The classified, confidential, or secret nature of information for reasons of defense, foreign policy, or domestic security shall be established by regulations governing the exercise of the activity and a duly grounded resolution issued by the competent authorities, prior to the information request.

In the absence of a provision to the contrary, information categorized as classified, confidential, or secret shall retain such status for TEN (10) years from its production, after which the reporting party shall conduct a new analysis regarding the feasibility of declassifying the information for public release.

b) Banking and financial secrecy shall be specifically protected as provided for in Articles 39 and 40 of Law No. 21,526, as amended and supplemented, related laws, and any regulations that may amend or supersede it in the future.

c) The disclosure of information may be deemed to undermine competitiveness or harm the interests of a reporting party if it:

1. Is secret, meaning that it is not generally known to, nor readily accessible by, persons within the circles in which such information is normally used, in whole or in part;

2. Has commercial value because it is secret; and

3. Is the subject matter of reasonable measures to safeguard its secrecy.

d) Not regulated.

e) Information held by the FINANCIAL INTELLIGENCE UNIT exempted from the right of access to public information includes all information received, obtained, produced, related to, or used for the performance of its activities in connection with security, proceedings, oversight, analyses, and international affairs, as well as information received from the reporting parties listed in Article 20 of Law No. 25,246, as amended.

f) Not regulated.

g) Not regulated.

h) Not regulated.

i) The exception shall not apply where the data subject has consented to its disclosure or where the data is closely related to the duties of government officials.

j) The exception shall apply to any information:

1. Which, due to its specificity, could be used to identify a person's routines, movements, and location;

2. Whose public knowledge, dissemination, or disclosure could, directly or indirectly, cause harm or damage; or

3. Which is related to ongoing investigations or complaints which, if made public, could endanger complainants, witnesses, victims, or any other person involved.

k) Not regulated.

l) Not regulated.

m) Not regulated.

In court cases where serious violations of human rights, genocide, war crimes, or crimes against humanity are being investigated and prosecuted, the exceptions set forth in this article shall not apply, and the reporting party shall provide the requested information within the framework of the proceeding."

ARTICLE 5. Article 24 of Law No. 27,275, as amended, is hereby regulated, and the following text shall be incorporated as Article 24 of Annex I to Decree No. 206 of March 27, 2017, as amended:

"ARTICLE 24.- Powers and Functions of the PUBLIC INFORMATION ACCESS AGENCY.

a) Not regulated.

b) Not regulated.

c) Not regulated.

d) The technological platform shall include a registry that allows identifying the requesting party, the content of the request, and the response provided in order to streamline and facilitate responses to new requests whose content matches previously addressed requests.

e) Not regulated.

f) Not regulated.

g) Not regulated.

h) For statistical compilation purposes, the Agency shall take into account repetitive requests that generate unnecessary administrative workload for the reporting parties or constitute an abuse of the right of access to public information by the requesting parties.

i) Not regulated.

j) Not regulated.

k) Not regulated.

l) Not regulated.

m) Not Regulated.

n) Not regulated.

o) Not regulated.

p) Not regulated.

q) Not regulated.

r) Not regulated.

s) Not regulated.

t) Not regulated."

ARTICLE 6. Article 31 of Law No. 27,275, as amended, is hereby regulated, and the following text shall be incorporated as Article 31 of Annex I to Decree No. 206 of March 27, 2017, as amended:

"ARTICLE 31.- Functions of the Officials Responsible for Access to Public Information. The functions of the officials responsible for access to public information, within their respective purviews, shall include:

a) Classifying various requests according to their subject matter. In cases where similar requests exist, they may be grouped and forwarded to the relevant official for joint processing and the preparation of a unified response.

b) Where requests are submitted that match an already answered request filed by the same individual or manifestly violate the principle of good faith, regardless of the response provided by the reporting party, the PUBLIC INFORMATION ACCESS AGENCY shall additionally be notified so that it may adopt the measures it deems necessary to ensure the effective exercise of the right of access to public information under equal conditions for all persons entitled thereto.

c) Not regulated.

d) Not regulated.

e) Not regulated.

f) Not regulated.

g) Not regulated.

h) Not regulated.

i) Not regulated.

j) Not regulated.

k) Not regulated."

