**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETERSEN ENERGÍA INVERSORA,   :
S.A.U. and PETERSEN ENERGÍA, S.A.U., :
                               :
       Plaintiffs,           :
                               :   Case No.:  1:15-CV-02739 (LAP)
       v.              :
                               :
ARGENTINE REPUBLIC and YPF S.A.,   :
                               :
       Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ETON PARK CAPITAL MANAGEMENT, :
L.P., ETON PARK MASTER FUND, LTD.,:
and ETON PARK FUND, L.P.,     :
                               :
       Plaintiffs,           :
                               :   Case No.:  1:16-CV-08569 (LAP)
       v.              :
                               :
ARGENTINE REPUBLIC and YPF S.A.,   :
                               :
       Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ARGENTINA'S MEMORANDUM OF LAW IN SUPPORT OF
### RULE 59(e) MOTION FOR RECONSIDERATION

Robert J. Giuffra, Jr.
Sergio J. Galvis
Amanda F. Davidoff
Thomas C. White
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
(212) 558-4000

August 26, 2025              *Counsel for the Argentine Republic*

Defendant the Argentine Republic respectfully files this motion pursuant to Federal Rule of Civil Procedure 59(e) seeking reconsideration of this Court's July 29, 2025 order requiring the Republic to collect and produce communications and documents from personal devices, personal email accounts, and personal messaging applications of certain senior current and former Republic officials. The Republic previously filed a pre-motion letter seeking reconsideration of this order pursuant to Local Civil Rule 6.3. (*See* Dkt. 767.)[1] In an abundance of caution, the Republic is now resubmitting the same request as a formal Rule 59(e) motion within the 28-day deadline for a motion for reconsideration, which expires today, August 26, Fed. R. Civ. P. 59(e), to avoid any doubt about tolling the 30-day deadline to appeal, which would otherwise expire on Thursday, August 28, Fed. R. App. P. 4(a)(1)(A).[2]

The Second Circuit "generally treat[s]" timely motions for reconsideration filed under Local Rule 6.3 "as having been made under Civil Rule 59(e) for the purpose of tolling the time to file a notice of appeal" under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv). *Malek* v. *Feigenbaum*, 116 F.4th 118, 128 n.9 (2d Cir. 2024) (alteration adopted and quotation marks omitted). At the same time, the Second Circuit has held that pre-motion letters, as generally required by this Court's practices,[3] are not sufficient to toll the deadline to appeal. *See Camacho*

---

[1]    Citations refer to the *Petersen* docket.

[2]    The Republic submits that the Court's July 29, 2025 order is a final decision treated as appealable as of right because it "(1) conclusively determines a disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment." *EM Ltd.* v. *Republic of Argentina*, 695 F.3d 201, 205-06 (2d Cir. 2012).

[3]    In filing a pre-motion letter, the Republic followed this Court's Individual Practice 2.A for "discovery motions." Under this Court's Individual Practices for motions other than discovery motions, however, a pre-motion letter is not required for "motions described in Federal Rule of Appellate Procedure 4(a)(4)(A)," including motions for reconsideration pursuant to Rule 59(e). *See* Fed. R. App. 4(a)(4)(A)(iv). In the circumstances here—where needed to avoid a dispute over

v. *City of Yonkers*, 236 F.3d 112, 115 (2d Cir. 2000).  The Republic therefore re-files its pre-motion letter in the form of this Rule 59(e) motion in order to avoid any dispute that the deadline to file a notice of appeal is tolled while the Court considers its request.  The motion argument below reproduces verbatim the Republic's previously filed pre-motion letter, to avoid burdening the Court with similar-but-not-identical filings.  (Dkt. 767.)[4]

**ARGUMENT**

Reconsideration is appropriate when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Twine* v. *Powers*, 2012 WL 3834082, at *1 (S.D.N.Y. Aug. 27, 2012) (Sweet, J.).  Here, the Court overlooked the threshold question, necessary for any discovery under the Federal Rules of Civil Procedure, of whether personal devices and accounts are within the Republic's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  The Court instead analyzed the discoverability of those items as solely "governed by the principles of international comity."  (July 29, 2025 Conf. Tr. 52:21-24.)  Respectfully, we believe that analysis was incomplete.  Although principles of international comity might foreclose discovery into devices and accounts that *otherwise qualify* as discoverable under the Federal Rules of Civil Procedure, the antecedent question is whether such materials are discoverable from the Republic in the first place.  They are not:  the Republic does not have possession, custody, or

---

tolling of the deadline to appeal—the Court should accept the Republic's discovery related motion for reconsideration before completion of the pre-motion letter process.

[4]    If plaintiffs respond to this motion by refiling a copy of their previous response letter and declaration (Dkts. 774, 775), the Republic likewise intends to file a reply brief mirroring its previously filed reply letter (Dkt. 777).  If plaintiffs supplement or otherwise amend their response, the Republic reserves the right to revise and supplement its reply.

control of officials' personal devices and accounts, which therefore are not subject to discovery from the Republic *under U.S. law*.

