**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PETERSEN ENERGÍA INVERSORA, :
S.A.U. and PETERSEN ENERGÍA, S.A.U., :
   :
        Plaintiffs, :
   :
        v. : Case No.: 1:15-CV-02739 (LAP)
   :
ARGENTINE REPUBLIC and YPF S.A., :
   :
        Defendants. :
   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ETON PARK CAPITAL MANAGEMENT, :
L.P., ETON PARK MASTER FUND, LTD., :
and ETON PARK FUND, L.P., :
   :
        Plaintiffs, :
   : Case No.: 1:16-CV-08569 (LAP)
        v. :
   :
ARGENTINE REPUBLIC and YPF S.A., :
   :
        Defendants. :
   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ARGENTINA'S MEMORANDUM OF LAW IN SUPPORT OF**
**RULE 59(e) MOTION FOR RECONSIDERATION AND/OR CLARIFICATION**

                                      Robert J. Giuffra, Jr.
                                      Sergio J. Galvis
                                      Amanda F. Davidoff
                                      Thomas C. White
                                      Adam R. Brebner
                                      SULLIVAN & CROMWELL LLP
                                      125 Broad Street
                                      New York, New York  10004-2498
                                      (212) 558-4000

August 26, 2025                          *Counsel for the Argentine Republic*

Defendant the Argentine Republic respectfully files this motion pursuant to Federal Rule of Civil Procedure 59(e) seeking reconsideration and/or clarification of this Court's July 29, 2025 order regarding the extent to which the Republic can continue to oppose plaintiffs' demands for certain classes of post-judgment discovery if it can make a non-conclusory showing that such discovery "could not possibly lead to executable assets." *Republic of Argentina* v. *NML Capital Ltd.*, 573 U.S. 134, 144-145 (2014). The Republic previously filed a pre-motion letter seeking reconsideration and/or clarification of this order pursuant to Local Civil Rule 6.3. (*See* Dkt. 768.)[1] In an abundance of caution, the Republic is now resubmitting the same request as a formal Rule 59(e) motion within the 28-day deadline for a motion for reconsideration, which expires today, August 26, Fed. R. Civ. P. 59(e), to avoid any doubt about tolling the 30-day deadline to appeal, which would otherwise expire on Thursday, August 28, Fed. R. App. P. 4(a)(1)(A).[2]

The Second Circuit "generally treat[s]" timely motions for reconsideration filed under Local Rule 6.3 "as having been made under Civil Rule 59(e) for the purpose of tolling the time to file a notice of appeal" under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv). *Malek* v. *Feigenbaum*, 116 F.4th 118, 128 n.9 (2d Cir. 2024) (alteration adopted and quotation marks omitted). At the same time, the Second Circuit has held that pre-motion letters, as generally required by this Court's practices,[3] are not sufficient to toll the deadline to appeal. *See Camacho*

---

[1]   Citations refer to the *Petersen* docket.

[2]   The Republic submits that the Court's July 29, 2025 order is a final decision treated as appealable as of right because it "(1) conclusively determines a disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment." *EM Ltd.* v. *Republic of Argentina*, 695 F.3d 201, 205-06 (2d Cir. 2012).

[3]   In filing a pre-motion letter, the Republic followed this Court's Individual Practice 2.A for "discovery motions." Under this Court's Individual Practices for motions other than discovery motions, however, a pre-motion letter is not required for "motions described in Federal Rule of Appellate Procedure 4(a)(4)(A)," including motions for reconsideration pursuant to Rule 59(e). *See* Fed. R. App. 4(a)(4)(A)(iv). In the circumstances here—where needed to avoid a dispute over

v. *City of Yonkers*, 236 F.3d 112, 115 (2d Cir. 2000). The Republic therefore re-files its pre-motion letter in the form of this Rule 59(e) motion in order to avoid any dispute that the deadline to file a notice of appeal is tolled while the Court considers its request. The motion argument below reproduces verbatim the Republic's previously filed pre-motion letter, to avoid burdening the Court with similar-but-not-identical filings. (Dkt. 768.)[4]

## ARGUMENT

Plaintiffs have requested extensive information—both within Argentina and worldwide—about the Republic's financial accounts, debts, commercial transactions, movable assets, letters of credit, and escrow accounts. (Dkt. 763 at 13.) The Republic has objected that certain of plaintiffs' demanded discovery is irrelevant and disproportionate under Rule 26(b)(1) because the targeted assets could never be subject to execution. *See NML*, 573 U.S. at 144-145. The Court overruled these objections in four orders:

- On May 28, 2024, the Court ordered identification of certain financial accounts used for "military, diplomatic, and consular" purposes (Dkt. 568 at 3) over the Republic's objection that these accounts could "never . . . be subject to execution" and thus were irrelevant. (May 28 Tr. 15:25-16:1.)

- On January 14, 2025, the Court ordered the Republic to produce other account information "even if those accounts ultimately may be immune from execution," stating that "[t]he

---

tolling of the deadline to appeal—the Court should accept the Republic's discovery related motion for reconsideration before completion of the pre-motion letter process.

[4] If plaintiffs respond to this motion by refiling a copy of their previous response letter and declaration (Dkt. 776), the Republic likewise intends to file a reply brief mirroring its previously filed reply letter (Dkt. 778). If plaintiffs supplement or otherwise amend their response, the Republic reserves the right to revise and supplement its reply.

