```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U. ET AL.,<br><br>                    Plaintiff,<br><br>-against-<br><br>ARGENTINE REPUBLIC ET AL.,<br><br>                    Defendants. | No. 15 Civ. 02739 (LAP)<br><br>ORDER |
| ETON PARK CAPITAL MANAGEMENT L.P. ET AL.,<br><br>                    Plaintiff,<br><br>-against-<br><br>ARGENTINE REPUBLIC ET AL.,<br><br>                    Defendants. | No. 16 Civ. 08569 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:[1]

The Court is in receipt of Defendant the Argentine Republic's ("Defendant" or "the Republic" or "Argentina") request for a pre-motion conference regarding Defendant's anticipated motion seeking clarification or, in the alternative, reconsideration, regarding whether Defendant can make a non-conclusory objection to categories of discovery that "could not possibly lead to executable assets," Republic of Argentina v. NML Cap. Ltd., 573 U.S. 134, 144

---

[1] References to the docket refer to the lead case, Petersen Energia Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ. 02739.

(2014), (dkt. no. 768).[2]  Plaintiffs Petersen Energia Inversora et al. and Eton Park Capital Management L.P. et al. oppose the request, (dkt. no. 776).  Defendant replied, (dkt. no. 778).

The Court treats Defendant's letters as motions for clarification and reconsideration (the "Motions") and Plaintiffs' response as an opposition.[3]  For the reasons set forth below, the Motions are DENIED.

I. **Discussion**

   a. **Motion for Clarification**

Clarification is "within [the Court's] discretion." Humphreys v. N.Y.C. Health & Hosps. Corp., No. 16 Civ. 9707 (VSB),

---

[2] The Court has addressed this question at four prior conferences: (1) On May 28, 2024, the Court ordered identification of certain financial accounts used for "military, diplomatic, and consular" purposes over the Republic's objection that these accounts could "never . . . be subject to execution" and thus were irrelevant. (May 28, 2024 Tr. 25:4-6 [dkt. no. 592]; id. at 15:25-16:1.)  (2) On January 14, 2025, the Court ordered the Republic to produce other account information "even if those accounts ultimately may be immune from execution," stating that "[t]he Republic does not get to just assert that such information 'could not possibly lead to executable assets.'" (Dkt. no. 703 at 3 (citations omitted).) (3) On July 15, 2025, the Court "overruled" all "objections [that] were made on the basis that the responses could not lead to the identification of executable assets." (July 15, 2025 Tr. 7:12-15 [dkt. no. 758]; id. 7:15-17 ("[D]escribe the assets, and then we'll have a fight over whether or not they're executable.").) (4) On July 29, 2025, the Court instructed that "[w]e will identify an asset and then determine if it may be executed upon," (July 29, 2025 Tr. 54:18-21 [dkt. no. 772]), and stated that "we also can't just say in a conclusory fashion this will not lead to executable assets," (id. 19:6-7).

[3] The Court is also in receipt of Defendant's recently filed motion, (dkt. nos. 783-84).

2024 WL 4711100, at *3 (S.D.N.Y. Nov. 7, 2024). "Clarifications of orders previously issued . . . add certainty to an implicated party's efforts to comply with the order." N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 858 (2d Cir. 1984).

The facts underlying Republic of Argentina v. NML Capital, Ltd. are that the district court directed the parties to narrow a subpoena - recognizing that information on assets in Argentina would not lead to attachable assets "since no Argentinian court would allow attachment" – but permitted discovery of Argentina's extraterritorial assets, which was the basis of Argentina's appeal. 573 U.S. at 138. The Supreme Court held that the FSIA does not immunize a foreign-sovereign judgment debtor from post-judgment discovery of information concerning extraterritorial assets. Id. at 144-45.[4]

Here, Plaintiffs request information regarding assets in Argentina as well as extraterritorial assets. While such discovery should generally be tethered to the ideas of attachability or executability, in the phase of discovery that the parties are

---

[4] Notably, the Supreme Court does not address every question relevant to the case at hand. NML Cap., 573 U.S. at 139. ("What if the assets targeted by the discovery request are beyond the jurisdictional reach of the court to which the request is made? May the court nonetheless permit discovery so long as the judgment creditor shows that the assets are recoverable under the laws of the jurisdictions in which they reside, whether that be Florida or France? We need not take up those issues today, since Argentina has not put them in contention.").

3

currently engaging, Plaintiffs "do[] not yet know what property Argentina has and where it is, let alone whether it is executable under the relevant jurisdiction's laws." NML Cap., 573 U.S. at 144; see also Gujarat State Petroleum Corp. v. Republic of Yemen, No. 19 MC 0547 (RA), 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022). Thus, Plaintiffs are not seeking "information that could not possibly lead to executable assets" but rather are gathering information as to what assets exist so that Plaintiffs "can identify where Argentina may be holding property that is subject to execution." NML Cap., 573 U.S. at 144-45 (internal quotation marks omitted). "Could not possibly lead" is a high standard, and categorical objections without understanding what assets even exist, even those within Argentina, do not satisfy that standard. Id. Information about potentially immune assets may well lead to the identification of non-immune assets, and with an unpaid judgment of approximately $16 billion, asserting executability as an objection on a categorical basis is not sufficient. See Stati v. Republic of Kazakhstan, No. 19 MISC. 382 (PAE), 2024 WL 3442663, at *5 (S.D.N.Y. July 17, 2024), appeal withdrawn, No. 24-2198, 2025 WL 513037 (2d Cir. Jan. 27, 2025). Accordingly, at this phase of discovery, the Court has held that the Republic may not categorically raise the "executability" argument. The Republic's ipse dixit is insufficient. Rather, the process will be to

4

"identify an asset and then determine if it may be executed upon." (July 29, 2025 Tr. 54:18-21 [dkt. no. 772].)

It is at the second phase of discovery, once an asset has been identified, where the Republic is permitted to provide non-conclusory evidence that Plaintiffs seek discovery of a <u>particular asset</u> that "could not possibly lead to executable assets." <u>NML Cap.</u>, 573 U.S. at 144-45 ("[T]hat request is bound to turn up information about property that Argentina regards as immune. But [Plaintiffs] may think the same property not immune. In which case, Argentina's self-serving legal assertion will not automatically prevail; the District Court will have to settle the matter.").

Notably, the Republic may, at any time, continue to raise proportionality and/or burden objections to the requested discovery.

Accordingly, the Republic's motion for clarification is DENIED.

### b. Motion for Reconsideration

The Republic requests that if the Court determines that clarification is unwarranted or clarifies that it has adopted a categorical rule barring any consideration of executability in post-judgment discovery disputes, then the Republic seeks reconsideration.

The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).

In this jurisdiction, motions to reconsider are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010) (citation omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotations and citations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." In re Eur. Gov't Bonds Antitrust Litig., No. 19 Civ. 2601 (VM), 2022 WL 2168358, at *3 (S.D.N.Y. June 16, 2022) (quoting Shrader, 70 F.3d at 257).

Because the Court already considered the Supreme Court's decision in Republic of Argentina v. NML Capital, Ltd., and the Republic's arguments are just an attempt at "a second bite of the apple," the Republic's motion for reconsideration is DENIED. Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (stating that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (quotations and citation omitted)).

## II. Conclusion

For the reasons set forth above, the Motions are DENIED. The Clerk of the Court is directed to close dkt. nos. 768 and 783 on the No. 15 Civ. 02739 docket and dkt. nos. 684 and 697 on the No. 16 Civ. 08569 docket.

**SO ORDERED.**

Dated:    September 2, 2025
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge