## Juan Manuel Ducler – Motion to Intervene (Limited) and Non-Party Motion to Unseal

Date: 2025-09-01

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF NEW YORK

Case: Petersen Energía Inversora, S.A.U. and Petersen Energía, S.A.U.,

Plaintiffs,

v.

The Argentine Republic and YPF S.A.,

Defendants.

Case No. 1:15-cv-02739 (LAP)

### NOTICE OF MOTION

PLEASE TAKE NOTICE that non-party Juan Manuel Ducler moves (i) to intervene for the limited purpose of seeking access to certain judicial documents and/or modification of any protective order to permit cross-use in identified foreign/international proceedings; and (ii) for an order unsealing specific docket entries and exhibits, or alternatively requiring minimal redactions.

### MOTION TO INTERVENE (Fed. R. Civ. P. 24)

Intervention is warranted under Rule 24(b) (permissive) because the motion raises questions of law and fact in common with the main action and will not unduly delay or prejudice the adjudication of the rights of the original parties.

The relief sought is strictly limited to access and protective-order modification to allow use of materials in proceedings before the CIDH and in Argentina.

### NON-PARTY MOTION TO UNSEAL / MODIFY PROTECTIVE ORDER

Under the Second Circuit's decision in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), judicial documents carry a strong presumption of public access under both the common law and the First Amendment. Where documents have been submitted to the court and are relevant to the exercise of judicial power, sealing must be narrowly tailored and supported by specific findings.

Movant seeks access to Movant seeks access to all sealed docket entries and exhibits in this action that relate to:

(i) the 2008 and 2011 Petersen/YPF financing agreements, including credit facilities, collateral agreements, and related correspondence;

(ii) ADR custody and depositary arrangements involving The Bank of New York Mellon or any other custodian of YPF American Depositary Shares;

(iii) assignments, transfers, participations, or monetization of Petersen's claims, including agreements with Burford Capital, CH Global, or any other funders or assignees;

(iv) valuation reports, investor presentations, or internal analyses regarding the Petersen claims or related litigation;

(v) compliance, KYC/AML records, and regulatory filings lodged with or referenced in this Court;

(vi) internal communications among counsel, parties, funders, banks, or custodians submitted under seal in this docket; and

(vii) any other sealed materials directly or indirectly bearing on the ownership, financing, valuation, transfer, or monetization of Petersen's claims against Argentina and YPF.

Movant respectfully requests that such materials be unsealed or, at a minimum, produced subject to narrowly tailored redactions, and that any protective order be modified to permit their cross-use in proceedings before the Inter-American Commission on Human Rights, in Argentina, and in related discovery proceedings under 28 U.S.C. § 1782. for the limited purpose of cross-use in foreign/international proceedings, subject to reasonable redactions to protect trade secrets or confidential personal data.

**REQUESTED RELIEF**

1) Grant intervention for the limited purpose stated;

2) Unseal the identified judicial documents or, alternatively, order minimal redactions;

3) Modify any protective order to permit cross-use of materials in CIDH/Argentina/§1782 proceedings;

4) Enter any further relief deemed just and proper.

## PROPOSED ORDER

[PROPOSED] The Motion to Intervene is GRANTED; the Non-Party Motion to Unseal is GRANTED IN PART; the protective order is modified to permit cross-use of materials identified in Appendix A, subject to redactions as specified by the Court.

Dated: 2025-09-01

Respectfully submitted,

_____

Juan Manuel Ducler (Pro Se)

CP 5565 Mendoza, Argentina

jmducler@gmail.com

Phone: +5492622431978