KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

September 9, 2025

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *Petersen Energía Inversora, S.A.U. et al. v. Argentine Republic et al.*,
>        No. 15-cv-02739

Dear Judge Preska:

Plaintiffs oppose *pro se* nonparty Juan Manuel Ducler's motion to intervene and unseal documents.[1] Dkt. 790. Mr. Ducler has unleashed a flurry of *pro se* filings over the past two weeks, including this motion and a separate Section 1782 application assigned to Judge Broderick.[2] As to this motion, Mr. Ducler seeks only public documents that are readily available to him. The Court should deny his motion on that basis alone. In addition, Mr. Ducler fails to establish that permissive intervention is warranted, and he fails to justify modification of the Court's protective order. Finally, the Court should admonish Mr. Ducler and issue an order permitting Plaintiffs to seek sanctions if he continues to submit frivolous court filings.

---

[1] Without seeking leave of court, Mr. Ducler emailed a supplemental brief and other materials to Plaintiffs in support of his pre-motion conference letter, stating he had submitted those materials to the Court. *See* Ex. A (Sept. 5, 2025). Plaintiffs address those materials, which are attached, even though they have not yet been docketed.

[2] *See In re Ducler*, No. 25-mc-00377 (S.D.N.Y. Sept. 1, 2025).

Kᴇʟʟᴏɢɢ, Hᴀɴꜱᴇɴ, Tᴏᴅᴅ, Fɪɢᴇʟ & Fʀᴇᴅᴇʀɪᴄᴋ, ᴘ.ʟ.ʟ.ᴄ.

Hon. Loretta A. Preska
September 9, 2025
Page 2

### A.    Mr. Ducler Seeks Only Public Documents

The Court need not unseal anything — every ECF entry Mr. Ducler identifies is already public.  *See* Ex. A at 4-5 (citing public ECF docket entries).  In addition to specified ECF entries, Mr. Ducler seeks "all sealed/redacted versions of documents cited in dispositive briefing, opinions, or orders *related to* th[os]e [public] materials."  *See id.* at 5 (emphasis added); *see also* Dkt. 790 at 1-2 (similar)*.*  As a general matter, documents "relating to" the ECF entries Mr. Ducler identified by number are also already public.  Mr. Ducler has not identified any sealed information reached by this catchall request.  Moreover, a vague request to unseal unspecified swaths of documents is improper:  whether to unseal documents requires "individualized review" of the documents in question.  *See New York ex rel. Khurana v. Spherion Corp.*, 2019 WL 3294170, at *1-2 (S.D.N.Y. July 19, 2019) (internal quotation marks omitted).  Notwithstanding Mr. Ducler's *pro se* status, it cannot be up to Plaintiffs (or the Court) to guess which sealed materials Mr. Ducler seeks in this voluminous record, when he has given every indication that he seeks only public materials.[3]

### B.    Mr. Ducler Has Not Satisfied the Requirements for Permissive Intervention

If there were anything to unseal — and there is not — Mr. Ducler fails to satisfy the standard for permissive intervention.  Mr. Ducler must show he "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In addition, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  *Grewal v. Cueno*, 2014 WL 2095166, at *3 (S.D.N.Y. May 20, 2014).  "Post-judgment intervention is generally disfavored because it usually creates delay and prejudice to the existing parties."  *TD Ameritrade, Inc. v. Kelley*, 2021 WL 918621, at *4 (S.D.N.Y. Mar. 10, 2021).

Mr. Ducler writes only that he wishes to use materials from this case in unidentified proceedings before the "Inter-American Commission on Human Rights" and in "foreign/international proceedings."  *See* Dkt. 790 at 2.  However,

---

[3] Because he seeks access to public materials, Mr. Ducler's case citations regarding access to judicial records are inapposite.  *See* Ex. A at 3.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
September 9, 2025
Page 3

Mr. Ducler has not identified any proceedings specifically or explained how those proceedings might relate to this one. Nor has Mr. Ducler explained how he has any "interest in the property at issue in the Judgment." *TD Ameritrade, Inc.*, 2021 WL 918621, at *4 (denying motion for permissive intervention in post-judgment proceedings). Mr. Ducler has failed to put forward any information that could justify permissive intervention. *See AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (affirming denial of nonparty's motion to intervene where nonparty "largely ignored" need to make arguments that would justify permissive intervention); *Grewal v. Cueno*, 2014 WL 2095166, at *3 (S.D.N.Y. May 20, 2014) (denying *pro se* nonparty's motion for permissive intervention where there was a "lack of connection" between nonparty's claims and action).

### C.    Mr. Ducler Has Not Shown Cause To Modify the Protective Order

Mr. Ducler has also failed to justify modifying the protective order. The Second Circuit recognizes a "strong presumption against the modification of a protective order." *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011). "Once a court enters a protective order and the parties rely on that order, it cannot be modified absent a showing of the improvidence in the grant of the order or some extraordinary circumstance or compelling need." *AT&T Corp.*, 407 F.3d at 562 (internal quotation marks omitted).

Here, Mr. Ducler has not demonstrated that any modification of the protective order is warranted. Plaintiffs have relied on the protective order repeatedly to protect confidential business information. *See* Dkts. 263, 266. Mr. Ducler has not demonstrated that any part of the Court's protective order was "improvidently granted"; nor has he established some "extraordinary circumstance" or "compelling need" to modify to protective order. *AT&T Corp*, 407 F.3d at 562. To the contrary, the documents he identifies are public, accessible without modifying the protective order.

### D.    Mr. Ducler's Motion Is Frivolous

A motion seeking to unseal public documents is manifestly frivolous. Plaintiffs nonetheless have had to expend resources drafting this opposition in response to Mr. Ducler's flurry of filings in this case. Given the emerging pattern of

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
September 9, 2025
Page 4

conduct from Mr. Ducler, Plaintiffs respectfully request that the Court admonish Mr. Ducler and issue an order that would permit Plaintiffs to seek sanctions if he continues to submit frivolous court filings. *See Continental Ins. Co. v. Atlantic Cas. Ins. Co.*, 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008) (observing that "[t]o impose sanctions on a nonparty . . . the violation of a court order" is generally required).

For the above reasons, Mr. Ducler's motion should be denied.

Respectfully submitted,

*/s/ Andrew E. Goldsmith*
Andrew E. Goldsmith

*Counsel for Plaintiffs*