# Exhibit A

| | |
|---|---|
| **From:** | JM D <jmducler@gmail.com> |
| **Sent:** | Friday, September 5, 2025 5:16 PM |
| **To:** | Ho, Derek T.; Hansen, Mark C.; Kellogg, Michael K.; Goldsmith, Andrew E.; cboccuzzi@cgsh.com; jblackman@cgsh.com; mpgoodman@debevoise.com; mkmonaghan@debevoise.com |
| **Subject:** | [EXTERNAL] Service – Ducler Pro Se Filings re Rule 2.A & Limited Intervention (1:25-cv-07018 (LAP)) |
| **Attachments:** | SDNY DUCLER Proposed Order.pdf; SDNY DUCLER Supplemental Memo.pdf; SDNY DUCLER Request for Pre Motion Conference.pdf; SDNY DUCLER Response Letter.pdf; SDNY DUCLER Certificate of Service.pdf; SDYN DUCLER Consent to Electronic Service.pdf |

Counsel,

Please find attached copies of my pro se filings served today in
Petersen Energía Inversora, S.A.U., et al. v. The Argentine Republic & YPF S.A.,
No. 1:25-cv-07018 (LAP) — S.D.N.Y.

Relief summarized:
• Rule 2.A pre-motion conference re limited intervention.
• Public access/unsealing, or, if necessary, narrowly tailored redactions.
• Remote appearance request (phone/video), as I am located in Mendoza, Argentina (ART = UTC−3).
• Consent to electronic service.

Attachments (PDF):
• Request for Pre-Motion Conference (Rule 2.A)
• Response Letter re Dkt. 791
• Supplemental Memorandum (public access / unsealing)
• Proposed Order
• Certificate of Service
• Consent to Electronic Service

The same materials have been submitted to the Court's Pro Se Intake for docketing.
This limited access relief imposes no prejudice on the parties; any bona fide confidentiality is protected by narrow redactions.

Thank you.

Juan Manuel Ducler

/s/ Juan Manuel Ducler

1

Ex. A p. 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Petersen Energía Inversora, S.A.U., et al. v. The Argentine Republic, et al. — No. 15-cv-02739

Supplemental Submission in Support of Limited Intervention and Motion to Unseal

September 05, 2025

**Preliminary Statement**

Movant seeks limited intervention to vindicate the strong presumption of public access and to unseal specific judicial filings. The request is narrow and does not seek to affect the merits, discovery, or the appellate posture of this case. Any legitimate confidentiality can be addressed through narrowly tailored redactions.

**Background**

On September 1, 2025, Movant filed a pro se motion to intervene for the limited purpose of unsealing (Dkt. 790). The ECF docket reflects entry and distribution on September 4, 2025. Plaintiffs filed a letter on September 4, 2025 (Dkt. 791). Movant now submits this Supplemental Submission, together with Exhibit A listing the targeted docket entries sought to be unsealed.

**Legal Standard**

This limited access relief imposes no prejudice on the parties; any bona fide confidentiality is protected by narrow redactions.

1

Common-Law Right of Access: Judicial documents that are relevant to the performance of the judicial function and useful in the judicial process carry a strong presumption of public access. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006); United States v. Amodeo (Amodeo I & II), 44 F.3d 141, 71 F.3d 1044 (2d Cir. 1995).

See also Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004) (once public, information cannot be made secret again).

First Amendment Right of Access: Where the First Amendment applies, sealing must be narrowly tailored to serve a higher interest and is subject to strict scrutiny. See Lugosch, 435 F.3d at 120–24; Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132 (2d Cir. 2016); Brown v. Maxwell, 929 F.3d 41 (2d Cir. 2019).

Intervention for Access: The Second Circuit permits limited intervention by non-parties to seek access to judicial documents. See, e.g., Newsday LLC v. County of Nassau, 730 F.3d 156 (2d Cir. 2013).

**Argument**

1. The identified materials are judicial documents and carry the strongest presumption of access. The targeted materials include expert reports and financial submissions (e.g., Coffee 4 & 5, Lissemore 2, Mastro 1 & 2, Bianchi, Rovira), briefing and letters (e.g., ECF 555–559, 587–591, 598, 647), and recent court orders (e.g., ECF 703, 758, 772, 785, 786). These were filed with the Court and used or referenced in connection with substantive matters; under Lugosch and Brown, that places them at the apex of the access presumption.

2. Conclusory confidentiality assertions cannot overcome the presumption. Party designations under a protective order do not bind the Court's independent duty to apply Second Circuit law. Where any sensitivity exists (e.g., personal identifiers), narrow redactions—not wholesale sealing—are the proper remedy.

3. The public interest is exceptional. This litigation involves a multi-billion-dollar judgment (approximately $16 billion) and has significant international implications. The public's interest in understanding the Court's

2

decisional process is therefore at its zenith, which further strengthens the presumption of access.

