UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U. ET AL., <br><br> Plaintiff, <br><br> -against- <br><br> ARGENTINE REPUBLIC ET AL., <br><br> Defendants. | No. 15 Civ. 02739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT L.P. ET AL., <br><br> Plaintiff, <br><br> -against- <br><br> ARGENTINE REPUBLIC ET AL., <br><br> Defendants. | No. 16 Civ. 08569 (LAP) <br><br> MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:[1]

    Before the Court is YPF S.A.'s ("YPF") order for Plaintiffs
Petersen Energia Inversora S.A.U., Petersen Energia, S.A.U., Eton
Park Capital Management, L.P., Eton Park Master Fund, Ltd., and
Eton Park Fund, L.P., (together "Plaintiffs") to show cause why it
should not be allowed to intervene in the post-judgment proceedings
involving judgment creditors Plaintiffs and judgment debtor
Defendant the Argentine Republic ("Defendant" or "the Republic" or
"Argentina") pursuant to Federal Rule of Civil Procedure ("FRCP")

---

[1] References to the docket refer to the lead case, Petersen Energia
Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ.
02739.

24 and YPF's order for Plaintiffs to show cause why the post-judgment proceedings brought by Plaintiffs are not barred and should not be enjoined under the doctrine of res judicata.[2] Plaintiffs oppose the orders to show cause.[3] Additionally, before the Court is Plaintiffs' pre-motion letter regarding its intended motion to compel YPF to produce discovery.[4] The Court construes Plaintiffs' pre-motion letter as a motion. YPF opposes the motion.[5]

---

[2] (See YPF Proposed Order to Show Cause for Intervention, dated Aug. 12, 2024 [dkt. no. 609]; YPF's Mem. of Law in Support of Order to Show Cause for Intervention ("YPF Intervention Mem."), dated Aug. 12, 2024 [dkt. no. 610]; Decl. of Mark P. Goodman in Support of Intervention ("Goodman Decl. 1"), dated Aug. 12, 2024 [dkt. no. 611]; YPF Proposed Order to Show Cause for Permanent Injunction, dated Aug. 12, 2024 [dkt. no. 612]; YPF's Mem. of Law in Support of Order to Show Cause for Permanent Injunction ("YPF Permanent Injunction Mem."), dated Aug. 12, 2024 [dkt. no. 613]; Decl. of Mark P. Goodman in Support of Permanent Injunction ("Goodman Decl. 2"), dated Aug. 12, 2024 [dkt. no. 614]; YPF Proposed Order Granting Intervention, dated Aug. 12, 2024 [dkt. no. 615]; YPF Proposed Order Entering Permanent Injunction, dated Aug. 12, 2024 [dkt. no. 616]; YPF Oral Argument Request, dated Aug. 12, 2024 [dkt. no. 617]; YPF Letter, dated Aug. 12, 2024 [dkt. no. 618]; YPF Reply Letter, dated Aug. 13, 2024 [dkt. no. 621]; YPF Reply, dated Sept. 3, 2024 [dkt. no. 650].)

[3] (See Pl. Opp'n Letter, dated Aug. 12, 2024 [dkt. no. 619]; Pl. Opp'n, dated Aug. 26, 2024 [dkt. no. 645].)

[4] (See Pl. Pre-Motion Letter, dated Aug. 14, 2024 [dkt. no. 626]; Decl. of Laura Harris ("Harris Decl. 1"), dated Aug. 14, 2024 [dkt. no. 627]; Decl. of Laura Harris ("Harris Decl. 2"), dated Aug. 14, 2024 [dkt. no. 628]; Pl. Reply Letter, dated Aug. 20, 2024 [dkt. no. 636].)

[5] (See YPF Resp. Letter, dated Aug. 19, 2024 [dkt. no. 631]; Decl. of Wendy B. Reilly ("Reilly Decl."), dated Aug. 19, 2024 [dkt. no. 632].)

For the reasons set forth below, YPF's orders to show cause are DENIED, and Plaintiffs' motion to compel is GRANTED.

I.    **Background**

The Court assumes familiarity with the factual background and procedural history of the case, which have been set out at length in prior opinions of this Court and the Court of Appeals. The Court recounts only the facts necessary to determine the instant motion.

