**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

October 1, 2025

<u>BY ECF</u>

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, New York 10007

**Re:** *Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.*, <u>No. 15 Civ. 2739 (S.D.N.Y.) (LAP)</u>; *Eton Park Capital Mgmt. et al. v. Argentine Republic et al.*, <u>No. 16 Civ. 8569 (S.D.N.Y.) (LAP)</u>

Dear Judge Preska:

  Pursuant to Rule 2(a) of the Court's Individual Practices and Local Rule 37.2, non-party YPF S.A. ("YPF") respectfully submits this request for a pre-motion conference on YPF's motion to stay further discovery from YPF pending this Court's resolution of YPF's Motion for Reconsideration/Reargument. *See* Dkt. 802 (the "Motion").[1]

  Pursuant to Rule 26(c), the Court has broad discretion to stay discovery for "good cause" shown. Fed. R. Civ. P. 26(c)(1); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (same). A stay is appropriate given the strength of YPF's legal arguments, the breadth and attendant burden of the discovery Plaintiffs seek, and lack of prejudice to Plaintiffs from a stay. *See, e.g.*, *Hong Leong*, 297 F.R.D. at 73 (staying discovery given strength of defendants' jurisdictional arguments and "significant burden" of discovery).

  As explained in YPF's orders to show cause, supplemental briefing on the impact of *Peterson v. Bank Markazi*, 121 F.4th 983 (2d Cir. 2024), and Motion, YPF has raised serious objections to Plaintiffs' pursuit of YPF as an alleged alter ego (including through discovery) based on, among other grounds, lack of subject matter jurisdiction[2] and *res judicata*. YPF respectfully submits that the Court

---

[1] All references to "Dkt." refer to docket entries in case number 1:15-cv-2739.

[2] YPF maintained and continues to maintain its objections to the Court's personal and subject matter jurisdiction over it, including under the Foreign Sovereign Immunities Act ("FSIA").

The Honorable Loretta A. Preska            2                    October 1, 2025

overlooked controlling precedent in its September 17, 2025 order (and in its July 29, 2025 order regarding discovery), and that, at minimum, the issues raised in YPF's Motion warrant further careful review from this Court and, if necessary, the Court of Appeals (and potentially the U.S. Supreme Court).

The Second Circuit has cautioned that courts "must be circumspect in allowing discovery before the Plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the FSIA." *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016) (internal quotations omitted). Otherwise the very purpose of sovereign immunity – to "protect[]" a sovereign instrumentality from "the expense, intrusiveness, and hassle of litigation" – would be defeated. *See id.* Likewise, the Second Circuit has explained *res judicata* is a "rule of fundamental repose important for both the litigants and society" that is designed to "relieve[] parties of the cost and vexation" of duplicative litigation and "conserve judicial resources." *EDP Med. Comp. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal citations omitted).

Here, Plaintiffs have not articulated *any* basis for the Court's subject matter jurisdiction under the FSIA over Plaintiffs' pursuit of YPF as an alleged alter ego. Requiring YPF – as a non-party – to provide further, pre-complaint discovery to assist Plaintiffs in their attempt to hold YPF liable on an alter ego theory would impose substantial and irreparable harm on YPF. *See* Dkt. 697 at 15. Such discovery would deprive YPF both of the very protections afforded to it under the FSIA and the repose that the *res judicata* doctrine is meant to provide – and to which YPF is entitled on the basis of this Court's final judgment. Dkt. 498 (dismissing claims against YPF); *see, e.g.*, *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *3 (S.D.N.Y. Jan. 22, 2002) (staying discovery in light of "substantial cost" that would be "wasteful . . . in the absence of a pleading that has withstood scrutiny"); *Renois v. WMF Funding, LLC*, 2021 WL 1721818, at *1–2 (S.D.N.Y. Apr. 30, 2021) (staying discovery pending resolution of motion to dismiss for lack of subject matter jurisdiction); *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (staying discovery where defendant raised "substantial arguments" concerning the court's lack of jurisdiction); *Cf. Arch Trading Corp.*, 839 F.3d at 206–208 (affirming denial of jurisdictional discovery where party seeking discovery could not "articulate a reasonable basis for . . . jurisdiction" under FSIA).

Discovery will also excessively burden YPF, one of Argentina's largest and most important companies, including by distracting management, forcing it to disclose sensitive commercial information, potentially exposing it to liability to employees and third parties, and imposing substantial costs in connection with the collection, review, and production of documents (including the obtaining of

The Honorable Loretta A. Preska         3         October 1, 2025

consents necessary for such productions) to the detriment of YPF and its non-Republic shareholders who own 49% of the company.

     Nor will the requested stay unfairly prejudice Plaintiffs.  Plaintiffs already have received discovery pertaining to Plaintiffs' theory that YPF might be an alter ego of the Republic, including from documents YPF produced before this Court stayed discovery in the wake of the Second Circuit's decision in *Bank Markazi*, which confirmed the limits of ancillary jurisdiction in this Circuit with respect to alter ego claims that seek to shift liability for a judgment to a third party (such as YPF).  Dkt. 685 (staying alter ego discovery pending supplemental briefing on *Bank Markazi*).  They also have access to additional discovery obtained from the Republic and others in connection with post-judgment enforcement proceedings, as well as discovery obtained in the underlying proceedings.  In addition, the requested stay is limited in duration to the time it takes the Court to resolve YPF's pending Motion and any subsequent appeals.  *See, e.g.*, *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) (noting "passage of a reasonable amount of time . . . cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").  Finally, a stay of further discovery will reduce litigation costs for all parties – not simply YPF – and preserve judicial resources by delaying, and likely avoiding, needless discovery disputes.

     For the reasons stated above, YPF respectfully requests that further discovery from YPF be stayed pending resolution of YPF's pending Motion for Reconsideration/Reargument and, if necessary, appeal of the Order or, alternatively, that YPF be permitted to fully brief its request for a stay of discovery.

                                Respectfully submitted,

                                */s/ Mark P. Goodman*
                                Mark P. Goodman
                                Shannon Rose Selden
                                mpgoodman@debevoise.com
                                srselden@debevoise.com

cc:    Counsel of Record (by ECF)