## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 2, 2025

Via ECF

The Honorable Loretta A. Preska,
    United States District Court for the Southern District of New York,
        500 Pearl Street,
            New York, NY 10007.

> Re: *Petersen Energia Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

On behalf of the Republic, and in accordance with Rule 2.G of Your Honor's Individual Practices, I respectfully request that the Court permit limited redaction of individual contact information of non-parties and proprietary pricing information of a third party contained in Exhibits B, C, D, E, and F of the Declaration of Laura Harris (*Petersen* ECF Nos. 643-2, 643-3, 643-4, 643-5, 643-6; *Eton Park* ECF Nos. 567-2, 567-3, 567-4, 567-5, 567-6) and Exhibits K, O, and P to the Joint Status Report (*Petersen* ECF Nos. 763-11, 763-14, 763-16; *Eton Park* ECF Nos. 679-11, 679-15, 679-16).[1] Versions of these documents containing the Republic's proposed redactions are attached hereto as Exhibits 1-8; unredacted versions of these documents with the Republic's proposed redactions in highlighting are being concurrently submitted to the Court under seal. Plaintiffs do not oppose the Republic's request.

There is no presumed right of access to documents and information filed in connection with post-judgment discovery disputes. *See United States* v. *Avenatti*, 2020 WL 70952, at *2 (S.D.N.Y. Jan. 6, 2020) (Gardephe, J.)

---

[1] The Republic does not seek permission to redact any material from Exhibit B to the Joint Status Report (*Petersen* ECF No. 643-2; *Eton Park* ECF No. 679-2).

*Granted*
SO ORDERED
10/7/25
*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

The Honorable Loretta A. Preska                                                         -2-

("[D]iscovery materials filed with the court in connection with discovery-related disputes are not covered by the qualified right of access." (quoting *United States* v. *Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (Karas, J.) (collecting cases)). The Second Circuit has held repeatedly that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the public right of access." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *Amodeo*, 44 F.3d at 145). Here, because the limited material sought to be redacted is irrelevant to the parties' discovery disputes, the materials are not judicial documents entitled to a presumption of public access. *See Giuffre* v. *Maxwell*, -- F.4th --, 2025 WL 2055148, at *9 (2d Cir. July 23, 2025) ("[F]iled material either is or is not a judicial document depending on whether it could have a tendency to influence the court in the exercise of its Article III powers.").

To the extent the presumption of access applies at all, it would be weak because "the resolution of a discovery motion does not require the Court to analyze the merits of the parties' claims or defenses." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (2022) (Gorenstein, M.J.) (internal quotation marks omitted). And any such presumption would be that much weaker under these circumstances since the purpose of post-trial discovery is not to determine the merits of Plaintiffs' claims and the Republic's defenses but rather to shed light "on the subject of the [Republic's] assets or their whereabouts" to aid in satisfaction of the judgment. *Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 139 (2014) (citation omitted).

"[C]ourts routinely permit" the redaction of "personal email addresses and phone numbers of various non-parties" "in order to protect the privacy interests of non-parties." *Eckhart* v. *Fox News Network, LLC*, 2024 WL 4931857, at *3 (S.D.N.Y. Dec. 2, 2024) (Abrams, J.) (citing *Brown* v. *Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019)); *accord Yador* v. *Mowatt*, 2025 WL 1707616, at *3 (E.D.N.Y. June 18, 2025) (Komitee, J.) (permitting redaction of "personal phone number, email address, or Venmo username"). Also falling into the category of "commonly sealed documents" is "pricing information," particularly when the information belongs to a third party. *Cumberland Packing Co.* v. *Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (Nickerson, J.); *see also United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("The privacy interests of innocent third parties should weigh

The Honorable Loretta A. Preska                                                        -3-

heavily in a court's balancing equation." (alterations and internal quotation marks omitted)).  There is no reason to stray from these well-traveled paths here.

      For the foregoing reasons, the Republic respectfully asks the Court to permit continued redaction of the material identified in the documents submitted under seal herewith, specifically, (i) individual contact information of non-parties, and (ii) proprietary pricing information of a third party.

                                                                Respectfully,

                                                     */s/ Robert J. Giuffra, Jr.*
                                                     Robert J. Giuffra, Jr.

cc:    Counsel of Record (via ECF)