# LEVINE LEE LLP

400 Madison Avenue
New York, NY 10017
212-223-4400 main
www.levinelee.com

**Seth L. Levine**
212-257-4040 direct
slevine@levinelee.com

October 29, 2025

**<u>VIA ECF</u>**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> **Re**: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Dear Judge Preska:

We write on behalf of Plaintiffs in response to the Republic's request for an extension of the deadline to comply with the Court's October 9, 2025 order requiring the Republic to collect and produce off-channel communications by October 30, 2025. ECF No. 827; *see also* Oct. 9 Hr'g Tr. at 26:23-27:1. Plaintiffs respectfully request that the Court maintain the October 30, 2025 production deadline. If the Court is inclined to grant the Republic's application, Plaintiffs respectfully request that the Court require the Republic to make a complete production of relevant off-channel communications by no later than November 21, 2025, without exception.

On October 23, 2025, two weeks after the Court's October 9, 2025 order, the Republic sought Plaintiffs' consent to an extension of the October 30, 2025 deadline until November 21, 2025, "subject to the understanding that, if needed, the parties will agree to extend the deadline further to the extent custodians respond affirmatively and possess responsive documents." Ex. A, ROA 10/23/2025 Letter at 1. On October 28, 2025, Plaintiffs agreed to an extension of the deadline *if* the Republic agreed (i) to make a complete production of the requested off-channel communications by November 21, 2025, and (ii) not to further delay compliance

Hon. Loretta A. Preska
October 29, 2025
Page 2

with the Court's orders concerning the collection and production of off-channel communications.  Ex. B, Pls. 10/27/2025 Letter at 1.  Plaintiffs offered to meet and confer with the Republic regarding their proposal.  The Republic rejected Plaintiffs' proposal without accepting Plaintiffs' offer to meet and confer and filed its extension request on October 28, 2025.  ECF No. 827.

Any difficulty in complying with the Court's October 30, 2025 production deadline, because of the volume of communications or for any other reason, is entirely of the Republic's own making.  The Court ordered production of off-channel communications under U.S. law on July 29, 2025, and, alternatively, under Argentine law, on August 27, 2025.  *See* July 29 Hr'g Tr. at 52:19-25, 53:18-23; ECF No. 785 at 11-12.  After three months of delay and insistence that doing so would violate Argentine law (despite the Court's orders and Plaintiffs' repeated arguments to the contrary), the Republic now intends to contact—*but apparently still has not yet contacted*—custodians regarding the collection of off-channel communications, with no assured timeline to produce those communications.  ECF No. 827 at 1 (noting that the Republic "*will* request that the 35 custodians to date" cooperate with the Government) (emphasis added).  The Republic should have contacted the custodians months ago but chose not to.  Moreover, the Republic does not ask for additional time to comply with the Court's order, but only for additional time to report on its progress.  The Republic's request for additional time is simply another attempt to delay and obstruct production of relevant communications.  The Republic knows that any application for a stay would be meritless, but it is seeking to obtain one nonetheless through its delay.

The Republic's strategy of delay extends to all other aspects of the Republic's outstanding discovery obligations.  Since the September 4, 2025 conference, the Republic has made only four limited productions of SWIFT messages and documents from *Attestor Master Value Fund LP* v. *Republic of Argentina*, 1:14-cv-05849-LAP (S.D.N.Y.).  Moreover, on October 1, 2025, Plaintiffs sent the Republic a proposed list of search terms for off-channel and internal communications, as well as modifications and additions to the Republic's list of proposed alter-ego custodians but have yet to receive a response.  On October 6, 2025, Plaintiffs sent the Republic a letter regarding certain outstanding discovery issues that have been pending for months, including, *inter alia*, the status of the Republic's requests to the ministries for relevant documents from centralized databases concerning certain assets in Argentina, for which the Republic has not provided any updates since the end of

Hon. Loretta A. Preska
October 29, 2025
Page 3

August.  The Republic has not responded to—or otherwise addressed any issues in—Plaintiffs' October 6, 2025 letter.

The Republic's persistent delay is increasingly prejudicial to Plaintiffs.  The Republic made a production of its preservation notices to Plaintiffs on October 28, 2025, nearly three weeks after the Republic assured the Court that it would produce them.  *See* Oct. 9 Hr'g Tr. at 27:14-28:22 ("THE COURT:  . . . I don't understand why copies of the preservation notices have not been produced without prejudice to any claim of privilege . . . .  why don't we produce them and if what you guys say is true is true, then we have no issue. . . .  MR. GIUFFRA: That's fine, your Honor. We will do that.").  Plaintiffs are in the process of reviewing the contents of the Republic's preservation notices, but it appears that those notices make no specific mention of WhatsApp or other messaging platforms.  As explained in the October 7, 2025 joint letter to the Court, ECF No. 808 at 8-10, Plaintiffs continue to have serious concerns about whether these off-channel communications are actually being preserved.

Accordingly, the Court should maintain the Republic's October 30, 2025 production deadline.  If the Court is inclined to grant the Republic's application, Plaintiffs respectfully request that the Court require the Republic to make a complete production of relevant off-channel communications by no later than November 21, 2025, without exception.  To the extent the Republic fails to comply, Plaintiffs reserve the right to seek further relief from the Court.

Respectfully Submitted,

*/s/ Seth L. Levine*
Seth L. Levine
Alison M. Bonelli

LEVINE LEE LLP
400 Madison Avenue
New York, New York 10017
Telephone: (212) 257-4400
slevine@levinelee.com
abonelli@levinelee.com

Hon. Loretta A. Preska
October 29, 2025
Page 4

KING & SPALDING LLP
Laura Harris
1185 Avenue of the Americas
New York, NY 10036
Phone: (212) 556-2100
Fax: (212) 556-2222
Email: lharris@kslaw.com

-and-

Reginald R. Smith
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Phone: (713) 751-3200
Email: rsmith@kslaw.com

KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
Andrew E. Goldsmith
Alejandra Ávila
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
agoldsmith@kellogghansen.com
aavila@kellogghansen.com

*Counsel for Plaintiffs Petersen
Energía Inversora, S.A.U., Petersen
Energía, S.A.U., Eton Park Capital
Management, L.P., Eton Park Master
Fund, Ltd., and Eton Park Fund, L.P.*