November 3, 2025

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

>   Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, **No. 15-cv-02739**; *Eton Park Capital Management, L.P. v. Argentine Republic*, **No. 16-cv-8569**

Dear Judge Preska:

The parties respectfully set forth below an update on certain discovery matters in advance of the upcoming conference on November 4, 2025.

**A. "Off-Channel" or "Non-Government" ESI and Internal Communications for "Alter-Ego" Discovery (July 26, 2025 Joint Status Report ("JSR") at 28-40)**

**Plaintiffs' Position:**

On October 28, 2025, the Republic sought an extension of the deadline to comply with the Court's October 9, 2025 order requiring the Republic to collect and produce off-channel communications by October 30, 2025. ECF No. 827; *see also* Oct. 9 Hr'g Tr. at 26:23-27:1. The October 30 deadline has now passed, and the Republic has made no production. For the reasons set forth in Plaintiffs' October 29, 2025 letter response, *see* ECF No. 828, Plaintiffs respectfully request that the Court order the Republic to produce immediately. If the Court is inclined to grant the Republic's application, Plaintiffs request that the Court require the Republic to make a complete production of relevant off-channel communications by no later than November 21, 2025, without exception and without further delay.

Hon. Loretta A. Preska
November 3, 2025
Page 2

**<u>Republic's Position:</u>**

The Republic is making every reasonable effort to try to comply with the Court's orders, which it believes are unprecedented, directing it to produce so-called "off-channel" communications of some of its most senior officials, even though it is undisputed that the Republic does not have possession or custody of those communications. In accordance with the Court's guidance at the October 9, 2025 conference, and after further extensive consultations over Argentine legal requirements governing the production of information on non-governmental devices and/or platforms, the Republic has determined to request that the 35 custodians to date, which include present and formers officials, "cooperate with the government in producing relevant communications contained on [such] devices and/or platforms." (Oct. 9, 2025 Conf. Tr. at 3:20-22; *see also id.* at 4:4-7 ("THE COURT: I understood your position in the letter, though, to be closer to if the government seeks to coerce them that would be impermissible, but why can't you request cooperation?").)

The process of requesting such cooperation will require the involvement of senior attorneys from the Republic's Office of the Treasury Attorney General ("PTN"), who will have to speak with current and former officials about this request and respond to their likely questions. These senior PTN attorneys were in Washington, D.C. for the week of October 20 for an arbitration and in New York for the week of October 27 for the merits appeal in this case. As a result, as explained in its October 28 extension request (*Petersen* ECF No. 827), the Republic anticipates receiving responses to its requests to officials for their cooperation, which are underway, no later than November 10, 2025, and will endeavor to produce any responsive documents by November 21, 2025, or, if necessary, to update Plaintiffs and the Court on the need for a further extension. Regrettably, Plaintiffs are unwilling to agree to the reasonable schedule proposed by the Republic without imposing impracticable conditions. Obviously, the Republic cannot agree to a final date for production of off-channel communications until it learns of the volume of responsive communications. Accordingly, the Republic respectfully seeks an extension of the October 30 deadline for production of "off-channel" communications to November 21, and, if necessary, to update Plaintiffs and the Court on the need for a further extension.[1]

---

[1] The Republic notes that Plaintiffs still have not made any effort to serve requests on these custodians under the Hague Convention.

Hon. Loretta A. Preska
November 3, 2025
Page 3

### B. Document Preservation Notices and Obligations

**Plaintiffs' Position:**

Plaintiffs continue to have serious concerns about whether off-channel communications are actually being preserved by the Republic. *See* ECF No. 808 at 8-10. On October 28, 2025—nearly three weeks after the October 9, 2025 conference—the Republic made a production of preservation notices ("Notices") to Plaintiffs. In addition to the preservation issues raised in the October 7, 2025 joint letter, *see id*. at 8-10, the Notices themselves raise added concerns, including: (1) the Notices reference "email" communications, but make no specific reference to text messages or other messaging platforms like WhatsApp; and (2) the Notices call for the preservation of documents through the "present" as of the date they were sent, with no explicit continuing obligation to preserve. Moreover, as the Court made clear, "reasonable steps, in my view, would probably include more than merely sending the notice," but the Republic has not provided any indication that it has taken any steps "in addition to the sending of the [preservation notices]" to ensure that the relevant off-channel communications have not been lost. Oct. 9 Hr'g Tr. at 33:6-7, 35:21-24.

