**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

November 18, 2025

BY ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, New York 10007

**Re:** *Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.,* No. 15 Civ. 2739 (S.D.N.Y.) (LAP); *Eton Park Capital Mgmt. et al. v. Argentine Republic et al.,* No. 16 Civ. 8569 (S.D.N.Y.) (LAP)

Dear Judge Preska:

Pursuant to Rule 2(A) of the Court's Individual Practices and Local Rule 37.2, non-party YPF S.A. ("YPF") respectfully seeks a pre-motion conference concerning YPF's motion asking the Court to confirm that the discovery stay entered on October 16, 2025 remains in place or is otherwise extended pending YPF's expedited appeals of the Court's September 17, 2025 order (the "Order"), Dkt. 798,[1] and November 10, 2025 order (the "Reconsideration Decision"), Dkt. 835.[2]

On October 16, 2025, the Court granted YPF's request for a stay of alter ego discovery. Oct. 16 Tr. 34:25-35:1. YPF had requested a stay "pending resolution of YPF's pending Motion for Reconsideration/Reargument, and if necessary, appeal of the Order." Dkt. 804 at 3; *see also* Oct. 16 Tr. 4:19-20, 13:14-20 (requesting stay until motion is "fully resolved," including, if reconsideration were denied, a "stay until the issue can be resolved by the Second Circuit"); Dkt. 825 at 11 (requesting that "[i]n the event the Court denies the motion, … the Court stay the Order and extend the current stay of alter ego discovery from YPF pending appeal").

---

[1] References to "Dkt." refer to case number 1:15-cv-2739.

[2] YPF filed its notices of appeal of the Order on October 17, and its notices of appeal of the Reconsideration Decision on November 12. YPF will file its appeal brief on December 23, 2025.

On November 10, 2025, the Court denied YPF's motion for reconsideration, but did not address the existing stay. Dkt. 835. YPF respectfully requests clarification to confirm that the stay of alter ego discovery from YPF remains in place or is otherwise extended pending resolution of YPF's appeals.

The Reconsideration Decision recognized the Court's need to assess jurisdiction with respect to YPF, but rejected YPF's assertion of jurisdictional immunity. The denial of immunity is, among other issues, now on appeal before the Second Circuit, divesting this Court of jurisdiction and entitling YPF to a stay. *See* Dkt. 65; *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal … divests the district court of its control over those aspects of the case involved in the appeal."); *Barnet v. Ministry of Culture & Sports of the Hellenic Rep.*, 961 F.3d 193, 198-99 (2d Cir. 2020) (proceedings stayed by district court pending appeal of sovereign immunity claim); *Process & Industrial Devs. Ltd. v. Fed. Rep. of Nigeria*, 2018 WL 8997442, at *2 (D.D.C. Nov. 1, 2018) (maintaining stay and noting procedural order with "effect of abrogating sovereign immunity" divested district court of jurisdiction pending appeal); *Beaty v. Republic of Iraq*, 2007 WL 1169333, at *2 (D.D.C. April 19, 2007) (staying "all proceedings … because an appeal from the denial of a motion to dismiss on sovereign-immunity grounds … divests the district court of jurisdiction").

There is also good cause to stay discovery and the effect of the Order and Reconsideration Decision pending appeal. *See* Dkts. 804, 809; *see also Nken v. Holder*, 556 U.S. 418, 434 (2009) (identifying four factors for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies," with the first two factors considered "most critical").

***First***, YPF has raised serious objections to Plaintiffs' pursuit of YPF as an alleged alter ego (including through pre-complaint, pre-motion discovery) based on, among other grounds, *res judicata* and lack of subject matter jurisdiction. YPF "need only present a substantial case on the merits when a serious legal question is involved." *In re 650 Fifth Ave. & Related Props.*, 2020 WL 3000382, at *2 (S.D.N.Y. June 4, 2020) (Preska, J.). The Second Circuit's resolution of these issues will have a "material impact" on YPF's ability to avail itself of the immunity afforded to it under the FSIA and the repose to which *res judicata* entitles it. *Id.*; *see also Morgan Guar. Tr. Co. of New York v. Republic of Palau*, 702 F. Supp. 60, 66 (S.D.N.Y. 1988) (courts "properly stay their own orders" when they rule on "difficult legal question[s]" where "the equities of the case suggest

that the status quo be maintained").

**Second**, YPF would be irreparably injured absent continuation of the stay because it would be forced to participate in what it maintains is an unlawful discovery process and denied the protections of *res judicata* and the FSIA before the Second Circuit can rule on the serious legal questions presented in these appeals.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985) (immunity defenses "effectively lost if a case is erroneously permitted" to proceed).

**Third**, a continuation of the stay would not "substantially injure" Plaintiffs. YPF and Plaintiffs have agreed to expedite the appeals, with briefing complete by March 13, and have requested oral argument as soon as possible thereafter. Plaintiffs have already received alter-ego discovery and will be able to continue to obtain such discovery from the Republic and others.  This has been the status quo since November 2024, when the Court first stayed discovery in the wake of *Peterson v. Bank Markazi*, 121 F.4th 983 (2d Cir. 2024), *see* Dkt. 685, and should be maintained pending appeal, *see Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 2012 WL 3023985, at *3 (S.D.N.Y. July 24, 2012) (granting stay when "maintaining the status quo [] poses no risk – to any party").

**Fourth**, public interest considerations – including on YPF's side, respect for repose, abiding by limitations on exercising jurisdiction over sovereign instrumentalities, and protecting the rights of YPF and its 49% minority shareholders whose interests cannot be adequately represented by the Republic – do not tip the balance against a stay.

Accordingly, YPF respectfully requests the Court confirm the stay granted on October 16 remains in effect, or is otherwise extended, pending YPF's appeals.

> Respectfully submitted,
>
> */s/ Mark P. Goodman*
> Mark P. Goodman
> Shannon Rose Selden
> mpgoodman@debevoise.com
> srselden@debevoise.com

cc:    Counsel of Record (by ECF)