KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

November 21, 2025

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:   *Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 15-cv-02739 (S.D.N.Y.); *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-08569 (S.D.N.Y.)

Dear Judge Preska:

    The Court should reject YPF S.A.'s request for yet another stay of discovery, Dkt. 837, this time pending YPF's appeal of the denial of its motion for reconsideration, Dkt. 835.[1]  The Court stayed discovery only through the pendency of that motion, and nothing in the Court's ruling suggested the stay would extend through an appeal.  *See* Oct. 16, 2025 Tr. 34:17-35:1.  Now that the motion has been denied, and because each stay factor weighs against YPF, the Court should decline to impose a further stay.

## I.    This Court Retains Jurisdiction Pending Appeal

    YPF's decision to seek an interlocutory appeal does not "divest[] this Court of jurisdiction" or "entitl[e] YPF to a stay," as YPF contends.  Dkt. 837 at 2.  The Second Circuit rejected that argument in *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167 (2d Cir. 2007).  There, the Second Circuit vacated a stay entered pending an appeal from the denial of immunity.  *Id.* at 169-70.  The

---

[1] Docket numbers refer to Case No. 15-cv-02739.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Loretta A. Preska
November 21, 2025
Page 2

Second Circuit held there was no automatic stay pending interlocutory appeal and that any jurisdictional question involved "similar if not identical considerations" to the traditional stay factors. *Id.* After concluding that those factors weighed against the stay, the Second Circuit held that the district court had "jurisdiction to proceed" with discovery. *Id.* at 171. The same result is warranted here.

  YPF ignores this binding authority, and the cases it cites do not help it. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982) (not addressing interlocutory appeals); *Barnet v. Ministry of Culture & Sports of the Hellenic Republic*, 961 F.3d 193 (2d Cir. 2020) (merely noting that the district court stayed discovery). As for YPF's out-of-circuit cases, they are neither binding nor on point, since no claim has been pleaded against YPF here (unlike the sovereigns in those cases). *See Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 2018 WL 8997442 (D.D.C. Nov. 1, 2018); *Beaty v. Republic of Iraq*, 2007 WL 1169333 (D.D.C. Apr. 19, 2017).

**II.** **A Stay Pending Appeal Should Be Denied**

  "A stay is not a matter of right," and the decision to enter a stay pending interlocutory appeal is "left to the court's discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The party requesting the stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34. When evaluating such a request, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Veeraswamy*, 2025 WL 2740374, at *21 (E.D.N.Y. Sept. 26, 2025) (denying motion to stay pending appeal). All four factors cut against YPF.

  ***First***, YPF's appeal is unlikely to succeed. YPF's immunity and *res judicata* arguments depend on the incorrect premise that Plaintiffs have asserted an alter-ego claim against YPF. But as the Court has recognized, Plaintiffs have brought no such claim and have sought no recovery against YPF under this theory. Dkt. 798 at 10. Nor does the Second Circuit require Plaintiffs to bring a claim against a third party to obtain alter-ego discovery. *See, e.g., Trs. of N.Y. City Dist.*

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Loretta A. Preska
November 21, 2025
Page 3

*Council of Carpenters Pension Fund v. Port Parties, Ltd.*, 2018 WL 6061205, at *4 (S.D.N.Y. Nov. 20, 2018) (permitting nonparty subpoena where there were "sufficient questions" as to "alter ego relationship"). YPF has also waived any supposed immunity in these discovery proceedings through its production, which it asserts is now "finished." Oct. 16 Tr. 8:12-13.

    **Second**, YPF's claim of irreparable injury is implausible. YPF complains that, absent a stay, it would be "forced to participate" in "an unlawful discovery process." Dkt. 837 at 3. But YPF has represented to the Court that it has "finished [its] production." Oct. 16 Tr. 8:12-13. If that representation is accurate, then YPF faces no burden (let alone irreparable harm) in the absence of a stay. Likewise, because YPF asserts that it has already completed production, there is no "immunity defense" to be "effectively lost if [the] case is erroneously permitted" to proceed. *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). In any event, the Second Circuit has made clear that a stay may not be warranted even when "proceedings in the District Court pending appeal will irreparably impair, at least to some extent, [an] alleged claim to immunity from suit." *World Trade Ctr.*, 503 F.3d at 170.

    **Third,** the Court has already determined that the prejudice to Plaintiffs from further delay would be substantial. As the Court has observed, Dkt. 798 at 13, "[c]utting off a potential route to collection would impose severe hardship on Plaintiffs." *See also* Oct. 16 Tr. 34:24-25. By contrast, "YPF does not face an inappropriate amount of hardship." Dkt. 798 at 13. Although YPF suggests that Plaintiffs "will be able to continue to obtain [alter-ego] discovery from the Republic and others," Dkt. 837 at 3, Plaintiffs have not pursued alter-ego discovery about YPF from third parties when the Court had stayed such discovery from YPF itself. Because YPF assumes that Plaintiffs can obtain alter-ego discovery concerning YPF from the Republic and third parties, Plaintiffs respectfully request that the Court make clear that such discovery may proceed. Regardless, given YPF's representation that its production is complete and the minimal burden YPF would face if a stay is denied, the balance of equities overwhelmingly favors Plaintiffs.

    **Fourth**, as the Court has already held, "[t]he public interest considerations weigh strongly in favor of Plaintiffs." Dkt. 798 at 13. The Second Circuit has

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
November 21, 2025
Page 4

emphasized that the "effect of the passage of time upon the Plaintiffs' interests also has a bearing on the public interest." *World Trade Ctr.*, 503 F.3d at 170. Granting a stay here would risk prolonging post-judgment discovery in this decade-old case until 2027. *See Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 13 (E.D.N.Y. 2007) (declining to stay discovery pending appeal to avoid delaying a 2004 case until 2009). That delay is unwarranted and would only further impede Plaintiffs' efforts to enforce their unstayed $16.1 billion judgment.

Respectfully submitted,

*/s/ Andrew E. Goldsmith*
Andrew E. Goldsmith

*Counsel for Plaintiffs*