# LEVINE LEE LLP

400 Madison Avenue
New York, NY 10017
212-223-4400 main
www.levinelee.com

**Seth L. Levine**
212-257-4040 direct
slevine@levinelee.com

January 21, 2026

<u>**VIA ECF**</u>

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   <u>*Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-08569</u>

Your Honor:

      Pursuant to Rule 2(G) of Your Honor's Individual Practices and Paragraph 13 of the stipulation and order governing the production and exchange of confidential materials in these actions (*Petersen* Dkt. No. 674; *Eton Park* Dkt. No. 596) (the "Protective Order"), and at the Republic's request, Plaintiffs respectfully seek leave to file under seal Exhibit A to Plaintiffs' pre-motion letter arising from the Republic's production of an unqualified and unprepared 30(b)(6) witness regarding Argentina's gold reserves ("Pre-Motion Letter"), dated January 21, 2026, as well as the portions of the Pre-Motion Letter that quote from Exhibit A.

      Exhibit A is the transcript of the deposition of Luis Alberto Trajtenberg, the Republic's 30(b)(6) designee concerning Argentina's gold reserves. The Republic has designated Exhibit A as "Confidential" pursuant to the Protective Order. The Republic has represented that it is designating the entire transcript as "Confidential" based on its assertion that the deposition purportedly includes non-public confidential information regarding the gold reserves held by the BCRA and references to confidential third-party productions.

Hon. Loretta A. Preska
January 21, 2026
Page 2

      However, Mr. Trajtenberg had no substantive knowledge of any non-public information relating to Argentina's gold reserves or the movement of those reserves, and no documents from any third-party productions were marked or read into the record during the deposition. The Republic's confidentiality designation therefore lacks any factual or good-faith basis and is improper under the Protective Order, as Plaintiffs made clear at the conclusion of the deposition and subsequently. *See* Ex. A at 64:8-22. Accordingly, Plaintiffs object to the sealing of Exhibit A and any portions of the Pre-Motion Letter, but submit this letter-motion solely pursuant to the Protective Order.

                                                       Respectfully submitted,

                                                       */s/ Seth L. Levine*
                                                       Seth L. Levine
                                                       Alison M. Bonelli

cc:    All counsel of record (via ECF)