# LEVINE LEE LLP

400 Madison Avenue
New York, NY 10017
212-223-4400 main
www.levinelee.com

**Seth L. Levine**
212-257-4040 direct
slevine@levinelee.com

January 21, 2026

**VIA ECF**
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: ***Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-08569**

Your Honor:

    Under the Court's Individual Practice Rule 2(A), Local Rule 37.2, and Rule 37, Plaintiffs respectfully request a pre-motion conference concerning their anticipated motion arising from the Republic's failure to produce a qualified Rule 30(b)(6) witness regarding Argentina's gold reserves. *See* Oct. 9, 2025 Tr. at 36:7-16; Dkt. 808-7. Plaintiffs request that the Court: (1) compel the Republic to immediately provide a sworn statement identifying the location, movements, and account(s) holding the gold, and make the witness available for testimony; (2) direct an evidentiary hearing if the Republic fails to do so based on claimed lack of access to information BCRA has or otherwise; and (3) award Plaintiffs their reasonable attorneys' fees.

    The Republic's failure to produce a qualified witness is part of its strategy to evade enforcement of the $16.1 billion judgment, including by concealing more than $1 billion in gold reserves. For nearly eighteen months, the Republic avoided responding to Plaintiffs' May 15, 2024 Information Subpoena seeking this

Hon. Loretta A. Preska
January 21, 2026
Page 2

information, despite Plaintiffs' repeated efforts. *See* Dkts. 699 at 3, 700 at 2, 763 at 25, 32.

That obstruction continued after Court intervention. On August 6, 2025, the Court ordered the Republic to provide a witness concerning the gold reserves, and the Republic agreed. Aug. 6, 2025 Tr. at 36:10-37:2. The Republic then breached that commitment by producing a deliberately unqualified and unprepared designee—part of its ongoing strategy to impede discovery and consistent with its established pattern of discovery misconduct detailed in Plaintiffs' off-channel sanctions motion. Dkt. 852. The resulting prejudice to Plaintiffs is ongoing and acute. The price of gold has surged to a record high,[1] compounding the harm while the Republic continues to withhold this basic, court-ordered information.

**I.      The Republic Willfully Failed to Comply with its Discovery Obligations**



---

[1]     Reuters, "Gold hits record as inflation data cements Fed rate cut bets; silver sets new high," CNBC (Jan. 13, 2026), https://www.cnbc.com/2026/01/13/gold-steadies-below-record-4600-ahead-of-us-inflation-data.html.

Hon. Loretta A. Preska
January 21, 2026
Page 3



Although the Ministry of Security consults regarding gold reserve transportation and produces reports on the same, and that Ministry and the Auditoría General de la Nación ("AGN")[2] possess legal authority to request and/or access information from BCRA, *see also* Ex. B, Decreto 416/2018, May 7, 2018 at 2.

The Republic also failed to prepare its designee concerning Economy Minister Luis Caputo, who has knowledge of the movement of gold. *See* Dkts. 763 at 32, 763-1 ¶ 22; 763-9 at 2. Despite Mr. Caputo's admissions and ▇▇▇ with the head of the BCRA, ▇▇▇ Dkt. 774 at 3-4 (Caputo and BCRA Governor Bausili are in "continuous contact via chat group"; "Mr. Caputo is Mr. Bausili's 'jefe' (boss)"),

Producing this "unprepared witness is tantamount to a failure to appear." *Kyoei Fire & Marine Ins. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (Preska, J.). That the Republic failed to provide a deponent with knowledge, even though others—especially Mr. Caputo—had knowledge, makes this failure "particularly egregious." *Spanski Enters., Inc. v. Telewizja Polska, S.A.*, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009).

---

[2] *See* Ex. C, *Bank Employees' Assoc. Civil Assoc. v. BCRA - Law 27275 s/Amparo Law* 16.986 (Dec. 19, 2025) (BCRA cannot categorically withhold information responsive to third-party requests about the movement of its gold reserves based on a generalized claim of confidentiality); *see also* Ex. D, Banco Central de la República Argentina, Press Release, *Management of the BCRA's Gold Reserves* (Sept. 2, 2024) ("Both the [AGN] and the relevant control entities maintain access to . . . information under the standards of confidentiality.").

Hon. Loretta A. Preska
January 21, 2026
Page 4

## II. The Court Should Require Compliance With its Order and Award Fees

The Court should compel the Republic to provide via sworn statement the location of the gold, the account(s) holding the gold, and how it came to be there, and make the witness available for testimony. *See Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 2011 WL 5024221, at *2 (S.D.N.Y. Oct. 14, 2011), *report and recommendation adopted*, 2011 WL 5024231 (S.D.N.Y. Oct. 20, 2011). If the Republic fails to do so, because of its claims of lack of access to information held by BCRA or otherwise, the Court should hold an evidentiary hearing with testimony from individuals with knowledge, including Mr. Caputo and other witnesses.

The Republic should further be ordered to pay Plaintiffs' expenses, including reasonable attorneys' fees, incurred because of its failure to produce an adequate witness. *See Adrian Shipholding Inc. v. Lawndale Grp. S.A.*, 2012 WL 104939, at *9-10 (S.D.N.Y. Jan. 13, 2012), *report and recommendation adopted*, 2012 WL 407475 (S.D.N.Y. Feb. 9, 2012).

Respectfully submitted,

*/s/ Seth L. Levine*
Seth L. Levine
Alison M. Bonelli

cc: All counsel of record via ECF