SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 27, 2026

Via ECF

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY 10007.

      Re:  *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Capital Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

      On behalf of the Argentine Republic, I respectfully request a pre-motion conference on the Republic's anticipated motion to stay further post-judgment discovery (including discovery-related contempt proceedings) pending appeal of the final judgment. The Republic's appeal was argued on October 29, 2025, but Plaintiffs are doubling down on their requests for increasingly intrusive and irrelevant discovery and have even initiated contempt proceedings. In the interests of judicial efficiency and international comity, further discovery proceedings should be stayed pending appeal.

      After over two years of post-judgment discovery, the Republic has produced anything that could reasonably lead to identification of its executable assets—totaling over 115,000 pages. Davidoff Decl. ¶ 16. In recent months, Plaintiffs' requests have become increasingly burdensome and decreasingly relevant. Plaintiffs are now pursuing (i) information about assets of the Argentine Central Bank, which is not subject to this Court's jurisdiction, has no executable assets, and which the Second Circuit has already held is not an alter ego of the Republic, *EM Ltd.* v. *Banco Central de la República Argentina*, 800 F.3d 78, 94-95 (2d Cir. 2015); and (ii) communications on the personal accounts of the Republic's most senior current and former officials relating to other entities, which could not

The Honorable Loretta A. Preska                                                                                        -2-

realistically support an alter-ego finding (and concern entities that are not subject to jurisdiction and have no executable assets). *See* 28 U.S.C. § 1610(a)(2) (relevant FSIA exception requires that U.S.-located property be used in the United States for "commercial activity" and "used for the commercial activity upon which the claim is based"). The Republic has made every effort to cooperate with Plaintiffs' unreasonable demands, including preparing six Rule 30(b)(6) witnesses to testify for approximately 30 hours on wide-ranging topics, and, over burden and relevance objections, producing more than 700 pages of communications from the personal devices of 12 officials.

Despite all this, Plaintiffs still are not satisfied because their apparent goal is not actually to get asset-related discovery. Rather, it is to make unrealistic demands to throw "sand in the gears" of the Republic's economic recovery, harass the Republic into settling, or force Argentina into contempt and inflict corresponding reputational harm. That cannot continue.

After exhausting all other options, the Republic now seeks a stay of post-judgment discovery pending appeal of the final judgment. The Second Circuit's upcoming ruling may entirely eliminate the need for post-judgment discovery. *See O'Sullivan* v. *Deutsche Bank AG*, 2018 WL 1989585, at *8 (S.D.N.Y. 2018) (granting stay where "discovery may well be substantially reduced, if not eliminated"). The Republic's pending appeal of the Turnover Order may also have implications for whether further alter-ego discovery is relevant. And the Republic's pending appeal of the Personal Device Order will determine whether further discovery of personal devices is permitted and may eliminate the basis for Plaintiffs' contempt motion. Both appeals are now tentatively scheduled for the week of April 13.

In deciding whether to grant a stay of discovery pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken* v. *Holder*, 556 U.S. 418, 434 (2009). Each factor supports a stay here.

*First*, the Republic "has made a strong showing that [it] is likely to succeed on the merits," as reflected in the arguments before the Second Circuit. *Id.*; *see In re 650 Fifth Ave. & Related Props.*, 2020 WL 3000382, at *2 (S.D.N.Y. 2020) (Preska, J.) (first factor requires "a substantial case on the merits when a serious legal question is involved").

The Honorable Loretta A. Preska                                                            -3-

*Second*, the Republic will suffer irreparable harm absent a stay. The Republic has already devoted thousands of hours of outside-counsel time and a significant amount of Argentine officials' time trying to satisfy Plaintiffs' discovery demands. *See* Davidoff Decl. ¶ 19. But Plaintiffs' actions confirm that there will be no end to their intrusive and burdensome demands, regardless of the Republic's best efforts to comply, as evidenced by their contempt motion. Contempt is an extreme remedy that would cause the Republic both reputational and financial harm. *See In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998) ("A contempt order offends diplomatic niceties even it if is ultimately set aside on appeal."). Plaintiffs have also recently moved to compel the Republic to produce Central Bank information about gold reserves that the Republic does not have, which could lead to further burdens.

*Third*, Plaintiffs would suffer no harm from a stay. The Republic has already produced all discovery reasonably relevant to identifying potentially executable assets. Moreover, Plaintiffs will not have to wait long, as the merits appeal was argued three months ago. *See First City, Texas-Houston, N.A.* v. *Rafidain Bank*, 131 F. Supp. 2d 540, 543 (S.D.N.Y. 2001) (no substantial harm where court of appeals already scheduled argument).

*Fourth*, a stay would serve the public interest. Continuation of Plaintiffs' burdensome discovery threatens the "public interest in maintaining harmonious international relations." *Inst. of Cetacean Research* v. *Sea Shepherd Conservation Soc.*, 725 F.3d 940, 946 (9th Cir. 2013). Plaintiffs' current position is that the Republic should *fire cabinet-level officials* if that is what it takes to get a few more irrelevant WhatsApp snippets (if anything at all). More generally, Plaintiffs have "embroil[ed]" the Republic in "expensive litigation" of post-judgment proceedings in this Court and around the world, a scenario the Supreme Court has cautioned against. *Federal Republic of Germany* v. *Philipp*, 141 S. Ct. 703, 714 (2021). And Plaintiffs also have burdened numerous third parties, serving 141 third-party subpoenas to date. Davidoff Decl. ¶ 18.

At the very least, if the Court does not stay all discovery, it should stay further personal-communications discovery and the related contempt proceedings, pending appeal of the Personal Device Order. The Republic has a likelihood of success on that appeal, too, as its briefs in the Second Circuit demonstrate. And the irreparable harm and balance of interests are apparent: The Second Circuit should have an opportunity to rule on the propriety of this order before any contempt proceedings against a foreign sovereign. *See Papandreou*, 139 F.3d at 251 (forcing sovereign to "take the contempt route" before appeal "betrays a misunderstanding of immunity or diplomacy or both").

The Honorable Loretta A. Preska                                             -4-

                                                                            Respectfully,

                                                                            */s/ Robert J. Giuffra, Jr.*
                                                                            Robert J. Giuffra, Jr.

cc:    Counsel of Record (via ECF)