SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 10, 2026

Via ECF

The Honorable Loretta A. Preska,
　United States District Court for the Southern District of New York,
　　500 Pearl Street,
　　　New York, NY  10007.

　　　　Re:　*Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

　　Plaintiffs' letter (Dkt. 874) confirms that—after two years of extensive post-judgment discovery—this Court should stay further discovery pending the merits appeal.  Both of Plaintiffs' threshold arguments fail.  And the stay is warranted under the *Nken* factors.

　　*First*, Plaintiffs recast (at 1-2) the Republic's motion as seeking "reconsideration" of this Court's order denying a stay of execution two years ago.  Not so.  The Republic is seeking a stay of further discovery, not all execution, and under materially changed circumstances.  The merits appeal was argued last October, and the Second Circuit could decide this appeal at any time.  Plaintiffs already have obtained massive discovery of the Republic's assets both within and outside Argentina, including about its worldwide financial accounts, real property, moveable assets, YPF shares, commercial transactions, debts, final judgments, and arbitral awards.  (Dkt. 867 ¶¶ 6-15.)  Plaintiffs have received all discovery needed to identify the Republic's assets—and have brought recognition and enforcement proceedings in courts around the world.

The Honorable Loretta A. Preska                                                                        -2-

*Second,* Plaintiffs say (at 2) that the Republic has acted "inequitab[ly]," even though the Republic has done everything possible to comply with Plaintiffs' ever-expanding post-judgment discovery demands. In addition to the comprehensive asset-related discovery described above, the Republic has reproduced documents from unrelated post-judgment proceedings, prepared six (soon to be seven) Rule 30(b)(6) witnesses to testify for more than 30 hours, and produced information regarding diplomatic, consular, and military property, two years of interbank (SWIFT) messages, financial agreements with Chinese entities, concession contracts, and more. (Dkt. 867 ¶¶ 7-15.)

*Third,* each of the *Nken* factors supports a stay.

1. Plaintiffs say (at 3) that the Republic has made only "conclusory assertions" regarding the likelihood of success on appeal. Given the space limitations in a pre-motion letter, the Republic's briefing and oral argument before the Second Circuit is more than enough to show the substantial—indeed, unprecedented—legal issues under governing Argentine law, as well as U.S. law, now on appeal.

2. On irreparable harm, Plaintiffs argue (at 3) that the burdens of "discovery alone" are insufficient. But Plaintiffs have made increasingly intrusive and irrelevant demands, such as discovery aimed at supposed "alter egos" that courts have already held *not* to be alter egos, and confidential information from the Argentine Central Bank. Plaintiffs also have increasingly sought discovery-on-discovery to try to manufacture disputes, and have recently upped the ante through contempt proceedings, demanding million-dollar-a-day sanctions and alter-ego findings concerning entities that are not subject to this Court's jurisdiction. Plaintiffs' pressure campaign is expressly directed at harming an important U.S. ally's efforts to rebuild its economy for its more than 45 million citizens (Dkt. 613-1 at 10)—just the kind of irreparable harm this Court should want to prevent.

3. Plaintiffs wrongly claim (at 3) that they will be "materially prejudic[ed]" by a stay. Given the extensive discovery Plaintiffs already have received, and the large amount of public information about the Republic's assets, any remaining discovery is of tertiary relevance at best. The Republic's assets are almost entirely located within Argentina. To enforce the Court's judgment in Argentina, Plaintiffs must seek to have the judgment recognized there. Discovery of assets is not necessary under the procedure for enforcement in Argentina. (Santiago Decl. ¶¶ 28-33 (Dkt. 580).) But, under Argentine law, Plaintiffs can seek

The Honorable Loretta A. Preska                                                                -3-

recognition only after the appeal is finally decided (*id.* ¶¶ 26-27)—which is another reason to stay further discovery pending the Second Circuit's decision.

      4.     Plaintiffs ignore the public-interest factors, except to repeat (at 4) their accusation that the Republic has been "noncomplian[t]." Plaintiffs' increasing demands—exemplified by their recent demand that the Republic should be held in contempt if it does not fire cabinet-level officials—plainly do not serve the public interest in international comity or U.S. foreign-policy goals.

*Finally*, the Court should at least stay further proceedings on the Personal Device Order, including Plaintiffs' motion for sanctions, pending appeal of that order, which is tentatively scheduled for argument the week of April 13. Plaintiffs accuse (at 4) the Republic of "delay." But the Republic has tried doing everything possible to comply before seeking a stay—which courts should encourage, not penalize.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:    Counsel of Record (via ECF)