UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
PETERSEN ENERGIA INVERSORA,
S.A.U. ET AL.,

                Plaintiff,          No. 15 Civ. 02739 (LAP)

-against-                                    ORDER

ARGENTINE REPUBLIC ET AL.,

                Defendants.
```

```
ETON PARK CAPITAL MANAGEMENT
L.P. ET AL.,

                Plaintiff,          No. 16 Civ. 08569 (LAP)

-against-                                    ORDER

ARGENTINE REPUBLIC ET AL.,

                Defendants.
```

LORETTA A. PRESKA, Senior United States District Judge:[1]

At a conference on January 29, 2026, (the "January 29 Conference"), the Court issued a series of oral orders resolving discovery disputes and setting a revised schedule for Plaintiffs' contempt motion. The parties have since raised a dispute regarding the Court's order on the Republic's gold reserves. (Dkt. nos.

---

[1] References to the docket refer to the lead case, Petersen Energia Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ. 02739.

869, 870.)  This Order resolves that dispute and confirms the evidentiary hearing schedule.

## A. Gold Reserves: 30(B)(6) Deposition Fees & Costs

Prior to the January 29 Conference, Plaintiffs raised a separate discovery issue regarding the deposition of the Republic's Rule 30(b)(6) designee relating to Argentina's gold reserves and the Republic's search for information concerning those gold reserves.  (Dkt. 858.)  The parties disagree as to whether the Court ordered the Republic to pay reasonable attorneys' fees and costs in connection with the witness's inability to provide such information at his deposition.

To be sure, the Court warned that if the Rule 30(b)(6) witness entirely failed to prepare for the deposition there was "no reason why [Plaintiffs'] fees shouldn't be paid for wasting time at that deposition."  (Tr. at 30:9-10.)  In the subsequent colloquy, however, counsel for the Republic represented that the witness in question and the Republic at large "[do not] know where the gold is today, what country it is located in."  (Tr. at 35:7-24.)  The Court then invited the Republic to submit an affidavit to that effect.  (Tr. 36:8-9.)

The Republic has since submitted an affidavit on behalf of José Ignacio García Hamilton, the Legal and Administrative Secretary of the Argentine Ministry of Economy.  (Dkt. 872-1 ("García Hamilton Aff.").) Mr. García Hamilton's affidavit

2

represents that the Republic conducted a search for documents within its possession concerning the location and purposes of the BCRA's gold reserves and did not identify any responsive documents from this search. (García Hamilton Aff. ¶ 8.) Mr. García Hamilton further represents that the Argentine government requested information from the BCRA, Argentina's central bank, on the location of Argentina's gold reserves. In the BCRA's written response (which Mr. García Hamilton has also provided) the BCRA maintains that it is independent from Argentina's executive branch and cannot disclose the location of the gold reserves. (Id. ¶ 19.)

Based on Mr. García Hamilton's affidavit and the BCRA letter, the Court will not, at this juncture, order sanctions against the Republic with respect to the Republic's purportedly unprepared 30(b)(6) witness. Whether or not the witness was unprepared requires the Court first to address the Argentine government's claimed lack of information as to the location of its gold reserves. Those factual findings cannot be made without an evidentiary hearing. Naturally, Plaintiffs are free to make a renewed motion for costs if Plaintiffs believe there is a factual basis after the forthcoming evidentiary hearing.

**B. Gold Reserves: Evidentiary Hearing**

To that end, the Court previously cautioned the Republic that Plaintiffs would be entitled to test any claims regarding the Republic's professed lack of access to information regarding its gold reserves. (See Tr.39:13-16 ("[I]f someone is going to put in an affidavit saying no one knows [and] we can't tell you, then we will have a hearing about that . . . .")) After reviewing the García Hamilton Affidavit and the BCRA's response, the Court confirms that these issues will be within the scope of the April evidentiary hearing. In light of these additional issues, the Court will reserve additional hearing time on Thursday, April 23, 2026.

**C. Document Production Deadlines**

The Court understands that the parties otherwise agree on the production schedule set at the January 29 conference for off-channel communications and the Republic's financial agreements with China. (Dkt. 869 at 1.) To the extent that Plaintiffs are concerned that the Republic's productions will not provide the necessary details required by Plaintiffs, Plaintiffs are free to raise that objection if and when the Republic's productions prove deficient.

4

**CONCLUSION**

As ordered at the January 29 Conference, the parties shall appear for a pre-hearing conference regarding Plaintiffs' motion for contempt and sanctions against the Republic on March 31, 2026 at 10:00 A.M.  In advance of the pre-hearing conference, the parties should confer and submit a joint list of factual issues that must be resolved at the evidentiary hearing.  For each issue, the parties should indicate which witnesses they intend to examine and the estimated time required for each witness.  If a party wishes to elicit direct testimony from a witness under its control, the Court will accept such testimony in the form of a sworn affidavit.

The Court will reserve April 21, April 22, and April 23, 2026 for an evidentiary hearing.

The Clerk of Court shall close Dkt. nos. 858 and 865.

**SO ORDERED.**

_____
Loretta A. Preska
Senior United States District Judge

February 18, 2026