UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETERSEN ENERGIA INVERSORA,
S.A.U. ET AL.,

        Plaintiff,

-against-

ARGENTINE REPUBLIC ET AL.,

        Defendants.

No. 15 Civ. 02739 (LAP)

ORDER

---

ETON PARK CAPITAL MANAGEMENT
L.P. ET AL.,

        Plaintiff,

-against-

ARGENTINE REPUBLIC ET AL.,

        Defendants.

No. 16 Civ. 08569 (LAP)

ORDER

---

    LORETTA A. PRESKA, Senior United States District Judge:[1]

    Before the Court is the Republic's letter motion seeking to stay post-judgment discovery and related contempt proceedings pending the Republic's appeal of the final judgment. (Dkt. no. 865.) Plaintiffs oppose the motion. (Dkt. no. 874.) For the reasons set forth below, the Republic's letter motion is DENIED.

---

[1] References to the docket refer to the lead case, Petersen Energia Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ. 02739.

## I. Background

Following the judgment entered on September 15, 2023, the Republic moved to stay enforcement of the judgment pending appeal without bond. (Dkt. no. 513.) On November 21, 2023, the Court granted the Republic's motion in part. (Dkt. no. 527.) In lieu of the full judgment bond traditionally required, the Court required only minimal alternative security: a pledge of the Republic's equity interest in YPF S.A. and its receivables under the Yacyretá project. (Id. at 9-10.) The Court also conditioned the stay on the Republic's seeking expedited appellate review. (Id. at 10.)

Rather than comply with the Court's stay conditions, the Republic returned to seek either a complete waiver of the stay conditions or an additional 90-day continuance, asserting that pledging the identified assets would require an act of the Argentine Congress. (Dkt. no. 530.) The Court denied that request. (Dkt. no. 533 at 4-5.) Ultimately, the Republic made no efforts to satisfy the conditions required by the Court, preferring instead to "leverage motion practice and the transition of administrations to dodge its obligations on the final judgment . . . ." (Dkt. no. 538 at 5.) Accordingly, the judgment against

the Republic has been unstayed since January 2024.  (Dkt. no. 753 at 2-3.)[2]

## II. Discussion

### A. The Republic's Request Is An Unmerited Motion for Reconsideration

As an initial matter, the Republic's current request for a global post-judgment discovery stay is, at bottom, a renewed attempt to obtain the unbonded stay that the Court previously rejected.  Two years ago, the Republic had the opportunity to secure a stay by satisfying conditions that were already dramatically reduced from what Rule 62(b) would ordinarily require.  The Republic declined to do so.  Having squandered that opportunity, the Republic may not now repackage its unbonded stay request as a new stay directed at post-judgment discovery.

To the extent that the Republic seeks reconsideration of the Court's prior orders, the Republic does not identify any of the bases for reconsideration that are required in this District.  See S.D.N.Y. Local Civ. R. 6.3;  Hines v. BMG Rts. Mgmt. (US) LLC, 711 F. Supp. 3d 200, 204 (S.D.N.Y. 2024).

---

[2] The Court's June 30, 2025 Order directing the Republic to turn over its YPF Shares was subsequently stayed by the Court of Appeals.  However, the Court of Appeals has not stayed the judgment against the Republic at large.

**B. The Republic Is Not Entitled An Equitable Stay**

Even setting aside the foregoing, the Republic's eleventh-hour request does not come close to satisfying the factors necessary to warrant an equitable stay. See Nken v. Holder, 556 U.S. 418, 434 (2009).

As to the first factor, the Republic offers only conclusory assertions that it has made a strong showing of likelihood of success in overturning the September 15, 2023 judgment on appeal. The Court has previously addressed these arguments and is not persuaded.

As to the second factor, the Republic's claim of irreparable harm is unavailing. The Republic has already participated in post-judgment discovery for two years, and it is not clear why the Republic suddenly faces irreparable harm. Indeed, the Republic's "delay in filing a motion to stay severely undermines the argument that absent a stay irreparable harm would result." New York v. United States Dep't of Com., 339 F. Supp. 3d 144, 148 (S.D.N.Y. 2018). Nor may the Republic point to the consequences of its own noncompliance as a basis for irreparable harm; the Republic's predicament is "a product of the moving party's own delay." Hirschfeld v. Bd. of Elections in City of N.Y., 984 F.2d 35, 39–40 (2d Cir. 1993).

With respect to the third factor, a last-minute stay would materially prejudice Plaintiffs, who have been diligently seeking

4

to collect on an unstayed $16.1 billion judgment for over two years.  Discovery remains materially incomplete in categories the Republic has agreed to produce.  And both parties have spent weeks preparing for the evidentiary hearing that questions about the Republic's noncompliance have necessitated.

As to the fourth factor, the Court is mindful of the comity concerns that are implicated by any judgment against a foreign sovereign.  But once a foreign sovereign is properly within this Court's jurisdiction under the Foreign Sovereign Immunities Act, that foreign sovereign is subject to post-judgment discovery that may lead to executable assets just as any other defendant would be.  See Republic of Argentina v. NML Cap., Ltd., 573 U.S. 134, 145 (2014) ("To be sure, [discovery] is bound to turn up information about property that Argentina regards as immune.  But [Plaintiffs] may think the same property not immune. In which case, Argentina's self-serving legal assertion will not automatically prevail; the District Court will have to settle the matter.").

Indeed, the public interest is furthered by enforcement of judgments and compliance with discovery orders.  A stay would reward years of noncompliance and incentivize future litigants to follow the Republic's path.  As the Court has emphasized repeatedly, comity is a two-way street. Yet the Republic continues to "demand[] that this Court extend comity [while] it simultaneously refuses to make any effort to honor the Court's

5

unstayed judgment." (Dkt. no. 742 at 32.) The Court will not reward these refusals with an equitable stay.

C. **The Alternative Request to Stay Off-Channel Discovery Is Denied**

The Republic alternatively seeks a stay of personal-communications discovery and related contempt proceedings pending its appeal of the Court's Off-Channel Order. For the same reasons articulated above, the Court denies this alternative request.

That said, in the event the Court formally holds the Republic in contempt for any reason, the Court will entertain a motion from the Republic to delay enforcement of the contempt order until the Republic has a chance to seek a stay in the Court of Appeals. At this point, however, any such contempt order is hypothetical, and a global stay of post-judgment discovery proceedings would be premature.

III. **Conclusion**

For the foregoing reasons, the Republic's letter motion for a stay of post-judgment discovery and related contempt proceedings is DENIED. The Clerk of Court shall close Dkt. No. 865.

**SO ORDERED.**

*Loretta A. Preska*
_____
Loretta A. Preska
Senior United States District Judge

February 18, 2026

6