# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 23, 2026

Via ECF

The Honorable Loretta A. Preska,
　United States District Court for the Southern District of New York,
　　500 Pearl Street,
　　　New York, NY 10007.

　　　　Re:　*Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

　　　　In accordance with Rule 2.G of Your Honor's Individual Practices, the Republic respectfully submits this letter to address the parties' disagreement relating to confidentiality designations of (i) certain WhatsApp messages between Republic officials and third parties submitted in connection with the parties' December 8, 2025 and January 27, 2026 joint letters (*Petersen* ECF Nos. 842-1, 863-1), and (ii) the January 8, 2026 deposition transcript of Luis Alberto Trajtenberg, submitted as Exhibit A to Plaintiffs' January 21, 2026 pre-motion conference letter (*Petersen* ECF No. 858-1). The Republic urges the Court to keep the WhatsApp messages under seal and to permit limited redactions of discrete portions of the Trajtenberg deposition transcript containing confidential commercial information of third parties.

　　　　The parties agree to unsealing previously redacted portions of the December 8 joint letter (*Petersen* ECF No. 842) because the descriptions contained therein do not include confidential information. The Republic also agrees to unsealing previously redacted portions of Plaintiffs' January 21 pre-motion letter (*Petersen* ECF No. 858), the Republic's January 26 response (*Petersen* ECF No. 861), and the appendix of Plaintiffs' February 6 opposition letter in response to the Republic's motion to stay post-judgment discovery (*Petersen* ECF No. 874-2)

The Honorable Loretta A. Preska                                                              -2-

because the descriptions contained in those documents do not include confidential information.

## I.    There Is No Presumption of Public Access to the Disputed Documents.

The Second Circuit has held repeatedly that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the public right of access." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process," *id.*, such as "pleadings in civil litigation (other than discovery motions and accompanying exhibits)," *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016). Accordingly, there is no presumed right of access to documents and information filed in connection with post-judgment discovery disputes. *See United States* v. *Avenatti*, 2020 WL 70952, at *2 (S.D.N.Y. Jan. 6, 2020) (Gardephe, J.) ("[D]iscovery materials filed with the court in connection with discovery-related disputes are not covered by the qualified right of access." (quoting *United States* v. *Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013) (Karas, J.))); *Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) ("[D]ocuments filed with the court in connection with discovery-related disputes are not judicial documents.").

To the extent the presumption of access applies at all to documents submitted in connection with post-judgment discovery disputes, that presumption is weak because in most circumstances "the resolution of a discovery motion does not require the Court to analyze the merits of the parties' claims or defenses." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (2022) (Gorenstein, M.J.) (internal quotation marks omitted). Even then, "the privacy interests of the third-parties related to communications including calls, text messages, and emails outweighs the public's right of access" and thus "disclosure is unwarranted." *Trooper 1* v. *New York State Police,* 2024 WL 1349122 at *8 (E.D.N.Y. Mar. 29, 2024) (Merkl, J.) (quoting *United States* v. *Gatto*, 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 3, 2019) (Kaplan, J.) (internal quotation marks omitted)). And "[t]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (alterations and internal quotation marks omitted).

The Honorable Loretta A. Preska                                    -3-

## II. Personal Communications

The parties' December 8, 2025 and January 27, 2026 joint letters attached as exhibits WhatsApp messages between Republic officials—some current and some former—and third parties. Those messages were filed under seal pursuant to Paragraphs 4 and 5(b) of the Protective Order (*Petersen* ECF No. 674) (the "Protective Order"). (*See Petersen* ECF Nos. 842-1, 863-1.) Plaintiffs claim that "the Republic has not articulated a legitimate basis for its confidentiality designation." (*Petersen* ECF No. 863 at 3; *see also Petersen* ECF No. 862 at 1.) These WhatsApp messages were properly designated confidential and should remain under seal.

*First*, these WhatsApp messages are not judicial documents subject to a presumption of public access because they were submitted solely in connection with post-judgment discovery disputes. *Second*, any presumption of access would be weak because these messages were submitted as part of joint letters updating the Court on the progress of the personal communications discovery, rather than to support or resolve the merits of the parties' claims. *Third*, privacy interests outweigh any interest in public filing. Each WhatsApp message involves communications involving a third party not before the Court and reflects communications concerning bank accounts, debt payments, and collective bargaining negotiations, among other of the Republic's non-public commercial and financial matters. These commercial and financial matters easily satisfy the Protective Order's standard of confidential "information the Producing Party reasonably believes is subject to protection." (*Petersen* ECF No. 674 at 3.)

## III. Request for Limited Redactions of the Trajtenberg Deposition Transcript

Plaintiffs have also objected, as "improper," to the Republic's confidential designation of the January 8, 2026 deposition of Luis Alberto Trajtenberg. (*Petersen* ECF No. 857 at 2.) Subject to their objection, Plaintiffs filed the transcript under seal as Exhibit A to Plaintiffs' January 21 pre-motion conference letter. (*Petersen* ECF No. 858-1.)

The Republic respectfully requests that the Court permit limited redactions of the Trajtenberg deposition transcript relating to confidential information of third parties not before the Court. Their privacy interests outweigh any interest in public filing. Each of the proposed redactions involves references to third-party productions and reflects non-public commercial and financial

The Honorable Loretta A. Preska                                                                -4-

information, including confidential contracts between the *Banco Central de la República Argentina* and other third parties concerning gold transportation. Therefore, this information easily satisfies the Protective Order's standard of confidential "information the Producing Party reasonably believes is subject to protection." (*Petersen* ECF No. 674 at 3.)  A version of the document containing the Republic's proposed redactions is attached hereto as Exhibit A; the Republic is submitting to the Court an unredacted version of the same document with the Republic's proposed redactions highlighted.

                                                                                Respectfully,

                                                                                */s/  Robert J. Giuffra, Jr.*
                                                                                Robert J. Giuffra, Jr.

cc:     Counsel of Record (via ECF)