**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

PETERSEN ENERGIA INVERSORA, S.A.U. AND   :   Civil Action No. 1:15-cv-2739-LAP
PETERSEN ENERGIA, S.A.U.
                Plaintiffs,

   vs.

ARGENTINE REPUBLIC AND YPF, S.A.

                Defendants.

------------------------------------------------------------------ x

ETON PARK CAPITAL MANAGEMENT, L.P.,   :   Civil Action No. 1:16-cv-08569-LAP
ETON PARK MASTER FUND, LTD., AND ETON
PARK FUND, L.P.,
                Plaintiffs,

   vs.

ARGENTINE REPUBLIC AND YPF, S.A.

                Defendants.

------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY IBERIA'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FRCP RULE 26(C)**

i

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

LEGAL STANDARD................................................................................................................... 1

ARGUMENTS.............................................................................................................................. 4

    I.       The Court lacks general jurisdiction over Iberia....................................................... 4

    II.      The Court lacks specific jurisdiction over Iberia to investigate and compel disclosure regarding the flights between Argentina and the United Kingdom ..................................................................................................................... 5

    III.     If the Court is inclined to find jurisdiction over Iberia for the purpose of examining these flights, Iberia would request a protective order based on the issues of ultimate attachability surrounding the BCRA's gold......................... 7

CONCLUSION.............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Best Van Lines, Inc. v. Walker
    490 F.3d 239 (2d Cir. 2007)..................................................................................................3, 5

Brown v. Lockheed Martin Corp.
    814 F.3d 619 (2d Cir. 2016)..................................................................................................3, 4

Cordice v. LIAT Airlines
    No. 14-CV-2924 RRM LB, 2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015) ........................5, 6

D'Avenza S.p.A. In Bankr. v. Garrick & Co.
    No. 96CIV.0166(DLC)(KNF), 1998 WL 13844 (S.D.N.Y. Jan. 15, 1998) ...................1, 2, 7

Daimler AG v. Bauman
    571 U.S. 117 (2014)..............................................................................................................3, 4

Guardian Loan Co. v. Early
    47 N.Y.2d 515 [1979] ...........................................................................................................2, 7

Gucci Am., Inc. v. Weixing Li ("Gucci II")
    135 F. Supp. 3d 87 (S.D.N.Y. 2015)..................................................................................2, 4, 6

Gucci Am., Inc. v. Weixing Li ("Gucci I")
    768 F.3d 122 (2d Cir. 2014)..............................................................................................2, 3, 4, 6

Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen
    No. 19-MC-0547 (RA), 2022 WL 1567464 (S.D.N.Y. May 18, 2022) ....................................8

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL
    673 F.3d 50 (2d Cir. 2012)........................................................................................................5

Luke v. Sunwing Travel Grp.
    No. 20CV6141PKCCLP, 2022 WL 595133 (E.D.N.Y. Feb. 28, 2022) ....................................3

In re OpenAI, Inc., Copyright Infringement Litig.
    800 F. Supp. 3d 602 (S.D.N.Y. 2025).......................................................................................9

Pub. Citizen, Inc. v. F.A.A.
    988 F.2d 186 (D.C. Cir. 1993)..................................................................................................7

Reed Int'l., Inc. v. Afghanistan Int'l Bank
    657 F. Supp. 3d 287 (S.D.N.Y. 2023).............................................................................2, 3, 4

Reich v. Lopez  
    858 F.3d 55 (2d Cir. 2017)...................................................................................3

Republic of Argentina v. NML Cap., Ltd.  
    573 U.S. 134 (2014)..............................................................................................8

In re Sept. 11 Litig.  
    236 F.R.D. 164 (S.D.N.Y. 2006) ..........................................................................7

Spiegel v. Schulmann  
    604 F.3d 72 (2d Cir. 2010)....................................................................................2

Strauss v. Credit Lyonnais, S.A.  
    249 F.R.D. 429 (E.D.N.Y. 2008) .........................................................................7

Waldman v. Palestine Liberation Org.  
    835 F.3d 317 (2d Cir. 2016)..................................................................................2

Zito v. United Airlines, Inc.  
    523 F. Supp. 3d 377 (W.D.N.Y. 2021)........................................................4, 5, 6

## Regulations

49 C.F.R. § 1520.5 ...........................................................................................................7

49 C.F.R. § 1544.205 .......................................................................................................7

## Other Authorities

U.S. Const. amend. XIV ..................................................................................................2

