# Exhibit C

Order 2011-4-6



UNITED STATES OF AMERICA
DEPARTMENT OF TRANSPORTATION
OFFICE OF THE SECRETARY
WASHINGTON, D.C.

Issued by the Department of Transportation
on the 2nd day of February, 2011

Served: April 6, 2011

| Application of                                                                                                                                                                                                        | Docket DOT-OST-2010-0283 |
|---|---|
| **IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A.** and **IBERIA LÍNEAS AÉREAS DE ESPAÑA SOCIEDAD ANÓNIMA OPERADORA** for transfer of foreign air carrier permit under and related authorizations under 49 U.S.C. §41303 | |

**FINAL ORDER**

By Order 2011-1-3, issued January 6, 2011, we directed all interested persons to show cause why we should not make final our tentative findings and conclusions stated therein and transfer the foreign air carrier permit of Iberia Líneas Aéreas de España, S.A. (Iberia) to Iberia Líneas Aéreas de España Sociedad Anónima Operadora (Iberia Operadora) in the form attached to the Order and subject to the conditions attached thereto.  We gave interested persons 21 days to file objections to the Order.  We said that if no objections were filed, all further procedural steps would be deemed waived, and the Department would enter an order (subject to Presidential review under 49 U.S.C. §41307) which would make final the findings and conclusions of the Order.

No objections were received within the time period provided.

**ACCORDINGLY,**

1.  We make final our findings and conclusions as stated in the Order and issue to Iberia Líneas Aéreas de España Sociedad Anónima Operadora the foreign air carrier permit with associated conditions attached to the Order (and attached as the Appendix to the present order);

2. Unless disapproved by the President of the United States under 49 U.S.C. §41307, this order shall become effective on the 61st day after its submission for section 41307 review or upon the date of receipt of advice from the President or his designee under Executive Order 12597 and implementing regulations that he or she does not intend to disapprove the Department's order under that section, whichever occurs earlier;[1]

3. To the extent not acted upon above, we dismiss all remaining requests for relief in Docket DOT-OST-2010-0283; and

4. We will serve a copy of this order on Iberia Líneas Aéreas de España, S.A.; Iberia Líneas Aéreas de España Sociedad Anónima Operadora; American Airlines, Inc.; British Airways PLC; the Embassy of Spain in Washington, D.C.; the Department of State; and the Federal Aviation Administration.


By:


PAUL L. GRETCH
Director
Office of International Aviation



(SEAL)

Appendix

*An electronic version of this document is available on the World Wide Web at:*
*http://www.regulations.gov*

---

[1] This order was submitted for review under 49 U.S.C. §41307 on February 2, 2011. The 61st day is April 4, 2011. Since the President or his designee did not disapprove this order before that date, it became effective on April 4, 2011.

2

APPENDIX

Issued by
Order 2011-4-6



UNITED STATES OF AMERICA
DEPARTMENT OF TRANSPORTATION
OFFICE OF THE SECRETARY
WASHINGTON, D.C.

----------------------------------------------------------

PERMIT TO FOREIGN AIR CARRIER

----------------------------------------------------------

**IBERIA LÍNEAS AÉREAS DE ESPAÑA SOCIEDAD ANÓNIMA OPERADORA**

A Foreign Air Carrier of Spain

is authorized, subject to the following provisions, the provisions of Title 49 of the U.S. Code, and the orders, rules, and regulations of the Department of Transportation, to engage in:

> **Foreign scheduled and charter air transportation of persons, property, and mail from any point or points behind any Member State of the European Union, via any point or points in any Member State and via intermediate points to any point or points in the United States and beyond;**
>
> **Foreign scheduled and charter air transportation of persons, property, and mail between any point or points in any member of the European Common Aviation Area and any point or points in the United States;**
>
> **Foreign scheduled and charter all-cargo transportation between any point or points in the United States and any other points;**
>
> **Other charters pursuant to the prior approval requirements set forth in the Department's regulations governing charters; and**
>
> **Transportation authorized by any additional rights made available to European Union carriers in the future;** *provided*, **that the holder shall, before it commences any new service under such additional route rights, provide the Department with evidence that it holds a homeland license for that new service (unless it has already provided such evidence to the Department). Such evidence shall be filed in Docket DOT-OST-2010-0283.**

This permit and the exercise of the privileges granted in it shall be subject to the terms, conditions and limitations in both the order issuing this permit and the attachment to this order, and to all applicable provisions of any treaty, convention or agreement affecting international air transportation now in effect, or that may become effective during the period this permit remains in effect, to which the United States and the holder's homeland are or shall become parties.

