**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------ x
PETERSEN ENERGIA INVERSORA, S.A.U. AND   :   Civil Action No. 1:15-cv-2739-LAP
PETERSEN ENERGIA, S.A.U.                 :
                                         :
                  Plaintiffs,            :
                                         :
        vs.                              :
                                         :
ARGENTINE REPUBLIC AND YPF, S.A.         :
                                         :
                  Defendants.            :
------------------------------------------------------------------ x
ETON PARK CAPITAL MANAGEMENT, L.P.,      :   Civil Action No. 1:16-cv-08569-LAP
ETON PARK MASTER FUND, LTD., AND ETON    :
PARK FUND, L.P.,                         :
                                         :
                  Plaintiffs,            :
                                         :
        vs.                              :
                                         :
ARGENTINE REPUBLIC AND YPF, S.A.         :
                                         :
                  Defendants.            :
------------------------------------------------------------------ x
```

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF NON-PARTY IBERIA'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO FRCP RULE 26(C)**

i

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

    I.     Procedural objections are not the basis to deny the motion................................... 2

    II.    Plaintiffs read *Fuld* much too expansively, undermining their own arguments in the process................................................................................... 3

    III.   FRCP 4(k)(2) cannot serve as the statutory basis for finding jurisdiction over Iberia because it does not confer jurisdiction for post-judgment non-party discovery ................................................................................................. 5

          A.     Rule 4(k)(2) addresses "Summons".............................................. 5

          B.     Rule 4(k)(2) requires a "claim" that arises under federal law ................... 6

          C.     Courts within this jurisdiction reject using Rule 4(k)(2) as a jurisdictional basis for all post-judgment discovery and show how the state long-arm statute is used for this purpose. ................................... 7

    IV.   The due process analysis does not establish of jurisdiction over Iberia ................. 8

    V.    Jurisdictional discovery is not appropriate when plaintiff fails to make a *prima facie* case for jurisdiction ........................................................................ 10

    VI.   Petersen fails to address Iberia's argument that discovery that lacks a purpose is presumptively burdensome................................................................. 10

CONCLUSION................................................................................................................ 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Alexander v. Saul
  5 F.4th 139 (2d Cir. 2021) ......................................................................................................6

Asahi Metal Industry Co.v. Superior Court of Cal., Solano Cty.
  480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)..............................................................4

Cassirer v. Thyssen-Bornemisza Collection Found
  596 U.S. 107 (2022)..................................................................................................................6

Cuno v. Pall Corp.
  116 F.R.D. 279 (E.D.N.Y. 1987) ............................................................................................2

Daou v. BLC Bank, SAL.
  42 F.4th 120 (2d Cir. 2022) ...................................................................................................10

Dorsett v. Cnty. Of Nassau
  800 F. Supp. 2d 453 (E.D.N.Y. 2011) ....................................................................................3

Enron Oil Corp. v. Diakuhara
  10 F.3d 90 (2d Cir. 1993)........................................................................................................2

Fuld v. Palestine Liberation Org.
  606 U.S. 1 (2025)..........................................................................................................1, 3, 4, 5

Gucci Am., Inc. v. Weixing Li ("Gucci II")
  135 F. Supp. 3d 87 (S.D.N.Y. 2015).......................................................................................5

Havlish v. Royal Dutch Shell PLC
  No. 13 CIV. 7074 GBD, 2014 WL 4828654 (S.D.N.Y. Sept. 24, 2014) ................................7

Licci *ex rel.* Licci v. Lebanese Canadian Bank, SAL
  673 F.3d. 50 (2d Cir. 2012).....................................................................................................8

Marshall v. Boeing Co.
  940 F. Supp. 2d 819 (N.D. Ill. 2013) ......................................................................................6

Newsday LLC v. Cnty. Of Nassau
  730 F.3d. 156 (2d Cir. 2013)...................................................................................................3

Nike, Inc. v. Wu
  349 F. Supp. 3d 310 (S.D.N.Y.), aff'd, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) .......................6

Owen Equip.& Erection Co. v. Kroger
  437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)..................................................6

Porina v. Marward Shipping Co.
