KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

April 21, 2026

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-08569

Dear Judge Preska:

Plaintiffs respectfully request that the Court modify the Protective Order, Dkt. 674, to allow the Parties to use materials obtained in discovery in these cases in arbitration proceedings.[1]  Plaintiffs asked for the Republic's position on their requested relief, but the Republic has not responded.

## I.   Background

This Court adopted the operative Protective Order on October 10, 2024, allowing for the use of all Discovery Material in foreign enforcement proceedings. Dkt. 674 ¶ 2.  As the Court had earlier observed, "there is no reason [discovery material] should not be used [in foreign jurisdictions] with the understanding that steps will be taken to keep it confidential."  Dkt. 654 at 84:3-4.

The Protective Order thus provides that "Discovery Material . . . shall be used or further disclosed solely for the prosecution or the defense of these Actions

---

[1] Docket citations refer to the *Petersen* case.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
April 21, 2026
Page 2

(including any appeal therefrom) and any Enforcement Actions and shall not be used for any other purpose, including use in other legal actions, present or future." Dkt. 674 ¶ 2. On March 27, 2026, the Second Circuit reversed this Court's grant of summary judgment to Plaintiffs on their breach of contract claim against the Republic and affirmed its grant of summary judgment to YPF. Dkt. 909. While Plaintiffs intend to seek further review of that decision in the U.S. courts, they are also going to commence international arbitration against Argentina and have provided notice to the Republic to that effect. The existing Protective Order, however, may preclude the Parties from using materials obtained through pre- and post-judgment discovery in these cases in arbitration proceedings.

## II.    The Protective Order Should Be Modified To Allow for the Use of Discovery Material in Arbitration Proceedings

In light of the Second Circuit's ruling, Plaintiffs respectfully request that the Court modify the Protective Order to allow the Parties to use all discovery material in arbitration proceedings. A proposed amended Protective Order is attached in clean and redline versions as Exhibits A and B.

"It is undisputed that a district court retains the power to modify or lift protective orders that it has entered." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004) (quoting *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139 (2d Cir. 1987)). This is true even after a court has dismissed the underlying action, *see Rio Tinto PLC v. Vale S.A.*, 2016 WL 900652, at *2 (S.D.N.Y. Mar. 9, 2016) (ordering modification of a protective order post-dismissal and collecting cases), *aff'd*, 2016 WL 2605754 (S.D.N.Y. Mar. 25, 2016), which has not occurred here.

Modification of a protective order is "committed to the sound discretion of the trial court," especially "where a litigant or deponent could not reasonably have relied on the continuation of a protective order." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001). "In the case of a 'blanket protective order,' it is more difficult to show a party reasonably relied," *see Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 132 (E.D.N.Y. 2012) (quoting *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 319 (D. Conn. 2009)), and "stipulated blanket orders are even less resistant to a reasonable request for modification." *Id.* "Where a protective order contains

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
April 21, 2026
Page 3

express language that . . . anticipates potential modification . . . it is not reasonable for a party to rely on an assumption that it will never be modified." *Id.*; *see also TheStreet.Com*, 273 F.3d at 231 ("For instance, protective orders that are on their face temporary or limited may not justify reliance by the parties.").

There is no basis to oppose Plaintiffs' "reasonable request for modification." *See Charter Oak Fire Ins. Co.*, 287 F.R.D. at 132. The operative Protective Order is a "stipulated" and "blanket protective order" such that it would be "difficult" for the Republic, YPF, or any non-party to show that it "reasonably relied" on the continuation of the protective order. *Id.* The Protective Order also contains "express language that . . . anticipates potential modification": it expressly recognizes that "[t]his Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter." Dkt. 674 ¶ 24. Finally, Plaintiffs' request is consistent with the Court's earlier determination that "there is no reason" information designated Confidential pursuant to the Protective Order "should not be used with the understanding that steps will be taken to keep it confidential." Dkt. 654 at 84:3-4. Plaintiffs' proposal applies to arbitration proceedings the same requirements the Court imposed in connection with enforcement actions, including that the Parties take all reasonable steps to maintain confidentiality, and indeed the substance of the arbitration proceedings is expected to be confidential. *See* Exs. A & B ¶ 14. This Court should grant Plaintiffs' request for relief.

Respectfully submitted,

*/s/ Andrew E. Goldsmith*

*Counsel for Plaintiffs*