**Debevoise**
**&Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

April 24, 2026

BY ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, New York 10007

**Re:  *Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.,*
No. 15 Civ. 2739 (S.D.N.Y.) (LAP); *Eton Park Capital Mgmt. et al. v.
Argentine Republic et al.,* No. 16 Civ. 8569 (S.D.N.Y.) (LAP)**

Dear Judge Preska:

Non-party YPF S.A. ("YPF")[1] respectfully submits this opposition to Plaintiffs' April 21, 2026 request to modify the Protective Order (the "Order").  Dkt. 911.[2]

Plaintiffs' claims against YPF have been dismissed since March 31, 2023, but YPF remains a party to the Order, which protects YPF's confidential documents from unauthorized disclosure.  On March 27, 2026, the Second Circuit affirmed this Court's grant of summary judgment to YPF, holding YPF is not liable to Plaintiffs.  Dkt. 909.  Once any appeals are exhausted, Plaintiffs must "destroy[] or return[]" YPF's discovery materials.  Order ¶ 20(a), Dkt. 674.

The Order is clear that the discovery materials produced to Plaintiffs may be used "***solely*** for the prosecution or the defense" of the above-captioned proceedings (and related enforcement actions) and "***shall not be used for any other purpose, including use in other legal actions, present or future***."  Order ¶ 2 (emphasis added).  Plaintiffs agreed to that prohibition when negotiating the Order, and YPF relied on it when producing its documents to Plaintiffs.  Yet Plaintiffs now seek modifications that directly contradict that express provision so that they can use the documents from this litigation in a separate international arbitration they seek to

---

[1] YPF maintains its objections to the Court's jurisdiction over it, including under the Foreign Sovereign Immunities Act.

[2] "Dkt." refers to entries in docket No. 15-cv-2739.

The Honorable Loretta A. Preska 2 April 24, 2026

bring against the Republic of Argentina (the "Republic"). That proposal would violate the express terms of the Order and the reasonable expectations of the producing parties in this litigation and should be rejected.

Consistent with the Second Circuit's "strong presumption against modification of a protective order," *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 2017 WL 4641247, at *1–2, *5 (S.D.N.Y. 2017) (denying modification seeking to use designated material in subsequent state court action), courts routinely deny modifications of protective orders that are intended to permit use of confidential discovery material in separate legal proceedings, even if they are related, *see, e.g.*, *Giuffre v. Dershowitz*, 2020 WL 3578104, at *1, *5 (S.D.N.Y. 2020) (Preska, J.) (denying modification of protective order when non-party sought access to discovery for a "related, but entirely separate, case"); *In re Unseal Civil Discovery Materials*, 2021 WL 1164272, at *1, *3–4 (S.D.N.Y. 2021) (denying modification of protective order seeking use of protected information from civil suit in separate grand jury investigation); *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 122 (S.D.N.Y. 2015) (denying modification of protective order seeking use of materials "to take a second bite at the proverbial apple" by litigating in a separate action).

As this Court has recognized, "producing parties are justified in believing that a protective order would not be modified for purposes external to the lawsuit in which it was entered [which] may be a dispositive factor in denying modification of a protective order." *Giuffre*, 2020 WL 3578104, at *4 (citation omitted). Similarly, the Second Circuit has held that "absent a showing of improvidence . . . or some extraordinary circumstance or compelling need . . . a [producing party] should be entitled to rely upon the enforceability of a protective order[.]" *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979). This principle applies with particular force here because the consents YPF obtained from individual custodians are expressly premised on the documents being used only in this litigation. *Cf. Giuffre*, 2020 WL 3578104, at *5 (producing parties "may have never produced information in the first place" had they known their documents could be used to prosecute separate litigation).

Plaintiffs have not even attempted to satisfy their burden to demonstrate an "extraordinary circumstance" or "compelling need" that could justify the requested modifications. Instead, Plaintiffs cite to decisions about protective orders that are readily distinguishable from this Order and these circumstances. *See, e.g.*, *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 227, 233–34 (2d Cir. 2001) (affirming unsealing of deposition testimony where "there was a strong public interest" and where "third parties who had not agreed to be bound by that [protective] order" were present at depositions, such that deponents could not have reasonably relied on protective

The Honorable Loretta A. Preska               3                    April 24, 2026

order); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 135, 137–38, 142 (2d Cir. 2004) (affirming unsealing of documents filed under temporary protective order because court relied on them in ruling on summary judgment, making them "judicial documents" entitled to presumption of public access).   This Order contains provisions that are the hallmarks of protective orders that have been upheld in the face of requested modifications, and these circumstances include express reliance on the Order by YPF and its custodians.  *See, e.g., Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 312 F. Supp. 3d 413, 416–17 (S.D.N.Y. 2018) (denying modification as "presumptively unfair" where party "relied on the provision limiting the use of confidential information to this case" ); *Nielsen*, 112 F. Supp. 3d at 121 (denying modification where provisions requiring destruction of materials suggested party "could reasonably expect that any [protected] information" would "not be used in other matters").  The fact that the Order anticipates that certain modifications might be permitted does not sanction a one-sided, opposed request for a modification that directly contradicts the express terms of the Order, which prohibits use of protected documents in other legal actions.

Finally, contrary to Plaintiffs' conclusory assertion that it is a "blanket protective order," the Order tailors confidentiality designations to nine specified categories and requires that designations be made in good faith.  Order ¶¶ 4, 5(b). Such "specific and targeted" protective orders that describe "what type of documents would be considered highly confidential" are less subject to modification because they are "specifically focused on protecting certain documents . . . for a particular reason." *Errant Gene Therapeutics*, 2017 WL 4641247, at *3 (citation omitted); *see also Unseal*, 2021 WL 1164272, at *3 (protective order was not a blanket order where "the definition of Confidential Information is limited" and materials may be so-designated "only in 'good faith' after attorney review").

Accordingly, YPF respectfully requests that the Court deny Plaintiffs' request to eviscerate a core provision of the Order that was agreed to and relied upon to govern the production and treatment of confidential materials.

Respectfully submitted,

*/s/ Mark P. Goodman*
Mark P. Goodman
Shannon Rose Selden
mpgoodman@debevoise.com
srselden@debevoise.com
cc:    Counsel of Record (by ECF)