# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 24, 2026

Via ECF

The Honorable Loretta A. Preska,
      United States District Court for the Southern District of New York,
           500 Pearl Street,
                New York, NY  10007.

> Re:  *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

On behalf of the Argentine Republic, I write to oppose Plaintiffs' request to modify the Protective Order ("Order"), which the parties jointly submitted and the Court approved nearly six years ago.

The Order expressly bars the extraordinary relief Plaintiffs seek. It provides that "[a]ll Discovery Material" may be used "*solely* for the prosecution or the defense of *these* Actions" and "*for no other purpose, including use in other legal actions*, present or future." Dkt. 177 ¶ 2 (emphases added).[1] That key provision has remained unchanged, except to add that Discovery Material may be used in enforcement actions. Dkt. 674 ¶ 2. Plaintiffs now seek to rewrite this agreed-upon provision so they can "use all discovery material in arbitration proceedings." Dkt. 911 at 2. Plaintiffs knew of the possibility of arbitration proceedings. In fact, Plaintiffs had sent a notice of dispute on April 8, *2015*. Dkt. 27-23. But Plaintiffs nevertheless agreed, and this Court ordered, that discovery in these actions could *not*

_____

[1]      All docket entries refer to *Petersen*.

The Honorable Loretta A. Preska                                    -2-

be used in any "other legal actions, present *or future*."  Dkt. 674 ¶ 2 (emphasis added).

Plaintiffs "may not now attempt to take a second bite at the proverbial apple by using materials produced in this matter, with the reasonable belief that they would only be used for this matter, to litigate" a future arbitration. *Nielsen Co. (U.S.)* v. *Success Sys.*, 112 F. Supp. 3d 83, 122 (S.D.N.Y. 2015). This Court should deny Plaintiffs' application because (i) they have not overcome the strong presumption against modifying the Order, and (ii) it is premature, given no arbitration has been commenced.

## I.      Plaintiffs Have Not Satisfied Their Burden to Modify the Order.

In this Circuit, "there is a strong presumption against the modification of a protective order."  *SEC* v. *TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001). "[A]bsent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need," courts should not modify protective orders that have been reasonably relied upon.  *Id*.  Plaintiffs fail to meet this stringent standard.

### A.      The Republic and Third Parties Reasonably Relied on the Order.

Courts routinely reject attempts to modify protective orders that prohibit the use of discovery materials in other actions because they presume that the parties reasonably relied on the orders' provisions in discovery, as the Republic did here.  *See Nielsen*, 112 F. Supp. 3d at 121 ("[T]he parties were justified in believing that the Protective Order would not be modified for purposes external to this lawsuit."); *Jose Luis Pelaez, Inc.* v. *Scholastic, Inc.*, 312 F. Supp. 3d 413, 417 (S.D.N.Y. 2018) ("[I]t is reasonable that in conducting discovery Scholastic relied on the provision limiting the use of confidential information to this case."); *Arcesium LLC* v. *Advent Software*, 2022 WL 621973, at *5 (S.D.N.Y. 2022) (denying modification where "Defendants now seek to use documents disclosed to them in a subsequent suit against Plaintiff").

Plaintiffs were aware as early as 2015 that they might want to file an arbitration against the Republic, but agreed that discovery in this action could not be used in other actions.  The Republic and third parties thus reasonably relied on the Order's prohibition on the use of Discovery Material in some future arbitration.

The Honorable Loretta A. Preska                                    -3-

This Court should reject each of the grounds Plaintiffs advance to rewrite the agreed-upon Order.

*First*, Plaintiffs say (at 2-3) that the Order is subject to modification by the Court. But "by definition, any court order is subject to that court's modification," and thus a modification provision does not by itself "undermine the parties' expectation that the Protective Order in these cases will not be modified to allow confidential materials they produced in this litigation to be used in other litigation." *Med. Diagnostic Imaging* v. *Carecore Nat'l*, 2009 WL 2135294, at *3 (S.D.N.Y. 2009). And the Order expressly requires the destruction of confidential documents at the end of this litigation and remains in force beyond the duration of the litigation. Dkt. 674 ¶¶ 20a, 27. "Courts have routinely concluded" that such provisions support parties' reasonable reliance, notwithstanding a modification provision. *Arcesium*, 2022 WL 621973, at *4.

*Second*, courts routinely reject Plaintiffs' claim (at 2-3) that, simply because this is a "stipulated" Order, it can be modified. *See Jose Luis Pelaez*, 312 F. Supp. 3d at 417 ("reasonable" for defendant to rely on stipulated order "limiting the use of confidential information to this case"); *Sw. Payroll Serv.* v. *Pioneer Bancorp*, 2022 WL 23028187, at *4-5 (N.D.N.Y. 2022) (similar).

*Third*, Plaintiffs are wrong (at 2-3) that the Order is a "blanket protective order." The Order limits "confidential" information to "specifically delineated categories of documents" and "allows the receiving party to challenge those designations." *Arcesium*, 2022 WL 621973, at *4; *see* Dkt. 674 ¶¶ 4, 16.

### B.    Plaintiffs Have Not Articulated Extraordinary Circumstances or Compelling Need.

Fatally, Plaintiffs do not identify any "extraordinary circumstance" or "compelling need" in support of their request. They simply say they *want to bring* arbitration proceedings. That is not enough. *See Nielsen*, 112 F. Supp. 3d at 122. But Plaintiffs "had the opportunity to include" provisions authorizing the use of discovery materials in arbitration, and elected not to. *Int'l Techs. Mktg.* v. *Verints Sys.*, 2019 WL 8806219, at *2 (S.D.N.Y. 2019).

Moreover, the "sheer breadth" of Plaintiffs' request—"a carpet bombing" of "all filings and discovery materials, including third-party discovery"— is unreasonable. *Giuffre* v. *Dershowitz*, 2020 WL 3578104, at *1, 3 (S.D.N.Y. 2020) (Preska, J.). For instance, Plaintiffs make no attempt to explain why post-judgment

The Honorable Loretta A. Preska                                          -4-

discovery, concerning the Republic's assets more than a decade after the events underlying their claims, bears any relevance to a potential arbitration.

## II.    Plaintiffs' Application Is Premature.

At a minimum, Plaintiffs' request for modification is premature. Plaintiffs have not commenced any arbitration against the Republic. Arbitration relies on a separate disclosure regime, not the federal rules that governed this litigation. If, during the course of arbitration, the parties need relief from the Order, they can seek relief at that time for particular documents or categories of documents. If Plaintiffs seek to use specific documents in any arbitration, they should first identify those documents and confer with the Republic, as opposed to seeking carte blanche to use all Discovery Material.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.


cc:    Counsel of Record (via ECF)