KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

April 27, 2026

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-08569

Dear Judge Preska:

The Court should allow the Parties to use discovery materials in arbitration proceedings.[1] The vigor of Defendants' opposition to this straightforward application makes their goal of obstruction clear. While Plaintiffs' proposal would streamline litigation and keep Defendants' material confidential, denying it would do neither. It would cause delay and risk making Defendants' materials public – and impose substantial burdens on the Court and the Parties – by forcing Plaintiffs to challenge individually Defendants' past sealing requests.

**1.** Defendants rely on incorrect legal and factual premises. Plaintiffs need not justify a modification with a heightened showing because the Protective Order was largely stipulated. *See Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 133 (E.D.N.Y. 2012) ("[P]rotective order granted on the basis of a stipulation by the parties carries less weight than a protective order

---

[1] Docket citations refer to the *Petersen* docket. This letter is a consolidated response to the separate letters from the Republic and YPF.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
April 27, 2026
Page 2

granted after a hearing to show good cause.").  The original order was stipulated, *see* Dkt. 177, and the parties agreed on the substance of the current version too; the Republic only quibbled over some particulars of language, *see* Dkts. 666, 666-5. *Southwestern Payroll Service, Inc. v. Pioneer Bancorp*, 2022 WL 23028187 (N.D.N.Y. 2022), does not suggest otherwise, recognizing that an order's stipulated nature "weigh[s] [] in favor of granting the modification." *Id.* at *5. *Errant Gene Therapeutics, LLC v. Sloan-Kettering Institute for Cancer Research*, 2017 WL 4641247 (S.D.N.Y. 2017), goes no further, as the court there had conducted a "comprehensive inquiry into the terms of the prospective order." *Id.* at *4; *see also* Dkt. 177.[2]

As Plaintiffs explained, the Protective Order contains "express language that . . . anticipates potential for modification." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 320 (D. Conn. 2009); *see* Dkt. 674 ¶ 24.  The Republic cites *Medical Diagnostic Imaging, PLLC v. Carecore National, LLC*, 2009 WL 2135294 (S.D.N.Y. 2009), to argue (at 3) that a modification clause is not dispositive, but the court there said only that "[s]uch a provision" could not be leveraged for "a *third* party," 2009 WL 2135294, at *3 (emphasis added).  Here, Plaintiffs seek modification.

Finally, the Protective Order *is* a "blanket protective order," "cover[ing] all documents [and testimony] produced during the litigation." *Tradewinds Airlines, Inc. v. Soros*, 2016 WL 3951181, at *2 (S.D.N.Y. July 20, 2016); *see* Dkt. 674 ¶ 1. *Arcesium LLC v. Advent Software, Inc.*, 2022 WL 621973 (S.D.N.Y. 2022), is inapposite, addressing an order designed for a "particular document or the testimony of a few key people." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 319-20 (D. Conn. 2009) (comparing broad order to one that "applied only to the transcripts of twelve deponents who agreed to testify pursuant to a confidentiality agreement").[3]

---

[2] The same is true of *In re Unseal Civil Discovery Materials*, 2021 WL 1164272, at *3 (S.D.N.Y. 2021).

[3] *Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 312 F. Supp. 3d 413 (S.D.N.Y. 2018), did not inquire into the characteristics of the relevant order.  *See Charter Oak Fire Ins. Co.*, 287 F.R.D. at 132 (outlining reasonable reliance factors).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
April 27, 2026
Page 3

**2.** Even if Plaintiffs must show a "compelling need," Dkt. 913 at 3, they "have done so." *Soros*, 2016 WL 3951181, at *2 (granting plaintiffs' modification after granting summary judgment for defendants and affirmance by Second Circuit). Because the arbitration proceedings "are closely related to the claims brought before this Court," "there is a compelling need for modification here to avoid considerable unnecessary effort and expense." *Id.* And "because the proposed modifications maintain the same protections regarding public disclosure, there is no significant prejudice to any party." *Id.*; *see also* Dkt. 911 at 3.[4] Indeed, Plaintiffs expect the arbitration to be confidential.

The Republic complains that arbitration has its own discovery process and that Plaintiffs could have obtained this relief in 2015, but the Republic has "not argue[d] that it would not be required to produce the documents" in arbitration, and it "cannot rely on the Protective Order as a means of protecting discovery that would otherwise be discoverable in" other proceedings. *Charter Oak Fire Ins. Co.*, 287 F.R.D. at 133-34. Indeed, the Republic's opposition is surely intended to thwart arbitration.[5]

Respectfully submitted,

*/s/ Andrew E. Goldsmith*

*Counsel for Plaintiffs*

---

[4] In *Giuffre v. Dershowitz*, 2020 WL 3578104 (S.D.N.Y. 2020), the proposed modification risked "collateral damage to the *Maxwell* unsealing process" and did not likely "serve the interests of judicial economy." *Id.* at *4.

[5] *International Technologies Marketing Inc. v. Verint Systems, Ltd.*, concerned an "agreement," not a protective order, and the court refused to elaborate on the standard for modifying an order. 2019 WL 8806219, at *1 (S.D.N.Y. Mar. 18, 2019) ("Because the Agreement is a contract between the parties and not merely a protective order, ITM cannot alter it without Verint's assent, which it has not given.").