**Debevoise**
**&Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 18, 2026

VIA ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, New York 10007

**Re:    *Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.*, No. 15 Civ. 2739 (S.D.N.Y.) (LAP); *Eton Park Capital Mgmt. et al. v. Argentine Republic et al.*, No. 16 Civ. 8569 (S.D.N.Y.) (LAP)**

Dear Judge Preska:

Non-party YPF S.A. ("YPF")[1] respectfully requests a pre-motion conference before filing a motion seeking clarification and/or reconsideration of the Court's May 4, 2026 order (the "Order") [Dkt. 915] modifying the Protective Order in the above-captioned cases to permit all confidential discovery materials produced in these actions to be usable in international arbitration proceedings brought by Plaintiffs against the Republic of Argentina (the "Republic") (the "Arbitrations").[2] The Order should not apply to confidential discovery materials produced by YPF because (i) YPF will not be a party to the Arbitrations, and (ii) neither the arbitral tribunal (the "Tribunal") nor Plaintiffs will have the power to compel discovery from YPF for use in the Arbitrations.  YPF's confidential materials should not be made available for the additional reason – which differentiates this case from most others – that individual document custodians expressly relied on the Protective Order's prohibition against use of confidential documents outside of the above-captioned cases, "including use in other legal actions, present or future," when they consented to the production of documents for use solely in these actions.

On March 27, 2026, the Second Circuit affirmed this Court's grant of summary judgment to YPF, holding that YPF is not liable to Plaintiffs in connection with the Republic's intervention in and subsequent expropriation of Repsol's YPF shares.  Dkt. 909.

Plaintiffs apparently intend to use YPF's discovery materials in the

---

[1] YPF maintains its objections to the Court's jurisdiction over it, including under the Foreign Sovereign Immunities Act.

[2] References to "Dkt." refer to case number 1:15-cv-2739.

The Honorable Loretta A. Preska                 2                 May 18, 2026

Arbitrations before the International Centre for Settlement of Investment Disputes ("ICSID") and under the United Nations Commission on International Trade Law's ("UNCITRAL") Arbitration Rules based on alleged violations of Bilateral Investment Treaties ("BITs") between the Republic and Spain and between the Republic and the United States.[3]  As Plaintiffs have stated, the Arbitrations will be "against Argentina," not YPF.

In modifying the Protective Order, the Court reasoned that "Plaintiffs' claims in arbitration will undoubtedly mirror the claims in this action" and, "[w]ithout modification of the Protective Order, the same discovery materials will likely have to be re-requested, re-reviewed, and re-produced, needlessly causing duplication of effort and extra expense."  Order at 4.  While these premises provide the basis for the Court's determination that Plaintiffs met the high standard of showing "a 'compelling need' to warrant modification" of the Protective Order, *id.*, neither is applicable to YPF.

First, the claims in the Arbitrations will ***not*** entirely mirror the claims in the underlying litigations.  One critical difference is that YPF will not be (and could not be) a party to the Arbitrations.  YPF is not a party to the BITs, and could not be a party to the Arbitrations under the ICSID Convention or UNCITRAL Rules.  Second, because YPF will ***not*** be a party, the arbitrators will not have authority to order discovery from YPF, as discovery under Rule 36 of the ICSID Arbitration Rules, Article 43 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, and Article 27.3 of the UNCITRAL Arbitration Rules is limited to production by "the parties" to the Arbitrations.

Accordingly, rather than "avoid[ing] considerable unnecessary effort and expense," as to YPF's documents, the Order permits Plaintiffs to use confidential documents produced by YPF in these actions in proceedings where YPF is not a party and where Plaintiffs would not otherwise have a right to compel YPF to produce any discovery.  The ordered modifications will also enable Plaintiffs to circumvent the Supreme Court's decision in *ZF Automotive US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633 (2022), which held that U.S. courts cannot order discovery pursuant to 28 U.S.C. § 1782 for use in a proceeding where the arbitrators do not exercise governmental authority, such as an ICSID or UNCITRAL proceeding.  *See Webuild S.P.A. v. WSP USA Inc.*, 108 F.4th 138, 142-44 (2d. Cir. 2024) (applying *ZF Automotive* and holding that § 1782 discovery is not authorized for

---

[3] Burford Capital, First Quarter 2026 Financial Results (May 8, 2026), at 49, https://investors.burfordcapital.com/events-presentations/upcoming-archived/default.aspx.

The Honorable Loretta A. Preska                3                May 18, 2026

use in ICSID arbitrations).

YPF therefore respectfully requests that the Court clarify and/or reconsider its Order and issue a supplemental order making clear that confidential documents produced by YPF pursuant to the Protective Order are ***not*** authorized for use in the Arbitrations. *See, e.g.*, *Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc.*, 2014 WL 13111005, at *1 (S.D.N.Y. Feb. 3, 2014) (Preska, J.) (decision to provide "clarification of a prior order is within the sound discretion of the Court") (citation omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 225, 257 (2d Cir. 1995) (reconsideration warranted where court has overlooked matters "that might reasonably be expected to alter the conclusion reached by the court").

To the extent the Court is not amenable to excluding all confidential documents produced by YPF pursuant to the Protective Order from use in the Arbitrations, YPF respectfully requests that the Court exclude the confidential documents produced by YPF in connection with the post-judgment proceedings. Those documents have nothing to do with whatever claims Plaintiffs bring against the Republic related to alleged treaty violations, and they therefore have no relevance to the Arbitrations. The Court should not authorize Plaintiffs to use them in those proceedings.

In addition, the Order appears to have overlooked a compelling form of reliance on the Protective Order that applies to certain of YPF's documents in particular. The Order notes that "there is no indication that the Defendants relied on the Protective Order to produce documents they would not have otherwise disclosed." Order at 4. But YPF's opposition to Plaintiffs' motion made clear that "the consents YPF obtained from individual custodians are expressly premised on the documents being used only in this litigation." YPF April 24, 2026 Ltr. at 2 [Dkt. 912]. That specific reliance by the custodians and YPF in connection with the custodians providing their consents to document production distinguishes those documents from other confidential documents produced in these actions.

Respectfully submitted,

*/s/ Mark P. Goodman*
Mark P. Goodman
Shannon Rose Selden
mpgoodman@debevoise.com
srselden@debevoise.com

cc:     Counsel of Record (by ECF)