KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3215

————

(202) 326-7900

FACSIMILE:

(202) 326-7999

May 21, 2026

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-
    02739; *Eton Park Capital Management, L.P. v. Argentine Republic*,
    No. 16-cv-08569

Dear Judge Preska:

  The forum might be changing, but the Republic and YPF's strategy-of-
choice remains the same:  delay and burden.  The Court properly determined that,
"in order to comply with Fed. R. Civ. P. 1 'to secure the just, speedy, and
<u>inexpensive</u> determination of every action and proceeding,' the Protective Order
shall be modified."  Dkt. 915 at 5 (emphasis in original).[1]  Reconsideration should
be denied.

  The Republic's and YPF's arguments are improper grounds for
reconsideration, substantively meritless, and deeply inefficient.  Why shouldn't the
extensive record developed over 11 years of litigation be available for use in
confidential arbitration?  There is no prejudice to the Republic or YPF from that –
other than the Republic having to meet the case against it on the merits.  If
documents are stale or irrelevant, they presumably will not be used.  But the
alternative approach, of requiring Plaintiffs to seek to lift the confidentiality

—————————————

[1] Docket citations refer to the *Petersen* docket.  This letter is a consolidated
response to the separate letters from the Republic and YPF.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
May 21, 2026
Page 2

designation of many specific documents individually, creates yet more burden and delay, the Republic's main tactical goal.

Notwithstanding that reconsideration is "an extraordinary remedy," Dkt. 785 at 2, this is now the ***fifth*** order of this Court on which the Republic, YPF, or both have sought reconsideration or clarification in the last year alone. *See* Dkts. 917, 916 (protective order); Dkt. 837 (stay); Dkt. 802 (show cause); Dkts. 783, 768 (executability); Dkts. 781, 767 (personal devices). The Republic and YPF cannot meet the high standard for reconsideration.

## I.    Legal Standard

As this Court has observed in denying repeated motions, *see, e.g.*, Dkt. 835 at 2, reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Dkt. 785 at 2 (citation omitted); *see also Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (similar). To justify reconsideration, a movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). That standard is "strict"—reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (citation omitted).[2]

On reconsideration, a movant may not "advance new facts, issues or arguments not previously presented to the Court." *Drapkin*, 818 F. Supp. 2d at 695. Nor is reconsideration a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Indeed, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Virgin Atl. Airways*, 956 F.2d at 1255 (citation omitted).

---

[2] YPF asserts (at 3) that it is merely seeking "clarification," but requesting that the Court reverse itself is not clarification; it is reconsideration.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
May 21, 2026
Page 3

**II.     The Court Correctly Balanced the *Tradewinds Airlines* Factors**

The Republic and YPF seek to re-work the Court's careful balancing of the *Tradewinds Airlines* factors,[3] assuredly an attempted "second bite at the apple." *Sequa Corp.*, 156 F.3d at 144.

The Court found that "all the relevant factors weigh in favor of modification." Dkt. 915 at 4. The Republic and YPF now challenge the Court's determination as to the fourth factor, "the nature of the reliance on the Protective Order," *id.* at 3, by arguing that 1) the Republic actually relied on the Protective Order with respect to post-judgment discovery materials, *see* Dkt. 917 at 1-2, and 2) the Court "overlooked" YPF's "compelling form of reliance" when producing "certain" documents, *see* Dkt. 916 at 3. Both arguments are meritless.

***First***, the Republic and YPF previously made these very arguments, so their motions for reconsideration fail to meet the "strict" standard for re-review. *Analytical Survs.*, 684 F.3d at 52. The Republic and YPF have failed to "advance new facts, issues or arguments not previously presented to the Court." *Drapkin*, 818 F. Supp. 2d at 695.

The Republic complains that this Court "overlooked the distinction" between pre- and post-judgment discovery, Dkt. 917 at 1. Having just presided over almost three years of contentious post-judgment discovery, it is beyond implausible that the Court "overlooked" that. In any event, the Republic explicitly raised that distinction in the original briefing. *See* Dkt. 913 at 3-4 (opposing modification because it included "post-judgment discovery").

