# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 22, 2026

Via ECF

The Honorable Loretta A. Preska,
    United States District Court for the Southern District of New York,
        500 Pearl Street,
            New York, NY  10007.

> Re:    *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

Plaintiffs' lengthy letter (Dkt. 918) is notable for what it does not say: Plaintiffs have no plausible explanation for why they need asset-related post-judgment discovery for a future arbitration.  Plaintiffs' failure to identify any concrete use for this material underscores why reconsideration is warranted:  the Court's prior order did not distinguish between merits discovery and highly sensitive (and irrelevant) post-judgment discovery, which, in retrospect, Plaintiffs never should have obtained.

1.    Plaintiffs' only substantive argument for modifying the Protective Order as to post-judgment discovery is that there was supposedly a "continuum" (at 5) between pre- and post-judgment discovery.  That is wrong.  Post-judgment discovery concerned the Republic's *current* assets and went solely to the potential satisfaction of the (now-reversed) judgment.  That discovery had nothing to do with Plaintiffs' underlying claims related to the expropriation of a 51% interest in YPF in 2012-2014 and the Republic's alleged YPF Bylaws obligations.  Plaintiffs' assertions (at 5) that the arbitration is "closely related" to, or will "mirror," this action therefore miss the mark.  To the extent that the pre-judgment phase of this action may be "related" to potential arbitration claims, that does not warrant modifying the Protective Order as to entirely irrelevant post-judgment discovery.

The Honorable Loretta A. Preska                                    -2-

For example, in *Giuffre* v. *Dershowitz*, even though the proceedings were "related," that did not justify modification as to documents drawn from a case involving a far broader "range of conduct."  2020 WL 3578104, at *3 (S.D.N.Y. July 1, 2020) (Preska, J.).  So too here, where post-judgment discovery pertains to information unrelated to Plaintiffs' underlying claims.  Plaintiffs' assertion (at 5) that *Rio Tinto PLC* v. *Vale S.A.* "undercuts" the Republic's position is also wrong:  there, the court granted only a "limited modification" to permit the use of eighty-three documents after a showing that those documents were relevant.  2016 WL 900652, at *3 (S.D.N.Y. Mar. 9, 2016).

The notion that Plaintiffs would need to "forensic[ally] assess[]" the record to separate pre- and post-judgment discovery (at 5) is not credible.  There was a clear divide between the two discovery phases:  before and after this Court's 2023 Judgment.  Post-judgment material is thus easily identifiable by production date and bates number.  Plaintiffs' back-up position (at 1) that irrelevant documents "will not be used" in arbitration only underscores that they have no compelling need to modify the Protective Order to use irrelevant post-judgment discovery.

Plaintiffs' observation that the "Republic 'has not argued that it would not be required to produce the documents' in arbitration" (at 3) is also incorrect.  The Republic's point is precisely that it would *not* have to produce post-judgment discovery in arbitration because it would be neither "relevant to the case [nor] material to its outcome."  (Dkt. 917 at 3.)

2.      Plaintiffs also conclusorily say (at 3-4) that there is no difference between the Republic's reliance on the Protective Order for pre- and post-judgment discovery.  But in post-judgment discovery, the Republic was ordered to produce recent, highly sensitive and confidential material—such as bank account information, senior Argentine officials' personal messages, and nonpublic information on sovereign assets. (Dkt. 917 at 1-2.)  Plaintiffs cannot dispute that the Republic produced this material in reliance on the Protective Order—and Plaintiffs' repeated assurances that these protections would govern the discovery process.  (*Id.* at 2.)  Tellingly, Plaintiffs also have nothing to say about the third parties who relied on these protections.

3.      Plaintiffs claim (at 1) that "[t]here is no prejudice to the Republic . . . other than the Republic having to meet the case against it on the merits."  But post-judgment discovery was by definition not "on the merits."  Using that material in arbitration would unfairly prejudice the Republic, regardless of any potential confidentiality protections, by importing vast quantities of irrelevant, highly

The Honorable Loretta A. Preska                                    -3-

sensitive information into a proceeding where it does not belong, while increasing the burden and expense of arbitration.

Plaintiffs also ignore that they obtained post-judgment discovery solely because of a judgment that must be treated, under binding precedent, "as though it never existed." *In re Enf't of Philippine Forfeiture Judgment Against All Assets of Arelma, S.A.*, 153 F.4th 142, 161 (2d Cir. 2025). Now that the judgment has been reversed, Plaintiffs should not be permitted to repurpose enforcement discovery for use in arbitration.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:    Counsel of Record (via ECF)