**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 22, 2026

VIA ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, New York 10007

**Re:    *Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.*, No. 15 Civ. 2739 (S.D.N.Y.) (LAP); *Eton Park Capital Mgmt. et al. v. Argentine Republic et al.*, No. 16 Civ. 8569 (S.D.N.Y.) (LAP)**

Dear Judge Preska:

YPF S.A. ("YPF") respectfully submits this reply to Plaintiffs' "Consolidated Response."  Dkt. 918[1] ("Opp.").[2]

There is no dispute that YPF will not be a party to Plaintiffs' intended arbitrations against the Republic of Argentina (the "Arbitrations"), and cannot be compelled to produce discovery in connection with them.  *See* YPF May 18, 2026 Ltr. ("Ltr.") at 2 [Dkt. 916]; Opp. at 6-7.  It is also undisputed that YPF produced confidential documents in reliance on the Protective Order and only after YPF obtained consents from individuals expressly premised on the protections of the Protective Order, including that the documents would be used only in the above-captioned litigations and not in any other action.  *See* Ltr. at 3; Opp. at 3.  YPF respectfully submits that, in concluding that the Arbitrations will "mirror" the claims in the underlying litigations and that "there is no indication that [YPF] relied on the Protective Order to produce documents," the Order overlooked the scope and procedural limits of the Arbitrations *as to YPF* and the reliance of YPF and individual document custodians on the Protective Order as a condition of producing documents in the underlying litigation.  Order at 3-4.

In such circumstances, clarification of the Order's intended scope or, in the alternative, reconsideration is warranted.  *See N.A. Sales Co., Inc. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1985) (clarification "add[s] certainty");

---

[1] References to "Dkt." refer to 1:15-cv-2739.

[2] Plaintiffs' "consolidated response" is an extension of their attempts to conflate the Republic and YPF.  YPF is an independent juridical entity with distinct concerns and arguments regarding the modification of the Protective Order.

The Honorable Loretta A. Preska                2                May 22, 2026

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration proper when court "overlooked" matters); *see also Catskill Dev., L.L.C. v. Park Place Entertainment Corp.*, 154 F. Supp. 2d 696, 698, 701-02 (S.D.N.Y. 2001) (granting reconsideration where "the Court was laboring under certain misapprehensions" regarding the circumstances before it).

Rather than confront the procedural limits of the Arbitrations or the reliance of YPF and individuals on the Protective Order, Plaintiffs instead set out an impossible standard for reconsideration of the Order, asserting that YPF is both required to and prohibited from "'advanc[ing] new facts, issues or arguments.'" Opp. at 2-3. Plaintiffs suggest that YPF's request is inappropriate because YPF failed to raise new facts or arguments, while in the same breath faulting YPF for raising purportedly "new arguments." *Compare* Opp. at 3-4 (criticizing YPF for "re-stat[ing]" its reliance on the Protective Order articulated in the "original opposition to the requested modification"), *with* Opp. at 2, 6 (arguing YPF has "waived" arguments regarding the parameters and limits of the Arbitrations).

In doing so, Plaintiffs essentially ask this Court to ignore potentially dispositive factual matters that appear not to have been fully considered in issuing the Order. As this Court has recognized, a producing party's reliance on a protective order's prohibition against use of confidential documents "for purposes external to the lawsuit in which it was entered may be a dispositive factor in denying modification of a protective order." *Giuffre v. Dershowitz*, 2020 WL 3578104, at *4 (S.D.N.Y. July 1, 2020) (citation omitted).

Given that YPF will not be a party to the Arbitrations, and would not (and could not) be subject to third-party discovery, including pursuant to 28 U.S.C. § 1782, the claims in the Arbitrations will not involve the same – or, indeed, any – discovery *as to YPF* (and particularly as to post-judgment discovery unconnected to the merits of the claims brought in the Arbitrations). There is thus no extraordinary circumstance necessitating that confidential discovery material produced by YPF be available for use in the Arbitrations. Plaintiffs' cited authorities are not to the contrary. *See, e.g.*, *Rio Tinto PLC v. Vale*, 2016 WL 900652, at *2-3 (S.D.N.Y. Mar. 9, 2016) (granting limited modification of protective order after the non-party *voluntarily* submitted a witness statement in an ongoing arbitration and the documents were intended for impeachment purposes). And Plaintiffs even acknowledge that modification is not appropriate when a producing party's confidential discovery would not otherwise be "discoverable" in other proceedings. *See* Opp. at 6.

Accordingly, clarification and/or reconsideration of the Order is appropriate as to the confidential documents produced by YPF.

The Honorable Loretta A. Preska                  3                      May 22, 2026


Respectfully submitted,

*/s/ Mark P. Goodman*
Mark P. Goodman
Shannon Rose Selden
mpgoodman@debevoise.com
srselden@debevoise.com

cc:    Counsel of Record (by ECF)