**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :

PETERSEN ENERGÍA INVERSORA,
S.A.U. and PETERSEN ENERGÍA, S.A.U., :

        Plaintiffs,     :

            :

        v.     :

            :

ARGENTINE REPUBLIC and YPF S.A., :

        Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 1:15-CV-02739 (LAP)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :

ETON PARK CAPITAL MANAGEMENT,
L.P., ETON PARK MASTER FUND, LTD., :
and ETON PARK FUND, L.P.,

        Plaintiffs,     :

            :

        v.     :

            :

ARGENTINE REPUBLIC and YPF S.A., :

        Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 1:16-CV-08569 (LAP)

## ARGENTINA'S MEMORANDUM OF LAW IN SUPPORT OF
## RULE 59(e) MOTION FOR RECONSIDERATION OR CLARIFICATION

Robert J. Giuffra, Jr.
Sergio J. Galvis
Amanda F. Davidoff
Thomas C. White
Adam R. Brebner
Arturo Carlos Schultz
SULLIVAN & CROMWELL LLP
125 BROAD STREET
NEW YORK, NEW YORK 10004-2498
(212) 558-4000

June 1, 2026

*Counsel for the Argentine Republic*

Defendant the Argentine Republic respectfully files this motion pursuant to Federal Rule of Civil Procedure 59(e) seeking reconsideration or clarification of this Court's order entered May 5, 2026 ("Modification Order") "to permit the parties to use materials obtained in discovery in these cases in arbitration proceedings." (Dkt. 915.)[1] The Republic previously filed a pre-motion letter seeking reconsideration or clarification of this order pursuant to Local Civil Rule 6.3. (*See* Dkt. 917.) In an abundance of caution, the Republic is now resubmitting the same request as a formal Rule 59(e) motion within the 28-day deadline for a motion for reconsideration, Fed. R. Civ. P. 59(e), to avoid any doubt about tolling the 30-day deadline to appeal. Fed. R. App. P. 4(a)(1)(A).[2]

The Second Circuit "generally treat[s]" timely motions for reconsideration filed under Local Rule 6.3 "as having been made under Civil Rule 59(e) for the purpose of tolling the time to file a notice of appeal" under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv). *Malek* v. *Feigenbaum*, 116 F.4th 118, 128 n.9 (2d Cir. 2024) (alteration adopted and quotation marks omitted). At the same time, the Second Circuit has held that pre-motion letters, as generally required by this Court's practices,[3] are not sufficient to toll the deadline to appeal. *See Camacho* v. *City of Yonkers*, 236 F.3d 112, 115 (2d Cir. 2000). The Republic therefore re-files its pre-motion

---

[1]    Citations refer to the *Petersen* docket.

[2]    The Republic submits that the Court's order entered May 5, 2026 is a final decision treated as appealable as of right because it "(1) conclusively determines a disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment." *EM Ltd.* v. *Republic of Argentina*, 695 F.3d 201, 205-06 (2d Cir. 2012).

[3]    In filing a pre-motion letter, the Republic followed this Court's Individual Practices. In the circumstances here—where needed to avoid a dispute over tolling of the deadline to appeal—the Court should accept the Republic's motion for reconsideration before completion of the pre-motion letter process.

letter in the form of this Rule 59(e) motion in order to avoid any dispute that the deadline to file a notice of appeal is tolled while the Court considers its request.  The motion argument below reproduces verbatim the Republic's previously filed pre-motion letter, to avoid burdening the Court with similar-but-not-identical filings.  (Dkt. 917.)[4]

## ARGUMENT

The Modification Order does not distinguish between pre- and post-judgment discovery,  Dkt. 913 at 3-4, and post-judgment discovery is not relevant to any potential arbitration.  And in light of the Second Circuit's reversal of the underlying judgment, plaintiffs should never have obtained these materials in the first place.  The Court should therefore amend or clarify the Modification Order to exclude post-judgment discovery.

1.      In the Modification Order (at 3-4), the Court found there was "no indication that the Defendants relied on the Protective Order."  Respectfully, in making this finding, the Court overlooked the distinction between merits and post-judgment discovery in analyzing the issue. During post-judgment discovery, in express reliance on the Protective Order, the Republic produced extensive, highly sensitive, nonpublic information concerning the Republic's assets from 2020 to March 2026.[5]  Dkt. 740-1 at 6; Dkt. 515-3 at 8; Dkt. 764-2 at 8.  The Republic produced over 115,000 pages of confidential documents about its worldwide financial accounts; diplomatic, consular, and military property; two years of interbank (SWIFT) messages; financial agreements with Chinese entities; and communications from personal devices of 13 current and former high-

---

[4]      If plaintiffs respond to this motion by refiling a copy of their previous response letter (Dkt. 918), the Republic likewise intends to file a reply brief mirroring its previously filed reply letter (Dkt. 919).  If plaintiffs supplement or otherwise amend their response, the Republic reserves the right to revise and supplement its reply.

[5]      Discovery of alter ego theories, and military, diplomatic, and consular assets was limited to 2022 to March 2026.

ranking Argentine officials, among others.  Dkt. 867 at 3; Dkt. 887 at 2.  The Republic also provided 30(b)(6) deposition testimony of seven senior Argentine officials about commercial transactions, proposed privatizations, and agreements with China, among other matters.  Dkt. 887 at 6-7.

