UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

PETERSEN ENERGÍA INVERSORA,
S.A.U. AND PETERSEN ENERGÍA,
S.A.U.,

                  Plaintiffs,

         v.

ARGENTINE REPUBLIC AND YPF
S.A.,

                  Defendants.

Case Nos.
1:15-cv-02739-LAP
1:16-cv-08569-LAP

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

ETON PARK CAPITAL
MANAGEMENT, L.P., ETON PARK
MASTER FUND, LTD. AND ETON
PARK FUND, L.P.,

                  Plaintiffs,

         v.

ARGENTINE REPUBLIC AND YPF
S.A.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**MEMORANDUM OF LAW IN SUPPORT OF YPF S.A.'S RULE 59(e) MOTION FOR
CLARIFCATION AND/OR RECONSIDERATION**

Non-party YPF S.A. ("YPF")[1] respectfully submits this memorandum in support of its Rule 59(e) motion for clarification and/or reconsideration of the Court's May 4, 2026 order (the "Order"), Dkt. 915,[2] modifying the Protective Order in the above-captioned cases to permit all confidential discovery materials produced in these actions to be usable in international arbitration proceedings brought by Plaintiffs against the Republic of Argentina (the "Republic") (the "Arbitrations").  YPF previously filed a pre-motion letter for clarification and/or reconsideration of the Order pursuant to Local Rule 6.3 and this Court's Individual Practices.[3]  *See* Dkt. 916. YPF is now timely submitting the same request as a formal motion pursuant to Federal Rule of Civil Procedure 59(e) as a precautionary measure to avoid any doubt as to the tolling of the 30-day deadline to appeal the Order.  *See* Fed. R. App. Proc. 4(a)(4)(A)(iv)[4]; *see also Henderson v. Metropolitan Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007) ("The standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same.").

In the Second Circuit, motions filed under Local Rule 6.3, "when timely made, are

---

[1]   YPF maintains its objections to the Court's jurisdiction over it, including under the Foreign Sovereign Immunities Act.

[2]   "Dkt." refer to docket entries in case number 1:15-cv-2739.

[3]   Where, as here, there is a need to avoid a dispute over tolling of the deadline to appeal, YPF respectfully requests that the Court accept YPF's motion for clarification and/or reconsideration before the scheduling of a pre-motion conference.

[4]   YPF submits that the Order is appealable as of right because it "(1) conclusively determined the disputed question; (2) resolved an important issue completely separate from the merits of the action; and (3) [is] effectively unreviewable on appeal from final judgment."  *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 228 (2d Cir. 2001) (finding jurisdiction over appeal from modification of protective order); *see also Camacho v. City of Yonkers, New York*, 236 F.3d 112, 114 n.2 (2d Cir. 2000) (reasoning that an "appealable order" is a "judgment" for purposes of Fed. R. App. Proc. 4(a)(4)(A)(iv) and Fed. R. Civ. Proc. 59(e)).

1

treated as motions under Rule 59(e) for the purposes of tolling the time to file an appeal."

*Roistacher v. Bondi*, 624 F. App'x 20, 22 (2d Cir. 2015); *see also Malek v. Feigenbaum*, 116

F.4th 118, 128 n.9 (2d Cir. 2024) (the Second Circuit "generally treat[s]" timely motions under

Local Rule 6.3 as tolling the time to file a notice of appeal) (quoting *Lichtenberg v. Besicorp*

*Grp. Inc.*, 204 F.3d 397, 401 (2d Cir. 2000)).  However, pre-motion letters have been found to be

insufficient to toll the deadline to appeal.  *See Camacho*, 236 F.3d at 115.  YPF therefore re-files

its pre-motion letter as this formal Rule 59(e) motion in an abundance of caution to avoid any

dispute as to whether the deadline to file a notice of appeal is tolled while the Court considers its

request.  The argument below reproduces YPF's argument from its previously filed pre-motion

letter verbatim.  *See* Dkt. 916.[5]

## ARGUMENT

The Order should not apply to confidential discovery materials produced by YPF because

(i) YPF will not be a party to the Arbitrations, and (ii) neither the arbitral tribunal (the

"Tribunal") nor Plaintiffs will have the power to compel discovery from YPF for use in the

Arbitrations.  YPF's confidential materials should not be made available for the additional reason

– which differentiates this case from most others – that individual document custodians expressly

relied on the Protective Order's prohibition against use of confidential documents outside of the

above-captioned cases, "including use in other legal actions, present or future," when they

consented to the production of documents for use solely in these actions.

On March 27, 2026, the Second Circuit affirmed this Court's grant of summary judgment

---

[5]   If Plaintiffs respond to this motion by re-filing their prior response letter, Dkt. 918, YPF intends to submit a reply identical to its previously filed reply letter, Dkt. 920.  Should Plaintiffs supplement or otherwise substantively modify their response, YPF reserves the right to revise and supplement its reply.

to YPF, holding that YPF is not liable to Plaintiffs in connection with the Republic's intervention in and subsequent expropriation of Repsol's YPF shares.  Dkt. 909.

