UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

PETERSEN ENERGÍA INVESORA, S.A.U. AND
PETERSEN ENERGÍA, S.A.U.,

                     Plaintiffs,

           v.

ARGENTINE REPUBLIC AND YPF S.A.,

                     Defendants.

:
:
:
:
:
:   Case Nos.
:
:   1:15-cv-02739-LAP
:
:   1:16-cv-08569-LAP
:
:

------------------------------------------------------------------------ :

ETON PARK CAPITAL MANAGEMENT, L.P., ETON
PARK MASTER FUND, LTD. AND ETON PARK
FUND, L.P.,

                     Plaintiffs,

           v.

ARGENTINE REPUBLIC AND YPF S.A.,

                     Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

------------------------------------------------------------------------ x

**DECLARATION OF WENDY B. REILLY
IN SUPPORT OF YPF S.A.'S BILL OF COSTS**

I, Wendy B. Reilly, hereby declare as follows:

       1.       I am a member of the bar of the State of New York and an attorney admitted to

practice before the courts of the Southern District of New York.

       2.       I am a counsel at the law firm of Debevoise & Plimpton LLP, counsel for YPF

S.A. ("YPF") in the above-captioned actions. I know the following facts to be true based on

my own knowledge and reasonable investigation.

1

3.      I respectfully submit this declaration in support of YPF's Bill of Costs.  I have reviewed the items claimed in YPF's Bill of Costs.  I verify that to the best of my knowledge they are correct, they were necessarily incurred during the course of this litigation, and each is allowable by law.

4.      For taxable costs under Federal Rule of Appellate Procedure 39(f) pertaining to fees for filing the notices of appeal, Federal Rule of Civil Procedure 54, and 28 U.S.C. § 1920, YPF seeks $1,010.  On October 23, 2023, YPF filed a notice of conditional cross-cross-appeal of the final judgment entered on September 15, 2023 in *Petersen Energía Inversora, S.A.U. et al. v. Argentine Republic and YPF S.A.*, Case No. 15-cv-2739 ("*Petersen*"), and paid the filing fee in the amount of $505.  On October 23, 2023, YPF filed a notice of conditional cross-cross-appeal of the final judgment entered on September 15, 2023 in *Eton Park Capital Management, L.P. et al. v. Argentine Republic and YPF S.A.*, Case No. 16-cv-8569 ("*Eton Park*"), and paid the filing fee in the amount of $505.  Attached hereto as **Exhibit A** are true and correct copies of the docket receipts of YPF's notices of cross-cross appeal and filing fees in the *Petersen* and *Eton Park* actions.

5.      For taxable costs under Local Rule 54.1(c)(2) pertaining to deposition transcripts, Federal Rule of Civil Procedure 54, and 28 U.S.C. § 1920, YPF seeks $29,176.80 as follows:

| Deposition Transcript | Amount |
| --- | --- |
| Deposition Transcript of Armando Luis Betancor Álamo – Veritext Invoice No. 5225220 | $467.75 |
| Deposition Transcript of Alberto B. Bianchi – Veritext Invoice No. 5592353 | $1,344.15 |
| Deposition Transcript of Charles Calomiris | $1,905.75 |

2

| | |
|---|---|
| – Veritext Invoice No. 5642126 | |
| Deposition Transcript of John C. Coffee, Jr. – Veritext Invoice No. 5622830 | $2,223 |
| Deposition Transcript of Julio Pablo Comadira – Veritext Invoice No. 5746978 | $735 |
| Deposition Transcript of Manuel Conthe – Veritext Invoice No. 5947263 | $918 |
| Deposition Transcript of Nicolás Diana – Veritext Invoice No. 5230360 | $628.35 |
| Deposition Transcript of Matias Eskenazi – Veritext Invoice No. 5201815 | $945.45 |
| Deposition Transcript of Sebastián Eskenazi – Veritext Invoice No. 5206423 | $1,782 |
| Deposition Transcript of Daniel R. Fischel – Veritext Invoice No. 5653528 | $1,618.65 |
| Deposition Transcript of Alejandro M. Garro – Veritext Invoice No. 5642251 | $2,436.75 |
| Deposition Transcript of Jeffrey Harris – Veritext Invoice No. 5609254 | $478.70 |
| Deposition Transcript of Aída Kemelmajer de Carlucci – Veritext Invoice No. 5623451 | $858 |
| Deposition Transcript of Nancy C. Lissemore – Veritext Invoice No. 5574890 | $1,504.80 |
| Deposition Transcript of Rafael Mariano Manóvil – Veritext Invoice No. 5788885 | $565.50 |
| Deposition Transcript of Daniel Marx – Veritext Invoice No. 5947531 | $671.75 |
| Deposition Transcript of José Antonio Ocampo – Veritext Invoice No. 5577853 | $708.65 |
| Deposition Transcript of Diego Pando – Veritext Invoice No. 5187600 | $748.80 |

