KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

————

(202) 326-7900

FACSIMILE:
(202) 326-7999

July 23, 2026

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-08569

Dear Judge Preska:

Plaintiffs write in response to the Republic's July 23, 2026 letter asking the Court to authorize the Clerk's Office to reconsider its rejection of the Republic's bill of costs, and presumably its rejection of YPF's bill of costs as well.  *See* Dkt. 936.[1]  For the reasons explained below, the Court should instead defer further action in these cases until Supreme Court proceedings have been completed, other than resolving the parties' ongoing disagreement regarding the Protective Order.

## I.    Background

On March 27, 2026, the Second Circuit reversed this Court's grant of summary judgment to Plaintiffs on their breach of contract claim against the Republic, affirmed its grant of summary judgment to YPF, and remanded for further proceedings.  Dkt. 909 at 56.  Plaintiffs intend to file a petition for certiorari seeking further review of that decision, currently due on August 31, 2026.

---

[1] Docket citations refer to *Petersen* unless otherwise indicated.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
July 23, 2026
Page 2

On June 10, 2026, relying on Local Civil Rule 54.1, the Republic and YPF submitted bills of costs. *See* Dkts. 931, 932, 933. The Republic requested $235,663.95, Dkt. 931-1, and YPF requested $29,176.80, Dkt. 933. The Republic and YPF erroneously stated in those filings that judgment against Plaintiffs had "been entered in the above entitled action on 6/10/2026." *See* Dkts. 931-1 at 1, 932 at 3. On June 16, 2026, the clerk rejected those filings, explaining that the bills did not comply with Local Rule 54.1 because of Plaintiffs' further appeal. July 16, 2026 Clerk's Notices.[2]

The Republic now asks the Court to authorize the clerk to reconsider its decision, incorrectly suggesting again that final judgment has been entered. It has not. As noted above, the Second Circuit remanded the case for further proceedings, which remain pending.

## II.    Legal Standard

As the Supreme Court has explained, district courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases); *see also SEC v. Chirico*, 2026 WL 972449, at *5 (S.D.N.Y. Apr. 10, 2026) (describing district court's "power to manage its docket"). In this District, "it is common practice to postpone the final disposition of a case pending an upcoming decision in the United States Supreme Court." *Wentzel v. Pliler*, 2022 WL 11819278, at *2 (S.D.N.Y. Oct. 20, 2022) (quoting *Carter v. United States*, 2007 WL 2439500, at *3 (D. Vt. Aug. 23, 2007)).

Even following a mandate from an appellate court, "the district court judge has discretion to await the outcome of the proceedings in the Supreme Court, just as we sometimes do before deciding a case involving an issue that the Supreme Court is hearing or has agreed to hear." *See Khulumani v. Barclay Nat'l Bank Ltd.*, 509 F.3d 148, 159 (2d Cir. 2007) (Korman, J., dissenting). The same is true in other circuits. *See*, *e.g.*, *In re Borland Int'l, Inc.*, 73 F.3d 355 (1st Cir. 1995) (noting district court exercised its discretion to postpone ruling on motion seeking entry of final judgment "during the pendency of certiorari proceedings"); *Chinaryan v. City of Los Angeles*, 122 F.4th 823, 825 (9th Cir. 2024) (explaining

---

[2] The Republic and YPF filed the bills in the *Eton Park* docket as well, and the clerk also rejected them there. *See* Dkts. 829, 830, 831.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
July 23, 2026
Page 3

that parties "are free to seek a stay of the proceedings in the district court while they petition for writ of certiorari").

### III. The District Court Should Exercise its Discretion to Defer Action Pending Appellate Review

Notwithstanding the Republic's and YPF's erroneous representations in their notices, Dkts. 931-1 at 1, 932 at 3, and the Republic's similar suggestion in its July 23 letter, Dkt. 936, judgment has not been entered in this action. Plaintiffs respectfully request the Court withhold further action (except for with respect to the Protective Order) until the Supreme Court has resolved their petition for certiorari and, if granted, appeal.

Under its inherent power to manage its own docket, this Court has the "discretion to await the outcome of the proceedings in the Supreme Court" before considering further motions in this case. *See Khulumani*, 509 F.3d at 159 (Korman, J., dissenting). The exercise of the Court's discretion in this case would further "judicial efficiency and [the] conservation of resources," as the legal terrain could very likely shift in the event of any future determination by the Supreme Court. *See Williams v. Ashcroft*, 2002 WL 31921291, at *1 (E.D.N.Y. Oct. 22, 2002) ("It would be superfluous for this court to rule on a case now on appeal, since any ruling would not be final as a practical matter until the termination of the appeal."). The Republic and YPF, meanwhile, would suffer no prejudice.

The Protective Order dispute, however, is a different matter. As the Republic tacitly acknowledges (at 2 n.3), it is unconnected to issues surrounding the judgment. On July 9, Plaintiffs sent the Republic and YPF proposed modifications to the Protective Order in light of the Court's rulings at the July 7 conference. Yesterday, July 22, the Republic and YPF proposed revisions to those modifications. Plaintiffs anticipate that the parties will bring the issue to the Court next week. That matter is entirely separate from questions relating to judgment and costs and should be resolved now. Other issues should await the Supreme Court proceedings.

For the above reasons, Plaintiffs respectfully request the Court to withhold further action, other than with respect to the Protective Order, until the Supreme Court proceedings are complete.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
July 23, 2026
Page 4

Respectfully submitted,

*/s/ Andrew E. Goldsmith*

*Counsel for Plaintiffs*