# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

July 25, 2026

Via ECF

The Honorable Loretta A. Preska,
    United States District Court for the Southern District of New York,
        500 Pearl Street,
            New York, NY 10007.

> Re: *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. *Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)

Dear Judge Preska:

On behalf of the Argentine Republic, I write in response to plaintiffs' July 23, 2026 letter. Dkt. 937.[1] In response to the Republic's ministerial request relating to costs, plaintiffs have seized the opportunity to ask this Court to "defer" *all* "further action in these cases until Supreme Court proceedings have been completed," except for "the parties' ongoing disagreement regarding the Protective Order." *Id.* at 1. In other words, plaintiffs are now seeking an improper stay of these proceedings, including entry of judgment pursuant to the Second Circuit's mandate, even though plaintiffs did not ask for the mandate to be stayed in the Second Circuit. Plaintiffs' application (dressed as a response to the Republic's letter regarding costs) should be rejected, and this Court should enter judgment consistent with the mandate.

1.    There is no reason to delay consideration of the Republic's timely bill of costs. The Second Circuit decided in favor of the Republic on March 27, 2026, and denied plaintiffs' petition for rehearing en banc on June 2. 2d Cir. Dkts. 279, 305. Plaintiffs chose not to seek a stay of the mandate in the

_____

[1] Docket citations refer to the *Petersen* docket unless otherwise indicated.

The Honorable Loretta A. Preska                                                  -2-

Second Circuit, and the mandate issued on June 10.  Dkt. 925.  Under Local Rule 54.1(a), a party seeking to recover costs must file a notice of taxation "[w]ithin 30 days after the entry of final judgment, or, in the case of an appeal by any party, within 30 days after the final disposition of the appeal."  The Republic accordingly filed its bill of costs 30 days after the Second Circuit issued its mandate, which was "the final disposition of the appeal."[2]  There is no basis to deny the Republic's costs.

2.      More troublingly, plaintiffs try to use the Republic's routine bill of costs as an opportunity to effectively seek a post-mandate stay of judgment. Plaintiffs ask this Court to "defer" *any* further action—presumably, including entering judgment in compliance with the Second Circuit's mandate—until the Supreme Court rules on plaintiffs' forthcoming petition for certiorari.  That request is improper and should be denied.  Consistent with the Second Circuit's mandate, this Court must, as a matter of law, enter judgment for the Republic without delay.

Although plaintiffs try to treat the issue as a matter of the Court's discretion, the law is clear that district courts "must follow the mandate issued by an appellate court, and [have] *no discretion* in carrying out the mandate."  *Callahan* v. *County of Suffolk*, 96 F.4th 362, 367 (2d Cir. 2024) (emphasis added).  Thus, "district courts are not permitted on either legal or prudential grounds to issue a stay following a Court of Appeals mandate pending an application to the Supreme Court for certiorari."  *Cole* v. *City of Memphis*, 2017 WL 782929, at *2 & n.1 (W.D. Tenn. Feb. 28, 2017) (collecting cases); *see also, e.g.*, *Lefevre* v. *Five Star Quality Care, Inc.*, 2018 WL 8786643, at *2-3 (C.D. Cal. Apr. 18, 2018) (collecting cases).

In other words, "a district judge whose decision has been reversed by a Court of Appeals" may *not* "stay execution of the judgment pending an application for certiorari."  *Kozman* v. *Trans World Airlines Inc.*, 145 F. Supp. 140, 142 (S.D.N.Y. 1956) (Sugarman, J.); *see also Studiengesellschaft Kohle, mbH* v. *Novamont Corp.*, 578 F. Supp. 78, 79-80 (S.D.N.Y. 1983) (Sweet, J.) (only the court of appeals or Supreme Court can "stay the execution or enforcement of the court of appeals' judgment," and district court "lacks jurisdiction" to do so); *United States* v. *Lentz*, 352 F. Supp. 2d 718, 728 (E.D. Va. 2005) ("[A] district court has no

---

[2] Plaintiffs accuse (at 2) the Republic of "erroneously stat[ing]" the date of judgment in its costs filing.  But the Republic simply filled in this district's standard costs form with the date the mandate was issued, which is the relevant date for costs under Local Rule 54.1.

The Honorable Loretta A. Preska                                    -3-

jurisdiction to stay a circuit court's mandate simply to await the outcome of a *certiorari* petition seeking review of the circuit court's decision on appeal."). Here, plaintiffs did not seek a stay of the Second Circuit's mandate and have not sought any relief in the Supreme Court. Accordingly, the Second Circuit's mandate, which was issued more than a month ago, cannot be stayed by this Court.

Plaintiffs' cases do not disturb this well-established rule. Plaintiffs do not cite a single case in which a district court stayed or otherwise "defer[red]" entering judgment pursuant to an appellate court's mandate. Indeed, plaintiffs' principal authority is a dissent in a case in which the panel opinion expressly noted that it "expect[ed] that the district court on remand will rule expeditiously; at that point, the parties can decide whether, and on what grounds, to pursue further appeals." *Khulumani* v. *Barclay Nat'l Bank Ltd.*, 509 F.3d 148, 153 (2d Cir. 2007). *In re Borland Int'l, Inc.* also was "not a situation where the court below ignored [the court of appeals'] clear mandate." 1995 WL 767450, at *2 (1st Cir. Dec. 28, 1995). In that case, the district court "complied" with the mandate "by vacating the [reversed] injunction" and then stayed *further* proceedings. *Id.* And in *Chinaryan* v. *City of Los Angeles*, the mandate did not require entry of a judgment but rather "remanded the case to the district court 'for a new trial.'" 122 F.4th 823, 825 (9th Cir. 2024); *see id.* ("district courts must faithfully carry out 'both the letter and the spirit' of [appellate] mandates"). Plaintiffs' other cases do not involve a mandate at all. *See Wentzel* v. *Pliler*, 2022 WL 11819278, at *3 (S.D.N.Y. Oct. 20, 2022) (district court stayed proceedings pending upcoming Supreme Court decision in a separate case) (McCarthy, M.J.); *Williams* v. *Ashcroft*, 2002 WL 31921291, at *1 (E.D.N.Y. Oct. 22, 2002) (denying second and successive habeas petition).

3.      While this Court may not delay entry of judgment consistent with the mandate, if the Court stays further proceedings *after* entering a judgment, there is no reason to carve out the protective order dispute. So long as plaintiffs ask this Court to "defer action" pending review by the Supreme Court, this Court should also defer the protective order issue until any Supreme Court proceedings have been completed in the name of efficiency. Certainly, plaintiffs cannot have it both ways.

Respectfully,

*/s/* Robert J. Giuffra, Jr.
Robert J. Giuffra, Jr.

cc:     Counsel of Record (via ECF)