KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

July 27, 2026

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-08569

Dear Judge Preska:

The Republic's letter, Dkt. 938, is fundamentally incorrect. Not only is there no obligation on this Court to "enter judgment…without delay," but Plaintiffs are entitled to be heard before any such step is taken. The Circuit did not remand with instructions to dismiss; rather, the mandate remanded "for further proceedings," Dkt. 925, and Plaintiffs will certainly have something substantive to say about those proceedings if necessary.

However, Plaintiffs are first seeking certiorari from the Supreme Court, and it is wasteful of the Court's and the parties' time to engage concurrently here and in the certiorari process – hence Plaintiffs' suggestion that the Court exercise its discretion to defer further action (apart from the protective order) until the Supreme Court acts. It is hardly a foregone conclusion that the Supreme Court will reject this case – the largest judgment ever entered in this Circuit with a robust dissent from a respected member of the Court. The costs point simply follows from the foregoing: judgment has not yet been entered, so it is not yet time for a bill of costs.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
July 27, 2026
Page 2

1.      On July 10, 2026, the Republic and YPF submitted bills of costs, notwithstanding that judgment has not entered – a fact that the Republic does not (and cannot) dispute.  *See* Dkts. 931, 932, 933.  Local Rule 54.1 explains in relevant part that "[c]osts will not be taxed during the pendency of any appeal, motion for reconsideration, or motion for a new trial."  This rule barring taxation of costs pending appeal is "automatic."  *See Shapiro v. Kronfeld*, 2005 WL 183137, at *3 (S.D.N.Y. Jan. 27, 2005); *see also Chevron Corp. v. Donziger*, 2018 WL 1137119, at *2 (S.D.N.Y. Mar. 1, 2018) (explaining court "obliged" request to "hold taxation of costs in abeyance pending the outcome of a petition for a writ of certiorari"), *aff'd,* 990 F.3d 191 (2d Cir. 2021); *Scholastic, Inc. v. Stouffer*, 246 F. Supp. 2d 355, 356 n.2 (S.D.N.Y. 2003) ("[P]ursuant to Local Rule 54.1(a), plaintiffs' request for taxation of costs has been automatically stayed pending Stouffer's appeal of the Court's earlier ruling."); *Del Franco v. N.Y.C. Off-Track Betting Corp.*, 2007 WL 2163108, at *1 (E.D.N.Y. July 26, 2007) ("[W]hat is dispositive at this procedural juncture is the instruction that costs will not be taxed during the pendency of any appeal.") (cleaned up).  The Republic has not provided any basis to depart from the text of Local Rule 54.1 or the cases interpreting it.

2.      Plaintiffs asked for the Court to exercise its discretion to defer further judgment – the Court need not formally enter an order, other than to resolve the pending protective order dispute.

The Republic's arguments against this Court's exercise of discretion, inherent to its authority over its own docket, are unconvincing.  Its authorities are distinguishable – none features a reversal of judgment for plaintiffs.  *Callahan v. County of Suffolk* involved the Second Circuit reversing judgment for defendants and instructing that "the district court must hold a new trial."  96 F.4th 362, 367-68 (2d Cir. 2024).  Moreover, *Callahan* recognized that, "[w]hen the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court."  *Id.*  Likewise, in *Cole v. City of Memphis*, the Sixth Circuit affirmed judgment for plaintiff, and an existing stay was lifted.  2017 WL 782929, at *4 (W.D. Tenn. Feb. 28, 2017); *see also Lefevre v. Five Star Quality Care, Inc.*, 2018 WL 8786643, at *1 (C.D. Cal. Apr. 18, 2018) (after judgment for plaintiffs affirmed); *Kozman v. Trans World Airlines Inc.*, 145 F. Supp. 140, 141 (S.D.N.Y. 1956) (after judgment for plaintiffs affirmed);

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
July 27, 2026
Page 3

*Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F. Supp. 78, 79 (S.D.N.Y. 1983) (after judgment affirmed in part for plaintiffs); *United States v. Lentz*, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005) (after "overturning the Rule 29 judgment of acquittal").

**3.**     The protective order has nothing to do with the Supreme Court or its review of Plaintiffs' certiorari petition.  Plaintiffs seek a modification to facilitate arbitration – on which timely action is important.  The Republic's position is puzzling, after criticizing Plaintiffs for not initiating arbitration proceedings sooner.  *See*, *e.g.*, Dkt. 922 at 6.

Respectfully submitted,

*/s/ Andrew E. Goldsmith*

*Counsel for Plaintiffs*