**Debevoise**
**&Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

August 3, 2026

VIA ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
500 Pearl Street, New York, New York 10007

**Re:** ***Petersen Energía Inversora S.A.U. et al. v. Argentine Republic et al.,*** **No. 15 Civ. 2739 (S.D.N.Y.) (LAP);** ***Eton Park Capital Mgmt. et al. v.*** ***Argentine Republic et al.,*** **No. 16 Civ. 8569 (S.D.N.Y.) (LAP)**

Dear Judge Preska:

YPF S.A. ("YPF")[1] respectfully submits this letter regarding its proposed modifications to the Protective Order in the above-captioned cases (the "Actions"). Consistent with the Court's direction at the July 7, 2026 conference, YPF has conferred in good faith with Plaintiffs and the Republic regarding modifications to the Protective Order, but certain disagreements remain. YPF's proposed modifications to specific provisions – reflected in yellow highlighting in the attached Exhibit A – are intended to ensure YPF's Discovery Material will not be used or disclosed in connection with Plaintiffs' planned arbitrations against the Republic (the "Arbitrations") or related enforcement actions, unless an arbitral tribunal or enforcement court has the authority to compel their production and does compel such production, and to protect the legitimate confidentiality expectations of YPF and its individual email custodians in producing documents for use solely in these Actions.

**Paragraph 2:** It is undisputed that YPF will not – and cannot – be a party to the Arbitrations. *See* Dkt.[2] 918 at 6-7. As Your Honor recognized, "YPF is in a different situation" because of its non-party status in the Arbitrations. July 7, 2026 Tr. at 17:24. Given YPF will be a non-party to the Arbitrations, Plaintiffs are not entitled to discovery from YPF in the Arbitrations, and under the applicable

---

[1] YPF maintains its objections to the Court's jurisdiction over it, including under the Foreign Sovereign Immunities Act. YPF also objects to any arbitration tribunal or enforcement court having jurisdiction over it, including to order it to produce documents to Plaintiffs.

[2] References to "Dkt." refer to 1:15-cv-2739.

The Honorable Loretta A. Preska                    2                    August 3, 2026

arbitral rules and procedures, the arbitral tribunals will have no authority to compel discovery from YPF either directly or indirectly.  *See* Dkt. 916 at 2; Dkt. 929 at 11-12.  Although Plaintiffs have argued the arbitral tribunals will have the authority to compel the production of documents from YPF, Plaintiffs have not identified any rule or other authority granting the tribunals such power to compel discovery from non-parties.  *See* Dkt. 929 at 11.

Accordingly, as this Court recognized and ruled at the July 7, 2026 conference, "[a]ny future decisions with respect to use or further production will be made by the tribunal in charge, whether it's the arbitral tribunal or whether going forward it's some enforcement tribunal."  July 7, 2026 Tr. at 32:10-14.  Plaintiffs agreed that they are no longer asking the Court to give them a right in the Arbitrations that does not already exist.  *See* July 7, 2026 Tr. at 29:4-6 ("We're not asking for your Honor to give us a right in the arbitration.  The arbitral tribunals will be the ones to decide what is right and wrong in the arbitrations").  The language of the Protective Order needs to be clear that it is not giving to the arbitral tribunal or potential enforcement court any authority regarding compelling non-party discovery that it would not already have.

YPF's proposed modifications to Paragraphs 2(c) and 2(d) of the Protective Order, and corresponding edits throughout, simply make clear that YPF's Discovery Material will be available for use in connection with the Arbitrations or any Arbitration Enforcement Action if and only if the governing tribunal has the authority to compel production from YPF and does in fact compel such production.  YPF's proposed edits to the Protective Order make explicit that this Court takes no position on the authority of future tribunals over non-party discovery from YPF, and that the Protective Order does not expand Plaintiffs' rights in the Arbitrations.

**Paragraph 16:**  YPF requests that the Court enter YPF's requested modification to Paragraph 16 of the Protective Order to preclude Plaintiffs from challenging now – after the conclusion of the underlying litigation – the Confidential designations of documents produced from the files of individual YPF email custodians.  YPF's email custodians relied on the terms of the Protective Order and their consents for production do not extend to permit use of the documents in other legal actions.  *See* Dkt. 929 at 14.  The Court heard argument on this issue at the July 7, 2026 conference, *see* July 7, 2026 Tr. at 30:8-23, but did not issue a ruling.

**Paragraph 20:**  Plaintiffs should further be required to return or destroy YPF's documents within 90 days after the exhaustion of any appeal to the Supreme Court in these Actions, as already required pursuant to Paragraph 20(a) of the Protective Order.  The modifications to Paragraph 20(a) simply enforce this

The Honorable Loretta A. Preska                3                August 3, 2026

existing obligation with respect to YPF's Discovery Material.  There is no basis for excusing Plaintiffs from an obligation they agreed to long ago – even after filing a notice of arbitration in 2015, *see* Dkt. 27-23 – particularly where the sole purpose of retaining YPF's highly sensitive documents and communications would be for use in separate legal proceedings to which YPF will not be party and in which Plaintiffs would not otherwise have access to discovery from YPF.

YPF should not be forced to bear the significant risks associated with Plaintiffs' continued retention of YPF's Discovery Material for an indefinite number of years into the future.  The longer YPF's confidential documents remain in the hands of parties who no longer need them for the purposes for which the material was originally produced, the greater the cumulative risk of disclosure – whether through a data breach, third-party requests to Plaintiffs, their counsel, or Burford, or other means.  YPF would have limited, if any, ability to protect against improper disclosure of its Discovery Material in such scenarios.

Nor would enforcing the existing destruction obligation as to YPF's documents prejudice Plaintiffs.  The modifications to Paragraph 20(a) commit YPF to preserve a copy of all Discovery Material produced by YPF in these Actions, and YPF would be able to promptly produce any relevant Discovery Material should a future competent tribunal require it do so – the only circumstance under which Plaintiffs would be entitled to use or receive discovery from YPF in the Arbitrations.  Notably, when Plaintiffs first sought to modify the Protective Order to permit the use of Discovery Material in the Arbitrations, Plaintiffs' own proposal left the destruction obligation intact.  *See* Dkt. 929 at 13 (citing Dkt. 911-2, ¶ 20(a)).  There is no justification to depart from that position now.

Respectfully submitted,

*/s/ Mark P. Goodman*
Mark P. Goodman
Shannon Rose Selden
mpgoodman@debevoise.com
srselden@debevoise.com

cc:    Counsel of Record (by ECF)