KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

————

(202) 326-7900

FACSIMILE:
(202) 326-7999

August 3, 2026

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:   *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-
> 02739; *Eton Park Capital Management, L.P. v. Argentine Republic*,
> No. 16-cv-08569

Dear Judge Preska:

Plaintiffs respectfully submit this letter pursuant to the Court's instruction at the July 7, 2026 conference and request that the Court enter the attached Protective Order, which implements the Court's rulings. *See* Exs. A (clean proposed order), B (redline against Oct. 10, 2024 Protective Order).

At the July 7 conference, the Court ordered that the Republic's post-judgment production and YPF's production be maintained by counsel, with any arbitration-related future use left to the relevant tribunal. July 7, 2026 Hr'g Tr. at 32:7-16. The only issue the Court left open was the Republic's request, first raised at the close of the conference, that *only* counsel for the Republic and YPF be permitted to retain those documents. *Id.* at 34:13-15. The parties remain in the posture of reconsideration where relief is "an extraordinary remedy." Dkt. 785 at 2. Yet instead of confining the post-conference discussions to the narrow issue the Court reserved, the Republic and YPF have sought to revisit matters the Court resolved and raise issues the Court did not leave open.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
August 3, 2026
Page 2

### A. Retention of Discovery Materials

The Republic and YPF propose that Plaintiffs destroy all post-judgment discovery produced by the Republic and all discovery produced by YPF, with Plaintiffs required to seek permission from a future tribunal before regaining access.  *See* Ex. C, ¶ 20(a) (Republic/YPF proposal).  While the Republic would preserve its productions, YPF appears to propose not even retaining its documents unless ordered to do so by an arbitral tribunal.  *See id.*[1]  The Court should direct that Plaintiffs' counsel also retain the documents.

First, the Republic's and YPF's proposals would unfairly disadvantage Plaintiffs.  If the parties will litigate whether these documents may be used in arbitration, both sides should have access to the documents needed to inform their arguments.  *See In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India in Dec., 1984*, 809 F.2d 195, 205 (2d Cir. 1987) ("Basic justice dictates that both sides be treated equally, with each having equal access to the evidence in the possession or under the control of the other.").  That is especially important for Plaintiffs' additional arbitral counsel, who did not participate in the discovery proceedings here and cannot meaningfully assess the relevance of particular documents without reviewing them.[2]  Plaintiffs should not be forced to argue from memory while the Republic and YPF have access to the documents.

Second, if Plaintiffs' counsel are required to destroy the documents, even if they prevail on the issue at arbitration, they will face additional hurdles in reacquiring the documents.  As the Court has observed, obtaining discovery from the Republic has been "like pulling teeth."  Tr. at 15:16-17.  YPF has already asserted that arbitral tribunals will have no authority over it.  *See, e.g.*, Dkt. 924 at 3.

---

[1] That is inconsistent with the Court's directive that the disputed materials "be maintained confidential[ly] by counsel and available at the order of the presiding tribunal."  *See* Tr. at 32:14-16.

[2] Three Crowns LLP, including partners Constantine Partasides KC and Liz Snodgrass, will represent Plaintiffs in arbitration along with some of the counsel who have appeared in this Court.  *See* Ex. D.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
August 3, 2026
Page 3

**B. Other Issues**

**Definition C.**  Plaintiffs' proposed Definition C defines "Arbitration Enforcement Action" in terms that parallel the existing definition of "Enforcement Action" the Court previously entered.  There is no reason the two enforcement-action definitions should diverge, and the Republic has offered no justification for departing from that structure.  *See* Ex. C.  The Republic's competing definition serves only to narrow the Court's July 7 ruling and frustrate any potential use of post-judgment discovery in arbitration enforcement proceedings.

**Definition G**.  Plaintiffs agreed that, as a general matter, post-judgment discovery would not be used in the merits phase of the arbitration, subject to a carveout for material requested before judgment.  The Republic now seeks to complicate that straightforward carveout by adding a second, subjective inquiry into whether the material was also "related to the underlying claims."  *See* Ex. C.  That qualifier would frustrate the carveout's operation by inviting disputes over material indisputably requested before judgment and undermining the administrable line between pre- and post-judgment discovery.  The Court should reject the additional requirement.  If the Court is inclined to retain it, however, the Republic should identify now which Requests for Production it contends sweep beyond the underlying claims, so those disputes can be resolved once rather than relitigated each time Plaintiffs supplement Appendix A.

**Paragraphs 2(c) and (d).**  YPF proposes language that would condition Plaintiffs' use of its documents in arbitration on a finding that the arbitral tribunal has the "authority to compel" production of those documents from YPF.  At the July 7 conference, the Court rejected YPF's motion for reconsideration and directed that the documents be "available at the order of the presiding tribunal." Tr. at 32:7-16.  The Court therefore left the issue to the arbitral tribunal without placing any thumb on the scale.  YPF, however, would have this Court direct the arbitral tribunal on what to consider in evaluating the documents.  And because YPF did not propose this language or condition before the July 7 conference, the proposal amounts to a *new* request for reconsideration after the Court already denied reconsideration.  *See Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 265 (E.D.N.Y. 2016), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
August 3, 2026
Page 4

**Paragraph 16.**  YPF seeks to make confidentiality designations for documents produced by individual email custodians unchallengeable.  The Court should reject this proposal and adopt Plaintiffs' version.  First, YPF's request appeared for the first time in its pre-motion letter, after the Court's directive to compromise, and was not in its motion for reconsideration.  *See Salveson,* 166 F. Supp. 3d at 265.  Second, YPF raised this request at the July 7 conference, and the Court did not adopt it.  *See* Tr. at 30:11-31:7.  Raising it yet again amounts to seeking reconsideration on top of reconsideration.  Third, the existing Protective Order already contains a detailed process for challenging confidentiality designations.  *See* Dkt. 674, ¶ 16.  There is no basis to categorically bar Plaintiffs from invoking that process, and doing so would be highly unusual.  *See, e.g., Carlin v. Gold Hawk Joint Venture*, 778 F. Supp. 686, 694 (S.D.N.Y. 1991) ("denial of access to the Court is a serious matter and injunctions against such access must be issued only sparingly").

For the above reasons, the Court should enter the attached amended Protective Order.

Respectfully submitted,

*/s/ Andrew E. Goldsmith*

*Counsel for Plaintiffs*