UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. ET AL., <br><br> Plaintiffs, <br><br> -against- <br><br> ARGENTINE REPUBLIC ET AL., <br><br> Defendants. | No. 15 Civ. 02739 (LAP) <br><br> ORDER |

| | |
|---|---|
| ETON PARK CAPITAL MANAGEMENT L.P. ET AL., <br><br> Plaintiffs, <br><br> -against- <br><br> ARGENTINE REPUBLIC ET AL., <br><br> Defendants. | No. 16 Civ. 08569 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the Republic's letter requesting that the Court direct the Clerk of Court to accept the Republic's bill of costs pursuant to Federal Rule of Civil Procedure 54. (Dkt. 936.)[1]  In response, Plaintiffs ask the Court to "defer further action in these cases until Supreme Court proceedings have

---

[1] All docket references refer to Petersen, 15-CV-2739.

been completed" given Plaintiffs' forthcoming petition for certiorari.  (Dkt. 937 at 1.)

For the reasons that follow, the Court concludes that it lacks power to stay these proceedings following receipt of the Court of Appeals' mandate.  Instead, the Court will conduct any further proceedings necessary to enter final judgment and assess costs consistent with the Court of Appeals' mandate.

## I.   A Stay Pending Plaintiffs' Certiorari Petition Is Improper

As a threshold matter, the Court agrees with the Republic that a district court lacks the power to stay post-remand proceedings pending a petition for certiorari.  Plaintiffs insist that the Court should await the outcome of any Supreme Court proceedings given the size of the now-reversed judgment and a "robust dissent from a respected member of the Court [of Appeals]." (Dkt. 939 at 1.)  While the Court holds its former colleague in equally high regard, the Court agrees with the overwhelming consensus of district courts that "it is simply 'not an appropriate function for [a district court] to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court.'"  United States v. Lentz, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005) (quoting Studiengesellschaft Kohle v. Novamont Corp., 578 F. Supp. 78, 79–80 (S.D.N.Y. 1983) (Sweet, J.)); see also Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc., 2024 WL 1494375, at *1 (D. Mass. Apr. 5, 2024) ("[A] recently reversed

2

district court may not effectively disobey the edict of a Court of Appeals because it determines that the Supreme Court would likely agree with its original view.").

Instead, the proper mechanism for a litigant to stay proceedings pending a certiorari petition is to move the Court of Appeals to stay its own mandate, see Fed. R. App. P. 41(d)—a mechanism which, as the Republic notes, Plaintiffs declined to pursue. Alternatively, after a mandate issues, a litigant may move to stay enforcement of the judgment pending a petition for certiorari. See 28 U.S.C. § 2101(f). § 2101(f), however, directs that such applications may only be granted by (i) a judge of the circuit court that issued the judgment for which a writ of certiorari is sought; or (ii) a Supreme Court justice. Id. Accordingly, "federal courts have consistently relied upon 28 U.S.C. § 2101(f) for the rule that district courts lack jurisdiction to stay execution of an appellate court judgment" pending a petition for certiorari. Kentucky Com. Mobile Radio Serv. Emergency Telecommunications Bd. v. Tracfone Wireless, Inc., 953 F. Supp. 2d 780, 781 (W.D. Ky. 2013) (collecting cases).

In sum, Plaintiffs had every opportunity to request a stay from the Court of Appeals prior to issuance of the mandate. Plaintiffs did not do so. Because the mandate has now returned to this Court, it is the Court's duty to carry out the letter and

spirit of the mandate unless and until a higher court orders otherwise.

## II.   A New Final Judgment Is Necessary

The Republic's bill of costs stated that judgment had entered on June 10, 2026, (Dkt. 931-1 and Dkt. 932-2), which the Republic later explained as a reference to the date the mandate issued, (Dkt. 938 at 2 n.2).  The Court of Appeals, however, did not enter a new final judgment through its mandate.  "Appellate courts, indeed, ordinarily do not enter the final judgment; that task is accomplished on remand to the district court."  Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 4478.3 (2026).

To that end, under this District's Local Rule 58.1, "[a]ny mandate, order, or judgment of an appellate court, when filed with the clerk of the district court, will automatically become the order or judgment of the district court . . . except if the mandate, order, or judgment of the appellate court requires further proceedings in the district court."  S.D.N.Y. L.R. 58.1 (emphasis added).  Here, the Court of Appeals reversed this Court's entry of judgment and "remand[ed] for further proceedings consistent with this opinion." Petersen Energia Inversora S.A.U. v. Argentine Republic, 172 F.4th 120, 144 (2d Cir. 2026).[2]  Plaintiffs have

---

[2] Local Rule 58.1 provides for an effectively self-executing mandate where, unlike here, the Court of Appeals issues a decision that expressly directs the manner of final judgment without the need for further proceedings. Compare id. with, e.g. Empresa Cubana del Tabaco v. Culbro Corp., 399 F.3d 462, 486 (2d Cir. 2005) (in which case was "remanded for entry of an order (cont'd)

indicated that they will "certainly have something substantive to say about those proceedings" that are required on remand, (Dkt. 939 at 1), which the Court will consider before entering a new judgment. Following entry of a new judgment, the Court will invite the Republic to refile its bill of costs.[3]

### CONCLUSION

For the foregoing reasons, the Court concludes that it has no discretion to stay these proceedings pending Plaintiffs' petition for certiorari. No later than August 25, 2026, the parties shall confer and submit to the Court a joint letter outlining how they propose to proceed and any further proceedings that are necessary to effectuate the Court of Appeals' mandate, enter judgment, and assess costs sought by the Republic. If the parties believe that

---

(cont'd) dismissing all remaining claims"); Empresa Cubana Del Tabaco v. Culbro Corp., 478 F. Supp. 2d 513, 517 (S.D.N.Y. 2007) (concluding that Local Rule 58.1 triggered final judgment upon receipt of the aforementioned mandate).

[3] Local Rule 54.1 requires that a notice of taxation for costs be filed within thirty days of final judgment or "the final disposition of an appeal," unless the Court extends this timeframe for good cause. S.D.N.Y. L.R. 54.1. The Rule, however, appears to contemplate a scenario where an existing final judgment is either affirmed or fully reversed by the Court of Appeals. It is not entirely clear whether the drafters of Rule 54.1 contemplated the limbo-like posture of this case, where a prior judgment has been partially reversed but a new judgment has not yet entered. Certainly, accepting a bill of costs at this stage would appear in tension with the general view that costs should not be taxed until after final judgment has entered. See Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2679 (2026); Milligan v. Reed, 2007 WL 1725240, at *1 (D. Colo. June 14, 2007) (because mandate "remanded the action to the district court for further proceedings . . . and there is no final judgment," bill of costs was "premature"). Accordingly, the Court will ask the Republic to refile its bill of costs within thirty days a new final judgment.

no further proceedings are necessary, they should file a proposed judgment consistent with the Court of Appeals' mandate.[4]

The Republic shall refile its bill of costs within thirty days of a new final judgment.

**SO ORDERED.**

_____
Loretta A. Preska
Senior United States District Judge

August 6, 2026

---

[4] The parties appear to agree that a final judgment shall not affect the parties' rights under and proposed modifications to the operative Protective Order, which the Court will address separately.