September 10, 2026

*Via CM/ECF*

Hon. Loretta A. Preska
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 15-cv-02739; *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-08569

Dear Judge Preska:

Plaintiffs, the Republic, and YPF respectfully submit the attached proposed form of judgment, consistent with the Court's August 6, 2026 Order directing the parties to "file a proposed judgment consistent with the Court of Appeals' mandate." *Petersen* Dkt. 943 at 6. Plaintiffs, the Republic, and YPF also write to provide their positions on several additional issues.

## I. Vacatur of Certain Post-Judgment Orders (Joint Position)

The following orders are currently on appeal (and therefore not subject to this Court's jurisdiction): *Petersen* Dkt. 726 (2d Cir. No. 25-576), Dkt. 742 (2d Cir. No. 25-1687), Dkts. 772, 785 (2d Cir. No. 25-2362), Dkt. 798 (2d Cir. No. 25-2629(L)), Dkt. 835 (2d Cir. No. 25-2901); *Eton Park* Dkt. 662 (2d Cir. No. 25-1689), Dkts. 699, 739 (2d Cir. No. 25-2363), Dkt. 706 (2d Cir. No. 25-2630(L)), Dkt. 734 (2d Cir. No. 25-2904) (collectively, the "Appealed Orders"). YPF and the Republic reserve the right to seek vacatur of the Appealed Orders after the conclusion of the Supreme Court and Second Circuit appeals, and Plaintiffs reserve the right to oppose any such request. YPF also reserves the right to seek vacatur of the May 28, 2024 order (*Petersen* Dkt. 592 and *Eton Park* Dkt. 737), which ordered discovery from YPF in connection with enforcement of the now-reversed Judgment against the Republic, and which YPF contends is related to certain of the pending appeals. Plaintiffs reserve the right to oppose any such request.

Plaintiffs, YPF, and the Republic have conferred about these potential vacatur requests and have agreed that, as long as the Court has no objection, YPF's

potential request for vacatur of the May 28, 2024 order shall be held in abeyance until after the conclusion of the Supreme Court and Second Circuit appeals. Plaintiffs, YPF, and the Republic have further agreed that the time elapsed between now and the conclusion of the Supreme Court and Second Circuit appeals shall not be considered in connection with any timeliness objection to a future request for vacatur of the May 28, 2024 order or the Appealed Orders. Except as otherwise specified above, Plaintiffs, YPF, and the Republic reserve all rights with respect to seeking or opposing vacatur of the May 28, 2024 order and the Appealed Orders following the conclusion of the Supreme Court and Second Circuit appeals.

## II. Bill of Costs (Joint Position)

In accordance with the Court's August 6, 2026 Order, the Republic will refile its bill of costs within thirty days of the Court's entry "of a new final judgment." *Petersen* Dkt. 943 at 6. Additionally, consistent with that order, YPF respectfully requests permission to refile its bill of costs within thirty days of entry of the new final judgment. *See Petersen* Dkt. 932 (YPF's bill of costs and notice of taxation). Plaintiffs reserve their rights to respond to each bill of costs as provided by Local Civil Rule 54.1.

## III. Timing of Entry of Judgment (Disputed)

**Plaintiffs' Position**: Plaintiffs consent to the form of the attached proposed judgment based on the current posture of the case. Plaintiffs do not agree that the Second Circuit's decision was correctly decided and intend to seek certiorari from the U.S. Supreme Court on or before September 30, 2026. Accordingly, Plaintiffs respectfully submit that that judgment should not be entered against Plaintiffs at this time. The authorities cited by the Court (Dkt. 943) do not hold otherwise. In those cases, the parties sought to stay proceedings that the appellate mandate specifically required or contemplated. *See, e.g., United States v. Lentz*, 352 F. Supp. 2d 718, 725 (E.D. Va. 2005) ("a district court has no jurisdiction to stay a circuit court's mandate remanding the case for a new trial"). They do not, in Plaintiffs' view, address the distinct discretion of a district court to manage the timing and pace of proceedings not specifically required by the mandate. *See, e.g.*, *Wentzel v. Pliler*, 2022 WL 11819278, at *2 (S.D.N.Y. Oct. 20, 2022) ("[I]t is common practice to postpone the final disposition of a case pending an upcoming decision in the United States Supreme Court."). The Second Circuit observed that its decision "may render moot some or all" of the related post-judgment appeals.

