UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. ET AL.,<br>Plaintiffs,<br>-against-<br>ARGENTINE REPUBLIC ET AL.,<br>Defendants. | No. 15 Civ. 2739 (LAP)<br>MEMORANDUM AND ORDER |
| ETON PARK CAPITAL MANAGEMENT, L.P. ET AL.,<br>Plaintiffs,<br>-against-<br>ARGENTINE REPUBLIC ET AL.,<br>Defendants. | No. 16 Civ. 8569 (LAP)<br>MEMORANDUM AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are two disputes that have arisen following the Court of Appeals' decision in Petersen Energia Inversora S.A.U. v. Argentine Republic, 172 F.4th 120 (2d Cir. 2026), which reversed this Court's September 15, 2023 judgment for Plaintiffs on their breach-of-contract claims against the Argentine Republic (the "Republic") and remanded the case for further proceedings. For the reasons set forth below, Plaintiffs' request to delay entry of judgment is DENIED, and the Republic's request that only the producing parties' counsel retain post-judgment discovery material is GRANTED. Any remaining disputes over the revised Protective

Order will be addressed following the parties' submission of a revised order.[1]

**A. Plaintiffs' Request To Defer Entry of Judgment**

The Court previously held that it lacks power to stay proceedings on remand pending Plaintiffs' anticipated petition for a writ of certiorari and that Plaintiffs' remedy lay in a motion to stay the mandate or an application to the Supreme Court pursuant to 28 U.S.C. § 2101(f). (Aug. 6 Order at 2-5.) The parties have since agreed on a proposed final judgment. (Joint Ltr. at 2; see Proposed Judgment.) However, Plaintiffs continue to insist that judgment should not enter "at this time" and ask that, "following the Supreme Court's resolution of Plaintiffs' appeal, they be permitted to raise any remaining issues before this Court or the Court of Appeals before judgment is entered." (Joint Ltr. at 2-3.) Among other things, Plaintiffs represented that they would file a petition for certiorari on or before September 30, 2026, (id. at 2), and the Court understands that the petition has since been filed.

[1] All docket numbers refer to Petersen, No. 15 Civ. 2739. See Dkt. 915 ("Modification Order"); Transcript of July 7, 2026 Conference, Dkt. 934 ("Tr."); July 1, 2026 Joint Letter, Dkt. 929 ("July 1 Joint Ltr."); YPF's Letter dated Aug. 3, 2026, Dkt. 940 ("YPF Ltr."); Republic's Letter dated Aug. 3, 2026, Dkt. 941 ("Republic Ltr."); Plaintiffs' Letter dated Aug. 3, 2026, Dkt. 942 ("Pls. Ltr."); Order dated Aug. 6, 2026, Dkt. 943 ("Aug. 6 Order"); Joint Letter dated Sept. 10, 2026, Dkt. 945 ("Joint Ltr."); and Proposed Amended Final Judgment, Dkt. 945-1 ("Proposed Judgment").

The Republic and YPF contend that Plaintiffs' request is an untimely motion to reconsider the Court's August 6, 2026 Order and that the Court lacks authority to defer judgment pending the Supreme Court proceedings. (Joint Ltr. at 3, 5.) The Court agrees. Putting aside whether Plaintiffs' request is timely under Local Civil Rule 6.3, it nonetheless fails on the merits for the reasons the Court has already stated. The Court of Appeals reversed and remanded "for further proceedings consistent with this opinion," Petersen, 172 F.4th at 144, which plainly requires this Court to enter an amended final judgment. After all, appellate courts "ordinarily do not enter the final judgment; that task is accomplished on remand to the district court." (Aug. 6 Order at 4 (quoting Wright & Miller, Federal Practice and Procedure § 4478.3 (2026)).) And though it is possible that the Supreme Court reverses the Court of Appeals, it is the Court's duty "to carry out the letter and spirit of the mandate unless and until a higher court orders otherwise." (Aug. 6 Order at 3-4.) Should the Supreme Court reverse the Court of Appeals, the parties will be free to seek appropriate relief at that time.

Plaintiffs have identified no further proceedings that the mandate requires before judgment enters. On the contrary, delaying judgment indefinitely would prejudice the Republic and YPF because costs are not taxed before final judgment, which is why the Court directed the Republic to refile its bill of costs within thirty

days of a new final judgment. (Aug. 6 Order at 5 n.3.) Accordingly, Plaintiffs' request to defer entry of judgment is DENIED, and the Court will enter the amended final judgment as proposed by the parties.

### B. Preservation of Post-Judgment Discovery by Counsel

At the July 7 conference, the Republic proposed a compromise in which Plaintiffs would destroy any Discovery Material provided after the September 15, 2023 judgment (collectively, the "Post-Judgment Discovery Material"), while the Republic would preserve those documents so that "they could be reproduced in whole" if a future tribunal authorizes Plaintiffs to use the documents. (Tr. 33:20-25.) After Plaintiffs objected, the Court invited letters on that issue, which the parties have since filed.

Here, the Court must again balance the competing values of efficiency in litigation and the confidentiality that the Protective Order aims to further. The Court previously modified the Protective Order to spare the parties the burden of having the same discovery "re-requested, re-reviewed, and re-produced, needlessly causing duplication of effort and extra expense." (Modification Order at 4.) But at oral argument, counsel for the Republic noted persuasively that the risk of inadvertent disclosure of "sensitive information should not be borne by the Republic." (Tr. 12:5-7.) The Republic further observes that Plaintiffs' continued retention could invite potential subpoenas

from third parties and that the Republic "should bear those risks on its own behalf, not be exposed to double the risk by having its confidential materials in someone else's hands." (Republic Ltr. at 2.) YPF, for its part, agrees that it "should not be forced to bear the significant risks associated with Plaintiffs' continued retention of YPF's Discovery Material for an indefinite number of years into the future." (YPF Ltr. at 3.)

