UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. ET AL.,<br>Plaintiffs,<br>-against-<br>ARGENTINE REPUBLIC ET AL.,<br>Defendants. | No. 15 Civ. 02739 (LAP)<br>ORDER |
| ETON PARK CAPITAL MANAGEMENT, L.P. ET AL.,<br>Plaintiffs,<br>-against-<br>ARGENTINE REPUBLIC ET AL.,<br>Defendants. | No. 16 Civ. 08569 (LAP)<br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Following the Court's October 19, 2026 Memorandum and Order, Plaintiffs, the Republic, and YPF conferred on a proposed amended Protective Order but could not agree on several of its provisions. Now before the Court are the parties' competing proposals.[1] The Court resolves the pending disputes as stated below.

[1] All docket numbers refer to Petersen, No. 15 Civ. 2739. See Joint Letter dated October 30, 2026, Dkt. 950 ("Joint Ltr."); Plaintiffs' Proposed Protective Order, Dkt. 950-1 ("Pls. Proposal"); the Republic and YPF's Proposed Protective Order, Dkt. 950-3 ("Republic/YPF Proposal"); Memorandum and Order dated October 19, 2026, Dkt. 946 ("October 19 Order"); and the Protective Order currently in effect, Dkt. 674 ("Existing Protective Order").

### A. Paragraphs 2(a) and 2(c)

The Court rejects YPF's proposed condition on the use of its Post-Judgment Discovery Material. Under YPF's proposal, such material would only be permitted for use in an Enforcement Action or Arbitration Enforcement Action if the relevant body "has the authority to compel production of documents from YPF and does compel such production." (Republic/YPF Proposal ¶¶ 2(a), 2(c).) YPF contends that the condition implements the Court's July 7 statement that future decisions regarding use and production will be made by the appropriate tribunal. (Joint Ltr. at 3-4.)

The Court disagrees. The October 19 Order requires the preserving party to reproduce Post-Judgment Discovery Material "[w]ithin fourteen days of an order of a presiding tribunal or court directing production." (October 19 Order at 8.) Whether a tribunal may order production from YPF is for that tribunal to decide, and Plaintiffs' Paragraph 2(c) already limits use in an Arbitration Enforcement Action "to the extent authorized by the relevant court." (Pls. Proposal ¶ 2(c).) Nothing in the amended Protective Order will prevent YPF from raising its anticipated jurisdictional objections to the tribunal in question.

Accordingly, Plaintiffs' Paragraphs 2(a) and 2(c) are adopted.

**B. Paragraph 2(b)**

In Paragraph 2(b), Plaintiffs propose that "nothing in this subsection shall restrict the use of Discovery Material produced by YPF or any Non-Party." (Pls. Proposal ¶ 2(b).) Plaintiffs contend that this proviso merely affords Plaintiffs the same opportunity to add YPF and Non-Party documents to Appendix A that applies to the Republic's productions. Plaintiffs also note that they will otherwise remain bound by the agreement not to use Post-Judgment Discovery Material in the merits phase. (Joint Ltr. at 4-5.)

As drafted, however, Plaintiffs' proposed language could be read to exempt all Post-Judgment Discovery Material produced by YPF (or any other nonparty) from Plaintiffs agreement, on which the Court relied, that Post-Judgment Discovery Material "will not be used in the merits phase of any arbitration." (October 19 Order at 5.) Moreover, Plaintiffs' concern is addressed through Definition G, which permits the parties to supplement Appendix A by agreement or by application to the Court. (Republic/YPF Proposal, Definition G.)

Accordingly, the Republic and YPF's proposed Paragraph 2(b) is adopted.

**C. Paragraphs 7, 9, and 17**

The Republic and YPF propose to add to Paragraphs 7, 9, and 17 the phrase "subject to the use and disclosure restrictions set

forth in Paragraph 2 above," which they contend clarifies, without expanding, the limits on disclosure to the parties, their funders, and others. (Republic/YPF Proposal ¶¶ 7, 9, 17; Joint Ltr. at 8–9.) Plaintiffs respond that the phrase adds nothing and invites argument that those paragraphs carry restrictions beyond Paragraph 2. (Joint Ltr. at 7–8.)

The Court sees no reason to add such language. Paragraph 2 governs "[a]ll Discovery Material" and limits use of such material to the enumerated purposes. (Pls. Proposal ¶ 2.) Nothing in Paragraphs 7, 9, or 17 purports to authorize a use that Paragraph 2 otherwise forbids. Indeed, the Republic concedes that its language "does not impose additional obligations on Plaintiffs." (Joint Ltr. at 8.)

Accordingly, Plaintiffs' proposed language is adopted.

**D. Paragraph 16**

YPF's request to preclude entirely challenges to the confidentiality designations of documents produced from its email custodians' files is also rejected. (Republic/YPF Proposal ¶ 16.) YPF argues that its custodians consented to production when the Protective Order limited use to this litigation and required destruction after appeals, and that no party should be permitted to undermine those protections after the fact because YPF will not be a party to the arbitration. (Joint Ltr. at 6–7.)

YPF made similar arguments at the July 7 conference and in its August 3 letter in seeking a blanket prohibition on the use of its material in arbitration. The Court rejected those arguments for the reasons stated, and YPF identifies no basis for reconsideration. In any event, there is no reason why YPF should receive special treatment on its own confidential designations. YPF will continue to be protected by the same challenge process contemplated by Paragraph 16, under which any disputed material shall remain Confidential until the Court rules. (Pls. Proposal ¶ 16.)