ARTICLE 7. The first paragraph of Article 32 of Law No. 27,275, as amended, is hereby regulated, and the following text shall be incorporated as Article 32 of Annex I to Decree No. 206 of March 27, 2017, as amended:

"ARTICLE 32.- Proactive Transparency. Where a request concerns information that is published on an official website, it shall be considered fulfilled by simply including a reference to that site. In the case of information that is subject to regular updates, in addition to referring to the portal, the reporting party shall specify that the information is subject to updates."

a) Not regulated.

b) Not regulated.

c) Not regulated.

d) Not regulated.

e) Not regulated.

f) Not regulated.

g) Not regulated.

h) Not regulated.

i) Not regulated.

j) Not regulated.

k) Not regulated.

l) Not regulated.

m) Not regulated.

n) Not regulated.

o) Not regulated.

p) Not regulated.

q) Not regulated.

r) Not regulated.

s) Not regulated.

t) Not regulated."

ARTICLE 8. This decree shall enter into effect on the date of its publication in the OFFICIAL GAZETTE

ARTICLE 9. These presents shall be notified, published, forwarded to the OFFICE OF THE FEDERAL REGISTER, and placed on file.

MILEI - Guillermo Francos

File entered on September 2, 2024, under No. 59587/24.

Recorded on September 2, 2024.

Elecciones legislativas 2025 | Este 26 de octubre votamos con Boleta Única Papel. Conocé más.

(/elecciones-2025?
utm_source=argentinaGobAr&utm_medium=web&utm_campaign=elecciones2025)

... /   Decreto Reglamentario 780/2024 (/normativa/nacional/decreto-780-2024-403572) /

PODER EJECUTIVO NACIONAL (P.E.N.)
**2024-09-02**

---

**"DERECHO DE ACCESO A LA INFORMACIÓN PÚBLICA"**

**Decreto 780/2024**

**DECTO-2024-780-APN-PTE - Reglamentación de la Ley N° 27.275. Modificación del Decreto N° 206/2017.**

Ciudad de Buenos Aires, 30/08/2024

VISTO el Expediente N° EX-2024-89633385-APN-CGD#SGP, la Ley N° 27.275 y su modificatorio, el Decreto N° 206 del 27 de marzo de 2017 y su modificatorio y las Resoluciones de la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA Nros. 76 del 27 de marzo de 2024 y 77 y 80, ambas del 3 de abril de 2024, y

CONSIDERANDO:

Que el derecho de acceso a la información pública se vincula estrechamente con el principio republicano de publicidad de los actos de gobierno y se infiere del propio texto y espíritu de la CONSTITUCIÓN NACIONAL.

Que constituye un objetivo primordial del PODER EJECUTIVO NACIONAL garantizar su ejercicio para fortalecer los pilares básicos del sistema republicano y la confianza de los ciudadanos en las instituciones.

Que la Ley N° 27.275 de "Acceso a la Información Pública", sancionada en el año 2016, tiene por objeto garantizar el efectivo ejercicio del derecho de acceso a la

información pública, promover la participación ciudadana y la transparencia de la gestión pública.

Que con el fin de asegurar el adecuado ejercicio de dicho derecho por parte de los ciudadanos, se dictó el Decreto N° 206/17 luego de la celebración de una consulta pública en la que se puso a consideración de la sociedad civil la necesidad de reglamentar algunos aspectos de la citada ley.

Que deviene imprescindible reglamentar el artículo 3° de la referida Ley N° 27.275 y su modificatoria para clarificar el alcance del concepto de "información pública", que comprende cuestiones de interés público ligadas a la actividad estatal y su control, y excluye por su propia naturaleza a la información que hace al ámbito privado del funcionario o magistrado, especialmente cuando la solicitud pretende ingresar a una esfera típicamente doméstica.

Que, en esa línea, las consultas sobre información que no estén ligadas a la gestión estatal exceden el objeto de la Ley N° 27.275 y su modificatoria y su tutela, y por tanto no generan obligación para la Administración Pública Nacional de suministrarla.

Que de acuerdo con lo establecido por el artículo 19 de la Ley N° 27.275 y su modificatoria, la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA, organismo descentralizado actuante en el ámbito de la VICEJEFATURA DE GABINETE EJECUTIVA de la JEFATURA DE GABINETE DE MINISTROS, debe velar por el cumplimiento de los principios y procedimientos establecidos en la referida ley, garantizar el efectivo ejercicio del derecho de acceso a la información pública, promover medidas de transparencia activa y actuar como Autoridad de Aplicación de la Ley de Protección de Datos Personales N° 25.326 y su modificatoria.

Que desde la entrada en vigencia de la mencionada Ley N° 27.275, la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA dictó diversas resoluciones mediante las cuales estableció criterios orientadores y procedimentales para la correcta interpretación e implementación de la normativa mencionada y de su Decreto Reglamentario.