A party requesting documents "bears the burden of establishing" that the documents are within the producing party's "possession, custody, or control." *Alexander Interactive, Inc.* v. *Adorama, Inc.*, 2014 WL 61472, at *3 (S.D.N.Y. Jan. 6, 2014) (Francis, J.); *see* Fed. R. Civ. P. 34(a)(1). It is undisputed that the Republic lacks possession or custody of the personal, non-governmental devices and accounts of current and former Republic officials: the only question is whether it has "control." In the Second Circuit, control requires that "the party ha[s] the right, authority, or practical ability to obtain the documents at issue." *Alexander Interactive*, 2014 WL 61472, at *3.[5] "[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." *Shcherbakovskiy* v. *Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007).

Here, the question of control requires consideration of Argentine law—not as a matter of international comity, but because Argentine law governs the relationship between the Republic and its current and former officials. Whether the Republic has the "right, authority, or practical ability" to obtain its current and former officials' personal devices and accounts as a matter of U.S. law turns on Argentine law.

The Second Circuit has recognized this basic rule. In *Shcherbakovskiy*, the court vacated sanctions imposed against the chairman of the board of a Russian corporation for failing to produce the corporation's documents, holding that if "Russian law prevents his production of

---

[5]     The Second Circuit's standard, which extends to practical ability, departs from the standard in other courts of appeals, which focus solely on legal ability. *See, e.g., Mercy Catholic Med. Ctr.* v. *Thompson*, 380 F.3d 142, 160 (3d Cir. 2004) ("In the Rule 34 context, control is defined as the legal right to obtain required documents on demand.").

the documents, a finding of control cannot be sustained."  490 F.3d at 138-39.  Similarly, in *Owen* v. *Elastos Foundation*, the court held that a Singapore company could not be compelled to produce the personal emails of its China-based employee because plaintiffs did not meet their "burden" to establish "Singaporean or Chinese law as it bears on the 'control' question."  2023 WL 2537287, at *2-3 (S.D.N.Y. Mar. 16, 2023) (Moses, J.).  The court was "not willing to assume that [the non-U.S. employer] ha[d] the same 'practical ability' to coerce compliance from [the employee] that a U.S. corporation would have with respect to" documents in the possession of its employees.  *Id.* at *2.

Plaintiffs have not carried their burden to show that the Republic has the "right, authority, or practical ability" to access current Argentine government officials' personal devices and accounts—let alone the personal devices and accounts of former officials.  To the contrary, Argentine law makes clear that they "are the exclusive property of their owners," *i.e.*, individual government officials, not the government as employer.  (*See* Dkt. 660 ¶¶ 20, 23 (Ivanega Decl.).)  The Argentine Constitution (Articles 17-19) and its Supreme Court make such private property "inviolable" absent a judgment against an individual owner.  (*Id.* ¶¶ 21-22, 29; *see also* Decree No. 780/2024 (public information "excludes by its very nature information that is in the private sphere of the official").).[6]  Plaintiffs have made no showing that any Argentine employers, much less the Republic, have the practical ability to access their current and former employees' personal devices and accounts.  Tellingly, plaintiffs' expert cited only resolutions addressing requests for emails from *official* government accounts, not personal accounts.  (*See* Dkt. 677 at 3.)

---

[6]    The Argentine Criminal Code (Articles 153 and 153 bis), makes it a crime for an employee of the Republic to access personal devices and accounts, including of its officials, or to collect their content. (Dkt. 660 ¶¶ 31-32 & n.16 (Ivanega Decl.).)

To be clear, this threshold question of practical and legal *control* is distinct from the question of whether the Republic would be authorized to disclose such documents under Argentine law *if such documents came into its control*. (*See* Dkt. 658 at 7.) Principles of comity may govern a conflict between U.S. law requiring production and foreign law forbidding it. *See Societe Nationale Industrielle Aerospatiale* v. *U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). But as to the question of control, there is no conflict: U.S. law asks whether the Republic has legal or practical authority over the requested documents, a question that turns on Argentine law. The answer to that question here is no.

Because the Court did not resolve the critical antecedent question whether the Republic possesses practical, much less legal, control over its current and former officials' personal devices and accounts within the meaning of Rule 34, the Republic respectfully requests reconsideration of the Court's July 29, 2025 ruling.

## CONCLUSION

For the foregoing reasons, this Court should grant the Republic's motion for reconsideration under Rule 59(e).

Respectfully,

Dated:  August 26, 2025                    */s/ Robert J. Giuffra, Jr.*
                                           Robert J. Giuffra, Jr.
                                           Sergio J. Galvis
                                           Amanda F. Davidoff
                                           Thomas C. White
                                           Adam R. Brebner

                                           SULLIVAN & CROMWELL LLP
                                           125 Broad Street
                                           New York, New York  10004-2498
                                           Telephone:     (212) 558-4000
                                           Facsimile:     (212) 558-3588

                                           *Counsel for the Argentine Republic*

**CERTIFICATE OF COMPLIANCE WITH CIVIL LOCAL RULE 7.1(C)**

Pursuant to Local Rule 7.1(c), the undersigned certifies that this Memorandum contains 1,508 words, which complies with the word limitations set forth in Section 2.B of the Court's Individual Practices.

Dated:  August 26, 2025                                    SULLIVAN & CROMWELL LLP

                                                           */s/ Robert J. Giuffra, Jr.*
                                                           Robert J. Giuffra, Jr.

                                                           *Counsel for the Argentine Republic*