Republic does not get to just assert that such information 'could not possibly lead to executable assets.'" (Dkt. 703 at 3.)

- On July 15, 2025, the Court "overruled" all "objections [that] were made on the basis that the responses could not lead to the identification of executable assets." (July 15 Tr. 7:12-15; *id.* 7:15-17 ("[D]escribe the assets, and then we'll have a fight over whether or not they're executable.").)

- On July 29, 2025, the Court instructed that "[w]e will identify an asset and then determine if it may be executed upon" (July 29 Tr. 54:18-21), and stated that "we also can't just say in a conclusory fashion this will not lead to executable assets." (*Id.* 19:6-8.)

**I.     The Court Should Clarify That the Republic May Continue to Object to Specific Categories of Discovery That Are Irrelevant to Execution.**

The Republic seeks clarification with respect to the extent that it may continue to raise relevancy objections in response to demands for discovery that "could not possibly lead to executable assets." *NML*, 573 U.S. at 144-145; *see id.* at 145 n.4 ("the rules limit discovery to matters relevant to execution"). Clarification is "within [the Court's] discretion," *Humphreys* v. *N.Y.C. Health & Hosps. Corp.*, 2024 WL 4711100, at *3 (S.D.N.Y. Nov. 7, 2024) (Broderick, J.), and here, it will "add certainty to [the Republic's] efforts to comply with" the Court's orders and streamline future disputes. *Id.*

The Republic's ability to resist plaintiffs' harassing demands for certain categories of discovery based on legal and/or factual showings that the discovery "could not possibly lead to executable assets" is critical to ongoing discovery negotiations. Plaintiffs have characterized this Court's decisions as adopting a blanket rule—contrary to *NML*—foreclosing *any* consideration whatsoever of executability at the discovery stage. (*See* July 29 Tr. 13:23-24 ("Mr. Levine: [Y]ou ordered them to stop using executability in January and we're still talking about it.").) Plaintiffs

-3-

accordingly continue to insist, for example, that they are entitled to discovery regarding corporate tax debts (with $1 million threshold (*id.* 13:6-7)) owed by Argentine companies to the Republic. As the Republic has shown, there is no mechanism for plaintiffs to execute upon such debts. (Dkt. 700 at 2.)[5] The parties cannot negotiate the parameters of discovery until the Court clarifies its executability ruling.

## II.    In the Alternative, Reconsideration Is Warranted.

Should the Court determine that clarification is unwarranted, or clarify that it has adopted a categorical rule barring any consideration of executability in post-judgment discovery disputes, the Republic seeks reconsideration. Reconsideration is appropriate when "the moving party can point to controlling decisions or data that the court overlooked." *Twine* v. *Powers*, 2012 WL 3834082, at *1 (S.D.N.Y. Aug. 27, 2012) (Sweet, J.). Here, the Court would have overlooked *NML*'s instruction that executability is a limit on post-judgment discovery insofar as "information that could not possibly lead to executable *assets is simply not 'relevant' to execution in the first place*." *NML*, 573 U.S. at 144-145 (emphasis added); *see Underwood* v. *Coinbase Glob., Inc.*, 2025 WL 1984293, at *2 (S.D.N.Y. July 17, 2025) (Engelmayer, J.) (party seeking discovery bears "burden of demonstrating its relevance"). The *NML* court thus observed—seemingly approvingly—that the district court had limited discovery to "discovery . . . reasonably calculated to lead to attachable property." 573 U.S. at 138. Specifically, the district court had concluded that there "was no point" in "getting information about something that might lead to attachment in Argentina because . . . no Argentinian court would allow attachment." *Id.*

---

[5]    The sole mechanism for enforcing a foreign monetary judgment in Argentina is (1) to obtain recognition of the final judgment by a local court, (2) after which the judgment will be included in the national budget. (Rigo Decl. (Dkt. 503-1) ¶¶ 7-8; Santiago Decl. (Dkt. 580) ¶¶ 25-32.) A local court will then instruct payment and, if needed, enforce the judgment directly. (Santiago Decl. ¶¶ 29-32.)

After *NML*, courts have consistently rejected the position that "post-judgment discovery is completely untethered from the concepts of attachability or executability." *Gujarat State Petroleum Corp.* v. *Republic of Yemen*, 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022) (Abrams, J.); *see also Stati* v. *Republic of Kazakhstan*, 2024 WL 3442663, at *5 (S.D.N.Y. July 17, 2024) (Engelmayer, J.) ("[P]etitioners may not . . . seek clearly irrelevant discovery . . . ."). The Republic should be permitted to provide non-conclusory evidence that plaintiffs seek particular categories of discovery that "could not possibly lead to executable assets."

## CONCLUSION

For the foregoing reasons, this Court should grant the Republic's motion for reconsideration and/or clarification under Rule 59(e).

Respectfully,

Dated: August 26, 2025

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sergio J. Galvis
Amanda F. Davidoff
Thomas C. White
Adam R. Brebner

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:   (212) 558-4000
Facsimile:    (212) 558-3588

*Counsel for the Argentine Republic*

## CERTIFICATE OF COMPLIANCE WITH CIVIL LOCAL RULE 7.1(C)

Pursuant to Local Rule 7.1(c), the undersigned certifies that this Memorandum contains 1,446 words, which complies with the word limitations set forth in Section 2.B of the Court's Individual Practices.

Dated:  August 26, 2025                                   SULLIVAN & CROMWELL LLP

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

*Counsel for the Argentine Republic*