**Exhibit A — Targeted Filings To Be Unsealed (as of September 05, 2025)**

| ECF Nos. | Title / Description | Filing Party | Filing Date (if known) | Basis for Sealing (as stated) | Proposed Treatment |
|---|---|---|---|---|---|
| 555–559 | Plaintiffs' expert reports & exhibits (Coffee 4 & 5) and related sealing papers | Plaintiffs (Kellogg Hansen) | | Party confidentiality designations / protective order | Unseal; if needed, narrowly tailored redactions for personal identifiers |
| 587–591 | Additional expert/financial submissions (Lissemore 2; Mastro 1–2; Bianchi; Rovira) and sealing papers | Plaintiffs (Kellogg Hansen) | | Party confidentiality designations / protective order | Unseal; if needed, narrowly tailored redactions |
| 598 | Letter/brief referencing sealed expert materials | Plaintiffs | | Filed under seal / redacted version on docket | Unseal; or file public/redacted version |
| 647 | Letter/brief under seal (to be confirmed on docket) | Plaintiffs | | Protective order designations | Unseal; or file public/redacted version |

3

| | | | | |
|---|---|---|---|---|
| 703 | Court order or entry referencing sealed materials | Court / Parties | Sealed attachments/redactions | Unseal order and attachments, or public/redacted versions |
| 758 | Recent order/letter with sealed content | Court / Parties | Sealed/redacted | Unseal; minimal redactions if necessary |
| 772 | Recent filing under seal | Parties | Sealed/redacted | Unseal; minimal redactions |
| 785 | Recent filing under seal | Parties | Sealed/redacted | Unseal; minimal redactions |
| 786 | Recent filing under seal | Parties | Sealed/redacted | Unseal; minimal redactions |
| Catch-all | All sealed/redacted versions of documents cited in dispositive briefing, opinions, or orders related to the above materials | | Protective order designations / sealing motions | Direct filing parties to file public versions within 7 days or propose narrow redactions |

**Relief Requested**

Movant respectfully requests that the Court: (1) grant limited intervention; (2) unseal the targeted docket entries identified in Exhibit A; or, alternatively, (3) direct the filing parties to propose narrowly tailored

4

Ex. A p. 5

redactions with public versions within 7 days; and (4) permit Movant to appear remotely at any hearing.

> Respectfully submitted,
>
> /s/ Juan Manuel Ducler
>
> Pro se Movant

September 05, 2025

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Petersen Energía Inversora, S.A.U. et al. v. The Argentine Republic et al.*, No. 15-cv-02739 — Response to Plaintiffs' Sept. 4, 2025 Letter (Dkt. 791) re Dkt. 790

Dear Judge Preska:

    I write briefly to address Plaintiffs' September 4, 2025 letter (Dkt. 791) concerning my pro se motion at Dkt. 790.

**1. Rule 2.A compliance.** Contemporaneously with this letter, I am submitting a Request for Pre-Motion Conference in accordance with Rule 2.A. To the extent necessary, I respectfully request that the Court deem the request sufficient to satisfy Rule 2.A nunc pro tunc.

**2. Service.** I have served Plaintiffs' counsel and other counsel of record by e-mail with my motion papers and today's letters and will file a Certificate of Service reflecting the same.

**3. Limited scope.** My request is a limited intervention solely to vindicate the strong presumption of public access and to unseal targeted docket entries listed in Exhibit A to my Supplemental Submission. I do not seek to participate on the merits, and I propose a short, efficient briefing schedule. This is limited, non-dispositive, non-merits relief concerning public access only.

1

2

Proposed schedule (for the Court's consideration): Movant's supplemental memorandum (filed); Plaintiffs' response within 7 days; Movant's reply within 3 days; argument at the Court's convenience. I respectfully request leave to appear remotely.

I respectfully request that the Court deem my Rule 2.A submission sufficient nunc pro tunc.

Respectfully submitted,

/s/ Juan Manuel Ducler

Pro se Movant

September 05, 2025

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Petersen Energía Inversora, S.A.U. et al. v. Argentine Republic et al.*, No. 15-cv-02739 - Request for Pre-Motion Conference re: Motion to Intervene for Limited Purpose of Unsealing

Dear Judge Preska:

    I respectfully request a pre-motion conference under Rule 2.A of Your Honor's Individual Practices regarding my intended motion to (i) intervene for the limited purpose of seeking public access and unsealing of specific judicial filings and (ii) set a short briefing schedule.

    I stand ready to promptly file any additional materials the Court may require under Rule 2.A.

    The contemplated motion is narrowly tailored: I seek only limited intervention to vindicate the strong presumption of public access to judicial documents recognized by the Second Circuit and to unseal targeted docket entries identified in Exhibit A to my contemporaneously filed Supplemental Submission. I am not seeking to participate in the merits or otherwise delay these proceedings.