On March 31, 2023, and September 15, 2023, this Court entered judgment for YPF, dismissing all of Plaintiffs' claims against YPF, and entered judgment for Plaintiffs and against the Republic, awarding damages and interest. (See dkt. nos. 437, 498.)

On March 25, 2024, Plaintiffs attempted to subpoena YPF, through a non-party Rule 45 subpoena, seeking documents regarding Plaintiffs' theory that YPF might be an alter ego of the Republic, including documents relating to the Republic's alleged influence over YPF's management, operations, and budget, and hiring of officers, directors, and employees. (Goodman Decl. Ex. A at 9-10.) YPF objected to the subpoena on multiple grounds. (Goodman Decl. 1 Ex. B.)

On April 30, 2024, Plaintiffs requested a pre-motion conference in advance of their anticipated motion to compel YPF's compliance with the subpoena. (Dkt. no. 563.) YPF opposed the request. (Dkt. no. 569.) On May 28, 2024, the Court ordered YPF

to comply with the Rule 45 subpoena and produce two years worth of documents in response to Plaintiffs' requests.  (Goodman Decl. Ex. C at 54:5-11.)  The Court encouraged Plaintiffs and YPF to work together to "narrow the scope of the actual requests."  (Goodman Decl. Ex. C at 54:12-16.)  Since the Court's order, Plaintiffs and YPF have conferred and disagreed about many aspects of the discovery requests, which led to the orders to show cause and motion to compel before the Court now.  (See Goodman Decl. 1 Exs. D-F.)

In light of the Court of Appeals' decision in <u>Peterson v. Bank Markazi</u>, 121 F.4th 983 (2d Cir. 2024), the Court stayed alter ego discovery.[6]  (<u>See</u> dkt. nos. 685, 694.)  On July 29, 2025, the Court lifted the stay regarding alter ego discovery.  (July 29, 2025 Tr. 43:2-7 [dkt. no. 772].)

## II.  <u>Applicable Law</u>

### a. Order to Show Cause

Local Rule 6.1(d) states that no order to show cause will be granted "except upon a clear and specific showing by affidavit that contains good and sufficient reasons why a procedure other than by notice of motion is necessary and states whether a previous application for similar relief has been made."

---

[6] The parties and the United States filed supplemental briefs regarding the impact of the Court of Appeals' decision in <u>Peterson v. Bank Markazi</u>, 121 F.4th 983 (2d Cir. 2024) on these motions. (<u>See</u> dkt. nos. 695-98, 702, 704, 708-10.)

**b. Injunctive Relief**

Injunctive relief is warranted where the litigant has suffered an irreparable injury, for which there is no remedy at law and where "considering the balance of hardships . . . a remedy in equity is warranted" and "the public interest would not be disserved by a permanent injunction." LV v. N.Y.C. Dep't of Educ., 2021 WL 663718, at *8 n.20 (S.D.N.Y. Feb. 18, 2021).

**c. Intervention**

FRCP 24(a) outlines how a party shall establish intervention as of right. "The movant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the actions, and (4) show that the interest is not protected adequately by the parties to the action." In re Tel. Media Grp. Ltd., 2023 WL 5770115, at *2 (S.D.N.Y. Sept. 6, 2023) (quotation marks and citation omitted).

FRCP 24(b) "permits a court to allow intervention of a party that has a claim or defense that shares with the main action a common question of law or fact, so long as intervention will not unduly delay or prejudice the adjudication of the original parties' rights." Id. (quotation marks and citation omitted) (emphasis removed).

Both intervention as of right under FRCP 24(a) and permissive intervention under FRCP 24(b) require a "timely" request by the prospective intervenor, and untimeliness alone is a sufficient

basis to deny intervention.  See Catanzano ex rel. Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996).  Evaluation of timeliness considers "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness."  Floyd v. City of New York, 770 F.3d 1051, 1058 (2d Cir. 2014).

To satisfy FRCP 24(c), the intervenor must provide "adequate notice" to the parties as to the grounds for the intervention including through filing a motion that describes the relief sought by the intervenor.  Golden Ins. Co. v. PCF State Restorations, Inc., 2018 WL 10593630, at *8 n.5 (S.D.N.Y. May 11, 2018); see also Barry's Cut Rate Stores Inc. v. Visa, Inc., 2021 WL 2646349, at *13 (E.D.N.Y. June 28, 2021) (Rule 24(c) "dispensed . . . when the proposed intervenors position is clearly articulated in its motion papers.") (quotation marks omitted).