Accordingly, the Court should order the Republic to immediately confirm that all potentially relevant material, including off-channel communications, has been and are being preserved, including communications post-dating the Notices. The Republic should also be ordered to describe the materials that have been spoliated to date. Finally, the Court should also direct the Republic to make available a Rule 30(b)(6) witness to testify about the Republic's document preservation efforts by November 21, 2025.

**Republic's Position:**

Over the past three months, the Republic has provided Plaintiffs an enormous amount of information on its post-judgment document collection and preservation efforts, including (i) a description of the Republic's September 2024 preservation notices (*Petersen* ECF No. 789-1); (ii) a detailed 10-page letter describing the Republic's post-judgment preservation efforts (*Petersen* ECF No. 808-6); (iii) copies of the as-distributed preservation notices themselves; and (iv) as explained above, confirmation that the Republic is attempting to collect documents from non-party custodians. Despite this, Plaintiffs raise amorphous "concerns" with the Republic's preservation efforts as to "off channel" communications, but make no

Hon. Loretta A. Preska
November 3, 2025
Page 4

showing that the Republic's extensive efforts fall short of the required "reasonable steps to preserve" relevant documents. *Ungar* v. *City of New York*, 329 F.R.D. 8, 12 (E.D.N.Y. 2018), *aff'd*, 22 WL 10219749 (2d Cir. Oct. 18, 2022) (citing Fed. R. Civ. P. 37(e)).

Plaintiffs first claim the Republic's preservation notices omitted any "continuing obligation to preserve." That is incorrect. The notices explicitly instructed recipients not to "discard, alter, delete, destroy or allow the destruction of any potentially relevant documents," and warned that failure to preserve could "put the Republic of Argentina at risk." The 2024 notices directed custodians to retain their documents and communications "until further notice," and the 2025 notices said the same and expressly reiterated that the 2024 directions "remain in effect."

Plaintiffs next contend that the Republic's preservation notices are deficient because, while they reference "email," they "make no specific reference to text messages or other messaging platforms like WhatsApp." This critique also misses the mark. The notices expressly instructed recipients to preserve relevant documents "wherever they may be found" including "your personal . . . email account . . . and cell phones." This language is thus broader than any particular messaging platform or app.

Last, Plaintiffs ask for a 30(b)(6) deposition on the Republic's "document preservation efforts." No such deposition has been noticed, and there is no basis to take one. A deposition would be inappropriate discovery on discovery and needlessly duplicative of the efforts the Republic has already undertaken to provide a written description of its preservation efforts. *See Parkinson* v. *Desormeau*, 2024 WL 4973490, at *7 (E.D.N.Y. Dec. 4, 2024) ("Rule 30(b)(6) notices are subject to the same Rule 26 limitations as other forms of discovery: they must be proportional to the needs of the case and not unduly burdensome or duplicative."); *see also Baker* v. *Saint-Gobain Performance Plastics Corp.*, 2023 WL 4763745, at *3 (N.D.N.Y. July 26, 2023), *aff'd*, 2024 WL 4523805 (N.D.N.Y. Mar. 21, 2024) (denying party's request for a 30(b)(6) witness because "it would be inappropriate to essentially start over on these topics."). Moreover, Plaintiffs' request is overbroad, as it seeks information far beyond the scope of the Republic's efforts to preserve communications on custodians' personal devices and accounts. *See Dongguk Univ.* v. *Yale Univ.*, 270 F.R.D. 70, 77 n. 2 (D. Conn. 2010) (striking portions of 30(b)(6) notice as "overbroad").

It is clear that Plaintiffs are trying to gin up a baseless discovery dispute because they are fully aware that the discovery requests they have been pressing will not lead to enforceable assets.[2] The Court should reject Plaintiffs' seriatim demands for yet more discovery on discovery.