N.Y. C.P.L.R. 302(a) (McKinney 2025)..........................................................................3

N.Y. C.P.L.R. art. 52.......................................................................................................1

Fed. R. Civ. P. 69............................................................................................................1

Fed. R. Civ. P. 4(k)(1)(A) ...............................................................................................2

Fed. R. Civ. P. 26(c) ...................................................................................................1, 7

Fed. R. Civ. P. 45........................................................................................................4, 6

Fed. R. Civ. P. 26............................................................................................................8

Fed. R. Civ. P. 69(a)(2) ...................................................................................................1

N.Y. C.P.L.R. 301 (McKinney 2025)..........................................................................2, 3

# INTRODUCTION

Non-party respondent IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A. OPERADORA, SOCIEDAD UNIPERSONAL (hereinafter "Iberia") moves for a protective order pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 26(c), seeking to prevent plaintiffs/judgment creditors PETERSEN ENERGIA INVERSORA, S.A.U. and PETERSEN ENERGIA, S.A.U. ("Petersen Energia") from compelling Iberia to produce information regarding a series of flights between Buenos Aires, Argentina and London, United Kingdom used to transport gold on behalf of the Banco Central de la Republica Argentina ("BCRA") between June 11, 2024 and August 13, 2024 and conversations between Iberia employees and members of the Argentine government related to those flights. The Southern District of New York lacks jurisdiction over Iberia to investigate these flights; Iberia is a Spanish airline headquartered in Madrid, Spain, and Petersen Energia is seeking information about flights that occurred between Argentina and London – with no connection to New York or even the United States. Therefore, the Southern District of New York – where this action is pending – lacks jurisdiction to compel Iberia to produce information regarding these flights.

# LEGAL STANDARD

FRCP Rule 69 governs post-judgment discovery. <u>D'Avenza S.p.A. In Bankr. v. Garrick & Co.</u>, No. 96CIV.0166(DLC)(KNF), 1998 WL 13844, at *2 (S.D.N.Y. Jan. 15, 1998). Rule 69(a)(2) permits a judgment-creditor to obtain discovery "from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69. Subsection 1 states that the "procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located." <u>Id</u>. In New York, CPLR Article 52 governs

post-judgment enforcement.  D'Avenza, 1998 WL 13844, at *2.  While post-judgment discovery in this forum is generally broad, the scope of disclosure is not unlimited; a "judgment creditor should tailor its requests appropriately, in order to foster compliance and to achieve its ultimate goal, to wit, having its judgment satisfied" rather than "embark[ing] on a fishing expedition."  Id. at 3.  The Court's supervisory role during post-judgment discovery is to prevent "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the courts."  Id. (citing Guardian Loan Co. v. Early, 47 N.Y.2d 515, 519 [1979]).

As a threshold matter, a court must have personal jurisdiction over a non-party entity to compel post-judgment discovery.  Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 141 (2d Cir. 2014) ("Gucci I").  Federal courts must satisfy three requirements to exercise personal jurisdiction: (1) entity must be properly served; (2) the court must have a statutory basis for exercising personal jurisdiction; and (3) such exercise of personal jurisdiction must comport with constitutional due process requirements.  Gucci Am., Inc. v. Weixing Li, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) ("Gucci II").  FRCP 4(k)(1)(A) provides jurisdiction based on state law in the jurisdiction where the court is located.  Spiegel v. Schulmann, 604 F.3d 72, 76 (2d Cir. 2010). The New York Civil Practice Law and Rules (CPLR) Rules 301 (general jurisdiction) and 302 (specific jurisdiction pursuant to the long-arm statute) govern personal jurisdiction in New York. Reed Int'l., Inc. v. Afghanistan Int'l Bank, 657 F. Supp. 3d 287, 299 (S.D.N.Y. 2023).

The due process clauses of the Fifth and Fourteenth Amendment put forth a two-part test for personal jurisdiction – a corporation must have "minimum contacts" to justify the court's exercise of jurisdiction over the corporation and the assertion of personal jurisdiction over a corporation comports with "traditional notions of fair play and substantial justice."  Waldman v. Palestine Liberation Org., 835 F.3d 317, 331 (2d Cir. 2016) (internal citations omitted).  In