This permit shall be effective on April 4, 2011. Unless otherwise terminated at an earlier date pursuant to the terms of any applicable treaty, convention or agreement, this permit shall terminate (1) upon the dissolution or liquidation of the holder to whom it was issued; (2) upon the effective date of any treaty,

convention, or agreement or amendment, which shall have the effect of eliminating the right for the service authorized by this permit from the service which may be operated by airlines of the European Union and its Member States (or, if the right is partially eliminated, then the authority of this permit shall terminate in like part); or (3) upon the termination or expiration of the applicable air services agreement between the United States and the European Union and its Member States.  However, clause (3) of this paragraph shall not apply if prior to such termination or expiration, the foreign air transportation authorized herein becomes the subject of another treaty, convention or agreement to which the United States and the European Union and its Member States become parties.

The Department of Transportation has executed this permit and affixed its seal on February 2, 2011.

By:

                          PAUL L. GRETCH
                              Director
                 Office of International Aviation

(SEAL)

**Foreign Air Carrier Permit Conditions**

In the conduct of the operations authorized, the foreign carrier applicant shall:

(1) Not conduct any operations unless it holds a currently effective authorization from its homeland for such operations, and it has filed a copy of such authorization with the Department;

(2) Comply with all applicable requirements of the Federal Aviation Administration, the Transportation Security Administration, and with all applicable U.S. Government requirements concerning security, including, but not limited to, 14 CFR Parts 129, 91, and 36 and 49 CFR Part 1546 or 1550, as applicable.  To assure compliance with all applicable U.S. Government requirements concerning security, the holder shall, before commencing any new service (including charter flights) from a foreign airport that would be the holder's last point of departure for the United States, contact its International Industry Representative (IIR) (formerly referred to as International Principal Security Inspector) to advise the IIR of its plans and to find out whether the Transportation Security Administration has determined that security is adequate to allow such airport(s) to be served;

(3) Comply with the requirements for minimum insurance coverage contained in 14 CFR Part 205, and, prior to the commencement of any operations under this authority, file evidence of such coverage, in the form of a completed OST Form 6411, with the Federal Aviation Administration's Program Management Branch (AFS-260), Flight Standards Service (any changes to, or termination of, insurance also shall be filed with that office);

(4) Not operate aircraft under this authority unless it complies with operational safety requirements at least equivalent to Annex 6 of the Chicago Convention;

(5) Conform to the airworthiness and airman competency requirements of its Government for international air services;

(6) Except as specifically exempted or otherwise provided for in a Department Order, comply with the requirements of 14 CFR Part 203, concerning waiver of Warsaw Convention liability limits and defenses;

(7) Agree that operations under this authority constitute a waiver of sovereign immunity, for the purposes of 28 U.S.C. 1605(a), but only with respect to those actions or proceedings instituted against it in any court or other tribunal in the United States that are: (a)  based on its operations in international air transportation that, according to the contract of carriage, include a point in the United States as a point of origin, point of destination, or agreed stopping place, or for which the contract of carriage was purchased in the United States; or (b) based on a claim under any international agreement or treaty cognizable in any court or other tribunal of the United States.  In this condition, the term "international air transportation" means "international transportation" as defined by the Warsaw Convention, except that all States shall be considered to be High Contracting Parties for the purpose of this definition;

(8) Except as specifically authorized by the Department, originate or terminate all flights to/from the United States in a Member State of the European Union;

(9) Comply with the requirements of 14 CFR Part 217, concerning the reporting of scheduled, nonscheduled, and charter data;

(10) If charter operations are authorized, except as otherwise provided in the applicable aviation agreement, comply with the Department's rules governing charters (including 14 CFR Parts 212 and 380); and

(11) Comply with such other reasonable terms, conditions, and limitations required by the public interest as may be prescribed by the Department, with all applicable orders or regulations of other U.S. agencies and courts, and with all applicable laws of the United States.

This authority shall not be effective during any period when the holder is not in compliance with the conditions imposed above.  Moreover, this authority cannot be sold or otherwise transferred without explicit Department approval under Title 49 of the U.S. Code.

EU carrier 01/2008