  521 F.3d 122 (2d Cir. 2008)........................................................................................9

Reed v. Islamic Republic of Iran
  439 F. Supp. 2d 53 (D.D.C. 2006)..............................................................................6

RSM Prod. Corp. v. Fridman
  643 F.Supp. 2d 382 (S.D.N.Y. 2009), aff'd, 387 F.App'x 72 (2d Cir. 2010)...........10

In re Sealed Case
  932 F.3d 915 (D.C. Cir 2019)....................................................................................9

Time Inc. v. Simpson
  No. 02CIV4917MBMJCF, 2002 WL 31844914 (S.D.N.Y. Dec. 18, 2002) ..............2

**Statutes**

Foreign Sovereign Immunities Act of 1976, Pub. L. No. 94-583, 90 Stat. 2891 ........6, 7

**Other Authorities**

U.S. Const. amend. V...........................................................................................1, 4, 8, 9

U.S. Const. amend. XIV ..............................................................................................1, 8

Fed. R. Civ. P. 4(k)(1)(c) ................................................................................................3

Fed. R. Civ. P.  4(k)(2).......................................................................................5, 6, 7, 8

Fed. R. Civ. P. 45........................................................................................................5, 6

Fed. R. Civ. P. 4.........................................................................................................5, 6, 7

Fed. R. Civ. P.  4(k)(1).....................................................................................................5

Fed. R. Civ. P. 26(c) ...............................................................................................1, 2, 3

## INTRODUCTION

PETERSEN ENERGÍA INVERSORA, S.A.U.'s and PETERSEN ENERGÍA, S.A.U.'s (collectively "Petersen") opposition uses a combination of inconsequential and meritless procedural objections combined with a novel and untested (and equally meritless) legal theory to apply Federal Rules of Civil Procedure ("FRCP") 4(k)(2) (which is a rule that establishes a procedure to *summon* a defendant into court pursuant to a federal claim) to post-judgment discovery against foreign non-parties, such as non-party respondent IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A. OPERADORA, SOCIEDAD UNIPERSONAL (hereinafter "Iberia"). If followed to its logical conclusion, Petersen's approach would confer universal jurisdiction to the United States courts to conduct worldwide discovery over foreign non-parties just because they conduct some unrelated business in the United States – an absurd result. Petersen points to Fuld v. Palestine Liberation Org., 606 U.S. 1 (2025), a case providing civil remedies for extraterritorial acts of terrorism, and even that case rejects the worldwide expansion of federal jurisdiction that Petersen seeks. By Petersen's logic, a foreign company would have *more* jurisdictional contacts with the United States courts than a U.S. company, including for information that has no tie to the United States. Petersen is avoiding the settled principle that courts within the Second Circuit rely on state long-arm statutes to establish jurisdiction over non-parties in post-judgment discovery. The principles of due process require the Court to grant Iberia's motion for a protective order, whether the analysis proceeds under the Fourteenth Amendment by *Daimler* and its progeny or a more flexible standard under the Fifth Amendment. Iberia's motion for a protective order pursuant to Rule 26(c) should be granted.

# ARGUMENT

## I. Procedural objections are not the basis to deny the motion

Petersen begins its opposition with two weak procedural objections – that Iberia did not "meet and confer" or seek informal resolution prior to filing this motion (that contests this Court having jurisdiction to investigate Iberia's extraterritorial business affairs) and asserting a timeliness requirement that does not apply to a Rule 26(c) motion. Neither procedural objection warrants denial of this motion. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993) (Second Circuit prefers matters to be resolved on the merits). Traditional discovery disputes presuppose the Court's jurisdiction to order such discovery and address routine issues like the permissible scope of discovery sought. When addressing threshold questions like jurisdiction, these issues must be resolved by motion practice. The Individual Practices of Judge Loretta A. Preska list certain types of motions under Rule 2A that do not require a pre-motion conference; Iberia's understanding is that the Court has determined that these categories of motions do not benefit from a pre-motion conference because they are not able to be resolved without formal motion practice. As stated *supra*, Iberia raises a threshold issue that cannot be resolved informally, and Iberia seeks a form of final relief – in this case to prevent post-judgment discovery into Iberia's extraterritorial business affairs. Courts within the Second Circuit acknowledge circumstances when pre-discovery motion procedures (such as "meet and confer") are not required because they are futile. Cuno v. Pall Corp., 116 F.R.D. 279, 281 (E.D.N.Y. 1987) ("any attempt by the movant to comply with the local rules would have been a useless gesture. The requirement that the parties seek to resolve discovery questions informally…. is waived in this instance"); Time Inc. v. Simpson, No. 02CIV4917MBMJCF, 2002 WL 31844914, at *2 (S.D.N.Y. Dec. 18, 2002) (pre-motion requirements seek to promote efficient resolution of matters, and strict compliance should be waived when such compliance does not serve the

efficiency goal). Since Iberia disputes the Court's jurisdiction, failing to meet and confer should not warrant denial of the motion on procedural grounds, and the Court should proceed to resolve the jurisdictional dispute on its merits.