The same is true of YPF's argument: YPF *verbatim* re-states (at 3) its original opposition to the requested modification on the ground that its custodians allegedly relied on the Protective Order.

These are textbook examples of improper reconsideration motions.

***Second***, the Republic's effort to distinguish pre- and post-judgment discovery falls flat. The Republic does not explain how its alleged reliance on the

---

[3] *Tradewinds Airlines, Inc. v. Soros*, 2016 WL 3951181, at *2 (S.D.N.Y. July 20, 2016).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Loretta A. Preska
May 21, 2026
Page 4

Protective Order for post-judgment discovery is any different from its purported reliance as to pre-judgment discovery.  The Republic complains (at 2) that Plaintiffs invoked the Protective Order's confidentiality provisions during post-judgment discovery – but that makes no difference where, as here, the substance of the arbitration proceedings is expected to be confidential, and "the proposed modifications maintain the same protections regarding public disclosure."  Dkt. 915 at 4 (citing *Tradewinds Airlines*, 2016 WL 3951181 at *2).[4]

     ***Third***, in any event, the Court also determined that the other three *Tradewinds Airlines* factors weighed in favor of modification.  Dkt. 915 at 3.  The Republic and YPF do not challenge the Court's findings that the Protective Order was a "blanket order," that it "specifically provides that either party may seek changes to the order," and that the Court's "level of inquiry undertaken before entry of the order weighs in favor of the modification."  Dkt. 915 at 3; *see also In re Computer Assocs. 2002 Class Action Sec. Litig.*, 2005 WL 8157511, at *4 (E.D.N.Y. Nov. 30, 2005) (balancing "[t]he other factors" and finding they "weigh heavily in favor of granting the requested modification").  Under these circumstances, the modification of the Protective Order "is a decision committed to the sound discretion of [this] trial court," *SEC v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001), and neither the Republic nor YPF has provided new facts or intervening law showing that this Court abused its discretion in granting Plaintiffs' modification.

## III.    The Republic's and YPF's Challenge to this Court's "Compelling Need" Determination is Unsubstantiated

     Even if the Court were to re-examine its balancing of the *Tradewinds Airlines* factors, the Court independently and correctly determined that Plaintiffs "have shown a 'compelling need' to warrant modification."  Dkt. 915 at 4.  The Republic challenges this determination because post-judgment materials are allegedly unrelated to the arbitration proceedings.  Dkt. 917 at 2.  YPF similarly challenges this holding as "[in]applicable to YPF."  Dkt. 916 at 2.  Both are wrong.

---

[4] The Republic's reference to Plaintiffs' third-party subpoenas is nothing "new" that warrants reconsideration, *Drapkin*, 818 F. Supp. 2d at 695, as the Court explicitly recognized (at 2) the Republic's argument that "third parties reasonably relied on the order," but still granted Plaintiffs' requested relief.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
May 21, 2026
Page 5

### A.    The Republic

Under the *Tradewinds Airlines* standard, the question is whether the claims in the upcoming arbitration proceedings are "closely related" to these New York actions.  *See* 2016 WL 3951181, at *2.  That much is obvious, *see* Dkt. 915 at 4 ("Plaintiffs' claims in arbitration will undoubtedly mirror the claims in this action"), and the Republic does not seriously question this finding, *see* Dkt. 917 at 2.  Instead, the Republic relies on *Giuffre v. Dershowitz* to argue that "a mountain of discovery" should not be handed to a "separate case that may not even be relevant."  2020 WL 3578104, at *1, *3 (S.D.N.Y. July 1, 2020).  But *Giuffre* is inapposite for the critical reason that this Court has *already determined* that the arbitration proceedings and the New York actions are closely related (in addition to the very different kinds of discovery and claims at issue here).  *Compare* Dkt. 915 at 3 (the "claims" are "mirror[ed]"), *with Giuffre*, 2020 WL 3578104, at *3 (concluding that movant "has not beyond conclusory assertions demonstrated a congruence between the [actions] that would warrant such an indiscriminate approach").