In producing this information, the Republic expressly relied on the Protective Order.  With each production, the Republic stated that it was producing the material "subject to the Protective Order."  *E.g.*, Dkt. 867-10 at 1; Dkt. 867-25 at 2; Dkt. 867-26 at 1.  Plaintiffs recognized that reliance, invoking the Protective Order to argue against the Republic's redactions, Dkt. 867-9 at 4, and to urge the Court to compel discovery of diplomatic and military accounts, Dkt. 592 at 9:7-9, 10:5-7.  Plaintiffs' own expert opined that disclosure of confidential information "could not endanger the Argentine financial or banking system" precisely because it was "protected by the terms of the Protective Order."  Dkt. 672 at 14.  Moreover, plaintiffs attached the Protective Order to each of their 169 subpoenas served on 144 different third parties, which produced sensitive information.  Dkt. 887 at 7; *e.g.*, Dkt. 896-1 at 16-37.

2.    The Court also held that, even if the Republic reasonably relied on the Protective Order, "Plaintiffs' claims in arbitration will undoubtedly mirror the claims in this action," and thus "Plaintiffs ha[d] shown a 'compelling need'" to avoid duplicative discovery.  Dkt. 915 at 4.  That is incorrect with respect to post-judgment discovery.  Plaintiffs pursued post-judgment discovery under Rule 69(a)(2) to identify assets from which the now-reversed judgment might be satisfied—*i.e.*, information concerning the Republic's existing assets.  Those materials have nothing to do with plaintiffs' underlying claims, which relate to events in 2012 to 2014.

This Court has recognized that "indiscriminate" requests to modify confidentiality orders should be rejected because it was skeptical that "judicial economy would be served by

handing [movant] a mountain of discovery from a separate case that may not even be relevant." *Giuffre* v. *Dershowitz*, 2020 WL 3578104, at \*1, \*3 (S.D.N.Y. July 1, 2020) (Preska, J.).  The same logic applies here:  the modification should not permit the use of post-judgment discovery in arbitration proceedings.  *See also Rio Tinto* v. *Vale S.A.*, 2016 WL 900652, at \*3 (S.D.N.Y. Mar. 9, 2016) (Peck, M.J.) (granting "limited modification" to permit use of specific documents in arbitration).  Excluding post-judgment discovery is also consistent with the "narrow and specific" scope of arbitration discovery, which is generally limited to documents "relevant to the case and material to its outcome," IBA Rules on the Taking of Evidence in Int'l Arb., arts. 3.3(a)–(b), 3.7, 9.2(a) (2020), not documents relevant to enforcement.  *See* ICSID Arb. Rules, Rule 37 (2022) (Tribunal shall consider "relevance and materiality of the documents requested"); *INVISTA S.à r.l.* v. *E.I. du Pont de Nemours & Co.*, 2011 WL 13382667, at \*2 (S.D.N.Y. May 26, 2011) (Freeman, M.J.) ("[T]his Court would not want to interfere with the arbitrator's authority to dictate [discovery] limits.").

3.      Moreover, to the extent that the Court found "no significant prejudice" to the Republic from modification, Dkt. 915 at 4 (internal quotation marks and citation omitted), that is clearly not the case with respect to post-judgment discovery.  Allowing discovery obtained based on a now-reversed judgment to be used in subsequent arbitrations would prejudice the Republic by allowing plaintiffs to misuse information that they never should have obtained in the first place.  In the Second Circuit, reversal requires that the judgment thereafter be treated "as though it never existed" and "void from the beginning."  *In re Enf't of Philippine Forfeiture Judgment Against All Assets of Arelma, S.A.*, 153 F.4th 142, 161 (2d Cir. 2025) (citations omitted).  Plaintiffs should not be permitted to exploit post-judgment discovery based on a now-reversed judgment.

-5-

4.    Plaintiffs do not have an arbitral award, much less have they initiated recognition and enforcement proceedings of a nonexistent arbitral award; therefore, they have no need for post-judgment discovery.  Courts are reluctant to modify protective orders for use in separate proceedings before discovery there has begun.  *See, e.g.*, *Simo Holdings Inc.* v. *Hong Kong uCloudlink Network Techs. Ltd.*, 2020 WL 2133173, at *2 n.2 (S.D.N.Y. May 5, 2020) (Rakoff, J.) (although "a Chinese procedural rule may require" disclosure of certain documents "at some point," the Chinese Court had not "yet ordered it to produce [those] documents").  That reasoning applies with even greater force to post-judgment discovery that has no connection to potential arbitration claims.  Notably, even if plaintiffs may need post-judgment materials in potential future enforcement proceedings of a hypothetical arbitration award, the materials about the Republic's assets from 2022 to 2026 would be stale, and their relevance should be addressed by the court with jurisdiction over the relevant enforcement proceeding.

## CONCLUSION

For the foregoing reasons, this Court should grant the Republic's motion for reconsideration or clarification under Rule 59(e).

-6-

Dated:  June 1, 2026
        New York, New York

Respectfully,


/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sergio J. Galvis
Amanda F. Davidoff
Thomas C. White
Adam R. Brebner
Arturo Carlos Schultz

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
giuffrar@sullcrom.com

*Counsel for the Argentine Republic*

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(C)**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that this Memorandum contains 1,448 words, which complies with the word-count limitation.

Dated:  June 1, 2026

/s/ *Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.

*Counsel for the Argentine Republic*