Plaintiffs apparently intend to use YPF's discovery materials in the Arbitrations before the International Centre for Settlement of Investment Disputes ("ICSID") and under the United Nations Commission on International Trade Law's ("UNCITRAL") Arbitration Rules based on alleged violations of Bilateral Investment Treaties ("BITs") between the Republic and Spain and between the Republic and the United States.[6]  As Plaintiffs have stated, the Arbitrations will be "against Argentina," not YPF.

In modifying the Protective Order, the Court reasoned that "Plaintiffs' claims in arbitration will undoubtedly mirror the claims in this action" and, "[w]ithout modification of the Protective Order, the same discovery materials will likely have to be re-requested, re-reviewed, and re-produced, needlessly causing duplication of effort and extra expense."  Order at 4.  While these premises provide the basis for the Court's determination that Plaintiffs met the high standard of showing "a 'compelling need' to warrant modification" of the Protective Order, *id.*, neither is applicable to YPF.

First, the claims in the Arbitrations will ***not*** entirely mirror the claims in the underlying litigations.  One critical difference is that YPF will not be (and could not be) a party to the Arbitrations.  YPF is not a party to the BITs, and could not be a party to the Arbitrations under the ICSID Convention or UNCITRAL Rules.  Second, because YPF will ***not*** be a party, the arbitrators will not have authority to order discovery from YPF, as discovery under Rule 36 of the ICSID Arbitration Rules, Article 43 of the Convention on the Settlement of Investment

---

[6] Burford Capital, First Quarter 2026 Financial Results (May 8, 2026), at 49, https://investors.burfordcapital.com/events-presentations/upcoming-archived/default.aspx.

Disputes between States and Nationals of Other States, and Article 27.3 of the UNCITRAL Arbitration Rules is limited to production by "the parties" to the Arbitrations.

Accordingly, rather than "avoid[ing] considerable unnecessary effort and expense," as to YPF's documents, the Order permits Plaintiffs to use confidential documents produced by YPF in these actions in proceedings where YPF is not a party and where Plaintiffs would not otherwise have a right to compel YPF to produce any discovery.  The ordered modifications will also enable Plaintiffs to circumvent the Supreme Court's decision in *ZF Automotive US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633 (2022), which held that U.S. courts cannot order discovery pursuant to 28 U.S.C. § 1782 for use in a proceeding where the arbitrators do not exercise governmental authority, such as an ICSID or UNCITRAL proceeding.  *See Webuild S.P.A. v. WSP USA Inc.*, 108 F.4th 138, 142-44 (2d. Cir. 2024) (applying *ZF Automotive* and holding that § 1782 discovery is not authorized for use in ICSID arbitrations).

YPF therefore respectfully requests that the Court clarify and/or reconsider its Order and issue a supplemental order making clear that confidential documents produced by YPF pursuant to the Protective Order are ***not*** authorized for use in the Arbitrations.  *See, e.g.*, *Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc.*, 2014 WL 13111005, at *1 (S.D.N.Y. Feb. 3, 2014) (Preska, J.) (decision to provide "clarification of a prior order is within the sound discretion of the Court") (citation omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration warranted where court has overlooked matters "that might reasonably be expected to alter the conclusion reached by the court").

To the extent the Court is not amenable to excluding all confidential documents produced by YPF pursuant to the Protective Order from use in the Arbitrations, YPF respectfully requests that the Court exclude the confidential documents produced by YPF in connection with the post-

judgment proceedings. Those documents have nothing to do with whatever claims Plaintiffs bring against the Republic related to alleged treaty violations, and they therefore have no relevance to the Arbitrations. The Court should not authorize Plaintiffs to use them in those proceedings.

In addition, the Order appears to have overlooked a compelling form of reliance on the Protective Order that applies to certain of YPF's documents in particular. The Order notes that "there is no indication that the Defendants relied on the Protective Order to produce documents they would not have otherwise disclosed." Order at 4. But YPF's opposition to Plaintiffs' motion made clear that "the consents YPF obtained from individual custodians are expressly premised on the documents being used only in this litigation." YPF April 24, 2026 Ltr. at 2 [Dkt. 912]. That specific reliance by the custodians and YPF in connection with the custodians providing their consents to document production distinguishes those documents from other confidential documents produced in these actions.

## CONCLUSION

For the foregoing reasons, the Court should grant YPF's motion for clarification and or reconsideration of the Order as to the confidential documents produced by YPF.

Dated:  June 1, 2026
     New York, New York

                               Respectfully submitted,


                               DEBEVOISE & PLIMPTON LLP

                               */s/ Mark P. Goodman*
                               Mark P. Goodman
                               Shannon Rose Selden
                               James J. Pastore
                               Wendy B. Reilly
                               J. Robert Abraham

                               66 Hudson Boulevard
                               New York, NY 10001
                               (212) 909-6000
                               mpgoodman@debevoise.com
                               srselden@debevoise.com
                               jjpastore@debevoise.com
                               wbreilly@debevoise.com
                               jrabraham@debevoise.com

                               *Counsel to YPF S.A.*

6