| | |
|---|---|
| Deposition Transcript of Mariana Pargendler – Veritext Invoice No. 5587333 | $1,194.10 |
| Deposition Transcript of Alfredo L. Rovira – Veritext Invoice No. 5616396 | $1,543.50 |
| Deposition Transcript of Alfonso Santiago – Veritext Invoice No. 5605344 | $555.35 |
| Deposition Transcript of Harold Sharon – Veritext Invoice No. 5566433 | $1,314.55 |
| Deposition Transcript of Steven Davidoff Solomon – Veritext Invoice No. 5639164 | $1,446.75 |
| Deposition Transcript of Ignacio Tirado – Veritext Invoice No. 5698938 | $1,881 |
| Deposition Transcript of Alejandro Uslenghi – Veritext Invoice No. 5630888 | $700.50 |
| **TOTAL** | **$29,176.80** |

Attached as **Exhibit B** are true and correct copies of Veritext Invoice Nos. 5225220, 5592353, 5642126, 5622830, 5746978, 5947263, 5230360, 5201815, 5206423, 5653528, 5642251, 5609254, 5623451, 5574890, 5788885, 5947531, 5577853, 5187600, 5587333, 5616396, 5605344, 5566433, 5639164, 5698938, and 5630888 evidencing the costs for the original transcript, plus one copy where applicable, of each of the depositions used by the Court in ruling on a motion for summary judgment.  Excerpts from the deposition testimony of Armando Luis Betancor Álamo, Alberto B. Bianchi, Charles Calomiris, John C. Coffee, Jr., Julio Pablo Comadira, Manuel Conthe, Nicolás Diana, Matias Eskenazi, Sebastian Eskenazi, Daniel R. Fischel, Alejandro M. Garro, Jeffrey Harris, Aída Kemelmajer de Carlucci, Nancy C. Lissemore, Rafael Mariano Manóvil, Daniel Marx, José Antonio Ocampo, Diego Pando, Mariana Pargendler, Alfredo L. Rovira, Alfonso Santiago, Harold Sharon, Steven Davidoff Solomon, Ignacio Tirado, and Alejandro Uslenghi were obtained and submitted in connection

4

with the parties' summary judgment briefing.  *See Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, 2023 WL 5498928, at *4 (S.D.N.Y. Aug. 25, 2023) ("[C]ourts in this District have consistently permitted costs to be taxed for deposition transcripts submitted in connection with a summary judgment regardless of how or if the court uses those transcripts in its decision.").

6.     For taxable costs under Local Rule 54.1(c)(2) and Local Rule 54.1(c)(3) pertaining to witness travel expenses and subsistence, Federal Rule of Civil Procedure 54, and 28 U.S.C. § 1920, YPF seeks $2,940.15 in connection with the depositions of Rafael Manóvil and Jeffrey Harris, who both subsequently testified at the trial held before this Court from July 26, 2023 through July 28, 2023.  *See Olaf Soot Design, LLC v. Daktronics, Inc.*, 2022 WL 2530358, at *6 (S.D.N.Y. Mar. 31, 2022) (travel expenses and subsistence for expert witnesses are taxable "in connection with depositions[] where the witness deposed subsequently testified at trial" (quoting *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 490 F. Supp. 3d 593, 640 (E.D.N.Y. 2020))).