*See Petersen Energia Inversora S.A.U. v. Argentine Republic*, 172 F.4th 120, 130 n.6 (2d Cir. 2026). Those appeals' continued pendency and the possibility of further district court proceedings provide a further reason to defer entry of judgment. Plaintiffs respectfully request that, following the Supreme Court's resolution of Plaintiffs' appeal, they be permitted to raise any remaining issues before this Court or the Court of Appeals before judgment is entered.

**Republic's and YPF's Position**: The Republic and YPF respectfully request that the Court enter the new final judgment now in order to effectuate the Second Circuit's mandate, and because there is no legal basis to defer entry of judgment until after the conclusion of any Supreme Court proceedings. In its August 6, 2026 Order, the Court correctly rejected Plaintiffs' request for an improper stay of the Court of Appeals' mandate, concluding that "it lacks power to stay these proceedings following receipt of the Court of Appeals' mandate." *Petersen* Dkt. 943 at 2. Plaintiffs' request that the Court delay entry of the new final judgment until after resolution of the dispute regarding the protective order and resolution of any Supreme Court proceedings is an untimely motion for reconsideration of the Court's August 6 Order. *See* L.R. 6.3 ("[A] notice of motion for reconsideration must be served within 14 days after entry of the court's order being challenged."). And Plaintiffs come nowhere close to meeting the high standard for reconsideration. *See In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."); *see also Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"); *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

First, Plaintiffs have no response to the Court's conclusion that "the proper mechanism for a litigant to stay proceedings pending a certiorari petition is to move the Court of Appeals to stay its own mandate." *Petersen* Dkt. 943 at 3. As the Court recognized, "Plaintiffs declined to pursue" such a stay. *Id.* After the mandate issued, Plaintiffs also failed to seek a stay of enforcement of the judgment pending a petition for certiorari pursuant to 28 U.S.C. § 2101(f), which the Court rightly noted it lacks jurisdiction to grant. *Id.*

Second, Plaintiffs do not present any grounds for this Court to reconsider its August 6 Order. Instead, Plaintiffs again rely on their anticipated petition for a writ of certiorari, which the Court has already rejected as a basis to delay entry of judgment. *Petersen* Dkt. 943 at 2-4. Alternatively, Plaintiffs cite a purported need to delay entry of judgment until the protective order dispute is resolved. But the Court already stated that "a final judgment shall not affect the parties' rights under and proposed modifications to the operative Protective Order," which the Court noted it would "address separately." *Id.* at 6 n.4. In other words, the protective order dispute provides no basis for this Court to delay entry of a new final judgment, consistent with the Court of Appeals' mandate. Indeed, "it is the Court's duty to carry out the letter and spirit of the mandate unless and until a higher court orders otherwise." *Id.* at 3-4.

Third, Plaintiffs cannot distinguish the authorities cited by the Court in denying Plaintiffs' improper request to stay the Court of Appeals' mandate. The weight of authority is clear that this Court may not "stay execution of the judgment pending an application for certiorari." *Kozman* v. *Trans World Airlines Inc.*, 145 F. Supp. 140, 142 (S.D.N.Y. 1956) (Sugarman, J.); *see also Petersen* Dkt. 938 at 2-3 (collecting cases). In response, Plaintiffs invoke only minor procedural differences that do not substantively affect this clear rule of law. Plaintiffs also assert that a district court has "distinct discretion . . . to manage the timing and pace of proceedings not specifically required by the mandate," citing *Wentzel v. Pliler*, 2022 WL 11819278, at *2 (S.D.N.Y. Oct. 20, 2022). But *Wentzel* has no bearing on a stay of a mandate; there the court stayed a habeas petition pending the Supreme Court's consideration of a related case—there was no appeal and no mandate at issue. 2022 WL 11819278, at *1-2. Unlike the discretionary stay at issue in *Wentzel*, district courts "must follow the mandate issued by an appellate court, and [have] no discretion in carrying out the mandate." *Callahan* v. *County of Suffolk*, 96 F.4th 362, 367 (2d Cir. 2024).