The Court agrees with the Republic and YPF that the balance favors retention by the producing parties' counsel, rather than permitting additional copies to remain with Plaintiffs' counsel. Plaintiffs have already agreed that the Post-Judgment Discovery Material will not be used in the merits phase of any arbitration, so its only potential use is in proceedings to enforce a hypothetical arbitral award. Moreover, the specific material at issue includes nonpublic information about sovereign assets and communications of senior Argentine officials. While the risk of a data breach applies to every discovery production, that risk grows with each additional custodian and with each year the material sits outside the producing party's hands. And keeping the material with the producing party imposes little prejudice on Plaintiffs, as material that has already been processed and Bates-stamped can be reproduced promptly in its original form if required.

Plaintiffs respond that they "should not be forced to argue from memory while the Republic and YPF have access to the documents," particularly because Plaintiffs' additional arbitral counsel did not participate in this litigation and such counsel may face difficulties in re-acquiring the documents if they become discoverable in arbitration. (Pls. Ltr. at 2.) But Plaintiffs' counsel in these actions will continue to represent Plaintiffs in the arbitration. (Id. at 2 n.2.) Moreover, Plaintiffs will also maintain attorney work product and the papers filed in this Court, which describe the post-judgment productions in detail. Accordingly, the Court declines to permit Plaintiffs to retain the material at issue.

**C. YPF's Remaining Objections**

While the Republic has worked with Plaintiffs to reach a compromise on pre-judgment merits discovery, YPF continues to assert a maximalist position. YPF argues that the arrangement described above should extend to all of the documents produced by YPF, including YPF's pre-judgment merits production. (YPF Ltr. at 2-3; see also Tr. 34:18-22.) YPF thus recycles the same argument the Court rejected on July 7. There, the Court held that YPF's motion was both an improper motion for reconsideration and meritless in that Plaintiffs "would have received the documents anyway and might in fact be able to obtain them in the arbitration." (Tr. 32:3-6.)

The Court again declines YPF's invitation to revisit that ruling. The Republic identified good reason to restrict Plaintiffs' access to and use of post-judgment discovery material, most of which is irrelevant to the merits arbitration and much of which implicates sensitive present-day documents and communications involving high-ranking Argentine officials. That reasoning does not extend to YPF's merits productions that are directly relevant to the arbitration and not nearly as sensitive as information concerning the Republic's present-day assets and treasury operations. There remains no reason to impose an across-the-board prohibition on Plaintiffs' use or retention of YPF's merits discovery productions in parallel arbitration proceedings, which would only force the same parties to retrace years of discovery productions in this matter.[2]

**CONCLUSION**

For the foregoing reasons, Plaintiffs' request to defer entry of judgment is DENIED. The Court will enter the amended final judgment in the form proposed by the parties by separate order.[3]

---

[2] YPF previously represented that YPF "will continue, if the Court orders us to, to maintain all of these materials." (Tr. 25:5-6). For the avoidance of any doubt, YPF and the Republic shall continue to preserve all of the above-described discovery materials unless the Court orders otherwise.

[3] YPF and the Republic shall refile any bills of costs within thirty days of the amended final judgment. The parties' agreement concerning future requests for vacatur of the post-judgment orders currently on appeal and of the May 28, 2024 discovery order, including the tolling of any timeliness objection, (Joint Ltr. at 1–2), is adopted.

The Republic and YPF's motion to limit retention of Post-Judgment Discovery Material to their respective counsel is GRANTED, and YPF's motion for reconsideration of the Court's prior ruling as to merits discovery is DENIED. The amended Protective Order shall provide, in sum and substance, that:

(i) Upon the Designating Party's written request under Paragraph 20(a), Plaintiffs shall return or destroy all Post-Judgment Discovery Material, and until then shall maintain it under the existing terms of the Protective Order;

(ii) The Republic and YPF shall each preserve a complete copy of the Post-Judgment Discovery Material it produced, and the Republic shall preserve any Post-Judgment Discovery Material produced by a non-party, until the conclusion of all Arbitration Proceedings and Arbitration Enforcement Actions;

(iii) Within fourteen days of an order of a presiding tribunal or court directing production, the preserving party shall reproduce the material in its original form, bearing its original Bates numbers;

(iv) The exceptions for attorney work product and papers filed with the Court apply to Post-Judgment Discovery Material; and

(v) Within thirty days of a request under Paragraph 20(a), Plaintiffs may identify material they contend belongs in Appendix A, and the obligation to return or destroy that material is suspended until the dispute is resolved.

Within seven days of the date of this Memorandum and Order, the parties shall confer and submit a proposed amended Protective Order conforming to this Memorandum and Order. To the extent the parties remain unable to agree on particular language in the amended Protective Order, the parties shall include a joint letter identifying each remaining dispute and set out the parties' competing language.

To the extent set forth above, the Republic's and YPF's motions for reconsideration are GRANTED in part and DENIED in part. The Clerk of Court shall close Dkts. 916, 917, 921 and 923 in case no. 15-CV-2739 and Dkts. 814, 815, 819, and 821 in case no. 16-CV-8569.

**SO ORDERED.**

Dated: New York, New York
October 19, 2026

Loretta A. Preska

LORETTA A. PRESKA
Senior United States District Judge