Accordingly, Paragraph 16 shall remain unchanged.

**E. Paragraph 20(a)**

**i. <u>Timing of Request for Return or Destruction</u>**

The Republic and YPF's timing language is adopted. Plaintiffs would permit a request for return or destruction only "within sixty days after the dismissal or entry of final judgment not subject to further appeal and the satisfaction of all Plaintiffs' judgments at issue in all Enforcement Actions." (Pls. Proposal ¶ 20(a).) But Plaintiffs' proposed condition risks deferring return or destruction indefinitely. As counsel for the Republic, Ms. Davidoff, argued persuasively at the July 7 conference, the Republic and YPF should not be forced to bear the risk of a data breach or other improper disclosure from material held by Plaintiffs. (<u>See</u> October 19 Order at 4-5.)

Ms. Davidoff's points remain well-taken. The Court agrees that Plaintiffs should not be entitled to retain any longer than necessary the post-judgment discovery in this case, which, in contrast to merits discovery, contains highly sensitive documents that ought to reside with the Republic and YPF unless and until they become relevant to an Arbitration Enforcement Action. And in the event that the Supreme Court grants certiorari and reinstates the judgment, Plaintiffs remain protected. The producing parties are still required to preserve an exact copy of their discovery materials, as produced to Plaintiffs, and reproduce them within fourteen days of an order directing production. (<u>See</u> October 19 Order at 8.)

Accordingly, the Court adopts the Republic and YPF's proposed language.

**ii. <u>Scope of Obligations</u>**

Plaintiffs also ask the Court to limit the return-or-destroy obligation to Post-Judgment Discovery Material "designated confidential," arguing that the concerns the Court identified do not apply to material that no party designated as confidential. (Pls. Proposal ¶ 20(a); Joint Ltr. at 9-11.) Plaintiffs, however, identify no need to retain undesignated material that the producing parties will preserve and reproduce if it is required. Accordingly, the Court declines to adopt Plaintiffs' carve-out.

However, Plaintiffs do highlight one oversight in the Republic and YPF's proposed language. As it stands, only a "Designating Party" may make the written request, and Post-Judgment Discovery Material that neither party designated as Confidential may have no Designating Party. Because the October 19 Order tasks the Republic and YPF with preservation of all Post-Judgment Discovery, the amended Protective Order shall clarify that the written request may be made by the party that preserves the material.

Accordingly, the Republic and YPF's proposed language is adopted as modified above.

**iii. Contempt**

Plaintiffs ask the Court to state in the amended Protective Order that a failure to reproduce material within fourteen days of an order directing production "shall constitute contempt of this Order," citing the difficulty of obtaining discovery from the Republic and YPF's position that arbitral tribunals lack authority over it. (Pls. Proposal ¶ 20(a); Joint Ltr. at 11.)

While a failure to comply with the amended Protective Order could well be grounds for contempt, the Court declines to create a contempt tripwire in the manner that Plaintiffs request. Any contempt finding would turn on the circumstances of the alleged violation. If any party violates the Protective Order, Paragraph

27 preserves the Court's jurisdiction to enforce it and to impose such sanctions as appropriate. (Pls. Proposal ¶ 27.)

Accordingly, Plaintiffs' proposed contempt provision is rejected.

**iv. Retention Carve-Out**

Plaintiffs propose to suspend the return-or-destroy obligation not only for material they contend belongs in Appendix A, but also for "material produced by YPF or a Non-Party that they contend should otherwise be retained." (Pls. Proposal ¶ 20(a).) Plaintiffs argue that Appendix A currently lists only the Republic's documents and that they should have the same opportunity to identify YPF and Non-Party documents, including documents never designated Confidential. (Joint Ltr. at 11-12.) However, that addition is not necessary to give Plaintiffs the opportunity they seek. Plaintiffs may identify any material, including material produced by YPF or a Non-Party, that they contend falls within Appendix A under Definition G, and the obligation to return or destroy that material is suspended until the dispute is resolved.

Accordingly, Plaintiffs' proposal on this issue is rejected.

**F. Paragraph 20(b)**

With respect to Paragraph 20(b), Plaintiffs' proposed language is adopted. The Republic and YPF would permit a request for return or destruction of Confidential Discovery Material other than Post-Judgment Discovery Material upon the conclusion of any

Arbitration Enforcement Actions, rather than upon "the satisfaction of all Plaintiffs' judgments at issue in all Arbitration Enforcement Actions." (Compare Republic/YPF Proposal ¶ 20(b), with Pls. Proposal ¶ 20(b).)

The Republic and YPF offer no reason to depart from the satisfaction-of-judgment standard of the Existing Protective Order. Moreover, as Plaintiffs note, the Republic and YPF's language could require destruction while a judgment remains unpaid, forcing Plaintiffs to seek the same discovery again to collect it. (Id.)

Accordingly, Plaintiffs' Paragraph 20(b) is adopted.

## CONCLUSION

For the foregoing reasons, the parties' disputes over the amended Protective Order are resolved as stated. Within seven days of this Order, the parties shall confer and submit to the Court a proposed protective order consistent with the Court's rulings. The parties shall also email a Word version of the proposed protective order to Chambers.

**SO ORDERED.**

Dated: New York, New York
November 13, 2026

Loretta A. Preska

LORETTA A. PRESKA
Senior United States District Judge