Que a efectos de evitar la fragmentación y dispersión normativa, mediante la Resolución de la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA N° 80/24

fue aprobado, entre otros aspectos, en el Anexo III, el "Texto Ordenado de los Criterios Orientadores e Indicadores de Mejores Prácticas en la aplicación de la Ley N° 27.275".

Que habiendo transcurrido SIETE (7) años desde la entrada en vigencia de esa ley, se advierte la necesidad de realizar las adecuaciones correspondientes a la Reglamentación de acuerdo con la experiencia práctica de su implementación con el fin de facilitar el acceso a la información pública de los ciudadanos.

Que, en ese marco, corresponde incorporar a la referida Reglamentación ciertos criterios establecidos por la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA en la Resolución N° 80/24, para garantizar que los derechos subjetivos sean ejercidos conforme al principio de buena fe y en su ámbito de funcionamiento razonable.

Que, en tal sentido, se torna necesario adoptar medidas para evitar la divulgación de toda información que, por su especificidad, pueda ser utilizada para identificar rutinas, desplazamientos y ubicaciones de una persona, así como la relacionada con denuncias o investigaciones en curso.

Que asimismo, en virtud del avance de las tecnologías vinculadas a la gestión de la información, resulta oportuno posibilitar la incorporación de mecanismos digitales que mejoren las condiciones de acceso a la información pública y garanticen un acceso eficaz y transparente.

Que resulta menester adaptar la plataforma tecnológica existente con el fin de que esta incorpore nuevas tecnologías que faciliten la interacción de los usuarios, amplíen las capacidades de exploración sobre la información transparentada y permitan un mejor análisis de métricas sobre el funcionamiento del Sistema de Transparencia y Acceso a la Información Pública establecido en la Resolución de la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA N° 76/24.

Que la referida Resolución incorpora como un componente de dicho sistema el Portal Nacional de Transparencia, plataforma tecnológica destinada a brindar servicios a la ciudadanía para el acceso efectivo a la información pública y la transparencia activa.

Que a través de la Resolución de la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA N° 77/24 se actualizaron los criterios y pautas de estandarización y publicación de la información que dan cumplimiento a las previsiones del artículo 32 de la Ley N° 27.275 y su modificatoria.

Que un régimen eficiente y eficaz mejorará la previsibilidad en la gestión, la promoción de la rendición de cuentas y el incremento de la información relacionada con la implementación de iniciativas vinculadas con la lucha contra la corrupción, entre otras.

Que la PROCURACIÓN DEL TESORO DE LA NACIÓN estimó razonable y conveniente incorporar las directrices y consideraciones vertidas en una eventual reglamentación del artículo 3° de la Ley N° 27.275 (Dictámenes 330:86).

Que, en virtud de lo expuesto, deviene necesario reglamentar los artículos 1°, 3°, 4°, 8°, 24, 31 y 32 de la citada Ley N° 27.275 y su modificatoria y efectuar las adecuaciones correspondientes.

Que ha tomado la intervención de su competencia el servicio de asesoramiento jurídico pertinente.

Que la presente medida se dicta en uso de las atribuciones conferidas por el artículo 99, inciso 2 de la CONSTITUCIÓN NACIONAL.

Por ello,

EL PRESIDENTE DE LA NACIÓN ARGENTINA

DECRETA:

ARTÍCULO 1°.- Reglaméntase el último párrafo del artículo 1° de la Ley N° 27.275 y su modificatoria, e incorpórase como artículo 1° al Anexo I del Decreto N° 206 del 27 de marzo de 2017 y su modificatorio el siguiente texto:

"ARTÍCULO 1°.- "Buena fe: La violación al principio de buena fe por parte de todos los actores intervinientes configura el supuesto previsto en el artículo 10 del CÓDIGO CIVIL Y COMERCIAL DE LA NACIÓN".

ARTÍCULO 2°.- Reglaméntase el artículo 3° de la Ley N° 27.275 y su modificatoria, e incorpórase como artículo 3° al Anexo I del Decreto N° 206 del 27 de marzo de 2017 y su modificatorio el siguiente texto:

"ARTÍCULO 3°.- Alcance de las definiciones.

a) Información Pública: No se entenderá como información pública a aquella que contenga datos de naturaleza privada que fueran generados, obtenidos, transformados, controlados o custodiados por personas humanas o jurídicas privadas o por la ausencia de un interés público comprometido, ajenos a la gestión de los sujetos obligados enumerados en el artículo 7° de la Ley N° 27.275 y su modificatoria.

b) Documento: La definición de documento establecida en la Ley N° 27.275 y su modificatoria debe entenderse referida a todo registro que haya sido generado, que sea controlado o que sea custodiado en el marco de la actividad estatal.