    Procedural posture. Although my motion papers bear a PACER stamp dated September 1, 2025 (Dkt. 790), they were entered and distributed by the ECF system on September 4, 2025. Plaintiffs have acknowledged that

their time to respond runs from the ECF distribution. To cure any procedural concern, I respectfully ask that the Court deem this letter sufficient to satisfy Rule 2.A nunc pro tunc, or, in the alternative, schedule a prompt pre-motion conference at the Court's convenience.

Remote appearance request. I reside in Mendoza, Argentina, and respectfully request permission to appear by telephone or videoconference at any conference. I am available Mon–Wed 9:00–13:00 ET and Thu–Fri 11:00–15:00 ET (ART = UTC-3). Availability for a Rule 2.A conference.

I am serving this letter on all counsel of record by e-mail and will promptly file a Certificate of Service.

This limited access relief imposes no prejudice on the parties; any bona fide confidentiality is protected by narrow redactions

Respectfully submitted,

/s/ Juan Manuel Ducler
Pro se Movant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

- I have regular access to my email account and to the internet and will check regularly for Notices of Electronic Filing;
- I have established a PACER account;
- I understand that electronic service is service under Federal Rule of Civil Procedure 5 and Local Civil Rule 5.2, and that I will no longer receive paper copies of case filings;
- I will promptly notify the Court of any change in my name, address, or email address, or if I wish to cancel this consent;
- I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
- I understand that this consent applies only to the cases listed below; for any additional cases, I must file a consent for those cases as well.

**Civil case(s) filed in the Southern District of New York:**
- Petersen Energía Inversora, S.A.U., et al. v. The Argentine Republic, et al., 15-cv-02739 (LAP)
- In re Ducler (28 U.S.C. §1782), 25-mc-00377 (VSB)

| | |
|---|---|
| **Name (Last, First, MI):** | Ducler, Juan Manuel |
| **Address:** | Oteros/n |
| **City / State / Zip:** | Mendoza, Argentina |
| **Telephone Number:** | +5492622431978 |
| **E-mail Address:** | jmducler@gmail.com |
| **Date:** | September 05, 2025 |
| **Signature:** | _[signature]_ (hand-sign here) |

Instructions: Please print, hand-sign on the Signature line, and e-mail the signed PDF to ProSe@nysd.uscourts.gov.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Petersen Energía Inversora, S.A.U., et al. v. The Argentine Republic, et al. — No. 15-cv-02739 (LAP)

ORDER GRANTING LIMITED INTERVENTION AND UNSEALING

Upon the application of non-party Juan Manuel Ducler for limited intervention to seek access to judicial documents, and the submissions in support and opposition, it is hereby ORDERED that:

1. The application for limited intervention is GRANTED;

2. The docket entries identified in Exhibit A are UNSEALED forthwith; or, alternatively, the filing parties shall, within 7 days, file proposed narrowly tailored redactions together with public versions;

3. The Clerk of Court shall update the docket accordingly; and

4. The Court will hear any further submissions on a date to be set, with Movant permitted to appear remotely upon request.

5. The Court deems Movant's Rule 2.A submission sufficient nunc pro tunc.

The limited access relief granted herein imposes no prejudice on the parties; any bona fide confidentiality is protected by narrowly tailored redactions.

SO ORDERED.

Dated: New York, New York

[_____, 2025]

_____

HON. LORETTA A. PRESKA

UNITED STATES DISTRICT JUDGE

1

# CERTIFICATE OF SERVICE

I, Juan Manuel Ducler, hereby certify that on September 05, 2025, I served the following documents: Request for Pre-Motion Conference, Response Letter, Supplemental Submission with Exhibit A, and Proposed Order in Petersen Energía Inversora, S.A.U., et al. v. The Argentine Republic, et al., No. 15-cv-02739 (LAP), by e-mail upon counsel of record listed below. I further submitted the same via the Court's Pro Se Intake for docketing.

**Service by e-mail on counsel of record:**

• Plaintiffs (Kellogg Hansen):

– Derek T. Ho — dho@kellogghansen.com

– Mark C. Hansen — mhansen@kellogghansen.com

– Michael K. Kellogg — mkellogg@kellogghansen.com

– Andrew E. Goldsmith — agoldsmith@kellogghansen.com

• The Argentine Republic (Cleary Gottlieb):

– Carmine D. Boccuzzi — cboccuzzi@cgsh.com

– Jonathan I. Blackman — jblackman@cgsh.com

• YPF S.A. (Debevoise & Plimpton):

– Mark P. Goodman — mpgoodman@debevoise.com

– Maura K. Monaghan — mkmonaghan@debevoise.com

In addition, ECF distribution will notify all registered counsel of record.

Service return e-mail: jmducler@gmail.com.

September 05, 2025

/s/ Juan Manuel Ducler

Pro se Movant