### d. Res Judicata[7]

The doctrine of res judicata, also known as claim preclusion, prevents plaintiffs from relitigating against the same defendant,

---

[7] The doctrine of res judicata is a "non-merits threshold ground that is suitable for resolution before addressing a . . . question of constitutional jurisdiction."  Phoenix Light SF Ltd. v. Bank of N.Y. Mellon, 66 F.4th 365, 370 (2d Cir. 2023).

after a final determination on the merits, claims they could and should have raised in the underlying litigation. Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000).[8]  It applies and bars new claims where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan, 214 F.3d at 285; Soules v. Connecticut, Dep't of Emergency Servs. and Pub. Prot., 882 F.3d 52, 55 (2d Cir. 2018). In assessing the third factor, courts consider whether the new theory involved "the same claim — or nucleus of operative facts," including whether "the underlying facts are related in time, space, origin, or motivation" and would form "a convenient trial unit." Soules, 882 F. 3d at 55 (quotation marks omitted).  By barring relitigating prior claims on new theories, res judicata provides a "rule of fundamental repose important for both the litigants and for society."  In re Teltronics Servs., Inc., 762 F.2d 185, 190

---

[8] There is no need for a choice-of-law analysis because there is no material distinction between the elements of res judicata as defined by federal common law and New York law; accordingly, both uniform federal rules of res judicata and New York law inform this Court's analysis.  See Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) ("[T]here is no discernible difference between federal and New York law concerning res judicata."); Int'l Bus. Machs. Corp., v. Liberty Mut. Ins. Co., 363 F.3d 137, 143 (2d Cir. 2004) ("Choice of law does not matter . . . unless the laws of the competing jurisdictions are actually in conflict.").

(2d Cir. 1985).  It "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."  Allen, 449 U.S. at 94.  If a claim is precluded, it should be dismissed promptly, as the "less burdensome course." Phoenix Light SF Ltd., 66 F.4th at 370.

### III. Discussion

#### a. Orders to Show Cause

The Court assumes, without deciding, that the orders to show cause were procedurally proper.

##### i. Intervention

YPF states that it seeks to intervene to contest Plaintiffs' "improper attempt to shift liability for their judgment against the Republic to YPF."  (YPF Intervention Mem. at 1.)

Post-judgment discovery began in the fall of 2023.  By the end of March 2024, YPF was aware of requests for alter ego discovery.  (Goodman Decl. 1 Ex. A at 9-10.)  YPF engaged in many meet and confers with Plaintiffs and even a May 28, 2024 Court conference before bringing the instant objections on August 12, 2024.  And, the Republic, as the majority shareholder of YPF, can adequately protect YPF's interests.  YPF states that its "own rights and interests" "have not been adequately addressed in the post-judgment enforcement proceedings" but fails to explain further.  (See YPF Intervention Mem. at 12.)  YPF's ipse dixit is

insufficient.  Additionally, YPF can raise any discovery disputes with the Court, as it has previously done.  See In re Holocaust Victim Assets Litig., 225 F.3d 191, 199 (2d Cir. 2000) (denial of intervention did not prejudice movants because they had other routes to relief); see also Kumaran v. Nat'l Futures Ass'n, 2023 WL 3160116, at *20 (S.D.N.Y. Apr. 28, 2023) (same).  Accordingly, YPF's request to intervene is untimely.  See, e.g., In re Chevron Corp., 749 F. Supp. 2d 170, 186 (S.D.N.Y.), aff'd sub nom. Lago Agrio Plaintiffs v. Chevron Corp., 409 F. App'x 393 (2d Cir. 2010) (three-month delay found untimely); Farinella v. Paypal, Inc., 611 F. Supp. 2d 250, 258 (E.D.N.Y. 2009) (three-month delay found untimely); but see S.E.C. v. Xia, 2024 WL 964676, at *7, 13 (E.D.N.Y. Mar. 4, 2024) (intervention found timely 16 months after notice).  YPF's order to show cause with respect to intervention is DENIED.

### ii. Res Judicata

The parties disagree about whether res judicata has been waived.  (Compare Pl. Opp'n at 8-9 with YPF Reply at 9-10.)  The Court assumes, without deciding, that res judicata can be raised.