Finally, to the extent that Plaintiffs maintain that the Republic's efforts to preserve communications are unreasonable in any respect, the Republic requests analogous information concerning Plaintiffs' efforts to preserve information from the personal devices and accounts of the members of the Eskenazi family and other Petersen principals, Eton Park personnel and personnel of Burford Capital (including, but not limited to, Christopher Bogart and Jonathan Molot).

### C. Information Subpoena Question 31 (JSR at 25-28)

**Plaintiffs' Position:**

The Republic has not complied with the Court's order requiring it to provide the names of individuals with knowledge of Plaintiffs' seven topics. The Republic should be required to immediately comply. Nonetheless, Plaintiffs intend to depose the lone witness designated by the Republic, Mariana Lozza, on the topics, including both the substance of the topics and the Republic's collection efforts as they pertain to the topics, and to notice her deposition promptly. Plaintiffs also intend to question Ms. Lozza on her knowledge of the case as a whole.

Rather than identify every individual with knowledge, on October 9, 2025, the Court directed the Republic to identify 30(b)(6)-type witnesses "with knowledge on the issues" that Plaintiffs identified, after the Republic had refused to do so for months. Oct. 9 Hr'g Tr. at 40:8-13, 41:7-12; *see also* ECF No. 808-7. The Court's direction was a narrowing of Plaintiffs' original request that the Republic identify

---

[2] Plaintiffs would have no basis to execute on the assets of the government related enterprises for at least two independent reasons without regard to their alleged alter ego status: (i) the assets of the alleged alter egos were indisputably not "used for the commercial activity upon which the claim is based," putting them outside the scope of the only available FSIA exception to sovereign execution immunity, 28 U.S.C. 1610(a)(2); and (ii) the Court could not, in any event, assert ancillary jurisdiction over any of these entities under *Peterson* v. *Bank Markazi*, 121 F.4th 983, 999 (2d Cir. 2024) ("Ancillary jurisdiction does not extend, however, to 'an action to establish liability on the part of a third party.'" (citation omitted)).

all individuals with knowledge. The Republic now attempts to narrow the Court's order even further. On October 23, 2025, rather than identify one witness for each of the seven topics, the Republic identified one witness for all seven topics. The Republic's single proffered witness—Ms. Lozza, who appears to be a lawyer for the Republic in this matter[3]—does not reflect a good-faith attempt to identify individuals within the Republic with actual knowledge of Plaintiffs' seven topics. This is particularly so in light of the Republic's prior complaints about identifying the "dozens of lower level Argentine public officials" involved in collecting information. July 15 Hr'g Tr. at 28:21-28:23. It is clear that many individuals have knowledge of Plaintiffs' various topics, but the Republic has offered none of them. *See id.* at 28:24-29:2.

Moreover, it also appears that Ms. Lozza was involved in a 2015 criminal action brought by the Republic, through the Attorney General ("Procuración General de la Nacion" or "Public Prosecutor"), against *inter alia* Burford Capital Limited ("Burford") and several members of King & Spalding LLP ("K&S"), stemming from a 2008 arbitration between a group of Spanish investors – Teinver S.A., Transportes Cercanías S.A. and Autobuses Urbanos del Sur S.A. (the "Teinver Claimants") – and the Republic. The Republic's contention that Ms. Lozza did not participate in the criminal complaint is directly contradicted by evidence that, in connection with her role as the Deputy Director at the Office of International Affairs and Controversies for the Republic, Ms. Lozza appears to have collaborated with the Public Prosecutor in connection with its indictment of several individuals from K&S, counsel for the Teinver Claimants, and Burford, the arbitration funder, in connection with certain of their actions allegedly taken during the arbitration.

The Republic's response is inadequate, and it should be required to provide the names of individuals with actual knowledge of Plaintiffs' seven topics. Nonetheless, Plaintiffs intend to depose Ms. Lozza on the topics and to notice her deposition promptly.