2

Daimler AG v Bauman, the United States Supreme Court refined these due process principles into two categories of personal jurisdiction: general jurisdiction (sometimes referred to as "all-purpose" jurisdiction) and specific jurisdiction (or "case-linked" jurisdiction). Daimler AG v. Bauman, 571 U.S. 117, 118 (2014); Brown v. Lockheed Martin Corp., 814 F.3d 619, 624 (2d Cir. 2016). Courts will only have general jurisdiction over a foreign corporation when "the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" Daimler, 571 U.S., at 122 (internal citations omitted). Under Daimler, "aside from 'an exceptional case,'" a corporation is considered "at home" (and thus subject to the general jurisdiction of the courts of that state) in the place of formal incorporation or principal place of business. Gucci Am., Inc., 768 F.3d, at 135 (2d Cir. 2014) (quoting Daimler, 571 U.S., at 139, n. 19). General jurisdiction authorized under CPLR 301 must comply with the due process requirements set forth in Daimler and its progeny. Reich v. Lopez, 858 F.3d 55, 63 (2d Cir. 2017). Mere contacts, even if such contacts are systematic and continuous, are "extraordinarily unlikely" to confer general jurisdiction. Brown, 814 F.3d, at 629.

New York's long-arm statute under CPLR 302(a) outlines the requirements for specific jurisdiction. Luke v. Sunwing Travel Grp., No. 20CV6141PKCCLP, 2022 WL 595133, at *2 (E.D.N.Y. Feb. 28, 2022). Courts may exercise specific personal jurisdiction when a corporation transacts business within the state and the cause of action arises from those transactions. Id.; Reed Int'l., 657 F.Supp. 3d, at 297. A cause of action "will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (internal citations omitted). The alleged actions must

3

be directly targeted or directed to New York and causally related to the claims; a company offering products or services that can be used in New York but are unrelated to the claim cannot support jurisdiction.  See Reed Int'l., 657 F. Supp. 3d, at 305.

FRCP Rule 45 subpoenas are issued under the authority of the district court and federal law.  Several circuits held that, when a civil case arises from federal law and a federal statute authorizes nationwide service of process, the court should consider contacts with the United States as a whole rather than just the jurisdiction where the court is located.  Gucci I, 768 F.3d at 142 n. 21 (citing In re Oil Spill by Amoco Cadiz Off Coast of Fr. on Mar. 16, 1978, 954 F.2d 1279, 1294 (7th Cir.1992); Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 293–97 (3d Cir.1985)).  For this reason, in Gucci I, the Second Circuit considered the possibility that the district court may analyze a foreign respondent's connections to the United States generally (because subpoenas issued under FRCP Rule 45 are issued pursuant to federal law), rather than just connections to the state in which the district court sits to establish jurisdiction to compel a response to a subpoena.  See Gucci I, 768 F.3d at 142 n. 21; Gucci II, 135 F. Supp. 3d, at 96 n. 1.  The Second Circuit has not resolved this question.  Sullivan v. UBS AG, 149 F.4th 206, 217 (2d Cir. 2025) ("We have not yet decided whether this focus on national contacts is correct".

## ARGUMENTS

### I.  The Court lacks general jurisdiction over Iberia

As set forth in Daimler, a court typically has general jurisdiction where a company is located – where it is headquartered or its principal place of business.  See Gucci Am., Inc., 768 F.3d, at 135 (2d Cir. 2014) (citing Daimler, 571 U.S., at 139, n. 19).  Iberia is headquartered and has its principal place of business in Spain.  Battista Decl. ¶ 9.  As a Spanish airline with scheduled service to multiple US cities throughout the country, Iberia's connections to New York do not represent the "exceptional" case in contravention of the typical rule for general

jurisdiction under Daimler and its progeny. *Id.*, Brown, 814 F.3d, at 629; Zito v. United Airlines, Inc., 523 F. Supp. 3d 377, 384 (W.D.N.Y. 2021) (United Airlines – incorporated in Delaware with a principal place of business in Illinois - is not subject to the general jurisdiction of New York despite its regular operations in and out of the state).  Therefore, the Court could only exercise specific – or case-linked – jurisdiction to compel such discovery from Iberia in this matter.