Petersen attempts to insert a timeliness requirement by citing the incorrect rule. Iberia is seeking a protective order pursuant to Rule 26(c) and is not moving to quash pursuant to Rule 45. Petersen's cases only apply to motions pursuant to Rule 45 and not Rule 26(c). Dorsett v. Cnty. Of Nassau, 800 F. Supp. 2d 453, 460 (E.D.N.Y. 2011), aff'd sub nom. Newsday LLC v. Cnty. of Nassau, 730 F.3d. 156 (2d Cir. 2013) ("Rule 26(c) makes no mention of a timeliness requirement for seeking a protective order" and "the Court is aware of no Second Circuit law that requires this outcome [of imposing a timeliness requirement]"). Therefore, this objection is meritless as well.

## II. Plaintiffs read Fuld much too expansively, undermining their own arguments in the process

Plaintiffs cite Fuld v. Palestine Liberation Org., 606 U.S. 1 (2025), extensively, hinging their belief that this Court can assert jurisdiction over Iberia for discovery based on Fuld's narrow holding regarding a specific extraterritorial anti-terrorism statute. Fuld analyzes the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), which confers extraterritorial jurisdiction over the United States to pursue civil actions against the Palestine Liberation Organization ("PLO") and Palestinian Authority ("PA") for acts of terrorism that affect U.S. nationals. Id., at 5-6. Fuld is limited to "a subset of federal cases, such as those in which personal jurisdiction is – as in the PSJVTA – 'authorized by a federal statute.'" Id., at 11 (citing Fed. R. Civ. P. 4(k)(1)(c)). In the majority opinion, the Justices highlight that the PSJVTA an extraterritorial statute that is carefully tailored to advance the Executive and Legislative Branches goal of combatting global terrorism that threatens U.S. citizens, and the

3

PSJVTA limits statutory jurisdiction to two enumerated entities that engage in "specific and narrow conduct that directly implicates issues of sensitive and ongoing concern in [the PLO's and PA's] relationships with the United States." Id., at 21. The majority in Fuld "do[es] not purport to delineate the outer bounds of the Federal Government's power, consistent with due process, to hale foreign defendants into U.S. courts," thus providing limited guidance for the appropriate due process standards outside of civil plenary actions seeking redress for foreign terrorism (rather than post-judgment non-party discovery following a commercial dispute arising out of state law). Id., at 18.

Without a federal statute to confer jurisdiction in the present matter (as discussed *infra*), Fuld's only relevance to this motion undermines Petersen's argument that jurisdiction should be extended over Iberia in this novel manner. The majority in Fuld rejects Petersen's maximalist position – that a foreign non-party is entitled to essentially no due process protection regarding business arrangements not directed at the United States: "private petitioners argue that the Fifth Amendment imposes *no* territorial limits on personal jurisdiction…. [w]e agree with the Government that we need not address the private petitioners' unbounded jurisdictional theory today." Id. The Court explicitly cautions against what Petersen is trying to accomplish here:

> We are wary to reach further and bless more attenuated assertions of jurisdiction when the cases before us do not require doing so. Cf. *Asahi Metal Industry Co.v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 115, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) ("Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." (quoting *United States v. First Nat. City Bank*, 379 U.S. 378, 404, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965) (Harlan, J., dissenting))). Id., at 18-9.

Following Petersen's assertions to their logical conclusion, all foreign businesses would have their worldwide business affairs subject to the jurisdiction of the U.S. courts for discovery without limitation – based solely upon conducting regular and unrelated business with the United

4

States.  This approach would have a major chilling effect on global commerce that the Fuld court recognized must be avoided.

   **III. FRCP 4(k)(2) cannot serve as the statutory basis for finding jurisdiction over Iberia because it does not confer jurisdiction for post-judgment non-party discovery**

   **A.  Rule 4(k)(2) addresses "Summons"**

Contrary to Petersen's contentions, Rule 4(k)(2) does not serve as its own statutory basis for jurisdiction.  Tellingly, Petersen ignores necessary elements of the plain language of Rule 4(k)(2) when attempting to support their position.  FRCP Rule 4(k)(2) states as follows:

> ***Federal Claim Outside State-Court Jurisdiction.*** For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: **(A)** the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and **(B)** exercising jurisdiction is consistent with the United States Constitution and laws.  Fed. R. Civ. P. 4(k)(2).