Moreover, it is not as though the pre-judgment and post-judgment proceedings in this case were unrelated to each other.  There has been a continuum of discovery in this case, and it would be inefficient, as the Court has already found, to have to engage in forensic assessment of each document.  If some of the post-judgment material is irrelevant to the arbitration, then it will not be used – and arbitral confidentiality and the protective order's provisions provide entirely adequate protection.

The Republic's reliance on *Rio Tinto PLC v. Vale S.A.* undercuts its entire position.  2016 WL 900652, at *3 (S.D.N.Y. Mar. 9, 2016).  In that case, as here, the Court found that the protective order was a "blanket" order such that reliance was not reasonably appropriate and separately found that there was a "compelling need" for modification.  *Id.* at *2.  As in *Rio Tinto*, given the overlap between the New York actions and the arbitration proceedings, the "[m]odification of the Protective Order thus assists the [] arbitrators."  *Id.* at *3.  The Republic's reference to *INVISTA S.à r.l. v. E.I. du Pont de Nemours & Co.* is similarly unhelpful.  2011 WL 13382667, at *2 (S.D.N.Y. May 26, 2011).  Contrary to this case, the parties in *INVISTA* argued for using discovery materials in future arbitration proceedings when seeking the original protective order, and the Court

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
May 21, 2026
Page 6

ruled against it – a factor not present here that weighed against modification seeking that same relief.  *Id.*

Last, the Republic re-packages and re-asserts its argument that the modification of the Protective Order is "premature" and that the arbitration proceedings are subject to their own discovery regime.  *Compare* Dkt. 913 at 4 *with* Dkt. 917 at 3.  But as Plaintiffs already explained, *see* Dkt. 914 at 3, the Republic has "not argue[d] that it would not be required to produce the documents" in arbitration, and it "cannot rely on the Protective Order as a means of protecting discovery that would otherwise be discoverable in" other proceedings, *Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 133-34 (E.D.N.Y. 2012).

## B.    YPF

YPF argues that the documents it produced during this litigation should not be subject to the modified Protective Order because YPF will not be a party to the arbitration proceedings and the modified Protective Order "circumvent[s]" the limitations of 28 U.S.C § 1782.  Dkt. 916 at 2.  The Court should reject these new arguments.

As a threshold matter, the appropriate time for YPF to have raised these contentions was when it first opposed Plaintiffs' request for modification.  By failing to do so, YPF "waived" them.  *See*, *e.g.*, *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 265 (E.D.N.Y.), *aff'd*, 663 F. App'x 71 (2d Cir. 2016) ("Arguments raised for the first time in a motion for reconsideration are not properly presented to the district court and, absent a reason to excuse the untimeliness, are waived by the party.") (cleaned up).  YPF has not presented any reason to "excuse the untimeliness," *id.*, and there is no doubt the arguments were "available to" YPF when it first opposed Plaintiffs' request, *see Corsair Special Situations Fund, L.P. v. National Res.*, 595 F. App'x 40, 43 (2d Cir. 2014).

In any event, the fact that YPF will not be a party to the arbitration proceedings is far from dispositive.  Courts modify protective orders to permit use of discovery material in foreign arbitration proceedings in exactly that scenario.  *See Rio Tinto,* 2016 WL 900652, at *2 (modifying protective order to allow documents produced by plaintiff in U.S. litigation to be used in London arbitration to which plaintiff was not a party).  As the *Rio Tinto* court explained, although

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
May 21, 2026
Page 7

YPF might not be a party to the arbitration, Plaintiffs and the Republic have "already . . . seen these documents, so the only expansion is to allow the [foreign] arbitrators to see this material, under the strict confidentiality of such arbitration proceedings." *Id*.

YPF's academic argument that the ordered modification would theoretically allow parties to circumvent the limits of 28 U.S.C § 1782 is unfounded. To state the obvious, unlike in *ZF Automotive US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619 (2022), and *Webuild S.P.A. v. WSP USA Inc.*, 108 F.4th 138 (2d. Cir. 2024), no party has invoked § 1782 in these proceedings, and that statute was not the basis for the modification of the Protective Order.

Respectfully submitted,

*/s/ Andrew E. Goldsmith*

*Counsel for Plaintiffs*