7.     Mr. Manóvil was deposed on March 15, 2022, and subsequently testified at the trial held before this Court on July 26 – July 28, 2023.  Mr. Manóvil resides in Buenos Aires, Argentina, and traveled from Buenos Aires to New York City for his deposition.  The transportation expenses incurred totaled $4,140.  Because it was impracticable for Mr. Manóvil to travel to and from the deposition in one day, Mr. Manóvil necessarily incurred subsistence expenses in connection with his deposition.  Because the lodging expenses incurred for Mr. Manóvil exceed the limits prescribed by 28 U.S.C. § 1821 and the applicable General Services Administration ("GSA") per diem rates for New York City in March 2022, YPF seeks recovery only of $516, the maximum amount permitted per diem for two nights of lodging under the applicable GSA rate of $258 per diem for the relevant period.  Mr. Manóvil

also incurred meal expenses in connection with his deposition totaling $96.98, consisting of $57.70 the day prior to his deposition and $39.28 the day of his deposition. YPF also seeks the statutory attendance fee of $40 per day for Mr. Manóvil's attendance at his deposition and the two days necessarily occupied traveling to and from the deposition, for a total statutory attendance fee of $120. *See* 28 U.S.C. § 1821(b) (providing for a $40 attendance fee "for each day's attendance" and for "the time necessarily occupied in going to and returning from the place of attendance"); *see also* Loc. Civ. R. 54.1(c)(2) (providing that fees for a deposition witness "are taxable at the same rates as for attendance at trial if the deposition taken was used or received in evidence at the trial"). Because Mr. Manóvil was retained as an expert by both YPF and by the Republic of Argentina (the "Republic"), YPF paid fifty percent (50%) of the travel, lodging, and meal expenses incurred by Mr. Manóvil, with the other fifty percent (50%) allocated to the Republic. YPF, accordingly, claims as taxable costs only the fifty percent (50%) share of Mr. Manóvil's incurred travel, lodging, and meal expenses and Mr. Manóvil's statutory attendance fee, totaling $2,436.49 (which is 50% of ($4,140 + $516 + $96.98 + $120))). Attached as **Exhibit C** are true and correct copies of the invoices and receipts evidencing the partially recoverable travel, lodging, and meal expenses incurred by YPF in connection with Mr. Manóvil's deposition.

8.      Mr. Harris was deposed on February 25, 2022, and subsequently testified at the trial held before this Court on July 26 – July 28, 2023. Mr. Harris resides in Washington, D.C., and traveled from Washington, D.C. to New York City for his deposition. The transportation expenses incurred totaled $768.31. Because it was impracticable for Mr. Harris to travel to and from the deposition in one day, Mr. Harris necessarily incurred subsistence expenses in connection with his deposition. Because the lodging expenses incurred for Mr.

6

Harris exceed the limits prescribed by 28 U.S.C. § 1821 and the applicable GSA per diem rates for New York City in February 2022, YPF seeks recovery only of $159, the maximum amount permitted per diem for lodging under the applicable GSA rate for the relevant period. YPF also seeks the statutory attendance fee of $40 per day for Mr. Harris's attendance at his deposition and the additional day necessarily occupied traveling for the deposition, for a total statutory attendance fee of $80. *See* 28 U.S.C. § 1821(b); *see also* Loc. Civ. R. 54.1(c)(2). Because Mr. Harris was jointly retained as an expert by YPF and the Republic, YPF paid fifty percent (50%) of the travel and lodging expenses incurred by Mr. Harris, with the other fifty percent (50%) allocated to the Republic. YPF, accordingly, claims as taxable costs only the fifty percent (50%) share of Mr. Harris's incurred travel and lodging expenses and Mr. Harris's statutory attendance fee, totaling $503.66 (which is 50% of ($768.31 + $159 + $80)). Attached as **Exhibit D** are true and correct copies of the invoices and receipts evidencing the partially recoverable travel and lodging expenses incurred by YPF in connection with Mr. Harris's deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 10, 2026
      New York, New York                      */s/ Wendy B. Reilly*
                                           Wendy B. Reilly