Finally, Plaintiffs waited until the eleventh hour to raise any concern over the timing of the entry of judgment. Following the Court's August 6 Order—which directed the parties to "confer and submit to the Court a joint letter outlining how they propose to proceed and any further proceedings that are necessary to effectuate the Court of Appeals' mandate," or "[i]f the parties believe that no further proceedings are necessary," to "file a proposed judgment consistent with the Court of Appeals' mandate," *Petersen* Dkt. 943 at 5-6—the Republic and YPF

made clear their position that no further proceedings were necessary and repeatedly asked Plaintiffs to identify whether they believed that any further proceedings were necessary before the Court enters judgment. Plaintiffs were silent on this issue and instead engaged with the Republic and YPF on revisions to the draft proposed judgment. It was only two days before the deadline to file this joint letter (and four weeks after the Republic first asked Plaintiffs for their position on this issue) that Plaintiffs raised their contention that the Court should delay entry of the judgment, still without identifying any further proceedings that are necessary in this Court prior to entry of judgment. The Court should reject this last-minute switch and enter the agreed form of judgment.

## IV. Protective Order (Disputed)

**Plaintiffs' Position**: The parties' dispute concerning the protective order remains unresolved, *see Petersen* Dkts. 940, 941, 942, and Plaintiffs respectfully request that the Court resolve it before entering judgment. The pending modifications are intended to facilitate arbitral proceedings that are ongoing. Plaintiffs are available to provide additional submissions or appear for argument if either or both would assist the Court.

**Republic's and YPF's Position**: For the reasons stated in section III above, the Court should not delay entry of judgment pending resolution of the protective order dispute. As noted, the Court already stated that the protective order dispute and the judgment would be "address[ed] separately." *Petersen* Dkt. 943 at 6 n.4.

Respectfully submitted,

| | |
|---|---|
| */s/ Robert J. Giuffra, Jr.* | */s/ Andrew E. Goldsmith* |
| Robert J. Giuffra, Jr. | Mark C. Hansen |
| Sergio J. Galvis | Derek T. Ho |
| Amanda F. Davidoff | Andrew E. Goldsmith |
| Thomas C. White | Diego Negron-Reichard |
| Adam R. Brebner | Tiffany Pages-Sanchez |
| Arturo Carlos Schultz | KELLOGG HANSEN TODD |
| SULLIVAN & CROMWELL, LLP | FIGEL & FREDERICK, P.L.L.C. |
| 125 Broad Street | 1615 M Street, N.W., Suite 400 |

New York, NY 10004-2498
giuffrar@sullcrom.com

*Counsel for Defendant Argentine Republic*

*/s/ Mark P. Goodman*
Mark P. Goodman
Shannon Rose Selden
James J. Pastore
Wendy B. Reilly
J. Robert Abraham
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
mpgoodman@debevoise.com
srselden@debevoise.com
jjpastore@debevoise.com
wbreilly@debevoise.com
jrabraham@debevoise.com

*Counsel to YPF S.A.*

Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
mhansen@kellogghansen.com
dho@kellogghansen.com
agoldsmith@kellogghansen.com
dnegron-reichard@kellogghansen.com
thorvath@kellogghansen.com

Paul D. Clement
C. Harker Rhodes IV
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Phone: (202) 742-8900
Fax: (202) 742-8895
paul.clement@clementmurphy.com
harker.rhodes@clementmurphy.com

Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Phone: (212) 556-2100
Fax: (212) 556-2222
Email: lharris@kslaw.com

Seth L. Levine
Alison M. Bonelli
LEVINE LEE LLP
400 Madison Ave
New York, New York 10017
slevine@levinelee.com
abonelli@levinelee.com

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital*

*Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*