Las deliberaciones preparatorias y papeles de trabajo, o el examen preliminar de un asunto, no serán considerados documentos de carácter público".

ARTÍCULO 3°.- Reglaméntase el artículo 4° de la Ley N° 27.275 y su modificatoria, e incorpórase como artículo 4° al Anexo I del Decreto N° 206 del 27 de marzo de 2017 y su modificatorio el siguiente texto:

"ARTÍCULO 4°.- Legitimación activa. Requisitos formales de la solicitud: a la persona humana o jurídica, pública o privada, al momento de efectuar una solicitud únicamente se le podrán solicitar los siguientes requisitos:

a. En caso de tratarse de una persona humana, su nombre y apellido, documento de identidad, domicilio y correo electrónico;

b. En caso de tratarse de una persona jurídica, la razón social y C.U.I.T. y la identificación de su representante en los términos del inciso a). Adicionalmente, copia del poder legalizado vigente que acredite su condición de representante o autorizado a tales efectos".

ARTÍCULO 4°.- Sustitúyese el artículo 8° del Anexo I del Decreto N° 206 del 27 de marzo de 2017 y su modificatorio, el que quedará redactado de la siguiente

manera:

"ARTÍCULO 8°.- Excepciones. A los efectos de su aplicación, se considerará:

a. El carácter reservado, confidencial o secreto de la información clasificada por razones de defensa, política exterior o seguridad interior debe ser dispuesto por normas que reglamenten el ejercicio de la actividad y por acto fundado de las respectivas autoridades competentes, de forma previa a la solicitud de información.

En caso de no existir previsión en contrario, la información clasificada como reservada, confidencial o secreta mantendrá ese estado durante DIEZ (10) años desde su producción, transcurridos los cuales, el sujeto obligado deberá formular un nuevo análisis respecto de la viabilidad de desclasificar la información con el fin de que alcance estado público.

b) Se encuentra específicamente protegido el secreto financiero contemplado en los artículos 39 y 40 de la Ley N° 21.526, sus modificaciones y normas complementarias y concordantes y toda aquella normativa que la modifique o reemplace.

c) Se entenderá como información cuya revelación pudiera perjudicar el nivel de competitividad o lesionar los intereses del sujeto obligado aquella que:

1. Sea secreta, en el sentido de que no fuera generalmente conocida ni fácilmente accesible para personas introducidas en los círculos en que normalmente se utiliza ese tipo de información, en todo o en las partes que la componen; y

2. Tenga un valor comercial por ser secreta; y

3. Sea objeto de medidas razonables para mantenerla secreta.

d) Sin reglamentar.

e) La información en poder de la UNIDAD DE INFORMACIÓN FINANCIERA exceptuada del acceso a la información pública comprende a toda aquella recibida, obtenida, producida, vinculada o utilizada para el desarrollo de sus

actividades en las áreas de seguridad, sumarios, supervisión, análisis y asuntos internacionales y la información recibida de los sujetos obligados enumerados en el artículo 20 de la Ley N° 25.246 y sus modificatorias.

f) Sin reglamentar.

g) Sin reglamentar.

h) Sin reglamentar.

i) La excepción será inaplicable cuando el titular del dato haya prestado consentimiento para su divulgación o cuando los datos estén estrechamente relacionados con las competencias de los funcionarios públicos.

j) La excepción será aplicable a toda información que:

1. Por su especificidad, pueda ser utilizada para identificar rutinas, desplazamientos y ubicaciones de una persona; o

2. Su conocimiento público, difusión o divulgación pueda, directa o indirectamente, causar daños y perjuicios; o

3. Se encuentre relacionada con denuncias o investigaciones en curso que, de hacerse pública, pueda poner en riesgo a denunciantes, testigos, víctimas o cualquier otra persona involucrada.

k) Sin reglamentar.

l) Sin reglamentar.

m) Sin reglamentar.

En las causas judiciales donde se investiguen y juzguen casos de graves violaciones a los derechos humanos, genocidio, crímenes de guerra o delitos de lesa humanidad no serán aplicables las excepciones contenidas en este artículo, debiendo el sujeto obligado suministrar la información requerida en el marco de la causa".