YPF argues that Plaintiffs have avoided filing new pleadings against YPF or even attempting to meet their burden of establishing the Court's jurisdiction as it relates to their new theory and instead are pursuing liability against YPF and its assets under the guise of post-judgment proceedings but in fact are re-

litigating the issues.  (YPF Intervention Mem. at 7; YPF Letter at 2.)  YPF argues that "[h]aving elected to sue YPF along with the Republic, Plaintiffs were obligated – like every other plaintiff – to assert all of their claims and theories of recovery or risk preclusion."  (YPF Permanent Injunction Mem. at 2, 9; see also YPF Letter at 3.)

YPF puts the cart before the horse.  To date, the only actions that Plaintiffs have taken with respect to YPF is alter ego discovery.  (YPF Permanent Injunction Mem. at 16; but see id. at 10 (YPF acknowledges that Plaintiffs have "yet to formally plead or move against YPF").)  Plaintiffs have not pursued liability against YPF for Plaintiffs' contract claims since the Court's March 31, 2023 finding.  Instead, Plaintiffs seek alter ego discovery regarding the Republic's relationship with YPF potentially to pursue YPF as being legally responsible for satisfying the unpaid judgment against the Republic.  Ultimately, the action Plaintiffs could pursue against YPF is not a cause of action for liability but rather responsibility for the Republic's judgment.  And, it would involve different facts, as the Court would evaluate the status of the Republic's current relationship with YPF. See Storey v. Cello Holdings, LLC, 347 F.3d 370, 383 (2d Cir. 2003) ("Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by res judicata regardless of whether they are

premised on facts representing a continuance of the same 'course of conduct.'"); cf. Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc., 652 F. Supp. 2d 463, 475 (S.D.N.Y. 2009) (Defendant demonstrated that JMB's status as K & J's alter ego was addressed in the prior proceeding, was necessary to the judgment in the prior action, is identical to the current issue, and is decisive of the present suit). Thus, Plaintiffs are not pursuing the "same damages, for the same alleged harm, relating to the same underlying facts, that they litigated against YPF and lost in a final adjudication on the merits." (YPF Permanent Injunction Mem. at 9.)

YPF argues that Plaintiffs should have either (1) brought this theory originally, or (2) first sued the Republic and then once Plaintiffs obtained a judgment, pursue alter ego recovery against a sovereign instrumentality. (YPF Permanent Injunction Mem. at 14-15.) However, there is an alternative — sue the Republic and the instrumentality and then, even if the instrumentality is dismissed from liability, subsequently pursue alter ego recovery.

In First Capital Asset Management, Inc. v. N.A. Partners, L.P., 688 N.Y.S.2d 25, 26 (N.Y. App. Div. 1999), plaintiff sued two entities and their owner for payment under a contract. The plaintiff won a judgment against the entities but its claim against the owner was dismissed. Id. The plaintiff then brought a new

action against the owner to enforce the judgment on an alter ego theory.  Id.  The First Department reversed the Supreme Court's grant of summary judgment to the owner on res judicata grounds, reasoning that the prior dismissal turned on the owner's personal contractual liability, which "did not preclude a subsequent proceeding to enforce the judgment against [the owner] based on allegations that would support piercing the corporate veil of the judgment debtors, inasmuch as 'the necessary elements of proof and evidence required to sustain recovery vary materially.'"  Id. at 27 (citations omitted); see also Nykcool A.B. v. Pac. Fruit Inc., 2012 WL 1255019, at *5 (S.D.N.Y. Apr. 16, 2012) (Petitioner was not precluded from "bringing a separate action against [the alleged alter ego nonparty] to enforce the award ... invoking the 'alter ego' theory.").

Accordingly, YPF's order to show cause based on the doctrine of res judicata is DENIED.

### iii. Injunctive Relief

YPF seeks to enjoin Plaintiffs' "improper attempts to recovery from YPF or its assets under the theory that it is an alter ego of the Republic."  (YPF Intervention Mem. at 8.)  YPF satisfies none of the requirements to secure an injunction.  World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 160-61 (2d Cir. 2012).

YPF alleges it is harmed because of the prospect of being deemed the Republic's alter ego and from relitigating matters already "definitively determined." (YPF Permanent Injunction Mem. at 19-20.) However, YPF does not face an inappropriate amount of hardship given Plaintiffs have not received payment on an approximately $16 billion judgment from the Republic, a majority shareholder of YPF. Cutting off a potential route to collection would impose severe hardship on Plaintiffs. Additionally, the only public interest that YPF cites is the need to enforce res judicata rules, (see supra Section III.a.ii.). The public interest considerations weigh strongly in favor of Plaintiffs.