In an effort to avoid later disputes and to ensure that the deposition is not a waste of time and resources, Plaintiffs also wish to inform the Court that they intend to question Ms. Lozza on her knowledge of the case as a whole, including any potential biases. The Republic's request to preemptively limit Plaintiffs' deposition of Ms. Lozza to the seven topics should be denied. The topics "cannot be used to

---

[3] *See* ECF No. 377-39 at 5 (excerpt of the deposition of Plaintiffs' expert, Alberto B. Bianchi, noting Ms. Lozza's attendance).

limit what is asked of the designated witness, but rather, . . . constitute[] the minimum, not the maximum, about what a deponent must be prepared to speak." *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (E.D.N.Y. Aug. 13, 2012) (citation and internal quotation marks omitted); *see also Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 n.6 (S.D.N.Y. 2019) (citing *Meyer* with approval). While the Republic's counsel is free to "object to a question as beyond the scope of the notice in order to preserve for the record that the deponent is answering such a question in an individual, not [representative], capacity," *Meyer*, 2012 WL 3536987, at *5, Ms. Lozza should be required to answer all questions asked of her, regardless of whether they relate to the seven topics.

### Republic's Position:

Plaintiffs wrongly assert that "[t]he Republic has not complied with the Court's order requiring it to provide the names of individuals with knowledge of Plaintiffs' seven topics." While Plaintiffs continue to insist that the Republic identify "individuals with knowledge," the Court has in fact ordered the Republic to identify a *Rule 30(b)(6)* witness. As the Court explained: "those are two different things. Individuals with knowledge is [] everybody. A 30(b)(6) witness on the topic of how the gold was moved is quite a different inquiry. . . . and we're not doing everybody with knowledge." (Aug. 6, 2025 Conf. Tr. at 37:6-13; *see also* Oct. 9, 2025 Conf. Tr. at 40:8-9 ("They're entitled to a *30(b)(6)* witness on the various topics." (emphasis added)). At the October 9, 2025 conference, the Court ordered that such a "30(b)(6) witness" be identified within two weeks, and accordingly, on October 23, 2025, the Republic identified such a witness.

Plaintiffs now—without having deposed the witness—complain that the identification is inadequate and demand "the names of [other] individuals," but there is no basis for this. Rule 30(b)(6) provides that "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons to testify on its behalf" in response to a Rule 30(b)(6) notice, Fed. R. Civ. P. 30(b)(6), and there is no basis to demand that an entity "designate a specific person to be its Rule 30(b)(6) witness." *MPD Accessories, B.V. v. Urb. Outfitters, Inc.*, 2013 WL 4399199, at *12 (S.D.N.Y. Aug. 13, 2013) (Fox, M.J.) (denying defendants' motion to compel the plaintiff to produce a specified individual as its Rule 30(b)(6) witness); *see also In re Evenstar Master Fund SPC*, 2021 WL 3829991, at *14 (S.D.N.Y. Aug. 27, 2021) (McCarthy, M.J.) ("[T]he Rule 30(b)(6) deponent is the party who holds the right to select the specific person(s) who will

testify on its behalf; neither the court nor the noticing party can choose the corporate designee.").[4]

Moreover, it should come as no surprise that the Republic has selected a PTN attorney as its Rule 30(b)(6) witness. That selection is appropriate as five of Plaintiffs' seven topics seek information about "the search for" documents responsive to Plaintiffs enforcement discovery requests. (*See, e.g.*, *Petersen* ECF No. 808-7 (seeking Rule 30(b)(6) testimony concerning "Argentina's legal or beneficial interests in any asset in the United States or any Foreign Country, and the search for such assets in response to Plaintiffs' discovery requests").) And Plaintiffs now assert that they can ask about "the Republic's collection efforts as they pertain to [all of] the topics." Because the PTN was involved in coordinating document collection efforts across government ministries, it is best situated to supply a witness. Moreover, given the breadth of Plaintiffs' topics, any Rule 30(b)(6) witness would necessarily need to be educated on the Republic's knowledge of the topics. *See Spanski Enters., Inc.* v. *Telewizja Polska, S.A.*, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009) (Lynch, J.) ("Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice. If they do not possess such personal knowledge, however, the corporation is obligated to prepare them so that they may give knowledgeable answers." (citations omitted)).