> II.   **The Court lacks specific jurisdiction over Iberia to investigate and compel disclosure regarding the flights between Argentina and the United Kingdom**

Although Iberia operates flights from New York to Spain, Petersen Energia cannot demonstrate any "articulable nexus" or "substantial relationship" to New York for flights arranged by Iberia between Argentina and the United Kingdom.  Best Van Lines, Inc., 490 F.3d, at 246 (2d Cir. 2007).  Operational matters for the airline are managed from its headquarters in Spain; conversations via electronic means with the individuals listed in the subpoena (to the extent such conversations occurred) would have taken place primarily from Spain.  Battista Decl. ¶¶ 9-10.  Coincidental, tangential, or attenuated links between these flights and New York are insufficient to confer jurisdiction.  Licci *ex rel.* Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 66-7 (2d Cir. 2012).[1]

Even if Petersen Energia were to argue that Iberia's flights to New York would somehow establish specific jurisdiction over flights between Argentina and the United Kingdom because Iberia is a global airline with an interconnected network, the New York courts have explicitly rejected this approach to aviation operations.  Cordice v. LIAT Airlines, No. 14-CV-2924 RRM LB, 2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015) and Zito v. United Airlines, Inc., 523 F. Supp.

---

[1] The in-text citation is abbreviated for the convenience of the reader. The full citation is as follows: Licci *ex rel.* Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50 (2d Cir. 2012), certified question accepted sub nom. Licci v. Lebanese Canadian Bank, 18 N.Y.3d 952, 967 N.E.2d 697 (2012), and certified question answered sub nom. Licci v. Lebanese Canadian Bank, 20 N.Y.3d 327, 984 N.E.2d 893 (2012) ("Licci I").

5

3d 377 (W.D.N.Y. 2021) provide guidance regarding how specific jurisdiction applies to air carriers.  In Cordice, the plaintiff argued that New York had jurisdiction over an injury that took place on a flight between two Caribbean islands because she purchased the ticket in New York.  Cordice, 2015 WL 5579868, at *4.  The Court disagreed, holding that the fact that plaintiff purchased the ticket in New York did not confer specific jurisdiction to New York when the actual injury occurred elsewhere.  Id.  Zito takes this approach a step further; in Zito, the plaintiff was flying between New York and Florida, but the injury occurred on a connecting leg between Florida and New Jersey.  Zito, 523 F.Supp.3d. at 380.  The Court found that the Western District of New York lacked specific jurisdiction over the case, despite plaintiff traveling on a connecting ticket that terminated in Rochester, New York (within the Western District of New York).  The Cordice and Zito approach focusing on where the conduct in question occurred applies equally here; New York courts lack specific jurisdiction to compel discovery for operations that occur outside the United States.

Although the Second Circuit has not resolved whether the district court should consider the case-specific connections to the United States as a whole rather than just New York for the purpose of establishing jurisdiction to enforce a FRCP Rule 45 subpoena, expanding the jurisdictional analysis of flights between Argentina and the United States to consider the relevant connections with the entire United States would fare no better.  See Gucci I, 768 F.3d at 142 n. 21; Gucci II, 135 F. Supp. 3d, at 96 n. 1; Sullivan, 149 F.4th, at 217.  Since the court lacks jurisdiction to compel non-party Iberia to disclose information about flights between Argentina and the United Kingdom, the motion for a protective order should be granted in its entirety.

6

### III. If the Court is inclined to find jurisdiction over Iberia for the purpose of examining these flights, Iberia would request a protective order based on the issues of ultimate attachability surrounding the BCRA's gold

Under FRCP Rule 26(c), the Court may issue a protective order to prevent "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the courts." D'Avenza S.p.A. In Bankr. v. Garrick & Co., No. 96CIV.0166(DLC)(KNF), 1998 WL 13844, at *3 (S.D.N.Y. Jan. 15, 1998) (citing Guardian Loan Co. v. Early, 47 N.Y.2d 515, 519 [1979]).  Assuming, *arguendo,* that the Court finds it has jurisdiction over Iberia for the purpose of investigating these flights, Iberia would request that the Court exercise its discretion as part of its supervisory role to issue a protective order in favor of Iberia based on such discovery being unduly burdensome.  Iberia has a limited connection to this action; such information would be outside the United States at Iberia's headquarters in Spain; and such information could expose confidential business information, trade secrets, or sensitive security protocols for transporting high-value items like gold.  See Pub. Citizen, Inc. v. F.A.A., 988 F.2d 186, 189 (D.C. Cir. 1993) "[i]f such information became available to a person with criminal or terrorist intent, it could focus that person's attention on specific techniques to counter otherwise effective security systems" (internal citations omitted); *see generally* In re Sept. 11 Litig., 236 F.R.D. 164 (S.D.N.Y. 2006) (showing that courts must establish protocols when engaging in discovery related to aviation security); 49 C.F.R. § 1544.205 (establishing cargo security measures that include foreign air carriers); 49 C.F.R. § 1520.5 (providing TSA broad authority to designate aviation safety procedures as sensitive security information).  Iberia submits that the balance of these factors favors implementing protective orders to protect non-parties such as Iberia, especially when substantial legal issues regarding the ultimate attachability of the sovereign gold remain in dispute and Petersen Energia is seeking the same information directly from defendant Republic of Argentina.  *See generally* Letter to Hon. Loretta Preska, (Feb. 3, 2026), ECF No.