Rule 4(k)(2) is a component of Rule 4, which is titled "Summons."  Fed. R. Civ. P. 4.  The plain meaning of the text of the rule indicates that Rule 4(k)(2) applies only for "serving a summons" to initiate "claims" pursuant to "federal law," not as a vehicle for expanding jurisdiction for a Rule 45 subpoena.  Petersen has not served a "summons" on Iberia – it has served an information subpoena pursuant to Rule 45.  Petersen misrepresents plain-text of Rule 4, ignoring the fact that Rule 4(k)(1) requires serving a "summons" on a "defendant" and thus does not apply to serving a subpoena on a non-party.  See Dkt. 901, at 12 (citing Rule 4(k)(1)).[1]  Indeed, the Second Circuit recognizes that Rule 4 does not establish jurisdiction for non-party discovery; the courts look through to New York law to determine if the court has jurisdiction even when the subpoena is issued under Rule 45.  See Gucci Am., Inc. v. Weixing Li, 135 F. Supp. 3d 87, 93 (S.D.N.Y.

---

[1] Petersen's argument that Iberia concedes that Rule 4 applies to non-parties is meritless.  Iberia cited this rule generally as a mechanism available under the Federal Rules to look through to state law regarding jurisdiction in certain circumstances – such as when bringing in a party as a named defendant as occurred in some of the cited post-judgment proceedings.  Petersen ignores the plain-text limitation that Rule 4 only applies for "summons" against "defendants."

2015) (analyzes New York's long-arm statute as basis for jurisdiction for a FRCP Rule 45 subpoena); Nike, Inc. v. Wu, 349 F. Supp. 3d 310, 322 (S.D.N.Y.), aff'd, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) (same).  Accordingly, Rule 4 generally and Rule 4(k)(2) specifically are not statutory bases to establish jurisdiction over non-parties for discovery purposes.

### B.  Rule 4(k)(2) requires a "claim" that arises under federal law

Petersen makes the fatal assumption that the underlying claims are treated as federal claims (a requirement for Rule 4(k)(2) jurisdiction) because defendant Argentine Republic is a foreign sovereign.  That assumption is incorrect; the commercial claims brought in both Petersen[2] and Eton Park[3] matters are considered substantive state law claims despite being brought against the Argentine Republic under the Foreign Sovereign Immunities Act ("FSIA"). See Marshall v. Boeing Co., 940 F. Supp. 2d 819, 822 (N.D. Ill. 2013) ("FSIA does not create a federal cause of action. Boeing's claims against LOT are state law claims, and the court would not have federal question jurisdiction over these claims if LOT were not a foreign sovereign or sovereign instrumentality"); Cassirer v. Thyssen-Bornemisza Collection Found., 596 U.S. 107, 114 (2022) ("when a foreign state is not immune from suit, it is subject to the same rules of liability as a private party"); Reed v. Islamic Republic of Iran, 439 F. Supp. 2d 53, 63 (D.D.C. 2006) (District of Columbia choice-of-law rules to analyze state law questions in FSIA case). That fact alone prevents Petersen from using Rule 4(k)(2) as the basis for jurisdiction, as Petersen has no federal claim against Iberia.  FRCP Rule 45 subpoenas are not federal claims either for the purpose of Rule 4(k)(2); subpoenas are discovery devices used to obtain information from a person or entity.  Alexander v. Saul, 5 F.4th 139, 148, n.4 (2d Cir. 2021) (("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal

---

[2] *See* Complaint, Dkt. 1.
[3] *See* Complaint, Dkt. 1.

jurisdiction.")(quoting Owen Equip.& Erection Co. v. Kroger, 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)).  Without a "federal claim," Petersen cannot use Rule 4(k)(2) to establish jurisdiction.

### C. Courts within this jurisdiction reject using Rule 4(k)(2) as a jurisdictional basis for all post-judgment discovery and show how the state long-arm statute is used for this purpose.