ARTÍCULO 5°.- Reglaméntase el artículo 24 de la Ley N° 27.275 y su modificatoria, e incorpórase como artículo 24 al Anexo I del Decreto N° 206 del 27 de marzo de 2017 y su modificatorio el siguiente texto:

"ARTÍCULO 24.- Competencias y funciones de la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA.

a) Sin reglamentar.

b) Sin reglamentar.

c) Sin reglamentar.

d) La plataforma tecnológica contendrá un registro que permita la identificación del solicitante, el contenido de la solicitud y la respuesta brindada con el fin de agilizar y facilitar la respuesta de nuevas solicitudes cuyo contenido coincida con el de otras evacuadas previamente.

e) Sin reglamentar.

f) Sin reglamentar.

g) Sin reglamentar.

h) La Agencia tendrá en consideración, a los efectos de la elaboración de estadísticas, aquellas solicitudes reiterativas que generen un dispendio innecesario de actividad administrativa por parte de los sujetos obligados, o que configuren un abuso en el ejercicio del derecho de acceso a la información pública por parte de los solicitantes.

i) Sin reglamentar.

j) Sin reglamentar.

k) Sin reglamentar.

l) Sin reglamentar.

m) Sin reglamentar.

n) Sin reglamentar.

o) Sin reglamentar.

p) Sin reglamentar.

q) Sin reglamentar.

r) Sin reglamentar.

s) Sin reglamentar.

t) Sin reglamentar".

ARTÍCULO 6°.- Reglaméntase el artículo 31 de la Ley N° 27.275 y su modificatoria, e incorpórase como artículo 31 al Anexo I del Decreto N° 206 del 27 de marzo de 2017 y su modificatorio el siguiente texto:

"ARTÍCULO 31.- Funciones de los responsables de acceso a la información pública. Las funciones de los responsables de acceso a la información pública, en el ámbito de sus respectivas jurisdicciones, comprenderán:

a) Clasificar los distintos pedidos en razón de su objeto. En aquellos casos en los cuales existan solicitudes similares podrán ser agrupadas y remitidas al funcionario pertinente para su tramitación conjunta y la elaboración de una respuesta unificada.

b) En caso de que se verifique el ingreso de solicitudes que reiteren un pedido ya contestado o un manifiesto apartamiento del principio de buena fe, por parte de una misma persona, independientemente de la respuesta que elabore el sujeto obligado, adicionalmente se informará a la AGENCIA DE ACCESO A LA INFORMACIÓN PÚBLICA para que adopte las medidas que estime necesarias con el fin de garantizar el efectivo ejercicio del derecho de acceso a la información pública en condiciones de igualdad a favor de todas las personas habilitadas a tal efecto.

c) Sin reglamentar.

d) Sin reglamentar.

e) Sin reglamentar.

f) Sin reglamentar.

g) Sin reglamentar.

h) Sin reglamentar.

i) Sin reglamentar.

j) Sin reglamentar.

k) Sin reglamentar".

ARTÍCULO 7°.- Reglaméntase el primer párrafo del artículo 32 de la Ley N° 27.275 y su modificatoria, e incorpórase como artículo 32 al Anexo I del Decreto N° 206 del 27 de marzo de 2017 y su modificatorio el siguiente texto:

"ARTÍCULO 32.- Transparencia activa. Cuando una solicitud versare sobre información que se encuentre publicada en una página oficial de la red informática, esta se tendrá por satisfecha con la sola remisión a esa página. En caso de tratarse de información de actualización periódica, además de remitir al portal, se deberá indicar que este se encuentra sujeto a actualizaciones".

a) Sin reglamentar.

b) Sin reglamentar.

c) Sin reglamentar.

d) Sin reglamentar.

e) Sin reglamentar.

f) Sin reglamentar.

g) Sin reglamentar.

h) Sin reglamentar.

i) Sin reglamentar.

j) Sin reglamentar.

k) Sin reglamentar.

l) Sin reglamentar.

m) Sin reglamentar.

n) Sin reglamentar.

o) Sin reglamentar.

p) Sin reglamentar.

q) Sin reglamentar.

r) Sin reglamentar.

s) Sin reglamentar.

t) Sin reglamentar".

ARTÍCULO 8°.- La presente medida entrará en vigencia a partir de la fecha de su publicación en el BOLETÍN OFICIAL.

ARTÍCULO 9°.- Comuníquese, publíquese, dese a la DIRECCIÓN NACIONAL DEL REGISTRO OFICIAL y archívese.

MILEI - Guillermo Francos

e. 02/09/2024 N° 59587/24 v. 02/09/2024

Volver