Accordingly, YPF's order to show cause regarding its requested injunctive relief is DENIED.

### b. Motion to Compel Discovery

It is the Court's understanding that three categories of discovery are in dispute: (1) documents from 18 custodians, which YPF agreed to produce by October 18, 2024, subject to "its ability to obtain the necessary custodian consents," (see YPF Resp. Letter at 1, 2; Pl. Reply Letter at 1); (2) a search for ESI other than company email — such as company-related communications through applications such as Gmail, Teams, WhatsApp, and Slack, (Pl. Pre-Motion Letter at 3); and, (3) information relating to other subpoenas that Plaintiffs have sent and received information in response to.

Regarding category three, in light of the Court's finding that the Republic can adequately protect YPF's interests, (see supra Section III.a.i.), and the fact that the Republic receives all of YPF's requested information, (Pl. Reply Letter at 2), Plaintiffs need not provide YPF with the requested information.

Given the passage of time since the parties' filings, YPF's assertions that "YPF is continuing to engage with Plaintiffs on discovery while that motion is pending," (YPF Resp. Letter at 1), and the Court's recent decisions regarding discovery (see, e.g., July 29, 2025 Tr. [dkt. no. 772]), the parties shall confer and update the Court by a joint letter, within 15 days of this order, of each party's position on any outstanding discovery disputes as they pertain to categories one and two noted above. Accordingly, Plaintiffs' motion to compel is DENIED without prejudice.

### c. Motion to Seal

The Court is in receipt of Plaintiffs' motion to seal.[9] Plaintiffs' motion references paragraph 13 of the Stipulation and Order, (dkt. no 177), as the basis for the motion. (Dkt. no. 561 at 1.) However, as discussed at the Court's conference on July

---

[9] Specifically, Plaintiffs request an order granting leave to file under seal "(i) portions of Plaintiffs' letter to request a pre-motion conference regarding Plaintiffs' intended motion to compel YPF S.A. to produce discovery (the "Letter") [(dkt. nos. 562-63)]; (ii) portions of the Declaration of Laura Harris in support of Plaintiffs' Letter; and (iii) Exhibit E to the Declaration of Laura Harris in its entirety." (Dkt. no. 561 at 1.)

29, 2025, the parties shall confer and inform the Court exactly why the materials should be sealed.  (July 29, 2025 Tr. at 3:15-22 [dkt. no. 772].)  Accordingly, Plaintiffs' motion to seal is DENIED without prejudice.

## IV.  <u>Conclusion</u>

For the reasons set out above, YPF's orders to show cause, (dkt. nos. 609, 612), are DENIED.  Plaintiffs' motion to compel, (dkt. no. 626), is DENIED without prejudice, and the parties shall confer and update the Court by a joint letter, within 15 days of this order, of each party's position on any outstanding discovery disputes as they pertain to categories one and two noted above, (<u>see</u> <u>supra</u> Section III.b.).

Plaintiffs' motion to seal, (dkt. no. 561), is DENIED without prejudice.  The parties shall confer and inform the Court exactly why the materials should be sealed.

Satisfied that oral argument is not needed in addition to the papers submitted by the parties, the Republic's request for oral argument, (dkt. no. 617), is DENIED.  <u>Doctor's Assoc., Inc. v. Distajo</u>, 66 F.3d 438, 448 (2d Cir. 1995); <u>see also</u> <u>SecurityNational Mortg. Co. v. Lehman Bros. Holdings Inc.</u>, 2020 WL 9815257, at *1 (S.D.N.Y. July 10, 2020).

In sum, the Clerk of the Court is respectfully directed to close the open motions at dkt. nos. 561 and 562 in 15 Civ. 02739 and dkt. nos. 487 and 488 in 16 Civ. 08569.[10]

**SO ORDERED.**

Dated:     September 17, 2025
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

---

[10] The Court addressed Plaintiffs' request for a pre-motion conference regarding Plaintiffs' intended motion to compel YPF to produce discovery, (see dkt. no. 562), at the Court's conference on May 28, 2024, (see generally May 28, 2024 Tr. [dkt. no. 592]).