Finally, Plaintiffs wrongly say that they can depose the 30(b)(6) witness on "her knowledge of the case as a whole." Plaintiffs' efforts to expand the Rule 30(b)(6) deposition to include extraneous matters beyond the topics authorized by the Court are entirely inappropriate. Plaintiffs sought and received permission to notice seven specific topics, and Ms. Lozza was designated to give testimony on

---

[4] Plaintiffs suggest that Ms. Lozza is not a proper witness because she was supposedly "involved in" a 2015 criminal complaint against Burford Capital and several King & Spalding LLP attorneys (which was dismissed with prejudice in September 2017, more than eight years ago, and which, as Plaintiffs recognize, has no relationship to this case (*see Petersen* ECF No. 161, at 22-23; *see generally Petersen* ECF No. 113, at ¶¶ 13-16)). Despite a vague reference to "evidence," Plaintiffs cite no support for their assertion that Ms. Lozza participated in the criminal complaint. In any event, work on an unrelated matter ten years ago would have nothing to do with her suitability as a 30(b)(6) witness on discovery related topics in this case. Moreover, none of this has any relationship to enforcement of the judgment. Plaintiffs cannot use a Rule 30(b)(6) deposition in this case to attempt to harass or question the witness about a prior, long closed matter.

Hon. Loretta A. Preska
November 3, 2025
Page 9

those seven topics. She was not and will not be designated to give testimony on behalf of the Republic about "the case as a whole." Enforcement of the judgment is the sole issue before this Court; the judgment itself is before the Second Circuit, *see Griggs* v. *Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("a notice of appeal . . . confers jurisdiction on the courts of appeals and divests the district court of its control over those aspects of the case involved in the appeal"), and discovery concerning the underlying claims has long since concluded. The Court should reject Plaintiffs' efforts to expand its permission to take a Rule 30(b)(6) deposition on limited topics into an overbroad fact deposition of a government lawyer working on the case. In any event, Ms. Lozza's personal "knowledge of the case as a whole" derives from her work as a government lawyer instructing counsel and would be privileged and not properly the subject of deposition testimony for that reason, too. To avoid unnecessary disputes at the deposition, the Republic requests that Plaintiffs be ordered to limit their questions to the topics they obtained permission to notice.

### D. Other Discovery Issues

**Plaintiffs' Position:**

On October 1, 2025, Plaintiffs sent the Republic a proposed list of search terms for off-channel and internal communications, as well as modifications and additions to the Republic's list of proposed alter-ego custodians. In addition, on October 6, 2025, Plaintiffs sent the Republic a letter regarding certain long-pending discovery issues. On October 31, 2025, the Republic responded by letter to Plaintiffs' October 6, 2025 letter and their alter-ego custodians proposal. Plaintiffs are reviewing the Republic's October 31, 2025 letter. Plaintiffs continue to await a response from the Republic on Plaintiffs' proposed list of search terms for off-channel and internal communications, sent to the Republic more than a month ago.

It is evident from the Republic's recent correspondence that the Republic's goal is to avoid and delay production of relevant discovery for as long as possible. The Republic first objected to Plaintiffs' 2024 document requests concerning the Republic's assets in Argentina based on burden and executability. In the July 2025 JSR, the Republic continued to object because the "burdens" of conducting searches for assets in Argentina "are staggering and obvious," JSR at 13, and would require "thousands of hours of time" to complete, *id*. at 14. After repeated pressing by Plaintiffs, the Republic eventually agreed to search for relevant information. The Republic's claims of "staggering" burden appear to have been overblown, and the

Republic has been able to identify (and continues to identify in its most recent letter) new centralized databases of relevant information previously unknown to Plaintiffs.

While the Republic represents that it "expects" to begin production from certain of these centralized databases on November 3, 2025, it provides no indication of when its identification of new centralized databases, let alone its production, will be complete. Further delay is unwarranted. Plaintiffs respectfully request that the Court order the Republic to substantially complete its production of relevant documents relating to certain assets in Argentina, and all other outstanding discovery, by no later than November 21, 2025.