869; see also Strauss v. Credit Lyonnais, S.A., 249 F.R.D. 429, 454 (E.D.N.Y. 2008) (claims of hardship by non-parties compared to parties are given more weight when evaluating the necessity of a protective order).

The scope of post-judgment discovery is not unlimited, and such discovery must be related to the goal of identifying assets that are able to be attached. Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen, No. 19-MC-0547 (RA), 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022) (internal citations omitted). Indeed, "'information that could not possibly lead to executable assets is simply not relevant to execution in the first place' under Rule 26." Id. (internal citations omitted). Petersen Energia's discovery requests are limited to a series of flights in which BCRA transported gold from Argentina to the United Kingdom, creating a threshold relevance issue for the discovery based on whether the BCRA's gold can even be attached to pay the judgment in this action. Iberia understands that threshold immunity issues regarding this sovereign gold are actively disputed in the present case. See eg. Letter to Hon. Loretta Preska, at 1-2, (Jan. 27, 2026), ECF No. 865. While Iberia acknowledges that sovereign immunity does not categorically prohibit discovery of the sovereign's assets, a Court does not have to permit such discovery based on the broader principles of fair discovery:

> If, bizarrely, NML's subpoenas had sought only "information that could not lead to executable assets in the United States or abroad," then Argentina likely would be correct to say that the subpoenas were unenforceable—*not* because information about nonexecutable assets enjoys a penumbral "discovery immunity" under the Act, but because information that could not possibly lead to executable assets is simply not "relevant" to execution in the first place. Republic of Argentina v. NML Cap., Ltd., 573 U.S. 134, 144 (2014) (internal citations omitted).

If the Court is not inclined to issue a broad protective order under the circumstances, Iberia requests that the Court modify the subpoena to limit the information sought to cover information that is not duplicative of information that they are already receiving from other parties and issue

a temporary protective order until the legal issues regarding the ultimate attachability of Argentina's sovereign gold are resolved.  See In re OpenAI, Inc., Copyright Infringement Litig., 800 F. Supp. 3d 602, 607 (S.D.N.Y. 2025) (when a party is seeking broad discovery, the Court should balance "the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, non-party respondent IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A. OPERADORA, SOCIEDAD UNIPERSONAL respectfully requests that the Court enter a protective order preventing plaintiffs/judgment-creditors PETERSEN ENERGIA INVERSORA, S.A.U. and PETERSEN ENERGIA, S.A.U. from conducting post-judgment discovery regarding flights between Argentina and the United Kingdom and any potential conversations between employees of Iberia and members of the Argentine government related to those flights.

Dated: 02/23/2026

                                                            Respectfully submitted,

                                                            CONDON & FORSYTH LLP

                                                            By _____
                                                               Anthony U. Battista (AB0783)
                                                               abattista@condonlaw.com
                                                               William de Wolff (5908199)
                                                               wdewolff@condonlaw.com
                                                               7 Times Square, 18th Floor
                                                               New York, NY 10036
                                                               Tel: (212) 490-9100
                                                               Fax: (212) 370-4453

                                                           Attorneys for Non-Party Respondent
                                                           IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A.
                                                           OPERADORA, SOCIEDAD UNIPERSONAL

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, a true and correct copy of the foregoing **Memorandum of Law in Support of Non-Party Iberia's Motion for a Protective Order Pursuant to FRCP Rule 26(c)** was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the parties of record.

_____
Anthony U. Battista (AB0783)

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 AND INDIVIDUAL PRACTICES OF JUDGE LORETTA A. PRESKA

I hereby certify that the **Memorandum of Law in Support of Non-Party Iberia's Motion for a Protective Order Pursuant to FRCP Rule 26(c)** contains 2,783 words, which complies with the lower of the Joint Local Rules, S.D.N.Y & E.D.N.Y Rule 7.1 word limit and the Individual Practices of Judge Loretta A. Preska of 7,000 words for Memoranda of Law. This word count was prepared using the word count of the word-processing program used to prepare this document. This word count does not include the caption, index, table of contents, table of authorities, signature blocks, or any required certificates, but does include material contained in footnotes.

_____
Anthony U. Battista (AB0783)