In Havlish v. Royal Dutch Shell PLC, No. 13 CIV. 7074 GBD, 2014 WL 4828654 (S.D.N.Y. Sept. 24, 2014), the Southern District of New York explicitly rejected using Rule 4(k)(2) as the jurisdictional basis for post-judgment discovery.  Havlish is remarkably similar to the present case; in Havlish, petitioners were awarded a judgment of approximately $6.1 billion against the Islamic Republic of Iran ("Iran").  Id., at *1.  Petitioners brought a turnover proceeding against Royal Dutch Shell PLC ("Shell"), seeking to attach funds that Shell owed the National Iranian Oil Company (a named party and political subdivision of Iran in the underlying action).  The Havlish petitioners sought to use Rule 4(k)(2) as the basis for jurisdiction against Shell, stating that §1605A of the FSIA is a federal claim within the meaning of Rule 4(k)(2).  Id., at *4-5.  The Court expressly rejected this approach, holding that Rule 4(k)(2) requires petitioners to bring a *substantive* federal claim against Shell rather than looking through to the underlying complaint (even if the underlying complaint contained federal causes of action).  Id. The present dispute with Iberia takes the analysis several steps further: Petersen has not "summoned" Iberia as a defendant in any post-judgment proceeding against Iberia (a threshold condition for using Rule 4 to establish jurisdiction); the underlying claim is not a federal claim for purposes of Rule 4(k)(2) (if the court were to look through to the underlying claim), and post-judgment discovery against Iberia is not a *substantive* separate post-judgment federal claim for purposes of Rule 4(k)(2) jurisdiction.  Indeed, there are *no* documented examples in the Second

7

Circuit or anywhere else in the United States of Rule 4(k)(2) being used as the jurisdictional basis for post-judgment discovery against a non-party. See Battista Reply Decl., ¶ 8. Therefore, Petersen's novel approach fails.

### IV. The due process analysis does not establish of jurisdiction over Iberia

Petersen's jurisdictional arguments can be reduced to speculation that "some aspect of the subpoenaed transactions may have been connected to this forum." Dkt. 901, at p. 18. This assertion is plainly insufficient to confer jurisdiction under either the Fourteenth Amendment (via the New York long-arm statute) or the Fifth Amendment (via Petersen's unsupported and incorrect approach), and Iberia provides facts that conclusively refute Petersen's speculations. See Battista Reply Decl., ¶¶ 5-7; see also Battista Decl. ¶¶ 7-10. Iberia operates a "hub-and-spoke" model, which means that all flights from the U.S. go to its hub in Spain. Battista Reply Decl., ¶ 5. Iberia has fewer than fifteen employees in the United States of its approximately 11,000 employees worldwide. Id., ¶ 7. All U.S. based employees exclusively support air operations between the U.S. and Spain. Id., ¶ 6. Petersen implicitly concedes that the Fourteenth Amendment standard requires an "articulable nexus or substantial relationship" between the discovery sought and New York, and coincidental, tangential, or attenuated links between the discovery in question and New York are insufficient. Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d. 50, 55, 66-7 (2d Cir. 2012).[4] Petersen's speculation that a more substantial connection exists between New York and the discovery sought is entirely insufficient and represents exactly the type of coincidental, tangential, or attenuated links that do not confer jurisdiction.

---

[4] The full citation is as follows: Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50 (2d Cir. 2012), certified question accepted sub nom. Licci v. Lebanese Canadian Bank, 18 N.Y.3d 952, 967 N.E.2d 697 (2012), and certified question answered sub nom. Licci v. Lebanese Canadian Bank, 20 N.Y.3d 327, 984 N.E.2d 893 (2012)

Even if the Court were to adopt Petersen's approach that Rule 4(k)(2) can be the basis of jurisdiction for a post-judgment non-party subpoena, the Fifth Amendment due process analysis does not provide jurisdiction over Iberia either.  Petersen's Fifth Amendment jurisdictional analysis (the older general jurisdiction "minimum contacts" standard) would exercise universal jurisdiction for the U.S. courts to explore foreign companies' worldwide operations unrelated to the United States simply because they do business in the United States.  Even with the most permissive and flexible due process standard, Petersen's argument still fails.  Petersen makes a glaring omission when it cites caselaw purportedly showing that correspondent bank accounts in the United States are sufficient to satisfy the Fifth Amendment due process standard; in the cited case – In re Sealed Case, 932 F.3d 915 (D.C. Cir 2019) – the banks in question *consented to U.S. jurisdiction* for proceedings initiated by the United States initiated under U.S. Banking Law as a condition of receiving the license to open U.S. bank branches.  Id., at 923.  "Minimum contacts" for general jurisdiction under the Fifth Amendment require the foreign entity to have "continuous and systematic" contacts with the United States such that U.S. operations have a degree of control over worldwide operations – "all-purpose" jurisdiction requires it to confer liability.  Porina v. Marward Shipping Co., 521 F.3d 122, 128 (2d Cir. 2008) ("plaintiffs must satisfy the 'more stringent minimum contacts test' for general jurisdiction cases) (internal citations omitted).  In this context, Petersen would have to show that Iberia's U.S. operations are sufficiently integral to Iberia's worldwide operations such that the Court can assume – simply by the "continuous and systematic" nature of the contacts before even looking at the case-specific facts – that flights from Argentina to the United Kingdom are arranged, coordinated, and supported from Iberia's U.S. offices.  Iberia has shown this is plainly not the case (as discussed

9

*supra* regarding Iberia's hub-and-spoke operational model and its U.S. workforce of fewer than fifteen employees of almost 11,000 worldwide).