### Republic's Position:

On October 31, 2025, the Republic sent Plaintiffs a detailed response to their October 6 letter, including as to Plaintiffs' "modifications and additions" to the Republic's proposed custodian list. In addition, the Republic sent a second letter responding to Plaintiffs' requests that the Republic identify the accounts used in connection with the transactions identified in Information Subpoena Questions 15, 18, 26, 27, 29, and 30. On November 3, the Republic made its first production of documents identified as a result of the Republic's searches for information concerning certain of the Republic's assets in Argentina, which may be responsive to Plaintiffs' requests regarding (1) debts owed to the Republic by persons in Argentina (First RFPs 38; Second RFPs 7, 28, 31, 40, 48; Subpoena Question 10); (2) debts owed by the Republic to persons in Argentina (First RFPs 37; Second RFPs 8, 40, 49, 52); Subpoena Question 11); and (3) movable assets in Argentina and legal and beneficial interests therein (Second RFPs 3, 4). Finally, with respect to Plaintiffs' October 1 search terms, it took Plaintiffs a full eight weeks from the Court's August 6, 2025 order allowing Plaintiffs to propose separate lists of search terms for email and "non-email apps" to make that search-term proposal. (Aug. 6, 2025 Conf. Tr. at 20:22-30:1.) The Republic is still testing these search terms to determine whether they generate "false positives" and intends to respond this week—*i.e.*, only four weeks after the Republic received Plaintiffs' terms, or half of the time that it took Plaintiffs to make their search-term proposal.

Finally, Plaintiffs' request that the Republic complete its production by November 21, 2025 represents an improper effort to move the goal posts on the eve of a discovery conference before the Court. At midday on October 31, Plaintiffs sent a draft of their sections of the parties' joint letter to the Court in which they noted that the Republic had not responded to certain letters and requested that the

Hon. Loretta A. Preska
November 3, 2025
Page 11

Republic be ordered to respond to Plaintiffs no later than November 7. The Republic, however, was already finalizing its responses and provided those later that same day, *i.e.*, October 31. The Republic also noted this when it provided its mark-up of the parties' joint letter to Plaintiffs. Astonishingly, having received the responses it sought *early*, Plaintiffs at 5:24 PM on November 3 sent a "revision" to their section, now seeking to impose a November 21, 2025 deadline for the Republic to substantially complete "all outstanding discovery."

      Plaintiffs' late-breaking demand that the Republic complete its entire production relating to assets in Argentina—a demand they never previously raised with the Republic—is unrealistic and entirely improper. The Republic is still in the process of searching newly identified centralized databases; conferring with the relevant ministries regarding the searches that have been conducted to date of previously identified centralized databases; and exploring whether additional data sources other than those the Republic has already identified may contain information responsive to Plaintiffs' discovery requests. The Republic is working expeditiously to complete its searches, but believes that the process, which is iterative and burdensome, will take at least six weeks. Indeed, the searches the Republic has conducted thus far have required the work of dozens of government officials over hundreds of hours—which will likely be "thousands" before this process ends. Plaintiffs' suggestion that because the Republic has been able to conduct some searches of some centralized databases the process is simple is wrong.

Respectfully Submitted,

| | |
|---|---|
| */s/ Seth L. Levine* | */s/ Robert J. Giuffra Jr.* |
| Seth L. Levine | Robert J. Giuffra Jr. |
| Alison M. Bonelli | Sergio J. Galvis |
| | Amanda F. Davidoff |
| LEVINE LEE LLP | Thomas C. White |
| 400 Madison Avenue | Adam R. Brebner |
| New York, New York 10017 | |
| Telephone: (212) 257-4400 | SULLIVAN & CROMWELL LLP |
| slevine@levinelee.com | 125 Broad Street |
| abonelli@levinelee.com | New York, New York 10004 |
| | Telephone: (212) 558-4000 |
| | Facsimile: (212) 558-3588 |

Hon. Loretta A. Preska
November 3, 2025
Page 12

| | |
|---|---|
| KING & SPALDING LLP<br>Laura Harris<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 556-2100<br>Fax: (212) 556-2222<br>Email: lharris@kslaw.com | giuffrar@sullcrom.com<br>galviss@sullcrom.com<br>davidoffa@sullcrom.com<br>whitet@sullcrom.com<br>brebnera@sullcrom.com<br><br>*Counsel for the Argentine Republic* |

-and-

Reginald R. Smith
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Phone: (713) 751-3200
Email: rsmith@kslaw.com

KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
Andrew E. Goldsmith
Alejandra Ávila
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
agoldsmith@kellogghansen.com
aavila@kellogghansen.com

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*