### V. Jurisdictional discovery is not appropriate when plaintiff fails to make a *prima facie* case for jurisdiction

"A district court … is within its discretion to deny jurisdictional discovery when the plaintiff [has] not made out a prima facie case for jurisdiction." Daou v. BLC Bank, SAL., 42 F.4th 120, 133 n. 6 (2d Cir. 2022). Considering the facts submitted in the two Declarations of Anthony Battista combined with Petersen's mere speculation that a connection must exist between Iberia's U.S. operations and flights between Argentina and the United Kingdom, Petersen Energia has not made out its *prima facie* case for jurisdictional discovery. RSM Prod. Corp. v. Fridman, 643 F.Supp. 2d 382, 402 (S.D.N.Y. 2009), aff'd, 387 F.App'x 72 (2d Cir. 2010) ("[d]iscovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts"). Accordingly, the Court should not order jurisdictional discovery over Iberia.

### VI. Petersen fails to address Iberia's argument that discovery that lacks a purpose is presumptively burdensome

Iberia presented several bases for why such discovery would be unduly burdensome if the Court were to find jurisdiction, including the threshold issue that the Court has not resolved whether the sovereign gold is subject to attachment. Petersen does not dispute that they are only seeking information from Iberia as part of its greater efforts to determine what happened with some of Argentina's sovereign gold. Petersen does not rebut the fact that, as a matter of law, post-judgment discovery that does not lead to attachable assets is presumptively unduly burdensome and should be subject to a protective order. Nor has Petersen countered that there is a greater presumption against permitting such discovery exists because Iberia is a non-party.

Therefore, if the Court reaches the alternative bases for granting the motion for a protective order, the Court should do so based on the burden imposed on Iberia to provide discovery when plaintiffs may not even be able to attach Argentina's sovereign gold.

## CONCLUSION

For the foregoing reasons, non-party respondent IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A. OPERADORA, SOCIEDAD UNIPERSONAL respectfully requests that the Court enter a protective order preventing plaintiffs/judgment-creditors PETERSEN ENERGIA INVERSORA, S.A.U. and PETERSEN ENERGIA, S.A.U. from conducting post-judgment discovery regarding flights between Argentina and the United Kingdom and any potential conversations between employees of Iberia and members of the Argentine government related to those flights.

Dated: 03/09/2026

Respectfully submitted,

CONDON & FORSYTH LLP

By_____
Anthony U. Battista (AB0783)
abattista@condonlaw.com
William de Wolff (5908199)
wdewolff@condonlaw.com
7 Times Square, 18th Floor
New York, NY 10036
Tel: (212) 490-9100
Fax: (212) 370-4453

Attorneys for Non-Party Respondent
IBERIA LÍNEAS AÉREAS DE ESPAÑA, S.A.
OPERADORA, SOCIEDAD UNIPERSONAL

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, a true and correct copy of the foregoing **Reply Memorandum of Law in Further Support of Non-Party Iberia's Motion for a Protective Order Pursuant to FRCP Rule 26(c)** was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the parties of record.

_____
Anthony U. Battista (AB0783)

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 AND INDIVIDUAL PRACTICES OF JUDGE LORETTA A. PRESKA

I hereby certify that the **Reply Memorandum of Law in Further Support of Non-Party Iberia's Motion for a Protective Order Pursuant to FRCP Rule 26(c)** contains 3,312 words, which complies with the lower of the Joint Local Rules, S.D.N.Y & E.D.N.Y Rule 7.1 word limit and the Individual Practices of Judge Loretta A. Preska of 3,500 words for Reply Memoranda of Law. This word count was prepared using the word count of the word-processing program used to prepare this document. This word count does not include the caption, index, table of contents, table of authorities, signature blocks, or any required certificates, but does include material contained in footnotes.

_____
Anthony U. Battista (AB0783)